IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | * |
| | * |
| Plaintiff | * |
| and | * |
| KATHY C. KOCH | * |
| Intervenor/Plaintiff | * |
| v. | Civil No. S-02-CV-648 |
| | * |
| LA WEIGHT LOSS | * |
| Defendant | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**STIPULATION GOVERNING PRODUCTION OF CERTAIN DISCOVERY MATERIALS TO BE DESIGNATED AS LAWYERS ONLY**

Intervenor/Plaintiff Kathy C. Koch ("Koch") agrees to make certain highly confidential information available to counsel in response to certain discovery requests of the Defendant LA Weight Loss, according to the following terms and conditions:

1. Defendant has requested information and documents regarding Koch's consultation with any medical, psychological, counseling or other professional in regard to any claim for emotional distress damages from 1990 until the present. Koch has objected to the scope of the Defendant's discovery request as being excessively broad and seeking irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence.

2. Koch has agreed to produce any medical information responsive to Defendant's discovery requests for the three year period prior to her termination from employment with Defendant in 1998 and through the period for which she claims damages, subject to the terms of this agreement.

3. By entering into this Stipulation, Defendant does not waive its right to seek production of additional medical information and records from Koch or any health care provider who has provided medical services to Koch if Defendant determines that such additional information is related to any claim or defense at issue in this matter.

4. These highly confidential documents shall be produced and designated as "Confidential, Lawyers Only." Counsel for all Parties agree that those documents are for their review only, assisted by persons employed by their firm, or outside experts who are hired by counsel to offer an opinion in this case and who are to bound by these terms. Counsel agree that such documents shall not be shown to the Defendant or any other person or witness, without written agreement by counsel for Koch or by Court Order.

5. For documents produced and sent to the opposing party or made available for inspection by the opposing party, any objections to a party's designation of any material as "Confidential, Lawyers Only" will occur as follows:

    (a) The receiving party may at any time object to the designation of "Confidential, Lawyers Only." The receiving party shall notify the producing party in writing of its objection and the basis for said objection. Thereafter, the parties shall engage in informal discussions in an effort to amicably resolve the objection. Should the parties be unable informally to resolve such objection, then the objecting party

shall make a motion to the Court to compel removal of such designation of "Confidential, Lawyers Only."

    (b)    The producing party shall have the burden of demonstrating that the "Confidential, Lawyers Only" designation was proper.

    (c)    Any Discovery Material that has been designated "Confidential, Lawyers Only" and for which such designation has not been waived shall be treated as "Confidential, Lawyers Only" until such time as the Court orders that such material should not be treated as "Confidential, Lawyers Only."

6.    Counsel agree that such documents, and all copies thereof, not in the possession of the Court, shall be returned to counsel for Koch immediately upon the conclusion of the above-captioned proceeding, whether at the end of trial, an appeal or otherwise.

7.    Counsel agree that such information shall be filed under seal to the extent that any portion of the medical information is to be filed with the Court as part of a motion or any other paper filed with the Court. Defendant is not precluded from using this information or material at trial, though prior to any oral presentation of evidence in Court, the Court should be reminded by the Parties hereto of the existence of this Agreement for the Court's determination as to whether the information shall be withheld from the public.

8.    If Defendant's counsel is subpoenaed to produce or otherwise compelled to produce, by search warrant or other legal process, any of the documents that have been produced with a "Confidential, Lawyers' Only" designation, they agree that they shall not

produce those documents without first giving hand-delivered or facsimile notice of the subpoena or other legal process (including delivery of a copy of such process) within 48 hours after receipt of the subpoena or other legal process to counsel for Koch so that counsel for Koch can seek a protective order.

9. The Parties hereto also agree that the fact that certain documents or categories of documents are produced shall not be a basis for arguing that the producing Party has waived the right to object to the relevance, breadth or scope of the discovery requests of the other Party, nor shall such production be a basis for ordering production of other documents.

10. Any claim arising under this Agreement shall give rise to a right to injunctive relief.

11. A waiver by Koch, inadvertent or otherwise, of any of the terms contained herein, at any time or from time to time, shall apply only to the particular instance of instances in which such waiver occurs and shall not affect or impair in any way the further continuance in force of such terms or conditions or Koch's right to avail herself of such terms or conditions upon any subsequent breach or breaches thereof. Any waiver of the terms of this Agreement must be in writing.

12. The signatories hereto have the authority to execute this Agreement on behalf of the persons and entities on whose behalf they are acting.

Dated: March 18, 2003

By: _____/s/_____
Kelly C. Hoelzer, Esquire
Bar No. 25545
OBER KALER GRIMES & SHRIVER
A Professional Corporation
120 E. Baltimore Street
Baltimore, Maryland 21202-1643

Attorneys for Intervenor/Plaintiff
Kathy C. Koch

By: _____/s/_____
David L. Gollin, Esquire
(signed by Kelly C. Hoelzer with permission of David L. Gollin)
WOLF, BLOCK, SCHORR AND SOLIS-COHEN, LLP
1650 Arch Street, 22nd Floor
Philadelphia, Pennsylvania 19103

Attorneys for Defendant
LA Weight Loss

By: _____/s/_____
Elizabeth Torphy-Donzella, Esquire
(signed by Kelly C. Hoelzer with permission of Elizabeth Torphy-Donzella)
SHAWE & ROSENTHAL, LLP
20 S. Charles Street, 11th Floor
Baltimore Maryland 21201

Attorneys for Defendant
LA Weight Loss

By: _____/s/_____
Ronald L. Phillips, Esquire
(signed by Kelly C. Hoelzer with
permission of Ronald L. Phillips)
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Baltimore District Office
10 South Howard Street
Baltimore, Maryland 21201

Attorneys for Plaintiff
Equal Employment
Opportunity Commission

Date: _____  SO, ORDERED. _____
Honorable Frederic N. Smalkin
Senior Judge
United States District Court
For the District of Maryland

714536.1

6