Issued by the

# United States District Court
### FOR THE DISTRICT OF MARYLAND, NORTHERN DIVISION

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,
        Plaintiff,

KATHY KOCH,
        Intervenor/Plaintiff,

v.

LA WEIGHT LOSS
        Defendant

**SUBPOENA IN A CIVIL CASE**

CIVIL ACTION NO. : S02-CV-648

TO:    Lawrence R. Hyman, M.D.
           Lawrence R. Hyman, M.D. & Assoc.
           Columbia Medical Center
           11055 Little Patuxent Parkway, Suite 201
           Columbia, Maryland 21044

: YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |
|  |  |

: YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

**X** YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **See Attached Schedule A.**

| PLACE<br>Shawe and Rosenthal, LLP<br>20 South Charles Street<br>Baltimore, MD 21201 | DATE AND TIME<br>April 24, 2003 at 10:00 am |
|---|---|

: YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Attorney for Defendant | March 26, 2003 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

**Elizabeth Torphy-Donzella, Esq., Shawe and Rosenthal, LLP, 20 South Charles Street, Baltimore, MD 21201, (410) 752-1040.**

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D attached)

## PROOF OF SERVICE

DATE 3/26/03    PLACE 11055 Little Patuxent Parkway Suite 201 Columbia, MD 21044

SERVED

SERVED ON (PRINT NAME) Lawrence R. Hyman M.D.    MANNER OF SERVICE Hand Delivery

SERVED BY (PRINT NAME) Joseph P. Comma Jr.    TITLE Private Investigator

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on

DATE 3/26/03    SIGNATURE OF SERVER [signature] Joseph P. Comma Jr.

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
    (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

    (2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

    (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

    (3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

    (i) fails to allow reasonable time for compliance;
    (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in per-

son, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
    (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
    (iv) subjects a person to undue burden.
(B) If a subpoena

    (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
    (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
    (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specific conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

    (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

    (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## Schedule A

Any and all documents relating in any way to **Kathy Koch, date of birth 4/18/4**, **Social Security No. 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**, including, but not limited to, medical, psychological or psychiatric reports, records, or test results; records of or reflecting any diagnosis, treatment, consultation or evaluation; bills and billing records; notes, memoranda or correspondence; emergency room reports or records; x-ray reports; physical therapy reports or records; intake logs or other intake information; progress or nurses' notes.

The term "document" as used above means the original and any non-identical copy or copies and any draft of any of the foregoing, including, but not limited to, any written, printed, recorded, graphic, electronic, video, digital or photographic matter or sound reproduction, however produced or reproduced, including, but not limited to, correspondence, e-mails, telegrams, other written or electronic communications, contracts, orders, agreements and written communications relating thereto, diaries, memoranda, logs, notes, official forms, slides, analyses, projections, delivery schedules, work papers, calendars, tape recordings, computer print-outs, tapes and/or disks, minutes or records of any board, committee or other meetings, prepared or received by, or in the possession, custody or control of Lawrence R. Hyman, M.D., and/or Lawrence R. Hyman, M.D. & Associates.

## CERTIFICATE OF SERVICE

I, Elizabeth Torphy-Donzella, hereby certify that on the date set forth below, I caused a true and correct copy of the foregoing subpoena to be served upon the following: via first-class mail, postage pre-paid, at the addresses listed below:

> Ronald L. Phillips, Esquire
> U.S. Equal Employment Opportunity Commission
> Baltimore District Office
> 10 South Howard Street, 3rd Floor
> Baltimore, MD 21201
>
> Attorneys for Plaintiff
>
> and
>
> Kelly C. Hoelzer
> Ober, Kaler, Grimes & Shriver, P.C.
> 120 East Baltimore Street
> Baltimore, Maryland 21201
>
> Attorney for Intervenor/Plaintiff

*Elizabeth Torphy-Donzella*

Dated: March 26, 2003