**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION,                  )
                             )
      **Plaintiff,**        )
                             )
**and**                          )
                             )
KATHY C. KOCH,               )      **Case No. WDQ-02-CV-648**
                             )
      **Plaintiff-Intervenor,** )
                             )
**v.**                           )
                             )
LA WEIGHT LOSS,              )
                             )
      **Defendant.**         )
_____)

<u>**MEMORANDUM IN SUPPORT OF PLAINTIFF EEOC'S MOTION TO COMPEL**</u>
<u>**ANSWERS TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS**</u>

Pursuant to the Federal Rule of Civil Procedure 37(a), Rule 104(8) of the Local Rules of the U.S. District Court for the District of Maryland, and agreement of counsel for Plaintiff and Defendant regarding the permissible time frame for filing a motion to compel discovery, Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") files the instant Memorandum in Support of Plaintiff EEOC's Motion to Compel Answers to Interrogatories and Production of Documents. For the following reasons, the EEOC respectfully requests that this Court enter an order directing Defendant LA Weight Loss ("Defendant") to answer certain discovery requests set forth in the EEOC's First Set of Interrogatories and First Request for Production of Documents.

## INTERROGATORIES

### Interrogatory No. 6

Identify, for the period from January 1, 1989 to the present, all employees of Defendant who were responsible for initially screening (reviewing) applications, and for each such employee:

A.    State the period during which such employee was responsible for such screening;

B.    State the departments and/or job categories for which such employee was responsible for such screening;

C.    Identify and fully describe all training relating to personnel matters, EEO and affirmative action that each such employee has received during his or her employment at LA Weight Loss and all documents reflecting and/or relating thereto;

D.    Identify all documents relating to Defendant's policies, practices and procedures concerning the screening of applications.

### Defendant's Answer to Interrogatory No. 6

RESPONSE: Defendant objects to this interrogatory as overly broad and unduly burdensome. Defendant also objects to this interrogatory as overly broad as to time. This interrogatory requests information "from January 1, 1989 to the present." However, Defendant has only been in existence since February 1997. Defendant further objects to this request to the extent it seeks information that is not relevant to any claim or defense of any party in this action.

Subject to and without waiver of the foregoing objections and the General Objections, Defendant states that since approximately March 2000, initial screening and reviewing of applications has been performed by recruiters and regional managers. Prior to that time, initial screening and reviewing of applications was performed by regional managers. Attached hereto as Exhibit A is a list of all regional managers from February 1997 through present identifying the region(s) for which each was responsible and the dates during which the regional manager was responsible for that region. Attached hereto as Exhibit B is a list of all recruiters from March 2000 through present identifying the area(s) for which each was responsible and the dates during which the recruiter was responsible for that area. Additionally, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Defendant shall make available for inspection and copying (at Plaintiffs expense), its employee handbook(s) and the recruitment training materials in its possession, custody and control from which answers to this interrogatory may be ascertained.

### Basis for Insufficiency of Answer to Interrogatory No. 6

Defendant's answer is deficient because it fails to provide the requisite identifying

information for each regional manager and recruiter as required by the Interrogatory and

definition/instruction No. 8a, see Exb. 1 (EEOC's definition and instruction re: "identify"), and also fails to provide coverage dates and region/area of responsibility information for certain regional managers, see Exb. 2 (Exhibits A & B of Defendant LA Weight Loss's Responses to Plaintiff's First Set of Interrogatories); Exb. 3 at 2 (Letter re: supplemental discovery responses dated August 7, 2003, from David L. Gollin, Esq. to Ronald L. Phillips, EEOC Trial Attorney).  Such information is discoverable and essential information in this case, as it is necessary to identify and locate individuals who participated in the decision-making process regarding many of the hiring decisions at issue in this action and is reasonably likely to lead to the discovery of admissible evidence regarding such persons and the Defendant's hiring practices and operations.

In addition, it appears that Defendant's answer is inaccurate or incomplete in light of (a) the fact that the earliest "Dates Covered" provided in its listing of regional managers begins on April 20, 1998, see Exb. 2, and (b) the Rule 30(b)(6) testimony of Karen Siegel, Defendant's Vice President for Human Resources, in which she testified that hiring responsibilities for its weight loss center positions in 1997 rested with area managers, for whom Defendant has not provided information. See Exb. 4 (Deposition of Karen P. Siegel at 102-04).  While Defendant has stated it will supplement its answer to this Interrogatory in response to the EEOC's May 16, 2003 request for supplementation, to date it has failed to do so.

**Interrogatory No. 7**

For the period from January 1, 1989 to the present, identify every person who received an offer of employment from Defendant, and for each such person:
A.    State the person's sex;
B.    State the date of application;
C.    State the date the offer was made;

D.    State the position for which the offer was made;
E.    State whether offer was accepted or rejected;
F.    If the offer was accepted, state the person's start date and employee number; and
G.    Identify all documents relating to such person's application, Defendant's consideration of that application, and Defendant's offer of employment.

**Defendant's Answer to Interrogatory No. 7**

RESPONSE: Defendant objects to this interrogatory as overly broad and unduly burdensome. Defendant also objects to this interrogatory as overly broad as to time. This interrogatory requests information "from January 1, 1989 to the present." However, Defendant has only been in existence since February 1997. Defendant further objects to this request to the extent it seeks information that is not relevant to any claim or defense of any party in this action.

Subject to and without waiver of the foregoing objections and the General Objections, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Defendant shall make available for inspection and copying (at Plaintiffs expense), the following categories of documents in its possession, custody and control from which the answers to this interrogatory may be ascertained: (1) all offer letters from February 1997 through the present in its possession, custody and control; (2) all applications, cover letters, and resumes in its possession, custody and control which were submitted to Defendant from February 1997 through the present; and (3) lists of all Defendant's employees for each year from 1998 through 2002.

**Basis for Insufficiency of Answer to Interrogatory No. 7**

Interrogatory No. 7 requires Defendant to identify various pertinent information regarding all persons to whom it extended offers of employment.  In response, Defendant produced the above-referenced documents, which included lists of persons who have been employed by Defendant during the period 1998-mid 2002. See Exb. 5 (sample of pages from Defendant's employee lists). Defendant has not produced a listing regarding employees for the year 1997, and has denied possession of any information from which an answer for 1997 could be compiled. See Exb. 3 at 2. That issue is intertwined with the issue of Defendant's potential control of 1997 payroll records, discussed below in the EEOC's discussion of Request No. 2.  Moreover, Defendant has denied the

4

ability to fully respond to the Interrogatory with respect to certain factual issues.  See Exb. 3 at 2-3 (discussing Interrogatory Nos. 1 and 7).  To the extent that Defendant does not have responsive information, the EEOC obviously does not seek its production.  However, Defendant was also requested to provide information explaining the contents of the employee lists that it produced in response to Interrogatory No. 7, which it has not provided to date. See Exb. 6 at 3-5 (Letter from Ronald Phillips, Trial Attorney, to David Gollin, Esq. dated May 16, 2003).  This information, such as job titles of those hired and location of their assignments, is highly relevant and critical information in a hiring discrimination case.  In addition, the Interrogatory requires identification of the sex of all persons offered employment by Defendant, including all employees.  Apart from instructing the EEOC to look to the first names of its listed employees, a number of which are sex-ambiguous, Defendant has not attempted to answer this portion of the Interrogatory for calender years 1998-2000, and has not produced such information in understandable form for 2001, claiming that compliance is unduly burdensome and not required under the Federal Rules of Civil Procedure. However, such information is core evidence of discrimination in this case, necessary for the EEOC and its expert to conduct a reliable statistical analysis.  While resort to the first name of an individual may be, with respect to many employees, a reliable basis for drawing an inference regarding that person's sex, a party with possession, custody or control of such critical evidence should not be permitted to withhold it and instruct an opponent to, in effect, guess at the answer because in the majority of instances a reasonable inference regarding the information sought is possible.  The purpose of an interrogatory is to obtain admissible evidence and definite, unambiguous answers to questions asked, and Defendant's response to Interrogatory No. 7 does not serve those ends.

Furthermore, Defendant's argument that identifying the sex of its former or current employees is unduly burdensome lacks persuasive force in light of the following factors: (a) the sex of persons hired by Defendant is a central, crucial evidentiary and legal issue in this case, and any administrative inconvenience or expense must be considered in this context to determine if it is "undue"; (b) Defendant already maintains personnel and other documents regarding all of its employees from which sex identification can be obtained, see Exb. 7 (Defendant New Hire Sheet); (c) Defendant already has a pre-existing legal duty to identify its employees by sex on an annual basis  pursuant to EEO-1 reporting requirements, see Exb. 8 (Defendant's 2000 EEO-1 report); 29 C.F.R. § 1602.7 (regulation setting forth EEO-1 reporting requirement); (d) a number of the individuals for which EEOC seeks information are either currently employed by Defendant or were managers with whom Defendant's current mid and upper-level management personnel would have had frequent contact; (e) Defendant appears to have considerable financial resources, and its claim of undue burden should be considered in that context; and (f) if Defendant believes that sex identification by first name is easily performed and reliable and wishes to avoid administrative burden, it could research those names that it deems gender-ambiguous or male to confirm sex and stipulate that the remaining personnel (which would be an overwhelming proportion of its past or current workforce) is female.  Neither does Defendant's argument find any shelter in the case law. The Fourth Circuit has held, in the context of EEOC administrative subpoenas, that the kind of data compilation at issue in this case is not unduly burdensome. See EEOC v. Maryland Cup Corp., 785 F.2d 471, 479 (4th Cir. 1986).

**Interrogatory No. 9**

Identify all persons discharged by Defendant between January 1, 1989 to present on the basis of job performance.

**Defendant's Answer to Interrogatory No. 9**

RESPONSE: Defendant objects to this interrogatory as overly broad and unduly burdensome. Defendant also objects to this interrogatory as overly broad as to time. This interrogatory requests information "between January 1, 1989 to the present." However, Defendant has only been in existence since February 1997. Defendant further objects to this request because it seeks information that is not relevant to any claim or defense of any party in this action.

Subject to and without waiver of the foregoing objections and the General Objections, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Defendant shall make available for inspection and copying (at Plaintiff s expense), relevant documents from the personnel files of all Defendant's Area Trainers in Defendant's possession, custody and control from which answers to this interrogatory can be ascertained.

**Basis for Insufficiency of Answer to Interrogatory No. 9**

In this action, the EEOC has alleged that Defendant discharged Plaintiff-Intervenor Kathy C. Koch in retaliation for opposing sex discriminatory hiring.  Such opposition is activity protected by Section 704 of Title VII of the Civil Rights Act of 1964, as amended ("Title VII").  Defendant has denied such motivation, asserting that it discharged Ms. Koch for performance-related reasons, which include failing to properly carry out certain training duties in her capacity as an Area Trainer. In response to Defendant's initial objections regarding the relevancy and breadth of information sought by this Interrogatory, and its decision to only produce documents or information related to other Area Trainers, the EEOC subsequently identified with greater particularity the categories of employees for which it was seeking responsive information, which include the following: "(a) any person discharged for reasons that are substantially the same as those that allegedly motivated the

discharge of Plaintiff-Intervenor Kathy Koch; (b) any person discharged by Lynne Portlock for performance-related reasons; (c) any person discharged by Kristi O'Brien for performance-related reasons; (d) any person discharged by Eileen Stankunis for performance-related reasons; and (e) any person discharged for performance-related reasons whom performed the job duties performed by Plaintiff-Intervenor Kathy Koch, regardless of formal job title." Exb. 6 at 5. However, Defendant has refused to produce any information or documents regarding persons other than Area Trainers.

Defendant's position is not tenable. The categories of information specified by the EEOC are reasonably calculated to lead to discovery of admissible evidence. For example, two of the above-named individuals (Portlock and Stankunas) were involved in the discharge decision at issue, and the third (O'Brien) was Defendant's top trainer, trained Plaintiff-Intervenor Koch, had oversight responsibilities regarding Koch, and was a witness to her discharge. While Defendant has stated that only data pertaining to other Area Trainers is relevant, the EEOC is entitled to discovery to enable it to determine the process used by Defendant for handling performance-related matters, as illustrated by the circumstances of other employees. The EEOC is also entitled to discovery calculated to identify evidence of disparate treatment, including whether there are other individuals, similarly-situated in all *material* respects, who were treated better than the Charging Party. The job title of those individuals, standing alone, is simply not controlling. Defendant has attempted to artificially truncate proper discovery by dictating, at the outset, who is or is not similarly-situated for disparate treatment analysis purposes and then refusing to provide discovery calculated to determine if its argument/theory regarding who is similarly-situated is correct. Unfortunately, Defendant's position ignores one of the core functions of liberal discovery permitted under the

Federal Rules, which is to test an adversary's theories.

**Interrogatory No. 14**

Identify all facts that support the affirmative defenses raised in Defendant's answer, indicating which facts support [each] defense.

**Defendant's Answer to Interrogatory No. 14**

RESPONSE: Defendant objects to this interrogatory as overly broad and unduly burdensome. Defendant further objects to this interrogatory as premature as Plaintiff has yet to identify the members of the alleged class of male applicants and employees raised in its Complaint. Discovery in this matter is continuing. Accordingly, Defendant reserves the right to supplement its answer to this interrogatory after Plaintiff identifies the alleged class members at issue in this matter and Defendant has the opportunity to complete its discovery. Subject to and without waiver of the foregoing objections and the General Objections, Defendant responds as follows:

a.    First through Fifth Defenses - These defenses are a matter of law. Discovery is ongoing. Defendant anticipates that through the course of discovery, and after Plaintiff identifies its class members, it will develop facts sufficient to support these defenses. Defendant reserves the right to supplement this response after completion of discovery.
b.    Sixth Defense - Ms. Koch's charge of discrimination with the EEOC asserted only a claim for retaliation. In Paragraph 9 of Plaintiff s Complaint, Plaintiff asserts a claim for sex discrimination on behalf of Ms. Koch. Such a claim impermissibly exceeds the scope of Ms. Koch's charge of discrimination. As such, the Court does not have subject matter jurisdiction over a claim of sex discrimination on behalf of Ms. Koch.
c.    Seventh Defense -- This defense is a matter of law. Discovery is ongoing. Defendant anticipates that through the course of discovery, and after Plaintiff identifies its class members, it will develop facts sufficient to support this defense. Defendant reserves the right to supplement this response after completion of discovery.
d.    Eighth Defense - See Defendant's response to Interrogatory No. 13.
e.    Ninth through Eleventh Defenses -- These defenses are a matter of law. Discovery is ongoing. Defendant anticipates that through the course of discovery, and after Plaintiff identifies its class members, it will develop facts sufficient to support this defense. Defendant reserves the right to supplement this response after completion of discovery.

**Basis for Insufficiency of Answer to Interrogatory No. 14**

With respect to affirmative defenses 1-5 and 7-11, <u>see</u> Exb. 9 at 4-5 (Defendant's Answer),

Defendant objected to this Interrogatory on the ground that the EEOC had yet to identify its class

members. The EEOC has previously identified a number of class members and is in the process of identifying others. Defendant should now be required to answer this Interrogatory to the extent that responsive information is available. While Defendant has stated that it will supplement its answers in conformity with its obligations under the Federal Rules, <u>see</u> Exb. 3 at 4, to date it has not done so, and it is not clear from Defendant's answer whether responsive information is presently available or not. At a minimum, if Defendant does not have responsive information at present, it should be required to state that fact affirmatively. If Defendant has responsive information within its possession, custody or control, it should be required to answer the interrogatory to that extent.

**Interrogatory No. 19**

Identify (including name, gender, address, telephone number, position, and social security number) all District and Regional Managers who worked for Defendant any time during the period from 1989 to the present.

**Defendant's Answer to Interrogatory No. 19**

RESPONSE: Defendant objects to this interrogatory as overly broad and unduly burdensome. Defendant also objects to this interrogatory as overly broad as to time. This interrogatory requests information "from 1989 to present." However, Defendant has only been in existence since February 1997. Defendant further objects to this request to the extent it seeks information that is not relevant to any claim or defense of any party in this action. Defendant also objects to this interrogatory to the extent it requests the disclosure of personal and confidential information.

Subject to and without waiver of the foregoing objections and the General Objections, attached hereto as Exhibit A is a list of all regional managers from February 1997 through present identifying the date of hire, date of employment termination if applicable, the region(s) for which each was responsible and the dates during which the regional manager was responsible for that region.

**Basis for Insufficiency of Answer to Interrogatory No. 19**

Defendant's answer to Interrogatory No. 19 is non-responsive, as it has failed to provide the

10

sex, addresses, telephone numbers and social security numbers of the persons it identified in response to the Interrogatory. Such information is clearly discoverable. With respect to former employees (including managers), such information is necessary for the EEOC to locate, contact, and, if warranted, subpoena the testimony of relevant witnesses. It appears that Defendant has refused to provide such information on the ground that such persons' statements may be held to bind Defendant and thus, by implication, contact with such persons outside the presence of Defendant's counsel without consent constitutes a prohibited ex parte communication. See Exb. 3 at 4 (discussing Interrogatory Nos. 19 and 20). This is not the law. The statements of a former personnel may be relevant evidence highly probative of the EEOC's claims in this matter; however, they are not binding party admissions within the meaning of Fed. R. Evid. 801(d)(2)(C) or (D), for the evidentiary concept of a party admission presupposes the existence of an agency or servant relationship at the time the statement is made, a relationship that obviously does not exist with respect to former personnel. It is likely for this reason that Maryland Rule of Professional Conduct 4.2, by its plain language, makes clear that restriction regarding ex parte communication only apply to certain "current" personnel of the Defendant. See Maryland Rule of Professional Conduct 4.2 (restricting attorney ex parte communications with "*current* officers, directors, and managing agents, and "*current* agents or employees . . . whose acts or omissions in the matter may bind the organization . . . ."). Accordingly, as long as prior privileged communications with Defendant's counsel are respected, there is no bar to ex parte communication with these persons, and the Defendant cannot restrict access to such persons by flatly refusing to comply with the most fundamental of discovery requests, viz., a request for information enabling the EEOC to identify and

locate relevant witnesses.  The Local Rules of this District, which incorporate the Maryland Rules

of Professional Conduct, as well as other authorities, compel this conclusion.  See, e.g., Maryland

Rule of Professional Conduct 4.2; Davidson Supply Co., Inc. v. P.P.E., Inc., 986 F.Supp. 956, 958-

59 (D. Md. 1997)(discussing decisions regarding application of Rule 4.2 to former employees in

District of Maryland and holding Rule inapplicable to former employees); U.S. v. Beiersdorf-Jobst,

Inc., 980 F. Supp. 257, 260-62 (N.D. Ohio 1997)(commenting majority of courts have permitted ex

parte contacts with former personnel and finding such contact permissible under Ohio Code of

Professional Responsibility DR 7-104(A)(1)); Orlowski v. Dominick's Finer Foods, Inc., 937 F.

Supp. 723, 727 (N.D. Ill. 1996)(reaching same conclusion under Rule 4.2 of Rules of Professional

Conduct for the Northern District of Illinois); Valassis v. Samuelson, 143 F.R.D. 118, 120-23 (E.D.

Mich. 1992)(discussing analogous Michigan Rule of Professional Conduct and American Bar

Association Model Rule 4.2 and concluding they are inapplicable to former employees); Exb. 10 at

3 (ABA Comm. on Ethics and Professional Responsibility Formal Opinion 91-359); accord Rogosin

v. Mayor and City Council of Baltimore, 164 F. Supp.2d 684, 685-88 (D. Md. 2001)(discussing Rule

4.2 and case law in District of Maryland and concluding "[N]o  judge of this Court has held that

Rule 4.2 bars *ex parte* contact with *all* former employees."); Collier v. RAM Partners, Inc., 159 F.

Supp.2d 889, 893 (D. Md. 2001)(holding ex parte contact with former manager does not violate Rule

4.2 where no evidence that the employee was "'extensively exposed' to confidential information"

protected by attorney-client privilege); Camden v. State of Maryland, 910 F. Supp. 1115 (D. Md.

1996)(same).  Indeed, the Maryland State Bar Association's Commission on Ethics has concluded

that Rule 4.2 does not apply to contacts with former personnel. See Camden at 1118-19 (citing Md.

State Bar Ass'n Comm. on Ethics, Op. 86-13 and Md. State Bar Ass'n Comm. on Ethics, Op. 90-29).

Moreover, given that Defendant cannot control the activities of former personnel, and specifically, ensure their appearance to give testimony, Defendant's refusal to produce information to locate these persons for purposes of subpoena service is entirely improper and unfounded.

With respect to currently-employed managerial personnel, the EEOC does not wish to interview such persons ex parte and may presently secure their appearance for deposition by Fed. R. Civ. P. 30 notice; however, such persons may not be employed by Defendant throughout the course of this litigation, thereby necessitating subpoenas and the need for identifying and locating information. Moreover, even if presently employed throughout this litigation, the EEOC may need identifying and locating information to procure appearance at trial. Such information is fundamental discovery to which the EEOC is entitled.

**Interrogatory No. 20**

Identify (including name, gender, address, telephone number, position, and social security number) all Area Corporate Trainers who worked for Defendant any time during the period from 1989 to the present.

**Defendant's Answer to Interrogatory No. 20**

RESPONSE: Defendant objects to this interrogatory as overly broad and unduly burdensome. Defendant objects to the use of the term "area corporate trainers" in this interrogatory as vague and ambiguous as no such position exists at LA Weight Loss. Defendant also objects to this interrogatory as overly broad as to time. This interrogatory requests information "from 1989 to present." However, Defendant has only been in existence since February 1997. Defendant further objects to this request to the extent it seeks information that is not relevant to any claim or defense of any party in this action. Defendant also objects to this interrogatory to the extent it requests the disclosure of personal and confidential information. Subject to and without waiver of the foregoing objections and the General Objections, and to the extent Defendant can determine the information sought by this interrogatory, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Defendant shall make available for inspection and copying (at Plaintiffs expense), relevant

documents from the personnel files of all Defendant's Area Trainers in Defendant's possession, custody and control from which answers to this interrogatory can be ascertained. Attached hereto as Exhibit C is a list of any Area Trainer identifying date of hire and date of termination of employment, if applicable, which could not be located by Defendant.

**Basis for Insufficiency of Answer to Interrogatory No. 20**

Defendant has refused to provide sex, address, telephone number and social security number information regarding its Area Trainers. The instant Interrogatory and Interrogatory No. 19 seek the same categories of information regarding different job titles, and Defendant has raised the same arguments in opposition to production. Accordingly, the EEOC incorporates by reference its discussion of the deficiencies in Defendant answer to Interrogatory No. 19.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**Request No. 2**

Any other centralized personnel and/or payroll information maintained on Defendant's mainframe computer(s) and/or obtained from a contractor (or former contractor) payroll service(s) in a computer-readable and/or hardcopy format from January 1, 1989 to the present.

**Defendant's Response to Request No. 2**

RESPONSE: Defendant objects to this request as overly broad and unduly burdensome. Defendant also objects to this request as overly broad as to time. This request requests information "from January 1, 1989 to the present." However, Defendant has only been in existence since February 1997. Defendant also objects to this request to the extent it seeks confidential and personal information. Defendant further objects to this request to the extent it seeks information that is not relevant to any claim or defense of any party in this action.

Subject to and without waiver of the foregoing objections and the General Objections, pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, Defendant shall make available for inspection and copying (at Plaintiff s expense), the payroll records in its possession, custody and control for 2001 and 2002 which are maintained by ADP. Defendant's payroll records from 1997 through 2000 were maintained by Zurich Payroll Solutions ("Zurich") and are not currently in the possession, custody and control of Defendant. At this time, Defendant has requested the information from Zurich, but has received no response to its request.

**Basis for Insufficiency of Response to Request No. 2**

Defendant's response to this Request is deficient because Defendant has not produced responsive documents. An employer's payroll records are essential evidence in pattern or practice hiring discrimination cases. Such information is highly relevant and necessary to identify the persons who were hired by Defendant instead of the aggrieved persons for whom EEOC seeks relief; their sex, work locations and job titles; their pay and other remuneration for back pay calculation purposes; their current whereabouts for witness location purposes; and various other uses.

With respect to payroll records for the years 1997-2000, Defendant denies having possession, custody, or control of such documents, as they are within the possession, custody or control of Zurich Payroll Solutions ("Zurich"). However, it appears that Zurich was purchased by Accurate Data Processing, Inc. ("ADP") in early 2002, see Exb. 11 at 11, and accordingly, given Defendant's contract with ADP for payroll services, it should have the legal right to obtain any documents from ADP that were acquired when ADP purchased Zurich, potentially including the 1997-2000 records.

With regard to payroll records for the years 2001 to present, Defendant has permitted the EEOC to inspect those documents in the past but has now refused to permit inspection or duplication without agreement to a stipulated protective order. Defendant's most recent proposal for the order is attached to this Memorandum and is unacceptable. See Exb. 12. For at least the following reasons, the proposed order is inappropriate and the EEOC has declined to consent: (a) it does not permit the EEOC's use of designated documents, including payroll records and personnel documents, in informal interviews with non-parties; (b) it seeks to restrict in an unworkable fashion the use of documents, including payroll records, at depositions of non-parties by requiring those

15

non-parties to sign a confidentiality agreement before they are permitted to view documents, an act

that they no incentive to perform; (c) it requires the EEOC to file documents under seal, an

extraordinary measure in light of the constitutional principles mandating open judicial proceedings

and the breadth of documents that Defendant's vague definition of "confidential" material would

embrace; (d) it places unreasonable conditions on use of designated documents, including the payroll

records, at trial; (e) it contains a vague and over-broad definition of confidentiality that potentially

applies to numerous documents and information for which there is no compelling reason to assure

confidentiality; (f) it allows broad designation of testimony regarding multi-farious subjects as

"confidential;" (g) it allows expansive, retroactive confidentiality designation regarding documents

already produced in this litigation; (h) and other infirmities.  The documents that Defendant wishes

to be covered by the proposed draft, including commonly-produced categories of documents like

payroll records, do not merit such extraordinary restrictions.

**Request No. 9**

  All e-mails drafted or received by any employee of Defendant since 1989 which refer or
relate to any of the following subjects:
- (a) Any complaint (formal or informal) of sex discrimination or retaliation;
- (b) Hiring;
- (e) Hiring of men;
- (d) Job descriptions;
- (e) Recruitment;
- (f) Kathy Koch;
- (g) Record retention;
- (h) Discharge of employees.

**Defendant's Response to Request No. 9**

  RESPONSE: Defendant objects to this request as overly broad and unduly burdensome.
Defendant also objects to this request as overly broad as to time. This request requests information

"since 1989." However, Defendant has only been in existence since February 1997. Defendant further objects to this request to the extent it seeks information that is not relevant to any claim or defense of any party in this action. Defendant further objects to this request to the extent it requests the disclosure of information or documents protected by the attorney-client privilege, work product doctrine and/or any other applicable privilege recognized by law.

Subject to and without waiver of the foregoing objections and General Objections, pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, Defendant shall make available for inspection and copying (at Plaintiffs expense), all relevant, non-privileged responsive documents from February 1997 through the present in Defendant's possession, custody and control.

**Basis for Insufficiency of Response to Request No. 9**

Defendant's response to Request No. 9 is deficient because it has not provided sufficient information to permit the EEOC to determine if all responsive e-mail has been produced. While Defendant has produced e-mail connected to electronic applications for employment, it has not produced internal company e-mail regarding the subjects specified in the Request, and has not stated that no further responsive documents exist. See Exb. 3 at 5. Thus, EEOC is unable to determine if any documents are being withheld. At a minimum, if no other e-mail exist Defendant should be required to state that fact. If such e–mail do exist, Defendant should be required to produce them.

**Request No. 15**

All documents reflecting or relating to each Employer Information Report EEO-1, submitted by defendant pursuant to 42 U.S.C. §2000e-8(c) and 29 C.F.R. §§ 1602.7 - 1602.14, between January 1, 1989 and the present, and all documents reviewed, consulted or otherwise used in preparing any such EEO- 1 Report.

**Defendant's Response to Request No. 15**

RESPONSE: Defendant objects to this request as overly broad and unduly burdensome. Defendant also objects to this request as overly broad as to time. This request requests information "between January 1, 1989 and the present." However, Defendant has only been in existence since February 1997. Defendant further objects to this request to the extent it seeks information that is not relevant to any claim or defense of any party in this action. Defendant further objects to this request

17

to the extent it requests the disclosure of information or documents protected by the attorney-client privilege, work product doctrine and/or any other applicable privilege recognized by law.

Subject to and without waiver of the foregoing objections and General Objections, pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, Defendant shall make available for inspection and copying (at Plaintiffs expense), its EEO-1 Reports for 1998, 1999, 2000 and 2001.

**Basis for Insufficiency of Response to Request No. 15**

Defendant's response to this request is deficient, for while it has produced the EEO-1 reports themselves, it has refused to produce any documents reviewed, consulted or otherwise used in preparing the reports. These documents are highly relevant to an assessment of the sex identification of Defendant's work force, a central issue in this case. In response to the EEOC's informal efforts to obtain this information, Defendant has stated that the underlying documentation related to the Reports does not contain any information regarding the sex of Defendant's employees. See Exb. 3 at 5 (discussing Request No. 15). Respectfully, the EEOC has reason to believe that this representation is mistaken, for EEO-1 reporting requirements mandate that employers report the number of males and females that they employ. See, e.g., Exb. 8 (Defendant's 2000 EEO-1 Report). Therefore, the EEOC does not understand how Defendant could have reported the sex identification of its work force if it does not compile that information. Given its past EEO-1 Reports, the EEOC believes that Defendant must be mistaken and that there are documents containing responsive information. Defendant should be required to produce those documents.

**Request No. 24**

All documents of any kind that reflect or relate to any judicial, administrative or other complaint (formal or informal) against Defendant alleging sex discrimination or retaliation for any reason, made by any present or former employee of Defendant since January 1, 1989 to the present.

**Defendant's Response to Request No. 24**

RESPONSE: Defendant objects to this request to the extent it seeks information that is not relevant to any claim or defense of any party in this action. Defendant further objects to this request as overly broad and unduly burdensome. The only complaints of discrimination or retaliation that are even arguably discoverable in this action are claims of reverse sex discrimination and claims of retaliation for complaining about Defendant's alleged employment practices related to male applicants and employees. As such, Defendant shall restrict its response to this request to those limited categories. Defendant also objects to this request as overly broad as to time. This request seeks information "since January 1, 1989 to the present." However, Defendant has only been in existence since February 1997. Defendant further objects to this request to the extent it requests the disclosure of information or documents protected by the attorney-client privilege, work product doctrine and/or any other applicable privilege recognized by law.

Subject to and without waiver of the foregoing objections and the General Objections, pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, Defendant shall make available for inspection and copying (at Plaintiff s expense), the Charge of Discrimination filed with the EEOC by a former employee Todd McCann in March 2000 alleging reverse sex discrimination.

**Basis for Insufficiency of Response to Request No. 24**

Defendant's response to Request No. 24 is deficient because it has failed to identify or

produce discoverable documents.  As set forth above, Defendant initially produced documents

regarding claims of sex discrimination made by a former employee named Todd McCann, as well

as certain documents regarding other claims asserted against it in the past, such as a claim for

retaliation and other claims asserted by former employee Nina Catagnus, who alleges that she was

subjected to adverse action by Defendant due (at least in part) to her decision to hire a male, viz.,

Todd McCann, and a claim for sex discrimination asserted by a male applicant for employment,

Warren Walker, whom the EEOC has subsequently identified as an aggrieved person for whom it

is seeking relief in this matter.  Defendant's initial production regarding these individuals was

incomplete, and Defendant failed to identify the documents that it was withholding.  Defendant later

19

supplemented its production in response to requests for specific documents that EEOC believed to be in Defendant's possession; however, because of Defendant's failure to identify documents that it is withholding based on its evidentiary objections (such as relevancy), the EEOC has been unable to determine if any additional responsive documents exist regarding these persons.  Such documents are unquestionably discoverable.  The EEOC has asserted a claim that Defendant engaged in pattern or practice of sex discrimination against male job applicants.  Naturally, documents pertaining to sex discrimination allegations by males, whether they be employees or applicants, are reasonably calculated to lead to discovery of admissible evidence regarding that claim.  The EEOC does not understand Defendant to assert otherwise.

In addition, documents regarding claims of retaliation made against Defendant are reasonably calculated to lead to discovery of admissible evidence, as evidence of other acts of retaliation for engaging in activity protected under Section 704(a) of Title VII are potentially probative of unlawful retaliatory motive regarding the discharge of Plaintiff-Intervenor Koch.  Defendant should be required to produce all non-privileged document regarding any judicial, administrative or other complaint against it alleging sex discrimination against men and/or retaliation of any kind.

In response to Request No. 24, Defendant declined to produce any documents regarding the Sandra Brown-Talavera lawsuit, an action for retaliation and other discrimination filed against Defendant under New Jersey state law.  These documents included a deposition transcript in which Brown-Talavera testified under oath to at least four statements made by Defendant management personnel that demonstrated the existence of a policy against hiring men for various positions.

Indeed, Defendant failed to even acknowledge that those documents existed. Almost one year later, the EEOC became aware of the existence of the transcripts (not through any information provided by Defendant) and requested them by title, and only then did Defendant produce the transcripts. However, Defendant has not produced any other documents regarding the Brown-Talavera action, and it should be required to do so. For example, Defendant allegedly conducted an internal investigation of an informal, written complaint by Brown-Talavera which raised several issues, including sex discrimination against male job applicants. Documents pertaining to that investigation were withheld but not identified to the EEOC. To date, apart from several documents that were attached as exhibits to the Brown-Talavera lawsuit transcripts, Defendant has not made full production of those documents. <u>See</u> Exb. 13 at 2 (Letter from David L. Gollin, Esq. to Ronald L. Phillips, Trial Attorney, dated August 7, 2003). The discoverability of such documents is apparent.

**Request No. 25**

Defendant's annual financial statements for each year from January 1, 1989 to the present.

**Defendant's Response to Request No. 25**

RESPONSE: Defendant objects to this request to the extent it seeks information that is not relevant to any claim or defense of any party in this action. Defendant further objects to this request as overly broad and unduly burdensome. Defendant also objects to this request as overly broad as to time. This request seeks information "since January 1, 1989 to the present." However, Defendant has only been in existence since February 1997.

**Basis for Insufficiency of Response to Request No. 25**

Defendant's response to this request is deficient because it has failed to provide any annual financial statements. Financial statements are reasonably calculated to lead to the discovery of admissible evidence, as they may reveal Defendant's size, its locations, and the identity of assets to

21

satisfy a judgment. In addition, and more importantly, such documents will contain information pertaining to Defendant's financial condition, evidence that is relevant to the jury's deliberations regarding the amount of punitive damages necessary to achieve the purposes of such damages, namely, punishment for past wrongful conduct and deterrence of future unlawful employment practices by this employer and other employers. For this reason and others, evidence of a defendant's financial condition is relevant and discoverable in actions such the instant case where a plaintiff is seeking punitive damages. See, e.g., TXO Production Corp. v. Alliance Resources Corp., 509 U.S. 443, 462 n.28 (1993)(stating that "[u]nder well-settled law" factors such as net worth "are typically considered in assessing punitive damages"); City of Newport v. Fact Concerns, Inc., 453 U.S. 247, 270 (1981)("[E]vidence of a tortfeasor's wealth is traditionally admissible as a measure of the amount of punitive damages that should be awarded."); Woods-Drake v. Lundy, 667 F.2d 1198, 1203 n.9 (5th Cir. 1982); Restatement (Second) of Torts § 908 (1979)(stating defendant's worth is relevant consideration when assessing amount of punitive damage award).

**Request No. 34**

Produce all personnel files for all Trainers who worked for Defendant at any time during the period from January 1, 1997 - January 1, 1999.

**Defendant's Response to Request No. 34**

RESPONSE: Defendant objects to this request to the extent it seeks information that is not relevant to any claim or defense of any party in this action. Defendant further objects to this request as overly broad and unduly burdensome. Defendant also objects to this request as overly broad as to time. This request seeks information "from January 1,1997." However, Defendant has only been in existence since February 1997. Defendant further objects to this request to the extent it seeks the production of personal and/or confidential information.

Subject to and without waiver of the foregoing objections and the General Objections, pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, Defendant shall make available for

inspection and copying (at Plaintiff's expense), selected relevant, non-privileged documents from the personnel files of all Area Trainers employed by LA Weight Loss at any time since February 1997 in Defendant's possession, custody and control relating to the following topics: (1) application for employment; (2) hiring; (3) discipline; (4) performance; and (5) job changes. Attached as Exhibit C to Defendant's Response to Plaintiff's First Set of Interrogatories is a list of Area Trainers employed by LA Weight Loss at any time since February 1997 whose personnel files could not be located by Defendant.

## Basis for Insufficiency of Response to Request No. 34

Defendant's response is deficient because it is withholding from production relevant, discoverable documents regarding persons who held the position of Trainer, the position held by Plaintiff-Intervenor Koch before her discharge, which Defendant has alleged was job performance-based, and which is one of the Defendant jobs that the EEOC alleges male job-seekers were unlawfully precluded from obtaining. The EEOC requested that Defendant identify the documents that it withheld from production. Defendant stated that it is withholding, among other things, "personal information . . . benefits elections and salary information." See Exb. 3 at 6. However, the EEOC is unable to discern, and no explanation has been provided, regarding what specific documents are being withheld on the ground that they contain or constitute "personal" information. The EEOC cannot assume from that label alone that the documents are not discoverable, as they may potentially lead to the discovery of admissible evidence regarding Charging Party Koch, the duties of the Trainer position, performance-related issues pertinent to the EEOC's, standards and expectations regarding Trainer performance, and other matters. At a minimum, Defendant should be required to describe these documents with greater particularity to enable the EEOC to determine which documents, if any, are discoverable. In addition, Defendant has withheld salary and benefits documents, which are relevant to the issue of back pay regarding male aggrieved persons who

23

sought the position of Trainer or would have been considered for that position but for Defendant's

hiring practices with respect to males. Defendant should be required to produce these documents.

## Request No. 35

For the period from January 1, 1997 - January 1, 1999, produce all evaluations, questionnaires, and/or any other document(s) commenting on or pertaining to training or individual trainers.

## Defendant's Response to Request No. 35

RESPONSE: Defendant objects to this request to the extent it seeks information that is not relevant to any claim or defense of any party in this action. Defendant further objects to this request as overly broad and unduly burdensome. Defendant also objects to this request as overly broad as to time. This request seeks information "from January 1, 1997." However, Defendant has only been in existence since February 1997. Defendant further objects to this request to the extent it seeks the production of personal and/or confidential information. Defendant also objects to this request to the extent it requests the disclosure of information or documents protected by the attorney-client privilege, work product doctrine and/or any other applicable privilege recognized by law. Subject to and without waiver of the foregoing objections and the General Objections, see Defendant's response to Request No. 34.

## Basis for Insufficiency of Response to Request No. 35

The EEOC incorporates by reference its discussion of the basis for the insufficiency of

Defendant's response to Request No. 34, as it appears from Defendant's correspondence that the

same documents are at issue with respect to this request.

## Request No. 36

Produce all personnel files for the individuals listed in response to Interrogatory number 9.

## Defendant's Response to Request No. 36

RESPONSE: Defendant incorporates by reference the specific and general objections stated in its response to Interrogatory No. 9.

Subject to and without waiver of the foregoing objections and the General Objections, see Defendant's response to Request No. 34.

**Basis for Insufficiency of Response to Request No. 36**

Defendant has refused to provide any documents regarding persons who come within the scope of this Request, other than Area Trainers, for the same reason it has refused to provide a fully responsive answer to Interrogatory No. 9. Therefore, the EEOC incorporates by reference its discussion of the insufficiency of Defendant's Answer to Interrogatory No. 9. Personnel files regarding persons discharged for job performance, other than Area Trainers, are discoverable for the reasons set forth in that discussion, and Defendant should be required to produce them.

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

GWENDOLYN YOUNG REAMS
Associate General Counsel

GERALD S. KIEL (Bar No. 07770)
Regional Attorney

TRACY HUDSON SPICER (Bar No. 08671)
Supervisory Trial Attorney

_____/s/_____
RONALD L. PHILLIPS
Trial Attorney
Baltimore District Office
City Crescent Building, 3rd Floor
10 South Howard Street
Baltimore, Maryland 21201
Telephone number: (410) 962-4628
Facsimile number: (410) 962-4270/2817
E-mail address: RON.Phillips@eeoc.gov