**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **and** | : | |
| | : | **CASE NO.: WDQ 02-CV-648** |
| **KATHY KOCH** | : | |
| | : | |
| **Intervenor/Plaintiff,** | : | **JURY DEMANDED** |
| | : | |
| **v.** | : | |
| | : | |
| **LA WEIGHT LOSS** | : | |
| | : | |
| **Defendant.** | : | |

**OPPOSITION TO PLAINTIFF EEOC'S MOTION TO COMPEL
<u>ANSWERS TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS</u>**

Respectfully submitted,

SHAWE & ROSENTHAL, LLP
Elizabeth Torphy-Donzella
Federal Bar No. 10809
20 S. Charles Street, 11th Floor
Baltimore, MD 21201
(410) 752-1040

AND

WOLF, BLOCK, SCHORR and SOLIS-COHEN LLP
David E. Landau
David L. Gollin
1650 Arch Street, 22nd Floor
Philadelphia, PA 19103-2097
(215) 977-2052/2335

Attorneys for Defendant
LA Weight Loss

Dated:  September 12, 2003

**TABLE OF CONTENTS**

I.      INTRODUCTION ................................................................................................. 1

II.     FACTUAL BACKGROUND ............................................................................... 2

III.    INTERROGATORIES .......................................................................................... 5

        Interrogatory No. 6 ................................................................................................ 5

        Interrogatory No. 7 ................................................................................................ 8

        Interrogatory No. 9 .............................................................................................. 10

        Interrogatory No. 14 ............................................................................................ 13

        Interrogatory Nos. 19 and 20 .............................................................................. 13

IV.     REQUESTS FOR PRODUCTION OF DOCUMENTS .................................... 16

        Request No. 2 ....................................................................................................... 16

        Request No. 9 ....................................................................................................... 18

        Request No. 15 ..................................................................................................... 19

        Request No. 24 ..................................................................................................... 19

        Request No. 25 ..................................................................................................... 24

        Request No. 34 ..................................................................................................... 25

        Request No. 35 ..................................................................................................... 27

        Request No. 36 ..................................................................................................... 27

V.      CONCLUSION ..................................................................................................... 28

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY** | : | |
| **COMMISSION** | : | |
| | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **and** | : | |
| | : | **CASE NO.: WDQ 02-CV-648** |
| **KATHY KOCH** | : | |
| | : | |
| **Intervenor/Plaintiff,** | : | **JURY DEMANDED** |
| | : | |
| **v.** | : | |
| | : | |
| **LA WEIGHT LOSS** | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

**OPPOSITION TO PLAINTIFF EEOC'S MOTION TO COMPEL**
**ANSWERS TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS**

Pursuant to Rule 104.8 of the Local Rules of the U.S. District Court for the District of Maryland, Defendant LA Weight Loss files the instant Opposition to Plaintiff EEOC's Motion to Compel Answers to Interrogatories and Production of Documents (hereinafter "Motion to Compel").

**I.     INTRODUCTION**

The EEOC abruptly terminated negotiations with respect to outstanding discovery responses from LA Weight Loss Center, Inc. and prematurely filed its Motion to Compel.  The EEOC's Motion ignores the fact that LA Weight Loss has offered to compromise many of its objections and produce documents.  Further, since the Motion was filed,  LA Weight Loss has supplemented its interrogatory answers as well as its request for production of documents.

Accordingly, most of the  disputes at issue in this Motion are moot.  There are  two categories of disputes remaining:  1) trade secret, proprietary and confidential information which LA Weight Loss has offered to produce pursuant to a confidentiality order and 2) three categories of documents which LA Weight Loss has objected to on the grounds they do not relate to the claims and defenses in this action or are premature.

With respect to the confidential, proprietary and trade secret information, LA Weight Loss has simultaneously with this opposition filed a Motion for a Protective Order.  The Motion for a Protective Order sets forth in detail the dispute over the protective order.  LA Weight Loss incorporates by reference the arguments set forth in its Motion for Protective Order and will not repeat those argument here.  Suffice it to say that LA Weight Loss has stated in its original responses and objections that it would produce these documents provided there are adequate protections from disclosure to third parties.

With respect to the remaining discovery disputes, they concern the EEOC's request for information of employees discharged from LA Weight Loss who are not similarly situated to Plaintiff intervener Kathy Koch, information concerning complaints lodged against LA Weight Loss other than for reverse gender discrimination and retaliation -- the areas at issue in this litigation-- and the EEOC's request for LA Weight Loss's financial information.  As explained below, the EEOC's pursuit of this information is over reaching and beyond the scope of permissible discovery under the Federal Rules of Civil Procedure.  Accordingly, the EEOC's Motion to Compel should be denied.

## II.    <u>FACTUAL BACKGROUND</u>

On February 28, 2002, the EEOC filed the instant nationwide class action lawsuit against LA Weight Loss alleging unlawful gender discrimination against men and retaliation.

Specifically, the lawsuit alleges that LA Weight Loss has a policy or practice of discriminating against men in hiring and promotion and that LA Weight Loss wrongfully terminated Kathy Koch, a former Area Corporate Trainer, when she protested the company's alleged policy of not hiring men.  Kathy Koch, the complainant in the underlying administrative charge from which this action arises, intervened in the lawsuit on July 15, 2002.  LA Weight Loss filed answers to the EEOC's complaint and Koch's complaint on April 8, 2002, and August 5, 2002, respectively, denying all claims in their entirety.  Thereafter, discovery was commenced by all parties.

In response to the twenty-two interrogatories, each with numerous sub-parts, and thirty-eight requests for production propounded upon LA Weight Loss by the EEOC in this action, LA Weight Loss initially produced for inspection over 106,000 pages of documents.  Thereafter, in response to the Commission's demands for additional supplemental information, LA Weight Loss provided the EEOC with over 1000 additional pages of documents.  In addition, although LA Weight Loss questions the relevance of the information, LA Weight Loss also provided the EEOC with copies of documents, depositions and other information from certain other claims and actions instituted against LA Weight Loss.  Copies of the cover letters accompanying LA Weight Loss's supplemental productions are attached hereto as Exhibit A.

A number of documents produced contain confidential information pertaining to employees' personal information and salary and proprietary information of LA Weight Loss relating to the Company's business operations, sales techniques and pricing.  In the interest of efficiently and expeditiously conducting discovery in this matter, LA Weight Loss produced this information to the EEOC under an oral agreement that a stipulated confidentiality order would be negotiated and entered in this matter after the production of the documents.  In filing this Motion to Compel, the EEOC abruptly ceased negotiations and reneged on its agreement to negotiate an

order.[1]  Accordingly, LA Weight Loss has simultaneously with this response, filed a Motion for

a Protective Order.  LA Weight Loss is prepared to produce copies of documents demanded by

the EEOC once the protective order is resolved.

With LA Weight Loss's supplemental productions and the eventual resolution of the

protective order, all but three disputes remain at issue.  These disputes involve the production:

(1) information pertaining to certain other employees discharged by LA Weight Loss for

performance related reasons; (2) information concerning all other complaints lodged against LA

Weight Loss for sex discrimination and retaliation of any kind; and (3) LA Weight Loss's

financial information.

First, the EEOC has demanded information on all employees of LA Weight Loss

discharged for performance related reasons  (Interr. No. 9 and Request 36 discussed below).  It

claims an entitlement to this information because LA Weight Loss has stated that Ms. Koch was

discharged for issues related to her performance as an Area Trainer.  The EEOC is mistaken.  LA

Weight Loss properly objected to such an overly broad request and produced to the EEOC

documents from the personnel files of all Area Trainers, as these employees are the only

employees even arguably similarly situated to Ms. Koch.  Information pertaining to employees in

positions other than Area Trainer are not relevant to the issues in this case as such employees are

not similarly situated.

---

[1]      Since the EEOC's refusal to negotiate an appropriate protective order, LA Weight Loss
        has withheld production of certain additional confidential information until proper
        protections are entered by the Court.  The information withheld has been identified to the
        EEOC.

Second, although the only areas at issue in this matter are claims for sex discrimination against men and an isolated claim of retaliation for complaining about such alleged discrimination, the EEOC has demanded information pertaining to all complaints of sex discrimination and retaliation of any kind.  (Request No. 24 below).  Once again, such a request is far beyond the bounds of permissible discovery and LA Weight Loss's response properly limited this request to complaints of reverse sex discrimination and retaliation related to that form of alleged discrimination.

Finally, although the law is clear that the EEOC is not entitled to LA Weight Loss's financial information until it makes a showing of an entitlement to punitive damages, the Commissions continues to demand LA Weight Loss's financial information.  (Request No. 25 below).  This request is premature and thoroughly unwarranted at this time.

Accordingly, LA Weight Loss requests that the Court deny the EEOC's Motion to Compel in its entirety as LA Weight Loss has fully responded to the Commission's discovery requests to the extent required by the Federal Rules of Civil Procedure.

## III.    <u>INTERROGATORIES</u>

Below are LA Weight Loss's responses to the specific insufficiencies alleged by the EEOC with respect to LA Weight Loss's interrogatory responses:

### <u>Interrogatory No. 6</u>

*<u>INTERROGATORY</u> : Identify, for the period from January 1, 1989 to the present, all employees of Defendant who were responsible for initially screening (reviewing) applications, and for each such employee:*

(a)    *State the period during which such employee was responsible for such screening;*

(b)    *State the departments and/or job categories for which such employee was responsible for such screening;*

(c)    *Identify and fully describe all training relating to personnel matters, EEO and affirmative action that each such employee has received during his or her employment at LA Weight Loss and all documents reflecting and/or relating thereto;*

(d)    *Identify all documents relating to Defendant's policies, practices and procedures concerning the screening of applications.*

    RESPONSE:    *Defendant objects to this interrogatory as overly broad and unduly burdensome.  Defendant also objects to this interrogatory as overly broad as to time.  This interrogatory requests information "from January 1, 1989 to the present."  However, Defendant has only been in existence since February 1997. Defendant further objects to this request to the extent it seeks information that is not relevant to any claim or defense of any party in this action.*

*Subject to and without waiver of the foregoing objections and the General Objections, Defendant states that since approximately March 2000, initial screening and reviewing of applications has been performed by recruiters and regional managers.  Prior to that time, initial screening and reviewing of applications was performed by regional managers.  Attached hereto as Exhibit A is a list of all regional managers from February 1997 through present identifying the region(s) for which each was responsible and the dates during which the regional manager was responsible for that region.  Attached hereto as Exhibit B is a list of all recruiters from March 2000 through present identifying the area(s) for which each was responsible and the dates during which the recruiter was responsible for that area.  Additionally, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Defendant shall make available for inspection and copying (at Plaintiff's expense), its employee handbook(s) and the recruitment training materials in its possession, custody and control from which answers to this interrogatory may be ascertained.*

The EEOC claims that LA Weight Loss's response to this interrogatory is insufficient because LA Weight Loss: (1) failed to provide the "requisite identifying information for each regional manager and recruiter identified in response to this interrogatory including address, telephone number and social security number; (2) failed to provide coverage dates and region/area of responsibility information for certain regional managers; and (3) failed to provide information on Area Managers for 1997.  These alleged deficiencies shall be addressed in turn.

First, LA Weight Loss has provided the EEOC with the last known address and telephone number for each regional manager and recruiter identified.  This information was not readily obtainable from LA Weight Loss's computer system and had to be manually compiled from each individual's personnel file.  To the extent LA Weight Loss was able to compile the last known addresses and telephone numbers for these individuals, this information was provided.  The EEOC also requests the production of the social security numbers for each of these individuals. Such information serves no purpose in this matter and has been recognized as confidential.  See Tomanovich v. Glen, 2002 U.S. Dist. LEXIS 14885, *20 (S.D. Ind. 2002)(Exhibit B hereto); Scaife v. Boenne, 191 F.R.D. 590 (N.D. Ind. 2000).  As such, LA Weight Loss objects to the production of this information.

Second, LA Weight Loss provided the EEOC with a list of 31 recruiters and 34 Regional Managers.  Of these 65 employees, LA Weight Loss was unable to determine coverage dates and/or region/area of responsibility information for all but 5 employees.  This information is not stored in any electronic or computer searchable form.  It was compiled by manually reviewing personnel and payroll files and information.  Despite its best efforts, LA Weight Loss was unable to determine coverage information on the 5 outstanding individuals.  However, as discussed above, LA Weight Loss provided the EEOC with whatever contact information it had for these 5 individuals, and the EEOC has the option of deposing these individuals in an attempt to obtain the desired information.

Finally, with respect to information pertaining to Area Managers in 1997, LA Weight Loss is unable to determine who held the position of Area Manager in 1997.  As discussed in more detail below with respect to LA Weight Loss's response to Interrogatory No. 7,  LA Weight Loss does not have information pertaining to who it employed in 1997.

**Interrogatory No. 7**

*INTERROGATORY:  For the period from January 1, 1989 to the present, identify every person who received an offer of employment from Defendant, and for each such person:*

    *(A)    State the person's sex;*

    *(B)    State the date of application;*

    *(C)    State the date the offer was made;*

    *(D)    State the position for which the offer was made;*

    *(E)    State whether offer was accepted or rejected;*

    *(F)    If the offer was accepted, state the person's start date and employee number; and*

    *(G)    Identify all documents relating to such person's application, Defendant's    consideration of that application, and Defendant's offer of employment.*

*RESPONSE:   Defendant objects to this interrogatory as overly broad and unduly burdensome.  Defendant also objects to this interrogatory as overly broad as to time.  This interrogatory requests information "from January 1, 1989 to the present."  However, Defendant has only been in existence since February 1997. Defendant further objects to this request to the extent it seeks information that is not relevant to any claim or defense of any party in this action.*

*Subject to and without waiver of the foregoing objections and the General Objections, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Defendant shall make available for inspection and copying (at Plaintiff's expense), the following categories of documents in its possession, custody and control from which the answers to this interrogatory may be ascertained:  (1) all offer letters from February 1997 through the present in its possession, custody and control; (2) all applications, cover letters,  and resumes in its possession, custody and control which were submitted to Defendant from February 1997 through the present; and (3) lists of all Defendant's employees for each year from 1998 through 2002.*

In this interrogatory, the EEOC requests information relating to all individuals receiving offers of employment from LA Weight Loss.  As LA Weight Loss has informed the EEOC on numerous occasions, the Company did not keep track of this information until 2002.  In response LA Weight Loss produced to the EEOC all offer letters in its possession from January 2002 through the time of the Company's response.

In addition, in an effort to provide the EEOC with responsive information, LA Weight Loss provided the EEOC with lists of all of the Company's employees for 1998, 1999, 2000, 2001 and 2002 as each employee in this list received an offer of employment. The EEOC has taken issue with the fact that some of the lists provided did not contain information pertaining to each employee's gender and/or the location at which each was employed. LA Weight Loss has provided the EEOC with additional employee lists covering 1998 through 2000 containing information pertaining to each employee's gender and location of employment. The lists for 2001 and 2002 previously produced to the EEOC already contain all of the requested information. As such, the EEOC's motion with respect to these matters is moot.

With respect to a list of employees for 1997, LA Weight Loss is not in possession of this information. Information of the type requested is only maintained through LA Weight Loss's payroll system. From 1997 through 2000, LA Weight Loss's payroll was managed by Zurich Payroll Solutions which maintained all of LA Weight Loss's payroll records. In 2001, LA Weight Loss switched payroll management companies and began using ADP. Upon switching payroll management companies, Zurich did not provide LA Weight Loss with copies of the Companies 1997 through 2000 payroll information. LA Weight Loss was able to produce employee lists for 1998 through 2000 because it located hard copies of those lists. LA Weight Loss has been unable to locate a hard copy of an employee list from 1997. In addition, while Zurich is not under the control of LA Weight Loss, LA Weight Loss has attempted to contact Zurich to obtain this information, but has been unsuccessful in its efforts to date.

In its Motion to Compel, the EEOC alleges that Zurich has been purchased by ADP, and therefore, LA Weight Loss should be able to obtain payroll information from 1997 from ADP. LA Weight Loss disputes the EEOC's assertion. LA Weight Loss is not aware that Zurich was

purchased by ADP.  It is LA Weight Loss's belief that Zurich was purchased by Advantage

Payroll, a company with whom LA Weight Loss has no affiliation.  However, regardless of the

identity of Zurich's predecessor, LA Weight Loss has been unable to obtain its payroll

information from 1997.  LA Weight Loss has provided the EEOC with the identity and address

of its payroll management company in 1997 and the EEOC is free to subpoena the information

from Zurich.

**Interrogatory No. 9**

*INTERROGATORY:  Identify all persons discharged by Defendant*
*between January 1, 1989 to present on the basis of job performance.*
     *RESPONSE:   Defendant objects to this interrogatory as overly broad and*
*unduly burdensome.  Defendant also objects to this interrogatory as overly broad*
*as to time.  This interrogatory requests information "between January 1, 1989 to*
*the present."  However, Defendant has only been in existence since February*
*1997.  Defendant further objects to this request because it seeks information that*
*is not relevant to any claim or defense of any party in this action.*

*Subject to and without waiver of the foregoing objections and the General*
*Objections, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure,*
*Defendant shall make available for inspection and copying (at Plaintiff's*
*expense), relevant documents from the personnel files of all Defendant's Area*
*Trainers in Defendant's possession, custody and control from which answers to*
*this interrogatory can be ascertained.*

In response to this interrogatory, the EEOC now seeks production of information on: (a)

all persons discharged for reasons that are substantially the same as those that allegedly

motivated the discharge of Plaintiff-Intervenor Kathy Koch; (b) any person discharged by Lynne

Portlock for performance related reasons; (c) any person discharged by Kristi O'Brien for

performance related reasons; (d) any person discharged by Eileen Stankunis for performance

related reasons; and (e) any person discharged for performance related reasons whom performed

the job duties performed by Kathy Koch.  The EEOC claims it is entitled to this information

because all of the information demanded relates to individuals "similarly situated" to Plaintiff. LA Weight Loss disagrees.

For employees to be considered similarly situated they must have dealt with the same supervisor, have been subject to the same standards and have engaged in the same conduct. See Heyward v. Monroe, 1998 U.S. App. LEXIS 30855, * 6-*7 (4th Cir. 1998)(citing Mitchell v. Toledo Hosp., 964 F.2d 577, 583 (6th Cir. 1982))(Exhibit C); Devine v. Richmond Redevelopment and Housing Authority, 1997 U.S. Dist. LEXIS 15849, *20 (E.D. Va. 1997)(citing Mitchell v. Toledo Hosp., 964 F.2d 577, 583 (6th Cir. 1982))(Exhibit D). Within these requirements, the Fourth Circuit has expressly held that employees subject to different job descriptions and duties are not similarly situated. See White v. Rice, 1995 U.S. App. LEXIS 1204, *9 (4th Cir. 1995)(holding that male plaintiff alleging gender discrimination was not similarly situated to four female employees because the female employees were subject to different job descriptions and duties.)(Exhibit E).

Here, Koch was employed by LA Weight Loss as a trainer. A copy of her job description which was produced to the EEOC is attached hereto as Exhibit F. Her job duties differed significantly from those of employees in other positions such as counselor, manager and assistant manager. Copies of those job descriptions are attached hereto as Exhibit G. As such, Koch is not similarly situated to employees employed in any position other than trainer and information pertaining to performance and discharge for any other categories of employees is not discoverable.[2]

---

[2]    As discussed above, employees are only similarly situated if they dealt with the same supervisor, have been subject to the same standards (including job duties) and have engaged in the same conduct. See Heyward, 1998 U.S. App. LEXIS 30855 at 6-*7;

LA Weight Loss has already provided all relevant information responsive to this request. LA Weight Loss provided the EEOC with relevant selected documents pertaining to discipline, performance, discharge (if applicable) and hiring from the personnel files of all employees who have held the position of trainer, the same position in which Koch was employed. As such, the EEOC is already in possession of all relevant, properly discoverable information responsive to this request.[3]

Second, while LA Weight Loss stands by its objections to the relevance of the remaining information sought by this request, the Court need not reach that issue as it would be overly burdensome for LA Weight Loss to procure and produce the requested information. LA Weight Loss does not track discharges in a manner that records who made the decision to discharge and upon what grounds the decision was based. LA Weight Loss has no way of identifying which individuals were discharged by Eileen Stankunis, Kristi O'Brien and Lynn Portlock without manually locating and reviewing the personnel files of each and every employee discharged from

---

Devine, 1997 U.S. Dist. LEXIS 15849 at*20; White, 1995 U.S. App. LEXIS 1204 at *9. Here, decisions related to Koch's employment were made by Ms. Portlock and approved by Ms. Stankunis. As such, only trainers supervised by Ms. Stankunis and Ms. Portlock are arguably similarly situated to Koch. However, because LA Weight Loss does not track or segregate employment information based on to whom an employee reports, LA Weight Loss produced selected documents related to hiring, performance and discharge from the personnel files of all trainers in response to the EEOC's request from which information responsive to this request can be ascertained. In producing this information, LA Weight Loss in no way waives its right to object to the relevance or admissibility of some or all of this information in the future. However, through this production, LA Weight Loss has more than adequately responded to this Interrogatory.

[3]  This information was produced to the EEOC under an oral agreement that a mutually agreeable confidentiality agreement subsequently would be implemented protecting the confidentiality of the information contained in the personnel files produced by LA Weight Loss. As discussed above, however, the EEOC has since refused to engage in the negotiation of the confidentiality agreement thereby forcing LA Weight Loss to file a Motion for Protective Order simultaneously with the filing of this Opposition.

LA Weight Loss to determine who made the employment decision and upon what grounds it was based. Such an undertaking would require LA Weight Loss to review literally thousands of personnel files.

**Interrogatory No. 14**

LA Weight Loss stands by its objections to this interrogatory. However, without waiver of those objections, LA Weight Loss has supplemented its responses to this interrogatory and believes that the issues raised by the EEOC regarding this interrogatory response are now moot. (See Exhibit A, Letter from David L. Gollin t Ronald Phillips dated September 11, 2003).

**Interrogatories Nos. 19 & 20**

*INTERROGATORY # 19: Identify (including name, gender, address, telephone number, position, and social security number) all District and Regional Managers who worked for Defendant any time during the period from 1989 to the present.*

*RESPONSE: Defendant objects to this interrogatory as overly broad and unduly burdensome. Defendant also objects to this interrogatory as overly broad as to time. This interrogatory requests information "from 1989 to present." However, Defendant has only been in existence since February 1997. Defendant further objects to this request to the extent it seeks information that is not relevant to any claim or defense of any party in this action. Defendant also objects to this interrogatory to the extent it requests the disclosure of personal and confidential information.*

*Subject to and without waiver of the foregoing objections and the General Objections, attached hereto as Exhibit A is a list of all regional managers from February 1997 through present identifying the date of hire, date of employment termination if applicable, the region(s) for which each was responsible and the dates during which the regional manager was responsible for that region.*

*INTERROGATORY # 20: Identify (including name, gender, address, telephone number, position, and social security number) all Area Corporate Trainers who worked for Defendant any time during the period from 1989 to the present.*

*RESPONSE: Defendant objects to this interrogatory as overly broad and unduly burdensome. Defendant objects to the use of the term "area corporate*

*trainers" in this interrogatory as vague and ambiguous as no such position exists at LA Weight Loss. Defendant also objects to this interrogatory as overly broad as to time. This interrogatory requests information "from 1989 to present." However, Defendant has only been in existence since February 1997. Defendant further objects to this request to the extent it seeks information that is not relevant to any claim or defense of any party in this action. Defendant also objects to this interrogatory to the extent it requests the disclosure of personal and confidential information.*

*Subject to and without waiver of the foregoing objections and the General Objections, and to the extent Defendant can determine the information sought by this interrogatory, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Defendant shall make available for inspection and copying (at Plaintiff's expense), relevant documents from the personnel files of all Defendant's Area Trainers in Defendant's possession, custody and control from which answers to this interrogatory can be ascertained. Attached hereto as Exhibit C is a list of any Area Trainer identifying date of hire and date of termination of employment, if applicable, which could not be located by Defendant.*

The EEOC has taken issue with the information provided by LA Weight Loss in response to these interrogatories because the Commission claims that LA Weight Loss has failed to provide the sex, address, telephone number and social security numbers for the District Managers, Regional Managers and Area Corporate Trainers identified by LA Weight Loss in response to these requests.

Initially, LA Weight Loss does not, nor has it ever, employed any individuals in the position of "District Manager."

Second, as stated above, LA Weight Loss has provided the EEOC with the gender of all employees employed by LA Weight Loss from 1998 through 2002. This includes Regional Managers and Trainers. As such, this issue raised by the EEOC is moot.

Third, as discussed above, LA Weight Loss has provided the last known address and telephone number for each regional manager for whom such information could be ascertained.[4]

With respect to the addresses and telephone numbers of trainers, as previously stated, LA Weight Loss has produced selected documents from the personnel files of all trainers.  Included in this information is the last known address and telephone number of all trainers.  As such, the EEOC is already in possession of this information.[5]

Finally, the EEOC also requests the production of the social security numbers for each of these individuals.  Such information serves no purpose in this matter and has been recognized as confidential.  See Tomanovich, 2002 U.S. Dist. LEXIS 14885 at *20; Scaife v. Boenne, 191 F.R.D. 590 (N.D. Ind. 2000).  As such, LA Weight Loss objects to the production of this information.

---

[4]    LA Weight Loss objects to any attempts by the EEOC to contact any current employees of LA Weight Loss whether managerial or otherwise.  Such contact should only take place through counsel.

[5]    LA Weight Loss was unable to locate the personnel files of approximately seven (7) trainers.  LA Weight Loss provided the EEOC with a list of these seven individuals in its responses to the EEOC's initial discovery requests along with their respective dates of employment.  LA Weight Loss has also provided the last known address and telephone number for each individual to the extent that information could be ascertained by the Company.

## IV.    REQUESTS FOR PRODUCTION OF DOCUMENTS

Below are LA Weight Loss's responses to the specific insufficiencies alleged by the

EEOC with respect to LA Weight Loss's responses to the EEOC's Requests for Production:

### Request No. 2

> *REQUEST:    Any other centralized personnel and/or payroll information
> maintained on Defendant's mainframe computer(s) and/or obtained from a
> contractor (or former contractor) payroll service(s) in a computer-readable
> and/or hardcopy format from January 1, 1989 to the present.*
> *RESPONSE:    Defendant objects to this request as overly broad and
> unduly burdensome.  Defendant also objects to this request as overly broad as to
> time.  This request requests information "from January 1, 1989 to the present."
> However, Defendant has only been in existence since February 1997.  Defendant
> also objects to this request to the extent it seeks confidential and personal
> information.  Defendant further objects to this request to the extent it seeks
> information that is not relevant to any claim or defense of any party in this action.*
>
> *Subject to and without waiver of the foregoing objections and the General
> Objections, pursuant to Rule 34(b) of the Federal Rules of Civil Procedure,
> Defendant shall make available for inspection and copying (at Plaintiff's
> expense), the payroll records in its possession, custody and control for 2001 and
> 2002 which are maintained by ADP.  Defendant's payroll records from 1997
> through 2000 were maintained by Zurich Payroll Solutions ("Zurich") and are not
> currently in the possession, custody and control of Defendant.  At this time,
> Defendant has requested the information from Zurich, but has received no
> response to its request.*

In response to LA Weight Loss's answer and production in response to this request, the

EEOC raises two alleged insufficiencies: (1) that LA Weight Loss should be able to obtain the

payroll information it asserts not to be in its possession; and (2) that the confidentiality

agreement sought by LA Weight Loss is improper.

First, as discussed above, from 1997 through 2000, LA Weight Loss's payroll was

managed by Zurich Payroll Solutions which maintained all of LA Weight Loss's payroll records.

In 2001, LA Weight Loss switched payroll management companies and began using ADP.  Upon

switching payroll management companies, Zurich did not provide LA Weight Loss with copies

of the Companies 1997 through 2000 payroll information and LA Weight Loss did not maintain

electronic or computer versions of this information.[6]  LA Weight Loss was able to produce hard

copies of employee lists for 1998 through 2000 only because those lists had been previously

generated from the payroll information when LA Weight Loss had access to that information.

LA Weight Loss has contacted Zurich to obtain electronic copies of its payroll  information from

1997 through 2000.  If LA Weight Loss is able to obtain this information it will produce it to the

EEOC under the protection of an appropriate confidentiality agreement.[7]

Second, LA Weight Loss has already made its payroll information from 2001 and 2002

available for inspection to the EEOC.  This information was made available to the EEOC under

an oral agreement that a mutually agreeable confidentiality agreement subsequently would be

implemented protecting the confidentiality of information pertaining to the rates of pay all LA

Weight Loss's employees.  The EEOC has since refused to engage in the negotiation of the

---

[6]     LA Weight Loss is in possession of some payroll information from 1999 and 2000 on its
computer system, however, LA Weight Loss has been unable to access that information.
In 2001, LA Weight Loss changed its operating system.  Some 1999 and 2000 payroll
information is contained in the previous operating system.  LA Weight Loss's
Information Technology ("IT") department has attempted to access whatever payroll
information is contained on the now defunct operating system, but, to date, LA Weight
Loss has been unable to access the information.  However, LA Weight Loss has provided
the EEOC with hard copies of this information.

[7]     In its Motion to Compel, the EEOC alleges that Zurich has been purchased by ADP, and
therefore, LA Weight Loss should be able to obtain payroll information from 1997
through 2000 directly from ADP.  LA Weight Loss disputes the EEOC's assertion.  LA
Weight Loss is not aware that Zurich was purchased by ADP.  It is LA Weight Loss's
belief that Zurich was purchased by Advantage Payroll, a company with whom LA
Weight Loss has no affiliation.  However, regardless of the identity of Zurich's
predecessor, LA Weight Loss has been unable to obtain its payroll information from 1997
through 2000.  LA Weight Loss has provided the EEOC the identity of its payroll
management company in 1997 through 2000 and the EEOC is free to subpoena the
information from Zurich.

confidentiality agreement. LA Weight Loss is simultaneously filing a Motion for Protective

Order with this Opposition to protect the confidentiality of this information, as well as any other

payroll information the EEOC may obtain in this matter. LA Weight Loss incorporates by

reference the arguments set forth in its Motion for a Protective Order. LA Weight Loss has

repeatedly informed the EEOC that the payroll information in its possession would be turned

over once an appropriate protective order was entered by the Court.

### Request No. 9

     *REQUEST*:    *All e-mails drafted or received by any employee of
Defendant since 1989 which refer or relate to any of the following subjects:*

| | |
|---|---|
| *(A)* | *Any complaint (formal or informal) of sex discrimination or retaliation;* |
| *(B)* | *Hiring;* |
| *(C)* | *Hiring of men;* |
| *(D)* | *Job descriptions;* |
| *(E)* | *Recruitment;* |
| *(F)* | *Kathy Koch;* |
| *(G)* | *Record retention;* |
| *(H)* | *Discharge of employees.* |

*RESPONSE*:  *Defendant objects to this request as overly broad and
unduly burdensome. Defendant also objects to this request as overly broad as to
time. This request requests information "since 1989." However, Defendant has
only been in existence since February 1997. Defendant further objects to this
request to the extent it seeks information that is not relevant to any claim or
defense of any party in this action. Defendant further objects to this request to the
extent it requests the disclosure of information or documents protected by the
attorney-client privilege, work product doctrine and/or any other applicable
privilege recognized by law.*

*Subject to and without waiver of the foregoing objections and General
Objections, pursuant to Rule 34(b) of the Federal Rules of Civil Procedure,
Defendant shall make available for inspection and copying (at Plaintiff's
expense), all relevant, non-privileged responsive documents from February 1997
through the present in Defendant's possession, custody and control.*

The EEOC alleges that LA Weight Loss did not produce documents responsive to this

request. This assertion is simply without merit. LA Weight Loss produced hundreds of e-mails

related to hiring, recruitment, and job descriptions. All of these e-mails are related to LA Weight

Loss's recruitment efforts utilizing internet job postings.  LA Weight Loss is not aware of any

other documents in its possession which are responsive to this request.

**Request No. 15**

> *REQUEST*:    *All documents reflecting or relating to each Employer Information Report EEO-1, submitted by defendant pursuant to 42 U.S.C. §2000e-8(c) and 29 C.F.R. §§ 1602.7 - 1602.14, between January 1, 1989 and the present, and all documents reviewed, consulted or otherwise used in preparing any such EEO- 1 Report.*
> *RESPONSE*:    *Defendant objects to this request as overly broad and unduly burdensome.  Defendant also objects to this request as overly broad as to time.  This request requests information "between January 1, 1989 and the present."  However, Defendant has only been in existence since February 1997. Defendant further objects to this request to the extent it seeks information that is not relevant to any claim or defense of any party in this action.  Defendant further objects to this request to the extent it requests the disclosure of information or documents protected by the attorney-client privilege, work product doctrine and/or any other applicable privilege recognized by law.*
> *Subject to and without waiver of the foregoing objections and General Objections, pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, Defendant shall make available for inspection and copying (at Plaintiff's expense), its EEO-1 Reports for 1998, 1999, 2000 and 2001.*

As previously discussed, LA Weight Loss has produced employee lists from 1998

through 2002 which includes the gender of each employee.  LA Weight Loss has no documents

which contain information for its employees in 1997.  As such, the issues raised by the EEOC

regarding LA Weight Loss's response to this request are moot.

**Request No. 24**

> *REQUEST*:    *All documents of any kind that reflect or relate to any judicial, administrative or other complaint (formal or informal) against Defendant alleging sex discrimination or retaliation for any reason, made by any present or former employee of Defendant since January 1, 1989 to the present.*
> *RESPONSE*:    *Defendant objects to this request to the extent it seeks information that is not relevant to any claim or defense of any party in this action. Defendant further objects to this request as overly broad and unduly burdensome. The only complaints of discrimination or retaliation that are even arguably*

*discoverable in this action are claims of reverse sex discrimination and claims of retaliation for complaining about Defendant's alleged employment practices related to male applicants and employees. As such, Defendant shall restrict its response to this request to those limited categories. Defendant also objects to this request as overly broad as to time. This request seeks information "since January 1, 1989 to the present." However, Defendant has only been in existence since February 1997. Defendant further objects to this request to the extent it requests the disclosure of information or documents protected by the attorney-client privilege, work product doctrine and/or any other applicable privilege recognized by law.*

*Subject to and without waiver of the foregoing objections and the General Objections, pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, Defendant shall make available for inspection and copying (at Plaintiff's expense), the Charge of Discrimination filed with the EEOC by a former employee Todd McCann in March 2000 alleging reverse sex discrimination.*

In this request, the EEOC seeks production of documents pertaining to all complaints against LA Weight Loss alleging sex discrimination or retaliation for any reason. LA Weight Loss properly objected to this request as overly broad and seeking the production of documents not related to the claims or defenses in this matter. It produced those documents related to claims and defenses pursuant to its obligations under the Federal Rules of Civil Procedure. The EEOC now raises a number of alleged insufficiencies in LA Weight Loss's response to this request. The EEOC's alleged insufficiencies are without merit and are addressed in turn below.

First, the EEOC alleges that the information sought by this request is discoverable because it is "reasonably calculated to lead to the discovery of admissible evidence." This is the wrong standard for determining whether or not information is discoverable under Rule 26(b)(1) of the Federal Rules of Civil Procedure. As amended in December 2000, Rule 26(b)(1) provides that:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . .

Fed. R. Civ. P. 26(b)(1).

Through this amendment, Rule 26(b)(1) now focuses discovery on the actual claims and defenses at issue in the case.  Hill v. Motel 6, 205 F.R.D. 490, 492 (S.D. Ohio 2001).  As the Advisory Committee on the 2000 amendments to the Federal Rules of Civil Procedure stated:

> The rule change signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings.

Fed. R. Civ. P. 26(b)(1)(West 2001)(advisory committee notes, reprinted in 192 F.R.D. 340, 389).

In this matter, the EEOC has alleged two claims: (1) that LA Weight Loss has discriminated against men as a class by refusing to hire men solely on the basis of their sex; and (2) that LA Weight Loss discharged Plaintiff-Intervenor Kathy Koch in retaliation for opposing LA Weight Loss's alleged practice and/or policy of not hiring men.  As such, discovery is limited in this matter to information that is relevant to these claims and LA Weight Loss's defenses thereto.

Under this standard, it is clear that the EEOC's demand for all complaints of sex discrimination is overly broad and seeks the production of documents and information not relevant to the claims and defenses in this matter.  Other complaints of sex discrimination by or relating to men are relevant and discoverable.  To this end, LA Weight Loss has produced all relevant, non-privileged documents related to complaints made against LA Weight Loss regarding alleged discrimination against men.[8]  However, information and documents related to

---

[8]    To LA Weight Loss's knowledge, other than the retaliation complaint raised in this matter by Koch, there have only been four complaints made against LA Weight Loss containing or relating to allegations of discrimination against men.  These include complaints of discrimination against men raised by Todd McCann and Warren Walker, and complaints

complaints of sex discrimination by women are not relevant to the claims and defenses in this matter and not discoverable in this case.

Similarly, the EEOC's demand for documents and information pertaining to all complaints of retaliation of any kind seeks the production of documents and information not relevant to any claims or defenses at issue in this matter. The EEOC claims it is entitled to this information because it is "potentially probative of unlawful retaliatory motive regarding the discharge of Plaintiff-Intervenor Kathy Koch." The EEOC's assertion is without merit and its request is beyond the bounds of permissible discovery.

In its complaint, the EEOC has allege that LA Weight Loss retaliated against Kathy Koch by terminating her employment because she opposed LA Weight Loss's alleged practice of not hiring men. Nowhere in its complaint has the EEOC raised a claim that LA Weight Loss engaged in a pattern or practice of retaliation. Rather, the EEOC has alleged only one distinct act of retaliation. Such a claim in no way implicates other claims of retaliation beyond the lone claim relating to Koch and does not justify the broad range of discovery sought by the EEOC here.

Further, discovery into all claims of retaliation of any kind is not probative of the alleged retaliatory motive regarding Koch's discharge. As previously discussed, the decision to discharge Koch was made by Lynn Portlock. Assuming *arguendo* that claims of retaliation against Portlock (or even against Portlock's supervisor, Eileen Stankunis) are probative, the issue

---

of retaliation arising out of allegations of discrimination against men raised by Sandra-Brown Talavera (discussed in more detail below) and Nina Catagnus. LA Weight Loss has produced all relevant non-privileged information pertaining to these matters and has provided the EEOC with a privilege log regarding all privileged information withheld from production.

is moot.  No other claims of retaliation have been asserted against Ms. Portlock, and the only two claims of retaliation asserted against Ms. Stankunis other then the Koch were raised by Catagnus and Brown-Talavera.  As discussed above, this information has already been produced by LA Weight Loss.

Finally, with respect to LA Weight Loss's assertions regarding the production of information pertaining to the action filed by Brown-Talavera, the Commission's allegations are baseless and inaccurate.  Initially, LA Weight Loss produced to the EEOC all depositions and exhibits and a copy of the report related to the investigation of Brown-Talavera's complaints of discrimination.  The depositions and exhibits were produced before the EEOC filed this motion, and LA Weight Loss indicated its intention to produce the investigative report long before the EEOC filed its Motion to Compel.  LA Weight Loss has not produced copies of the pleadings, correspondence and all document productions in the matter as that information is clearly not relevant to this matter.[9]  However, if the EEOC would like to inspect all non-privileged documents contained in the Brown-Talavera file, LA Weight Loss will make the file available for inspection.

As for the EEOC's baseless allegation that the Commission had no knowledge of Brown-Talavera's lawsuit until almost one year after LA Weight Loss produced its discovery responses, the EEOC's own pleadings reveal otherwise.  In its initial disclosures provided to LA Weight Loss on May 20, 2002, nearly 3 months before LA Weight Loss responded to the Commission's discovery requests, the Commission identified Sandra Brown-Talavera as a person with

---

[9]    In the Brown-Talavera action, Ms. Brown-Talavera raised a claim of racial harassment in addition to her retaliation claim.  A majority of discovery in the Brown-Talevera matter pertained to the racial harassment claim.

"knowledge of Defendant's recruiting, hiring and training policies.  She also has knowledge of the facts relating to disciplinary and retaliatory acts taken against her."  See EEOC's Initial Disclosure Disclosures, attached hereto as Exhibit H.  In addition, documents provided to LA Weight Loss by the EEOC indicate that Brown-Talavera's attorney, Jon Green, Esquire, contacted the EEOC investigator investigating Koch's charges in 2000 and describe the details of Brown-Talavera's lawsuit against LA Weight Loss.  (See Exhibit I).  As these documents clearly illustrate, the EEOC had full knowledge of Brown-Talavera's prior lawsuit and the Commission's attempts to insinuate otherwise are disingenuous at best.

### Request No. 25

> *REQUEST:     Defendant's annual financial statements for each year from January 1, 1989 to the present.*
> *RESPONSE:    Defendant objects to this request to the extent it seeks information that is not relevant to any claim or defense of any party in this action. Defendant further objects to this request as overly broad and unduly burdensome. Defendant also objects to this request as overly broad as to time.  This request seeks information "since January 1, 1989 to the present."  However, Defendant has only been in existence since February 1997.*

In this request, the EEOC demands production of LA Weight Loss's annual financial statements claiming it is entitled to this information because it is necessary for the jury's consideration on the issue of punitive damages  The EEOC's argument, however, ignores the fact that the Commission has yet to make a showing of its entitlement to punitive damages sufficient to justify the production of financial information.

Courts in this Circuit, as well as many courts throughout the country, routinely have held that a plaintiff is not entitled to discovery of a defendant's financial information relating to claims for punitive damages until the plaintiff makes an actual showing that a viable claim for punitive damages exists.  Schieszler v. Ferrum College, 233 F. Supp. 2d 796, 806 (W.D. Va. 2002)(citing

Tiller v. Hobart, 58 F. Supp 2d 688, 690-91 (W.D. Va. 1999)(holding that protections exist under the Federal Rules of Civil Procedure from unsupported punitive damage claims including protective orders from the court to prevent discovery of defendant's financial information until the punitive damages claim survives summary judgment.); Blount v. Wake Electric Membership Corp., 162 F.R.D. 102, 106 (E.D. N.C. 1993)(holding that plaintiff was not entitled to discovery of defendant's financial information until resolution of defendant's anticipated motion for summary judgment on the issue of punitive damages or the expiration of the filing deadline for such a motion if no motion was filed); Rosen v. Tabby, 1996 U.S. Dist. LEXIS 16242, *3 (E.D. Pa. 1996)(holding that the financial worth of defendants will be relevant only if the evidence at trial establishes a basis for punitive damages. Accordingly, it is not necessary for defendants to produce the financial information until a showing of entitlement to punitive damages is resolved)(Exhibit J); Cutler v. Varsity Contractors, Inc., 1995 U.S. Dist. LEXIS 17564, *2-*3 (D. Or. 1995)(holding that financial records of a privately held company need not be produced prior to the time that a plaintiff has made a prima facie showing that punitive damages are appropriate under the facts of the case)(Exhibit K).

At this time, the EEOC has done nothing more than assert in its complaint that it is seeking punitive damages. Such bald pleadings in no way rise to the level of an actual showing that a viable claim for punitive damages exists. As such, the EEOC's demand for LA Weight Loss's financial information is premature.

### Request No. 34

*REQUEST*:    *Produce all personnel files for all Trainers who worked for Defendant at any time during the period from January 1, 1997 - January 1, 1999.*
*RESPONSE*:   *Defendant objects to this request to the extent it seeks information that is not relevant to any claim or defense of any party in this action.*

*Defendant further objects to this request as overly broad and unduly burdensome. Defendant also objects to this request as overly broad as to time. This request seeks information "from January 1, 1997." However, Defendant has only been in existence since February 1997. Defendant further objects to this request to the extent it seeks the production of personal and/or confidential information. Subject to and without waiver of the foregoing objections and the General Objections, pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, Defendant shall make available for inspection and copying (at Plaintiff's expense), selected relevant, non-privileged documents from the personnel files of all Area Trainers employed by LA Weight Loss at any time since February 1997 in Defendant's possession, custody and control relating to the following topics: (1) application for employment; (2) hiring; (3) discipline; (4) performance; and (5) job changes. Attached as Exhibit C to Defendant's Response to Plaintiff's First Set of Interrogatories is a list of Area Trainers employed by LA Weight Loss at any time since February 1997 whose personnel files could not be located by Defendant.*

LA Weight Loss has produced to the EEOC documents in its possession from the personnel files of all trainers relating to: (1) applications for employment; (2) hiring; (3) discipline; (4) performance; and (5) job changes. The documents withheld from these files have no relevance to the claims or defenses in this matter and contain confidential information. The documents withheld from production are in the following categories: (1) vacation and sick logs and requests; (2) copies of driver's licenses and social security cards; (3) W-4 forms; (4) 1099 forms; (5) emergency contact information; (6) direct deposit information; (7) 401K information; (8) health insurance election and deduction forms; (9) loan documentation; (10) garnishment information; (11) medical information; (12) disability benefits and leave information; (13) evaluation forms filled out by attendees at trainings conducted by the respective trainers dated January 2, 1999 forward (the EEOC only requested evaluation forms up to January 1, 1999 as discussed in Request No. 35 below); and (14) Daily Supervisor/Trainer Checklists regarding visits to different centers. None of this information is relevant to the claims or defenses in this matter and as such is not discoverable.

**Request No. 35**

> *REQUEST:    For the period from January 1, 1997 - January 1, 1999, produce all evaluations, questionnaires, and/or any other document(s) commenting on or pertaining to training or individual trainers.*
> *RESPONSE:   Defendant objects to this request to the extent it seeks information that is not relevant to any claim or defense of any party in this action. Defendant further objects to this request as overly broad and unduly burdensome. Defendant also objects to this request as overly broad as to time.  This request seeks information "from January 1, 1997."  However, Defendant has only been in existence since February 1997.  Defendant further objects to this request to the extent it seeks the production of personal and/or confidential information. Defendant also objects to this request to the extent it requests the disclosure of information or documents protected by the attorney-client privilege, work product doctrine and/or any other applicable privilege recognized by law.*
> *Subject to and without waiver of the foregoing objections and the General Objections, see Defendant's response to Request No. 35.*

LA Weight Loss has produced or offered to produce all documents in its possession custody and control of which it is aware responsive to the EEOC's request for documents from January 1, 1997 through January 1, 1999, regarding trainings or trainers.  While a number of training documents have been produced, certain training documents containing confidential and proprietary information such as business methods, sales techniques and pricing are currently being withheld pending LA Weight Loss's Motion for a Protective Order.

**Request No. 36**

> *REQUEST:    Produce all personnel files for the individuals listed in response to Interrogatory number 9.*
> *RESPONSE:   Defendant incorporates by reference the specific and general objections stated in its response to Interrogatory No. 9.*
> *Subject to and without waiver of the foregoing objections and the General Objections, see Defendant's response to Request No. 36.*

In response to this request, Defendant refers the Court to the arguments it has raised in support of its responses to Interrogatory No. 9 above.

## V.     CONCLUSION

For the foregoing reasons, LA Weight Loss respectfully requests that Plaintiff EEOC's

Motion to Compel Answers to Interrogatories and Production of Documents be denied in its

entirety.

Respectfully submitted,

SHAWE & ROSENTHAL, LLP

/S/


_____
Elizabeth Torphy-Donzella
Federal Bar No. 10809
20 S. Charles Street, 11th Floor
Baltimore, MD 21201
(410) 752-1040

AND

WOLF, BLOCK, SCHORR and SOLIS-COHEN LLP
David E. Landau
David L. Gollin
1650 Arch Street, 22nd Floor
Philadelphia, PA  19103-2097
(215) 977-2052/2335

Attorneys for Defendant
LA Weight Loss

Dated:   September 12, 2003

## CERTIFICATE OF SERVICE

I,  Fiona Ong, Esquire, hereby certify that I caused a true and correct copy of the

foregoing to be served by first class mail, postage pre-paid, as follows:

>    Ronald L. Phillips, Esquire
>    U.S. Equal Employment Opportunity Commission
>    Baltimore District Office
>    10 South Howard Street, 3rd Floor
>    Baltimore, MD 21201
>
>    Attorneys for Plaintiff
>
>    and
>
>    Pamela White, Esq.
>    Ober, Kaler, Grimes & Shriver, P.C.
>    120 East Baltimore Street
>    Baltimore, Maryland 21201
>
>    Attorney for Intervenor/Plaintiff

_____
Fiona Ong