# WolfBlock

1650 Arch Street, 22nd Floor, Philadelphia, Pennsylvania 19103-2097
Tel: (215) 977-2000 ▪ Fax: (215) 977-2740 ▪ www.WolfBlock.com

Dennis Roberts
Direct Dial: (215) 977-2219
Direct Fax: (215) 405-3819
E-mail:    droberts@wolfblock.com

July 25, 2003

**VIA FEDERAL EXPRESS**

Ronald L. Phillips, Esquire
EEOC - Baltimore District Office
City Cresent Building, 3rd Floor
10 South Howard Street
Baltimore, MD 21201

Re:   EEOC & Koch v. LA Weight Loss
      Civil Action No.: S-02-CV-648

Dear Mr. Phillips:

Pursuant to Pamela White's request to David Gollin, enclosed please find copies of the following condensed transcripts with exhibits:

- Sandra Brown-Talavera, April 30, 2001
- Sandra Brown-Talavera, August 30, 2001
- C. Scott Moyer, August 15, 2001
- Lesia Petrizio, October 2, 2001
- Eileen Stankunis, October 2, 2001
- Marguerite Lamort, October 24, 2001
- Noemi Teleky-Jusino, October 24, 2001

DSB\925961\1\\LAW024-158357

Cherry Hill, NJ ▪ Harrisburg, PA ▪ Newark, NJ ▪ New York, NY ▪ Norristown, PA ▪ Philadelphia, PA ▪ Wilmington, DE
Wolf, Block, Schorr and Solis-Cohen LLP
A Pennsylvania Limited Liability Partnership

Ronald L. Phillips, Esquire
July 25, 2003
Page 2

Please note per your previous request, we will be forwarding the position statements in the McCann and Walker matters on Monday, July 28, 2003 via federal express.

Should you have any questions regarding this matter please call me.

Sincerely,

Dennis Roberts
Paralegal

DR
Enclosures

cc: David L. Gollin, Esquire
David E. Landau, Esquire
Pamela White, Esquire

DSB\925961\1\\LAW024-158357

# David L. Gollin

| | |
|---|---|
| **From:** | David L. Gollin [WBSSC.BARNEY40.GDL1785] |
| **Sent:** | Monday, July 28, 2003 5:26 PM |
| **To:** | ron.phillips@eeoc.gov; pjwhite@ober.com |
| **Cc:** | David Landau |
| **Subject:** | Production of Deposition Transcripts - Brown-Talavera |

Ron and Pam:

I expect that this morning you received copies of the deposition transcripts from the Brown-Talavera matter which the EEOC requested in the *EEOC & Koch v. LA Weight Loss* matter. I wish to eliminate any confusion created by an error in the cover letter accompanying those documents. The cover letter erroneously states that the documents were requested by "Pamela White." The documents were requested by the EEOC and a copy of the requested documents were provided to Ms White in accordance with LA Weight Loss's discovery obligations to the co-plaintiff's in this matter. I apologize for any confusion this cover letter may have caused.

Sincerely,

David Gollin


David L. Gollin
Wolf, Block, Schorr and Solis-Cohen LLP
1650 Arch Street, 22nd Floor
Philadelphia, PA 19103-2097
T:215.977.2335
F:215.405.3935

1

# WolfBlock

1650 Arch Street, 22nd Floor, Philadelphia, Pennsylvania 19103-2097
Tel: (215) 977-2000 ■ Fax: (215) 977-2740 ■ www.WolfBlock.com

David L. Gollin
Direct Dial: (215) 977-2335
Direct Fax: (215) 405-3935
E-mail:   dgollin@wolfblock.com

August 29, 2003

**VIA FEDERAL EXPRESS DELIVERY**
Ronald L. Phillips, Esquire
EEOC - Baltimore District Office
City Crescent Building, 3d Floor
10 South Howard Street
Baltimore, MD 21201

Pamela J. White, Esquire
OBER KALER
120 East Baltimore Street
Baltimore, Maryland 21202-1643

   Re:   EEOC & Koch v. LA Weight Loss
         Civil Action No.: S-02-CV-648

Dear Ron and Pam:

   Please find enclosed documents bates labeled LA-0106806 through LA-0106894. These documents comprise the investigative report relating to the investigation conducted in the Sandar Brown-Talavera matter. These documents are being provided in supplementation of LA Weight Loss's discovery responses in this matter.

                                Sincerely,

                                David L. Gollin
                    For WOLF, BLOCK, SCHORR and SOLIS-COHEN LLP

cc:   David E. Landau, Esquire (w/o encl.)

DSB:929832.1/LAW024-158357

**WolfBlock**

1650 Arch Street, 22nd Floor, Philadelphia, Pennsylvania 19103-2097
Tel: (215) 977-2000 ■ Fax: (215) 977-2740 ■ www.WolfBlock.com

David L. Gollin
Direct Dial: (215) 977-2335
Direct Fax: (215) 405-3935
E-mail:    dgollin@wolfblock.com

September 11, 2003

**VIA FIRST CLASS MAIL**
Ronald L. Phillips
Trial Attorney
EEOC - Baltimore District Office
City Crescent Building, 3d Floor
10 South Howard Street
Baltimore, MD 21201

    Re:    EEOC & Koch v. LA Weight Loss
              Civil Action No.: S-02-CV-648

Dear Ron:

By this letter, LA Weight Loss supplements its responses to the EEOC's First Set of Interrogatories and Requests for Production as follows:

Interrogatories Nos. 6, 7, 19 and 20

To date, LA Weight Loss has been unable to obtain a listing of employees employed by LA Weight Loss in 1997, including those individuals employed in the position of Area Manager. As previously discussed, in 1997, LA Weight Loss's payroll information was managed by Zurich Payroll Solutions. Zurich is not under the control of LA Weight Loss, and LA Weight Loss has been unsuccessful in its attempts to obtain this information. Zurich is located at 1250 Virginia Drive, Suite 120, Fort Washington, PA, 19034. The EEOC is free to attempt to subpoena this information.

With respect to employee lists for employees employed by the Company from 1998 through 2002, LA Weight Loss is providing the EEOC with supplemental employee lists as follows:

- LA 0106895 - LA 0107019 and LA 0107165 - LA 0107267-- LA Weight Loss employees employed in 1998;

DSB:931252.1

Cherry Hill, NJ ■ Harrisburg, PA ■ Newark, NJ ■ New York, NY ■ Norristown, PA ■ Philadelphia, PA ■ Wilmington, DE
Wolf, Block, Schorr and Solis-Cohen LLP
A Pennsylvania Limited Liability Partnership

Ronald L. Phillips, Esquire
September 11, 2003
Page 2

- LA 0107111 - LA 0107164 -- LA Weight Loss employees employed in 1999;

- LA 0107020 - LA 0107098 -- LA Weight Loss employees employed in 2000;

Each of these lists identifies the location in which each employee was employed,[1] the position each employee held, the employee's then current employment status, the employee's hire date, and the employee's gender.[2] The lists previously provided to the EEOC for 2001 and 2002 already contain all of this information.

Finally, attached hereto as Exhibit 1, are the last known addresses which could be located by LA Weight Loss for the Regional Managers, Recruiters and Trainers identified in Exhibits A, B and C to LA Weight Loss's Responses to the EEOC's First Set of Interrogatories.

Interrogatory No. 14

LA Weight Loss stands by its objection that this interrogatory is premature as discovery in this matter is ongoing and LA Weight Loss's investigation is not complete. The EEOC has now identified over 70 alleged class members (only 8 of whom have been deposed) and over thirty additional witnesses. As such, this interrogatory is unduly burdensome, overly broad and harassing at this point in the litigation.

However, to the extent LA Weight Loss can respond to this interrogatory at this time, LA Weight Loss responds as follows, reserving its right to supplement this interrogatory once its investigation and discovery in this matter has been completed:

*First Defense* -- This is a legal defense alleging that the EEOC has insufficient facts to support its claims. LA Weight Loss cannot state the facts in support of this claim as such a request seeks production of a negative. However, LA Weight Loss refers the EEOC to the depositions conducted to date of the identified class members, as well as the depositions of Sandra Brown-Talavera, Marci Goldschlack and Kristi O'Brien in support of this defense.

---

[1]   The location in which each employee was employed is illustrated in each list with a Division and Department Number. Attached hereto as Exhibit 2 is a listing of each LA Weight Loss center and the corresponding Division and Department number.

[2]   The 1998 employee lists do not contain a specific column for gender. In 1998, LA Weight Loss's payroll system did not record this information. Accordingly, employees whose gender could not be identified from their first names are designated male or female with an "F" or "M".

DSB:931252.1

Ronald L. Phillips, Esquire
September 11, 2003
Page 3

*Second, Third and Fourth Defenses* -- The EEOC has failed to file a Commissioner's Charge in this matter. Kathy Koch's charge of discrimination is not a charge of reverse discrimination against men, but rather only of retaliation. None of the identified class members deposed to date filed charges of sex discrimination against men against LA Weight Loss.

*Fifth Defense* -- With respect to Ms. Koch, LA Weight Loss has yet to depose Ms. Koch and as such, this interrogatory is premature.

With respect to the class members deposed to date, LA Weight Loss refers the EEOC to the deposition transcripts of each class member regarding their employment status, salary history and efforts to obtain employment both before and after their applications for employment with LA Weight Loss.

*Seventh Defense* -- None of the identified class members deposed to date filed charges of sex discrimination against men against LA Weight Loss. All of the identified class members deposed to date have testified that they did not have an interest in pursuing a claim against LA Weight Loss for sex discrimination until they were contacted by the EEOC.

*Eighth Defense* -- This interrogatory has already been responded to with respect to Kathy Koch. However, Ms. Koch has yet to be deposed in this matter and LA Weight Loss reserves the right to supplement its response with respect to Ms. Koch once discovery is complete.

With respect to the identified class members, LA Weight Loss refers the EEOC to the deposition transcripts for each class member as well as their resumes and/or employment applications which illustrate that each class member was not qualified for the position for which he applied.

*Ninth Defense* -- With respect to Ms. Koch, LA Weight Loss has yet to depose Ms. Koch and as such, this interrogatory is premature.

With respect to the class members deposed to date, LA Weight Loss refers the EEOC to the deposition transcripts of each class member regarding their employment status, salary history and efforts to obtain employment both before and after their applications for employment with LA Weight Loss.

*Tenth Defense* -- Facts supporting this defense can be located in documents already produced by LA Weight Loss in this matter, including, but not limited to, Employee Handbooks, training materials, EEO policies, and the deposition testimony of Kristi O'Brien and Sandra Brown-Talavera. Further information relevant to this defense can be obtained from Karen Siegel who the EEOC has already indicated it wishes to depose. It is unduly burdensome

DSB:931252.1

Ronald L. Phillips, Esquire
September 11, 2003
Page 4

for the EEOC to demand that LA Weight Loss list every fact in support of this claim before the Commission has even deposed the highest ranking human resources official in the Company.

*Eleventh Defense* -- This is a legal defense. The EEOC has failed to file a Commissioner's Charge in this matter.

Requests Nos. 2 and 15

See LA Weight Loss's supplemental response to Interrogatories Nos. 6 and 7 above.

Request No. 16

LA Weight Loss has located additional organizational charts. These charts are being produced as documents bates labeled LA 0107099 - LA 0107110.

Request No. 24

LA Weight Loss has already produced all pleadings and information produced to the investigating administrative agency in the Catagnus, McCann and Walker matters. Other than privileged and/or confidential information (privilege logs for those files will be produced shortly), LA Weight Loss believes it has produced all relevant information. If the EEOC would like to review the non-privileged, non-confidential information contained in these files, LA Weight Loss will make the information available for inspection.

With respect to the files concerning the action filed by Sandra Brown-Talavera, the EEOC has already produced all of the deposition transcripts and related exhibits as well as the complete investigative report regarding Ms. Brown-Talavera's claims. The remaining non-privileged, non-confidential information contained in the file consists of the pleadings, document productions, expert reports and various pieces of correspondence between counsel related to the matter. If the EEOC would like to review this non-privileged, non-confidential information, LA Weight Loss will make the information available for inspection. LA Weight Loss also will provide the EEOC with a privilege log of all privileged and/or confidential information withheld from production from the Brown-Talavera file shortly.

DSB:931252.1

Ronald L. Phillips, Esquire
September 11, 2003
Page 5

      I trust that this adequately addresses your concerns with respect to the discovery requests enumerated above. If you have any questions, or if you would like to discuss this matter, please call me.

                    Sincerely,

                    David L. Gollin
            For WOLF, BLOCK, SCHORR and SOLIS-COHEN LLP

cc:    Tracy H. Spicer, Esquire (w/o encl.)
        Pamela White, Esquire (w/ encl.)
        David Landau, Esquire (w/o encl.)

DSB:931252.1