Service: **Get by LEXSEE®**
Citation: **1995 us app lexis 1204**

*1995 U.S. App. LEXIS 1204, ***

ROBERT D. WHITE, Plaintiff-Appellant, v. DONALD B. RICE, SECRETARY OF AIR FORCE, Defendant-Appellee.

No. 94-1074

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

1995 U.S. App. LEXIS 1204

October 18, 1994, Submitted
January 20, 1995, Decided

**NOTICE: [*1]** RULES OF THE FOURTH CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

**SUBSEQUENT HISTORY:** Reported in Table Case Format at: 46 F.3d 1130, 1995 U.S. App. LEXIS 7159.

**PRIOR HISTORY:** Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. T. S. Ellis, III, District Judge. (CA-93-806-A).

**DISPOSITION:** AFFIRMED

## CASE SUMMARY

**PROCEDURAL POSTURE:** Appellant employee challenged the judgement of the United States District Court for the Eastern District of Virginia, at Alexandria, which granted summary judgment to appellee employer in the employee's action alleging employment discrimination. The district court reversed a judgment of an administrative law judge.

**OVERVIEW:** The district court properly found that the employee established a prima facie case of discrimination. Despite his qualifications and performance, however, the employee was discharged while certain female workers were not. Therefore, he created a presumption that the employer unlawfully discriminated against him, and the burden shifted to the employer to articulate some legitimate, nondiscriminatory reason for the discharge. The court found that the employer showed several legitimate, non-discriminatory reasons for the employee's discharge. He failed to perform a major portion of his job, his incessant complaints affected his relationship with his co-workers and supervisors, and he was insubordinate on several occasions when asked to perform certain duties. When the burden shifted back to the employee, he failed to show that he was treated less favorably than other employees because of his gender. The claims that the employee made for which he alleged retaliation were made after his discharge and no other protected activity was found to support a finding of retaliation.

**OUTCOME:** The district court order granting summary judgment on the employee's retaliation claim and finding for the employer on the discrimination claim was affirmed.

**CORE TERMS:** meat, female, clean, protected activity, retaliation, meatcutter, duties, discharged, similarly situated, prima facie case, gender, male, wrapping, female employees,

Get a Document - by Citation - 1995 U.S. App. LEXIS 1204
Case 1:02-cv-00648-WDQ  Document 34-8  Filed 09/12/2003  Page 2 of 7
Page 2 of 7

discriminated, summary judgment, non-discriminatory, discriminatory treatment, required to perform, preponderance, complaining, employment discrimination, gender-based, satisfactory, display, gender discrimination, retaliatory discharge, disparate treatment, articulate, non-moving

## LexisNexis (TM) HEADNOTES - Core Concepts - ♦ Hide Concepts

Civil Procedure > Summary Judgment > Summary Judgment Standard
Civil Procedure > Appeals > Standards of Review > De Novo Review

**HN1** ♦ The appellate court reviews de novo an award of summary judgment, bearing in mind that summary judgment should be used only sparingly in employment discrimination cases. Summary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. The courts must assess the evidence in the light most favorable to the non-moving party. More Like This Headnote

Constitutional Law > Civil Rights Enforcement > Civil Rights Generally

**HN2** ♦ To survive a motion for summary judgment, a plaintiff must establish a prima facie case of discrimination by a preponderance of the evidence. The burden then shifts to the defendant to articulate some legitimate, non-discriminatory reason for the adverse employment action. If the employer meets that burden, plaintiff then must prove by a preponderance of the evidence that the reasons offered by the employer are a mere pretext for discrimination. More Like This Headnote

Constitutional Law > Civil Rights Enforcement > Civil Rights Generally

**HN3** ♦ A plaintiff may establish a prima facie case of discrimination by showing that: (1) he is a member of a protected class; (2) he is qualified for his job and his job performance was satisfactory; (3) he suffers an adverse employment action; and (4) the position remained open to similarly qualified applicants after his dismissal. Plaintiff may establish a prima facie case by presenting evidence which creates a reasonable inference that he is terminated for reasons prohibited by Title VII. More Like This Headnote

Constitutional Law > Civil Rights Enforcement > Civil Rights Generally

**HN4** ♦ Where a discrimination defendant meets his burden of production, the burden then shifts back to the plaintiff to prove, by a preponderance of the evidence, that the reasons offered by defendants are a pretext for discrimination. Such evidence might include affidavits, depositions, or other filings that suggest that there is a genuine triable fact. More Like This Headnote

Labor & Employment Law > Discrimination > Retaliation

**HN5** ♦ To establish a prima facie case of retaliation, a plaintiff has to show that: (1) he is engaged in prior protected activity; (2) the deciding individual is aware of such activity; (3) he suffers an adverse employment decision; and (4) there is a causal connection between his protected activity and the adverse action. If the decisionmaker is unaware of the protected activity, then any finding of liability for retaliation is foreclosed. More Like This Headnote

**COUNSEL:** Randall P. Palmer, III, LAW OFFICES OF PALMER & DAVILA, San Antonio, Texas, for Appellant.

Helen F. Fahey, United States Attorney, Theresa Carroll Buchanan, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

**JUDGES:** Before WILKINSON and NIEMEYER, Circuit Judges, and BUTZNER, Senior Circuit Judge.

**OPINION:**

**OPINION**

PER CURIAM:

Appellant Robert White appeals the district court's order granting summary judgment to Donald Rice, Secretary of the Navy, in this action alleging employment discrimination. Finding no error, we affirm.

White, a retired United States Army noncommissioned officer, brought an employment discrimination action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e (1988), alleging that he was discriminated against on the basis of his gender and subjected to [*2] retaliation by his employer. Specifically, White alleged that he was required to perform "clean up" work at the meat shop at Vogelweh Air Force Base in Germany, while similarly situated female employees were not required to perform this work. White also alleged that he was discharged in retaliation for complaining about the perceived discriminatory treatment. White sought back pay, reinstatement, fringe benefits, seniority rights, compensatory damages, and attorney's fees and expenses. The district court granted summary judgment to Rice, and White appealed.

The facts are relatively straightforward. White was hired as a permanent meatcutter worker at the Vogelweh Air Force based Commissary meat department in August 1988. There were two departments within the Commissary when White was hired: meatcutting and meat wrapping. Four female employees were also assigned to the meat department. Three of these females were German nationals, and one was an American national. Charles Slayton supervised the meat department.

The duties of the meatcutters and wrappers differed. White's job duties as a meatcutter included unloading and storing meat in freezers, stocking meat in display cases, wrapping [*3] meat in the wrapping section, assisting meatcutters at the cutting and trim tables, and cleaning the meat processing work areas. Employees in the meat wrapping department assisted meatcutters by removing protective covering from meats, weighing and wrapping meat, stocking meat display cases, and assisting customers.

All new meatcutter workers were assigned to the late shift at the Commissary to learn about the department's equipment and processes. During the late shift, a meatcutter worker's primary duties were to stock the display cases and clean the area and equipment.

White worked in the meatcutting unit for several months without incident. He received several "satisfactory" performance evaluations and a pay increase in March 1989. After that, however, White's performance suffered and his relationship with other workers in the department deteriorated. Numerous complaints were received about White's conduct and his failure to perform his job duties. On July 29, 1989, Slayton issued a notice of discharge effective August 11, 1989, one month prior to the expiration of White's probationary period.

White sought Equal Employment Opportunity ("EEO") counseling after his discharge. When [*4] that effort failed to produce results, White filed a formal complaint with the EEOC in October 1989. The complaint alleged that White was discriminated against on the basis of his race (black) and gender. White further contended that his discharge was in retaliation for complaining about discriminatory treatment.

The EEOC held an administrative hearing in May 1991. The administrative law judge ("ALJ") found that White's racial discrimination claim lacked merit. However, the ALJ found that White was disparately treated on the basis of gender, as he was forced to perform clean up tasks that female employees were not required to perform. The ALJ also found that White was discharged in retaliation for complaining about his treatment. Accordingly, the ALJ recommended that White be reinstated with back pay and benefits retroactive to the time of his termination.

The Air Force Review Boards Agency ("Board") reviewed the ALJ's recommendation and concluded that the ALJ had erred in finding discriminatory treatment. The Board found that the reasons given for White's discharge were legitimate, non-discriminatory, and nonpretextual. Accordingly, the Board rejected the ALJ's recommendation. White [*5] then filed the instant complaint in the United States District Court for the Western District of Texas; the case was thereafter transferred to the Eastern District of Virginia.

HN1 We review de novo an award of summary judgment, Higgins v. E.I. Du Pont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir. 1988), bearing in mind that summary judgment should be used only sparingly in employment discrimination cases. Ballinger v. North Carolina Agricultural Extension Serv., 815 F.2d 1001, 1004-05 (4th Cir.), cert. denied, 484 U.S. 897, 98 L. Ed. 2d 191, 108 S. Ct. 232 (1987). Summary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986). We must assess the evidence in the light most favorable to the non-moving party. Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979). We address the gender discrimination and retaliatory discharge claims in turn.

I. Gender-Based Discrimination

HN2 To survive a motion for summary judgment, a [*6] plaintiff must establish a prima facie case of discrimination by a preponderance of the evidence. Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-53, 67 L. Ed. 2d 207, 101 S. Ct. 1089 (1981); Moore v. Charlotte, 754 F.2d 1100, 1105 (4th Cir.), cert. denied, 472 U.S. 1021, 87 L. Ed. 2d 623, 105 S. Ct. 3489 (1985). The burden then shifts to the defendant to articulate some legitimate, non-discriminatory reason for the adverse employment action. Burdine, 450 U.S. at 253. If the employer meets that burden, plaintiff then must prove by a preponderance of the evidence that the reasons offered by the employer are a mere pretext for discrimination.

HN3 The plaintiff may establish a prima facie case of discrimination by showing that: (1) he is a member of a protected class; (2) he was qualified for his job and his job performance was satisfactory; (3) he suffered an adverse employment action; and (4) the position remained open to similarly qualified applicants after his dismissal. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 36 L. Ed. 2d 668, 93 S. Ct. 1817 (1973); Williams v. Cerberonics, Inc., 871 F.2d 452, 455 (4th Cir. 1989). [*7] Plaintiff may establish a prima facie case by presenting evidence which creates a reasonable inference that he was terminated for reasons prohibited by Title VII. McDonnell Douglas, 411 U.S. at 802 n.13; Lawrence v. Mars, Inc., 955 F.2d 902, 905-06 (4th Cir.), cert. denied, 121 L. Ed. 2d 40, 61 U.S.L.W. 3257, 113 S. Ct. 76 (U.S. 1992).

The district court properly found that White established a prima facie case of discrimination. White, a male n1, was qualified for his job and received several satisfactory job evaluations. Despite his qualifications and performance, however, White was discharged while certain female workers were not. Therefore, White created a presumption that Defendant unlawfully discriminated against him, see St. Mary's Honor Ctr. v. Hicks, 125 L. Ed. 2d 407, 61 U.S.L.W. 4782, 4785, 113 S. Ct. 2742 (U.S. 1993), and the burden shifted to Defendant to articulate some legitimate, nondiscriminatory reason for the discharge.

- - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - -

n1 Although the vast majority of Title VII sex discrimination cases involve a female complainant, courts have recognized that males may bring Title VII actions for alleged gender-based discrimination. See, e.g., Parrott v. Cheney, 748 F. Supp. 312 (D. Md. 1989) (Title VII action by unsuccessful male promotion applicant), aff'd 914 F.2d 248 (4th Cir. 1990); Abshire v. Martin Processing, Inc., 537 F. Supp. 468 (W.D. Va. 1982) (Title VII disparate treatment action by discharged male employee).

- - - - - - - - - - - End Footnotes- - - - - - - - - - - - - [*8]

We agree with the district court that Defendant offered several legitimate, non-discriminatory reasons for White's discharge. White failed to perform certain clean up tasks properly, which was a major portion of his job. Next, White failed to keep the meat cases properly stocked, failed to assist customers in a timely manner, and was generally slow. Moreover, White's incessant complaints affected his relationship with his co-workers and supervisors. Finally, White was insubordinate on several occasions when asked to perform certain duties.

HN4 Because the Defendant met his burden of production, the burden then shifted back to White to prove, by a preponderance of the evidence, that the reasons offered by Defendants were a pretext for discrimination. Such evidence might include affidavits, depositions, or other filings which suggest that there was a genuine triable fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986). The district court properly found that White failed to produce such evidence.

First, White failed to show that Defendant treated him less favorably than other employees because of his gender. See International Bhd. of Teamsters v. United States, 431 U.S. 324, 335 n.15, 52 L. Ed. 2d 396, 97 S. Ct. 1843 (1977). [*9] White asserted that he was forced to perform clean up while the four women working in the meat department were not. However, White failed to show that he and the women were all similarly situated. Three of the four female employees were German nationals; as such, they were governed by a different set of guidelines regulating the terms and conditions of their employment. Moreover, the German nationals' job description does not include "clean up" in the list of duties. Consequently, White was not similarly situated to the three German national females.

Furthermore, the record reveals that the female American employee in the meat department performed clean up as a new employee and progressed to more desirable jobs as her skill level increased. White failed to show that this female's promotion was not based upon her advanced skill or that White's assignment to clean up duties was due to gender-based animus. Thus, White could not establish that he was similarly situated to the female American employee. n2

- - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - -

n2 White's proffer of statements from other meat department employees is also irrelevant. White offered the observations of several meat department employees who stated that they never saw the four females in the meat department perform clean up duties. However, White and the four females were subject to different job descriptions and duties; hence, they were not similarly situated.

- - - - - - - - - - - End Footnotes- - - - - - - - - - - - - [*10]

Thus, White's only evidence of disparate treatment based upon gender was his own opinion that Defendants discriminated against him because he is a male. The district court correctly found that such a subjective belief cannot serve as the basis for judicial relief. Elliott v. Group Medical & Surgical Serv., 714 F.2d 556, 567 (5th Cir. 1983), cert. denied, 467 U.S. 1215, 81 L. Ed. 2d 364, 104 S. Ct. 2658 (1984). Because White failed to show that Defendant's legitimate, non-discriminatory reasons for his discharge were pretextual, his claim of gender discrimination failed. Accordingly, the district court properly granted summary judgment to Defendant on that claim.

II. Retaliatory Discharge Claim

White also alleged that he was discharged in retaliation for voicing complaints about his perceived unfair treatment. HN5 To establish a prima facie case of retaliation, White had to show that: (1) he was engaged in prior protected activity; (2) the deciding individual was aware of such activity; (3) he suffered an adverse employment decision; and (4) there is a causal connection between his protected activity and the adverse action. Williams, 871 F.2d at 457; [*11] Ross v. Communications Satellite Corp., 759 F.2d 355, 365 (4th Cir. 1985). If the decisionmaker was unaware of the protected activity, then any finding of liability for retaliation is foreclosed. Williams, 871 F.2d at 457.

White was discharged effective August 11, 1989. He sought EEO counseling on August 15, 1989, and filed a formal complaint with the EEOC on October 13, 1989. Thus, any protected EEO activity that White initiated began after his discharge and could not have been the basis for White's termination. Moreover, White's contention that his generalized verbal complaints to co-workers and supervisors constituted protected activity also lacks merit. Such comments are distinguishable from cases where informal opposition to an employer's actions was considered protected activity under Title VII. See, e.g., Payne v. McLemore's Wholesale & Retail Stores, 654 F.2d 1130 (5th Cir. 1981) (picketing and boycotting by seasonal employee held protected activity), cert. denied, 455 U.S. 1000, 71 L. Ed. 2d 866, 102 S. Ct. 1630 (1982); Sias v. City Demonstration Agency, 588 F.2d 692 (9th Cir. 1978) [*12] (employee's letter to HUD detailing hiring practices and job conditions held protected activity). Thus, White failed to show that his discharge was in retaliation for his protected activity. Accordingly, we affirm that part of the district court's order granting summary judgment to Defendant on the retaliatory discharge claim.

For the reasons set forth above, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

Service: **Get by LEXSEE®**
Citation: **1995 us app lexis 1204**
View: Full
Date/Time: Thursday, September 11, 2003 - 12:34 PM EDT

* Signal Legend:
● - Warning: Negative treatment is indicated
⚠ - Caution: Possible negative treatment
◆ - Positive treatment is indicated

- ⓐ - Citing Refs. With Analysis Available
- ⓘ - Citation information available
* Click on any *Shepard's* signal to *Shepardize®* that case.

About LexisNexis | Terms and Conditions

Copyright © 2003 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.