Service: **Get by LEXSEE®**
Citation: **1996 us dist lexis 16242**

*1996 U.S. Dist. LEXIS 16242, **

PAUL R. ROSEN, Plaintiff, v. GILBERT S. TABBY, et al., Defendants.

CIVIL ACTION No. 95-CV-2968

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

1996 U.S. Dist. LEXIS 16242

October 29, 1996, Decided
October 29, 1996, FILED; October 30, 1996, ENTERED

**DISPOSITION:** [*1] Defendants' Motion for Protective Order, or, in the alternative, Confidentiality Order, is GRANTED IN PART and DENIED IN PART. Defendants' compliance with Plaintiff's demand for financial information is stayed.

## CASE SUMMARY

**PROCEDURAL POSTURE:** Plaintiff brought a civil suit against defendants which included a claim for punitive damages. During the deposition of one defendant, plaintiff stated his intention to seek information relating to the financial status of all defendants' to buttress the punitive damages claim. Pursuant to Fed. R. Civ. P. 26(c), defendants filed a motion for protective order or, in the alternative, a confidentiality order.

**OVERVIEW:** The court noted that defendants had not asserted a privilege in support of their Rule 26(c) motion that would have permitted the granting of the protective order on the ground of privilege. The court concluded that the test for whether the information sought was relevant was whether it was likely to produce or lead to evidence admissible on the issue of punitive damages. The court granted in part, and denied in part, the motion. The court found that defendants' financial worth would be relevant only if the evidence at trial established a basis for punitive damages. Thus, it was not necessary for defendants to produce the financial information at this point, particularly while there were other motions still pending which could bear on the matter. Accordingly, the motion for protective order was granted only to the extent that defendants were authorized to produce the financial information to their counsel for counsel's retention until further order of the court.

**OUTCOME:** The court granted in part, and denied in part, defendants' motion for protective order. The court also directed defendants to turn over the documents relating to their net worth and net income to their counsel and directed counsel to retain the documents pending further order of the court.

### LexisNexis (TM) HEADNOTES - Core Concepts - ♦ Hide Concepts

Civil Procedure > Disclosure & Discovery > Protective Orders
**HN1**♦Fed. R. Civ. P. 26(c)(4) and (c)(6) state, in part: (c) "Protective Orders. Upon motion by a party or the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is

to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." More Like This Headnote

Civil Procedure > Disclosure & Discovery > Protective Orders

HN2 Protective orders are intended to offer litigants a measure of privacy, while balancing against this privacy interest the public's right to obtain information concerning judicial proceedings. More Like This Headnote

Civil Procedure > Disclosure & Discovery > Protective Orders
Civil Procedure > Disclosure & Discovery > Relevance

HN3 Fed. R. Civ. P. 26 is read broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case. More Like This Headnote

**COUNSEL:** PAUL R. ROSEN, PLAINTIFF, Pro se, SPECTOR, GADON & ROSEN, P.C., PHILA, PA USA. For PAUL R. ROSEN, PLAINTIFF: JEFFREY M. GOLDSTEIN, SPECTOR, GADON AND ROSEN, P.C., PHILA, PA USA.

For GILBERT S. TABBY, LORNA S. TABBY, h/w, DEFENDANTS: PATRICK W. KITTREDGE, GARY M. MAREK, KITTREDGE, DONLEY, ELSON, FULLEM & EMBICK, PHILA, PA USA. For LEWIS KATES, ESQUIRE, LEWIS KATES LAW OFFICES, KATES & MAZZOCONE, KATES, LIVESEY & MAZZOCONE, P.C., DEFENDANTS: H. ROBERT FIEBACH, COZEN AND O'CONNOR, PHILADELPHIA, PA USA. MARC S. ZAMSKY, COZEN AND O'CONNOR, PHILA, PA USA.

For LEONARD N. ROSS, RESPONDENT, Pro se, PHILADELPHIA, PA USA.

**JUDGES:** CLIFFORD SCOTT GREEN, S.J.

**OPINIONBY:** CLIFFORD SCOTT GREEN

**OPINION: MEMORANDUM ORDER**

Presently before the Court is Defendants', Lewis Kates, Lewis Kates Law Offices, Kates & Mazzocone, and Kates, Livesey & Mazzocone, P.C., Motion for Protective Order, or, in the alterative, a Confidentiality Order. During the deposition of co-Defendant Gilbert Tabby, [*2] Plaintiff informed Defendants of his intention to seek information relating to Defendants' financial status to buttress his claim for punitive damages. Defendants oppose Plaintiff's potential inquiry and have filed this motion pursuant to Fed. R. Civ. P. 26(c). Upon consideration of the motions and responses thereto, Defendants' motion is granted in part and denied in part.

HN1 Federal Rules of Civil Procedure Rule 26(c)(4) and (c)(6) states, in pertinent part,

> (c) **Protective Orders.** Upon motion by a party or the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, . . . .

Case 1:02-cv-00648-WDQ   Document 34-13   Filed 09/12/2003   Page 3 of 4

Get a Document - by Citation - 1996 U.S. Dist. LEXIS 16242                                      Page 3 of 4

HN2⚡Protective orders are "intended to offer litigants a measure of privacy, while balancing against this privacy [*3] interest the public's right to obtain information concerning judicial proceedings." Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994). HN3⚡Rule 26 has to be read "'broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" Myrin v. Federal Ins. Co., 1996 U.S. Dist. LEXIS 8560, *6, Civ. No. 95-7903, 1996 WL 355347 at *2 (E.D. Pa. June 19, 1996) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 57 L. Ed. 2d 253, 98 S. Ct. 2380 (1978)).

Defendants have not asserted a privilege in support of their Rule 26(c) motion that would permit the granting of the protective order on the ground of privilege. Fort Washington Resources, Inc. v. Pendeleton, 153 F.R.D. 78, 79 (E.D. Pa. 1994). The test for whether the information is relevant is whether it is likely to produce or lead to evidence admissible on the issue of punitive damages. The financial worth of Defendants will be relevant only if the evidence at trial establishes a basis for punitive damages. Accordingly, it is not necessary for Defendants to produce the financial information at this time, particularly while there are other motions [*4] still pending which may bear on the matter. n1 Accordingly, the motion for protective order is granted only to the extent that Defendants are authorized to produce the financial information to their counsel for counsel's retention until further order of the court. I will dismiss without prejudiced Defendants' alternative Motion for a Confidentiality Order. n2

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n1. There is presently pending a motion for summary judgment by Defendants, not yet responded to by Plaintiff, which may shed further light on the punitive damages issues of this case.
n2. The Court notes Defendants have offered to enter into a confidentiality agreement concerning the financial information. Counsel for the parties should pursue such an agreement should the Court hereafter order the release of the financial information.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

AND NOW, this 29th day of October, 1996, IT IS HEREBY ORDERED that:

1) Defendants' Motion for Protective Order, or, in the alternative, Confidentiality Order, is GRANTED IN PART and DENIED IN PART.

2) Defendants' [*5] compliance with Plaintiff's demand for financial information is stayed.

3) Defendants are directed to turn over the documents subpoenaed relating to their net worth and net income to their counsel. These documents are to be retained by counsel pending further order of the court.

BY THE COURT:

CLIFFORD SCOTT GREEN, S.J.

Service: **Get by LEXSEE®**
Citation: **1996 us dist lexis 16242**
View: Full
Date/Time: Thursday, September 11, 2003 - 12:35 PM EDT

Get a Document - by Citation - 1996 U.S. Dist. LEXIS 16242    Page 4 of 4

Case 1:02-cv-00648-WDQ    Document 34-13    Filed 09/12/2003    Page 4 of 4

* Signal Legend:
- ● - Warning: Negative treatment is indicated
- ⚠ - Caution: Possible negative treatment
- ◆ - Positive treatment is indicated
- ◎ - Citing Refs. With Analysis Available
- ◉ - Citation information available

* Click on any *Shepard's* signal to *Shepardize®* that case.

About LexisNexis | Terms and Conditions

Copyright © 2003 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.