Service: **Get by LEXSEE®**
Citation: **1995 us dist lexis 17564**

*1995 U.S. Dist. LEXIS 17564, ** *

LAUREL CUTLER, Plaintiff, v. VARSITY CONTRACTORS, INC., an Idaho corporation doing business in the State of Oregon, Defendant.

Civil No. 95-896-FR

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF OREGON

1995 U.S. Dist. LEXIS 17564

November 16, 1995, Decided
November 17, 1995, FILED

**DISPOSITION:** [*1] Plaintiff's motion to compel (#10) DENIED with leave to renew at the appropriate time; (2) defendant's motion to compel (#14) deemed MOOT; (3) defendant's cross-motion for a protective order (#17-2) GRANTED; and (4) plaintiff's motion to dismiss the defendants' response to the plaintiff's motion to compel (#19) deemed MOOT.

## CASE SUMMARY

**PROCEDURAL POSTURE:** Plaintiff employee brought an action for sexual harassment and discrimination in employment against defendant employer. The employer filed an answer denying the claims. Both parties filed motions to compel, the employer filed a cross-motion for a protective order, and the employee filed a motion to dismiss the employer's response to her motion to compel.

**OVERVIEW:** The employee filed a motion to compel the employer to produce its financial statements for the years 1994 and 1995. The court denied the motion with leave to renew at an appropriate time because the financial information was only relevant to a claim for punitive damages and the employee had not made a prima facie showing that punitive damages were appropriate. On the employer's motion to compel the employee to produce all documents regarding or relating to the employer, reflecting any facts underlying the employee's complaints against the employer, or regarding or relating to a certain individual, the court accepted the representation of the employee's attorney that any responsive documents promptly would be made available to counsel. The court deemed the employer's motion moot. The employer filed a motion for an order protecting from discovery certain documents until the employee produced prima facie evidence of a punitive damages case. The court granted the cross-motion for a protective order. The court deemed the employee's motion to dismiss the employer's response to her motion to compel moot because the employer's response was timely.

**OUTCOME:** The court denied the employee's motion to compel with leave to renew at the appropriate time. The court deemed the employer's motion to compel moot. It granted the employer's cross-motion for a protective order. It deemed the employee's motion to dismiss the employer's response to the employee's motion to compel moot.

**CORE TERMS:** motion to compel, punitive damages, protective order, moot, cross-motion, leave to renew, mail, Federal Rules of Civil Procedure, Local Rule, prima facie, discovery

**LexisNexis (TM) HEADNOTES - Core Concepts -** ♦ Hide Concepts

Case 1:02-cv-00648-WDQ   Document 34-14   Filed 09/12/2003   Page 2 of 5

Get a Document - by Citation - 1995 U.S. Dist. LEXIS 17564                                    Page 2 of 5

Civil Procedure > Discovery Methods > Requests for Production & Inspection
Torts > Damages > Punitive Damages
*HN1* Financial records of privately held companies need not be produced prior to the time that a plaintiff has made a prima facie showing that punitive damages are appropriate under the facts of the case. More Like This Headnote

Evidence > Procedural Considerations > Preliminary Questions
Torts > Damages > Punitive Damages
*HN2* Or. Rev. Stat. § 41.315(2) provides: In a civil action in which a party seeks punitive damages from another party, evidence of the financial condition of a party shall not be admissible until the party seeking such damages has presented evidence sufficient to justify to the court a prima facie claim of punitive damages. More Like This Headnote

Civil Procedure > Disclosure & Discovery > Protective Orders
*HN3* Fed. R. Civ. P. 26(c)(7) allows a court at its discretion to order that commercial information not be revealed or be revealed only in a designated way. More Like This Headnote

Civil Procedure > Pleading & Practice > Pleadings > Time Limitations
Civil Procedure > Discovery Methods > Motions to Compel
*HN4* U.S. Dist. Ct., Or., R. 220-4(b) provides that responses to motions pertaining to discovery shall be served and filed within five days after service of the motion. Fed. R. Civ. P. 6(a) provides that when the period of time prescribed by the local rules of any district court is less than 10 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation. Fed. R. Civ. P. 6(e) allows three additional days for a party to respond where the party is served by mail. More Like This Headnote

**COUNSEL:** Kevin Keaney, Pozzi, Wilson & Atchison, Portland, Oregon, Attorneys for Plaintiff.

Richard S. Pope, Jeffrey P. Chicoine, Newcomb, Sabin, Schwartz & Landsverk, Portland, Oregon, Attorneys for Defendant.

**JUDGES:** HELEN J. FRYE, United States District Judge

**OPINIONBY:** HELEN J. FRYE

**OPINION:** OPINION

FRYE, Judge:

The matters before the court are 1) the motion of the plaintiff, Laurel Cutler, to compel (#10); 2) the motion of the defendant, Varsity Contractors, Inc. (Varsity) to compel (#14); 3) the cross-motion of Varsity for a protective order (#17-2); and 4) the motion of Cutler to dismiss Varsity's response to Cutler's motion to compel (#19).

**FACTS**

Laurel Cutler is a former employee of Varsity who has alleged claims for sexual harassment and discrimination in employment. Varsity has filed an answer denying these claims.

**ANALYSIS**

Case 1:02-cv-00648-WDQ   Document 34-14   Filed 09/12/2003   Page 3 of 5

Get a Document - by Citation - 1995 U.S. Dist. LEXIS 17564                                    Page 3 of 5

1. Cutler's Motion [*2] to Compel

Laurel Cutler moves the court to compel Varsity to produce its financial statements for the years 1994 and 1995 as sought in Request for Document Production No. 14. Varsity argues that the information sought is confidential and proprietary, and that Varsity should not be forced to divulge this information until Cutler has made a prima facie showing that punitive damages are available.

Cutler argues that the requested documents are discover able, particularly under her claim for sex discrimination pursuant to O.R.S. 659.415, which provides for punitive damages.

As this court has held previously, n1 HN1 financial records of privately held companies need not be produced prior to the time that a plaintiff has made a prima facie showing that punitive damages are appropriate under the facts of the case. These holdings are consistent with the laws of the State of Oregon. HN2 O.R.S. 41.315(2) provides: "In a civil action in which a party seeks punitive damages from another party, evidence of the financial condition of a party shall not be admissible until the party seeking such damages has presented evidence sufficient to justify to the court a prima facie claim of punitive damages." [*3]

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n1 See, e.g.,, Heller v. Ebb Auto Co., 1990 U.S. Dist. LEXIS 8849, 5 BNA IER CAS 1175 (D. Or. 1990); Giraudo v. Henkels & McCoy, Inc., 1993 U.S. Dist. LEXIS 14644 (D. Or. 1993).

- - - - - - - - - - - End Footnotes - - - - - - - - - - - - - -

The financial information Cutler seeks is only relevant to a claim for punitive damages. The motion to compel by Cutler is denied with leave to renew at the appropriate time.

2. Varsity's Motion to Compel

Varsity moves the court to compel Cutler to produce 1) all documents regarding or relating to Varsity; 2) all documents reflecting any facts underlying Cutler's complaints against Varsity; and 3) all documents regarding or relating to George Douglas.

Cutler objected to the above requests in her response to Defendant's First Request for Production, received by Varsity on August 25, 1995. However, in a letter to the court dated October 6, 1995, Cutler's counsel, Kevin Keaney, states:

> In response to defendant's Motion to Compel Production served on September 28, 1995, as I have discussed with counsel, Mr. [*4] Pope, I do not have any additional documents (see Mr. Pope's letter dated August 29, 1995, and my letter dated September 7, 1995 . . . ). I am meeting with my client on Monday, October 9, 1995, and I will discuss with her again whether any documents exist, including documents concerning George Douglass. If any such documents exist, I will provide them.
>
> This will not apply, of course, to documents for which a claim of privilege may be asserted. However, I will identify those documents according to federal rules of civil procedure.

Case 1:02-cv-00648-WDQ   Document 34-14   Filed 09/12/2003   Page 4 of 5

Get a Document - by Citation - 1995 U.S. Dist. LEXIS 17564                Page 4 of 5

The court accepts the representation of attorney Kevin Keaney that any documents responsive to Defendant's Requests for Production as stated above which are in the control or custody of Laurel Cutler will be promptly made available to counsel. The motion of Varsity to compel is deemed moot.

3. Varsity's Cross-Motion for a Protective Order

Varsity moves the court for "an order protecting from discovery documents listed in Plaintiff's Request for Document Production No. 14 unless and until the plaintiff produce [sic] prima facie evidence of a punitive damages case." Cross-Motion for Protective Order, p. 5.

HN3 Rule 26(c)(7) of the Federal Rules [*5] of Civil Procedure allows a court at its discretion to order that commercial information not be revealed or to be revealed only in a designated way.

Varsity's cross-motion for a protective order is granted.

4. Cutler's Motion to Dismiss Varsity's Response to Cutler's Motion to Compel

Cutler moves the court to dismiss Varsity's response to her motion to compel on the following grounds: Varsity was served by mail with Plaintiff's Motion to Compel on September 18, 1995. Under Local Rule 220-4(b), Varsity's response was due on September 26, 1995, but Varsity did not serve its response on Cutler until September 28, 1995. Varsity contends that service of its response was timely pursuant to Local Rule 220-4(b) and Rules 6(a) and (e) of the Federal Rules of Civil Procedure.

HN4 Local Rule 220-4(b) provides that "responses to motions pertaining to discovery shall be served and filed within five (5) days after service of the motion." Fed. R. Civ. P. 6(a) provides that when the period of time prescribed by the local rules of any district court is less than eleven days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation. Federal Rule of Civil Procedure [*6] 6(e) allows three additional days for a party to respond where the party is served by mail.

Cutler served her Motion to Compel Production on Varsity by mail on September 18, 1995. Excluding Saturday and Sunday, September 23 and 24, the response from Varsity was due on Monday, September 25, 1995. Allowing three additional days pursuant to Fed. R. Civ. P. 6(e), Varsity was required to serve its response on or before September 28, 1995. Varsity served its response on September 28, 1995. The motion of Cutler to dismiss Varsity's response to her motion to compel is deemed moot.

**CONCLUSION**

The motion of Cutler to compel (#10) is denied with leave to renew at the appropriate time. The motion of Varsity to compel (#14) is deemed moot. The cross-motion of Varsity for a protective order (#17-2) is granted. The motion of Cutler to dismiss Varsity's response to Cutler's motion to compel (#19) is deemed moot.

DATED this 16 day of November, 1995.

HELEN J. FRYE

United States District Judge

ORDER

Case 1:02-cv-00648-WDQ  Document 34-14  Filed 09/12/2003  Page 5 of 5

Get a Document - by Citation - 1995 U.S. Dist. LEXIS 17564                           Page 5 of 5

FRYE, Judge:

IT IS HEREBY ORDERED that (1) the plaintiff's motion to compel (#10) is DENIED with leave to renew at the appropriate time; (2) the defendant's motion to compel (#14) is deemed **[*7]** MOOT; (3) the defendant's cross-motion for a protective order (#17-2) is GRANTED; and (4) the plaintiff's motion to dismiss the defendants' response to the plaintiff's motion to compel (#19) is deemed MOOT.

DATED this 16 day of November, 1995.

HELEN J. FRYE

United States District Judge

Service: **Get by LEXSEE®**
Citation: **1995 us dist lexis 17564**
View: Full
Date/Time: Thursday, September 11, 2003 - 12:36 PM EDT

About LexisNexis | Terms and Conditions

Copyright © 2003 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.