IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | : |
| Plaintiff, | : |
| and | : |
| KATHY KOCH | :   CASE NO.: WDQ 02-CV-648 |
| Intervenor/Plaintiff, | :   JURY DEMANDED |
| v. | : |
| LA WEIGHT LOSS | : |
| Defendant. | : |

## DECLARATION OF KAREN SIEGEL

1. I, Karen Siegel, am over the age of 18 and am competent to testify to all matters stated herein. The information contained in this Declaration is true and accurate and is based on my personal knowledge.

2. I am the Senior Vice President of Human Resources for LA Weight Loss.

3. The weight loss industry is a highly competitive business with a vast number of diet programs and nutritional products all competing to assist the public in losing weight.

4. LA Weight Loss is a leader in this highly competitive industry through its development and marketing of its exceptionally successful weight loss program.

DSB:932391.1/LAW024-158357

5. LA Weight Loss's program consists of a specialized diet regime, weight loss and weight maintenance counseling and the sale of various dietary and nutritional products.

6. LA Weight Loss's diet regime, counseling techniques and marketing and sales strategies of its services and products are unique to LA Weight Loss and serve to distinguish LA Weight Loss from its competitors.

7. In order to qualify new employees to provide LA Weight Loss's weight loss system and methods, LA Weight Loss requires newly hired employees to participate in detailed training regarding the Company's program, diet, sales techniques and strategies and product pricing.

8. This training contains detailed information on LA Weight Loss's weight loss program and its implementation and maintenance. The information further contains detailed strategies and techniques for selling the Company's services and products including specific responses and techniques to consummate sales. This information has been developed from the Company's knowledge and experience and is not readily obtainable from any other source.

9. LA Weight Loss's training information is not shared or conveyed to the general public or others in the weight loss industry and is only provided to employees after execution of a confidentiality agreement specifying that: "[the] employee agrees that (s)he will not disclose or communicate any information of any nature or description concerning the names of any of [LA Weight Loss's] clients, the charges it makes or has made, or any other information of or concerning the business of [LA Weight Loss], its plans, procedures, or other data . . ." (Exhibit 1 hereto, ¶ 4).

10. Upon termination of employment, LA Weight Loss requires all employees to return all documents, records, manuals and notebooks containing company information, so that such information remains confidential and does not become known by the general public or its competitors within the industry. (Exhibit 1, ¶ 5).

11. Personnel files are maintained at Corporate Headquarters in the Human Resources department and off-site in a storage warehouse, both of which are secured and locked.

12. Personnel files of corporate employees such as senior level field management and those employees who work out of the corporate office are maintained in a separate locked file. Only myself and the Payroll Manager have access to these files.

13. With respect to all other personnel files, only employees of the Human Resources department, the Company's owners and the subject of the respective file have access to the information contained in the personnel file.

14. When a Human Resources employee needs access to a personnel file stored at LA Weight Loss's warehouse a request is made to the warehouse's records retention clerk who provides the file to Human Resources.

15. Subject to the requirements of applicable state laws, employees are generally granted access to review the contents of their personnel files upon written request and scheduling of an appointment to review their file in confidence under the supervision of an employee from the Human Resources department.

- 4 -

## DECLARATION

I, Karen Siegel, hereby certify that this Declaration made by me is true and correct to the best of my knowledge, information and belief. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: September 11, 2003

*Karen Siegel*
Karen Siegel
SR VP / HR.

# EXHIBIT 1 TO SIEGEL DECLARATION



## EMPLOYEE AGREEMENT

AGREEMENT between the above Employer and the undersigned Employee:

1) All new and re-hired Employees shall serve an initial probationary period of ninety (90) days, starting with their first day of employment or re-employment. Employees shall also serve a probationary period of ninety (90) days whenever they are promoted, demoted, or transferred to a new position or to another center location.

2) Employee agrees that (s)he will at all time faithfully and to the best of her/his ability perform all of the duties that may be required of her/him. Such duties shall be rendered at such places as Employer or as the interest, needs, business and opportunities of Employer shall require or make advisable.

3) Employee agrees that during the term hereof, (s)he will not be involved, directly or indirectly, in any other weight reduction business similar to Employer's business.

4) Employee agrees that (s)he will not at any time disclose or communicate any information of any nature or description concerning the names of any of its clients, the charges it makes or has made, or any other information of or concerning the business of Employer, its plans, procedures, or other data of any nature or description without regard to whether any or all of such matters would be deemed confidential, material, or important.

5) Upon termination of employment, all documents, records, manuals, notebooks containing any of the information referred to in #4, including copies thereof, whether prepared by Employee or Employer, will be left and/or returned to Employer.

6) Upon termination of employment, by discharge or otherwise, Employee shall not directly or indirectly, within 50 miles of any Employer location, enter into or engage in the weight reduction business or any branch thereof, whether or not said business utilizes precisely the same format or otherwise, joint venture, or as an employee or agent, for any person, or as an officer, director or shareholder of a corporation or otherwise, for a period of three(3) years after the date of termination of employment hereunder. This covenant on the part of the Employee shall be construed as an agreement independent of any other provision in this agreement; and the parties acknowledge that this covenant is strictly bargained for and is an essential element of the employment relationship.

(continued on opposite side)

7) Any disregard of company policy may result in disciplinary action or termination.

8) I understand that if a client is refunded any money that I received commission on, commission will be deducted from my paycheck based on amount refunded.

9) I understand and agree that if I do not satisfactorily complete my 30 day training period, I will be paid minimum wage. I also understand that upon termination, it is my responsibility to return to the center I worked to pick up my last paycheck. I may request in writing that my last paycheck be mailed to my home.

_____   _____
Employee Signature                           Date

_____   _____
Witness Signature                            Date