UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION ) ) ) ) Plaintiff, ) ) v. ) ) LA WEIGHT LOSS ) ) ) Defendant. ) ) | CIVIL ACTION NO. S-02-CV-648 |

### PLAINTIFF EEOC'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

Plaintiff United States Equal Employment Opportunity Commission (the "EEOC") by its attorneys, hereby request that the defendant LA Weight Loss produce the documents requested below for inspection and copying at the offices of the EEOC, 10 S. Howard Street, 3rd Floor, Baltimore, Maryland 21201, within 30 days after service of these requests.

### Definitions and Instructions

A. "Document" or "Documents" means and includes all written or graphic material, or other tangible media of reproduction or communication, of every kind and description, however produced or reproduced, including, but not limited to: e-mail, correspondence, statements, memoranda, films, pictures, recordings of any type, transcripts, photographs, slides, drawings, sketches, forms, applications, personnel records, letters, reports, medical reports, financial statements, telegrams, abstracts, news releases, periodicals, bulletins, circulars, diaries, desk calendars, rules, regulations, codes, contracts, agreements, handbooks, pamphlets, notebooks,

booklets, computerized or machine-readable documents from which any of the foregoing documents are or may be produced, documents which contain, include, and/or explain any and all codes appearing on said computerized or machine-readable documents, or material similar to any of the above, however denominated, by whomever prepared, to whomever addressed, which are in the possession, custody, or control of the person or entity to which these document requests or other discovery requests are directed or to which such person or entity has, has had, or can obtain access.

B. The word "Defendant" means LA Weight Loss, its subsidiaries or parent companies, predecessors, and any current or former officers, directors, employees, agents, attorneys or other persons acting or purporting to act on Defendant's behalf.

C. The word "plaintiff" refers to the EEOC.

D. The words "refer" and "relate" are defined to include the common meaning of those terms, and shall include indirect as well as direct references to, descriptions of or commentary on the subject matter of the request.

E. The words "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all documents that otherwise might be construed to be outside of its scope.

F. The word "communication" means all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, and all other forms of intercourse.

G. Unless otherwise indicated, the documents to be produced shall include all documents prepared during, relating to, or applicable to or in effect during the period from

January 1, 1989 through the present.

H. If any document is withheld on grounds of privilege, attorney work product or for any other reason, please state: (a) the date of the document; (b) the type of document; (c) the author and recipient of the document; (d) the location of the document; (e) the general subject matter of the document; and (f) the basis of the claim of privilege or work product.

I. If any document requested herein was previously in the possession of Defendant, but such document has been destroyed, lost or is otherwise no longer in the possession or control of Defendant: (a) identify such document; and (b) describe the date of and circumstances surrounding the document's loss, destruction or other separation from Defendant's possession. or other separation from Defendant's possession.

J. All requests, unless otherwise indicated, apply to all of Defendant's locations and operations nationwide, including, but limited to corporate offices, individual stores, franchises, affiliates, and regional or district offices.

### Documents Requested

1. The entire Human Resource Database for Defendant for all years (January 1, 1989 to present) and for all employees, in both computer-readable and hardcopy format.

2. Any other centralized personnel and/or payroll information maintained on Defendant's mainframe computer(s) and/or obtained from a contractor (or former contractor) payroll service(s) in a computer-readable and/or hardcopy format from January 1, 1989 to the present.

3. Job descriptions for all positions with Defendant from January 1, 1989 to the

present.

4.    All documents containing any information relating to Defendant's hiring and recruitment policies, practices and procedures (whether formal or informal) for any and all of Defendant's job categories or titles from January 1, 1989 to the present, including, but not limited to, documents containing information relating to the following:

> A.    The criteria and standards which Defendant has used to evaluate applicants for employment with Defendant;
>
> B.    The circumstances under which Defendant has given employment applications to members of the public;
>
> C.    The policies and practice regarding how Defendant's employees respond to inquiries regarding employment and open positions.
>
> D.    The policies and practices of Defendant regarding the use of advertising to recruit for positions with Defendant;
>
> E.    The circumstances under which Defendant has sought the assistance of organizations (including employment agencies and temporary agencies) to recruit applicants for the purposes of filling job vacancies and/or filling temporary hiring needs;
>
> F.    Defendant's use of its employees to recruit applicants for employment at LA Weight Loss by word-of-mouth or other means for purpose of filling job vacancies;
>
> G.    The length of time Defendant retains employment applications;
>
> H.    The length of time Defendant keeps a job applicant's employment application under active consideration; and
>
> I.    The process by which Defendant decides which applicants to hire for

positions with Defendant.

5. All applications, resumes, letters or other documents submitted by persons expressing interest in employment received by Defendant since January 1, 1989 (including both hired and unhired applicants).

6. All documents relating to the application/hiring process for all of Defendant's employees who were hired on or after January 1, 1989.

7. All documents relating to Defendant's recruiting efforts since January 1, 1989, including all notices of job openings, newspaper ads, internet job postings, and/or other job advertisements.

8. For each male who Defendant employed at any time since January 1, 1989, all personnel records and other documents relating to each such person's employment, including, but not limited to: (i) all documents contained in each such person's personnel files, supervisor files or working papers (ii) all applications for employment; (iii) all performance appraisals, memos notes, letters or other documents discussing each such person's employment; (iv) all documents relating to hiring, assignment, transfer and/or promotion of each such person; (v) all documents relating to disciplinary actions considered or taken against each such person; (vi) all documents relating to any complaint or grievance made by each such person, whether orally or in writing; and (vii) all documents relating to the calculation of each such person's salaries, sick leave, vacation, salaries, benefits, attendance, or any other terms conditions or circumstances of employment.

9. All e-mails drafted or received by any employee of Defendant since 1989 which refer or relate to any of the following subjects:

    a.    Any complaint (formal or informal) of sex discrimination or retaliation;

    b.    Hiring;

    c.    Hiring of men;

    d.    Job descriptions;

    e.    Recruitment;

    f.    Kathy Koch;

    g.    Record retention;

    h.    Discharge of employees.

10. For the period from January 1, 1989 to the present, all affirmative action plans, and all documents relating to any affirmative action plans (including without limitation all drafts of such plans and all documents relating to defendant's efforts to comply with such affirmative action plans).

11. Produce any and all documents identified, copied, used, referred to, or relied upon in answering any of Plaintiff's Interrogatories, including a statement identifying the Interrogatory to which each document relates.

12. Produce any and all documents which support, discuss, describe, explain, or contain facts relevant to any denial set forth in Defendant's answer to Plaintiff's complaint, and produce any and all documents which support, refer, relate, or contain facts relevant to any affirmative defenses to Plaintiff's complaint.

13. All documents which describe affirmative action and/or non discrimination policies observed or practiced by Defendant at any time since January 1, 1989.

14. All personnel manuals, employee handbooks, rules, regulations or other

documents referring to formal or informal policies which have been applied to employees and/or applicants for employment at Defendant at any time since January 1, 1989.

15. All documents reflecting or relating to each Employer Information Report EEO-1, submitted by defendant pursuant to 42 U.S.C. §2000e-8(c) and 29 C.F.R. §§ 1602.7 – 1602.14, between January 1, 1989 and the present, and all documents reviewed, consulted or otherwise used in preparing any such EEO-1 Report.

16. All organizational charts for Defendant from 1989 through the present indicating where each employee of Defendant is employed and the organizational structure and hierarchy of Defendant.

17. All training materials used by Defendant at any time since January 1, 1989 which pertain in any manner to compliance with laws prohibiting gender discrimination and/or wrongful retaliation.

18. All training materials used by Defendant at any time since January 1, 1989 which pertain in any manner to hiring and/or promotion, including all training materials relating to recruiting strategies, interviewing methods or applicant testing.

19. For the period from January 1, 1989 to the present, all minutes from meetings of Defendant's Boards of Directors that pertain to any personnel matters, including, without limitation, hiring, recruiting, promotion, retention, training, compensation, affirmative action, government contract compliance, and EEO matters.

20. For the period from January 1, 1989 to the present, all documents reflecting any communications and/or contracts for services relating to any outside consultants and/or contractors who in any manner assisted Defendant in connection with their hiring and recruiting

policies, practices and procedures.

21. For the period from January 1, 1989 to the present, all documents relating to any outside consultant and/or contractor retained by Defendant to speak to managers, human resources personnel and/or other employees regarding diversity and/or equal employment opportunity. Such documents shall include, but are not limited to, contracts for service, handouts, reports, and internal memoranda regarding the training.

22. For the period from January 1, 1989 to the present, all internal and external application logs and/or spreadsheets maintained by Defendant.

23. For the period from January 1, 1989 to the present, all documents that set forth or relate to any policy, practice or procedure by Defendant concerning the retention or destruction of documents.

24. All documents of any kind that reflect or relate to any judicial, administrative or other complaint (formal or informal) against Defendant alleging sex discrimination or retaliation for any reason, made by any present or former employee of Defendant since January 1, 1989 to the present.

25. Defendant's annual financial statements for each year from January 1, 1989 to the present.

26. All orientation manuals or employee handbooks used by Defendant from January 1, 1989 to the present.

27. For the period from January 1, 1989 to the present, all supervisor or management manuals, corporate policy books, guidebooks, training materials, hand-outs and/or any other materials distributed to Defendant's supervisors and/or managers that comprise, set forth, outline,

describe or otherwise discuss to Defendant's policies, practices and/or procedures concerning employee supervision, employee management, and/or personnel or management matters generally in effect at any time during this period.

This includes, but is not limited to, all materials disseminated to supervisors and/or managers relating to hiring, compensation, interviewing job candidates, evaluations, the ranking of employees, terminations, attendance, discipline, dealing with inappropriate workplace behavior, promotions, job transfers, mentoring, succession planning, apprenticeship programs, internship programs, recruiting, career planning, and training.

28.  For the period from January 1, 1989 to the present, all of Defendant's employment or personnel manuals or any documents disseminated to employees which otherwise comprise, set forth, outline, describe or otherwise discuss Defendant's employment policies, practices and/or procedures in effect at any time during this period.

This includes, but is not limited to, all materials disseminated to employees that comprise, set forth, outline, describe or otherwise discuss Defendant's policies, practices and/or procedures with respect to hiring, compensation, interviewing job candidates, evaluations, the ranking of employees, terminations, attendance, discipline, dealing with inappropriate workplace behavior,, promotions, job transfers, mentoring, succession planning, apprenticeship programs, internship programs, recruiting, career planning, and training.

29.  Produce the personnel file, and other files wherever located containing records or information relating to Kathy Koch, Lynn Portlock, Pat Burroughs, Elaine Stankunas, Kristie O'Brien, Karen Siegel, and Brenda Gibbs.

30.  Produce all date books, calenders, day planners, work schedule, or any other type

of schedule for Kathy Koch, Lynn Portlock, Pat Burroughs, Elaine Stankunas, Kristie O'Brien, Karen Siegel, and Brenda Gibbs.

31. Produce all documents pertaining to a November 1998 training session in Pennsylvania attended by Kathy Koch, including attendance sheets, list of attendees, notes, training materials used.

32. Produce all documents which mention or refer to Kathy Koch's complaint of discriminatory policies at LA Weight Loss.

33. Produce all documents that mention or refer to Kathy Koch's job performance, behavior, or conduct in the workplace.

34. Produce all personnel files for all Trainers who worked for Defendant at any time during the period from January 1, 1997 - January 1, 1999.

35. For the period from January 1, 1997 - January 1, 1999, produce all evaluations, questionnaires, and/or any other document(s) commenting on or pertaining to training or individual trainers.

35. For the period from January 1, 1997 - January 1, 1999, produce all tests and test scores from counselor training.

36. Produce all personnel files for the individuals listed in response to Interrogatory number 9.

37. Produce all statements relating in anyway to the allegations in this case.

38. Produce all documents relevant to the claims and defenses raised in this case.

Dated: May __, 2002

Respectfully submitted,

GWENDOLYN YOUNG REAMS
Associate General Counsel

_____
GERALD S. KIEL
Regional Attorney
TRACY HUDSON SPICER
Supervisory Trial Attorney
PAMELA E. HOSTETLER
Trial Attorney
RICHARD J. MRIZEK
Trial Attorney
KENNETH M. GOLSKI
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Baltimore District Office
10 South Howard Street
Baltimore, Maryland 21201
(410)962-4260

## CERTIFICATE OF SERVICE

I hereby certify that true copies of Plaintiff EEOC's First Request for Production of Documents was placed in the U.S. Mail, first class and postage pre-paid, this ___ day of May 2002, addressed to the following counsel of record:

>Elizabeth Torphy-Donzella, Esq.
>Shawe & Rosenthal
>20 S. Charles Street
>Baltimore, MD 21201
>
>David E. Landau
>Wolf, Block, Schorr, and Solis-Cohen LLP
>1650 Arch Street, 22nd Floor
>Philadelphia, PA 19103

_____
Richard J. Mrizek, Esq.