## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## NORTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | : | |
| | : | |
| Plaintiff, | : | |
| and | : | |
| | : | **CASE NO.: WDQ 02-CV-648** |
| KATHY KOCH | : | |
| Intervenor/Plaintiff, | : | **JURY DEMANDED** |
| | : | |
| v. | : | |
| | : | |
| LA WEIGHT LOSS | : | |
| Defendant. | : | |

## DECLARATION OF DAVID GOLLIN, ESQUIRE

1.      I, David L. Gollin, am over the age of 18 and am competent to testify to all matters stated herein.  The information contained in this Declaration is true and accurate and is based on my personal knowledge.

2.      I am an attorney with the law firm of Wolf, Block, Schorr & Solis-Cohen LLP, attorneys for Defendant LA Weight Loss in this matter.

3.      I have been actively involved in all facets of this case from its inception.

4.      To facilitate and expedite the production of documents in this matter, I entered into an oral agreement with the EEOC on behalf of LA Weight Loss whereby LA Weight Loss would produce documents for inspection prior to the final negotiation of a formal protective

order, but that LA Weight Loss would withhold actual production of certain documents until a stipulated protective order had been entered.

5.    The purpose of this agreement was to permit the EEOC to begin to inspect over a hundred thousand documents that were to be produced without any further delay.

6.    The EEOC entered into an oral agreement with me on or about September 18, 2002, to the effect set forth above.

7.    Thereafter, LA Weight Loss produced documents for inspection to the EEOC and Koch.

8.    During this inspection, the attorneys for the EEOC marked for copying numerous trade secret, confidential and proprietary documents of the Company.

9.    LA Weight Loss withheld full production of photocopying some of these confidential documents (i.e. employee salary information) until the protective order had been agreed to.

10.    Certain confidential documents (i.e. employee personnel files), were provided to the EEOC prior to negotiation of the final protective order in reliance on the EEOC's oral agreement.

11.    Shortly after receiving the initial draft confidentiality agreement in June 2003, counsel for Intervenor-Plaintiff Koch, Kelly Hoelzer, Esquire, contacted counsel for LA Weight Loss and stated that she would agree to the terms of the proposed agreement, but that she could not agree to its terms until the EEOC approved the draft.

## DECLARATION

I, David L. Gollin, Esquire, hereby certify that this Declaration made by me is true and correct to the best of my knowledge, information and belief.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.


Dated:  September 11, 2003

David L. Gollin