Service: **Get by LEXSEE®**
Citation: **1979 tex app lexis 3562**

*1979 Tex. App. LEXIS 3562, **

Pamela Bush, Appellant vs. Trim and Swim Health Spa, Inc., et al, Appellees

No. 16248

COURT OF APPEALS OF TEXAS, FOURTH DISTRICT, SAN ANTONIO

1979 Tex. App. LEXIS 3562

May 9, 1979

**PRIOR HISTORY:** [*1]

Appeal from Bexar County

## CASE SUMMARY

**PROCEDURAL POSTURE:** Appellant former employee sought review from a judgment from Bexar County (Texas), which granted appellee former employer a temporary injunction. Appellee argued that appellant had violated a covenant not to compete contained in her employment contract.

**OVERVIEW:** Appellee former employer argued that appellant former employee had violated a covenant not to compete contained in her employment contract when she began working at another health club. The trial court granted appellee's request for a temporary injunction. On appeal, the court noted that its review was confined to a determination whether the trial court abused its discretion. The court affirmed because it found no abuse of discretion by the trial court where it could have concluded that a portion of appellee's business methods and techniques constituted a trade secret which should be protected. These business methods and techniques consisted of promotional schemes, training manuals, sales and motivation techniques, and exercises invented by appellee's personnel. The trial court could have found that appellee's customer list was highly confidential and thus a trade secret. Most importantly, the trial court might have concluded that personal customer contact was an important element in appellee's business and that appellant's personal contact with the appellee's customers might cause a loss of members which in turn could cause the loss of new members.

**OUTCOME:** The court affirmed the judgment that granted appellee former employer a temporary injunction against appellant former employee. The court found that the trial court could have found that appellee's business methods and techniques could be trade secrets that needed protection and that personal contact by appellant with appellee's customers could be harmful to business.

**CORE TERMS:** temporary injunction, customer, club, health spa, personal contact, physical fitness, abused, employment contract, business methods, trade secret, status quo, membership, covenant, training, manuals

### LexisNexis (TM) HEADNOTES - Core Concepts - ◆ Hide Concepts

Civil Procedure > Appeals > Standards of Review > Abuse of Discretion 🔍
**HN1** ⬆ Appellate review of an order granting or denying a temporary injunction is strictly

limited to determination of whether there has been a clear abuse of discretion by the trial court in granting or denying the interlocutory order. More Like This Headnote

**COUNSEL:** For Appellant: Paul Andrew Mireles - San Antonio, TX For Appellees: Reese L. Harrison, Jr. - San Antonio, TX

**OPINIONBY:** MURRAY

**OPINION:** Robert R. Murray, Associate Justice

This is an appeal from an order granting a temporary injunction. Trim and Swim Health Spa, Inc., and others, appellees, sued Pamela Bush, appellant, for a temporary restraining order, a temporary injunction, a permanent injunction, and for damages. Appellees alleged that appellant had violated a covenant not to complete contained in her employment contract with Trim and Swim. At the hearing on the temporary injunction, appellees sought to enjoin Pamela Bush from working at International Spa and Fitness Center, another health club. After hearing the evidence, the trial court granted the temporary injunction from which appellant timely perfected her appeal to this court.

The testimony showed that appellant was employed by Trim and Swim from May 1976 to September 1978 and had signed an employment contract, which contained a covenant not to compete with Trim and Swim in the event of termination of her employment. Her initial position with Trim and Swim was that of an exercise instructress; [*2] she was later advanced to the position of assistant club manager. Upon leaving the employ of appellees, appellant obtained employment with International Spa and Fitness Center in Bexar County where she was employed as an instructress until the temporary injunction was issued. Trim and Swim is a health spa or physical fitness club with three facilities located in Bexar County and one in Travis County. International Spa and Fitness Center is also a health spa or physical fitness club. Both spas sell memberships in the club to customers as their source of revenue. Appellant had access to the sales techniques, training manuals, and the customer lists of Trim and Swim. She also attended management meetings where internal policies, advertising campaigns, and promotions were discussed and planned. A large portion of new membership sales for Trim and Swim is accounted for by existing customers bringing in friends and new customers, and employees are encouraged to maintain close personal contact with the customers. This personal contact is an extremely important aspect of the health spa business.

The sole question presented by this appeal is whether the trial court abused its discretion [*3] in granting the temporary injunction. Brooks v. Expo Chemical Company, Inc., 576 S.W.2d 369 (Tex. 1979); Davis v. Huey, 571 S.W.2d 859 (Tex. 1978); Navarro Auto-Park, Inc. v. City of San Antonio, 574 S.W.2d 582 (Tex.Civ.App.--San Antonio 1978, writ ref'd n.r.e. per curiam), 22 Tex.Sup.Ct.J. 262 (March 17, 1979). In Davis the Supreme Court stated, HN1 "Appellate review of an order granting or denying a temporary injunction is strictly limited to determination of whether there has been a clear abuse of discretion by the trial court in granting or denying the interlocutory order." 571 S.W.2d at 861-862.

Our review will be confined to a determination whether the trial court abused its discretion. A review of the underlying case would not be appropriate.

From the record in this case, it is apparent that the trial court might have concluded that a portion of Trim and Swim's business methods and techniques constituted a trade secret which should be protected. These business methods and techniques consist of promotional schemes, employee training manuals, customer program analysis, sales and motivation techniques, and exercises invented by Trim and Swim's personnel. The trial [*4] court could have found that Trim and Swim's customer list is highly confidential and thus a trade secret.

Finally and most importantly, the trial court might have concluded that personal customer contact is an important element in the physical fitness business and is particularly significant to Trim and Swim. The trial court could have found that appellant's personal contact with the customers of Trim and Swim might cause a loss of members which in turn could cause the loss of new members. Therefore, the trial court might have concluded that the granting of the temporary injunction to preserve the status quo was required to prevent appellees from suffering irreparable injury.

We find no abuse of discretion in the trial court's implied finding that appellees are entitled to a preservation of the status quo pending a trial on the merits. The judgment of the trial court is affirmed.
Not to be published. Rule 452.

Service: **Get by LEXSEE®**
Citation: **1979 tex app lexis 3562**
View: Full
Date/Time: Thursday, September 11, 2003 - 3:06 PM EDT

About LexisNexis | Terms and Conditions

Copyright © 2003 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.