Get a Document - by Citation - 89 Fair Empl. Prac. Cas. (BNA) 1157 Page 1 of 10

Case 1:02-cv-00648-WBQ Document 35-15 Filed 09/12/2003 Page 1 of 10

Service: **Get by LEXSEE®**
Citation: **2002 us dist lexis 14885**

*2002 U.S. Dist. LEXIS 14885, *; 89 Fair Empl. Prac. Cas. (BNA) 1157*

VUKOSAVA TOMANOVICH, Plaintiff, vs. AUTUMN GLEN, Defendant.

CAUSE NO. IP 01-1247 C Y/K

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF INDIANA, INDIANAPOLIS DIVISION

2002 U.S. Dist. LEXIS 14885; 89 Fair Empl. Prac. Cas. (BNA) 1157

August 13, 2002, Decided

**NOTICE:** [*1] NOT INTENDED FOR PUBLICATION IN PRINT

**DISPOSITION:** Tomanovich's motion to compel GRANTED in PART and DENIED in PART.

## CASE SUMMARY

**PROCEDURAL POSTURE:** Plaintiff employee sued defendant employer for discrimination because of her race and national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.S. § 2000e et seq., and because of her age in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C.S. § 621 et seq., as well as making claims of retaliation and failure to pay overtime. She filed a motion to compel discovery.

**OVERVIEW:** The employer alleged that it terminated the employee because of complaints about her performance as a personal care coordinator at the employer's assisted care facility. The employee sought information about other employees who were discharged after January 1, 1995. The employer produced only one year's worth of information. The court held that such a limitation was improper as the information requested was relevant, but would be limited to a five year period. The court also held that (1) termination decisions by other supervisors was relevant where the employee showed a particularized need for the information; (2) the employer had to provide addresses and phone numbers for the employees listed in response to the interrogatories; (3) the employee's request for information relating to other charges of discrimination after 1991 was overbroad and would be limited to a five year period; (3) identification information relating to other persons who had the same title as the employee was relevant but would be limited to the same time period; and (4) the personnel files for persons employed in the same position were relevant, but social securities numbers would be redacted.

**OUTCOME:** The employee's motion to compel was granted as to information, including identification information, relating to other fired employees, even if fired by other supervisors, for personnel files of other employees holding similar positions, and for other charges of discrimination for a five year period; but the motion was denied for information beyond the five year period and the social security numbers in personnel files.

**CORE TERMS:** interrogatory, discovery, protective order, supervisor, responsive, motion to compel, termination, personnel, discovery of admissible evidence, national origin, discover, age discrimination, reasonably calculated to lead, disparate treatment, similarly situated, prima facie case, burdensome, terminated, discovery process, discoverable, admissible,

supervision, telephone, statistical evidence, social security, time period, incomplete, mutually agreed, last known, responded

## LexisNexis (TM) HEADNOTES - Core Concepts - ♦ Hide Concepts

Civil Procedure > Disclosure & Discovery > Relevance

**HN1** Fed. R. Civ. P. 26 permits discovery into any matter, not privileged, that is relevant to the claim or defense of any party. Fed. R. Civ. P. 26 (b)(1). Discoverable materials are not limited to that which would be admissible at trial. However, the discoverable material must at least appear reasonably calculated to lead to the discovery of admissible evidence. More Like This Headnote

Civil Procedure > Disclosure & Discovery > Relevance
Civil Procedure > Disclosure & Discovery > Undue Burden

**HN2** Discovery is not without limits. A court can limit discovery if it determines, among other things, that the discovery is unreasonably cumulative or duplicative, obtainable from another source that is more convenient, less burdensome, or less expensive, or the burden or expense of the proposed discovery outweighs its likely benefit. More Like This Headnote

Civil Procedure > Discovery Methods > Motions to Compel

**HN3** Fed. R. Civ. P. 37 addresses discovery disputes and is designed to be used by litigants to compel a response to discovery requests where none has been made, or where the response is so inadequate that it is tantamount to no response at all. The burden is on the party resisting discovery to clarify and explain precisely why its objections are proper given the broad and liberal construction of the federal discovery rules. More Like This Headnote

Civil Procedure > Disclosure & Discovery > Relevance

**HN4** A time period of five years of discovery information is reasonable and appropriate in a case alleging disparate treatment where a plaintiff may utilize statistical evidence to establish a prima facie case of discrimination. The United States Court of Appeals for the Seventh Circuit states that: In a pattern or practice disparate treatment case, statistical evidence constitutes the core of a plaintiff's prima facie case. More Like This Headnote

Labor & Employment Law > Discrimination > Disparate Treatment > Burden Shifting Analysis

**HN5** The United States Court of Appeals for the Seventh Circuit sets a rigid standard for a plaintiff to meet the "similarly situated" requirement in the McDonnell Douglas burden-shifting approach, which may result in the exclusion of employees terminated by supervisors other than under this analysis. To meet her burden of demonstrating that another employee is similarly situated, a plaintiff must show that there is someone who is directly comparable to her in all material respects. A court must look at all relevant factors, the number of which depends on the context of the case. Such factors include whether the employees dealt with the same supervisor and were subject to the same standards. However, this does not mean that discovery of information relating to these employees may lead to discovery of admissible evidence. The information discovered does not need to be admissible, but only must be reasonably calculated to lead to the discovery of admissible evidence. More Like This Headnote

Civil Procedure > Disclosure & Discovery > Relevance

**HN6** The United States District Court for the Southern District of Indiana, Indianapolis Division, states that if a plaintiff alleging employment discrimination can

demonstrate a "particularized need," the court will expand the scope of discovery beyond the employee's direct supervisors. More Like This Headnote

Civil Procedure > Discovery Methods > Motions to Compel
Legal Ethics > Professional Conduct > Opposing Counsel & Parties
**HN7** Where the focus of a discovery dispute involves information on non-supervisory level employees, the opposing counsel may contact them without violating Ind. R. Prof. Conduct 4.2. More Like This Headnote

Civil Procedure > Disclosure & Discovery > Relevance
Labor & Employment Law > Discrimination > Disparate Treatment > Burden Shifting Analysis
**HN8** Evidence of other similar acts of discrimination by a defendant is relevant to establish pretext. More Like This Headnote

Civil Procedure > Discovery Methods > Interrogatories
Civil Procedure > Discovery Methods > Motions to Compel
**HN9** On a motion to compel, a plaintiff's answers to interrogatories which are vague and non-responsive, are treated as if no response is given at all. More Like This Headnote

Civil Procedure > Discovery Methods > Interrogatories
**HN10** Defendants have the obligation to include all information within their knowledge or control in response to a plaintiff's interrogatories pursuant to Fed. R. Civ. P. 33. More Like This Headnote

Civil Procedure > Discovery Methods > Interrogatories
**HN11** A court will not rewrite an interrogatory to seek information that is not requested by its plain terms. More Like This Headnote

Labor & Employment Law > Discrimination > Disparate Treatment > Burden Shifting Analysis
**HN12** To establish a prima facie case of discrimination, a plaintiff must demonstrate that another person, similarly situated but not of the protected class, was treated more favorably. More Like This Headnote

Civil Procedure > Disclosure & Discovery > Privileged Matters
**HN13** A defendant's privacy concerns in its employment records are well-founded since personnel files contain highly sensitive information. More Like This Headnote

**COUNSEL:** For Plaintiff: Stacey M Davis, Attorney at Law, Indianapolis, IN.

Susan M Zoeller, Barnes & Thornburg, Indianapolis, IN.

**JUDGES:** Tim A. Baker, United States Magistrate Judge, Southern District of Indiana.

**OPINIONBY:** Tim A. Baker

**OPINION: ENTRY ON DEFENDANT'S MOTION TO COMPEL DISCOVERY**

**I. Background**

Plaintiff Vukosava Tomanovich, a 72-year-old female naturalized American citizen of Serbian descent, was employed by Defendant Autumn Glen, an assisted care facility for seniors, as a Personal Care Coordinator (PCC). [Am. Compl. P 5; Pl.'s Br., p. 1]. Tomanovich alleges she was subjected to discrimination because of her race and national origin in violation of Title

VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq., and her age in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et. seq. Tomanovich also claims she was retaliated against by her supervisors when she complained about the alleged discrimination in violation of the anti-retaliation provisions in Title VII and the [*2] ADEA. In addition, Tomanovich brings a claim under the Fair Labor Standards Act, 29 U.S.C. § 201 et. seq., alleging that she did not receive proper compensation for overtime or for time actually worked. [Am. Compl. P 8].

Defendant alleges that shortly after it hired Tomanovich, it received complaints from residents about Tomanovich's work performance. [Def.'s Br., p. 3]. In addition, Defendant claims that after honoring Tomanovich's request to become a full-time employee in January 2001, it received yet another resident complaint. As a result, Tim Tapp, Defendant's Executive Director, and Renee Holmes, Defendant's Lead PCC, terminated Tomanovich's employment. Id. at 4.

On December 10, 2001, Tomanovich served on Defendant interrogatories and requests for production. Tomanovich requested and received supplemental responses several times, but the parties are still unable to reach an agreement on the proper scope of discovery and whether Defendant adequately responded to Tomanovich's requests. [Pl.'s Br. p. 2]. As a result, Tomanovich has filed a motion to compel discovery. For the reasons set forth below, Tomanovich's motion to compel is GRANTED [*3] in PART and DENIED in PART.

## II. Discussion

### A. Standard on Motion to Compel

HN1 Federal Rule of Civil Procedure 26 permits discovery into "any matter, not privileged, that is relevant to the claim or defense of any party." Byers v. Illinois State Police, 2002 U.S. Dist. LEXIS 9861, 2002 WL 1264004, *1 (N.D. Ill. June 3, 2002), quoting Fed. R. Civ. P. 26 (b)(1). Discoverable materials are not limited to that which would be admissible at trial. However, the discoverable material must at least appear reasonably calculated to lead to the discovery of admissible evidence. See Yladic v. Hamann, 2002 WL 726738, *2 (N.D. Ill. Apr. 24, 2002), citing Scott v. Edinburg, 101 F. Supp.2d 1017, 1021 (N.D. Ill. 2000).

However, HN2 discovery is not without limits. A court "can limit discovery if it determines, among other things, that the discovery is unreasonably cumulative or duplicative, obtainable from another source that is more convenient, less burdensome, or less expensive, or the burden or expense of the proposed discovery outweighs its likely benefit." Byers, 2002 WL 1264004 at *1, citing Fed. R. Civ. P. 26(b)(2). See also Patterson v. Avery Dennison Corp., 281 F.3d 676, 681 (7th Cir. 2002) [*4] (Rule 26(b)(2) "empowers district courts to limit the scope of discovery if the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive.").

HN3 Federal Rule 37 addresses discovery disputes and is designed to be used by litigants to compel a response to discovery requests where none has been made, or where the response is so inadequate that it is tantamount to no response at all. See Centagon, Inc. v. Board of Directors of 1212 Lake Shore Drive Condominium Ass'n, 2002 U.S. Dist. LEXIS 9737, 2002 WL 356483, *4 (N.D. Ill. Mar. 5, 2002). See also Jones v. Syntex Laboratories, Inc., 2001 U.S. Dist. LEXIS 17926, 2001 WL 1338987, *1 (N.D. Ill. 2001), quoting Fed. R. Civ. P. 37(a) (3) ("For the purposes of a motion to compel under Rule 37(a), 'an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer or respond.'"). The burden is on the party resisting discovery to clarify and explain precisely why its objections are proper given the broad and liberal construction of the federal discovery rules. Chalimoniuk v. Interstate Brands Corp., 2002 U.S. Dist. LEXIS 9285, 2002 WL

1048826, **[*5]** *1 (S.D. Ind. May 21, 2002), citing Zenith Electronics Corp. v. Exzec. Inc., 1998 U.S. Dist. LEXIS 215, 1998 WL 9181, *8 (N.D. Ill. 1998).

**B. Interrogatory No. 6**

Interrogatory No. 6 seeks information about Defendant's employees who were "discharged, terminated, or laid off" since January 1, 1995. [Pl.'s Ex. A]. Defendant objected to this interrogatory, claiming it is overly broad, unduly burdensome, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and invades the privacy interests of Defendant's employees. [Def.'s Tab E]. However, Defendant supplemented its answer and provided the requested information with respect to all employees terminated by Tomanovich's supervisors Tapp and Holmes from November 1999 to the present. Tomanovich claims that Defendant's answer is still deficient because: (1) its response does not include information five years prior to her termination; (2) Defendant does not include the addresses of employees responsive to the interrogatory; (3) Defendant's responses are limited to employees under the supervision of Tapp and Holmes; and (4) the list provided is "incomplete" and "evasive." [Pl.'s Br., pp. 4-6].

Defendant has **[*6]** improperly limited its responses to only one year prior to Tomanovich's termination. <sup>HN4</sup>A time period of five years is reasonable and appropriate in a case such as this alleging disparate treatment where plaintiff may utilize statistical evidence to establish a prima facie case of discrimination. See, e.g., Equal Employment Opportunity Com'n. v. Preferred Management Corp., 2002 U.S. Dist. LEXIS 3495, 2002 WL 337046, *90 (S.D. Ind. Mar. 1, 2002), quoting Bell v. Environmental Protection Agency, 232 F.3d 546, 553 (7th Cir. 2000) ("The Seventh Circuit has stated that: 'In a pattern or practice disparate treatment case, statistical evidence constitutes the core of a plaintiff's prima facie case.'"); Guerrero v. Ashcroft, 253 F.3d 309, 315-16 (7th Cir. 2001) ("We have found statistical evidence to be admissible and helpful in disparate treatment cases...."); Schuster v. Shepard Chevrolet, Inc., 2002 U.S. Dist. LEXIS 5692, 2002 WL 507130, *1 (N.D. Ill. Apr. 3, 2002) ("In conjunction with other evidence of disparate treatment . . . , statistics can be probative of whether the alleged disparity is the result of discrimination.") (internal citation and quotation omitted). Therefore, **[*7]** unless otherwise specified in Tomanovich's discovery requests, all information from January 10, 1996 to the present shall govern discovery. See, e.g., Byers v. Illinois State Police, 2002 WL 1264004, *2 -3 (N.D. Ill. 2002) (limiting discovery to five years); Leibforth v. Belvidere Nat. Bank, 2001 U.S. Dist. LEXIS 7725, 2001 WL 649596, *2 (N.D. Ill. 2001) (interrogatory responses limited to "five years preceding the alleged discriminatory act").

Defendant has also limited its supplemental response to termination decisions made by Tapp and Holmes because termination decisions made by other supervisors results in those terminated employees not being "similarly situated" to Tomanovich. [Def.'s Br., pp. 11-12]. Indeed, <sup>HN5</sup>the Seventh Circuit has set a rigid standard for a plaintiff to meet the "similarly situated" requirement in the McDonnell Douglas burden-shifting approach, which may result in exclusion of employees terminated by supervisors other than Tapp and Holmes under this analysis. See Patterson v. Avery Dennison Corp., 281 F.3d 676, 678 (7th Cir. 2002) ("To meet her burden of demonstrating that another employee is 'similarly situated,' a plaintiff must **[*8]** show that there is someone who is directly comparable to her in all material respects . . . A court must look at all relevant factors, the number of which depends on the context of the case . . . Such factors include whether the employees dealt with the same supervisor and were subject to the same standards.") (internal citations and quotations omitted). However, this does not mean that discovery of information relating to these employees may lead to discovery of admissible evidence. The information discovered does not need to be admissible, but only must be reasonably calculated to lead to the discovery of admissible evidence. See Byers v. Illinois State Police, 2002 WL 1264004, *2 (N.D. Ill. June 3, 2002) ("Discoverable information is not limited to that which would be admissible at trial. Information is relevant for purposes of Rule 26 if the discovery appears reasonably calculated

Get a Document - by Citation - 80 Fair Empl.Prac.Cas.(BNA) 159
Case 1:02-cv-00648-WBQ     Document 36-5     Filed 09/12/2003     Page 6 of 10
Page 6 of 10

to lead to the discovery of admissible evidence."). In addition, Tomanovich may utilize evidence of disparate treatment involving supervisors other than Tapp and Holmes to demonstrate a pattern of discrimination. See, e.g., Sykes v. Target Stores, 2002 U.S. Dist. LEXIS 6627, 2002 WL 554505, *4 (N. [*9] D. Ill. Apr. 15, 2002), citing Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 527-28 (D. Nev. 1997) ("evidence of general patterns of discrimination is discoverable in disparate treatment cases"); McDonnell Douglas Corp. v. Green, 411 U.S. 792, 804-05, 36 L. Ed. 2d 668, 93 S. Ct. 1817 (1973) (noting that a defendant's "general policy and practice with respect to minority employment" may be relevant to show pretext).

To limit discovery of information to only Tomanovich's supervisors, Defendant cites Chavez v. DaimlerChrysler Corp., 206 F.R.D. 615 (S.D. Ind. 2002), where this Court limited discovery to employees under plaintiff's direct supervisor. However, HN6↑this Court stated in Chavez that if a plaintiff could demonstrate a "particularized need," the Court would expand the scope of discovery. Id. at 621. In this case, Tapp did not assume his responsibilities as Defendant's executive director until November of 2000. In addition, Tomanovich was only employed from November 2000 to January 2001. Therefore, under these circumstances, Defendant's limitation results in Tomanovich only receiving discovery responses [*10] for a two month time period. This limitation severely limits Tomanovich's attempts to establish a pattern of discrimination by Defendant. As a result, it is improper, and Tomanovich is entitled to discover information responsive to Interrogatory No. 6 regardless of the employee's supervisor.

Finally, Defendant refuses to provide the addresses of individuals responsive to Interrogatory No. 6 because: (1) the information can be readily obtained in a telephone book; and (2) a former employee of Defendant has complained that Tomanovich's counsel has been "harassing" her since her name was provided in discovery. [Def.'s Br., p. 13]. While Tomanovich could ordinarily obtain the addresses of these individuals through a telephone book, in many cases people request that their phone numbers be unpublished, or are listed only by a first initial. As a result, often times telephone books are a unreliable source to obtain information. In any event, Defendant can readily produce the information without further delay.

Therefore, Tomanovich has provided a particularized need for discovering the addresses of these individuals. See Chavez, 206 F.R.D. at 622, citing Bobkoski v. Board of Educ. of Cary Consol. School Dist. 26, 141 F.R.D. 88, 1992 WL 233965, [*11] *3 (N.D. Ill. 1992) (court permitted discovery of names, addresses and telephone numbers in an age discrimination case). n1 As to Defendant's allegations of harassment of its former employees by counsel, Defendant has not provided any reliable evidence that this occurred but rather asserts self-serving conclusory allegations. Contacting witnesses is a routine and necessary part of the discovery process and often leads to valuable evidence. If a witness believes that they are being harassed, they are free to hang up the telephone or otherwise refuse to talk to counsel. If the alleged harassment continues, the issue then may be brought to the Court's attention.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n1 Citing Rule 4.2 of the Rules of Professional Conduct, Defendant objects to Interrogatory No. 6 as well as several other of Tomanovich's requests stating that Tomanovich is prohibited from contacting current or former managerial-level employees. However, Defendant misunderstands the scope of Rule 4.2, and as a result, asserts an improper objection. In Chavez v. DaimlerChrysler Corp., 206 F.R.D. 615, 622 (S.D. Ind. 2002), the Court held that plaintiff was not entitled to discover the names and phone numbers of current supervisory-level employees in certain instances because these contacts were to be made through Defendant's counsel because of the constraints of Rule 4.2. Although not specifically

articulated by Tomanovich, [HN7] the focus of the discovery disputes in the case at bar involves information on non-supervisory level employees, and Tomanovich's counsel may contact them without violating Rule 4.2.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - [*12]

Accordingly, with regard to Interrogatory No. 6, Tomanovich's motion to compel is GRANTED. Defendant shall respond to this interrogatory with information from January 1, 1996 to the present, regardless of the supervisor who made the termination decision. In addition, subject to an appropriate protective order, Defendant shall provide the last known address of individuals responsive to the interrogatory. n2 The motion is DENIED in that Tomanovich may only discover this information from January 1, 1996 to the present.

- - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - -

n2 The production of information and documents in the discovery process (such as addresses) often involves highly sensitive information and is customarily governed by a mutually agreed upon protective order entered into by the parties to facilitate discovery. However, the parties here have failed to agree upon such a protective order thus far. The Court prefers not to impose general protective orders to govern litigation since discovery is supposed to be party-driven. Accordingly, within 15 days of this entry, the parties shall file a mutually agreed upon protective order to prevent further breakdowns in the discovery process. If the parties cannot agree on a protective order, they shall file their respective proposals by this date, and the Court will impose an appropriate order.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - [*13]

## C. Interrogatory No. 16

Interrogatory No. 16 seeks the name, address, race, national origin, age, gender, and job duties of individuals who replaced Tomanovich upon her termination. In the event no one replaced Tomanovich upon her termination, she seeks the same information of employees who assumed her former job responsibilities. [Pl.'s Ex. G]. Defendant objected and raised, among other objections, the attorney-client privilege and work product doctrine. Defendant eventually responded that Tomanovich was not "replaced." Rather, Defendant responded that two PCCs took turns working her shifts and provided the employees' name, race, national origin, and date of birth. [Def.'s Tab F]. However, Defendant's response fails to provide the two employees addresses, telephone numbers, or genders. The discovery of this information is clearly relevant since it assists Tomanovich is establishing a prima facie case of discrimination. Therefore, pursuant to the Court's analysis in section II-B, the motion to compel a response to Interrogatory No. 16 is GRANTED. Defendant shall provide the address and telephone number of the individuals responsive to Interrogatory No. 16 subject to an [*14] appropriate protective order.

## D. Interrogatory No. 9 & Request for Production No. 4

Interrogatory No. 9 seeks information about Defendant's employees who filed charges of discrimination since January 1, 1991. [Pl.'s Ex. G]. Similarly, Request for Production No. 4 requests copies of all charges of race, national origin, and age discrimination filed against Defendant without specifying a limitation of the date of the charges requested. [Pl.'s Ex. H]. Defendant objects to these requests, stating that charges from 1991 to the present are over broad, and limited its response to employees under the supervision of Tapp and Holmes. In addition, after a "comprehensive search," Defendant states it is unable to locate a charge

filed by Evora Baker, the only employee identified as having filed a charge of discrimination under the supervision of Tapp and Holmes. [Def.'s Br., p. 14].

The Court agrees that Tomanovich's interrogatory requesting information since January 1, 1991 is over broad. See Stevenson v. Stanley Bostitch, Inc., 201 F.R.D. 551, 558 (N.D. Ga. 2001) (request requiring plaintiff to produce all documents in the last ten years was over broad). In addition, [*15] the request for production does not set a date limitation on the charges sought. Therefore, in light of the Court's decision in section II-B of this entry, the information sought shall be limited to January 1, 1996 to the present. Also parallel to the Court's analysis in section II-B, Defendant's response should not be limited to employees under the supervision of Tapp and Holmes.

Within these parameters, Tomanovich is clearly entitled to discover information and documents regarding previous charges of race, national origin, and age discrimination filed against Defendant. HN8 Evidence of other similar acts of discrimination by Defendant is relevant to establish pretext. See, e.g., Byers v. Illinois State Police, 2002 WL 1264004, *9 (N.D. Ill. June 3, 2002), citing Phillip v. ANR Freight Sys. Inc., 945 F.2d 1054, 1056 (8th Cir. 1991) (Eighth Circuit reversed district court's exclusion of other age discrimination complaints filed against defendant). However, Defendant has limited its interrogatory response to the employee's name and job title, but has excluded the employee's last known address, telephone number, the date the charge was filed, the outcome [*16] of the charge, whether the employee still works for Defendant, and if not, the reasons why. [Pl.'s Ex. G]. Defendant fails to provide this relevant information, and as a result, Defendant's response shall be treated as a failure to answer under Fed. R. Civ. P. 37(a)(3). See, e.g., Jones v. Syntex Laboratories. Inc., 2001 WL 1338987, *2 (N.D. Ill. 2001) HN9 (plaintiff's answers to interrogatories were vague and non-responsive, and therefore treated as if no response was given at all); Lambert v. Houi, 2002 U.S. Dist. LEXIS 1472, 2002 WL 169367, *1 (N.D. Ill. Jan. 31, 2002) HN10 ("Defendants have the obligation to include all information within their knowledge or control in response to Plaintiff's interrogatories pursuant to Rule 33.").

As to the charge filed by Evora Baker, Defendant represents in its responses to Request for Production No. 4 that after its comprehensive search it is unable to locate it. Obviously, Defendant cannot produce a document it does not possess. However, Defendant is reminded of its duty to supplement its response pursuant to Fed. R. Civ. P. 26(e) if responsive documents are located.

Accordingly, with regard to Interrogatory No. 9 and Request for Production [*17] No. 4, Tomanovich's motion to compel is GRANTED in that Defendant shall respond to the interrogatory and produce documents from the time period of January 1, 1996 to the present regardless of the employee's supervisor. In addition, Defendant shall provide complete responses to the interrogatory, subject to an appropriate protective order. The motion is DENIED to the extent Tomanovich seeks information beyond the prescribed time period, and seeks production of the missing charge of Baker.

### E. Interrogatory No. 20

Interrogatory No. 20 seeks the name, address, race, national origin, age, and starting salaries of persons who held the title of PCC from January 1, 1996 to the present. Defendant objected to this interrogatory on several grounds, including that it is over broad and unduly burdensome, and as a result, limited its response to November 2000. [Pl.'s Ex. G].

The Court finds that Defendant has again impermissibly limited the time frame of its response to the interrogatory. The information requested in this interrogatory from January 1, 1996 to the present is reasonably calculated to lead to the discovery of admissible

evidence. Compelling discovery of the information sought [*18] by this interrogatory provides Tomanovich with information that may lead to valuable witness testimony. In addition, Defendant's response is also incomplete because it does not provide the employee's address responsive to the interrogatory. As noted in section II-B, Tomanovich is entitled to discover the addresses of these employees.

Finally, Tomanovich claims she is entitled to the dates of hire of the employees responsive to Interrogatory No. 20. However, Tomanovich did not ask for this information in the interrogatory, and in this instance the Court will not craft an interrogatory on her behalf. See, e.g., Beneficial Franchise Co., Inc. v. Bank One, N.A., 205 F.R.D. 212, 224 (N.D. Ill. 2001) *HN11*("The Court will not rewrite the interrogatory to seek information that is not requested by its plain terms.").

Accordingly, with regard to Interrogatory No. 20, Tomanovich's motion to compel is GRANTED to the extent that it seeks information after January 1, 1996 and the addresses of responsive employees, and DENIED to the extent that it seeks the dates of hire of these employees.

**F. Request for Production No. 2**

Request for Production No. 2 seeks "the complete personnel [*19] files for individuals who were employed in the same position as Plaintiff between January 1, 1999 and January 1, 2001." [Pl.'s Ex. B]. Defendant objects, claiming that the request is over broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. [Def.'s Ex. E].

The Court finds that Tomanovich is entitled to the requested personnel files. "The personnel files contain highly relevant information" that would "greatly assist" Tomanovich in conducting discovery. See Spina v. Forest Preserve of Cook County, 2001 WL 1491524, *3 (N.D. Ill. 2001) (court ordered production of personnel files of individual defendants and of females who complained of sexual harassment and/or discrimination). See also Wright v. Hollywood Casinos, 2002 U.S. Dist. LEXIS 8486, 2002 WL 989457, *2 (N.D. Ill. May 14, 2002) (plaintiff entitled to personnel files of employees who held the same job as plaintiff). The production of these requested personnel files will also assist Tomanovich in establishing a prima facie case of race, national origin, and age discrimination since she must show that similarly situated employees outside her protected class [*20] received more favorable treatment in compensation, promotion, disciplinary action, and termination, and will likely include relevant information such as age and last known address. See, e.g., Stockett v. Muncie Indiana Transit System, 221 F.3d 997, 1000-02 (7th Cir. 2000) *HN12*(to establish prima facie case of discrimination, a plaintiff must demonstrate that another person, similarly situated but not of the protected class, was treated more favorably).

However, Tomanovich is not entitled to unlimited discovery of these documents. *HN13* *"Defendant's privacy concerns in its employment records are well-founded" since personnel files contain highly sensitive information. Chavez v. DaimlerChrysler Corp., 206 F.R.D. 615, 622 (S.D. Ind. 2002). For instance, the discovery of social security numbers reflected in these documents serves no purpose in a disparate case such as this and may be redacted or otherwise protected by way of a protective order. See Scaife v. Boenne, 191 F.R.D. 590 (N.D. Ind. 2000) (plaintiff not entitled to discover social security numbers).

Accordingly, with regard to Request No. 2, Tomanovich's motion to compel is GRANTED in [*21] PART and DENIED in PART. Tomanovich may discover the requested personnel files absent any social security numbers which may be redacted or otherwise protected by an appropriate protective order.

## III. Conclusion

For the reasons above, Tomanovich's motion to compel is GRANTED in PART and DENIED in PART. Within 15 days of this entry, the parties shall file a mutually agreed upon protective order to prevent further breakdowns in the discovery process. Thereafter, Defendant shall produce information and documents compelled by the Court. In the event the parties are unable to agree upon the parameters of a protective order, the parties shall file their respective protective order proposals within 15 days, and the Court will impose an appropriate order to govern discovery.

So ordered.

DATED this 13th day of August, 2002.

Tim A. Baker

United States Magistrate Judge

Southern District of Indiana

Service: **Get by LEXSEE®**
Citation: **2002 us dist lexis 14885**
View: Full
Date/Time: Thursday, September 11, 2003 - 3:07 PM EDT

* Signal Legend:
- ● - Warning: Negative treatment is indicated
- ↘ - Caution: Possible negative treatment
- ◆ - Positive treatment is indicated
- ⓐ - Citing Refs. With Analysis Available
- ⓘ - Citation information available
* Click on any *Shepard's* signal to *Shepardize®* that case.

About LexisNexis | Terms and Conditions

Copyright © 2003 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.