Get a Document - by Citation - 2002 U.S. Dist. LEXIS 13851    Page 1 of 7

Case 1:02-cv-00648-WDQ  Document 53-31    Filed 09/12/2003    Page 1 of 7

Service: **Get by LEXSEE®**
Citation: **2002 us dist lexis 13851**

*2002 U.S. Dist. LEXIS 13851, ***

NICHOLAS DAVIS, L.C. ALEXANDER, DEON PAGE, GEORGE HOLLINS, and TINA WILLIAMS, Plaintiffs, v. PRECOAT METALS, a division of SEQUA CORPORATION, Defendants.

No. 01 C 5689

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

2002 U.S. Dist. LEXIS 13851

July 26, 2002, Decided
July 29, 2002, Docketed

**DISPOSITION:** [*1] Plaintiffs' Motion to Compel GRANTED IN PART and DENIED IN PART.

## CASE SUMMARY

**PROCEDURAL POSTURE:** Plaintiff employees sued defendant employer alleging race and national origin discrimination and retaliation in violation of 42 U.S.C.S. § 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C.S. § 2000e et seq. Plaintiffs moved to compel discovery.

**OVERVIEW:** Plaintiffs requested information about discrimination complaints made against the employer by non-clerical/non-administrative employees who worked at the same plant as the plaintiffs. The employer argued argues that the plaintiffs' requests were overbroad in that they improperly sought information regarding all allegedly discriminatory actions by the employer. The court found that plaintiffs had narrowly tailored the request to the specific claims of the instant case. The request was limited by plaintiffs to a certain time period, to the same facility in which they worked, and to the same types of discrimination alleged by plaintiffs in their complaint. Plaintiffs also sought the personnel and disciplinary files of all non-clerical/non-administrative personnel who worked in the same plant for a roughly four year period. The employer argued that plaintiffs had not established that they were entitled to the personnel files and that disclosure of the files would invade the privacy of the employer's other employees. The employer had not shown that production would be burdensome. The employer had to produce the files with court-ordered redactions and under a protective order.

**OUTCOME:** Plaintiffs' motion to compel discovery was granted in part and denied in part.

**CORE TERMS:** personnel, discovery, plant, disciplinary, national origin, responsive, discoverable, non-administrative, non-clerical, interrogatory, discover, discriminated, production of documents, age discrimination, motion to compel, protective order, class action, in camera, company-wide, grievances, persuade, estimate, privacy, unequal, pretext, narrowly tailored, discriminatory, entry-level, burdensome, promotions

### LexisNexis (TM) HEADNOTES - Core Concepts - ♦ Hide Concepts

Civil Procedure > Disclosure & Discovery > Relevance
*HN1* ★ Fed. R. Civ. P. 26(b)(1) permits discovery into any matter, not privileged, that is relevant to the claim or defense of any party. Discoverable information is not

Get a Document by Citation - 2002 U.S. Dist. LEXIS 3651    Page 2 of 7

Case 1:02-cv-00648-WDQ    Document 35-36    Filed 09/12/2003    Page 2 of 7

limited to that which would be admissible at trial. Information is relevant for purposes of Rule 26 if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. More Like This Headnote

Civil Procedure > Disclosure & Discovery > Undue Burden

HN2 ± A party is not necessarily entitled to all discovery that is relevant under Fed. R. Civ. P. 26. A court can limit discovery if it determines, among other things, that the discovery is unreasonably cumulative or duplicative, obtainable from another source that is more convenient, less burdensome, or less expensive, or the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26 (b)(2). More Like This Headnote

Civil Procedure > Disclosure & Discovery > Relevance

HN3 ± Other employees' complaints of discrimination may be relevant to establish pretext. More Like This Headnote

Civil Procedure > Disclosure & Discovery > Relevance

HN4 ± In the United States Seventh Circuit, a pattern of discrimination theory is permitted by showing other acts of discrimination. Therefore, statistical information as to employment policy and practice may be helpful to determine whether the employer's treatment of the complainant conformed to a general pattern of discrimination. More Like This Headnote

Civil Procedure > Disclosure & Discovery > Relevance

HN5 ± A plaintiff may be afforded some latitude to determine a pattern or practice by his employer to discriminate, He cannot conduct an across-the-board attack on any and all alleged unequal employment practices by his employer. More Like This Headnote

Civil Procedure > Disclosure & Discovery > Relevance

HN6 ± A district court has discretion to determine whether discovery of personnel and disciplinary files is warranted. More Like This Headnote

Civil Procedure > Disclosure & Discovery > Undue Burden

HN7 ± Unless it is clear from the language of the request that it would be unduly burdensome, the party resisting discovery has the burden of establishing facts justifying its objection. More Like This Headnote

**COUNSEL:** For NICHOLAS DAVIS, L C ALEXANDER, DEON PAGE, TINA WILLIAMS, plaintiffs: Edward M. Fox, Garrett Browne, Ed Fox & Associates, Chicago, IL.

For GEORGE HOLLINS, plaintiff: Garrett Browne, Ed Fox & Associates, Chicago, IL.

For PRECOAT METALS, defendant: John F. Kuenstler, Wildman, Harrold, Allen & Dixon, Chicago, IL.

For PRECOAT METALS, defendant: James N Foster, Jr, Michelle M Cain, McMahon, Berger, Hanna, Linihan, Cody & McCarthy, St. Louis, MO.

**JUDGES:** Nan R. Nolan, United States Magistrate Judge. Judge James F. Holderman.

**OPINIONBY:** Nan R. Nolan

## OPINION: MEMORANDUM OPINION AND ORDER

Plaintiffs Nicholas Davis, L.C. Alexander, Deon Page, George Hollins, and Tina Williams sued their employer Precoat Metals, alleging race and national origin discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq, and 42 U.S.C. § 1981. Before the Court is Plaintiffs' Motion to Compel Discovery (Docket Entry # 39). For the following reasons, the plaintiffs' motion to compel is GRANTED IN PART and DENIED IN PART. [*2]

## BACKGROUND

For purposes of this order, the Court assumes that the following facts taken from the plaintiffs' complaint are true. The plaintiffs--African-American and Latino employees who worked at the defendant's Chicago plant--allege that they have been exposed to a hostile working environment, including being subjected to racially insulting and derogatory comments by the defendant's management-level employees. The plaintiffs also claim that the defendant discriminated against African-American and Latino employees in terms of entry-level placement, work assignments, promotions, and discipline and that the defendant retaliated against them after they complained about the company's discriminatory practices. After filing charges of discrimination with the Equal Employment Opportunity Commission and receiving right-to-sue letters, the plaintiffs filed this suit.

## DISCUSSION

*HN1* Federal Rule of Civil Procedure 26(b)(1) permits discovery into "any matter, not privileged, that is relevant to the claim or defense of any party." Discoverable information is not limited to that which would be admissible at trial. Information is relevant for purposes of Rule 26 "if the discovery appears [*3] reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). However, *HN2* a plaintiff is not necessarily entitled to all discovery that is relevant under Rule 26. A court can limit discovery if it determines, among other things, that the discovery is unreasonably cumulative or duplicative, obtainable from another source that is more convenient, less burdensome, or less expensive, or the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2).

The plaintiffs' motion seeks the following two categories of information: (1) discrimination complaints made against the defendant by non-clerical/non-administrative employees who worked at the same plant as the plaintiffs (i.e., the Chicago plant); and (2) personnel and disciplinary files of non-clerical/non-administrative employees who worked at the Chicago plant.

### 1. Other Employees' Complaints of Discrimination

The parties disagree on whether a plaintiff is entitled to discovery regarding other employees' complaints of discrimination against a defendant. In their motion, the plaintiffs have limited their requests to: (i) the 1998-to-February 2002 time period; [*4] (ii) complaints by employees who worked at the same Chicago plant where the plaintiffs worked; and (iii) complaints of race and national origin discrimination--the same types of discrimination alleged in the plaintiffs' complaint. The defendant argues that the plaintiffs' requests are overbroad in that they improperly seek information regarding all allegedly discriminatory actions by the defendant. The Court concludes that the plaintiffs' requests seek discoverable information and that those requests (as limited by the plaintiffs in their motion) are narrowly tailored to the specific claims of the case.

The plaintiffs are correct that *HN3* other employees' complaints of discrimination may be

relevant to establish pretext. See *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804-05, 36 L. Ed. 2d 668, 93 S. Ct. 1817 (1973) (stating that an employer's general policy and practice with respect to minority employment may be relevant to establish pretext); *Phillip v. ANR Freight Sys., Inc.*, 945 F.2d 1054, 1056 (8th Cir. 1991) (reversing district court's exclusion of other employees' age discrimination complaints filed against defendant); [*5] *Byers v. Illinois State Police*, 2002 U.S. Dist. LEXIS 9861, No. 99 C 8105, 2002 WL 1264004, at *9 (N.D. Ill. June 3, 2002); *Robbins v. Camden City Bd. of Educ.*, 105 F.R.D. 49, 58 (D.N.J. 1985).

The two cases cited by the defendant-- *Chavez v. DaimlerChrysler Corp.*, 206 F.R.D. 615 (S.D. Ind. 2002), and *Sidari v. Orleans County*, 180 F.R.D. 226 (W.D.N.Y. 1997)--do not persuade the Court that other employees' complaints of discrimination are not discoverable. The *Chavez* decision explicitly states that **HN4**Seventh Circuit precedent "permits a 'pattern of discrimination' theory by showing other acts of discrimination. . . . Therefore, statistical information as to employment policy and practice may be helpful to determine whether the employer's treatment of the complainant conformed to a general pattern of discrimination." *Chavez*, 206 F.R.D. at 619 (internal citation omitted). In *Chavez*, the plaintiff moved the court to compel company-wide discovery of other employees' lawsuits, grievances or complaints alleging age discrimination against the defendant. *Id.* at 622. The *Chavez* court did not hold that the other employees' complaints [*6] are never discoverable; the court held that the plaintiff in that case had not established that he was entitled to company-wide discovery of this information, i.e., the plaintiff failed to establish that he was entitled to discover complaints filed by employees who did not work at the same manufacturing plant as the plaintiff. *Id.* In this case, the plaintiffs limited their requests to discrimination complaints, charges, and grievances filed by employees who worked at the same plant as the plaintiffs. Regarding the second case relied on by the defendant, the Court is not persuaded that *Sidari* establishes that the plaintiffs are not entitled to discover the requested information. In *Sidari*, the plaintiff argued that he was entitled to class action discovery and relief even though he did not file his case as a class action. *Sidari*, 180 F.R.D. at 236. The *Sidari* court rejected the plaintiff's argument, stating that:

> The plaintiff in this case is entitled only to discovery as to whether he has been discriminated against because of his national origin (Italian) or religion (Catholic). Although **HN5**the plaintiff may be afforded some latitude to determine [*7] a pattern or practice by his employer to discriminate against Italians or Catholics, the plaintiff can not [sic] conduct an across-the-board attack on any and all alleged unequal employment practices by his employer.

*Id.* at 237. In this case, the plaintiffs do not seek discovery related to all alleged unequal employment practices by the defendant, e.g., the plaintiffs do not seek information regarding other employees' age or sex discrimination complaints, nor do they seek complaints by employees who did not work at the Chicago plant. Rather, the plaintiffs have limited their discovery requests to complaints alleging race and national origin discrimination filed by other employees who worked at the same plant as the plaintiffs. Unlike the requests at issue in *Chavez* and *Sidari*, the Court concludes that the requests in this case are narrowly tailored to the specific allegations of the plaintiffs' complaint. Accordingly, the Court grants the plaintiffs' motion to compel to the extent it seeks production of documents responsive to requests 7, 8, 13, and 21 from Plaintiffs' First Request for Production of Documents. See *Robbins*, 105 F.R.D. at 58, 61-62 [*8] (limiting discovery of other employees' discrimination complaints to other teachers' allegations that they were denied tenure based on race or age). The Court denies the plaintiffs' motion to the extent it seeks an order compelling the defendant to answer interrogatory no. 25 and 26 from the Plaintiffs' Second Set of Interrogatories. The information requested by these interrogatories is contained in the

Get a Document - by Citation - 2002 U.S. Dist. LEXIS 18651    Page 5 of 7

Case 1:02-cv-00648-WDQ    Document 35-16    Filed 09/12/2003    Page 5 of 7

documents that the defendant has been ordered to produce.

## 2. Personnel and Disciplinary Files

The plaintiffs seek production of the personnel and disciplinary files n1 of all non-clerical/non-administrative employees who worked at the defendant's Chicago plant between January 1, 1998 and February 28, 2002. The defendant argues that the plaintiffs have not established that they are entitled to the personnel files and that disclosure of the files would invade the privacy of the defendant's other employees. None of the cases cited by the defendant hold that a plaintiff is never entitled to discover other employees' personnel files. At most these cases stand for the proposition that a district court has discretion to determine whether discovery of such files is warranted. [*9] E.g., Gehring v. Case Corp., 43 F.3d 340, 342 (7th Cir. 1994) (district court did not abuse discretion in denying plaintiff's request for personnel files after it reviewed those files in camera); Knoll v. Am. Tel & Tel. Co., 176 F.3d 359, 365 (6th Cir. 1999) (district court did not abuse discretion in granting protective order limiting access to personnel files to plaintiff's counsel); Atkinson v. Denton Publ'g Co., 84 F.3d 144, 148 (5th Cir. 1996) (district court did not abuse discretion in denying plaintiff's request for personnel files after it reviewed those files in camera). Accordingly, the Court must examine whether the circumstances of this case provide a reason to compel production of the requested personnel files.

- - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n1 The plaintiffs believe that the defendant may not keep disciplinary information in an employee's personnel file. The parties should construe the Court's use of the term "personnel files" to include the requested disciplinary information regardless of where that information is stored.

- - - - - - - - - - - End Footnotes- - - - - - - - - - - - - [*10]

Several factors persuade the Court to grant the plaintiffs' motion to compel production of the other employees' personnel files. First, unlike most of the cases cited by the defendant, the plaintiffs in this case have alleged discrimination affecting multiple aspects of their employment. The plaintiffs claim that the defendant discriminated against them (i) when they were hired by assigning them to lower-paying entry-level positions, (ii) during their employment by enforcing disciplinary rules in a discriminatory manner, by passing them over for promotions in favor of less-qualified white employees, and by retaliating against them for filing complaints of discrimination; and (iii) at the end of their employment by terminating at least one plaintiff based on her race and by including a term in the severance agreement that disadvantaged minority employees. Instead of ordering production of the personnel files, the defendant suggests that the Court order the production of an employee list containing a limited amount of information, e.g., name, race, date of hire and supervisor. (Def.'s Resp. to Pls.' Mot. at 10.) Given the broad range of allegations in the plaintiffs' complaint, however, [*11] the Court concludes that the defendant's proposed list would be inadequate. Second, it appears that the plaintiffs' request seeks a relatively small number of files. The plaintiffs estimate that there are approximately 35 personnel files responsive to their requests. Although the defendant disputes the accuracy of this estimate, the defendant's response that there are "certainly more than 35" personnel files responsive to the plaintiffs' request-- suggests that the plaintiffs' guess is pretty close to the mark. Moreover, unless it is clear from the language of the request that it would be unduly burdensome, the party resisting discovery has the burden of establishing facts justifying its objection. EEOC v. Kansas City S. Ry., 2000 U.S. Dist. LEXIS 21806, No. 99-2512- GTV, 2000 WL 33675756, at *1 (D. Kan. Oct. 2, 2000). The defendant's vague assertion that the number of responsive files "is certainly more than 35" does not meet this burden--at a minimum, the defendant

Get a Document by Citation - 2002 U.S. Dist. LEXIS 13851    Page 6 of 7

Case 1:02-cv-00648-WDQ    Document 35-18    Filed 09/12/2003    Page 6 of 7

must provide the Court with an approximation of how many documents are at issue. Third, the defendant's suggestion that the Court order the same relief as ordered by the court in *Raddatz v. Standard Register Co., 177 F.R.D. 446 (D. Minn. 1997),* **[*12]** is not feasible given the District Court's firm discovery schedule. In *Raddatz,* the court ordered the defendant to provide the plaintiff with certain information from the personnel files (instead of turning over the files themselves) and granted the plaintiff leave to seek a broader scope of information should the defendant's limited response prove to be inadequate. *Id.* at 448. Given the discovery schedule that has been set in this case, there is no time for the plaintiffs to seek additional information. Accordingly, the Court concludes that the plaintiffs are entitled to the requested personnel and disciplinary files.

The Court's holding that the plaintiffs are entitled to the personnel and disciplinary files does not mean that they are entitled to all of the information contained in those files. The Court is sensitive to the defendant's concern for the privacy rights of non-party employees. It is likely that the personnel and disciplinary files contain confidential information that is irrelevant to the plaintiffs' claims in this case (even under the plaintiffs' general pattern of discrimination theory). Accordingly, the Court orders the defendant to produce **[*13]** the personnel and disciplinary files of all non-clerical/non-administrative employees who worked at the defendant's Chicago plant between January 1, 1998 and February 28, 2002. However, the defendant may redact or remove the following information: unlisted addresses and telephone numbers, social security numbers, marital status, medical and health insurance information, criminal history, and credit information (e.g., request for garnishment of wages). *See, e.g., Sykes v. Target Stores, 2002 U.S. Dist. LEXIS 6627,* No. 00 C 5112, 2002 WL 554505, at *3 n.5 (N.D. Ill. Apr. 15, 2002). Furthermore, the Court orders that the personnel files shall be subject to an appropriate protective order ensuring that those files will be limited to attorneys' eyes only and that they can be used only for purposes of this litigation. *Knoll v. Am. Tel. & Tel. Co., 176 F.3d 359, 365 (6th Cir. 1999); Dahdal v. Thorn Americas, Inc., 1997 U.S. Dist. LEXIS 14792,* No. Civ. A. 97-2119- GTV, 1997 WL 599614, at *1 (D. Kan. Sept. 15, 1997).

**CONCLUSION**

Based on the foregoing, this Court GRANTS IN PART and DENIES IN PART the plaintiffs' Motion to Compel. The defendant must comply with this order on or before August 9, 2002. **[*14]**

**ENTER:**

**Nan R. Nolan**

**United States Magistrate Judge**

**Dated:** July 26, 2002

Service: **Get by LEXSEE®**
Citation: **2002 us dist lexis 13851**
View: Full
Date/Time: Thursday, September 11, 2003 - 3:08 PM EDT

* Signal Legend:
● - Warning: Negative treatment is indicated
⚠ - Caution: Possible negative treatment
◆ - Positive treatment is indicated
◎ - Citing Refs. With Analysis Available
◉ - Citation information available

Get a Document - by Citation - 2002 U.S. Dist. LEXIS 13851

Case 1:02-cv-00648-WDQ   Document 35-16   Filed 09/12/2003   Page 7 of 7

Page 7 of 7

\* Click on any *Shepard's* signal to *Shepardize®* that case.

About LexisNexis | Terms and Conditions

Copyright © 2003 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.