WolfBlock

1650 Arch Street, 22nd Floor, Philadelphia, Pennsylvania 19103-2097
Tel: (215) 977-2000 ■ Fax: (215) 977-2740 ■ www.WolfBlock.com

David L. Gollin
Direct Dial: (215) 977-2335
Direct Fax: (215) 405-3935
E-mail: dgollin@wolfblock.com

August 5, 2003

**VIA FACSIMILE AND**
**FIRST CLASS MAIL**

Pamela J. White, Esquire
Ober Kaler, P.C.
120 East Baltimore Street
Baltimore, MD 21202-1643

Re: EEOC and Koch v. LA Weight Loss

Dear Pam:

This letter is in response to your July 30, 2003 letter demanding supplemental discovery responses from LA Weight Loss in response to Koch's initial interrogatories and requests for production. I will address your demands in order as they are presented in your July 30th letter.

Initially, you take issue with the fact that LA Weight Loss has withheld production of certain confidential documents until such time as a mutually agreeable confidentiality agreement could be negotiated between the parties in this matter. A few documents similar to those being withheld have been produced to the EEOC in this matter. However, those documents were produced to the EEOC, and to your associate Kelly Hoelzer, with the express understanding that a mutually agreeable confidentiality agreement would be put into place covering those documents as well as documents subsequently produced in this matter. Accordingly, no documents have been produced without an agreement of confidentiality. LA Weight Loss and the EEOC are resolving any outstanding issues relating to the terms of the confidentiality agreement and once executed and entered by the Court, LA Weight Loss will produce the outstanding documents.

Second, LA Weight Loss has not withheld any relevant responsive documents on the basis of the attorney-client privilege. As such, the provision of a privilege log is not necessary in this matter at this time.

Third, with respect to the specific issues you raise regarding LA Weight Loss responses to Plaintiff's discovery requests, I will address each in turn:

DSB:927051.1/LAW024-142120



AUG - 7 2003

Requests 5, 17: The information sought by these requests is overly broad and not relevant to any claims or defenses raised with respect to Ms. Koch's claim of retaliation. While you claim to be "unaware" of any authority in support of LA Weight Loss's assertion that the information is not relevant, I direct your attention to Fed. R. Civ. P. 26(b)(1) which limits discovery to "any matter, not privileged, that is relevant to the claim or defense of any party . . ." Ms. Koch's only claim in this matter is that LA Weight Loss retaliated against her for objecting to the Company's alleged practice of not hiring men. Nowhere in her complaint has Ms. Koch raised a pattern or practice of such activity. Further, none of LA Weight Loss's defenses to Ms. Koch's claims implicate a need for information beyond information pertaining to Ms. Koch's alleged complaint to the Company. As such, any requests for information seeking the production of information beyond Ms. Koch's retaliation claim is beyond the bounds of permissible discovery under the Federal Rules.

Requests 7, 8 and 25: I am confused by the issues you raise in response to LA Weight Loss's responses to these requests. LA Weight Loss has produced a complete copy of Ms. Koch's personnel file which contains any and all documents from Ms. Koch to the LA Weight Loss and all correspondence from LA Weight Loss to Ms. Koch. Further, with respect to any documents Ms. Koch submitted to the EEOC or that were exchanged between you and David Landau, I would expect that you already have copies of these documents as they exist in your own files in this matter and in those files that have been produced to you by the EEOC when the investigative file in this matter was provided to LA Weight Loss and Ms. Koch. Your request to receive a second, or more likely third, copy of these documents is clearly unduly burdensome and designed to harass LA Weight Loss. LA Weight Loss will not produce copies of all correspondence between counsel exchanged after the commencement of this matter by Ms. Koch. If there is a particular letter that you have misplaced, we would be happy to send you a copy.

To the extent you allege that one or more of Ms. Koch's requests for production seek production of the Company's documents and records improperly retained by Ms. Koch after the termination of her employment which were subsequently returned by you, LA Weight Loss will make those documents available for inspection and copying. LA Weight Loss did not construe any of your discovery requests to seek production of these documents. However, it should be noted that these documents were provided to the EEOC during its investigation of Ms. Koch's charge of discrimination, and copies of those documents were provided to both LA Weight Loss and Ms. Koch in the EEOC's document production in this matter. As such, Ms. Koch is already in possession of these documents.

Request 9: I am puzzled by the issues you raise with respect to LA Weight Loss's response to this request. Initially, LA Weight Loss has not objected to the production of the selected documents from Ms. Portlock's file, simply the provision of copies of those documents

until the execution of a confidentiality agreement establishing a mechanism for handling and using those copies during and after this litigation. As I am sure you are aware, these documents were produced to both the EEOC and Ms. Koch over one year ago when LA Weight Loss made documents available for inspection and copying to both attorneys from the EEOC and Ms. Hoelzer from your office. Included in those documents were the selected documents from Ms. Portlock's personnel file. As discussed above, copies of those documents were provided to the EEOC under the express reservation that a confidentiality agreement would subsequently be negotiated. Once that agreement is complete and in place, copies will be provided to you.

With respect to your objection to LA Weight Loss's refusal to produce certain categories of documents from Ms. Portlock's personnel file, the selected documents (i.e., those pertaining to pay, medical information and personal information) are in no way relevant to any claims or defenses in this matter and, therefore, are beyond the scope of permissible discovery.

Request No. 12: Like Requests 5 and 7, the information sought by this request is overly broad and not relevant to any claims or defenses raised with respect to Ms. Koch's claim of retaliation. For the same reasons set forth above with respect to Requests 5 and 7, requests for information seeking the production of information beyond Ms. Koch's retaliation claim is beyond the bounds of permissible discovery under the Federal Rules.

Requests 14, 18, 19: With respect to LA Weight Loss's response to Request 14, the information sought is overly broad, unduly burdensome and has no relation to any claims or defenses with respect to Ms. Koch's retaliation claim.

With respect to LA Weight Loss's responses to Request 18 and 19, LA Weight Loss stated that it is not in possession of any responsive documents. If responsive documents are located, they will be produced in accordance with LA Weight Loss's obligation under the Federal Rules of Civil Procedure.

Requests 20, 21, 27: LA Weight Loss produced both a Handbook originally issued on September 1, 1998 and an EEO policy issued March 28, 1998. Subject to the objections raised by LA Weight Loss in response to these requests, LA Weight Loss is not in possession of any other responsive documents relevant to the Koch matter.

Request 24: Subject to the objections LA Weight Loss raised in response to this request, LA Weight Loss is not in possession of any responsive documents at this time.

Request 26: As stated above, the training documents requested will be produced after execution and filing of a confidentiality agreement between the respective parties to this matter.

Interrogatories Nos. 6, 7: The information sought by these interrogatories is overly broad and not relevant to any claims or defenses raised with respect to Ms. Koch's claim of retaliation. See LA Weight Loss's response to Requests 5 and 7 above.

Interrogatory No. 9: See response to "Requests 20, 21, 27" above.

Interrogatory No. 14: At this time, LA Weight Loss has been unable to determine the dates and persons involved in any training sessions provided to area trainers during the time Ms. Koch was employed by LA Weight Loss. LA Weight Loss reserves the right to supplement this response in accordance with its obligations under the Federal Rules of Civil Procedure.

Interrogatory No. 15: The information requested in this Interrogatory is not relevant to any claim or defense in Ms. Koch's action against LA Weight Loss. This interrogatory seeks information pertaining to all "trainers", in one form or another, from 1997 and 1998. You claim that such information is relevant because such individuals may have knowledge regarding LA Weight Loss's hiring practices and/or Koch's employment and termination from employment. First, information pertaining to LA Weight Loss's hiring practices relates only to the alleged underlying discriminatory conduct about which Ms. Koch allegedly complained, a topic not relevant to Ms. Koch's prosecution of her retaliation claim or LA Weight Loss's defenses to that claim. Second, the decisions related to Ms. Koch's employment were made by Lynn Portlock, not other trainers. It is unduly burdensome and harassing to request LA Weight Loss provide Ms. Koch with the names of all "trainers" employed by the Company for a two year period because they "may" have information related to Koch's employment when none of these employees had any supervisory authority over Ms. Koch or any relation to the matters at issue in her claim. If you would like to narrow this request, we will consider your request.

Interrogatory No. 17: The information sought by this interrogatory is overly broad and not relevant to any claims or defenses raised with respect to Ms. Koch's claim of retaliation. See response to Requests 5 and 7 above.

Finally, with respect to your request for updated information pertaining to Eileen Stankunas, LA Weight Loss is not currently in possession of her new address. We will provide you with that information when we obtain it. However, for purposes of her deposition in this matter, LA Weight Loss is representing Ms. Stankunas and all correspondence and communications to Ms. Stankunas should be conducted through me or David Landau.

I hope that this adequately addresses your concerns. If you have any questions, or if you would like to discuss this matter, please call me.

Sincerely,

David L. Gollin
For WOLF, BLOCK, SCHORR and SOLIS-COHEN LLP

cc: Ronald Phillips, Esquire
David Landau, Esquire