# WolfBlock

1650 Arch Street, 22nd Floor, Philadelphia, Pennsylvania 19103-2097
Tel: (215) 977-2000 ■ Fax: (215) 977-2740 ■ www.WolfBlock.com

David L. Gollin
Direct Dial: (215) 977-2335
Direct Fax:  (215) 405-3935
E-mail:      dgollin@wolfblock.com

September 9, 2003

**VIA FACSIMILE AND**
**FIRST CLASS MAIL**

Pamela J. White, Esquire
Ober Kaler, P.C.
120 East Baltimore Street
Baltimore, MD 21202-1643

      Re:    EEOC and Koch v. LA Weight Loss

Dear Pam:

      This letter is in response to your September 5, 2003 letter and attached draft Motion to Compel demanding supplemental discovery responses from LA Weight Loss in response to Koch's initial interrogatories and requests for production.

      Initially, we take issue with the baseless accusations in your letter and draft motion pertaining to LA Weight Loss's alleged destruction of documents and efforts to thwart proper discovery. We further disagree with your mischaracterizations of Ms. O'Brien's testimony regarding these issues. Equally important, we find very disturbing your gratuitous attacks on counsel. We will not address these issues in this letter, however, and will focus only on the specific areas of dispute with respect to Ms. Koch's discovery requests.

      Most, if not all of the issues raised in your draft motion are now moot because they request the information previously provided, or currently being provided to the EEOC in response to the Commission's Motion to Compel. Without waiver of our position on the burden of the duplicative and uncoordinated discovery efforts of the plaintiffs, we will make the documents available to you for inspection and designation for copying.

      <u>Request 5</u>:    While LA Weight Loss stands by its objections to this request, the issues you raise in response to LA Weight Loss's response to this request are now moot as LA Weight Loss is producing all documents of which it is aware that are responsive to this request. To LA Weight Loss's knowledge, other than the retaliation complaint raised in this matter by

DSB:931811.1

SEP 1 2 2003

Pamela J. White, Esquire
September 9, 2003
Page 2

Ms. Koch, there have only been two complaints of retaliation arising out of allegations of discrimination against men raised by current or former employees of LA Weight Loss against the individuals involved in the employment decisions pertaining to Ms. Koch. These complaints were made by Sandra-Brown Talavera and Nina Catagnus. LA Weight Loss is in the process of producing all relevant non-privileged information pertaining to these matters in response to the EEOC's Motion to Compel and is preparing a privilege log regarding all privileged information withheld from production. This information will simultaneously be made available to Ms. Koch when it is made available to the EEOC.

      <u>Requests 7 and 8</u>:     We are confused by the issues you raise in response to LA Weight Loss's responses to these requests. LA Weight Loss has produced a complete copy of Ms. Koch's personnel file. Further, with respect to any documents Ms. Koch submitted to the EEOC or that were exchanged between you and David Landau, you should already have copies of these documents in your own files in this matter and in those files that have been produced to you by the EEOC when the investigative file in this matter was provided to LA Weight Loss and Ms. Koch. Your request to receive a second, or more likely third, copy of these documents is clearly unduly burdensome. LA Weight Loss will not produce copies of all correspondence between counsel exchanged after the commencement of this matter by Ms. Koch for the same reason.

      With respect to your specific demand for "documents underlying Landau's representations to Koch on June 4, 1998 that the "Company has engaged in no discriminatory or retaliatory actions towards Ms. Koch" and citing that she was "terminated for poor performance", LA Weight Loss has already produced company documents responsive to this request. As discussed above, LA Weight Loss has produced Ms. Koch's personnel file containing information pertaining to her performance problems and her eventual discharge. There are no additional documents. Mr. Landau's statement in his June 4, 1998 letter to you was a statement made by counsel for LA Weight Loss during efforts to settle this matter (and this is not admissible pursuant to Fed. R. Evid. 408). Any information pertaining to any investigation conducted by LA Weight Loss into Ms. Koch's claims of retaliation should be addressed during the depositions of Karen Siegel and Vahan Karian.

      Finally, if through these requests your are trying to obtain production of the Company's documents and records retained by Ms. Koch after the termination of her employment which were subsequently returned by you, LA Weight Loss will make those documents available for inspection and copying. It should be noted that these documents were provided to the EEOC during its investigation of Ms. Koch's charge of discrimination, and copies of those documents were provided to both LA Weight Loss and Ms. Koch in the EEOC's document production in this matter. As such, Ms. Koch is already in possession of these documents.

DSB:931811.1

Pamela J. White, Esquire
September 9, 2003
Page 3

       Request 9:    LA Weight Loss has not objected to the production of documents from Ms. Portlock's file, including documents pertaining to salary, performance, hiring, job changes and cessation of employment. Rather, LA Weight Loss objects to the provision of copies of these documents until the execution of a confidentiality agreement establishing a mechanism for handling and using these copies during and after this litigation. As I am sure you are aware, these documents were produced to both the EEOC and Ms. Koch for inspection over one year ago when LA Weight Loss made documents available for inspection to both attorneys from the EEOC and Ms. Hoelzer from your office. Included in those documents were the selected documents from Ms. Portlock's personnel file. Copies of those documents were provided to the EEOC under the express reservation that a confidentiality agreement subsequently would be negotiated. Now that the EEOC has reneged on its agreement to enter into a confidentiality agreement, LA Weight Loss is in the process of filing a motion for a protective order to protect the confidentiality of its employee personnel files. Once appropriate protections are entered by the Court, LA Weight Loss will provide copies of these documents to you. In the interim, if you would agree separately to the terms of a stipulated protective order now, LA Weight Loss will provide responsive documents. Further, once an appropriate protective order is in place ensuring the confidentiality of the Company's personnel files, LA Weight Loss will produce Ms. Portlock's personnel file in its entirety.

       Request No. 12:    LA Weight Loss stands by its objections to this request. However, to LA Weight Loss's knowledge, other than the retaliation complaint raised in this matter by Koch, there have only been four complaints made against LA Weight Loss containing or relating to allegations of discrimination against the hiring or employment of men. These include complaints of discrimination against men raised by Todd McCann and Warren Walker, and complaints of retaliation arising out of allegations of discrimination against men raised by Sandra-Brown Talavera and Nina Catagnus (discussed above in response to Request No. 5). LA Weight Loss is producing all relevant non-privileged information pertaining to these matters in response to the EEOC's discovery demands and will make the same available to Ms. Koch. A privilege log regarding all privileged information withheld from production will also be provided.

       Requests No. 14:    Once again, LA Weight Loss stands by its objections to this request. However, LA Weight Loss has already made available for inspection and copying employee lists from1998 through 2002. Your associate, Ms. Hoelzer reviewed these documents over one year ago and did not request copies. Further, copies of these lists were provided to the EEOC when the Commission requested copies of the documents. In fact, LA Weight Loss is currently in the process of providing the EEOC with supplemental lists for some of these time periods. If you would like copies now, copies can be provided.

DSB:931811.1

Pamela J. White, Esquire
September 9, 2003
Page 4

With respect to information pertaining to employees in 1997, as previously conveyed to you and the EEOC, to date, LA Weight Loss has been unable to obtain a listing of employees employed by LA Weight Loss in 1997. In 1997, LA Weight Loss's payroll information was managed by Zurich Payroll Solutions. Zurich is not under the control of LA Weight Loss, and LA Weight Loss has been unsuccessful in its attempts to obtain this information. Zurich is located at 1250 Virginia Drive, Suite 120, Fort Washington, PA, 19034. Both Ms. Koch and the EEOC are free to attempt to subpoena this information.

Request No. 17:    See Response to Request 5 above.

Request No. 18:    As previously stated, LA Weight Loss is not in possession of any documents evidencing the chain of command in Maryland/Delaware, or Mid-Atlantic region for 1997 and/or 1998. However, as stated above in response to Request No. 14, LA Weight Loss already has made available for inspection an employee list from 1998 which identifies the location and job title of every employee employed by LA Weight Loss in 1998. The information sought by the request is contained in this document. A copy of the 1998 employee list will be provided.

Request No. 19:    LA Weight Loss is not in possession of any documents responsive to this request. However, as discussed above, LA Weight Loss will produce a list of all employees employed by the Company in 1998. The list identifies the location in which each employee was employed and each employee's respective position. From this list, Ms. Koch can identify the manager and assistant manager from each center identified in your request. Once Ms. Koch has identified the individuals in question, please provide those names to LA Weight Loss and the Company will endeavor to ascertain the last known address of each individual. It should be noted that obtaining these addresses is a burdensome process as the information is not stored in an electronically searchable format. Rather, LA Weight Loss must manually attempt to locate each individual's personnel file and review it for a last known address.

Request No. 21:    LA Weight Loss produced both a Handbook originally issued on September 1, 1998 and an EEO policy issued March 28, 1998. These are the only written statements of LA Weight Loss's EEO policies and procedures in effect in the 1997 and 1998 time periods -- the years in which Koch was employed by LA Weight Loss. Any policies or procedures in affect after 1998 are in no way relevant to Ms. Koch's claims or defense in this matter. However, although LA Weight Loss stands by its objections, additional documents evidencing LA Weight Loss's EEO policies and practices issued after 1998 have already been made available for inspection and copying to the EEOC and your associate Ms. Hoelzer over one year ago. These documents include various handbooks from all of LA Weight Loss's regions and introduction and training materials. If you would like copies of these documents, they will be provided at Plaintiff's expense.

DSB:931811.1

Pamela J. White, Esquire
September 9, 2003
Page 5


Request No. 24:    Once again, LA Weight Loss stands by its objections and prior responses to this request. Initially, this request is premature as discovery is ongoing. LA Weight Loss has not deposed Ms. Koch, nor has Ms. Koch deposed Lynn Portlock, the primary decision maker with respect to Ms. Koch's discharge. To date, LA Weight Loss has not received any documents in response to subpoenas or from any outside parties that have not been provided to Ms. Koch and the EEOC. Further, all relevant, non-privileged documents gathered to date have been produced or are in the process of being produced. In addition, a privilege log is currently being assembled regarding any documents being withheld on the basis of privilege. Accordingly, LA Weight Loss has more than adequately responded to this overly broad request.

Request No. 25:    See Response to Requests 7 and 8 above.

Request No. 26:    The issue you raise with respect to LA Weight Loss's response to this request is baseless. LA Weight Loss has not refused to produce any responsive documents in its possession. Quite to the contrary, LA Weight Loss has offered to produce these documents once a stipulated protective order had been entered into in this matter. The EEOC has refused to enter into such an agreement and you have refused to enter into an agreement unless the EEOC does. The training materials requested contain information pertaining to LA Weight Loss's sales techniques, dietary programs and pricing. Such information constitutes trade secrets and property information. LA Weight Loss is completely within its rights to request a stipulated protective order prior to production of this information. LA Weight Loss will be seeking a protective order. Once an appropriate protective order has been entered by the Court, LA Weight Loss will produce its training information as it has stated from the outset.

Request No. 27:    Initially, this request is seriously over broad as "all documents that . . . relate to [LA Weight Loss's] policies or procedures regarding employee discipline" could entail every disciplinary notice ever given to any employee of LA Weight Loss.

Assuming that through this overly broad request you are seeking written statements of LA Weight Loss's disciplinary policies, see response to Request No. 21 above as the handbooks referred to therein contain LA Weight Loss's disciplinary policies. LA Weight Loss is not in possession of any other responsive information regarding written statements of its disciplinary policies.

Interrogatories Nos. 6 and 7:  See LA Weight Loss's response to Requests 5 above. LA Weight Loss is not aware of any other information responsive to this interrogatory.

Pamela J. White, Esquire
September 9, 2003
Page 6

Interrogatory No. 9:   See response to Request 21 above.  Further, it is overly
burdensome and premature to demand that LA Weight Loss provide a written account of its
EEO policies and procedures and complaint procedure when that information is more readily
obtainable through less burdensome discovery means.  As previously stated, information
pertaining to LA Weight Loss's EEO policies, practices and procedures can be obtained through
Karen Siegel and Vahan Karian.

Interrogatory No. 14:   As we have explained to you previously, at this time, LA
Weight Loss has been unable to determine the dates and persons involved in any training
sessions provided to area trainers during the time Ms. Koch was employed by LA Weight Loss.
LA Weight Loss reserves the right to supplement this response in accordance with its
obligations under the Federal Rules of Civil Procedure, but simply is not in possession of this
information.

With respect to your demand for training materials, see response to Request No.
26 above.

Interrogatory No. 15:   Once again, LA Weight Loss stands by its objections to
this request, but the issues you raise are moot.  Selected documents from the personnel files of
all trainers pertaining to hiring, performance, job assignments, discipline and discharge were
made available for inspection and copying over one year ago to your associate Ms. Hoelzer when
she accompanied the EEOC to our offices to review documents produced in response to the
EEOC's discovery requests.  Copies of these documents were then produced to the EEOC upon
the Commission's request pursuant to the EEOC's agreement to enter into a confidentiality
agreement with LA Weight Loss regarding the contents of these files.  The EEOC has since
reneged on that agreement and LA Weight Loss is in the process of seeking a protective order
regarding the use and dissemination of its personnel files and other confidential information in
this matter.  Once an appropriate protective order has been entered by the Court, LA Weight
Loss will produce these documents to Ms. Koch at Plaintiff's expense

DSB:931811.1

Pamela J. White, Esquire
September 9, 2003
Page 7

     <u>Interrogatory No. 17</u>: <u>See</u> response to Requests 12 above.

    I hope that this adequately addresses your concerns. If you have any questions, or if you would like to discuss this matter, please call me.

                    Sincerely,

                    David L. Gollin
          For WOLF, BLOCK, SCHORR and SOLIS-COHEN LLP

cc:   Ronald Phillips, Esquire
      David Landau, Esquire

DSB:931811.1