IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION *
*
Plaintiff *
*
and *
*
KATHY C. KOCH *
*
Intervenor/Plaintiff *
*
v. * Civil No. S-02-CV-648
*
LA WEIGHT LOSS *
*
Defendant *

* * * * * * * * * * * *

**MEMORANDUM OF INTERVENOR/PLAINTIFF IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND INTERROGATORY ANSWERS**

Intervenor/Plaintiff, Kathy C. Koch, by her attorneys Pamela J. White and Ober, Kaler, Grimes & Shriver moves this Court, pursuant to Federal Rule of Civil Procedure 37 and Local Rule 104, to compel Defendant LA Weight Loss, to produce discovery in response to Plaintiff's Requests for Production of Documents and Plaintiff's Interrogatories. Defendant's response to Plaintiff's request for documents virtually failed to produce any documents at all, producing only 34 pages of documents and an employee handbook as to 29 requests for production. Instead, Defendant asserts meritless objections as the basis for failing to provide responsive information and/or documents. Similarly, Defendant served incomplete answers to Plaintiff's interrogatories and subsequently has not provided supplemental answers. Nor have documents and information been provided during critical depositions conducted in recent weeks.

Information responsive to Plaintiff's discovery requests was necessary for Plaintiff's preparation for such depositions but not forthcoming. Defendant's responses, considered in the context of almost a total failure to produce any documents to Plaintiff, and a failure to respond to her interrogatories, establish that Defendant has failed to provide basic information relevant and necessary to allow Plaintiff to pursue her claims against Defendant.

## Introduction

In October 1997, Kathy Koch was hired by Kristi O'Brien of LA Weight Loss as "Area Corporate Trainer." Ms. Koch worked in the Baltimore/Delaware Region between November 1997 and March 12, 1998, when she was discharged by Kristi O'Brien and Lynn Portlock, her immediate supervisor. On March 8, 1998, Ms. Koch's letter had complained to Ms. Portlock that Ms. Koch had "initiated a formal complaint with the U.S. Equal Employment Opportunity Commission to protest the employment policies of LA Weight Loss Centers." Ms. O'Brien was one of several corporate officials who had reported she preferred to hire women and did not hire men. Ms. O'Brien recently denied having seen that letter or Ms. Koch's EEOC claim until preparing with her counsel (David Landau) for her deposition on August 28, 2003. In her sworn testimony, Ms. O'Brien also failed to recall most of the events relevant to Ms. Koch's employment, performance, discharge and complaint to the EEOC in 1998, and she refused to produce, identify or describe relevant documents; however, Ms. O'Brien testified that she had prepared contemporaneous notes and reviewed contemporaneous personnel and hiring records in 1997-98.

Ms. O'Brien's selective memory and Ms. Koch's disadvantage to prepare for Ms. O'Brien's deposition provide consequent and graphic examples of the failure of Ms. O'Brien and defense counsel to produce relevant documents or provide interrogatory answers in this litigation to Ms. Koch. Ms. Koch has been denied the opportunity to prepare for the O'Brien, Portlock or Koch depositions with documents reflecting or constituting Ms. Koch's actual job performance.[1]

Factual Points and Grounds

After Ms. Koch's March 8, 1998 letters to Portlock and to the EEOC and her discharge on March 12, 1998, Koch's counsel, (Pamela J. White and Ober, Kaler, Grimes & Shriver) communicated with the owner of LA Weight Loss, then with its counsel David Landau. Ms. White's letter dated April 21, 1998 to owner Vahan Karabajakian (Exhibit A) informed that Ms. Koch's counsel was "engaged to investigate and evaluate administrative claims or litigation alternatives pursuant to Title VII of the Civil Rights Act of 1964 and other relevant laws." Among other points of information, that letter identified Ms. O'Brien and Ms. Portlock by name and apparent responsibility. LA Weight Loss responded to Ms. White's invitation to communicate by counsel with David Landau's letters dated May 1, 1998 (Exhibit B) and June 4, 1998 (Exhibit C) in which Mr. Landau reported that "Ms. Koch was terminated for poor performance. The Company engaged in no discriminatory or retaliatory actions towards Ms. Koch." LA Weight Loss and Mr. Landau also were informed of Ms. Koch's charge of discrimination (Exhibit D), as amended (Exhibit E). Ms. White's letter of April 21, 1998 had informed

[1] By Defense counsel's recent letter dated September 9, 2003, Mr. Gollin also reports: "At this time, the Company has found no evidence that Koch returned any documents at the time of her discharge as she alleges." In a second letter dated September 9, 2003, Mr. Gollin complains that production of such documents "is premature" because "LA Weight Loss has not deposed Ms. Koch, nor has Ms. Koch deposed Lynne Portlock, the primary decision maker with respect to Ms. Koch's discharge." But See Local Rule 104.

that "Koch was singled out for disparate treatment and retaliatory termination because of her objection to, and unwillingness to abide by the Center's discriminatory hiring policies, and her action in bringing these policies and actions to the attention of the EEOC."

Five years later, in this litigation, Ms. Koch requested production of "documents that reflect, refer or relate to all steps taken to investigate Kathy Koch's complaint(s) respecting LA Weight Loss' new-hire application and hiring practices." (Request No. 16). Predictably, LA Weight Loss objected to the request "as vague and ambiguous", and contradicted Mr. Landau's letter of June 4, 1998 when Mr. Landau had emphatically asserted that "Koch was terminated for poor performance" and that the "Company has engaged in no discriminatory or retaliatory actions towards Ms. Koch." In 2003, Mr. Landau's response to document Request No. 16, for LA Weight Loss, offers no documents to explain or permit Ms. Koch's examination of Mr. Landau's current line of defense that "Defendant is aware of a complaint raised by Plaintiff which Defendant received after Plaintiff's discharge. Upon information and belief, it is believed that Defendant reviewed the complaint from Plaintiff and determined it was without merit." (LA Weight Loss's Response to Request No. 16).

As instructed by law, Mr. Landau and LA Weight Loss were obliged to preserve all documents and records conceivably relevant to Ms. Koch's issues until the disposition of the charge or action. *See* 42 U.S.C. § 2000 (e) (c); 29 C.F.R.§ 1602.14. They failed to do so.

LA Weight Loss' statutory breach was apparent during Ms. O'Brien's deposition on August 28, 2003. As she testified, Ms. O'Brien had maintained appointment calendars and certain records related to hiring and training in 1997-98 and did not throw out those records, but was never asked to turn those documents over to management or counsel. Ms. O'Brien recalled that she had kept records of reasons why she let trainers go but was not asked to provide those documents to counsel. Ms. O'Brien also recalled that she took contemporaneous notes of telephone calls about trainer performance and conversations with trainers on note pads and eventually would discard those notes. Ms. O'Brien received no instructions in 1998 about keeping those notes or notes of her conversations with Ms. Portlock about Ms. Koch.

Five years later, when Ms. Koch asked for "documents which reflect, refer, or relate to any evaluation (formal or informal) of Kathy Koch" (Request No.2), and "informal files kept by any supervisor or manager . . . or any complaints made by or concerning Ms. Koch" (Request No. 3), LA Weight Loss failed to produce such documents and failed to explain what happened to Ms. O'Brien's notes.

LA Weight Loss' continuing failure to fulfill its statutory responsibility becomes obvious upon recalling counsel's 1998 correspondence. On July 7, 1998, Ms. White's letter to Mr. Landau enclosed documents discovered in Ms. Koch's possession that "may be proprietary in nature. Such documents are now returned to your attention and further transmittal to Ms. Koch's former employer." (Exhibit F). Those documents reflected Ms. Koch's actual job performance and "included: tracking sheets with names and phone numbers of people Ms. Koch interviewed, applications for employment submitted to Ms.

Koch, including those of male applicants, telephone instructions of sales employees' telephone performance, Ms. Koch's time sheet, a letter of resignation of a person trained by Ms. Koch, a fax from Ms. Koch to her supervisor regarding testing, and Ms. Koch's work schedule for March 1998." (Exhibit G, November 10, 1998 letter to Judy Navarro).

By January 6, 1999, Mr. Landau had offered the position of LA Weight Loss that Ms. Koch had "problems with her performance" in recruiting and training, that "the decision to terminate Ms. Koch was based solely on her performance, having nothing to do with her questioning LA Weight Loss' hiring of male applicants." However, Mr. Landau expressly rejected the EEOC's request for production of the documents provided to him on July 7, 1998 by Ms. Koch because "the information requested is irrelevant to the allegations of this charge." (Exhibit H)

Five years later, LA Weight Loss has been asked but has yet to produce correspondence and "documents received by you from Kathy Koch after Ms. Koch's termination from her employment," insisting that such request is "overly broad" and irrelevant. (Document Request No. 25).[2] The posture, conduct, and obstruction of Ms. Koch's reasonable requests by Mr. Landau, with his client, is sanctionable. See Exhibit I.

Procedural Points

The EEOC's Complaint in this litigation was filed in February 2002; the Answer was filed in April 2002; Ms. Koch's Motion to Intervene was filed in June 2002; and the Answer to that Complaint was filed in August 2002. Defendant LA Weight Loss and the EEOC have exchanged discovery requests. After LA Weight Loss received the EEOC's

[2] Ms. Koch requested LA's production of the documents provided to Mr. Landau on July 7, 1998 among "all documents that refer, reflect or constitute any correspondence and/or any other documents received by you from Kathy Koch after Ms. Koch's termination from her employment with LA Weight Loss." LA Weight Loss objected to this Request No. 25 as "overly broad" and irrelevant, proposing only to "produce a copy of Plaintiff's personnel file." By counsel's letter dated July 30, 2003 Ms. White specifically required Mr. Landau's attention to the documents he had received on or after July 7, 1998.

discovery responses in September 2002, LA Weight Loss propounded document requests and interrogatories to Ms. Koch in December 2002. Koch's answers in January 2003 were followed by her document requests and interrogatories to LA in February 2003. LA Weight Loss responded on March 31, 2003 and subsequently produced its 34 pages. Counsel exchanged correspondence addressing the inadequacy of those responses on July 30 and August 5, 2003. Ms. Koch's counsel also intended to observe certain depositions in August and note the EEOC's own motion to compel LA Weight Loss' discovery responses in August, 2003, all in an effort to secure relevant information from alternative sources and to avoid redundant discovery disputes.[3]

On August 25, 2003, LA Weight Loss' counsel complained that it "has been served with duplicate discovery requests" and expected that "a similar problem is likely to arise at depositions." Because defense counsel "anticipate" (and already concluded) that potential examination by both lawyers for the EEOC and for Ms. Koch "is unduly burdensome and harassing to LA Weight Loss", defense counsel threatened to "file for a protective order" if either counsel for the EEOC or Ms. White for Ms. Koch were not expressly designated "to take the lead for each deposition or written discovery." Defense counsel's extraordinary letter reflects the latest in a five year pattern of procedural hijinks and deception to deny Ms. Koch her right to investigate and discover facts relevant to her

---

[3] As it became obvious that LA Weight Loss was not budging from its refusal to produce to Ms.. Koch in this litigation the same documents it had refused to produce in the EEOC's investigation, (including the Koch performance documents in Mr. Landau's possession after counsel's letter dated July 7, 1998), Ms. Koch determined to avoid redundant discovery motions (e.g. await the parties' attention to the EEOC's Motion to Compel) and look for alternative discovery sources in upcoming depositions. Those depositions, however, cause concern that LA Weight Loss officials such as Ms. O'Brien have destroyed relevant documents in breach of LA Weight Loss' statutory duties. Further, the response of LA Weight Loss to the EEOC's Motion to Compel, filed September 12, 2003 was not helpful to avoid the necessity of this Motion by Ms. Koch. For example, LA Weight Loss explained its objections to EEOC's Document Request No. 24, in pertinent part: "the EEOC's demand for documents and information pertaining to all complaints of retaliation of any kind seeks the production of documents and information not relevant to any claims or defenses at issue in this matter." (Defendant's Memo at p. 24).

claims of retaliatory discharge for challenging LA Weight Loss' discriminatory hiring practices and facts relevant to LA Weight Loss' defense of Ms. Koch's alleged performance deficiencies.

Another startling example of LA Weight Loss' sanctionable conduct is Mr. Landau's failure to disclose the complaint of Sandra Brown-Talavera (for retaliatory conduct engaged 1997-98 by Kristi O'Brien) until 2 days before the Brown-Talavera deposition was scheduled to proceed on July 31, 2003 according to the EEOC's subpoena.[4] Ms. Koch's several discovery requests in February 2003 had sought all documents which reflect or refer to any claim or complaint or allegation that any LA Weight Loss employee in the Maryland/Delaware region retaliated against any other employee (Request Nos. 5, 17). Ms. O'Brien and Ms. Portlock were responsible for training and trainers in the region. According to Ms. Brown-Talavera's own Complaint for Retaliatory Harassment and Discharge filed in federal court in 2000, that Plaintiff had told Kristi O'Brien in January 1998 "it appears that ever since her complaints in late 1997, there has been nothing but hostility and efforts to get her out of the company", including direct efforts by Ms. O'Brien. Ms. Brown-Talavera also testified at deposition in April 2001 that Kristi O'Brien had told other employees "not to speak to me because I was launching a lawsuit against the company that could make the company so broke and they wouldn't have a job." [Depo at 198].[5]

---

[4] The documents were mailed by defense counsel on Friday July 25, 2003, however, Ms. Koch did not receive the materials until July 29, 2003.

[5] The EEOC's pending Motion to Compel Defendant's Response to EEOC Request No. 24 also addresses the issue that "Brown-Talavera testified under oath to at least four statements made by Defendant Management personnel that demonstrated the existence of a policy against hiring men for various positions;" however, LA Weight Loss has failed to produce such documents, obviously relevant to the EEOC's claims, as "overly broad and unduly burdensome."

By letter dated August 29, 2003 (received by Ms. Koch's counsel on September 2, the day before Scott Moyer's deposition), LA Weight Loss produced "the investigative report relating to the investigation conducted in the Sandar [sic] Brown-Talavera matter." The documents produced included the transcript of a recorded interview of Sandra Brown, actually a meeting conducted on February 2, 1998 and attended by Ms. Brown, Mr. Moyer, (COO), and counsel for LA Weight Loss (an associate of David Landau). At that meeting, Ms. Brown described the circumstances of retaliation of which she complained. Ms. Brown reported that she had told several co-workers and Kristi O'Brien of a number of concerns with Ms. Brown's direct supervisor (Lesia Petrizzio); for example, "[w]hen I was trying to hire, Lesia said that I couldn't hire males" [p.38]. Chief Operating Officer Scott Moyer noted his intention "to make sure that we talk to everybody. I want to get all the facts out." [p.53] Ms. Brown specifically urged that "the gender issue…needs to be investigated." "I don't feel it is fair that men can't be on board…" [p.58]. Mr. Moyer responded that "the company does not have a policy against hiring men." [p.58]. Other interview note(s) reflected that several employees believed "the company does not hire men," that Lesia advised "the company doesn't like to hire them," that Lesia had been heard to say she "didn't want to hire men."

In this litigation, Ms. Koch complains of her retaliatory discharge by Kristi O'Brien and Lynn Portlock on March 12, 1998; the substance of the claim was confirmed in counsel's correspondence in 1998, and by the fact of Ms. Koch's contemporaneous charge to the EEOC. LA Weight Loss' failure to produce relevant documents and information to Ms. Koch five years later, in time to prepare for the O'Brien, Moyer and

Portlock depositions, is unconscionable and sanctionable.

Additional procedural grounds and legal points in support of this Motion follow as to particular requests and interrogatories, also set out below.

REQUESTS FOR DOCUMENTS

REQUEST NO. 5: All documents which reflect, refer or relate to any claim or allegation that LA Weight Loss, or any employee of LA Weight Loss, retaliated against any other employee or former employee of LA Weight Loss in the Maryland/Delaware region from 1997 to the present.

RESPONSE TO REQUEST NO. 5: Defendant objects to this request to the extent it seeks information that is not relevant to any claim or defense in Intervenor/Plaintiff's action. Defendant further objects to this request as overly broad and unduly burdensome. Defendant also objects to this request as overly broad as to time. This request seeks information "from 1997 to the present." Plaintiff was only employed by Defendant for a brief three and a half month period between November 1997 and March 1998. As such, any information beyond the dates of Plaintiff's employment is not relevant and such a request is overly broad. Defendant further objects to this request to the extent it requests the disclosure of information or documents protected by the attorney-client privilege, work product doctrine and/or any other applicable privilege recognized by law.

OBJECTION TO RESPONSE TO REQUEST NO. 5: Defendant's response is facially improper. Claims of retaliation against the company in the Maryland/Delaware region from 1997 to the present are clearly relevant to Plaintiff's claim and the request is limited to a reasonable geographical scope and time frame. Courts considering discovery requests seeking the identification of other, similar claims and lawsuits against a defendant generally require production of the information. *See Shearin v. Safelite Glass Corp.*, No. 4:97-CV-81-BO2, 1998 U.S. Dist. LEXIS 8115 (April 15, 1998, E.D. NC.) (plaintiff entitled to discover other claims of sexual harassment, discrimination or

retaliation in plaintiff's plant and from any other location that was reported to corporate headquarters); *see e.g. Schapp v. Executive Indus, Inc*., 130 F.R.D. 384, 387 (N.D.Ill. 1990) (information concerning similar circumstances surrounding the facts at issue in other products liability cases may "shed some light" on the issues involved in this case). Among other things, these incidents provide evidence to show that Defendant does not comply with Title VII, other acts of retaliation for engaging in protected activity, retaliatory motive, and evidence indicating that Defendant acted with malice in retaliating against Plaintiff for filing her claim.

Defendant's contention that "any information beyond the dates of Plaintiff's employment is not relevant," is inconceivable and contrary to discovery rules and case authority. Discovery of information both before and after the liability period within a Title VII lawsuit may be relevant and/or reasonably calculated to lead to the discovery of admissible evidence. *See e.g. Milner v. National Sch. Of Health Tech.*, 73 F.R.D. 628, 632 (E.D. Pa. 1977) (discovery embracing a period of six and one-half years was appropriate). Plaintiff's request also is reasonable as to geographic scope. The request covers only the Maryland/Delaware region, where Ms. Koch performed her duties, and encompassing the area in which Ms. Portlock and Ms. O'Brien supervised other trainers. Moreover, the provision of such information likely is not overly burdensome—indeed, if it is too difficult or costly for Defendant to compile the documents concerning any such claims of retaliation, the relevance of the information sought would seem to be enhanced by the sheer volume thereof.

Finally, Defendant also objects to Request No. 5 on the basis of attorney-client and work product, as it does in almost every single response. Defendant, however, has failed to explain how the attorney-client privilege or work-product doctrine applies to any Request in which the privilege and/or doctrine is asserted. Additionally, Defendant failed to produce a privilege log as required by Federal Rule of Civil Procedure 26 and Guideline 9 of the Local Rules identifying the privilege asserted, the name of the person(s) making the communication or present during the communication, the date(s) of the communication and the general subject matter of the communication. *See e.g. Marens vs. Carrabba's Italian Grill, Inc.*, 196 F.R.D. 35 (D. Md. 2000) (rules impose an affirmative duty on the objecting party to particularize with facts, not conclusory statements, the basis for the objections). Defendant, however, asserted on August 5, 2003 that it has not withheld any relevant responsive documents on the basis of attorney-client privilege. *See* letter from Defendant's counsel dated August 5, 2003. When questioned more closely and challenged that Defendant is required to revise and supplement its responses appropriately, Defendant subsequently reported that it would produce a privilege log. That log is yet to be provided and Defendant continues to withhold documents.

REQUEST NO. 7: All correspondence between Kathy Koch and LA Weight Loss, or concerning Kathy Koch by or to any employee of LA Weight Loss, or concerning Kathy Koch by or to the Equal Employment Opportunity Commission or to any person other than LA Weight Loss.

RESPONSE TO REQUEST NO. 7: Defendant objects to this request to the extent it requests the disclosure of information or documents protected by the attorney-client privilege, word product doctrine and/or any other applicable privilege recognized by law. Defendant also objects to this request to the extent that it seeks information that I not relevant to any claim or defense in Intervenor/Plaintiff's action. Any discoverable



726998

correspondence between Defendant and the EEOC pertaining to Plaintiff can be more readily obtained through a Freedom of Information Act Request served by Plaintiff upon the EEOC. Further, because the EEOC has already produced a copy of its investigative file pertaining to plaintiff to all parties in this matter, a number of the documents sought by Plaintiff through this request have already been made available.

Subject to and without waiver of the foregoing objections and the General Objections, Defendant will produce a cop of Plaintiff's personnel file containing relevant, non-privileged responsive documents.

OBJECTION TO RESPONSE TO REQUEST NO. 7: Defendant's objection is wholly without merit. Defendant's objection is offensive and sanctionable in view of Koch's contemporaneous correspondence with Defendant and its counsel. In the circumstances, Koch requires the production of original documents for inspection.

Whether copies of certain documents already have been produced to or by the EEOC does not relieve LA Weight Loss from producing its own files and documents to Ms. Koch especially documents exchanged between Koch and Defendant's counsel and documents underling Landau's representations to Koch on June 4, 1998 that the "Company has engaged in no discriminatory or retaliatory actions towards Ms. Koch" and citing her termination "for poor performance." The EEOC certainly bears no responsibility to satisfy Defendant's own discovery obligations and Defendant cannot avoid its duty to respond to discovery by attempting to place the burden on Plaintiff herself. The relevancy of communications with Defendants, within the company, with the EEOC, and/or with anyone referring or relating to Ms. Koch is self-evident. Defendant must be compelled to produce this information.

REQUEST NO. 8: All documents prepared by, or at the direction of, any employee of LA Weight Loss respecting Kathy Koch.

RESPONSE TO REQUEST NO. 8: Defendant objects to this request to the extent it requests the disclosure of information or documents protected by the attorney-client privilege, work product doctrine and/or any other applicable privilege recognized by law. Defendant also objects to this request to the extent that it seeks information that is not relevant to any claim or defense in the Intervenor/Plaintiff's action.

Subject to and without waiver of the foregoing objections and the General Objections, Defendant will produce a copy of Plaintiff's personnel file containing relevant, non-privileged responsive documents.

OBJECTION TO RESONSE TO REQUEST NO. 8: Defendant's response is insufficient for the same reasons asserted in Plaintiff's Objection to Response No. 7. In the circumstances, it is obvious that documents prepared by, or at the direction of, any employee of L.A. Weight Loss respecting Kathy Koch are directly related to her claims and Defendant's assertion of her poor performance. It is Defendant's obligation to produce these documents without limitation to the questionable contents of her personnel file. Again, Defendant also objects on the basis of privilege and/or work product, and does not give a basis for such objection. Instead, Defendant has only produced Plaintiff's personnel file. Plaintiff is aware that other responsive documents exist besides the documents maintained in her personnel file, and requires Defendant to produce all responsive relevant documents or explain why a spoliation finding should not follow.

REQUEST NO. 9: Lynne Portlock's personnel file and any other file maintained by LA Weight Loss respecting Ms. Portlock. To the extent not included in her personnel file, please produce all documents which reflect, refer, or relate to any evaluation (formal or informal) of Lynne Portlock.

RESPONSE TO REQUEST NO. 9: Defendant objects to this request to the extent it seeks information that is not relevant to any claim or defense in Intervenor/Plaintiff's action. Defendant also objects to this request to the extent it seeks the production of personal and/or confidential information. Defendant further objects to this request to the extent it requests the disclosure of the information or documents protected by the attorney-client privilege, work product doctrine and/or any other

applicable privilege recognized by law.

OBJECTION TO RESPONSE TO REQUEST NO. 9: Defendant's withholding of selective but relevant portions of Lynn Portlock's personnel file(s) on the grounds of irrelevancy, confidentiality and privilege is groundless. Certainly such documents are relevant as Ms. Portlock was Plaintiff's immediate supervisor and participated in Plaintiff's termination. Given the production of personnel documents for other former employees, this refusal to produce Ms. Portlock's file without a confidentiality agreement undercuts Defendant's position. Further LA Weight Loss's selective limitation on the contents of its production is unexplained and unacceptable. While Plaintiff understands the limits on certain confidential medical information, it is not Defendant's prerogative to determine that unidentified "personal" documents and those relating to pay and performance are not relevant. These documents very well may lead to the discovery of admissible evidence and must be produced.

REQUEST NO. 12: All documents that reflect, refer, or relate to any and all complaints made by any employee of LA Weight Loss, whether internal or to an outside agency, whether formal or informal, respecting LA Weight Loss' new-hire application and/or hiring policies or procedures from 1997 to the present.

RESPONSE TO REQUEST NO. 12: Defendant objects to this request to the extent it seeks information that is not relevant to any claim or defense in Intervenor/Plaintiff's action. Defendant further objects to this request as overly broad and unduly burdensome. Defendant also objects to this request as overly broad as to time. This request seeks information "from 1997 to the present." Plaintiff was only employed by Defendant for a brief three and a half month period between November 1997 and March 1998. As such, any information beyond the dates of Plaintiff's employment is not relevant and such a request is overly broad. Defendant further objects to this request to the extent it requests the disclosure of information or documents protected by the attorney-client privilege, work product doctrine and/or any other applicable privilege recognized by law.

OBJECTION TO RESPONSE TO REQUEST NO. 12: Request No. 12 is not irrelevant, overly broad, or unduly burdensome. Further, Defendant's objection based on privilege is again wholly unexplained. The requested evidence is relevant to Ms. Koch's claims that she complained to her supervisors that the company refused to hire men. Ms. Koch was employed by Defendant for approximately five months in 1997 and 1998, and documents dated or exchanged at least in 1997 and 1998 are certainly relevant. To the extent that the Request does not specify the geographic scope, Plaintiff requests documents relating to complaints made by employees in the Maryland/Delaware region. This scope and time frame is more than reasonable. *See* Plaintiff's Objection to Response No. 5.

REQUEST NO. 17: All documents that refer or relate to any complaints of retaliation, whether internal or to an outside agency, whether formal or informal, made against LA Weight Loss or any employee of LA Weight Loss from 1997 to the present in the Maryland/Delaware region.

RESPONSE TO REQUEST NO. 17: Defendant objects to this request as duplicative of Request No. 5 above. Subject to and without waiver of the foregoing objection and the General Objections, defendant incorporates by reference it objections and response to Request No. 5 above as if set forth in full herein.

OBJECTION TO RESPONSE TO REQUEST NO. 17: *See* Plaintiff's Objection to Response to Request No. 5.

REQUEST NO. 19: Produce the document or documents reflecting the names, addresses of each manager or assistant manager of Defendant's centers located in Brandywine and Newark, Delaware and of all centers located in the Baltimore, Maryland area (including but not limited to Glen Burnie, Catonsville, Pikesville, Laurel, Bel Air, Annapolis and Dundalk) during the period of 1997-1998.

RESPONSE TO REQUEST NO. 19: Subject to and without waiver of the General Objections, Defendant is not in possession of any non-privileged, relevant

responsive documents. Defendant's search for relevant, non-privileged, relevant responsive documents is ongoing, and Defendant reserves the right to supplement this request if such documents are located.

OBJECTION TO RESPONSE TO REQUEST NO. 19: Defendant's response to request 19 is incredible for its representation that LA Weight Loss continues to search for responsive documents that would reflect the names of managers and assistant managers of centers located in the Baltimore region during the time of Ms. Koch's employment. Defendant must promptly supplement its response. *See also* Plaintiff's Objection to Response to Request 18.

REQUEST NO. 21: Produce copies of any of LA Weight Loss' policies, practices or procedures concerning discrimination and/or retaliation since 1997.

RESPONSE TO REQEUST NO. 21: Defendant objects to this request as overly broad and unduly burdensome. Subject to and without waiver to the foregoing objection and the General Objections, Defendant will produce a copy of its 1998 EEO Policy Statement along with the copy of its Employee Handbook previously produced in response to Requests 13 and 20. The Handbook contains Defendant's policies, practices and procedures concerning discrimination, harassment and retaliation.

OBJECTION TO RESPONSE TO REQUEST NO. 21: Plaintiff's request is narrowly tailored and not unduly burdensome. *See* Plaintiff's Objection to response No. 5. If Defendant maintains any other policies, manuals or Handbooks concerning discrimination and/ or retaliation, besides the 1998 Handbook and EEO policy, from 1997 until the present, those documents must be produced. If no other policies or procedures exist from 1997, Defendant is required to explain the circumstances[6], e.g. whether none existed or have since been destroyed.

[6] Defendant's letter dated September 9, 2003 now suggests that a Handbook issued on September 1, 1998 and an EEO policy issued March 28, 1998 "are the only written statements of LA Weight Loss' EEO policies and procedures in effect in the 1997 and 1998 time periods…"

REQUEST NO. 24: All documents gathered during the preparation of the defense of the Intervenor/Plaintiff's First Amended Complaint, including documents received as responses to subpoenas, voluntary requests to outside parties, and internal document-gathering processes.

RESPONSE TO REQUEST NO. 24: Defendant objects to this request as overly broad. Defendant further objects to this request to the extent it requests the disclosure of information or documents protected by the attorney-client privilege, work product doctrine and/or any other applicable privilege recognized by law. Defendant further objects to this request as premature, as discovery is ongoing in this matter.

OBJECTION TO RESPONSE TO REQUEST NO. 24: Plaintiff is entitled to the documents reflecting the factual bases of the Defendant's case and is entitled to review non-privileged documents relevant to the defenses and denials of the Defendant. Such a request is not over broad. Accordingly, Ms. Koch requests non-privileged notes of fact witness statements, transcripts of interviews, and responses to subpoenas. The importance and context of this request follows from the apparent loss of documents or failure, at least, for Defendant to produce records contemporaneous with Koch's termination, claims, and correspondence in 1998.

REQUEST NO. 25: All documents that refer, reflect or constitute any correspondence and/or any other documents received by you from Kathy Koch after Ms. Koch's termination from her employment with LA Weight Loss.

RESPONSE TO NO. 25: Defendant objects to this request to the extent it requests the disclosure of information or documents protected by the attorney-client privilege, work product doctrine and/or any other applicable privilege recognized by law.

Subject to and without waiver of the foregoing objections and the General Objections, Defendant will produce a copy of Plaintiff's personnel file containing relevant, non-privileged responsive documents.

OBJECTION TO RESPONSE TO REQUEST NO. 25: *See* Plaintiff's Objection to Response to Request No. 7. Defendant recently has offered to make available for inspection those "documents and records improperly retained by Ms. Koch after the termination of her employment which were subsequently returned by you." *See* Exhibit. Defendant must produce such documents or state when and where they are available for inspection.

REQUEST NO. 26: All documents that refer, reflect or constitute the training provided by area corporate trainers, corporate trainers, and/or service trainers to center counselors in the Maryland/Delaware region from 1997 through 1998, including but not limited to materials provided to trainees, training agenda and content, identity of the trainers providing any such training sessions, the test scores of all trainees who received such training, and any feedback or evaluations provided by trainees respecting such training.

RESPONSE TO REQUEST NO. 26: Defendant objects to this request to the extent it requests the disclosure of information or documents protected by the attorney-client privilege, work product doctrine and/or any other applicable privilege recognized by law.

Subject to and without waiver of the foregoing objections and the General Objections, Defendant will produce relevant, non-privileged responsive documents evidencing the training materials utilized in the 1997-1998 time period.

OBJECTION TO RESPONSE TO REQUEST NO. 26: Defendant's bald objection based on attorney-client and work product is again groundless, not to mention unsubstantiated. It is hard to imagine that training materials provided by and to Defendant's employees are protected in anyway, including Ms. Koch's training materials. Defendant, nevertheless, agreed to "produce relevant, non-privileged responsive documents evidencing the training materials utilized in the 1997-1998 time period." However, Defendant now

asserts that the documents will not be produced until the filing of a confidentiality agreement and will be seeking a protective order. Defendant's transparent attempt to avoid production of Ms. Koch's training materials is unavailing and it must be compelled to produce the responsive documents.

REQUEST NO. 27: All documents that refer, reflect or relate to your policies or procedures regarding employee discipline, including but not limited to, any progressive discipline policies or procedures from 1997 to the present.

RESPONSE TO REQUEST NO. 27: Defendant objects to this request to the extent it seeks information that is not relevant to any claim or defense in Intervenor/Plaintiff's action. Defendant further objects to this request as unduly burdensome and overly broad, both generally and as to time. Defendant further objects to this request to the extent it requests the disclosure of information or documents protected by the attorney-client privilege, work product doctrine and/or any other applicable privilege recognized by law.

Subject to and without waiver of the foregoing objections and the General Objections, Defendant will produce a copy of its Employee Handbook for employees employed in the region in which Plaintiff was employed. The Handbook contains a corrective counseling policy.

OBJECTION TO RESPONSE TO REQUEST NO. 27: *See* Plaintiff's Objection To Responses to Requests No.20 and No. 21. The requested information is clearly relevant as Defendant has asserted that it discharged Ms. Koch for performance-related reasons, including her failure to carry out certain training duties in her capacity as an Area Trainer. Further, it is hard to imagine that such information is privileged, as any policies and/or procedures relating to employee discipline would have been distributed or made available to all employees while they were employed by Defendant. As such, Defendant must be compelled to produce all discipline and procedures for the relevant time period.

INTERROGATORIES

INTERROGATORY NO. 6: Identify and fully describe each complaint of retaliation that any employee in the Maryland/Delaware region has made against any other employee of L.A. Weight Loss, or against LA Weight Loss itself, whether written or oral, internally or with any outside administrative agency, from 1997 to the present. With respect to each complaint, describe fully any investigation action taken by LA Weight Loss and the final result of each such complaint. Your answer should include, but not be limited to, an identification of all documents reflecting or relating to any facts set forth in your answer and an identification of all persons with personal knowledge thereof.

ANSWER NO. 6: Defendant objects to this interrogatory to the extent it seeks information that is not relevant to any claim or defense in Intervenor/Plaintiff's action. Defendant further objects to this interrogatory as overly broad and unduly burdensome. Defendant also objects to this interrogatory as overly broad as to time. This request seeks information "from 1997 to the present." Plaintiff was only employed by defendant for a brief three and a half month period between November 1997 and March 1998. As such, any information beyond the dates of Plaintiff's employment is not relevant and such an interrogatory is overly broad. Defendant further objects to this interrogatory to the extent it requests the disclosure of information or documents protected by the attorney-client privilege, work product doctrine and/or any other applicable privilege recognized by law.

OBJECTION TO ANSWER NO. 6: Defendant's objection is without merit. Information concerning similar circumstances of retaliation claims against Defendant relates directly to the issues involved in this case. The geographical and temporal scope, limited to the supervisors and region in which Ms. Koch was employed and for the four years following her termination, are reasonable and do not impose an unduly burden upon Defendant. *See* Plaintiff's Objection to Response to Request No. 5, supra.

INTERROGATORY NO. 7: Identify and describe fully all formal complaints of retaliation in the Maryland/Delaware region filed with the United States Equal Employment Opportunity Commission or any state or local human rights commission, or as a lawsuit against LA Weight Loss, from 1996 through the present, and state the outcome of each claim. Your answer should include, but not be limited to, an identification of all documents reflecting or relating to any facts set forth in your answer and an identification of all persons with personal knowledge thereof.

ANSWER TO NO. 7: Defendant objects to this interrogatory to the extent it seeks information that is not relevant to any claim or defense in Intervenor/Plaintiff's action. Defendant further objects to this interrogatory as overly broad and unduly burdensome. Defendant also objects to this interrogatory as overly broad as to time. This request seeks information " from 1997 to the present." Plaintiff was only employed by Defendant for a brief three and a half month period between November 1997 and March 1998. As such, any information beyond the dates of Plaintiff's employment is not relevant and such an interrogatory is overly broad. Defendant further objects to this interrogatory to the extent it requests the disclosure of information or documents protected by the attorney-client privilege, work product doctrine and/or any other applicable privilege recognized by law.

OBJECTION TO ANSWER NO. 7: *See* Plaintiff's Objection to Answer No. 6.

INTERROGATORY NO. 9: Identify and describe fully the policies, practices and procedures in place from 1997 until the present to be followed by any employee making a complaint against LA Weight Loss or any other employee of LA Weight Loss with respect to gender discrimination and/or retaliation, whether written or oral, including any investigative steps utilized by LA Weight Loss to investigate such a complaint. Your answer should include, but not be limited to, an identification of all documents reflecting or relating to any facts set forth in your answer and an identification of all persons with personal knowledge thereof.

ANSWER TO NO. 9: Defendant objects to this interrogatory as overly broad and unduly burdensome. Defendant further objects to this interrogatory to the extent it seeks disclosure of information or documents protected by the attorney-client privilege, work product doctrine and/or any other applicable privilege recognized by law.

Subject to and without waiver of the foregoing objections and the General Objections, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Defendant will produce a copy of its Employee Handbook and EEO policy which contain relevant, non-privileged information from which answers to this interrogatory can be ascertained.

OBJECTION TO ANSWER NO. 9: *See* Plaintiff's Objection To Responses to Requests Nos. 20, 21, 27. Defendant only identifies two documents in response to Plaintiff's question and, yet again, baldly asserts the attorney-client privilege and work product doctrines. Defendant further fails to provide a description of any oral policies and

practices, investigative steps and an identification of all persons with personal knowledge of Defendant's discrimination and/or retaliation policies, practices and procedures. Defendant must be compelled to fully respond to Plaintiff's request.

INTERROGATORY NO. 14: Identify and describe fully the agenda and content of any and all training provided to area corporate trainers, area trainers and/or corporate trainers in 1997 and 1998. Your response should include, but not be limited to, the identity of those employees or agents providing the training, the dates, locations and subjects covered for each training session, and the attendees of each session. Your answer should include, but not be limited to, an identification of all documents reflecting or relating to any facts set forth in your answer and an identification of all persons with personal knowledge thereof.

ANSWER TO NO. 14: Defendant objects to this interrogatory as overly broad and unduly burdensome.

Subject to and without waiver Subject to and without waiver of the foregoing objections and the General Objections, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Defendant will produce relevant, non-privileged responsive documents evidencing the training materials utilized in the 1997-1998 time period from which answers to this interrogatory may be ascertained.

OBJECTION TO ANSWER NO. 14: Defendant has refused to produce any training materials until the execution of a confidentiality agreement. As such, Plaintiff has no documents from which to ascertain any answers. Further, Defendant wholly fails to identify the dates and persons involved in the training sessions during the relevant time period, prohibiting Ms. Koch from even being able to contact fact witnesses. Such information is relevant to the company's hiring and training practices, issues concerning duties and performance, and, more specifically, the retaliation against Ms. Koch.

INTERROGATORY NO. 15: Identify all area corporate trainers, corporate trainers, area trainers and/or service trainers employed by LA Weight Loss in 1997 and

1998. Your answer should include, but not be limited to, an identification of all documents reflecting or relating to any facts set forth in your answer and an identification of all persons with personal knowledge thereof. Your answer should further include the names, addresses, telephone numbers, dates of employment of all such individuals.

ANSWER NO. 15: Defendant objects to this interrogatory as overly broad and unduly burdensome. Defendant also objects to this request to the extent it seeks information that is not relevant to any claim or defense in Intervenor/Plaintiff's action. Defendant further objects to this interrogatory as a vague and ambiguous as Plaintiff has filed to define the terms "area corporate trainers", "Corporate trainers", "area trainers", or "service trainers."

OBJECTION TO ANSWER NO. 15: This interrogatory seeks the identification of all area corporate trainers, corporate trainers, area trainers and/or service trainers employed by LA Weight Loss in 1997 and 1998. Such information is reasonably calculated to the discovery of admissible evidence regarding the Koch claims in this litigation as certain of these individuals will have information regarding the circumstances of Defendant's hiring practices and/or Ms. Koch's performance and her termination from employment. The individuals, including those trained by Koch, also may assist the party to understand the duties of the Trainer position, the process used by Defendant for handling performance-related matters, and standards and expectations regarding Trainer performance and other matters. The objection that the interrogatory is vague and ambiguous for failing to define the terms of the positions set forth above makes little sense, as those are the terms used interchangeably by Defendant's corporate designee, Karen Siegel, to describe the position held by Kathy Koch and her peers in the company during her deposition in this litigation.

INTERROGATORY NO. 17: Identify and describe fully all complaints made by employees of LA Weight Loss, whether formal or informal, internally or to an outside

agency, referring or relating to LA Weight Loss' new-hire application and/or hiring policies and procedures from 1997 to the present. Your answer should include, but not be limited to, an identification of all documents reflecting or relating to any facts set forth in your answer and an identification of all persons with personal knowledge thereof.

ANSWER NO. 17: Defendant objects to this interrogatory to the extent it seeks information that is not relevant to any claim or defense in Intervenor/Plaintiff's action. Defendant further objects to this interrogatory as overly broad and unduly burdensome. Defendant also objects to this interrogatory as overly broad as to time. This request seeks information "from 1997 to the present." Plaintiff was only employed by Defendant for a brief three and a half month period between November 1997 and March 1998. As such, any information beyond the dates of Plaintiff's employment is not relevant and such an interrogatory is overly broad.

OBJECTION TO ANSWER NO. 17: *See* Plaintiff's Objection to Response to Request No. 12.

Respectfully submitted,

Pamela J. White

Pamela J. White, Bar No. 00181
Ober, Kaler, Grimes & Shriver
120 East Baltimore Street
Baltimore, Maryland 21201
Telephone Number: (410) 347-7323
Facsimile Number: (410) 547-0699
E-mail address: pjwhite@ober.com