## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## NORTHERN DIVISION

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION** | : | |
| | : | |
| | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **and** | : | |
| | : | **CASE NO.: WDQ 02-CV-648** |
| **KATHY KOCH** | : | |
| | : | |
| **Intervenor/Plaintiff,** | : | **JURY DEMANDED** |
| | : | |
| **v.** | : | |
| | : | |
| **LA WEIGHT LOSS** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

### OPPOSITION TO INTERVENOR/PLAINTIFF
### KATHY KOCH'S MOTION TO COMPEL ANSWERS
### TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS

Pursuant to Rule 104.8 of the Local Rules of the U.S. District Court for the District of Maryland, Defendant LA Weight Loss files this Opposition to Intervenor/Plaintiff Kathy Koch's Motion to Compel Answers to Interrogatories and Production of Documents.

## I.    INTRODUCTION

Plaintiff Kathy C. Koch's ("Koch") lengthy Motion to Compel against defendant LA Weight Loss Centers, Inc. ("LA Weight Loss"), should not be before the Court in its present form.  There are only two narrow discovery disputes remaining:  (1) whether LA Weight Loss should produce correspondence between the Company and its litigation counsel as well as between its litigation counsel and opposing counsel and (2) whether LA Weight Loss should produce, in addition to other claims of retaliation, all claims of discrimination in its hiring practices.  The remaining list of over

fifteen (15) alleged deficiencies were moot long before Koch's motion was filed. Koch's motion, therefore, is not substantially justified.

To make matters worse, Koch's motion is laced with overheated rhetoric and gratuitous personal attacks on counsel. These baseless accusations are merely a diversionary tactic designed to steer the Court away from Koch's own failure to ask any questions of LA Weight Loss' Custodian of Records at her deposition and failure to request a single copy of any document during the initial production of documents by LA Weight Loss. Rather, for almost a year, the EEOC vigorously pursued the claim on Koch's behalf while Koch stayed on the sidelines. Koch only alerted LA Weight Loss to problems with its responses to her individual discovery last July. Most of the questions Koch raised at that time about LA Weight Loss' document production could have been answered had Koch's counsel asked any questions at the LA Weight Loss Custodian of Records deposition. Moreover, Koch's contention in July that documents had not been produced was belied by the fact that most of the documents had already been produced to the EEOC in response to its request on behalf of Kathy Koch.

After notifying LA Weight Loss of alleged discovery deficiencies, Koch refused to engage in any meaningful good faith dialogue to resolve the dispute and instead demanded full responses almost immediately. She then went ahead and filed her motion before engaging in any good faith negotiation. It was only after LA Weight Loss continued to press for negotiations that discussions began. LA Weight Loss provided supplementations and explanations to its discovery responses. Today, most of the discovery disputes are now moot, as further explained below. With respect to the two remaining disputes, Koch's Motion to Compel should be denied because of this improper scope. Finally, because the motion is not substantially justified, LA Weight Loss should be awarded its attorneys' fees and costs in connection with the motion.

## II.    FACTUAL BACKGROUND

### A.    LA Weight Loss Centers, Inc.

LA Weight Loss Centers, Inc. provides weight loss counseling services through a national chain of stores owned either by the Company or by franchisees.  The Company was founded in February 1997 through the merger of several smaller weight loss companies trading under the name Quick Weight Loss primarily in Pennsylvania, New Jersey, Maryland and Delaware.  Since that time, the Company has grown rapidly and today has over 500 centers.

Because of its rapid expansion, the Company underwent numerous organizational changes, particularly in its early years.  Indeed, in 1997 and 1998, it had few corporate employees and no human resource department other than a payroll and benefits clerk.

During 1997 and early 1998, "trainers" trained LA Weight Loss counselors to provide the Company's program to its clients.  For some period of time, trainers held the title "area trainer."  They traveled from center to center in their area.  During 1997 and 1998, trainers were supervised on a day to day basis by the regional supervisor of a particular region.  Regional supervisors had the authority to hire and fire trainers.  The area trainer position was eliminated during a company reorganization in April, 1998.  In addition to training counselors, trainers also were expected to counsel clients and assist area and regional supervisors in hiring counselors.

### B.    Koch's Employment With LA Weight Loss

#### 1.    Koch is Hired by LA Weight Loss

In November, 1997, Koch was hired as a trainer for northern and central Maryland.  She was hired by Lynn Portlock, regional supervisor of the Maryland/Delaware region to service that region.  Throughout her employment, Portlock remained Koch's direct supervisor.[1]

---

[1]    Although Kristi O'Brien was in charge of the Company's training operations generally, she was not Koch's day-to day supervisor.  (Deposition of Kristi O'Brien, attached hereto as Exhibit A, pp. 135-137, 268).

2.    Koch's Poor Performance

By February 1998, a number of center managers had complained that new counselors were not adequately trained by Koch and that they had to take time to train them properly.  Additionally, clients complained about Koch.  Portlock worked with Koch individually to counsel her to improve her performance.  Despite additional training by Portlock, complaints about Koch continued. Portlock observed a training session conducted by Koch on February 23, 1998, and saw a number of deficiencies.  Counselors leaving Koch's training sessions were confused and did not have enough knowledge to function in the centers.  In fact, they had to be re-trained in major areas before they could work independently with clients.  (Deposition of Lynn Portlock, Exhibit B, pp. 243-245).

On March 6, 1998, Koch was given a written warning which documented her inadequate performance.  Portlock spent the entire day with Koch on March 6, 1998 reviewing with her what was expected of her during training and helping her re-learn her training program.  The warning notice specifically stated that Koch would follow the training program she and  Portlock prepared and that Koch would be observed again in training sessions scheduled for the week of March 9, 1998.

Koch, however, had a different plan.  Koch had no intention of conforming to the Company procedures.  Instead, she became recalcitrant.  Koch drafted a letter to Portlock protesting the March 6 warning and contended she did nothing wrong.  The letter was dated March 8, 1998, a Sunday, and appears to have been faxed to an LA Weight Loss Center 10:30 p.m. that evening.  Portlock did not receive the letter until Tuesday, March 10.  (Exhibit  C).  In addition to contesting Portlock's evaluation, the letter mentioned in passing that Koch had that day (a Sunday) filed a complaint with the EEOC regarding "hiring practices."  The nature of the complaint was not specific nor was any specific conduct described.  At the end of the letter, Koch alleged she had been sexually harassed by Portlock, but did not describe the incident in detail.

Portlock discussed the allegation of sexual harassment with Koch and apologized for an apparent misunderstanding relating to the conduct of third party, an employee of a copy service used by the Company. Portlock then proceeded with observing Koch's training seminar. During the week of March 9, 1998, Koch failed to follow the program Portlock and Koch had devised on March 6, 1998. Rather than improve her performance, Koch's training session was a disaster. Portlock was left with no choice but to terminate Koch's employment on March 12, 1998.

3.  Koch's Demand Letter

Six weeks after her termination, on April 21, 1998, the Company received a demand letter from Koch's attorney alleging that Koch had been terminated in retaliation for an alleged complaint about the Company's alleged policy of gender discrimination against men. This is the first time the Company had notice of an alleged gender discrimination complaint by Koch. On one prior occasion, Koch had asked Portlock whether LA Weight Loss hired male applicants. She was specifically informed by Portlock that not only did the company hire male employees, but Koch was to hire the best qualified person regardless of gender. In fact, Portlock herself had hired male counselors.

Upon receipt of this letter, the Company through its new human resources director Karen Siegel, investigated the allegation. It was determined to be without merit. Despite Koch's assertions to the contrary, the decision to terminate Koch was based solely on her performance. On June 22, 1998, Koch filed a charge of retaliation with the EEOC.

C.  **Procedural History**

1.  The Initial Complaint

On February 28, 2002, the EEOC filed the instant lawsuit. It has two distinct components: (1) a nationwide class action lawsuit against LA Weight Loss alleging unlawful gender discrimination against men, and (2) a charge that the Company retaliated against Koch for

complaining about this alleged policy or practice.  At all times since February 28, 2002, the EEOC

has vigorously prosecuted this case on behalf of Koch.

       2.    <u>Written Discovery Conducted by the EEOC</u>

On May 20, 2002, the EEOC served LA Weight Loss with its First Set of Requests for

Production of Documents and First Set of Interrogatories.  (Exhibits D and E).  These

comprehensive discovery requests encompassed issues and requested documents and information

pertaining to both Koch and the alleged class of aggrieved male applicants.  On August 7, 2002, LA

Weight Loss provided written responses to the EEOC's initially discovery requests including those

relating to Koch.

       3.    <u>Intervention by Koch</u>

On June 27, 2002, Koch filed a motion with the Court to intervene in the action filed by the

EEOC.  Along with her motion, Koch filed a separate complaint against LA Weight Loss asserting

an identical claim to the claim asserted by the EEOC on her behalf -- that LA Weight Loss

wrongfully terminated her employment when she protested the company's alleged policy of not

hiring men.  Koch's motion to intervene was granted by the Court on July 15, 2002, after which, on

August 5, 2002, LA Weight Loss filed its answer to Koch's complaint denying her claim in its

entirety.  LA Weight Loss's responses to the EEOC's written discovery were served on Koch's

attorney.

       4.    <u>EEOC's Rule 30(b)(6) Deposition</u>

On May 5, 2002, along with its initial discovery requests, the EEOC noticed a Rule 30(b)(6)

deposition of a corporate designee from LA Weight Loss who could provide testimony on such

topics as the Company's record retention policies and practices with respect to employment

documents, applications, personnel files, as well as the Company's organizational structure,

geographic regions, chain of authority, human resources practices and organizational responsibility

for hiring and training.  (Exhibit F).  Counsel for LA Weight Loss, counsel for the EEOC and

counsel for Koch negotiated a mutually agreeable date for this deposition.  Koch's attorney chose

not to serve separate written discovery requests prior to this deposition.  Moreover, both plaintiffs'

lawyers decided to proceed with the deposition <u>before</u> inspecting the documents LA Weight Loss

was going to produce.

The Custodian of Records deposition was conducted on August 28, 2002, and completed on

September 19, 2002.  Koch's counsel was present at both days of this deposition, yet did not ask a

single question about LA Weight Loss's record keeping practices and procedures or its efforts to

search for relevant documents in response to the EEOC's requests on behalf of Koch.  At the

beginning of the second day of testimony, Koch's counsel stated that, "I want to put it on record it is

not my intention to ask any questions."  (Exhibit G, p. 213).

5.    <u>LA Weight Loss's Initial Document Production</u>

On September 17 and 18, 2002, LA Weight Loss made available for inspection and copying

over 106,000 pages of documents in response to the EEOC's initial discovery requests.  Included

within these documents were a number of documents responding to the discovery requests the

EEOC had made on behalf of Koch.  Counsel for Koch was present for this document production

and examined the documents.  Koch did not request a copy of a single document.

6.    <u>Written Discovery Conducted by Koch</u>

On February 5, 2003, nearly seven months after intervening in this action, Koch served LA

Weight Loss with her First Set of Interrogatories and First Set of Requests for Production of

Documents. (Exhibits H and I).  A majority of the documents and information sought by these

requests overlapped with documents and information which had already been provided and made

available for inspection to Koch in response to the EEOC's initial discovery requests.  However,

despite the burdensomeness of overlapping discovery, LA Weight Loss provided written responses

to Koch's discovery requests on March 31, 2003.  (Exhibits J and K).

       7.       Discovery Dispute Between LA Weight Loss and the EEOC

       Beginning in May 2003, LA Weight Loss and the EEOC engaged in series of negotiations

regarding the production of additional documents and information in response to the EEOC's initial

discovery requests.  These negotiations encompassed the production of information pertaining to

both the EEOC's class claims as well as its claim relating to Koch.  As a result of these ongoing

negotiations, LA Weight Loss has produced to the EEOC, with copies provided to Koch, numerous

additional documents and information.[2]  Copies of the cover letters accompanying LA Weight

Loss's supplemental productions are attached hereto as Exhibit M.[3]

       8.       Discovery Dispute between LA Weight Loss and Koch

       On July 30, 2003, counsel for Koch sent counsel for LA Weight Loss a letter alleging

various insufficiencies in LA Weight Loss's responses to Koch's discovery requests.  (Exhibit N).

Over three months had elapsed since LA Weight Loss responded to Koch's discovery requests.

During this period, the EEOC pursued discovery on behalf of Koch and the Company reasonably

---

[2]       In August 2003, the EEOC filed a Motion to Compel against LA Weight Loss pertaining to
a number of discovery issues relating to the class claims as well as Koch's retaliation claim.
LA Weight Loss opposed the EEOC's Motion and filed a simultaneous Motion for a
Protective Order regarding the production of certain categories of confidential and
proprietary information demanded by the EEOC.  Although the EEOC's Motion to Compel
is still pending before the Court, LA Weight Loss and the EEOC have successfully resolved
a majority of the issues raised in the Motion, including those issues which necessitated LA
Weight Loss's Motion for a Protective Order resulting in the filing of a Confidentiality
Stipulation and Order (Exhibit L).  LA Weight Loss and the EEOC are presently engaged in
efforts to resolve the remaining issues without the need for judicial intervention.  The issues
with respect to Koch have been resolved.

[3]       In her Motion, Koch makes several references to receiving documents from LA Weight Loss
just before the commencement of depositions.  Koch fails to mention, however, that her
receipt of these documents was the result of negotiations between LA Weight Loss and the
EEOC and in response to the EEOC's efforts on behalf of Koch.  The EEOC has not
complained about the timing of these productions.

assumed that the EEOC was taking the lead on discovery with respect to Koch, particularly in light of Koch's inactivity in discovery. The Company also reasonably believed that its negotiations with the EEOC with respect to the production of documents relating to Koch encompassed the entire dispute with respect to Koch's discovery issues. The Company was understandably surprised and confused by Koch's attorney's July 30 letter. LA Weight Loss responded to Koch's discovery demand promptly on August 5, 2003. (Exhibit O).

Koch did not reply to LA Weight Loss for a month. On Friday, September 5, 2003, LA Weight Loss received a fax from Koch once again demanding supplemental discovery responses and attaching a draft Motion to Compel which she threatened to file "next week" if responsive documents were not produced. (Exhibit P). Having not received Koch's fax until close of business on Friday, September 5, 2003, LA Weight Loss was not able to review her renewed demand for discovery responses and draft motion until Monday, September 8, 2003, which counsel for Koch acknowledged on September 9, 2003. (Exhibits Q and R). This demand, leaving no room for negotiation, on its face, failed to comply with the federal and local rules requiring "good faith" efforts to resolve discovery disputes.

Koch's motion makes numerous baseless allegations relating to LA Weight Loss's supposed failure to produce documents. At its heart, Koch's motion focuses on three core allegations: (1) that Kristi O'Brien failed to produce and/or destroyed relevant documents; (2) that David Landau, Esquire, acting litigation counsel for the Company, conducted an investigation into Koch's allegations prior to receipt of Koch's demand letter; and (3) that Lynn Portlock failed to maintain and/or destroyed relevant training material in violation of an obligation to the contrary. All of these allegations are baseless.

For example, in her motion, Koch alleges that "[a]lthough Ms. O'Brien testified that she had prepared contemporaneous notes and reviewed contemporaneous personnel and hiring records in

1997-98, such documents were not produced." Such an allegation is a clear misrepresentation of Ms. O'Brien's testimony and the facts in this case. Interestingly, Koch does not provide any record citations for this alleged testimony. In fact, O'Brien's testimony is a far cry from Koch's creative interpretation. O'Brien testified that she did not remember whether or not she took any notes during conversations with Koch. (O'Brien Dep., Exhibit A, p. 265). She testified that she generally took notes during such conversations and that if she had taken such notes she would have placed them in the employee's personnel file. (O'Brien Dep., Exhibit A, p. 266). O'Brien further testified that she did not recall placing any notes in Koch's personnel file. (Id.). In addition, LA Weight Loss has not only produced Koch's personnel file, where such notes would have been placed if they existed, but has also made available to Koch relevant documents from the personnel files of all trainers. For Koch to claim LA Weight Loss has somehow failed in its discovery obligations with respect to this information is without merit.[4]

On September 9, 2003, having reviewed Koch's draft Motion, LA Weight Loss provided Koch with a detailed response to the issues raised in her draft motion to compel. (Exhibit S). As LA Weight Loss explained to Koch in its September 9th response, most, if not all, of the issues raised in draft motion were moot because LA Weight Loss had produced or was in the process of producing a majority of the information sought by Koch in the draft motion in response to issues raised by the EEOC on behalf of Koch. In addition, on September 9, 2003, LA Weight Loss provided Koch with a second letter informing her that certain originals of documents which she wished to inspect would be made available at the date and time she had requested. (Exhibit T).

On September 10, 2003, counsel for Koch acknowledged receipt of LA Weight Loss's September 9th correspondence, but explained that she would not be able to respond immediately

---

[4]    With respect to Koch's argument about counsel's investigation, the Company, through its Human Resources Director, Karen Siegel, conducted the investigation. . With respect to the allegation about Portlock, see LA Weight Loss's response to Request No. 26, infra.

because Koch's father-in-law was gravely ill. (Exhibit U). Thereafter, on September 15, 2003,

counsel for Koch sent counsel for LA Weight Loss a letter requesting production of copies of

documents referenced in LA Weight Loss's September 9th correspondence. (Exhibit V). LA

Weight Loss promptly produced these documents on September 16, 2003. (Exhibit W). Koch's

September 15, 2003 letter makes no mention of any further outstanding discovery disputes, nor does

it take issue in any manner with LA Weight Loss's September 9, 2003 response to Koch's draft

motion to compel.

>            9.        The Instant Motion to Compel

On September 16, 2003, without any further effort to resolve her alleged issues with LA

Weight Loss's discovery responses, Koch filed the instant Motion to Compel. In so doing, Koch

completely disregarded the supplemental responses which had been provided to both Koch and the

EEOC between July 25, 2003 and September 16, 2003 which effectively moot almost every issue

raised in the instant Motion. (Exhibits M, S and W).

Confident in the fact that it had adequately responded to Koch's discovery demands, LA

Weight Loss attempted to confer with counsel for Koch in another effort to resolve the issues raised

in Koch's Motion to Compel. Despite Koch's failure to comply with the rules with respect to

discovery disputes, LA Weight Loss was determined to resolve this dispute or at least substantially

narrow it prior to court intervention. Counsel for Koch, however, was unavailable and unprepared

to discuss the issues as she had not reviewed the "recently produced documents with [Koch]" and

was "unable to discuss open discovery questions." (Exhibit X).

Finally, on or about October 16, 2003, counsel for Koch and counsel for LA Weight Loss

held a telephone conference in an effort to resolve discovery disputes encompassed in the Motion to

Compel. Although the parties were unable to reach agreement on all issues, this conference

afforded LA Weight Loss an opportunity to gain a greater understanding of the information Koch

was seeking through her discovery requests and the issues she felt remained outstanding.  Even though Koch was requesting many documents not originally sought in her requests, after this conference, on October 27, 2003, LA Weight Loss provided Koch with additional supplemental discovery responses.  (Exhibit Y and Z).

In light of the supplemental responses, counsel for LA Weight Loss once again reached out to counsel for Koch after service of its supplemental responses in an effort to reach agreement that most of the issues raised in Koch's Motion to Compel were moot.  Due to counsel for Koch's travel schedule, counsel were unable to confer until November 3, 2003.  Much to the Company's amazement, counsel for Koch refused to agree that  a single issue raised in the Motion to Compel had been responded to adequately by LA Weight Loss.  Koch refused to withdraw any issues encompassed by her Motion, thereby forcing LA Weight Loss to respond to each and every issue addressed therein.

Despite Koch's anticipated assertions to the contrary, only two disputes remain at issue.  These disputes involve the production of: (1) all correspondence exchanged between counsel for LA Weight Loss and counsel for Koch  and all correspondence exchanged between counsel for LA Weight Loss and LA Weight Loss; and (2) information pertaining to all complaints, both internal and external, concerning LA Weight Loss's hiring policies and procedures and/or new hire application.

First, Koch has demanded that LA Weight Loss produce copies of all correspondence exchanged between counsel for Koch and counsel for LA Weight Loss.  Koch has further demanded production of all correspondence exchanged between LA Weight Loss and its counsel.  (Request No. 7).  This request is far beyond the realm of permissible discovery.  First, production of correspondence exchanged between counsel in this matter is not relevant to any claims or defenses in this matter.  Koch is merely seeking to burden LA Weight Loss with production of multiple

copies of documents of which se is already in possession.  Further, Koch's demand for production

of correspondence exchanged between LA Weight Loss and its counsel is nothing more than a

transparent attempt to obtain information on LA Weight Loss's litigation strategy.  The information

sought is unquestionably privileged and Koch's request cannot be justified for any legitimate

purpose.

Second, although the only subject at issue in this matter is a claim of retaliation for allegedly

complaining about an alleged policy against hiring men, Koch has demanded information pertaining

to all complaints about LA Weight Loss's hiring policies and procedures and/or new hire

application. (Request No. 12; Interrogatory No. 17).  Such a request is far beyond the bounds of

permissible discovery.  Although LA Weight Loss disputes that any information on other

complaints regarding LA Weight Loss's hiring and application policies and procedures are relevant

to Koch's retaliation claim, LA Weight Loss's response properly limited this request to the only

complaints that could even be arguably relevant to Koch's claim -- complaints regarding

discrimination against the hiring of men.

Accordingly, LA Weight Loss requests that the Court deny Koch's Motion to Compel in its

entirety.  Further, because the Motion to Compel was not substantially justified in light of LA

Weight Loss's supplemental responses and productions, LA Weight Loss must be awarded its

attorneys' fees and costs in opposing this motion.

## III.    REQUESTS FOR PRODUCTION

Below are LA Weight Loss's responses to the specific insufficiencies alleged by the Koch

with respect to LA Weight Loss's responses to Koch's requests for production of documents:

### Request No. 5

REQUEST NO. 5:  All documents which reflect, refer or
relate to any claim or allegation that LA Weight Loss, or any
employee of LA Weight Loss, retaliated against any other employee

or former employee of LA Weight Loss in the Maryland/Delaware region from 1997 to the present.

    RESPONSE:  Defendant objects to this request to the extent it seeks information that is not relevant to any claim or defense in Intervenor/Plaintiff's action. Defendant further objects to this request as overly broad and unduly burdensome. Defendant also objects to this request as overly broad as to time. This request seeks information "from 1997 to the present." Koch was only employed by Defendant for a brief three and a half month period between November 1997 and March 1998. As such, any information beyond the dates of Koch's employment is not relevant and such a request is overly broad. Defendant further objects to this request to the extent it requests the disclosure of information or documents protected by the attorney-client privilege, work product doctrine and/or any other applicable privilege recognized by law.

    SUPPLEMENTAL RESPONSE:    Without waiver of the foregoing objections, to LA Weight Loss's knowledge, other than the retaliation complaint raised in this matter by Koch, there have only been two complaints of retaliation arising out of allegations of discrimination against men raised by current or former employees of LA Weight Loss against the individuals involved in the employment decisions pertaining to Ms. Koch. These complaints were made by Sandra-Brown Talavera and Nina Catagnus. Defendant has/will produce all relevant, non-privileged documents of which it is aware with respect to these two complaints. All documents withheld from production on the basis of confidentiality and privilege are set forth in the privilege log which has already been provided to Koch.

The dispute with respect to this request is now moot. As a result of discussions with Koch's counsel following the filing of the instant Motion to Compel, Koch agreed to limit this request to claims of retaliation against the decision makers involved in Koch's employment with LA Weight Loss. As set forth in LA Weight Loss's supplemental response, the only two claims of retaliation of which LA Weight Loss is aware made against these decision makers are the claims raised by former employees Sandra Brown-Talavera and Nina Catagnus. LA Weight Loss has produced all relevant, non-privileged documents of which it is aware with respect to these two complaints.

Although these claims are described in LA Weight Loss's supplemental response as "complaints of retaliation arising out of allegations of discrimination against men" these two

complaints in fact constitute the only two complaints of retaliation are responsive to this request.

This has been explained repeatedly to Koch's counsel, but Koch's counsel has refused to relent in

pursuing this issue with the Court.

### Request No. 7

REQUEST NO. 7: All correspondence between Kathy Koch and LA Weight Loss, or concerning Kathy Koch by or to any employee of LA Weight Loss, or concerning Kathy Koch by or to the Equal Employment Opportunity Commission or to any person other than LA Weight Loss.

RESPONSE:     Defendant objects to this request to the extent it requests the disclosure of information or documents protected by the attorney-client privilege, work product doctrine and/or any other applicable privilege recognized by law.  Defendant also objects to this request to the extent that it seeks information that is not relevant to any claim or defense in Intervenor/Plaintiff's action.  Any discoverable correspondence between Defendant and the EEOC pertaining to Koch can be more readily obtained through a Freedom of Information Act Request served by Koch upon the EEOC.  Further, because the EEOC has already produced a copy of its investigative file pertaining to Koch to all parties in this matter, a number of the documents sought by Koch through this request have already been made available.  Subject to and without waiver of the foregoing objections and the General Objections, Defendant will produce a copy of Koch's personnel file containing relevant, non-privileged responsive documents.

SUPPLEMENTAL RESPONSE:     Subject to the foregoing general and specific objections, Defendant responds as follows:

Although Defendant does not believe that this discovery request properly seeks the production of all of the categories of documents set forth below, based on assertions made by Koch in her Motion to Compel and representations made by Koch's counsel, Defendant understands that through this request, Koch is seeking production of the following categories of documents:

(1)     Correspondence sent to LA Weight Loss by Kathy Koch;

(2)     Correspondence sent by LA Weight Loss to Kathy Koch;

(3)    Correspondence sent by Counsel for Kathy Koch to LA Weight Loss;

(4)    Correspondence exchanged between Counsel for LA Weight Loss and Counsel for Kathy Koch prior to Ms. Koch's intervention in this matter;

(5)    Correspondence exchanged between Counsel for LA Weight Loss and the EEOC regarding Kathy Koch; and

(6)    Correspondence exchanged between Counsel for LA Weight Loss and LA Weight Loss prior to Ms. Koch's intervention in this matter.

Based on this understanding, Defendant responds to each category of documents requested as follows:

(1)    *Correspondence sent to LA Weight Loss by Kathy Koch* -- All correspondence between Kathy Koch and LA Weight Loss is maintained in Koch's personnel file.  A copy of Koch's personnel file has been produced previously in this matter.  Defendant is not in possession of any other responsive documents beyond those contained in Koch's personnel file.

Through discussions with counsel for Ms. Koch, LA Weight Loss is aware that Koch is most interested in whether LA Weight Loss is in possession of a copy of Koch's March 8, 1998 letter to Ms. Barbara Veidhvizer at the EEOC (produced to LA Weight Loss in this matter, bates labeled KK0558-KK0560).  LA Weight Loss never received this letter and therefore, does not have a copy of the document in its possession other than those copies produced to LA Weight Loss during discovery in this matter.

(2)    *Correspondence sent by LA Weight Loss to Kathy Koch* -- All correspondence between Kathy Koch and LA Weight Loss is maintained in Koch's personnel file.  A copy of Koch's personnel file has been produced previously in this matter.  Defendant is not in possession of any other responsive documents beyond those contained in Koch's personnel file.

(3)    *Correspondence sent by Counsel for Kathy Koch to LA Weight Loss* -- Defendant will produce documents responsive to this request.

(4)    *Correspondence exchanged between Counsel for LA Weight Loss and Counsel for Kathy Koch prior to Ms. Koch's intervention in this matter* -- Defendant objects to this request as seeking documents not relevant to any claims or defenses in this matter.  Defendant further objects to this request as unduly

burdensome, harassing and oppressive.  Undoubtedly, Koch's counsel is in possession of copies of all correspondence between counsel related to this matter.  Seeking a second copy of these documents from Defendant can be viewed as nothing more than an attempt to place an unnecessary discovery burden upon Defendant.  If there is a specific piece of correspondence that Koch's counsel has misplaced, Defendant will provide Koch with another copy of that document once it is identified by Koch's counsel.  However, Defendant objects to the whole sale production of copies of correspondence exchanged between counsel in this matter.

(5)      *Correspondence exchanged between Counsel for LA Weight Loss and the EEOC regarding Kathy Koch* -- The information sought herein is contained in the EEOC's investigative file which was produced to all of the parties in this matter.  This request is yet another attempt by Koch to burden LA Weight Loss with unnecessary discovery demands and Defendant objects to this request on that basis.  Defendant further objects to this request because it seeks the production of information not relevant to the claims or defenses at issue in this matter.  Subject to these objections and the aforementioned general and specific objections, Defendant will produce documents responsive to this request.

(6)      *Correspondence exchanged between Counsel for LA Weight Loss and LA Weight Loss prior to Ms. Koch's intervention in this matter* -- Defendant objects to the production of any documents in response to this request as such documents are protected by the attorney client and the attorney work product privileges.  Defendant further objects to this request as unduly burdensome as Koch is only asserting this request in order to compel Defendant to expend considerable time and resources compiling a privilege[log] detailing each written communication between defense counsel and LA Weight Loss.  Such information is not relevant to any of the claims or defenses in this matter and is designed to harass and burden Defendant.

Although LA Weight Loss does not believe that this discovery request asked for the production of all of the categories of documents Koch's counsel contends it does, LA Weight Loss has produced responsive documents to all categories set forth above except numbers (4) and (6).  As discussed below and in LA Weight Loss's supplemental response, Koch's request for production of documents in these two categories of documents is improper.

First, with respect to Koch's demand for production of correspondence between counsel in this matter, LA Weight Loss objects to such production because it is not relevant to any claims or defenses in this matter.  LA Weight Loss  further objects to this request as unduly burdensome, harassing and oppressive.  Undoubtedly, Koch's counsel is in possession of copies of all correspondence between counsel related to this matter.  Seeking a second copy of these documents from LA Weight Loss can be viewed as nothing more than an attempt to place an unnecessary discovery burden upon LA Weight Loss.  If there is a specific piece of correspondence that Koch's counsel has misplaced, LA Weight Loss  will provide Koch with another copy of that document once it is identified by Koch's counsel.  However, LA Weight Loss objects to the whole sale production of copies of correspondence exchanged between counsel in this matter, and Koch has failed to provide any reason why such information is relevant or a proper subject for discovery in this matter.

Further, it is outrageous for Koch to expect LA Weight Loss to produce correspondence exchanged between it and its counsel related to this matter.  Koch has absolutely no right to the correspondence files of LA Weight Loss' counsel.  On its face, this request is nothing more than a backdoor attempt to gain access to these files.

It is axiomatic that a party may not obtain discovery from an opposing party's counsel.  Fed. R. Civ. P. 34 permits only the discovery of documents "which are in the possession, custody or control of the party upon whom the request is served." (emphasis added)  The Supreme Court recognized this in its landmark decision of Hickman v. Taylor, 329 U.S. 495, 504 (1947), and other courts have recognized it since.  See, e.g., Brush v. Harkins, 9 F.R.D. 681 (W.D. Mo. 1950) (quoting Hickman and striking request that plaintiff's counsel produce all correspondence, among other things, related to the accident that was the subject of the litigation).

Not only is this request outside the scope of Rule 34, it is also outside the scope of Rule 26 as all correspondence between LA Weight Loss and its counsel related to this matter is protected from discovery. There was no such correspondence prior to LA Weight Loss' receipt of the demand letter sent by Koch's counsel in which she threatened litigation if her demand was not met. Therefore, all of the correspondence between LA Weight Loss and its counsel related to this matter was created for this litigation starting with the administrative phase. Along with being attorney work product, this correspondence is also clearly protected by the attorney client privilege because it was created for the purpose of providing legal advice. Koch has made no effort to dispute -- and in fact cannot dispute -- that these protections attach to the requested correspondence.

Under normal circumstances, the assertion of privilege would result in the generation of a privilege log. However, Koch's request does not seek internal company documents for which a privilege has been asserted. Rather, Koch is seeking documents relating to the conduct and strategy of this litigation. Under these circumstances, a privilege log would mean sometimes multiple daily entries on e-mail correspondence with the client which would reveal the Company's litigation strategy. Koch's attempt to gain access to LA Weight Loss's litigation strategy should be rejected by the Court. Other Courts have rejected such attempts in similar situations.

In In re Imperial Corp. of Am., 174 F.R.D. 475 (S.D. Cal. 1997), the defendants requested that the plaintiffs produce all documents exchanged between plaintiffs' various counsel and plaintiffs themselves concerning the lawsuit. The Court found that "it would be foolish to believe that very many of [the requested] documents would be other than protected by the attorney-client privilege or work product" and that "[t]o force the creation of a document-by-document privilege log of documents [in this circumstance] is unreasonable and overly burdensome." Id. at 479.[5] See

---

[5]    Instead of requiring a detailed privilege log, the Imperial Corp. Court permitted plaintiffs to provide the following information:

also Securities and Exch. Comm'n v. Thrasher, No. 92-6987, 1996 WL 125661 (S.D.N.Y. March

20, 1996) (Exhibit AA) (refusing to require defendant to produce a standard privilege log detailing

his attorney's communications with other counsel).  Accordingly, Koch's Motion to Compel with

respect to Request No. 7 should be denied.

**Request No. 8**

REQUEST NO 8:    All documents prepared by, or at the direction of, any employee of LA Weight Loss respecting Kathy Koch.

RESPONSE:  Defendant objects to this request to the extent it requests the disclosure of information or documents protected by the attorney-client privilege, work product doctrine and/or any other applicable privilege recognized by law.  Defendant also objects to this request to the extent that it seeks information that is not relevant to any claim or defense in Intervenor/Plaintiff's action.

Subject to and without waiver of the foregoing objections and the General Objections, Defendant will produce a copy of Koch's personnel file containing relevant, non-privileged responsive documents.

SUPPLEMENTAL RESPONSE:    Subject to the foregoing general and specific objections, Defendant responds as follows:

To the extent any of the documents sought by this request are encompassed by Request No. 7 above, Defendant refers Koch to its supplemental response to Request No. 7 above.

---

1.  An aggregate listing of the numbers of the withheld documents;
2.  An identification of the time periods encompassed by the withheld documents;
3.  An affidavit containing the representations that:
(a)  the withheld documents were:
(1) either prepared to assist in anticipated or pending litigation; or
(2) contain information reflecting communications between
(i) counsels or counsels' representatives, and
(ii)  plaintiffs or plaintiffs' representatives, for the purpose of facilitating the rendition of legal services to plaintiffs; and,
(b) intended to be confidential communications.

Imperial Corp., 174 F.R.D. at 479.  Should the Court determine, despite the improper nature of plaintiff's request, that a privilege log is necessary, the privilege log should take this form.

With respect to the remaining documents sought by this request, as previously stated, all documents prepared by or at the direction of LA Weight Loss's employees with respect to Kathy Koch, prepared prior to the commencement of this action by Koch (including the filing of her administrative charge with the EEOC) are contained in Koch's personnel file, a copy of which was produced in this matter. Defendant is not aware of any additional documents in its possession responsive to this request.*

_____

\*        Defendant has limited its response to this request up to the time when Koch filed her complaint with the EEOC. After that point in time, a number of documents were prepared by LA Weight Loss or at the direction of LA Weight Loss in preparation for litigation or in response to demands by the EEOC. As discussed in its Supplemental Response to Request No. 7, those documents respecting Koch that were exchanged with the EEOC are being produced. Those documents prepared by LA Weight Loss or at the direction of LA Weight Loss in preparation of Defendant's defenses against the administrative and instant claims raised by Koch in this action are protected by the attorney client privilege and/or work product doctrine. Further, any attempt by Koch to require LA Weight Loss to produce a privilege log regarding all documents prepared by or at the direction of LA Weight Loss in preparing its defense to Koch's claims in this matter is overly burdensome, unduly harassing and beyond the bounds of Defendant's obligations under the Federal Rules of Civil Procedure.

As set forth in LA Weight Loss's supplemental response above, LA Weight Loss has fully responded to this request pursuant to its obligations under the Federal Rules of Civil Procedure and, as such, the issues raised by Koch with respect to this request are moot.

**Request No. 9**

REQUEST NO. 9: Lynne Portlock's personnel file and any other file maintained by LA Weight Loss respecting Portlock. To the extent not included in her personnel file, please produce all documents which reflect, refer, or relate to any evaluation (formal or informal) of Lynne Portlock.

RESPONSE: Defendant objects to this request to the extent it seeks information that is not relevant to any claim or defense in Intervenor/Plaintiff's action. Defendant also objects to this request to

the extent it seeks the production of personal and/or confidential information.  Defendant further objects to this request to the extent it requests the disclosure of information or documents protected by the attorney-client privilege, work product doctrine and/or any other applicable privilege recognized by law. Subject to and without waiver of the foregoing objections and the General Objections, Defendant will produce selected relevant, non-privileged documents from the Lynn Portlock's personnel file in Defendant's possession, custody and control relating to the following topics:  (1) application for employment; (2) hiring; (3) discipline; (4) performance; and (5) job changes.

        SUPPLEMENTAL RESPONSE:     Subject to the foregoing and general objections, a copy of Lynn Portlock's personnel file has been produced by LA Weight Loss.  The following categories of documents from Portlock's personnel file have been withheld from production as they are not relevant to any claims or defenses at issue in this matter: (1) vacation/sick logs; (2) Service Letter from Delaware Department of Labor regarding background check; (3) requests for leave/sick days; (4) pay records; (5) confidential severance agreement and general release; (6) benefits election forms; (7) tax withholding forms; (8) employment verification forms for apartment rentals and mortgage; (9) unemployment benefits information; (10) medical information and requests for medical leave.

Subsequent to the filing of the instant Motion to Compel and service of LA Weight Loss's supplemental discovery responses, LA Weight Loss provided Koch with a complete copy of Portlock's personnel file.  Accordingly, the issues raised by Koch with respect to this request are moot.

### Request No. 12

        REQUEST NO. 12:  All documents that reflect, refer, or relate to any and all complaints made by any employee of LA Weight Loss, whether internal or to an outside agency, whether formal or informal, respecting LA Weight Loss' new-hire application and/or hiring policies or procedures from 1997 to the present.

        RESPONSE:  Defendant objects to this request to the extent it seeks information that is not relevant to any claim or defense in Intervenor/Plaintiff's action.  Defendant further objects to this request as overly broad and unduly burdensome.  Defendant also objects to this request as overly broad as to time.  This request seeks information "from 1997 to the present."  Koch was only employed by Defendant for a brief three and a half month period between November 1997 and

March 1998.  As such, any information beyond the dates of Koch's employment is not relevant and such a request is overly broad. Defendant further objects to this request to the extent it requests the disclosure of information or documents protected by the attorney-client privilege, work product doctrine and/or any other applicable privilege recognized by law.

SUPPLEMENTAL RESPONSE:    Although LA Weight Loss stands by its objections that the information sought by this request is not relevant to the claims and defenses raised by Koch in this matter, and without waiver of the foregoing objections, to LA Weight Loss's knowledge, other than the retaliation complaint raised in this matter by Koch, there have only been four complaints made against LA Weight Loss containing or relating to allegations of discrimination against the hiring or employment of men.  These include complaints of discrimination against men raised by Todd McCann and Warren Walker, and complaints of retaliation arising out of allegations of discrimination against men raised by Sandra-Brown Talavera and Nina Catagnus (discussed above in response to Request No. 5).  Defendant has/will produce all relevant, non-privileged documents of which it is aware that are responsive to this request regarding these claims.  All documents withheld from production on the basis of confidentiality and privilege are set forth in the privilege log which has already been provided to Koch.  This information has been produced previously to the EEOC in response to the Commission's discovery requests, and LA Weight Loss is only providing this information to Koch on this basis.

As amended in December 2000, Rule 26(b)(1) provides that:

Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . .

Fed. R. Civ. P. 26(b)(1).

Through this amendment, Rule 26(b)(1) now focuses discovery on the actual claims and

defenses at issue in the case.  Hill v. Motel 6, 205 F.R.D. 490, 492 (S.D. Ohio 2001).  As the

Advisory Committee on the 2000 amendments to the Federal Rules of Civil Procedure stated:

The rule change signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings.

Fed. R. Civ. P. 26(b)(1)(West 2001)(advisory committee notes, reprinted in 192 F.R.D. 340, 389).

In this matter, the Koch has alleged a single claim that LA Weight Loss discharged her in retaliation for opposing LA Weight Loss's alleged practice and/or policy of not hiring men. As such, discovery is limited in this matter to information that is relevant to this claim and LA Weight Loss's defenses thereto.

Under this standard, it is clear that Koch's demand for all complaints, regardless of the nature of the complaint, pertaining to LA Weight Loss's new hire application and/or hiring policies is overly broad and seeks the production of documents and information not relevant to the claims and defenses in this matter. Koch's retaliation claim is based exclusively on her allegation that she complained to LA Weight Loss about its alleged policy of not hiring men and therefore was discharged. As such, any information pertaining to complaints on any topics beyond the hiring of men is beyond the bounds of permissible discovery. Koch all but acknowledges this fact in her Motion to Compel wherein she states "the requested evidence is relevant to [Koch's] claims that she complained to her supervisors that the company refused to hire men." To this end, LA Weight Loss has produced all relevant, non-privileged documents related to complaints made against LA Weight Loss regarding alleged discrimination against men.[6] However, information and documents related to complaints based on any other factor beyond reverse gender discrimination (i.e., race, age, etc.) are not relevant to the claims and defenses in this matter and not discoverable in this case. See Marshall v. District of Columbia, 214 F.R.D. 23, 26 (D.D.C. 2003)(in a race discrimination case, court limited plaintiff's request for production of documents pertaining to investigations of all EEO

---

[6]    To LA Weight Loss's knowledge, other than the retaliation complaint raised in this matter by Koch, there have only been four complaints made against LA Weight Loss containing or relating to allegations of discrimination against men. These include complaints of discrimination against men raised by Todd McCann and Warren Walker, and complaints of retaliation arising out of allegations of discrimination against men raised by Sandra-Brown Talavera and Nina Catagnus. LA Weight Loss has produced all relevant non-privileged information pertaining to these matters and has provided Koch with a privilege log regarding all privileged information withheld from production.

complaints filed against the employer to only those EEO complaints pertaining to race

discrimination filed against the employer during the relevant time period); Davis v. Precoat Metals,

2002 U.S. Dist. LEXIS 13851, *7-*8 (N.D. Ill. 2002) (Exhibit BB) (court compelled production of

documents in response to plaintiffs' discovery request after plaintiffs narrowed their demand for all

other complaints of discrimination against defendant to only those complaints of race and national

origin discrimination -- the same types of discrimination alleged in the plaintiffs' complaint);

Robbins v. Camden City Board of Ed., 105 F.R.D. 49, 58 (D.N.J. 1985)(stating that discovery

requests in a race discrimination case seeking production of information on all other claims of

discrimination are overly broad and unduly burdensome where such requests do not specify the type

of discrimination alleged).  Accordingly, Koch's Motion to Compel with respect to Request No. 12

should be denied.

**Request No. 17**

REQUEST NO. 17:  All documents that refer or relate to any
complaints of retaliation, whether internal or to an outside agency,
whether formal or informal, made against LA Weight Loss or any
employee of LA Weight Loss from 1997 to the present in the
Maryland/Delaware region.

RESPONSE:   Defendant objects to this request as duplicative
of Request No. 5 above. Subject to and without waiver of the
foregoing objection and the General Objections, Defendant
incorporates by reference it objections and response to Request No. 5
above as if set forth in full herein.

SUPPLEMENTAL RESPONSE:     See Defendant's
Responses and Supplemental Responses to Request Nos. 5 and 12
above.

For the reasons set forth in response to Request Nos. 5 and 12 above, LA Weight Loss has

fully responded to this request to the extent required by the Federal Rules of Civil Procedure and

Koch's efforts to compel further responses to this request should be denied.

**Request No. 19**

REQUEST NO. 19:  Produce the document or documents reflecting the names, addresses of each manager or assistant manager of Defendant's centers located in Brandywine and Newark, Delaware and of all centers located in the Baltimore, Maryland area (including but not limited to Glen Burnie, Catonsville, Pikesville, Laurel, Bel Air, Annapolis and Dundalk) during the period of 1997-1998.

RESPONSE:  Subject to and without waiver of the General Objections, Defendant is not in possession of any non-privileged, relevant responsive documents.  Defendant's search for relevant, non-privileged responsive documents is ongoing, and Defendant reserves the right to supplement this request if such documents are located.

SUPPLEMENTAL RESPONSE:    LA Weight Loss is not in possession of any documents responsive to this request.  LA Weight Loss has produced a list of all employees employed by the Company in 1998.  The list identifies the location in which each employee was employed and each employee's respective position.  From this list, Koch can identify the manager and assistant manager from each center identified in your request.  Once Koch has identified the individuals in question, please provide those names to LA Weight Loss and the Company will endeavor to ascertain the last known address of each individual.  It should be noted that obtaining these addresses is a burdensome process as the information is not stored in an electronically searchable format.  Rather, LA Weight Loss must manually attempt to locate each individual's personnel file and review it for a last known address.

The dispute with respect to this request is moot. LA Weight Loss has responded to the best of its ability to this request for production.  In addition, LA Weight Loss has offered to go beyond the requirements of Federal Rules and has offered to provide Koch with the last known addresses of the employees in question even though a responsive document(s) providing Koch with the information sought does not exist.

**Request No. 21**

REQUEST NO. 21:  Produce copies of any of LA Weight Loss' policies, practices or procedures concerning discrimination and/or retaliation since 1997.

RESPONSE:  Defendant objects to this request as overly broad and unduly burdensome.  Subject to and without waiver to the

foregoing objection and the General Objections, Defendant will produce a copy of its 1998 EEO Policy Statement along with the copy of its Employee Handbook previously produced in response to Requests 13 and 20.  The Handbook contains Defendant's policies, practices and procedures concerning discrimination, harassment and retaliation.

SUPPLEMENTAL RESPONSE:    LA Weight Loss has produced both a Handbook originally issued on September 1, 1998 and an EEO policy statement released on March 28, 1998.  These are the only written statements of LA Weight Loss's EEO policies and procedures that have been located for the 1997 and 1998 time periods -- the years in which Koch was employed by LA Weight Loss.  Any policies or procedures in effect after 1998 are in no way relevant to Ms. Koch's claims or defense in this matter.  However, although LA Weight Loss stands by its objections, additional documents evidencing LA Weight Loss's EEO policies and practices issued after 1998 have already been made available for inspection and copying to the EEOC and Koch's counsel, Ms. Hoelzer, over one year ago.  These documents include various handbooks from all of LA Weight Loss's regions and introduction and training materials.  Counsel for Koch did not request copies of these documents.  If Koch would now like copies of these documents, they will be provided at Koch's expense.

The dispute with respect to this request is moot. LA Weight Loss has responded fully and to the best of its ability to this request for production.  In addition, LA Weight Loss has offered to go beyond the requirements of Federal Rules and has provided Koch with documents and information beyond that to which she is entitled.

**Request No. 24**

REQUEST NO. 24:  All documents gathered during the preparation of the defense of the Intervenor/Plaintiff s First Amended Complaint, including documents received as responses to subpoenas, voluntary requests to outside parties, and internal document-gathering processes.

RESPONSE:  Defendant objects to this request as overly broad.  Defendant further objects to this request to the extent it requests the disclosure of information or documents protected by the attorney-client privilege, work product doctrine and/or any other applicable privilege recognized by law.  Defendant further objects to this request as premature, as discovery is ongoing in this matter.

SUPPLEMENTAL RESPONSE:    LA Weight Loss stands by its objections and prior responses to this request. Initially, this request is premature as discovery is ongoing. LA Weight Loss has not deposed Ms. Koch, nor has Ms. Koch completed the deposition of Lynn Portlock, the decision maker with respect to Ms. Koch's discharge. To date, LA Weight Loss has not received any documents in response to subpoenas or from any outside parties that have not been provided to Ms. Koch and the EEOC. Further, all relevant, non-privileged documents gathered to date have been produced or are in the process of being produced. In addition, a privilege log has been provided regarding any documents being withheld on the basis of privilege.

In this request, Koch demands production of "non-privileged notes of fact witness statements, transcripts of interviews and responses to subpoenas." As stated in LA Weight Loss's supplemental response, LA Weight Loss has produced all relevant, non-privileged documents responsive to this request. To date, the only subpoena to which LA Weight Loss received responsive documents was a subpoena served upon Koch's doctor. Copies of these documents were provided to Koch. LA Weight Loss is not in possession of any transcripts of witness interviews or non-privileged notes of fact witness statements.

Although, based on the statements in her Motion to Compel, it does not appear that through this request Koch is seeking the production of additional documents beyond non-privileged notes of fact witness statements, transcripts of interviews and responses to subpoenas, the request, as drafted, is overly broad and seeks the production of documents clearly encompassed by the work product doctrine.[7]

---

[7]    To the extent Koch is demanding a privilege log evidencing privileged notes of defense counsel prepared during the litigation of this matter, LA Weight Loss objects to such a demand as overly burdensome, harassing and beyond the boundaries of permissible discovery under the Federal Rules of Civil Procedure. If the documents are subject to discovery and necessitate a privilege log, the log would likely have to be updated everyday because new documents could be gathered and considered daily. Such requirements would lead to the creation of a roadmap of the development of LA Weight Loss's litigation strategy.

This request also seeks production of "[a]ll documents gathered during the preparation of the defense of the Intervenor/Plaintiff s First Amended Complaint . . ."  The law is clear that the selection and compilation of documents by counsel in anticipation of litigation reveals the attorney's thought processes and theories regarding the litigation, and, as such, is protected from production under the work product doctrine.  See Allen v. McGraw, 106 F.3d 582, 608 (4th Cir. 1997(citing Shelton v. American Motors Corp., 805 F.2d 1323, 1329 (8th Cir. 1986)("In cases that involve reams of documents and extensive document discovery, the selection and compilation of documents is often more crucial than legal research . . . We believe [counsel's] selective review of [her client's] numerous documents was based on her professional judgment of the issues and defenses involved in this case."); Sporck v. Peil, 759 F.2d 312, 316 (3d Cir. 1985)("We believe that the selection and compilation of documents in this case in preparation for pretrial discovery falls within the highly-protected category of opinion work product."), cert. denied 474 U.S. 903 (1985); Julian v. Raytheon Co., 93 F.R.D. 138, 144 (D. Del. 1982)("In selecting and ordering a few documents out of thousands counsel could not help but reveal important aspects of his understanding of the case.")).

In Allen, the Attorney General for the State of West Virginia attempted to compel production of the documents selected by defense counsel from certain personnel files in preparation of her defenses in the litigation.  Allen, 106 F.3d at 608.  The Fourth Circuit denied the Attorney General's motion to compel finding that the documents were protected from production by the opinion work product doctrine.  As the court stated:

> [J]ust as [defense counsel] prepared the interview notes and summaries in anticipation of litigation, she also chose and arranged these records in anticipation of litigation.  This choice and arrangement constitutes opinion work product because [defense counsel]'s selection and compilation of these particular documents reveals her thought processes and theories regarding this litigation.

Id.

Here, Koch seeks production of those documents gathered during the preparation of the defense of the Intervenor/Plaintiff's First Amended Complaint. As in <u>Allen</u>, the documents which counsel for LA Weight Loss chose and arranged in preparing its defenses to Koch's complaint constitute opinion work product because counsel's selection and compilation of these particular documents from the universe of documents at issue in this matter reveal counsel's thought processes and theories regarding this litigation. Thus, the documents gathered and reviewed by counsel for LA Weight Loss in preparing its defenses to Koch's claim are clearly beyond the bounds of permissible discovery and within "that highly-protected category of opinion work product." Accordingly, Koch's Motion to Compel production of these documents should be denied.

**Request No. 25**

REQUEST NO. 25: All documents that refer, reflect or constitute any correspondence and/or any other documents received by you from Kathy Koch after Ms. Koch's termination from her employment with LA Weight Loss.

RESPONSE: Defendant objects to this request as overly broad. Defendant further objects to this request to the extent it seeks information that is not relevant to any claim or defense in Intervenor/Plaintiff's action. Defendant further objects to this request to the extent it requests the disclosure of information or documents protected by the attorney-client privilege, work product doctrine and/or any other applicable privilege recognized by law.

Subject to and without waiver of the foregoing objections and the General Objections, Defendant will produce a copy of Koch's personnel file containing relevant, non-privileged responsive documents.

SUPPLEMENTAL RESPONSE: See Defendant's response and supplemental response to Request Nos. 7 above.

In addition, with respect to the "documents and records improperly retained by Ms. Koch after the termination of her employment which were subsequently returned" to LA Weight Loss by Koch's counsel, copies of those documents have been produced.

LA Weight Loss has responded fully to this request and the issues raised by Koch with respect to this request are moot.

**Request No. 26**

REQUEST NO. 26:  All documents that refer, reflect or constitute the training provided by area corporate trainers, corporate trainers, and/or service trainers to center counselors in the Maryland/Delaware region from 1997 through 1998, including but not limited to materials provided to trainees, training agenda and content, identity of the trainers providing any such training sessions, the test scores of all trainees who received such training, and any feedback or evaluations provided by trainees respecting such training.

RESPONSE:  Defendant objects to this request to the extent it requests the disclosure of information or documents protected by the attorney-client privilege, work product doctrine and/or any other applicable privilege recognized by law.    Subject to and without waiver of the foregoing objections and the General Objections, Defendant will produce relevant, non-privileged responsive documents evidencing the training materials utilized in the 1997-1998 time period.

SUPPLEMENTAL RESPONSE:    Subject to the foregoing general and specific objections, Defendant responds as follows:

Although Defendant does not believe that this discovery request properly seeks the production of all of the categories of documents set forth below, based on assertions made by Koch in her Motion to Compel and representations made by Koch's counsel, Defendant understands that through this request, Koch is seeking production of the following categories of documents;

(1)    Training Materials utilized by Kristi O'Brien and Lynn Portlock in 1997 and 1998 when Kathy Koch was employed by LA Weight Loss; and

(2)    Training Materials utilized by Kathy Koch during her employment with LA Weight Loss.

Based on this understanding, Defendant responds to each category of documents requested as follows:

(1)    Training Materials utilized by Kristi O'Brien and Lynn Portlock in 1997 and 1998 when Kathy Koch was employed by LA Weight Loss -- Defendant has produced all training documents in its possession of which it is aware that were utilized in 1997 and 1998

when Koch was employed by LA Weight Loss. These documents are bates labeled LA-0106575 - LA-0106662; LA-0107354 - LA-01077368; LA-0107369 - LA-0107747. These documents were distributed by LA Weight Loss for training and would have been the materials utilized by Kristi O'Brien and Lynn Portlock for training purposes.

(2)    Training Materials utilized by Kathy Koch during her employment with LA Weight Loss -- Defendant is not in possession of any training material which was specifically utilized by Kathy Koch. At the time of her discharge, Portlock requested that Ms. Koch return all LA Weight Loss material to her. Ms. Koch did not comply with Portlock's request. Certain proprietary documents retained by Ms. Koch after the cessation of her employment with LA Weight Loss were returned to LA Weight Loss by Koch's counsel after the commencement of the administrative action in this matter. Other proprietary information retained by Ms. Koch was not returned, however, including Ms. Koch's training material. This fact is evident from a review of the EEOC's document production in this matter in which the EEOC produced to LA Weight Loss copies of Ms. Koch's LA Weight Loss training materials (EEOC 02510-EEOC2736). Although Ms. Koch provided this proprietary information to the EEOC, she did not return it to LA Weight Loss as requested by Portlock and required by the terms of her employment with LA Weight Loss. Due to Ms. Koch's retention of this information, LA Weight Loss is not in possession of any documents responsive to this request.

In response to LA Weight Loss response to this discovery request, Koch states that LA Weight Loss's requirement of a protective order prior to production of its proprietary training information is a "transparent attempt to avoid production of [Koch's] training materials." This is a plain mischaracterization of LA Weight Loss's legitimate efforts to protect its proprietary information and is flatly contradicted by the production history of the discovery.

On October 3, 2003, a Stipulated Confidentiality Agreement and Order was entered in this matter. Shortly thereafter on October 21, 2002 LA Weight Loss produced to Koch copies of all training material from the requested time period in its custody and control. (Exhibit CC). Despite Koch's bald assertion to the contrary, once appropriate protections were put in place, LA Weight Loss produced documents responsive to this request as it always said it would.

With respect to LA Weight Loss's supplemental response, during an interview with the EEOC on April 27, 2000, Lynn Portlock, Koch's former supervisor, stated that she requested that Koch turn in all of her training material when she terminated Koch's employment. Portlock further stated that Koch did not turn in those materials. (Exhibit DD, p. 209). In reliance on this statement, LA Weight Loss stated in its supplemental response to this request that Koch did not return her training materials as requested.[8]

Koch has never specified which "training materials" she returned. If she means her training notebook, a copy of which Koch produced during discovery in this matter, LA Weight Loss never received this document prior to receiving Koch's document production and therefore cannot produce a copy beyond what has been produced to it. Moreover, training materials are not LA Weight Loss's personnel records. The Company did not receive notice of any claims by Koch until some six weeks after the termination of Koch's employment. At that time, the Company gathered all documents with respect to Koch's performance it could locate. Koch's attorney had the opportunity to ask LA Weight Loss's Custodian of Records about its search for documents. She chose not to do so.

Accordingly, LA Weight Loss has produced all responsive documents in its possession, thereby mooting the issues raised by Koch in her Motion to Compel. Koch has improperly refused to withdraw her Motion to Compel with respect to this issue, thereby needlessly involving the Court in this matter.

---

[8]    During her deposition on November 6, 2003, Portlock was presented with a copy of a note bearing her signature stating that on March 12, 1998, Koch "returned training material." (Exhibit EE). Portlock testified she wrote the note but could not recall any specific training material. Portlock also testified that she forwarded all personnel materials concerning Koch to company headquarters. LA Weight Loss has produced all documents concerning Koch.

**Request No. 27**

REQUEST NO. 27:  All documents that refer, reflect or relate to your policies or procedures regarding employee discipline, including but not limited to, any progressive discipline policies or procedures from 1997 to the present.

RESPONSE:  Defendant objects to this request to the extent it seeks information that is not relevant to any claim or defense in Intervenor/Plaintiff's action.  Defendant further objects to this request as unduly burdensome and overly broad, both generally and as to time.  Defendant further objects to this request to the extent it requests the disclosure of information or documents protected by the attorney-client privilege, work product doctrine and/or any other applicable privilege recognized by law.

Subject to and without waiver of the foregoing objections and the General Objections, Defendant will produce a copy of its Employee Handbook for employees employed in the region in which Koch was employed.  The Handbook contains a corrective counseling policy.

SUPPLEMENTAL RESPONSE:    Once again, this request is seriously over broad as "all documents that . . . relate to [LA Weight Loss's] policies or procedures regarding employee discipline" could entail every disciplinary notice ever given to any employee of LA Weight Loss.  Assuming that through this overly broad request Koch is seeking written statements of LA Weight Loss's disciplinary policies, see response and supplemental response to Request No. 21 above as the handbooks referred to therein contain LA Weight Loss's disciplinary policies.  LA Weight Loss is not in possession of any other responsive information regarding written statements of its disciplinary policies.

Through this request, Koch seeks production of LA Weight Loss's disciplinary policies and procedures for the relevant time period.  As stated in its supplemental response, LA Weight Loss provided all documents responsive to this request, thereby making the issues raised by Koch in response to this request moot.

## IV.    INTERROGATORIES

Below are LA Weight Loss's responses to the specific insufficiencies alleged by the Koch with respect to LA Weight Loss's responses to Koch's Interrogatories:

**Interrogatory No. 6**

> INTERROGATORY NO. 6:  Identify and fully describe each complaint of retaliation that any employee in the Maryland/Delaware region has made against any other employee of LA Weight Loss, or against LA Weight Loss itself, whether written or oral, internally or with any outside administrative agency, from 1997 to the present. With respect to each complaint, describe fully any investigation action taken by LA Weight Loss and the final result of each such complaint.  Your answer should include, but not be limited to, an identification of all documents reflecting or relating to any facts set forth in your answer and an identification of all persons with personal knowledge thereof.

> ANSWER:     Defendant objects to this interrogatory to the extent it seeks information that is not relevant to any claim or defense in Intervenor/Plaintiff's action.  Defendant further objects to this interrogatory as overly broad and unduly burdensome. Defendant also objects to this interrogatory as overly broad as to time.  This request seeks information "from 1997 to the present."  Koch was only employed by Defendant for a brief three and a half month period between November 1997 and March 1998.  As such, any information beyond the dates of Koch's employment is not relevant and such an interrogatory is overly broad.  Defendant further objects to this interrogatory to the extent it requests the disclosure of information or documents protected by the attorney-client privilege, work product doctrine and/or any other applicable privilege recognized by law.

> SUPPLEMENTAL RESPONSE:     Subject to the foregoing objections, see Defendant's response and supplemental response to Request No. 5 of Intervenor/Plaintiff's First Request for Production of Documents.  Defendant is not aware of any other information responsive to this interrogatory.

Although LA Weight Loss disagrees with Koch's assertion that other claims of retaliation are relevant to the claims or defenses at issue in this action, the issue is moot as LA Weight Loss has produced documents from which answers to this interrogatory can be ascertained in response to Request No. 5 of Koch's Requests for Production.

Federal Rule of Civil Procedure 33(d) provides that:

> Where an answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory has been served or from an examination, audit or inspection of such business records . . . and the burden of deriving or ascertaining the

answer is substantially the same for the party serving the interrogatory
as for the party served, it is a sufficient answer to such interrogatory
to specify the records from which the answer may be derived or
ascertained and afford to the party serving the interrogatory to
examine, audit, or inspect such records and to make copies . . .

Fed. R. Civ. P. 33(d).

Here, pursuant to its obligations under the Rule 33(d), LA Weight Loss referred Koch to

those documents it produced in response to Request No. 5.  Such documents include all non-

privileged documents from the litigation files regarding the retaliation claims of Nina Catagnus and

Sandra Brown-Talavera, the only two retaliation claims (other than Koch's claim at issue in this

matter) responsive to Koch's narrowed request.[9]  From these documents, Koch can ascertain details

of any investigative action taken by LA Weight Loss and the final result of each such complaint, as

well as an identification of all persons with personal knowledge thereof.  Further, the burden of

ascertaining this information is substantially the same for Koch as it would be for LA Weight Loss.

As such, LA Weight Loss has fully responded to this interrogatory and Koch's objections to LA

Weight Loss's response are moot.

**Interrogatory No. 7**

INTERROGATORY NO. 7:  Identify and describe fully all
formal complaints of retaliation in the Maryland/Delaware region
filed with the United States Equal Employment Opportunity
Commission or any state or local human rights commission, or as a
lawsuit against LA Weight Loss, from 1996 through the present, and
state the outcome of each claim.  Your answer should include, but not
be limited to, an identification of all documents reflecting or relating
to any facts set forth in your answer and an identification of all
persons with personal knowledge thereof

ANSWER:     Defendant objects to this interrogatory to the
extent it seeks information that is not relevant to any claim or defense
in Intervenor/Plaintiff's action.  Defendant further objects to this

---

[9]     As discussed above, Koch agreed to narrow this interrogatory as well as Request No. 5 to
claims of retaliation made against those LA Weight Loss employees responsible for the
employment decisions at issue in this matter with respect to Koch.

interrogatory as overly broad and unduly burdensome. Defendant also objects to this interrogatory as overly broad as to time. This request seeks information "from 1997 to the present." Koch was only employed by Defendant for a brief three and a half month period between November 1997 and March 1998. As such, any information beyond the dates of Koch's employment is not relevant and such an interrogatory is overly broad. Defendant further objects to this interrogatory to the extent it requests the disclosure of information or documents protected by the attorney-client privilege, work product doctrine and/or any other applicable privilege recognized by law.

SUPPLEMENTAL RESPONSE:    Subject to the foregoing objections, see Defendant's response and supplemental response to Request No. 5 of Intervenor/Plaintiff's First Request for Production of Documents. Defendant is not aware of any other information responsive to this interrogatory.

For the reasons set forth in response to Interrogatory No. 6 above, LA Weight Loss has fully responded to this request to the extent required by the Federal Rules of Civil Procedure and Koch's Motion to Compel further responses to this request should be denied.

**Interrogatory No. 9**

INTERROGATORY NO. 9:  Identify and describe fully the policies, practices and procedures in place from 1997 until the present to be followed by any employee making a complaint against LA Weight Loss or any other employee of LA Weight Loss with respect to gender discrimination and/or retaliation, whether written or oral, including any investigative steps utilized by LA Weight Loss to investigate such a complaint. Your answer should include, but not be limited to, an identification of all documents reflecting or relating to any facts set forth in your answer and an identification of all persons with personal knowledge thereof.

ANSWER:    Defendant objects to this interrogatory as overly broad and unduly burdensome. Defendant further objects to this interrogatory to the extent it seeks disclosure of information or documents protected by the attorney-client privilege, work product doctrine and/or any other applicable privilege recognized by law. Subject to and without waiver of the foregoing objections and the General Objections, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Defendant will produce a copy of its Employee Handbook and EEO policy which contain relevant, non-privileged information from which answers to this interrogatory can be ascertained.

SUPPLEMENTAL RESPONSE:    Subject to the foregoing objections, see response to Request 21 of Intervenor/Plaintiff's First Request for Production of Documents.  Information pertaining to LA Weight Loss's EEO policies, practices and procedures can be obtained through Karen Siegel.

Koch objects LA Weight Loss's response to this interrogatory because LA Weight Loss "fails to provide a description of any oral policies and practices, investigative steps and an identification of all persons with personal knowledge of [LA Weight Loss's] discrimination and/or retaliation policies, practices and procedures."

Koch's objections and continued pursuit of her motion to compel regarding this issue completely ignore LA Weight Loss's supplemental response in which it identifies Karen Siegel, Vice President of Human Resources for LA Weight Loss, as the individual from whom any and all information sought by this interrogatory may be ascertained.  As LA Weight Loss has repeatedly informed Koch, Ms. Siegel will be made available for deposition.  It is appropriate for LA Weight Loss to identify a less burdensome manner for providing information responsive to Koch's interrogatory.  It is less burdensome on LA Weight Loss for Koch to obtain information responsive to this request during the deposition of Ms. Siegel rather than go through the burden of writing descriptions of all oral policies that may have existed at LA Weight.  Accordingly, Koch's objections to LA Weight Loss's response to this request are moot and Koch's continued pursuit of these issues is unjustified.

**Interrogatory No. 14**

INTERROGATORY NO. 14: Identify and describe fully the agenda and content of any and all training provided to area corporate trainers, area trainers and/or corporate trainers in 1997 and 1998. Your response should include, but not be limited to, the identity of those employees or agents providing the training, the dates, locations and subjects covered for each training session, and the attendees of each session. Your answer should include, but not be limited to, an identification of all documents reflecting or relating to any facts set forth in your answer and an identification of all persons with personal knowledge thereof.

ANSWER:    Defendant objects to this interrogatory as overly broad and unduly burdensome.   Subject to and without waiver of the foregoing objections and the General Objections, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Defendant will produce relevant, non-privileged responsive documents evidencing the training materials utilized in the 1997-1998 time period from which answers to this interrogatory may be ascertained.

SUPPLEMENTAL RESPONSE:    LA Weight Loss did not maintain lists of the dates and persons involved in training sessions provided to area trainers during the time Ms. Koch was employed by LA Weight Loss and is not in possession of this information at this time.  Any information pertaining to these topics is best obtained from current and former LA Weight Loss managers and employees such as Lynn Portlock and Kristi O'Brien, who have or will be deposed in this matter.

With respect to the demand for training materials, see response and supplemental response to Request No. 26 of Intervenor/Plaintiff's First Request for Production of Documents.

Although Koch objects to LA Weight Loss's inability to provide certain information in response to this interrogatory, LA Weight Loss has responded to this interrogatory.  LA Weight Loss provided Koch with copies of its training material during the relevant time period from which answers to this interrogatory may be ascertained pursuant to its obligations under Rule 33(d). Further, LA Weight Loss provided Koch with an identification of individuals likely to have knowledge of information responsive to this request.  Beyond this, LA Weight Loss does not have responsive information in its possession.  LA Weight Loss has repeatedly informed Koch of this fact, yet Koch persists in her attempts to compel production of information which does not exist.

**Interrogatory No. 15**

INTERROGATORY NO. 15: Identify all area corporate trainers, corporate trainers, area trainers and/or service trainers employed by LA Weight Loss in 1997 and 1998. Your answer should include, but not be limited to, an identification of all documents reflecting or relating to any facts set forth in your answer and an identification of all persons with personal knowledge thereof. Your answer should further include the names, addresses, telephone numbers, dates of employment of all such individuals.

ANSWER:    Defendant objects to this interrogatory as overly broad and unduly burdensome.  Defendant also objects to this request to the extent it seeks information that is not relevant to any claim or defense in Intervenor/Plaintiff's action.  Defendant further objects to this interrogatory as vague and ambiguous as Koch has failed to define the terms "area corporate trainers", "corporate trainers", "area trainers", or "service trainers."

SUPPLEMENTAL RESPONSE:    Subject to the foregoing objections, documents from the personnel files of all trainers pertaining to hiring, job performance, job assignments, discipline and discharge were made available for inspection and copying over one year ago to counsel for Koch, Kelly Hoelzer, Esquire, and to the EEOC.  Copies of these documents were produced to the EEOC upon the Commission's request.  If Ms. Koch would now like copies of these documents, they will be provided at Koch's expense.

In response to LA Weight Loss's response to this interrogatory, Koch inexplicably states that LA Weight Loss has refused to identify trainers employed by LA Weight Loss during the time the Koch was employed by the Company.  Koch asserts this objection despite the fact that over one year ago LA Weight Loss made available to Koch's counsel for inspection and copying documents from the personnel files of all trainers pertaining to hiring, job performance, job assignments, discipline and discharge.  Pursuant to Rule 33(d), answers to this interrogatory could have been ascertained from these business records and the burden of ascertaining this information from a review of these records is substantially the same for both Koch and LA Weight Loss.  Koch made no request for copies of these documents.  Further, even after being informed of this oversight, Koch refuses to withdraw objections to LA Weight Loss's discovery responses insisting on burdening the Court with this baseless issue.  Koch still has not taken LA Weight Loss up on its offer to produce these documents.

**Interrogatory No. 17**

INTERROGATORY NO. 17: Identify and describe fully all complaints made by employees of LA Weight Loss, whether formal or informal, internally or to an outside agency, referring or relating to LA Weight Loss' new-hire application and/or hiring policies and procedures from 1997 to the present. Your answer should include, but

not be limited to, an identification of all documents reflecting or relating to any facts set forth in your answer and an identification of all persons with personal knowledge thereof.

> ANSWER:    Defendant objects to this interrogatory to the extent it seeks information that is not relevant to any claim or defense in Intervenor/Plaintiff's action.  Defendant further objects to this interrogatory as overly broad and unduly burdensome.  Defendant also objects to this interrogatory as overly broad as to time.  This request seeks information "from 1997 to the present."  Koch was only employed by Defendant for a brief three and a half month period between November 1997 and March 1998.  As such, any information beyond the dates of Koch's employment is not relevant and such an interrogatory is overly broad

> SUPPLEMENTAL RESPONSE:    Although Defendant stands by its objection that the information sought by this Interrogatory is not relevant to the claims or defenses in this matter, because the information responsive to this interrogatory has already been produced to the EEOC in response to the Commission's discovery requests, LA Weight Loss will produce copies of that information, without waiver of the foregoing objections, and refers Koch to Defendant's response and supplemental responses to Request No. 12 of Intervenor/Plaintiff's First Request for Production of Documents.

Although LA Weight Loss disagrees with Koch's assertion that any information sought by this request is in any way relevant to the claims or defense raised by Koch in this matter, the issue is moot as LA Weight Loss has produced documents from which answers to this interrogatory can be ascertained in response to Request No. 12 of Koch's Requests for Production.

Pursuant to Rule 33(d), LA Weight Loss referred Koch to the documents it produced in response to Request No.12.  Such documents include all non-privileged documents from the litigation files regarding the claims relating to LA Weight Loss's alleged discrimination against men.  From these documents, Koch can ascertain details of each such complaint, as well as an identification of all persons with personal knowledge thereof.  Further, the burden of ascertaining this information is substantially the same for Koch as it would be for LA Weight Loss.  As such, LA

Weight Loss has fully responded to this interrogatory to the extent even arguably required by the

Federal Rules of Civil Procedure and Koch's objections to LA Weight Loss's response are moot.

## V.    THE MOTION TO COMPEL IS NOT SUBSTANTIALLY JUSTIFIED AND LA WEIGHT LOSS SHOULD BE AWARDED ITS ATTORNEY'S FEES AND COSTS

Rule 37(a)(4)(b) of the Federal Rules of Civil Procedure provides that if a discovery motion,

such as a motion to compel,  is denied, the court may enter any protective order authorized under

rule 26(c) and <u>shall</u>, after affording an opportunity to be heard, require the moving party or attorney

filing the motion, or both of them, to pay to the party who opposed the motion the reasonable

expenses incurred in opposing the motion, including attorney's fees.

The test for avoiding the imposition of attorneys' fees pursuant to Federal Rule of Civil

Procedure 37(a)(4) is whether the act of making or opposing the motion was "substantially

justified." <u>Pierce v. Underwood</u>, 487 U.S. 552, 565 (1988).  According to the Supreme Court, such

actions are substantially justified only if there is a (1) genuine dispute or (2) if reasonable people

could differ as to the appropriateness of the contested action.  <u>Id.</u>; *See* <u>Quaker Chair Corp. v. Litton</u>

<u>Bus. Sys. Inc.</u>, 71 F.R.D. 527 (S.D.N.Y. 1976) (holding that there must exist a genuine dispute over

a legal issue in order for a party to be "substantially justified"); <u>Reygo Pac. Corp. v. Johnston Pump</u>

<u>Co.</u>, 680 F.2d 647 (9th Cir. 1982) (holding that a request for discovery is "substantially justified if

reasonable people could differ as to whether the party requesting must comply).

The determination of whether a discovery motion is "substantially justified" depends on the

particular facts of each case.  <u>Hutchinson v. Pfeil</u>, 1999 U.S. App. LEXIS 29523 (10th Cir.,

November 9, 1999).  (Exhibit FF).  As such, the district court has broad discretion to order a

moving party or her attorney to compensate the opposing party for its costs incurred in opposing the

motion. <u>Campbell v. U.S. Dept. of Justice</u>, 209 F.R.D. 272 (D.D.C., August 12, 2002) *citing* <u>Nat'l</u>

<u>Hockey League v. Metro. Hockey Club, Inc.</u>, 427 U.S. 639, 642-643 (1976).  At least one court has

held that a Motion to Compel cannot be substantially justified when the party making the motion

has in its possession a majority of the information requested in the motion.  See Williams v.

Cochran, 1999 U.S. App. LEXIS 4350 (6th Cir., March 13, 1999) (Court found that awarding fees

under Federal Rule of Civil Procedure 37(a)(4)(B) was proper, as Motion to Compel was not

substantially justified where three of the four items requested in the motion had already been

produced to the moving party and were in the party's possession).  (Exhibit GG).

  Koch in this instance was not substantially justified in her continued pursuit of the Motion to

Compel, especially after receiving LA Weight Loss's Supplemental Discovery Responses, because

there was no genuine dispute over a legal issue and reasonable people could not differ as to the need

to make such a motion.

  By letter dated September 5, 2003, counsel for Koch notified counsel for LA Weight Loss of

her intention to file a Motion to Compel (a draft of which was attached to the letter) unless

supplemental discovery responses were provided for the document requests and interrogatories

listed therein.  Koch did not engage in any interactive good faith process to resolve a dispute prior

to filing the motion.  By response letter dated September 9, 2003 (attached as Exhibit S), counsel

for LA Weight Loss addressed each of the twenty (20) interrogatories and document requests by

Koch in her draft Motion to Compel.  In response to each of the requests cited, counsel made clear

that all relevant documents and information requested: (1) had either already been provided, (2) had

been made available to Koch and the EEOC for inspection and copying, (3) would be made

available to the Koch and EEOC upon the signing of a protective order, or (4) are currently being

produced to Koch and the EEOC.  Thus, prior to the date Koch filed the current motion, all issues

presented therein had been addressed by LA Weight Loss and relevant documents had been

produced.

  Despite this fact and without negotiation or even comment LA Weight Loss's Supplemental

Response, Koch filed her Motion to Compel on September 16, 2003, one day after sending Defense

counsel a letter acknowledging receipt of Defendants September 9, 2003 response letter and requesting copies of documents identified therein. (Exhibit V). Thereafter, with Koch's Motion pending before the Court, LA Weight Loss once again attempted to resolve any outstanding discovery issues by conferring with Koch's counsel on or about October 16, 2003 in an effort to understand what issues were still outstanding and then providing further supplemental responses. (Exhibit Y and Z). As evidenced throughout this Opposition, LA Weight Loss's supplemental responses addressed nearly every concern raised by Koch in this Motion to Compel. Despite this fact, Koch refused to agree that even one of the issues raised in her Motion to Compel was resolved through LA Weight Loss's supplemental discovery responses.

As the District Court for the Southern District of New York noted in Quaker Chair, the Notes of the Advisory Committee on the Rules of Civil Procedure provide that Rule 37(a)(4) is intended to "deter the abuse implicit in carrying or forcing a discovery dispute to court when no genuine dispute exists." Quaker Chair, 71 F.R.D at 534 (S.D.N.Y. June 16, 1976). Further, the court cited the Notes of the Advisory Committee on the Rules of Civil Procedure as stating that the "potential or actual imposition of expenses is virtually the sole formal sanction in the rules to deter a party from pressing to a court hearing frivolous requests for or objections to discovery." Id. Koch's decision to continue to pursue this Motion before the Court can be based only a desire to burden LA Weight Loss with responding to an unnecessary Motion to Compel and misuse the discovery process as a vehicle to disparage LA Weight Loss and its counsel in the eyes of the Court. Koch's actions serve only to hinder the discovery process.

Koch's attempt to cover up her own failure to pursue discovery for a year by leveling baseless accusations against LA Weight Loss and its counsel make the case for Rule 37 sanctions here particularly compelling. Koch charges LA Weight Loss with obstructing discovery and hiding documents. Yet, when Koch had the opportunity to ask LA Weight Loss' Custodian of Records

questions about the Company document retention policies and its search for documents, Koch chose

not to do so.  Koch's counsel inspected over 100,000 documents and chose not to copy a single

page.  Indeed, Koch waited over a year after intervening to raise any issue with respect to discovery.

Despite the fact that Koch and her counsel essentially have in their possession all of the

information which serves as the basis for the motion before the Court, Koch has went ahead

relentlessly with this Motion.

Koch's decision to pursue this Motion in light of LA Weight Loss's supplemental responses

simply cannot be justified. Accordingly, fees and expenses should be awarded to LA Weight Loss

pursuant to Federal  Rule of Civil Procedure 37(a)(4)(B).

## VI.    CONCLUSION

For the foregoing reasons, LA Weight Loss respectfully requests that Intervenor/Plaintiff

Kathy Koch's Motion to Compel Answers to Interrogatories and Production of Documents be

denied in its entirety and that Koch be sanctioned for her unjustified pursuit of this Motion.

Respectfully submitted,

SHAWE & ROSENTHAL, LLP

_____/s/_____
Elizabeth Torphy-Donzella
Bar No. 10809
20 S. Charles Street
Baltimore, MD 21201
(410) 752-1040
          AND
WOLF, BLOCK, SCHORR and SOLIS-COHEN LLP
David E. Landau
David L. Gollin
1650 Arch Street, 22nd Floor
Philadelphia, PA  19103-2097
(215) 977-2052/2335

Attorneys for Defendant
LA Weight Loss

Dated:   November 13, 2003

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I caused a true and correct copy of the foregoing to be served

electronically upon the following:

Ronald L. Phillips, Esquire
U.S. Equal Employment Opportunity Commission
Baltimore District Office
10 South Howard Street, 3rd Floor
Baltimore, MD 21201
Attorneys for Koch

and

Pamela White, Esq.
Ober, Kaler, Grimes & Shriver, P.C.
120 East Baltimore Street
Baltimore, Maryland 21201
Attorney for Intervenor/Plaintiff


_____/s/_____
Elizabeth Torphy-Donzella

Dated:  November 13, 2003

DSB:941491.1/LAW024-158357