IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | * |
| Plaintiff | * |
| and | * |
| KATHY C. KOCH | * |
| Intervenor/Plaintiff | * |
| v. | Civil No. S-02-CV-648 |
| LA WEIGHT LOSS | * |
| Defendant | * |

\* \* \* \* \* \* \* \* \* \* \* \*

**INTERVENOR/PLAINTIFF'S FIRST REQUEST
FOR PRODUCTION OF DOCUMENTS AND THINGS**

Intervenor/Plaintiff, by her undersigned attorneys, serves this First Request For Production of Documents and Things on Defendant LA Weight Loss ("Defendant") pursuant to Federal Rule of Civil Procedure 34.

Instructions and Definitions

A.   The words "you", "your" and "LA Weight Loss" mean Defendant LA Weight Loss, and its agents, investigators, consultants and attorneys.

B.   The words "Kathy Koch" or "Koch" mean Intervenor/Plaintiff Kathy C. Koch and her agents, investigators, consultants and attorneys.

C. The words "Equal Employment Opportunity Commission" or "EEOC" mean Plaintiff Equal Employment Opportunity Commission, its agents, investigators, consultants and attorneys.

D. "Documents" means, without limitation, the following items, whether printed or recorded or reproduced by a mechanical or computer or photographic process, or written or produced by hand: agreements, communications, reports, correspondence, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, diaries, graphs, computer printouts, statistical or other data, notebooks, notes, charts, plans, drawings, sketches, maps, opinions or reports of consultants, photographs, slides, microfilm, microfiche, motion picture film, materials that can be retrieved/printed from or by computer, brochures, pamphlets, advertisements, circulars, press releases, newspapers, magazines, trade journals, drafts, letters, appointment books, calendars, desk pads, logs, minutes of meetings, invoices, entries in books of account, any marginal comments or notes appearing on any documents and all other writings of whatever type or nature. Production of the original of each such document, and not reproductions made for purposes of responding to this request, is required.

E. Where knowledge or information is requested, such request includes knowledge of your agents, employees, insurers, representatives and, unless privileged, your accountants and attorneys.

F. This request includes the production of all non-identical copies of requested documents, including drafts and copies upon which notes or comments have been made.

G. If any document responsive to this request is not produced due to a claim of privilege to a part or parts of the document (including a claim that all or a portion of the document constitutes work product), describe each such document and the factual basis for the claim of privilege. Documents shall be deemed to have been adequately listed and described for the purpose of this instruction when the following information has been provided:

1. The place, approximate date and manner of preparation of the document;

2. The name of each person who participated in the preparation of the document;

3. The name and corporate position, if any, of each person other than attorneys representing you to whom the content of the document has been communicated in the past whether by copy, exhibition, reading or substantial summarization;

4. The nature of the document and a brief description of its subject matter; and

5. Each addressee, recipient or possessor of the document.

H. To the extent any request is objected to on grounds other than privilege, set forth the factual and legal basis for the objection. If you object in part to any request, produce all documents responsive to the remainder of that request.

I. Where a complete production in response to a particular request is not possible, the production should be made to the extent possible and the response should indicate why only partial production could be made.

J.  If any requested document was, but is no longer, in your possession or subject to your custody and control, state what disposition was made of it.

K.  This Request is continuing in nature. Any documents which are secured or discovered after your initial response and document production which otherwise would have been included in that response and production had such documents been previously known or available shall be supplied by supplemental response and production.

## REQUESTS FOR DOCUMENTS

REQUEST NO. 1:  All documents you were requested to identify in Intervenor/Plaintiff's First Set of Interrogatories in this action, that you relied on in answering any of the interrogatories, or that otherwise support your response to any interrogatory.

REQUEST NO. 2:  All documents which reflect, refer, or relate to any evaluation (formal or informal) of Kathy Koch.

REQUEST NO. 3:  All personnel files referring to Ms. Koch, including, but not limited to, her personnel file, central personnel file, local office or division personnel file, hiring file, disciplinary file, termination file, or other informal files kept by any supervisor or manager, and copies of any documents maintained in any file referencing Ms. Koch pertaining to her health, performance, compensation, or any complaints made by or concerning Ms. Koch.

REQUEST NO. 4:  Any and all job descriptions for each position held by Kathy Koch during her employment with LA Weight Loss.

REQUEST NO. 5  All documents which reflect, refer or relate to any claim or allegation that LA Weight Loss, or any employee of LA Weight Loss, retaliated against any other employee or former employee of LA Weight Loss in the Maryland/Delaware

region from 1997 to the present.

REQUEST NO. 6   All documents which reflect, refer or relate to any written or oral reprimand, warning, or caution or any compliment, award, or commendation, given to or concerning Kathy Koch.

REQUEST NO. 7:   All correspondence between Kathy Koch and LA Weight Loss, or concerning Kathy Koch by or to any employee of LA Weight Loss, or concerning Kathy Koch by or to the Equal Employment Opportunity Commission or to any person other than LA Weight Loss.

REQUEST NO. 8:   All documents prepared by, or at the direction of, any employee of LA Weight Loss respecting Kathy Koch.

REQUEST NO. 9:   Lynne Portlock's personnel file and any other file maintained by LA Weight Loss respecting Ms. Portlock. To the extent not included in her personnel file, please produce all documents which reflect, refer, or relate to any evaluation (formal or informal) of Lynne Portlock.

REQUEST NO. 10:   All documents supporting any contention by you that Kathy Koch's performance was unsatisfactory.

REQUEST NO. 11:   If LA Weight Loss believes it has suffered or has been damaged as a result of Kathy Koch's work, produce all documents supporting your allegation.

REQUEST NO. 12:   All documents that reflect, refer, or relate to any and all complaints made by any employee of LA Weight Loss, whether internal or to an outside agency, whether formal or informal, respecting LA Weight Loss' new-hire application and/or hiring policies or procedures from 1997 to the present.

REQUEST NO. 13: All documents that refer to or reflect your policies or procedures that employees should follow in order to make a complaint regarding a supervisor or any other employee from 1997 to the present.

REQUEST NO. 14: All documents sufficient to show the number of full-time current employees at LA Weight Loss, and the number of full-time employees at LA Weight Loss from 1997 through the present.

REQUEST NO. 15: All documents relating to or supporting your denial of any allegation of the Intervenor/Plaintiff's First Amended Complaint, and relating to or supporting each affirmative defense asserted by you.

REQUEST NO. 16: All documents that reflect, refer or relate to all steps taken to investigate Kathy Koch's complaint(s) respecting LA Weight Loss' new-hire application and hiring practices.

REQUEST NO. 17: All documents that refer or relate to any complaints of retaliation, whether internal or to an outside agency, whether formal or informal, made against LA Weight Loss or any employee of LA Weight Loss from 1997 to the present in the Maryland/Delaware region.

REQUEST NO. 18: All documents representing the chain of command in the Maryland/Delaware, or Mid-Atlantic, region of LA Weight Loss, including but not limited to, the manager of the region, area supervisors, all trainers, counselors, etc. throughout the time of Kathy Koch's employment.

REQUEST NO. 19: Produce the document or documents reflecting the names, addresses of each manager or assistant manager of Defendant's centers located in Brandywine and Newark, Delaware and of all centers located in the Baltimore, Maryland

area (including but not limited to Glen Burnie, Catonsville, Pikesville, Laurel, Bel Air, Annapolis and Dundalk) during the period of 1997-1998.

REQUEST NO. 20: Produce copies of any employee handbook disseminated by LA Weight Loss since 1997.

REQUEST NO. 21: Produce copies of any of LA Weight Loss' policies, practices or procedures concerning discrimination and/or retaliation since 1997.

REQUEST NO. 22: All documents supporting any contention by Defendant that because of any fact discovered by Defendant since Kathy Koch's termination, that Kathy Koch would not have been hired or would have been fired (after – acquired evidence).

REQUEST NO. 23: All statements, whether oral, written, electronic, or recorded, by any person regarding any aspect of the claims, defenses, or facts relevant to this case.

REQUEST NO. 24: All documents gathered during the preparation of the defense of the Intervenor/Plaintiff's First Amended Complaint, including documents received as responses to subpoenas, voluntary requests to outside parties, and internal document-gathering processes.

REQUEST NO. 25: All documents that refer, reflect or constitute any correspondence and/or any other documents received by you from Kathy Koch after Ms. Koch's termination from her employment with LA Weight Loss.

REQUEST NO. 26: All documents that refer, reflect or constitute the training provided by area corporate trainers, corporate trainers, and/or service trainers to center counselors in the Maryland/Delaware region from 1997 through 1998, including but not limited to materials provided to trainees, training agenda and content, identity of the trainers providing any such training sessions, the test scores of all trainees who received

such training, and any feedback or evaluations provided by trainees respecting such training.

REQUEST NO. 27:   All documents that refer, reflect or relate to your policies or procedures regarding employee discipline, including but not limited to, any progressive discipline policies or procedures from 1997 to the present.

REQUEST NO. 28:   All documents not otherwise produced which support or relate to your defenses to Intervenor/Plaintiff's First Amended Complaint and/or which relate to the claims asserted by the EEOC in its Complaint and your defenses thereto.

REQUEST NO. 29:   All documents which you intend to offer as exhibits at trial.

 

_____
Kelly Culp Hoelzer, Esquire
Pamela J. White, Esquire
Ober, Kaler, Grimes & Shriver
120 E. Baltimore Street
Baltimore, Maryland 21201
(410) 685-1120

Attorneys for Intervenor/Plaintiff
Kathy C. Koch

713581

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY   *
COMMISSION                     *

   Plaintiff          *

and                            *

KATHY C. KOCH                  *

   Intervenor/Plaintiff   *

             Civil No. S-02-CV-648

v.                             *

LA WEIGHT LOSS                 *

   Defendant

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## NOTICE OF SERVICE

I HEREBY CERTIFY that on this 5th day of February, 2003, a copy of the foregoing Intervenor/Plaintiff's First Set of Interrogatories to Defendant L.A. Weight Loss, were sent via first-class mail, postage prepaid, to:

Tracy Hudson Spicer, Esquire
Ronald Phillips, Esquire
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Baltimore District Office
10 South Howard Street
Baltimore, Maryland 21201

Attorneys for Plaintiff EEOC

Elizabeth Torphy-Donzella, Esquire
SHAWE & ROSENTHAL, LLP
20 S. Charles Street, 11th Floor
Baltimore Maryland 21201

David E. Landau, Esquire
David L. Gollin, Esquire
WOLF, BLOCK, SCHORR AND SOLIS-COHEN, LLP
1650 Arch Street, 22nd Floor
Philadelphia, Pennsylvania 19103

Attorneys for Defendant LA Weight Loss

_____
Kelly Culp Hoelzer