IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br>)<br>)<br>Plaintiff, )<br>and )<br>KATHY C. KOCH, )<br>)<br>Plaintiff-Intervenor, )<br>)<br>v. )<br>LA WEIGHT LOSS, )<br>)<br>Defendant. )<br>_____ ) | Case No. WDQ-02-CV-648 |

### CONFIDENTIALITY STIPULATION AND ORDER

IT IS HEREBY STIPULATED AND AGREED by the attorneys for plaintiff, Equal Employment Opportunity Commission ("plaintiff") and Kathy Koch ("plaintiff-intervenor") and LA Weight Loss ("defendant"), as follows:

1. This Stipulation (the "Stipulation") governs the handling of documents, depositions and deposition exhibits, interrogatory answers, responses to requests for production, responses to requests to admit and other written, recorded, transcribed, computer or graphic matter ("Discovery Material") produced by or obtained from any party (the "Producing Person") during the proceedings of this action that is deemed confidential or that is designated confidential by any Producing Person ("Designating Person").

2. Any party or Producing Person may in good faith designate as "Confidential Matter" any Discovery Material produced in this case, to the extent such Discovery Material contains or reflects any non-public confidential or proprietary information of or relating to a party, including without limitation, research, development, technical, financial or commercial information, personnel files and other employee or compensation data, internal management

DSB:917267.3

policy or procedure, employee relations, business plans, sales and marketing strategies or plans, operating procedures, know-how, training materials, trade secrets, intellectual property rights, development tools, methods, techniques, source and object code, pricing, inventions, product specifications, drawings, descriptions, computer software, models, samples, demonstrations, or sales, suppliers or customer information. Confidential Matter shall also include income tax information and documents of the persons for whom the EEOC seeks relief.

3.  Any party may designate as "CONFIDENTIAL" any Confidential Matter which that party reasonably and in good faith believes is confidential and which it would not normally reveal to others or would cause others to maintain in confidence.

4.  All documents to be hereinafter produced in discovery proceedings or otherwise that are stamped or described by Bates Number by the producing party as "CONFIDENTIAL" shall be subject to the restrictions contained in paragraph 5 and the following restrictions:

(a)  Such documents and the information contained therein shall be used only for the purpose of pre-trial procedures (including, but not limited to, depositions, motions and briefing), trial preparation, trial and appeals, subject to this Stipulation and not for any business or non-litigation related purpose whatsoever.

(b)  Such documents shall not be given, shown, made available, discussed or otherwise communicated in any way to anyone other than:

(i)  the attorneys of record for the party or parties in this litigation to which such documents are produced, and the regular and temporary employees of such attorneys to whom it is necessary that the material be shown for purposes of the litigation; *provided* that the signature on this Stipulation of a member of a law firm acting as litigation counsel to a party

shall constitute an agreement by all lawyers in, and regular or temporary employees of, that firm to be bound by the terms and conditions of this Stipulation;

    (ii) experts or consultants retained by the attorneys of record for such party to assist in the preparation of this matter for litigation;

    (iii) such inside counsel, directors, officers and employees of such party, or, in the case of a party who is an individual rather than a corporate entity, the individual party himself or herself, as are assisting in the preparation of this matter for litigation and to whom, in the opinion of the attorney in charge of the case for such party, it is necessary to the preparation of his case that such material be shown;

    (iv) the Court and its employees;

    (v) a non-party witness during the course of his or her deposition or trial testimony;

    (vi) such other persons, and on such other terms and conditions, as the parties agree to in writing or as the Court, upon application, may order;

    (vii) with regard to personnel files and other employee and compensation data, the person about whom that Confidential Matter pertains and any person who in good faith is believed to already have had knowledge of the Confidential Matter; and

    (viii) court reporters and deposition videographers.

  5. Each person referred to in paragraph 4(b)(ii), 4(b)(v), 4(b)(vi) and 4(b)(vii) who shall be provided with copies of Confidential Matter shall agree in writing as described herein to be bound by the terms of this Stipulation if such person also will retain one or more copies of the Confidential Matter. In the event that such person will retain one or more copies, she/he will be required, prior to viewing or discussing the Confidential Matter, to execute an agreement in the

form annexed hereto as Exhibit A. The attorneys for the party to whom documentary production or other discovery is made in this action shall maintain a file of such written agreements and such file shall be made available on reasonable notice by the attorney for a producing party to the attorneys maintaining such file.

6. Such briefs, pleadings or other filings with the Court which incorporate or disclose Confidential Matters shall be filed under seal (labeled on the cover page "Confidential - Filed Under Seal"), if permitted by the Court, and any copies thereof shall be held in confidence as provided in this Stipulation. All documents filed under seal shall be kept so until the Court orders otherwise. When Confidential Matter is incorporated in a transcript of a deposition, any party claiming confidentiality may, with prior notice to all parties, arrange with the court reporter to bind the confidential portions of such portion of the transcript as "CONFIDENTIAL", as appropriate, and any copies thereof shall be held in confidence as provided in this Stipulation. If challenged by any other party, the party claiming confidentiality shall have the burden of showing that such designation is appropriate under the terms of this Stipulation and not inconsistent with federal law. Any arrangements regarding designation and binding as "CONFIDENTIAL" portions of any transcript regarding a hearing, trial or other courtroom proceeding shall be made by motion by the party seeking confidentiality.

7. The inadvertent production of any information, document or thing without being marked "Confidential" shall not be deemed a waiver of any claim of confidentiality as to such matter, and the same may thereafter in good faith be designated as "Confidential."

8. This Stipulation is without prejudice to the right of any party to consent, subject to any limitations it may impose, to disclosure of its Confidential Matter to any other person.

9. When Confidential Matter will likely be presented, quoted or referred to in any deposition, the party claiming confidentiality shall have the right to make arrangements to insure that only the persons who, in accordance with paragraph 4 and/or 5 herein would be permitted access to said Confidential Matter, are present during said presentation, quotation, or reference. In the event that any Confidential Information is used in any court proceeding, it shall not lose its confidential status merely through such use in conformance with this Stipulation.

10. For documents produced and sent to the opposing party or made available for inspection by the opposing party, any objections to a party's designation of Confidential Matter as "CONFIDENTIAL" will occur as follows:

(a) The non-designating party may at any time object to the designation of Confidential Matter as "CONFIDENTIAL." Should the parties be unable informally to resolve such objection, then the party that has designated documents as "CONFIDENTIAL" shall make a motion on notice to all parties to this action.

(b) The party that has designated documents as "CONFIDENTIAL" shall have the burden of demonstrating that the confidential designation was proper under the terms of this Stipulation and under law.

(c) Any Discovery Material that has been designated "CONFIDENTIAL" and for which such designation has not been waived shall be treated as confidential until such time as the Court orders that such material should not be treated as confidential

11. Anything herein to the contrary notwithstanding, within fifteen (15) days of the date of this Order, any party may designate documents produced prior to this Order as Confidential within any of the categories of confidentiality specified above in paragraph 4.

12. After the conclusion of this litigation, this Stipulation, insofar as it restricts the communication and use of the documents produced hereunder, shall, without written permission of each party and any Producing Person, continue to be binding upon the parties hereto and upon all persons to whom Confidential Discovery Material has been disclosed or communicated, and the Court shall retain jurisdiction over the parties and all such persons for enforcement of its provisions including contempt proceedings for any breach or other violation of this Stipulated Order. However, neither this Stipulation nor any portion thereof shall be construed to create or give rise to any independent claim or cause of action against any party or person, including but not limited to the United States Government or any agency or employee thereof.

13. Nothing in this Stipulation shall be construed to affect either the discoverability or admissibility at trial of any testimony, document or thing, nor shall any party's assent to this Stipulation be deemed to waive that party's right to object to the production of documents and things on appropriate grounds, to move to compel the production of documents and things wrongfully withheld from production, to assert appropriate privileges and immunities in response to discovery requests, or to seek additional protection or other modification of this Stipulation by subsequent order of the Court.

14. This Stipulation governs confidentiality only for purposes of discovery among the parties and use of discoverable information and documents in court filings. Neither assent to this Stipulation nor assent to any designation of confidentiality thereunder shall be construed to act as an admission by any of the parties on the merits of the underlying litigation.

15. Nothing in this Stipulation shall bar or otherwise restrict any of the attorneys for the parties from rendering advice with respect to this litigation to the party or parties for which such attorneys have appeared of record in this matter.

16. This Stipulation has no effect upon, and its scope shall not extend to, any Producing Person's use of his, or her or its own Confidential Discovery Material.

17. Nothing contained herein shall be construed as conferring, by implication, estoppel or otherwise, any license or right in respect of any Confidential Information and/or intellectual property right.

18. In the event any additional person becomes a party to this litigation, neither such party, such party's counsel nor any expert or consultant retained to assist such counsel shall have access to Confidential Discovery Material produced by or obtained from any other Producing Person until said party's counsel has executed a copy of this Stipulation.

19. This Stipulation supplements but does not supersede or amend any agreement, or common law, statutory or other obligation relating to confidentiality previously entered into by any of the parties.

20. This Stipulation shall not be construed to require confidentiality regarding, or restrict dissemination of, any Confidential Matter if, and the extent, such disclosure or dissemination is mandated by federal law.

21. This Stipulation shall remain in force and effect and shall not be modified, superseded, or terminated except by express written consent of the parties or by Order of the Court after notice to the parties.

Respectfully submitted,

/s/
_____
David L. Gollin, Esquire
WOLF, BLOCK, SCHORR and SOLIS-COHEN LLP
1650 Arch Street, 22nd Floor
Philadelphia, PA  19103-2097
(215) 977-2052

Elizabeth Torphy-Donzella
Shawe & Rosenthal, LLP
20 S. Charles Street
Baltimore, MD 21201
(410) 752-1040

Dated: October 3, 2003          **Attorneys for Defendant LA Weight Loss**


_____/S/_____
Pamela J. White
Ober, Kaler, Grimes & Shriver, P.C.
120 East Baltimore Street
Baltimore, MD 21202
(410) 347-7323

Dated: October 3, 2003          **Attorney for Intervenor/Plaintiff**


_____/S/_____
Tracy Hudson Spicer, Esquire
U.S. Equal Employment Opportunity Commission
Baltimore District Office
10 South Howard Street, 3rd Floor
Baltimore, MD 21202
(410) 962-4623

Dated: October 3, 2003          **Attorney for Plaintiff**



APPROVED AND SO ORDERED this \_\_\_\_\_ day of October, 2003:


_____, U.S.D.J.

## EXHIBIT A

## CERTIFICATE OF CONFIDENTIALITY

I, _____, declare under penalty of perjury under the laws of the United States, that:

1. My address is _____
_____.

2. My present employer is _____
_____.

3. My present occupation or job description is _____
_____.

**I HEREBY CERTIFY AND AGREE:** that I have read and understand the terms of the Stipulated Protective Order ("Stipulation") in the matter of the *Equal Employment Opportunity Commission and Kathy Koch v. LA Weight Loss*, United States District Court for the District of Maryland, Civil Action No. WDQ-02-CV-648; that I will not use or disclose to anyone any of the contents of any Confidential Information received under the protection of the Stipulation; and I agree to be bound by the terms and conditions of the Stipulation.

I understand that I am to retain all copies of any of the materials that I receive which have been designated as Confidential Information in a container, cabinet, drawer, room or other safe place in a manner consistent with this Stipulation, and that all copies are to remain in my custody until I have completed my assigned or legal duties, whereupon the copies are to be returned or destroyed as specified in the Stipulation. I acknowledge that such return or the subsequent destruction of such materials shall not relieve me from any of the continuing obligations imposed upon me by the Stipulation.

DSB:917267.3

I hereby submit to the jurisdiction of the United States District Court for the District of Maryland for purposes of enforcement of the terms of the Stipulation and of this Certificate of Confidentiality.

_____          _____
(Date)                                                                        (Signature)