## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| and<br>KATHY C. KOCH, | ) ) | Case No. WDQ-02-CV-643 |
| Plaintiff-Intervenor, | ) ) ) | |
| v.<br>LA WEIGHT LOSS, | ) ) | |
| Defendant. | ) | |

## DEFENDANT'S SUPPLEMENTAL ANSWERS TO
## INTERVENOR/PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant LA Weight Loss hereby supplements its responses to Intervenor/Plaintiff's ("Plaintiff") First Set of Interrogatories as follows:

## I.    GENERAL OBJECTIONS

Defendant incorporates by reference the General Objections asserted in its initial Responses to Intervenor/Plaintiff's First Set of Interrogatories as if set forth in full herein and incorporates those objections by reference into each and every supplemental response below whether or not specifically set forth therein.

## II.    OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

Defendant incorporates by reference its Objections to the Definitions and Instructions set forth in its initial Responses to Intervenor/Plaintiff's First Set of Interrogatories as if set forth in full herein.

DSB:938934.1

## III.    **INTERROGATORIES**

INTERROGATORY NO. 6:  Identify and fully describe each complaint of retaliation that any employee in the Maryland/Delaware region has made against any other employee of LA Weight Loss, or against LA Weight Loss itself, whether written or oral, internally or with any outside administrative agency, from 1997 to the present.  With respect to each complaint, describe fully any investigation action taken by LA Weight Loss and the final result of each such complaint.  Your answer should include, but not be limited to, an identification of all documents reflecting or relating to any facts set forth in your answer and an identification of all persons with personal knowledge thereof.

**ANSWER:**    Defendant objects to this interrogatory to the extent it seeks information that is not relevant to any claim or defense in Intervenor/Plaintiff's action.  Defendant further objects to this interrogatory as overly broad and unduly burdensome. Defendant also objects to this interrogatory as overly broad as to time.  This request seeks information "from 1997 to the present."  Plaintiff was only employed by Defendant for a brief three and a half month period between November 1997 and March 1998.  As such, any information beyond the dates of Plaintiff's employment is not relevant and such an interrogatory is overly broad.  Defendant further objects to this interrogatory to the extent it requests the disclosure of information or documents protected by the attorney-client privilege, work product doctrine and/or any other applicable privilege recognized by law.

**SUPPLEMENTAL RESPONSE**:    Subject to the foregoing objections, see Defendant's response and supplemental response to Request No. 5 of Intervenor/Plaintiff's First Request for Production of Documents.  Defendant is not aware of any other information responsive to this interrogatory.

INTERROGATORY NO. 7: Identify and describe fully all formal complaints of retaliation in the Maryland/Delaware region filed with the United States Equal Employment Opportunity Commission or any state or local human rights commission, or as a lawsuit against LA Weight Loss, from 1996 through the present, and state the outcome of each claim. Your answer should include, but not be limited to, an identification of all documents reflecting or relating to any facts set forth in your answer and an identification of all persons with personal knowledge thereof.

**ANSWER:**    Defendant objects to this interrogatory to the extent it seeks information that is not relevant to any claim or defense in Intervenor/Plaintiff's action. Defendant further objects to this interrogatory as overly broad and unduly burdensome. Defendant also objects to this interrogatory as overly broad as to time. This request seeks information "from 1997 to the present." Plaintiff was only employed by Defendant for a brief three and a half month period between November 1997 and March 1998. As such, any information beyond the dates of Plaintiff's employment is not relevant and such an interrogatory is overly broad. Defendant further objects to this interrogatory to the extent it requests the disclosure of information or documents protected by the attorney-client privilege, work product doctrine and/or any other applicable privilege recognized by law.

**SUPPLEMENTAL RESPONSE:**    Subject to the foregoing objections, see Defendant's response and supplemental response to Request No. 5 of Intervenor/Plaintiff's First Request for Production of Documents. Defendant is not aware of any other information responsive to this interrogatory.

INTERROGATORY NO. 9: Identify and describe fully the policies, practices and procedures in place from 1997 until the present to be followed by any employee making a

complaint against LA Weight Loss or any other employee of LA Weight Loss with respect to gender discrimination and/or retaliation, whether written or oral, including any investigative steps utilized by LA Weight Loss to investigate such a complaint. Your answer should include, but not be limited to, an identification of all documents reflecting or relating to any facts set forth in your answer and an identification of all persons with personal knowledge thereof.

**ANSWER:**    Defendant objects to this interrogatory as overly broad and unduly burdensome. Defendant further objects to this interrogatory to the extent it seeks disclosure of information or documents protected by the attorney-client privilege, work product doctrine and/or any other applicable privilege recognized by law.

Subject to and without waiver of the foregoing objections and the General Objections, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Defendant will produce a copy of its Employee Handbook and EEO policy which contain relevant, non-privileged information from which answers to this interrogatory can be ascertained.

**SUPPLEMENTAL RESPONSE:**    Subject to the foregoing objections, <u>see</u> response to Request 21 of Intervenor/Plaintiff's First Request for Production of Documents. Information pertaining to LA Weight Loss's EEO policies, practices and procedures can be obtained through Karen Siegel.

<u>INTERROGATORY NO. 14</u>: Identify and describe fully the agenda and content of any and all training provided to area corporate trainers, area trainers and/or corporate trainers in 1997 and 1998. Your response should include, but not be limited to, the identity of those employees or agents providing the training, the dates, locations and subjects covered for each training session, and the attendees of each session. Your answer should include, but not be limited to, an

identification of all documents reflecting or relating to any facts set forth in your answer and an identification of all persons with personal knowledge thereof.

   **ANSWER:**    Defendant objects to this interrogatory as overly broad and unduly burdensome.

   Subject to and without waiver of the foregoing objections and the General Objections, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Defendant will produce relevant, non-privileged responsive documents evidencing the training materials utilized in the 1997-1998 time period from which answers to this interrogatory may be ascertained.

   **SUPPLEMENTAL RESPONSE:**    LA Weight Loss did not maintain lists of the dates and persons involved in training sessions provided to area trainers during the time Ms. Koch was employed by LA Weight Loss and is not in possession of this information at this time.. Any information pertaining to these topics is best obtained from current and former LA Weight Loss managers and employees such as Lynn Portlock and Kristi O'Brien, who have or will be deposed in this matter.

   With respect to the demand for training materials, <u>see</u> response and supplemental response to Request No. 26 of Intervenor/Plaintiff's First Request for Production of Documents.

   <u>INTERROGATORY NO. 15</u>: Identify all area corporate trainers, corporate trainers, area trainers and/or service trainers employed by LA Weight Loss in 1997 and 1998. Your answer should include, but not be limited to, an identification of all documents reflecting or relating to any facts set forth in your answer and an identification of all persons with personal knowledge thereof. Your answer should further include the names, addresses, telephone numbers, dates of employment of all such individuals.

**ANSWER:**    Defendant objects to this interrogatory as overly broad and unduly burdensome.  Defendant also objects to this request to the extent it seeks information that is not relevant to any claim or defense in Intervenor/Plaintiff's action.  Defendant further objects to this interrogatory as vague and ambiguous as Plaintiff has failed to define the terms "area corporate trainers", "corporate trainers", "area trainers", or "service trainers."

**SUPPLEMENTAL RESPONSE**:    Subject to the foregoing objections, documents from the personnel files of all trainers pertaining to hiring, job performance, job assignments, discipline and discharge were made available for inspection and copying over one year ago to counsel for Koch, Kelly Hoelzer, Esquire, and to the EEOC.  Copies of these documents were produced to the EEOC upon the Commission's request.  If Ms. Koch would now like copies of these documents, they will be provided at Koch's expense.

INTERROGATORY NO. 17: Identify and describe fully all complaints made by employees of LA Weight Loss, whether formal or informal, internally or to an outside agency, referring or relating to LA Weight Loss' new-hire application and/or hiring policies and procedures from 1997 to the present. Your answer should include, but not be limited to, an identification of all documents reflecting or relating to any facts set forth in your answer and an identification of all persons with personal knowledge thereof.

**ANSWER:**    Defendant objects to this interrogatory to the extent it seeks information that is not relevant to any claim or defense in Intervenor/Plaintiff's action.  Defendant further objects to this interrogatory as overly broad and unduly burdensome.  Defendant also objects to this interrogatory as overly broad as to time.  This request seeks information "from 1997 to the present."  Plaintiff was only employed by Defendant for a brief three and a half month period

between November 1997 and March 1998. As such, any information beyond the dates of

Plaintiff's employment is not relevant and such an interrogatory is overly broad.

**SUPPLEMENTAL RESPONSE**:   Although Defendant stands by its objection that the

information sought by this Interrogatory is not relevant to the claims or defenses in this matter,

because the information responsive to this interrogatory has already been produced to the EEOC

in response to the Commission's discovery requests, LA Weight Loss will produce copies of that

information, without waiver of the foregoing objections, and refers Plaintiff to Defendant's

response and supplemental responses to Request No. 12 of Intervenor/Plaintiff's First Request for

Production of Documents.


David E. Landau
David L. Gollin
WOLF, BLOCK, SCHORR and SOLIS-COHEN LLP
1650 Arch Street, 22nd Floor
Philadelphia, PA 19103-2097
(215) 977-2052/2335

Elizabeth Torphy-Donzella
Shawe & Rosenthal, LLP
20 S. Charles Street
Baltimore, MD 21201
(410) 752-1040

Dated:   October 27, 2003            **Attorneys for Defendant LA Weight Loss**

## CERTIFICATE OF SERVICE

I, David Gollin, hereby certify that I caused a true and correct copy of the foregoing Defendant's Supplemental Responses to Intervenor/Plaintiff's First Set of Interrogatories, to be served by first-class mail, postage pre-paid, upon Intervenor/Plaintiff, through her counsel, as follows:

> Pamela White, Esquire
> Ober, Kaler, Grimes & Shriver, P.C.
> 120 East Baltimore Street
> Baltimore, Maryland 21201
>
> Attorney for Intervenor/Plaintiff

and upon the following, via first-class mail, postage pre-paid:

> Ronald L. Phillips, Esquire
> U.S. Equal Employment Opportunity Commission
> Baltimore District Office
> 10 South Howard Street, 3rd Floor
> Baltimore, MD 21201
>
> Attorneys for Plaintiff

David Gollin

Dated: October 27, 2003

DSB:938934.1

- 9 -