1996 WL 125661          Page 1
(Cite as: 1996 WL 125661 (S.D.N.Y.))

**H**
Only the Westlaw citation is currently available.

United States District Court, S.D. New York.

SECURITIES AND EXCHANGE COMMISSION,
Plaintiff,
v.
Hugh THRASHER et al., Defendants.

No. 92 CIV. 6987 (JFK).

March 20, 1996.

Peter Goldstein, Robert Knuts, Lee Larson, New York City.

Lloyd S. Clareman, New York City.

Richard Ben-Veniste, Weil, Gotshal & Manges, Washington, DC.

Barry Levin, Los Angeles, California.

Michael Bachner, New York City.

Stanley S. Arkin, Chadbourne & Parke, New York City.

John B. Harris, Stillman, Friedman & Shaw, P.C., New York City.

Leon Borstein, New York City.

Mark Kaplan, Schulte, Roth, Zabel, New York City.

Gary E. Eisenberg, Monroe, New York.

Jerry D. Sparks, Chicago, Illinois.

Barry S. Pollack, Arkin, Schaffer & Supino, New York City.

Bobby C. Lawyer, Pettit & Martin, San Francisco, California.

Lawrence H. Nagler, Nagler & Associates, Beverly Hills, California.

Edward Gartenberg, Burris, Drulias & Gartenberg, Los Angeles, California.

William B. Pollard, III, Kornstein, Veisz & Wexler, New York City.

Mark R. Shawzin, Los Angeles, California.

*MEMORANDUM & ORDER*

DOLINGER, United States Magistrate Judge:

*1 Plaintiff Securities and Exchange Commission has requested that defendant Jonathan Hirsh produce all documents reflecting contacts between his attorneys and those of the other defendants in connection with this case. Hirsh has resisted that demand, contending that the voluminous correspondence of his counsel is covered either by the attorney-client privilege or by the work-product rule. He has further refused to provide the Commission, as it demands, with a detailed privilege log identifying each of these documents.

Because of the current stalemate between the parties, Hirsh has asked the court to enter a protective order relieving him of the obligation to prepare the requested privilege log. The Commission, in its turn, demands that the court require Hirsh to turn over the documents, or, alternatively, to prepare a detailed log listing each of the documents.

The pertinent rules require that a party withholding relevant documents requested by its adversary identify the withheld documents and the basis for withholding them, and that he do so with sufficient specificity to permit the adversary to determine whether it wishes to challenge the privilege claim in court. Typically, a privilege log must identify each document and provide basic information, including the author, recipient, date and general nature of the document. *See, e.g., United States v. Construction Products Research, Inc.,* 73 F.3d 464, 473 (2d Cir. 1996).

Nonetheless, the courts retain some discretion to permit less detailed disclosure in appropriate cases. For example, the governing rules specifically provide that if detailed disclosure would, in effect, reveal the very information that may be privileged, the party may tailor his response to mask such sensitive information. *See* Fed. R. Civ. P. 26(b)(5); S.D.N.Y. Civil Rule 46(e)(2)(ii). It is equally apparent that, in appropriate circumstances, the

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

1996 WL 125661                                                                                                Page 2
(Cite as: 1996 WL 125661 (S.D.N.Y.))

court may permit the holder of withheld documents to provide summaries of the documents by category or otherwise to limit the extent of his disclosure. This would certainly be the case if (a) a document-by-document listing would be unduly burdensome and (b) the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing whether the privilege claim is well grounded. *See* Fed. R. Civ. P. 26(b)(5)(party is required to "describe the nature of the documents ... in a manner that, without revealing information itself privileged or protected, *will enable other parties to assess the applicability of the privilege or protection.*") (emphasis added); S.D.N.Y. Civil Rule 46(e)(2)(ii)(A) (details of document, including author and addressee, should be provided "where appropriate").

In this case the Commission seeks production of all communications between defense counsel concerning the lawsuit. On its face this demand seeks wholesale production of documents that are ordinarily covered by the work-product rule, and, if the joint-defense principle is applicable, very probably by the attorney-client privilege. Moreover, defendant represents without dispute that the files in question are extremely voluminous and plausibly asserts that a document-by-document listing would be a long and fairly expensive project for counsel to undertake. In addition, defendant suggests that disclosure of the pattern of his attorney's consultations with other counsel might reveal some aspects of his litigation strategy.

*2 In response the Commission makes no effort to explain what benefit it will gain from a detailed document-by-document log. Indeed, it offers no suggestion as to why it might need the requested details in order to determine whether the work-product rule or the attorney-client privilege is likely to be applicable to some or all of the withheld documents. In substance, all that it argues is that it is entitled to such a log. [FN1]

For reasons noted, the stated position of the Commission cannot be sustained. In the absence of any articulated showing of need, it cannot justify its demand for such a detailed log with respect to this category of documents.

There remains for consideration whether the Commission is entitled at this stage to any information beyond that already provided by Hirsh's counsel. In his initial application and reply affidavit, counsel represents that all of the documents in question reflect communications between defense attorneys and that all of these documents have been kept in confidence. The only additional information that may be pertinent to the Commission's evaluation of the privilege claims is the following:

(1) an identification of the time period encompassed by the withheld documents;
(2) a listing of the individuals who were authors or addressees or were copied on the documents;
(3) a representation by counsel as to whether all of the documents either (a) were prepared to assist in anticipated or pending litigation or (b) contain information reflecting communications between (i) counsel or counsel's representatives and (ii) the client or the client's representatives, for the purpose of facilitating the rendition of legal services to the client.

This additional information is to be provided within ten days.

### CONCLUSION

The respective applications of Mr. Hirsh and the Commission are denied except to the extent noted. If the Commission believes that it is entitled to any of the withheld documents in the wake of defendant's disclosure of the required additional information, it may apply to the court no later than two weeks after receipt of this information, but only after consultation with defendant's counsel. The parties are to bear their own expenses for their current applications.

SO ORDERED.

> FN1. The Commission also asserts that, by delay, Hirsh has waived any objection to the preparation of a detailed log. In view of the requirement in Civil Rule 3(f) that the parties attempt to resolve discovery disputes among themselves before involving the court, this argument is plainly baseless.

1996 WL 125661, 1996 WL 125661 (S.D.N.Y.)

END OF DOCUMENT

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works