Get a Document - by Citation - 1999 Colo. J.C.A.R. 6150

Case 1:02-cv-00648-WDQ   Document 42-31   Filed 11/13/2003   Page 1 of 9   Page 1 of 9

Service: **Get by LEXSEE®**
Citation: **1999 us app lexis 29523**

*1999 U.S. App. LEXIS 29523, \*; 1999 Colo. J. C.A.R. 6150*

THOMAS R. HUTCHINSON, Personal Representative of the Estate of Robert W. Hutchinson, deceased, Plaintiff - Appellant, v. RICHARD PFEIL; MARY JO PFEIL, Defendants - Appellees. JOAN GODLOVE; TODD ALEXANDER, Attorneys - Appellants, and SONA JOHNSTON, Nonparty Witness -Appellee.

No. 98-5043

UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT

1999 U.S. App. LEXIS 29523; 1999 Colo. J. C.A.R. 6150

November 9, 1999, Filed

**NOTICE:** [\*1] RULES OF THE TENTH CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

**SUBSEQUENT HISTORY:** Reported in Table Case Format at: 1999 U.S. App. LEXIS 36470.

Certiorari Denied May 30, 2000, Reported at: 2000 U.S. LEXIS 3679.

**PRIOR HISTORY:** (N.D. Oklahoma). (D.C. No. 92-C-1088-E).

**DISPOSITION:** AFFIRMED.

## CASE SUMMARY

**PROCEDURAL POSTURE:** Plaintiff appealed the United States District Court for the Northern District of Oklahoma issue of discovery orders affirming imposition of sanctions against plaintiff and his counsel, under Fed. R. Civ. P. 37(a)(4), and affirming order denying plaintiff's motion to lift protective order restricting use of information from nonparty witness.

**OVERVIEW:** Plaintiff sued to recover an interest in a painting, asserting that personal jurisdiction over defendants existed because of contacts arising when the painting was on display in the state for ten weeks. Defendants moved to dismiss on the ground of lack of personal jurisdiction or, in the alternative, improper venue. Plaintiff and counsel were sanctioned on motions challenging the sufficiency of defendants' responses to discovery. The transcript showed that, over the magistrate's repeated protestations, plaintiff's counsel addressed defendants' initial discovery responses, rather than defendants' revised responses, and argued on requests clearly outside the scope of allowable discovery. At the conclusion of the hearing, the magistrate denied plaintiff's motions and, sua sponte, awarded defendants reasonable expenses, including attorney's fees, incurred in resisting the motions, pursuant to Fed. R. Civ. P. 37(a)(4). It was not an abuse of discretion to find that sanctions were not clearly erroneous or contrary to law.

**OUTCOME:** Affirmed; imposition of sanctions and order denying plaintiff's motion to lift protective order restricting the use of information were properly affirmed below, when the record showed plaintiff's counsel repeatedly disregarded magistrate's protestations about the subject and scope of his argument at motions hearing.

**CORE TERMS:** discovery, sanctions award, protective order, substantially justified, motion to reconsider, philbrook, lift, good cause, affirmation, exhibition, information obtained, discovery motion, reasonableness, dissemination, confidential, restricting, connotation, erroneously, unjust, First Amendment, broad discretion, contrary to law, power to award, non-dispositive, repeated, abused, offend, motives, deposition transcript, personal jurisdiction

### LexisNexis (TM) HEADNOTES - Core Concepts - ♦ Hide Concepts

Civil Procedure > Magistrates > Pretrial Orders
**HN1** ± Magistrate judges have the power to award attorney fees as non-dispositive discovery sanctions under 28 U.S.C.S. § 636. More Like This Headnote

Civil Procedure > Sanctions > Discovery Misconduct
**HN2** ± The court of appeals will not overturn a sanctions award unless it finds that the district court abused its discretion in finding that the magistrate judge's order imposing the sanction was not clearly erroneous or contrary to law. More Like This Headnote

Civil Procedure > Magistrates > Pretrial Orders
**HN3** ± Fed. R. Civ. P. 37(a)(4)(B) provides that, if a motion to compel discovery is denied, the court shall, after affording an opportunity to be heard, require the moving party or the attorney filing the motion, or both of them, to pay the reasonable expenses incurred in opposing the motion unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust. More Like This Headnote

Civil Procedure > Magistrates > Pretrial Orders
**HN4** ± Whether a discovery motion is substantially justified depends on the particular facts of each case. More Like This Headnote

Civil Procedure > Disclosure & Discovery
**HN5** ± The controlling definition of "substantially justified" as applied to a discovery order is, justified in substance or in the main -- that is, justified to a degree that could satisfy a reasonable person. More Like This Headnote

Civil Procedure > Disclosure & Discovery
Civil Procedure > Sanctions > Discovery Misconduct
**HN6** ± One inadvertent and insignificant error in considering motions for discovery does not invalidate the sanctions award or necessarily require apportionment. More Like This Headnote

Civil Procedure > Sanctions > Discovery Misconduct
**HN7** ± Magistrate judges clearly have the power to award sanctions pursuant to Fed. R. Civ. P. 37(a)(4). Scheduling and conducting show cause hearings to determine whether to do so are subsidiary aspects of that power. More Like This Headnote

Civil Procedure > Sanctions > Discovery Misconduct
Civil Procedure > Magistrates > Pretrial Orders
**HN8** ± In reviewing a sanctions award, the relevant question is whether the discovery motions that were sanctioned were substantially justified. More Like This Headnote

Civil Procedure > Disclosure & Discovery > Protective Orders

*HN9* ↓ A decision by the district court to enter, lift, or modify a protective order is subject to review only for abuse of discretion. More Like This Headnote

Civil Procedure > Disclosure & Discovery > Relevance
*HN10* ↓ Fed. R. Civ. P. 26(b)(1) allows a party to obtain information from a person, including a third party to the litigation, concerning any matter, not privileged, which is relevant to the subject matter involved in the pending action. More Like This Headnote

Civil Procedure > Disclosure & Discovery > Undue Burden
*HN11* ↓ Fed. R. Civ. P. 26(c)(7) authorizes a court, for good cause shown, to make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden, including that confidential research, development, or commercial information not be revealed or be revealed only in a designated way. More Like This Headnote

Civil Procedure > Disclosure & Discovery > Undue Burden
Civil Procedure > Disclosure & Discovery > Privileged Matters
*HN12* ↓ To resist discovery under Fed. R. Civ. P. 26(c)(7), a person must first establish that the information sought constitutes confidential research, development, or commercial information and then demonstrate that its disclosure might be harmful. More Like This Headnote

Civil Procedure > Disclosure & Discovery > Protective Orders
*HN13* ↓ Fed. R. Civ. P. 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required. More Like This Headnote

**COUNSEL:** For THOMAS R. HUTCHINSON, Plaintiff - Appellant: Glenn R. Beustring, Glenn R. Beustring & Associates, Tulsa, OK. Joan Godlove, Todd Alexander, Tulsa, OK.

For RICHARD B. PFEIL, MARY JOAN PFEIL, Defendants - Appellees: Lewis N. Carter, L. Dru McQueen, Doerner, Saunders, Daniel & Anderson, Tulsa, OK.

**JUDGES:** Before ANDERSON and BRISCOE, Circuit Judges, and KIMBALL, ** District Judge.

** The Honorable Dale A. Kimball, United States District Judge for the District of Utah, sitting by designation.

**OPINIONBY:** DALE A. KIMBALL

**OPINION: ORDER AND JUDGMENT** *

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The Court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

- - - - - - - - - - - End Footnotes- - - - - - - - - - - - - - [*2]

Plaintiff-Appellant Thomas R. Hutchison ("Plaintiff") appeals two discovery orders issued in the proceedings below. First, Plaintiff, together with his counsel, appeals the district court's affirmation of the magistrate judge's imposition of sanctions against him and his counsel under Rule 37(a)(4) of the *Federal Rules of Civil Procedure*. Second, Plaintiff appeals the district court's affirmation of the magistrate judge's order denying Plaintiff's motion to lift a protective order restricting the use and dissemination of documents and information obtained from a nonparty witness, Appellee Sona Johnston ("Johnston"). We consider each matter in turn, and AFFIRM the district court's rulings.

This Court has issued a prior decision in this case, Hutchinson v. Pfeil, 105 F.3d 562 (10th Cir. 1997), *cert. denied*, 522 U.S. 914, 118 S. Ct. 298, 139 L. Ed. 2d 230 (1997), which describes the underlying dispute. For that reason, only facts pertinent to the issues now before the Court are repeated here.

**A. Rule 37(a)(4) Sanctions**.

*1. Background.*

Because Plaintiff attacks the procedural underpinnings of the sanctions award, a detailed background **[*3]** account is necessary. Plaintiff filed this action in the United States District Court for the Northern District of Oklahoma against Defendant-Appellees Richard B. Pfeil and Mary Jo Pfeil (together, "Defendants") to recover an interest in a painting known as "Summer Hillside," by Theodore Robinson. Plaintiff asserted that personal jurisdiction over Defendants existed in Oklahoma because of contacts that arose when the painting was displayed at the Philbrook Museum of Art in Tulsa, Oklahoma, for ten weeks in 1992. Defendants moved to dismiss on the ground that the district court lacked personal jurisdiction over Defendants, or, in the alternative, that venue was improper. Plaintiff was given the right to conduct discovery limited to the issues raised by Defendants' motion and did so.

The sanctions at issue were imposed on Plaintiff and his counsel by the magistrate judge at the conclusion of a hearing held on August 11, 1993, on motions filed by Plaintiff challenging the sufficiency of Defendants' responses to the discovery Plaintiff requested. Review of the transcript of that hearing shows that, over the repeated protestations of the magistrate judge, Plaintiff's counsel insisted on **[*4]** arguing in response to Defendants' initial discovery responses, as opposed to Defendants' revised responses, and argued at length on requests that were clearly outside the scope of the discovery allowed. At the conclusion of the hearing, the magistrate judge denied Plaintiff's motions and, *sua sponte*, awarded Defendants their reasonable expenses, including attorney fees, incurred in resisting the motions pursuant to Rule 37(a)(4). The stated basis for the magistrate judge's decision was that he "was unprepared to make a finding that the award of expenses, including attorney's fees in this case, is unjust." Defendants were directed to file an application for fees by August 20, 1993; Plaintiff was given until August 27, 1993, to respond as to the reasonableness of the fees requested.

Intending to file a motion to reconsider the award, Plaintiff asked Defendants if Defendants would agree to defer Plaintiff's response to their fee application until after the motion was decided. Defendants agreed. On August 19, 1993, Plaintiff's counsel filed a motion requesting the magistrate judge to reconsider and vacate the award on the ground that Plaintiff's counsel had not been afforded adequate **[*5]** notice and an opportunity to be heard before the sanctions had been imposed.

On August 26, 1993, the district court entered an order, prepared by Plaintiff for the magistrate judge's signature, extending the due date for Plaintiff's response to the fee application to ten days after Plaintiff received notice of any adverse ruling on his motion to reconsider.

The magistrate judge then granted the motion to reconsider and scheduled a hearing for October 13, 1993. At the hearing, Plaintiff's counsel stated that she was unprepared to argue the substantive sanctions issues, namely, whether the making of the discovery motion was substantially justified or whether other circumstances made an award of expenses unjust. Instead, Plaintiff's counsel stated that she wished to argue the "due process" issues, which had been rendered moot by the fact that Plaintiff's motion to reconsider had been granted. Plaintiff was given additional time to file a written brief addressing the propriety of the sanctions award and the reasonableness of Defendants' fee application, and a show cause hearing was scheduled for December 16, 1993.

Following the hearing, the magistrate judge issued an order, dated December 22, 1993, awarding **[*6]** Defendants attorney fees incurred in responding to Plaintiff's discovery motions in the amount requested. Plaintiff appealed the order to the district court, which affirmed the award on February 18, 1998.

## 2. Standard of Review.

**HN1** Magistrate judges have the power to award attorney fees as non-dispositive discovery sanctions under **HN2** 28 U.S.C. § 636. This Court will not overturn a sanctions award unless this Court finds that the district court abused its discretion in finding that the magistrate judge's order imposing the sanction was not clearly erroneous or contrary to law. See *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1465 (10th Cir. 1988) (finding district court appropriately applied clearly-erroneous or contrary-to-law standard in reviewing magistrate judge's imposition of non-dispositive discovery sanction); see also *GWN Petroleum Corp. v. OK-Tex Oil & Gas, Inc.*, 998 F.2d 853, 858 (10th Cir. 1993) (applying abuse-of-discretion standard to district court's discovery rulings).

## 3. Discussion.

**HN3** Rule 37(a)(4)(B) provides that, if a motion to compel discovery is denied, the court shall, "after affording **[*7]** an opportunity to be heard," require the moving party or the attorney filing the motion, or both of them, to pay the reasonable expenses incurred in opposing the motion "unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust."

**HN4** Whether a discovery motion is "substantially justified" depends on the particular facts of each case. The controlling definition of "substantially justified" is set forth in *Pierce v. Underwood*, 487 U.S. 552, 564-65, 101 L. Ed. 2d 490, 108 S. Ct. 2541 (1988), where the Supreme Court explained:

> "Substantially justified" is the test the statute prescribes, and the issue should be framed in those terms. That being said, there is nevertheless an obvious need to elaborate upon the meaning of the phrase. The broad range of interpretations described above is attributable to the fact that the word "substantial" can have two quite different -- indeed, almost contrary -- connotations. On the one hand, it can mean "considerable in amount, value, or the like; large," Webster's New International Dictionary 2415 (2d ed.1945) -- as, for example, in the statement, "He **[*8]** won the election by a substantial majority." On the other hand, it can mean "that is such in substance or in the main," *ibid*. -- as, for example, in the statement, "What he said was substantially true." Depending upon which connotation one selects, "substantially justified" is susceptible of interpretations ranging from the Government's to the respondent's.

Get a Document - by Citations - 1999 Colo. J. C.A.R. 6159    Page 6 of 9

Case 1:02-cv-00048-WDQ   Document 42-31   Filed 11/13/2003   Page 6 of 9

> . . . .
>
> We are of the view, therefore, that as between the two commonly used connotations of the word "substantially," the one most naturally conveyed by the phrase before us here is not "justified to a high degree," but rather HN5 "justified in substance or in the main" -- that is, justified to a degree that could satisfy a reasonable person.

Applying this standard, the magistrate judge assessed fees and expenses against Plaintiff and his counsel.

In Plaintiff's first line of attack, Plaintiff argues that his discovery motions were erroneously denied *in toto*, identifying ten discovery requests that he asserts were decided wrongly by the magistrate judge.

With respect to Interrogatories 8, 9, and 10 and Document Requests 14 and 15, Plaintiff asserts that the magistrate judge erroneously sustained Defendants' relevancy **[*9]** objections. The requests sought information concerning the objectives and goals of the Pfeils in collecting and exhibiting the art works displayed at the Philbrook and preparing an exhibition catalog. Plaintiff claims such information was placed at issue by Defendants when they argued that their forum-related activities were not commercial. As support for his position, Plaintiff cites *Benally v. Amon Carter Museum of Western Art*, 858 F.2d 618 (10th Cir. 1988).

*Benally* does not support Plaintiff's position. In *Benally*, this Court decided whether the activities of a nonprofit organization constitute "transacting business" within the meaning of New Mexico's long-arm statute, concluding that "when a wrong results from purposeful, organized activity, in terms of a state's interest in redressing harm to its citizens, it makes little difference whether the activity was of a commercial character or not." *Id.* at 623. *Benally* makes clear that a nonresident's activities in the forum are determinative, and not the nonresident's motives for engaging in them. Plaintiff makes the same failing argument for Interrogatories 14, 18, and 19, which also sought **[*10]** information about Defendants' motives.

With respect to Request for Admission 18, which asked Defendants to admit that they "purposefully availed themselves of the privilege of conducting activities within Oklahoma, thus invoking the benefits and protection of its laws," Plaintiff asserts that the magistrate judge erroneously denied his motion to determine the sufficiency of Defendants' answer and objection. Defendants denied the request and objected on the ground, among others, that the request asserted a legal conclusion. This objection was clearly proper.

Finally, with respect to Interrogatory 4, which asked Defendants to describe the ties certain listed individuals had with Oklahoma in connection with the exhibition of the Pfeil's collection at the Philbrook, Plaintiff asserts that the magistrate judge erroneously characterized Defendants' answer as "a fair response to the inquiry under the circumstances," rather than treating the answer as a failure to answer under Rule 37(a)(3). Defendants answered, with respect to Paul Swisher, Defendants' business agent, that he visited the Philbrook during the exhibition on September 26, 1992. In fact, as Plaintiff learned after the sanctions **[*11]** award had been entered, Swisher attended the Philbrook's opening gala the night before, on September 25, 1992.

Hindsight shows that the magistrate judge's characterization of Defendants' answer to Interrogatory 4 was erroneous. Under *Pierce*, however, HN6 one inadvertent and insignificant

error does not invalidate the sanctions award or necessarily require apportionment. The magistrate judge found that the discovery motions were not substantially justified because many of the requests were irrelevant and many of Plaintiff counsel's arguments and objectives were inappropriate, e.g., attempting to compel different responses to requests for admission.

In Plaintiff's second line of attack, Plaintiff argues that the sanctions award is void *ab initio* because the magistrate judge contradicted the district judge in directing Plaintiff to file a brief addressing the reasonableness of Defendants' fee application when the district judge had previously signed an order extending the due date for such briefing until 10 days after being notified of any adverse ruling on Plaintiff's motion to reconsider. This procedural inconsistency has no legal significance, having had no effect on Plaintiff's [*12] opportunity to have a full and fair opportunity to be heard. Essentially, the magistrate judge issued a superceding scheduling order concerning a matter that was, as the district court found in rejecting this argument, "well within his authority."

In a third and related line of attack, Plaintiff asserts that the sanctions award is void because the magistrate judge exceeded the scope of his authority in reconsidering the issue of whether to award sanctions in response to Plaintiff's motion to reconsider, as opposed to vacating the sanctions award on Fifth Amendment "due process" grounds, the relief Plaintiff specifically requested. This argument is without merit. HN7 Magistrate judges clearly have the power to award sanctions pursuant to Rule 37(a)(4). Scheduling and conducting show cause hearings to determine whether to do so are merely subsidiary aspects of that power.

In Plaintiff's final line of attack, Plaintiff claims that the sanctions award is invalid because he was never given the independent right to appeal the magistrate judge's decision denying his discovery motions. Plaintiff's request that the magistrate judge be compelled to enter a written order denying the motions was [*13] ultimately denied by the district court as moot because Defendants' motion to dismiss for lack of personal jurisdiction had been denied.

Insofar as Plaintiff alleges that a written ruling was necessary in order to challenge the sanctions award, Plaintiff misapprehends the applicable standard of review. HN8 In reviewing the sanctions award, the relevant question is whether the discovery motions were substantially justified. An erroneous discovery ruling could lead a judge to erroneously conclude that a discovery motion was not substantially justified, but Plaintiff argues that his inability to appeal the discovery ruling in and of itself precluded Plaintiff from challenging the sanctions award. As this appeal itself evinces, such is simply not the case. The magistrate judge held two hearings on the sanctions award. Plaintiff had full and fair opportunity to challenge any of the bases underlying the magistrate's conclusion that Plaintiff's discovery motions were not substantially justified. The fact that he did not have the opportunity to do so in an additional, independent proceeding has no legal consequence.

For these reasons, we conclude that the district judge did not abuse his discretion [*14] in finding that the sanctions award entered by the magistrate judge was not clearly erroneous or contrary to law.

**B. Protective Order.**

***1. Background.***

Johnston is an art curator, scholar, and specialist in the works of Theodore Robinson. Presumably because of her expertise, Plaintiff issued a subpoena to her, commanding her to appear for a deposition on January 5, 1995, and to produce documents. Johnston moved to quash and moved for a protective order. On December 30, 1994, the magistrate judge granted the motions in part, issuing a blanket protective order restricting the use and dissemination of any documents or information obtained by Plaintiff from Johnston, or her

employer, the Baltimore Museum of Art, to use in this case (the "1994 Order"). The magistrate judge did so in recognition of the proprietary interests of Johnston in her scholarship and research.

Neither Johnston nor Plaintiff appealed the 1994 Order. Johnston gave testimony and the Baltimore Museum of Art produced documents. Then, over three months later, Plaintiff filed an application to lift the protective order. The magistrate judge denied Plaintiff's motion on April 20, 1995 (the "1995 Order). [*15] The 1995 Order also places the deposition transcript under seal. Plaintiff appealed the 1995 Order, which the district court affirmed.

## 2. Standard of Review.

HN9 A decision by the district court to enter, lift, or modify a protective order is subject to review only for abuse of discretion. United Nuclear Corp. v. Cranford Ins. Co., 905 F.2d 1424, 1427 (10th Cir. 1990), cert. denied, 498 U.S. 1073 (1991).

## 3. Discussion.

HN10 Rule 26(b)(1) allows a party to obtain information from a person, including a third party to the litigation, concerning "any matter, not privileged, which is relevant to the subject matter involved in the pending action." HN11 Rule 26(c)(7) authorizes a court, "for good cause shown," to make "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden," including that "confidential research, development, or commercial information not be revealed or be revealed only in a designated way."

HN12 To resist discovery under Rule 26(c)(7), a person must first establish that the information sought constitutes confidential research, development, or commercial information and [*16] then demonstrate that its disclosure might be harmful. Centurion Indus., Inc. v. Warren Steurer & Assocs., 665 F.2d 323, 325 (10th Cir. 1981).

Concerning the 1994 Order, Plaintiff argues that Johnston did not meet her burden to establish that the sought-after information was confidential within the meaning of Rule 26(c)(7) because Johnston's position was substantiated only by arguments made by counsel. Specifically, Plaintiff argues that the magistrate judge could not have been guided by common sense because he had no understanding of the background facts, inasmuch as, at that time, Johnston had not yet given her testimony or produced any documents and there were no background facts in the record. Concerning the 1995 Order, Plaintiff argues that the magistrate judge still could not have had an understanding of the background facts because he opted not to review the deposition transcript or exhibits, which were then available.

As support, Plaintiff cites Seattle Times Co. v. Rhinehart, 467 U.S. 20, 81 L. Ed. 2d 17, 104 S. Ct. 2199 (1984). In Seattle Times, the Supreme Court held that a protective order entered pursuant to a state law patterned [*17] after Rule 26(c) does not offend the First Amendment. Id. at 37. Seattle Times does not address the showing required to establish good cause. On the contrary, the Supreme Court noted that "Rule HN13 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." Id. at 36.

Plaintiff does not challenge the merits of the arguments made by Johnston's counsel or the merits of the rationale of the magistrate judge in accepting such arguments. Plaintiff asks this Court, essentially, to hold that good cause cannot, as a matter of law, be established on the basis of arguments made by counsel alone. We decline to do so, finding such a holding to be inconsistent with the broad discretion afforded trial judges under the rule. In other words, the fact that good cause for the protective order was established solely on the basis of

Get a Document - by Citations - 1999 Colo. J. C.A.R. 6150    Page 9 of 9

Case 1:02-cv-00048-WDQ   Document 42-31   Filed 11/13/2003   Page 9 of 9

arguments made by counsel does not by itself compel the conclusion that the magistrate judge abused his discretion in refusing to lift the protective order.

Plaintiff also argues that the protective order offends the First Amendment, an argument that is premised **[*18]** upon Plaintiff's ability to persuade this Court that the protective order was entered without good cause. Having failed in that endeavor, this argument similarly fails.

## CONCLUSION

For the foregoing reasons, we AFFIRM both the district court's affirmation of the magistrate judge's imposition of sanctions under Rule 37(a)(4) and the district court's affirmation of the magistrate judge's order denying Plaintiff's motion to lift the protective order restricting the use and dissemination of documents and information obtained from Sona Johnston.

Entered for the Court

Dale A. Kimball

District Judge

Service: **Get by LEXSEE®**
Citation: **1999 us app lexis 29523**
View: Full
Date/Time: Wednesday, November 12, 2003 - 1:14 PM EST

* Signal Legend:
- ● - Warning: Negative treatment is indicated
- ⚠ - Caution: Possible negative treatment
- ◆ - Positive treatment is indicated
- ⊙ - Citing Refs. With Analysis Available
- ⊙ - Citation information available

* Click on any *Shepard's* signal to *Shepardize®* that case.

About LexisNexis | Terms and Conditions

Copyright © 2003 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.