Service: **Get by LEXSEE®**
Citation: **1999 us app lexis 4350**

*1999 U.S. App. LEXIS 4350, ***

NEAL WILLIAMS, Plaintiff-Appellant, v. GENE COCHRAN, Individually and doing business as The Cochran Corporation, Defendant-Appellee.

No. 98-5136

UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

1999 U.S. App. LEXIS 4350

March 12, 1999, Filed

**NOTICE:** [*1] NOT RECOMMENDED FOR FULL-TEXT PUBLICATION. SIXTH CIRCUIT RULE 206 LIMITS CITATION TO SPECIFIC SITUATIONS. PLEASE SEE RULE 206 BEFORE CITING IN A PROCEEDING IN A COURT IN THE SIXTH CIRCUIT. IF CITED, A COPY MUST BE SERVED ON OTHER PARTIES AND THE COURT. THIS NOTICE IS TO BE PROMINENTLY DISPLAYED IF THIS DECISION IS REPRODUCED.

**SUBSEQUENT HISTORY:** Reported in Table Case Format at: 1999 U.S. App. LEXIS 27791.

**DISPOSITION:** Affirmed.

**CASE SUMMARY**

**PROCEDURAL POSTURE:** From the District Court for the Western District of Tennessee (Western Division), plaintiff appealed orders that denied his motion to compel; granted defendant's requests for a protective order, attorney fees, and sanctions pursuant to Fed. R. Civ. P. 37; denied his motion for relief from judgment; and granted defendant's motion to set a deadline for payment of sanctions. Plaintiff filed this action asserting wrongful termination.

**OVERVIEW:** Plaintiff filed this wrongful termination action against defendant in state court. The case was removed to federal court. Plaintiff then moved to compel discovery. Defendant responded and requested attorney fees and a protective order. The magistrate judge denied the motion and granted defendant's requests, plus costs, pursuant to Fed. R. Civ. P. 37. Plaintiff then filed a motion for relief from judgment, which the district court denied. Plaintiff later had the case remanded to the state court. Subsequently, the district court granted defendant's motion to set a deadline for the payment of sanctions. Plaintiff appealed. This court affirmed, concluding that the district court did not abuse its discretion in denying plaintiff's motion to compel because plaintiff failed to show how the requested items would have led to the discovery of admissible evidence. In light of this, the court further held that the imposition of sanctions was appropriate because plaintiff's motion was not justified. Finally, the court held that the district court had authority to impose sanctions and the payment deadline even though it subsequently lost subject matter jurisdiction over the matter.

**OUTCOME:** The court affirmed the denial of plaintiff's motion to compel, the granting of defendant's requests for a protective order, attorney fees, and sanctions, the denial of plaintiff's motion for relief from judgment, and the granting of defendant's motion to set a deadline for payment of sanctions. The court concluded that because plaintiff's motion to compel was unjust, the court had authority to award sanctions and set a payment

deadline.

**CORE TERMS:** motion to compel, protective order, deadline, fees awarded, fired, abuse of discretion, state law, authority to impose, order to pay, pro se, removal, amend

### LexisNexis (TM) HEADNOTES - Core Concepts - ♦ Hide Concepts

Civil Procedure > Sanctions > Discovery Misconduct
**HN1** A district court has jurisdiction to impose Fed. R. Civ. P. 11 sanctions on litigants and attorneys appearing before it even if the court is subsequently determined to lack subject matter jurisdiction over the case in which the sanctionable conduct occurs. More Like This Headnote

Civil Procedure > Jurisdiction > Subject Matter Jurisdiction > Jurisdiction Over Action
**HN2** A final determination of lack of subject-matter jurisdiction of a case in a federal court precludes further adjudication of it, however, such a determination does not automatically wipe out all proceedings that occur in the district court at a time when the district court operates under the misapprehension that it has jurisdiction. More Like This Headnote

**COUNSEL:** NEAL WILLIAMS, Plaintiff - Appellant, Pro se, Memphis, TN.

For GENE COCHRAN, Defendant - Appellee: John W. Simmons, Kiesewetter, Wise, Kaplan, Schwimmer & Prather, Memphis, TN.

**JUDGES:** Before: JONES, SUHRHEINRICH, and MOORE, Circuit Judges.

**OPINION:** ORDER

Neal Williams, a Tennessee litigant proceeding pro se, appeals district court orders denying his motion to compel and granting the defendant's requests for a protective order and attorney fees, denying his motion for relief from judgment, and granting the defendant's motion to set a deadline for payment of sanctions. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

Williams filed this action against the defendant Gene Cochran and **[*2]** the Cochran Corporation for wrongful termination in the Circuit Court of Shelby County, Tennessee for the Thirteenth Judicial District at Memphis on May 21, 1996. Williams alleged that he was wrongfully fired from his job, allegedly for trying to secure workers' compensation benefits by misrepresentation in connection with an alleged injury to his foot sustained on the job. After deposing Williams, the defendant filed a notice of removal in the District Court for the Western District of Tennessee (Western Division) on February 9, 1997, claiming that, in his deposition, Williams asserted for the first time that he was fired in retaliation for his activities as a union steward and for filing complaints under the Occupational Safety & Health Act ("OSHA"). The defendant contended that these allegations implicated federal questions under the National Labor Relations Act and OSHA, and thus provided the basis for federal question jurisdiction and removal to federal court.

On May 2, 1997, Williams filed a Motion and Memorandum to Compel Defendants to Produce Documents Requested. The defendant replied to Williams's motion to compel on May 16, 1997, and sought attorney fees and a protective **[*3]** order. On June 3, 1997, a magistrate judge denied Williams's motion to compel and held that the defendant, as the prevailing party in a Rule 37 discovery dispute, was entitled to costs. Further, the magistrate judge

granted the defendant's request for a protective order.

On June 10, 1997, the defendant's attorney filed an affidavit of fees and expenses incurred in his response to Williams's motion to compel. The magistrate judge ruled that the costs sought by the defendant were reasonable and on June 12, 1997, awarded the defendant attorney fees in the amount of $ 1,445.50. Williams was ordered to pay the defendant within thirty days of the date of the order. On the next day, the magistrate judge entered an order granting the defendant's motion to quash subpoenas and renewed request for a protective order.

Williams then filed a Motion to Alter Judgment or Alternatively, for Relief from Judgment on June 13, 1997. On August 1, 1997, Williams moved to amend his complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, to include, inter alia, claims that he was fired due to his union activities and for filing complaints under OSHA. The district court denied the motion [*4] because the deadline for filing motions to amend the pleadings was May 12, 1997, and Williams failed to identify good cause necessary to support the filing of an amendment out of time.

On August 11, 1997, the district court entered its order denying Williams's motion to alter the magistrate judge's award of sanctions. Williams demonstrated no effort to attempt to comply with the court's order to pay the attorney fees awarded by the court. The defendant, therefore, filed a motion on August 15, 1997, requesting the court to set a deadline for the payment of sanctions.

Williams again made no effort to comply with the court order to pay the attorney fees awarded by the court. However, on November 10, 1997, Williams filed a motion to remand the action to state court because the complaint only alleged state law causes of action. On December 10, 1997, the district court granted Williams's motion to remand his state law claims to state court pursuant to 28 U.S.C. § 1447. On December 12, 1997, the district court granted the defendant's motion to set a deadline for the payment of sanctions. The court ordered Williams to pay the defendant the sanctions awarded by the magistrate judge in installments [*5] of no less than $ 25 per week, beginning the week of December 15, 1997. Williams filed a notice of appeal on December 22, 1997.

On appeal, Williams essentially challenges the district court's orders denying his motion to compel, granting the defendant's request for attorney fees, and granting the defendant's motion to set a deadline for payment of sanctions. He also argues that the district court lacked the authority to impose sanctions and a payment scheduled because the court's order was entered following remand of the case to state court.

Upon review, we conclude that the district court did not abuse its discretion when it denied Williams's motion to compel discovery. *Lavado v. Keohane*, 992 F.2d 601, 604 (6th Cir. 1993). Three of the items Williams requested in the motion to compel had been produced. Williams failed to articulate how the request, involving the medical records of third parties to the proceedings, was relevant and likely to lead to the discovery of admissible evidence. The district court's denial of the motion to compel these medical records and the imposition of a protective order over them was not an abuse of discretion.

Upon further review, we conclude that [*6] the imposition of sanctions under Fed. R. Civ. P. 37 was not an abuse of discretion. See *Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir. 1988). Williams's motion to compel was not substantially justified and other circumstances did not exist that would make an award of expenses unjust. Fed. R. Civ. P. 37(a)(4)(B). Williams had in his possession responses to three of his four requests. His position that he was entitled to the third-party medical records was not arguable. Williams offered no proof that the attorney fees awarded to the defendant were unnecessary, unreasonably large, or not comparable to the going rate for attorney services in

Memphis. His status as a pro se plaintiff does not allow him to abuse the judicial process, nor to adhere to legal positions that are not reasonable.

Finally, Williams's argument that the district court lacked authority to impose sanctions and a payment schedule because the court's order was entered following remand of the case to state court is without merit. In *Willy v. Coastal Corp.*, 503 U.S. 131, 117 L. Ed. 2d 280, 112 S. Ct. 1076 (1992), the Supreme Court held that [HN1] a district court has jurisdiction [*7] to impose Rule 11 sanctions on litigants and attorneys appearing before it even if the court is subsequently determined to lack subject matter jurisdiction over the case in which the sanctionable conduct occurred. While acknowledging that "[HN2] a] final determination of lack of subject-matter jurisdiction of a case in a federal court, of course, precludes further adjudication of it," the Court nonetheless clarified that "such a determination does not automatically wipe out all proceedings had in the district court at a time when the district court operated under the misapprehension that it had jurisdiction." *Id.* at 137.

Accordingly, the district court's orders are affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

Service: **Get by LEXSEE®**
Citation: **1999 us app lexis 4350**
View: Full
Date/Time: Wednesday, November 12, 2003 - 1:16 PM EST

* Signal Legend:
● - Warning: Negative treatment is indicated
⅄ - Caution: Possible negative treatment
◆ - Positive treatment is indicated
❸ - Citing Refs. With Analysis Available
❶ - Citation information available
* Click on any *Shepard's* signal to *Shepardize®* that case.

About LexisNexis | Terms and Conditions

Copyright © 2003 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.