IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| and | ) ) | |
| KATHY C. KOCH, | ) ) | Case No. WDQ-02-CV-648 |
| Plaintiff-Intervenor, | ) ) | |
| v. | ) ) | |
| LA WEIGHT LOSS, | ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF EEOC'S
MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Plaintiff U.S. Equal Employment Opportunity Commission ("the Commission" or "EEOC") moves to amend its Complaint to correct certain allegations regarding Plaintiff-Intervenor Kathy C. Koch ("Koch"). In addition, the Commission seeks leave to amend its Complaint to assert Defendant LA Weight Loss's failure to keep and preserve records in violation of Section 709(c) of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e-8(c) and 29 C.F.R. § 1602.14.

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a complaint "shall be freely given when justice so requires." Such leave "should be denied only when the

amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." <u>Franks v. Ross</u>, 313 F.3d 184, 193 (4th Cir. 2002)(internal quotation and citation omitted).  The proposed amendments satisfy the aforementioned standards.

In its original Complaint, the EEOC alleges that Defendant subjected Plaintiff-Intervenor Koch to retaliation in violation of Title VII.  <u>See</u> Complaint at pg. 1 & ¶ 8(a).  However, the EEOC inadvertently omitted citation to Section 704(a) of Title VII, <u>see id.</u> at ¶ 8(a), which prohibits retaliation, and erroneously included an allegation that Koch was deprived of equal employment opportunities and otherwise was adversely affected because of her sex, as opposed to her conduct protected by Section 704(a) of Title VII, <u>see id.</u> at ¶ 9.  The proposed amendments pertaining to Ms. Koch simply correct these errors and do not change the parties' long-existing understanding that the EEOC has asserted a claim that Defendant subjected Ms. Koch to retaliation in violation of Title VII.

In addition, the proposed Amended Complaint contains an additional allegation that "since at least February 1997, Defendant LA Weight Loss has failed to preserve, for at least one year from the date of making of the records and/or personnel action involved, various personnel and employment records that it has made or kept and has failed to preserve relevant records until final disposition of a charge of discrimination in violation of Title VII and the Commission's Regulations set forth at 29 C.F.R. § 1602.14." Amended Complaint and Jury Trial Demand at ¶ 13.  The proposed Amended Complaint also sets forth the relief sought by the EEOC for those violations. <u>See</u> <u>id.</u> at ¶ I.

The aforementioned amendment regarding record-keeping also satisfies Rule 15(a)

standards. While as a procedural matter the EEOC is not required to amend its Complaint for the purpose of (1) securing an order requiring Defendant's compliance with Title VII record-keeping requirements, <u>see</u> 42 U.S.C. § 2000e-8(c)(authorizing EEOC to file Application with District Court seeking order that employers comply with record-keeping requirements), or (2) to obtain trial-related relief for record-keeping violations, such as adverse inference instructions, <u>see, e.g.</u>, <u>Hicks v. Gates Rubber Co.</u>, 833 F.2d 1406, 1418-19 (10th Cir. 1987), the EEOC has opted to seek inclusion of this issue in its pleadings in order to avoid instituting a proceeding by separate Application to the Court, a proceeding that would be unnecessary and duplicative given the pendency of this action. Also, the proposed amendment simply specifies the relief that the EEOC seeks for the record-keeping violations, relief which the EEOC is free to seek under controlling law irrespective of whether it amends its Complaint. <u>See id.</u> The amendment is not futile, as it is a legally-cognizable issue supported by evidence already obtained in this matter, as well as further evidence that the EEOC anticipates will be acquired during the course of discovery. Nor will the Defendant be prejudiced by the amendment. Defendant is fully aware of its record-keeping practices during the relevant time frame, and indeed, has provided Fed. R. Civ. P. 30(b)(6) deposition testimony on this issue.

    Finally, the proposed Amended Complaint contains several other changes that are noted by underlining and brackets in the attached Amended Complaint and Jury Trial Demand (Local Rule 103(6)(c) copy).

    For the foregoing reasons, the Commission respectfully requests that its Motion for Leave to File Amended Complaint be granted and that the District Clerk be directed to file the attached Amended Complaint and Jury Trial Demand.

                                                       Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

ERIC S. DREIBAND
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

GERALD S. KIEL (Bar No. 07770)
Regional Attorney

_____/s/_____
TRACY HUDSON SPICER (Bar No. 08671)
Supervisory Trial Attorney

_____/s/_____
RONALD L. PHILLIPS
Trial Attorney
Baltimore District Office
City Crescent Building, 3rd Floor
10 South Howard Street
Baltimore, Maryland 21201
Telephone number: (410) 962-4628
Facsimile number: (410) 962-4270/2817