IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>and )<br>)<br>KATHY C. KOCH, )<br>)<br>Plaintiff-Intervenor, )<br>)<br>v. )<br>)<br>LA WEIGHT LOSS, )<br>)<br>Defendant. )<br>) | Case No. WDQ-02-CV-648<br><br>**AMENDED COMPLAINT<br>AND JURY DEMAND** |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of retaliation and sex, and to provide appropriate relief to Kathy Koch and a class of male applicants who were adversely affected by such practices. The Commission alleges that Defendant discriminated against Ms. Koch by retaliating against her because she opposed its discriminatory hiring practices, and that Defendant engaged in a continuing violation of Title VII by discriminated against males as a class by failing to hire them on the basis of their sex.

1

JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 706 (f)(1) and (3) and 707 of Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3) and 2000e-6; Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a; and Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c).

2.  The employment practices alleged to be unlawful were and are being committed within the jurisdiction of the United States District Court for the District of Maryland and other United States District Courts.

PARTIES

3.  Plaintiff, the Equal Employment Opportunity Commission ("the Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) and 707 of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and 2000e-6, and Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c).

4.  At all relevant times, Defendant LA Weight Loss ("the Employer") has continuously been a Pennsylvania corporation doing business in the State of Maryland and the City of Baltimore, and has continuously had at least fifteen employees.

5.  At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

6. At all relevant times, Defendant Employer has been a covered entity under Section 701(b) of Title VII, 42 U.S.C. § 2000e(b).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Kathy Koch filed a charge with the Commission alleging violations of Title VII of the Civil Rights Act of 1964, by the Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least February 1997, and continuing to the present, Defendant engaged in unlawful employment practices in its facilities in all its regions nationwide, in violation of Sections 703(a), 704(a) and 707 of Title VII, 42 U.S.C. §§ 2000e-2(a), 2000e-3(a) and 2000e-6. These practices include:

   (A) taking adverse action and terminating Kathy Koch on the basis of her opposition to its unlawful employment practices;

   (B) engaging in a pattern and practice of sexually discriminatory hiring practices, constituting a continuing violation of Title VII, that adversely affects the opportunities of males to become employed by Defendant by:

   i. continuously refusing to hire qualified male applicants in all job categories and in all regions;

   ii. continuously maintaining a workforce that under-represents males in the general work force, and under-represents males in particular job categories.

   (C) continuously maintaining a system of recruiting, hiring and assigning employees that

adversely affects the opportunities of males to become employed in higher paying and/or management positions.

9. The effect of the practices complained of above was to deprive Ms. Koch of equal employment opportunities and otherwise adversely affect her status as an employee because of her conduct protected by Section 704(a) of Title VII.

10. The effect of the practices complained of above was to deprive males as a class of equal employment opportunities and otherwise adversely affect their status as applicants and as employees because of their sex.

11. The unlawful employment practices complained of in paragraphs 8-10 were intentional.

12. The employment practices complained of in paragraphs 8-10 above were done with malice or with reckless indifference to the federally protected rights of Kathy Koch and males as a class.

13. In addition, since at least February 1997, Defendant Employer has failed to preserve, for at least one year from the date of making of the records and/or personnel action involved, various personnel and employment records that it has made or kept and has failed to preserve relevant records until final disposition of a charge of discrimination in violation of Title VII and the Commission's Regulations set forth at 29 C.F.R. § 1602.14. Such records include, but are not limited to, certain applications for employment, resumes, cover letters, other hiring process-related documents, payroll and personnel documents, and documents related to the employment of Plaintiff-Intervenor Koch and/or claims and defenses concerning Koch.

PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in employment practices which discriminate on the basis of sex by rejecting male applicants on the basis of their sex.

B. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in employment practices which discriminate on the basis of sex by depriving male employees of promotion opportunities and/or management positions.

C. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from retaliating against employees for engaging in conduct protected by Section 704(a) of Title VII, including but not limited to opposing unlawful employment practices.

D. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for males, and which eradicate the effects of its past and present unlawful employment practices.

E. Order Defendant Employer to make whole Kathy Koch and a class of unsuccessful male applicants by providing appropriate back pay with prejudgement interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstating Kathy Koch, hiring

male class members, and front pay.

F. Order Defendant Employer to make whole Kathy Koch and a class of unsuccessful male applicants by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 8-10 above, including but not limited to medical expenses, in amounts to be determined at trial.

G. Order Defendant Employer to make whole Kathy Koch and a class of unsuccessful male applicants by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices complained of in paragraphs 8-10 above, including emotional and physical pain, suffering and mental anguish, in amounts to be determined at trial.

H. Order Defendant Employer to pay Kathy Koch and a class of unsuccessful male applicants punitive damages for its malicious and reckless conduct, as described in paragraphs 8-10 above, in amounts to be determined at trial.

I. Order Defendant Employer to preserve personnel and employment records in compliance with the requirements of Title VII and the Commission's Regulations and order such other relief in connection with the proceedings and trial of this action that is appropriate in light of Defendant's failure to preserve personnel and employment records as required by law, including but not limited to charging the jury with adverse inference instructions regarding records no longer available due to Defendant's failure to comply with Title VII and 29 C.F.R. § 1602.14 or other improper disposition of evidence.

J. Grant such other further relief as the Court deems necessary and proper in the public interest.

K.    Award the Commission its costs in this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its amended complaint.

        Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

ERIC S. DREIBAND
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

    /s/
GERALD S. KIEL (Bar No. 07770)
Regional Attorney

    /s/
TRACY HUDSON SPICER (Bar No.08671)
Supervisory Trial Attorney

    /s/
RONALD L. PHILLIPS
Trial Attorney
Baltimore District Office
City Crescent Building, 3rd Floor
10 South Howard Street
Baltimore, Maryland 21201
Telephone number: (410) 962-4628
Facsimile number: (410) 962-4270/2817