IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| and | ) ) |
| KATHY C. KOCH, | ) ) Case No. WDQ-02-CV-648 |
| Plaintiff-Intervenor, | ) ) ) |
| v. | ) ) |
| LA WEIGHT LOSS, | ) ) |
| Defendant. | ) ) |

**ORDER REGARDING BIFURCATION AND SCHEDULING**

This day came on to be considered Plaintiff U.S. Equal Employment Opportunity Commission's Motion to Bifurcate Trial and Discovery in the above-styled and numbered action. The Court finds that the Motion should be, and it is hereby, GRANTED. It is ORDERED that the following schedule shall apply in the above-styled and numbered action, and will be modified only upon motion of one or more parties and further order of the Court:

I.   GENERAL

    1.   Further discovery and trial in this action shall be conducted in two stages.

    2.   The two stages of discovery and trial in this action shall be designated "Stage I"

and "Stage II" and are described with greater particularity in the remainder of this Order. However, stated generally, Stage I shall be limited to issues of liability regarding the claim(s) of discriminatory hiring asserted by the Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC"), punitive damages issues, issues of liability and all remedial issues regarding the claims of retaliation asserted by Plaintiff EEOC and Plaintiff-Intervenor Kathy C. Koch, and affirmative defenses pertinent to the foregoing issues averred by Defendant LA Weight Loss ("Defendant").  Stage II discovery and trial shall be conducted if and only if there is a finding of liability against Defendant regarding Plaintiff EEOC's discriminatory hiring claims and after the trial of that liability issue.  Both discovery and trial at Stage II shall consist of remedial issues regarding the alleged aggrieved persons for whom Plaintiff EEOC seeks relief in this action. Discovery and trial of Stage II, if necessary, shall be conducted pursuant to further Order of the Court.

II.   STAGE I - LIABILITY

    A.   <u>Discovery</u>

        1.   <u>Permissible issues for Stage I discovery</u>

Stage I discovery shall be directed to issues that will be the subject of the Stage I trial in this bifurcated action.  These issues shall include the following: (1) liability regarding Plaintiff EEOC's hiring discrimination claim(s); (2) punitive damages related to the hiring discrimination claim(s), both liability and amount; (3) both liability and remedies regarding the retaliation claim asserted by Plaintiff EEOC and Plaintiff-Intervenor Kathy C. Koch; and (4) affirmative defenses averred by Defendant that apply to the issues to be tried at this Stage of the action.

2. <u>Schedule regarding Stage I discovery and other matters</u>

The modified Scheduling Order approved by the Court on February 26, 2003 is now further modified as follows: Non-expert discovery regarding Stage I issues shall conclude on December 31, 2004; Plaintiffs shall name expert witnesses and serve Defendant with expert report(s) on or before January 31, 2005; Defendant shall name expert witnesses and serve Plaintiffs with expert report(s) on or before March 2, 2005; expert discovery shall be completed by April 1, 2005; parties shall file in chambers by April 1, 2005, a status report covering all issues stated in the Court's April 9, 2002 Scheduling Order; and all motions regarding Stage I issues, excluding motions in limine, shall be filed on or before May 2, 2005.

3. <u>Limitations and other provisions regarding Stage I discovery</u>

The amounts of depositions, interrogatories and other forms of discovery permitted in Stage I discovery in this action shall be the amounts provided by the Federal Rules of Civil Procedure, the Local Rules of this Court, prior and future Orders of this Court, and those set forth in the Stipulation to Modify Limitations on Discovery filed by Plaintiff EEOC and Defendant on April 30, 2002.

At this Stage, Defendant shall be limited to depositions of Class members whom Plaintiff EEOC designates as potential Stage I Class member witnesses, meaning those Class members whose testimony Plaintiff EEOC intends to present live or by deposition transcript or deposition videotape at the Stage I trial of this case. These witnesses shall be a limited portion of the total number of alleged aggrieved persons for whom Plaintiff EEOC seeks relief in this action. The potential Stage I Class member witnesses designated by Plaintiff EEOC shall not exceed fifty (50) in number, and EEOC shall not present the testimony of more than forty (40) such Class

member witnesses in its case-in-chief at the Stage I trial. In order to avoid multiple depositions of the same Class member witness and thereby reduce the burden of discovery on the parties and the witnesses, any such depositions shall consist of examination pertaining to both liability and remedial issues. However, evidence regarding remedial matters such as back pay, front pay, and compensatory damages shall not be presented at Stage I trial but shall be deferred until the Stage II trial of this action.

Plaintiff EEOC shall designate the Class members who will be its potential Stage I Class member witnesses in accordance with the following schedule: (1) at least ten (10) Class members shall be designated within 21 days after entry of this Order; (2) at least ten (10) additional Class members shall be designated by not later than February 27, 2004; (3) at least ten (10) additional Class members shall be designated by not later than March 26, 2004; and (4) not more than twenty (20) additional Class members shall be designated by not later than May 28, 2004. No Class member witness shall be permitted to testify at Stage I unless designated in accordance with this Order or unless ordered by the Court upon motion of Plaintiff EEOC for good cause shown.

If Defendant intends to offer testimony of any witness at the Stage I trial, whether live or by deposition transcript or deposition videotape, that relates to particular incidents of hiring/non-hiring or other circumstances pertinent to the claims asserted by Plaintiff EEOC for the benefit of one or more Class members identified by it as potential Stage I Class member witnesses, Defendant shall designate such witness by not later than sixty (60) days after Plaintiff EEOC's designation of the relevant Class member. If such Defendant witness has already been deposed in this action as of the date of Defendant's designation, further deposition shall be

permitted but shall be limited in scope to matters related to (a) the particular incidents of hiring/non-hiring or (b) other circumstances pertinent to the claims asserted by Plaintiff EEOC for the benefit of the Class member(s) identified by it as potential Stage I Class member witnesses about which the witness will testify.  No Defendant witness shall be permitted to testify at Stage I regarding the subject matter described above unless designated in accordance with this Order or unless ordered by the Court upon motion of Defendant for good cause shown.

To facilitate prompt completion of Stage I depositions, the parties shall make every reasonable effort to ensure that responses to written discovery regarding the two aforementioned categories of witnesses are served in a timely fashion.

The foregoing provisions of this Order regarding designation of certain categories of witnesses shall not relieve the parties of their duty under the Federal Rules of Civil Procedure, Local Rules of this Court and this Court's further orders regarding timely identification of any other persons with relevant knowledge who therefore may be a witness at the Stage I trial in this action.

To the extent that there is any discovery pending regarding Class members other than those identified by EEOC as potential witnesses at Stage I, such discovery shall be deferred and answered or otherwise proceed only after Stage II discovery commences.  No new discovery regarding these persons shall commence before Stage II proceedings.  Similarly, any other discovery that relates solely to issues to be adjudicated in Stage II of this action shall be deferred until Stage II discovery.

    B.    <u>Trial</u>

The Stage I trial in this bifurcated action shall consist of the following issues: (1) liability

regarding Plaintiff EEOC's hiring discrimination claim(s); (2) punitive damages related to the hiring discrimination claim(s), both liability and class-wide amount; (3) both liability and remedies regarding the retaliation claim asserted by Plaintiff EEOC and Plaintiff-Intervenor Kathy C. Koch; and (4) affirmative defenses averred by Defendant that apply to the issues to be tried at this Stage of the action.  As appropriate, the Court will also decide issues regarding class-wide injunctive relief and other non-monetary remedies that do not require Stage II proof.

III.   STAGE II - INDIVIDUAL REMEDIES

   A.   Discovery

      1.   Permissible issues for Stage II discovery

Stage II discovery shall be directed to issues that will be the subject of the Stage II trial in this bifurcated action.  Such discovery may include depositions of Class members who were not deposed in Stage I discovery, depositions of current and former Defendant personnel, and any other discovery tools authorized by the Federal Rules of Civil Procedure calculated to lead to discovery of admissible evidence regarding the following Stage II trial issues: (1) Plaintiff EEOC's burden of proving that individual Class members sought employment with Defendant during the relevant period; (2) Defendant's burden of proving that individual Class members were denied hire for non-discriminatory reasons; (3) potential pretext regarding the non-discriminatory reason(s) to be proven for each individual Class member; (4) Class member back pay, compensatory damages, the propriety of Court-ordered instatement for each Class member, and front pay; (5) any affirmative defenses averred by Defendant that are particular to individual Class members and not Plaintiff EEOC's claims as a whole, such as a Class member's alleged failure to mitigate damages; and (6) any other issues relevant to the parties' respective burdens of

proof at Stage II as described in the case law governing this bifurcated pattern or practice proceeding.

    2.  <u>Schedule regarding Stage II discovery and other matters</u>

The Stage II discovery schedule, schedule for filing of motions, including any dispositive motions regarding Stage II issues, and the final pre-trial schedule regarding the Stage II trial shall be ordered by the Court after the conclusion of Stage I proceedings.  In its discretion, the Court may require a scheduling conference prior to entering such Order and may also require submission of joint and separate proposed scheduling orders by the parties.

    3.  <u>Limitations and other provisions regarding Stage II discovery</u>

In Stage II discovery regarding Class members, Defendant shall be limited to depositions of Class members whom were not deposed during Stage I discovery.  Plaintiff EEOC shall be permitted to depose former and current Defendant personnel in an amount to be determined by further order of this Court after the conclusion of Stage I proceedings.

In Stage II discovery, Plaintiff EEOC and Defendant shall answer, within thirty (30) days of the commencement of such discovery, any discovery requests that were pending at Stage I and deferred by order of this Court because they involved Stage II issues.  In addition, Plaintiff EEOC and Defendant shall be permitted additional interrogatories, document production requests and requests for admission in an amount to be determined by the Court by scheduling order entered prior to commencement of Stage II discovery.

Within fourteen (14) days of entry the Court's scheduling order regarding Stage II discovery and scheduling of other matters, Plaintiff EEOC shall designate and provide to Defendant a final list of all Class members for whom it will seek relief at the Stage II trial.

B.    <u>Trial</u>

The Stage II trial in this bifurcated action shall consist of the following issues:(1) Plaintiff EEOC's burden of proving that individual Class members sought employment with Defendant during the relevant period; (2) Defendant's burden of proving that individual Class members were denied hire for non-discriminatory reasons; (3) potential pretext regarding the non-discriminatory reason(s) to be proven for each individual Class member; (4) Class member back pay, compensatory damages, the propriety of Court-ordered instatement for each Class member, and front pay; (5) any affirmative defenses averred by Defendant that are particular to individual Class members and not Plaintiff EEOC's claims as a whole, such as a Class member's alleged failure to mitigate damages; and (6) any other issues relevant to Stage II proceedings as described in the case law governing this bifurcated pattern or practice action.  At the conclusion of the Stage II trial, the Court will also make appropriate apportionment among the Class members of the punitive damages awarded to Plaintiff EEOC, if any, at the Stage I trial, and will also order any other appropriate relief not already ordered after the Stage I trial.

Signed and entered this _____ day of _____, 2004.

 

HONORABLE WILLIAM D. QUARLES, JR.
United States District Judge