IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | * |
| | * |
| Plaintiff | |
| | * |
| and | |
| | * |
| KATHY C. KOCH | |
| | * |
| Intervenor/Plaintiff | |
| | * |
| v. | Civil No. S-02-CV-648 |
| | * |
| LA WEIGHT LOSS | |
| | * |
| Defendant | |

\* \* \* \* \* \* \* \* \* \* \* \*

**RESPONSE OF INTERVENOR/PLAINTIFF KATHY KOCH
TO LA WEIGHT LOSS' MOTION FOR PRE-TRIAL CONFERENCE**

Intervenor/Plaintiff, Kathy C. Koch, by her attorneys Pamela J. White and Ober, Kaler, Grimes & Shriver, hereby files this response to LA Weight Loss' Motion For Pre-Trial Conference.  Koch opposes the position of LA Weight Loss that the retaliation claim of Kathy Koch should not be tried until after trial on the merits of the EEOC pattern or practice discrimination claims.  Ironically, LA Weight Loss contends that Koch's claim should not be tried alongside the EEOC's claims because such a track is too prejudicial for LA.  The prejudice, however, that would result to Ms. Koch by further delay of trial of her claim is overwhelming.  As discovery accomplished to date already has revealed, over the six years since the circumstances giving rise to Ms. Koch's claim, memories have faded and relevant documents are scarce and or nonexistent.  Koch's need

to move forward and proceed to trial on her claims as soon as possible is obvious in view of the deplorable failure of defense witnesses to recall events relevant to Koch's employment in 1997 and 1998, and by LA's failure to provide responsive interrogatory answers and relevant documents.

The age, nature and scope of Koch's claims are factually aligned with the EEOC's Complaint. Not only does Koch's testimony provide part of the foundation for the EEOC's claim, but evidence of Koch's complaints about gender discrimination is directly relevant to the proof of the retaliation alleged by Koch. A causal connection existed between the protected activity presented by Koch's complaints about gender-biased hiring practices, and her termination, all of which requires investigation of the reasons motivating the adverse employment action. Furthermore, evidence concerning LA Weight Loss' alleged discriminatory hiring practices reasonably will assist a jury to decide whether the reason given for Koch's termination, allegedly poor performance, was merely pre-textual. Koch should be able to pursue her claim without being victimized by the fact that her testimony of gender discrimination also provides part of the foundation for the EEOC's claim.

Moreover, LA Weight Loss will not be prejudiced by proceeding to trial with both the Koch and EEOC claims. To the extent that evidence the EEOC offers is beyond the scope of Koch's claim and it is inadmissible, the jury can be so instructed. There is no danger that Koch's damages could reflect injury not at issue in her trial because it is evident that Koch cannot be compensated for LA's alleged discriminatory hiring practices against males.

Finally, considerations of judicial economy and efficiency require the claims be tried together. It would waste the Court's and the parties' time and resources to try the matters separately when Koch's retaliation claim is so factually intertwined with the EEOC's hiring discrimination claims.

## I.   Background and Procedural Points

In October 1997, Kathy Koch was hired by Kristi O'Brien of LA Weight Loss as "Area Corporate Trainer." Ms. Koch worked in the Baltimore/Delaware region between November 1997 and March 12, 1998, when she was discharged by Kristi O'Brien and Lynne Portlock, her immediate supervisor. As part of her job duties, Ms. Koch placed advertisements for, and interviewed prospective employees to work as counselors for LA Weight Loss. In or about November of 1997, LA Weight Loss held orientation sessions at the corporate headquarters where Ms. Koch was trained in LA Weight Loss' corporate and employment practices. During her orientation, Ms. Koch and the other women being trained as Area Corporate Trainers were informed that, as a practice, LA Weight Loss did not hire men as counselors.

Ms. Koch disagreed with this policy and, during the course of her employment with LA Weight Loss, she attempted to interview several men and passed several male names of applicants to her supervisor. On several occasions, Ms. Koch was rebuked in her attempts to interview or hire men. After Ms. Koch continued to refuse to adhere to LA Weight Loss' unlawful hiring practices, LA Weight Loss took a series of adverse employment actions against Ms. Koch, including but not limited to interfering with her ability to perform her job duties and disciplining her for failing to perform her duties as instructed by her supervisor.

On or before March 9, 1998, Ms. Koch sent a letter, dated March 8, 1998, to the Baltimore Office of the EEOC, complaining of LA Weight Loss' hiring practices. On the same date, in a second letter dated March 8, 1998, Ms. Koch informed her supervisor that she had "initiated a formal complaint with the U. S. Equal Employment Opportunity Commission to protest the employment policies of L A Weight Loss Centers." Three days later, on March 12, 1998, after Portlock had seen the letter to her supervisor, LA Weight Loss fired Ms. Koch.

Immediately after her termination in 1998, and years before any litigation, Koch informed the owner, President, and CEO of LA Weight Loss, by a 4 -page letter dated April 21, 1998, of her claims of his discriminatory hiring practices and her retaliatory discharge just weeks before. As counsel for the company in 1998, David Landau responded by letter dated May 1, 1998. After successive letters between Koch (by her counsel) and Landau, his letter of June 4, 1998 simply stated that "Ms. Koch was terminated for poor performance. The company has engaged in no discriminatory or retaliatory actions towards Koch." Almost three weeks later, on June 23, 1998, LA Weight Loss and Landau were provided notice by the EEOC of Koch's charge of retaliation pursuant to Title VII, and Landau began to respond to that agency's requests for relevant information. On January 6, 1999, Landau filed his client's "Position Statement & Response to Request for Information" with the EEOC.

The EEOC's Complaint in this litigation was filed three years later, in February 2002; the Answer was filed in April 2002; Ms. Koch's Motion to Intervene was filed in June 2002; and the Answer to the Koch Complaint was filed in August 2002. Defendant

LA Weight Loss and the EEOC have since exchanged discovery requests, and responses, as have Koch and LA Weight Loss.

On Koch's part, over the years from the time in 1998 that Koch was unsuccessful to prevent her retaliatory discharge or to correct the discriminatory hiring practices of LA Weight Loss, Koch has cooperated fully and deferred to the EEOC's investigation, conciliation and litigation efforts. As intervening plaintiff in this litigation, Koch has continued to follow the lead of the EEOC, especially as to discovery matters so as to control her attorneys fees and expenses incurred in this expensive, time-consuming class action litigation. The plaintiffs' claims have gone through discovery proceedings together and the Court, at an early stage, had revealed its intention to have both claims proceed to trial together. Defendant presents no good reasons to change that assessment.

## II.   Discovery

Koch's need to move forward and proceed to trial on her claims as soon as possible is obvious in view of LA Weight Loss' inability to provide complete answers to interrogatories and relevant documents, and the inability of defense witnesses to recall events relevant to Koch's employment in 1997-98. Although the parties are currently attempting to resolve their discovery disputes, some of the relevant information apparently is just not available because it was not retained in 1998. For example, LA Weight Loss has advised that it "did not maintain lists of the dates and persons involved in training sessions provided to area trainers during the time Ms Koch was employed by LA Weight Loss and is not in possession of this information at this time." Supplemental Response to Interrogatory No.14. LA also is not in possession of documents that reflect the names of managers and assistant managers of centers located in the Baltimore region

during the time of Ms. Koch's employment.  Response to Interrogatory No. 19.   And LA did not retain training documents contemporaneous to Koch's employment.  In response to Ms. Koch's request for copies of any of LA Weight Loss' policies, practices or procedures concerning discrimination and/or retaliation since 1997, the only relevant documents that have been produced are a 1998 EEO Policy Statement and Employee Handbook of September 1998.  Response to Request No. 21.

     The absence of witness testimony or interrogatory answers about investigation of Koch's complaints in 1998 or 1999 evidences the need to advance Koch's claims without delay.  Ms. O'Brien, one of several corporate officials who had reported she preferred to hire women and did not hire men, recently denied having seen Koch's March 8th letter or her EEOC claim until preparing with her counsel (David Landau) for her deposition on August 28, 2003.  In her sworn testimony, Ms. O'Brien also failed to recall most of the events relevant to Ms. Koch's employment, performance, discharge and complaint to the EEOC in 1998, and she did not produce, identify or describe relevant documents.  Ms. O'Brien recalled that she took contemporaneous notes of telephone calls about trainer performance and conversations with trainers on note pads and eventually would discard those notes, however, Ms. O'Brien received no instructions in 1998 about keeping those notes or notes of her conversations about Ms. Koch.

     Lynne Portlock, Koch's immediate supervisor, similarly could not recall relevant events and circumstances in 1997 and 1998 at her deposition.  The deposition testimony of owner and COO Scott Moyer also revealed that he did not recollect "this whole incident with Kathy Koch" [Moyer Dep. Transcript at pp. 226-227], or how he came to draft an EEO policy published by the Company two weeks after Koch was terminated

[pp. 89, 91], or any but a vague memory of a discussion about gender discrimination with Eileen Stankunus, his direct report, [p.242], or even the basic procedures that existed for making disciplinary and employee discharge decisions. [pp.71-72].

Consequently, Koch is having a hard enough time now to learn how and what the Defendant's managers and decision makers in 1998 communicated among themselves to learn and respond to the Koch claims, whether and how they participated in any investigation of the Koch claims, whether and how Landau or any corporate official was responsible for any investigation and responsive or corrective action—or if they declined to do so. The extended passage of time to her case trial, after Koch will have testified in the EEOC's case, will compound the problem of LA's investigatory lapses.

### III. Argument

#### A. Kathy Koch's Retaliation Claim Should Be Tried With the EEOC's Pattern or Practice Claim.

Koch's claim that she was subjected to retaliation is so intertwined with the EEOC's hiring discrimination claims that it is necessary, and only practicable, they be tried together. It has been almost six years since the circumstances that gave rise to Koch's claim and the need to proceed to trial on her claims as soon as possible is obvious in view of the poor memories and limited documentation. Furthermore, LA Weight Loss will not be prejudiced if Koch's claim is tried alongside the EEOC's claim. If Koch's claim is not tried until after the trial on the EEOC pattern or practice claims of discrimination, the Court would be forced to engage in duplicative litigation, wasting its resources, as well as the parties' time and resources.

1. Evidence Concerning LA Weight Loss' Alleged Discrimination Is Relevant and Probative To Koch's Claim Of Retaliation.

Evidence regarding the pattern and practice of alleged discrimination, about which Koch complained, is relevant to her claim, and to the extent that certain evidence is beyond the scope of Koch's claim, the jury can be so instructed. LA Weight Loss has not proposed to stipulate that Koch engaged in protected activity, and even if it does so propose, certain background evidence concerning the alleged discriminatory practices that Koch complained about is relevant to her retaliation claim. To prove a prima facie case of retaliation Koch must establish (1) that she engaged in a protected activity; (2) that LA Weight Loss took adverse employment action against her; and (3) that a casual connection existed between the protected activity and the asserted adverse action. *See King v. Rumsfeld*, 328 F. 3d 145, 150-51 (4th Cir. 2003). Presentation of a prima facie case shifts the burden to the defendant to show that the adverse action was taken for a legitimate reason. *See id*. The burden then returns to the plaintiff to establish by a preponderance of all the evidence in the case that the legitimate reasons offered by the defendant were a pretext. *See id*.

Evidence concerning Koch's complaints regarding the Defendant's hiring practices is probative and relevant at least as to the third prong of the retaliation inquiry, which requires investigation of the reasons motivating the adverse employment action. *See Bianchi v. City of Philadelphia*, 2003 WL 22490388 (3d Cir. 2003) (attached to Defendant's motion). LA Weight Loss was aware of Koch's refusal to adhere to its unlawful hiring practices, that she was complaining about the same, and, prompted by a desire to keep her quiet, then terminated Koch from her employment after she advised her

supervisors of her complaint. Thus, evidence concerning the alleged unlawful hiring practice is "material to show the nexus between the retaliation and the filing of the complaint." *Bianchi,* 2003 WL 22490388 (3d Cir. 2003).

Evidence related to hiring practices also is to be presented by Koch to establish pretextuality of her employer's reason for her termination – inadequate performance. *See Bianchi,* 2003 WL 22490388 (3d Cir. 2003); *McCue v. State of Kan. Dept. of Human Resources*, 165 F. 3d 784 (10th Cir. 1999). Koch will need to introduce evidence related to those unlawful hiring practices to establish how her performance suffered as a result of those hiring practices and to establish that the proffered reason for her termination was a mere pretext. Ms. Koch contends that after she refused to adhere to LA Weight Loss's unlawful hiring practices, LA Weight Loss interfered with her ability to perform her job duties and disciplined her for failing to perform her interfered with duties.

    2.    <u>Koch Will Be Prejudiced If Her Claims Are Delayed.</u>

The circumstances surrounding Koch's complaint occurred six years ago. Discovery proceedings to date reveal that relevant documents are missing or nonexistent and many of LA's witness have poor memories and cannot recollect the events surrounding her employment and termination. If Koch's claim is deferred any longer, the limited recollections of the events and circumstances will only fade even more, making it more difficult for Koch to establish and prove her claims.

It is also unfair and impracticable to have Koch testify in the EEOC's case, and then again in a separate trial on her retaliation claim. Notions of judicial economy and efficiency dictate against such a result.

    2.    **LA Weight Loss Will Not Be Prejudiced If the Koch And EEOC Claims Are Tried Together.**

LA Weight Loss will not be unfairly prejudiced if Koch proceeds with her retaliation case at the same time the EEOC puts on its pattern and practice case. The law is simple and there is no danger that the jury will grant Koch relief on the grounds of any finding of the Defendant's discriminatory hiring practices against males. Koch clearly is not entitled to any damages resulting from any such misconduct.

The Court can instruct the jury as to evidence relevant to the EEOC's pattern and practice claim that is not relevant to Koch's claim of retaliation. Careful limiting instructions will remove any chance of prejudice to LA.

## IV. Conclusion

Wherefore, Intervenor/Plaintiff Kathy C. Koch supports the EEOC's request that Koch's retaliation claim be tried along with the EEOC's pattern and practice claim.

    Respectfully submitted,

*/s/ Pamela J. White*

Pamela J. White, Bar No. 00181
Ober, Kaler, Grimes & Shriver
120 East Baltimore Street
Baltimore, Maryland 21201
Telephone Number: (410) 347-7323
Facsimile Number: (410) 547-0699
E-mail address: pjwhite@ober.com

Dated: February 3, 2004

736814    10