Not Reported in F.Supp.
48 Fair Empl.Prac.Cas. (BNA) 907, 12 Fed.R.Serv.3d 1232
**(Cite as: 1988 WL 188433 (N.D.Cal.))**

United States District Court,
N.D. California.

Archie BAREFIELD, Jr., Cornell Bert, et al.,
Plaintiffs,
v.
CHEVRON, U.S.A., INC., Defendant.

**No. C 86-2427 TEH.**

Dec. 6, 1988.

Francisco Garcia-Rodriguez, Mexican American Legal Defense and Educ. Fund, San Francisco, Cal., Antonia Hernandez, Theresa Fay Bustillos, Phil Trevino, Mexican American Legal Defense and Educ. Fund, Los Angeles, Cal., Denise M. Hulett, John Erickson, Erickson, Beasley Hewitt, Cal., Bill Lann Lee, NAACP Legal Defense & & Educ. Fund, Inc., Los Angeles, Cal., for plaintiffs.

Joe C. Creason, Jr., William G. Alberti, Steven G. Betz, Pillsbury, Madison & Sutro, San Francisco, Cal., for defendant.

THELTON E. HENDERSON, District Judge.

*BACKGROUND*

 *1 This civil rights action charges Chevron with discrimination against Black and Hispanic workers at its oil and gas production facilities in the San Joaquin Valley, with respect to job assignments, on-the-job-training, compensation, and promotions. After certifying the case as a class action pursuant to Fed.R.Civ.P. 23(b)(2), we issued a pre-trial order requiring the parties to file motions regarding possible bifurcation of trial, allocation of issues between judge and jury, and all similar procedural issues. Once these motions were filed, it became apparent that the parties disagreed over the proper scope of relief for the class. Thus, we now resolve this dispute as well as determine how the issues in this case should be bifurcated at trial. [FN1]

*REMEDIES AVAILABLE TO THE CLASS*

Plaintiffs' first amended complaint ("complaint") alleges claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq., 42 U.S.C. § 1981, and the California Fair Employment and Housing Act (FEHA), Calif. Gov't Code § 12900 et seq. It is unquestioned that class members may seek injunctive relief and back pay under all three statutes. However, Chevron disputes plaintiffs' assertion that class member remedies should also encompass compensatory and punitive damages. While conceding the recoverability of such damages under section 1981 and FEHA, it argues that, in *this* case, such remedies are inappropriate because they are not expressly sought in plaintiffs' prayer for relief, and even if they were, such relief is incompatible with our certification of the class under Fed.R.Civ.P. 23(b)(2).

Plaintiffs, on the other hand, maintain that the complaint sufficiently states class claims for punitive and compensatory damages (or if it does not, leave to amend should be granted), and that our class certification order already implicitly decided that such class claims are maintainable under Rule 23(b)(2). Alternatively, they argue that, even if the order did not so find, we should make such a finding now.

As a threshold matter, we conclude that our class certification order did not decide the issue whether class-wide compensatory and punitive damages would be consistent with certification under Rule 23(b)(2). Accordingly, we can not accept plaintiffs' assertion that the class certification order already implicitly decided that they may seek class-wide punitive and compensatory damages, and that such relief is consistent with a(b)(2) certification. Thus, we turn to these issues now.

Parties establishing liability under 42 U.S.C. § 1981 or FEHA are eligible to recover punitive and compensatory damages, *Johnson v. Railway Express,* 421 U.S. 454, 450, 95 S.Ct. 1716, 1720 (1975); *White v. Washington Public Power Supply System,* 692 F.2d 1286, 1290 (9th Cir.1982); *Richardson v. Restaurant Marketing Associates, Inc.,* 527 F.Supp 690, 697 (N.D.Cal.1981); *Commodore Home Systems, Inc. v. Superior Court,* 32 Cal.3d 211, 221, 185 Cal.Rptr. 270 (1982).

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

The fact that a prayer for relief fails to specifically request such relief on a class-wide basis is not justification for depriving class members of these remedies. [FN2] Available remedies depend, not on a rigid adherence to a prayer for relief, but on the allegations in the pleadings and proof at trial. Fed.R.Civ.P. 54(c) [FN3]; *Client's Council v. Pierce,* 778 F.2d 518, 520 (8th Cir.1985); *Robinson v. Lorillard Corp.,* 444 F.2d 791, 803 (4th Cir.1071), *cert. dismissed,* 404 U.S. 1006 (1971) (claim for backpay allowed although not requested in prayer for relief). Wright & Miller elaborate:

> **\*2** In all nondefault cases, the [prayer for relief] is not treated as binding or conclusive since by appearing the defendant has an opportunity to defend himself against any request for new relief that may be made in the course of the action ...
>
> Rule 54(c) also is an integral element of the overall plan of the federal rules to eliminate the theory-of-the-pleadings doctrine and decrease the importance of the pleading stage in federal litigation. Thus, it is entirely consistent with the amendment policy of [Fed.R.Civ.P.] 15, which permits the demand to be altered either before or during the trial so that the amount ... ultimately awarded will be based on what was proved rather than on what has been pleaded.
>
> 7a C. Wright and A. Miller, Federal Practice and Procedure § 2662 (2d ed 1988) at 131-135.

Here, the body of the complaint alleges violations of section 1981 and FEHA on a class-wide basis. (¶¶ 45-49). The complaint also specifically alleges that Chevron acted with malicious intent with respect to "plaintiffs and other black and hispanic and employees and applicants for employment." (¶ 45). These allegations are sufficient to support punitive and compensatory damages for the class, and Chevron has adequate opportunity to defend against them. Accordingly, class member remedies will not be limited based on the prayer for relief. [FN4]

In addition, we grant plaintiffs leave to file their proposed second amended complaint which expressly requests compensatory and punitive damages for the class. While such amendment is not essential, given the complaint's allegations and the teachings of Rule 54(c), it is appropriate in the interests of clarity. [FN5]

We now turn to the appropriate classification under Rule 23(b). Although previously certified under Rule 23(b)(2), such orders are inherently tentative and may be modified as circumstances require. Fed.R.Civ.P. 23(c)(1); *Officers for Justice v. Civil Service Comm'n,* 688 F.2d 615, 633 (9th Cir.1982), *cert. denied sub. nom., Byrd v. Civil Service Comm'n,* 459 U.S. 1217 (1983) ("Because class actions vary so widely in their circumstances, the trial judge is vested with broad discretionary control over the conduct of such actions enabling the presiding judge to respond fluidly to the varying needs of particular cases"). Reevaluation of our certification under Rule 23(b)(2) is therefore appropriate at this juncture. [FN6]

By its terms, section (b)(2) applies whenever the "defendant has acted or refuses to act on grounds generally applicable to the class, thereby making appropriate final injunctive or declaratory relief with respect to the class as a whole." Fed.R.Civ.P. 23. Allegations that an employer's discriminatory conduct toward a class necessitates injunctive relief fall squarely within the ambit of this provision. Indeed, as is often acknowledged, (b)(2) was deliberately drafted to facilitate the vindication of civil rights through the class action device. *Coley v. Clinton,* 635 F.2d 1364, 1378 (8th Cir.1980); *Wetzel v. Liberty Mutual Insurance Co.,* 508 F.2d 239, 250 (3rd Cir.1975), *cert. denied,* 421 U.S. 1011 (1975); *Avagliano v. Sumitomo Shoji America, Inc.,* 614 F.Supp. 1397, 1400 (S.D.N.Y.), *reconsideration denied,* 107 F.R.D. 748 (1985); Fed.R.Civ.P. 23 advisory committee note, *reprinted in* 39 F.R.D. 69, 102 (1966); 3B J. Moore & J. Kennedy, Moore's Federal Practice ¶ 23.02[2.-6] at 23-52 to 23-53 (1985). [FN7]

**\*3** Similarly settled is the proposition that (b)(2) classes are not limited to cases involving injunctive relief. Rather, monetary relief may also be granted so long as it is not the exclusive or predominant relief sought. *Probe v. State Teachers' Retirement System,* 780 F.2d 776, 780 (9th Cir.1986), *cert. denied,* 476 U.S. 1170 (1986); *Rodriguez v. Berrybrook Farms, Inc.,* 672 F.Supp 1009, 1017 (W.D.Mich.1987); *Stolz v. United Brotherhood of Carpenters and Joiners,* 620 F.Supp 396, 406-07 (D.C.Nev.1985); Rule 23 advisory committee note.

In making the discretionary determination whether this "predominance" standard is satisfied in any given case, it is not particularly helpful to position the injunctive relief sought on one scale, the monetary relief on another, and then somehow attempt to ascertain which is the heavier scale. Indeed, this is an almost impossible exercise as the importance of eradicating

discriminatory practices (and possibly initiating affirmative remedies) through injunctive relief is virtually immeasurable. Rather, it is more helpful to return to the principles underlying the creation of the (b)(2) category.

The trademark of the (b)(2) action is homogeneity. It is this characteristic that allows the court to dispense with notice to the class and bind all members to any judgment on the merits without an opportunity to opt out. In class actions alleging employment discrimination, homogeneity is usually ensured because, the class "by sharing a common characteristic subjected to discrimination becomes cohesive." In short, the defendant's allegedly discriminatory conduct affects the class as a whole, and makes final injunctive relief appropriate. *Wetzel,* 508 F.2d at 250, 253; *Avagliano,* 614 F.Supp at 1400; *Connor v. Highway Truck Drivers & Helpers,* 68 F.R.D. 370, 374 (E.D.Pa.1975). [FN8]

A class claim for punitive damages does not detract from the homogeneity or cohesiveness of the class. Rather, it is consistent with the notion that the focus of a(b)(2) action is the defendant's conduct toward persons sharing a common characteristic. Because the purpose of punitive damages is not to compensate the victim, but to punish and deter the defendant, any claim for such damages hinges, not on facts unique to each class member, but on the defendant's conduct toward the class as a whole. *Jenkins v. Raymark Industries,* 782 F.2d 468, 474 (5th Cir.1986), *reh. denied,* 785 F.2d 1034 (1986). The cohesive core of the (b)(2) action is thus maintained. [FN9]

We conclude, then, that the addition of a class-wide claim for punitive damages, to claims for injunctive and declaratory relief, and lost pay, [FN10] does not render the monetary aspect of the case predominant. Rather, such relief may be treated as ancillary to the claims for injunctive and declaratory relief which remain at the heart of this action. [FN11] *Parker v. Local Union No. 1466,* 642 F.2d 104 (5th Cir.1981) *reh'g denied,* 646 F.2d 567 (1981) (class wide punitive damage award in (b)(2) action); *Fontana v. Elrod,* 826 F.2d 729, 730 (7th Cir.1987) ((b)(2) class certified where class punitive damages sought); *Stolz,* 620 F.Supp at 406-07 (same); *Edmonson v. Simon,* 86 F.R.D. 375, 383 (N.D.Ill.1980) ((b)(2) class certified where class punitive and compensatory damages sought). [FN12]

**\*4** However, if class-wide compensatory damages are added to the equation, the question whether the monetary relief predominates becomes more difficult. In addition, such a claim raises a host of individual class member issues that diminish the cohesiveness of the class. Consequently, the claim for compensatory damages is more compatible with the b(3) category, which as noted earlier, does not require the same degree of homogeneity and which may be invoked where damages are the primary or exclusive relief sought. See note 8, *supra.* Thus, while an argument can be made that the injunctive and declaratory relief still predominates, we conclude that the more prudent approach is to exercise this court's discretion to employ both the (b)(2) and the (b)(3) provisions.

Accordingly, the case shall remain certified under (b)(2) through the determination of liability for the claims for injunctive, declaratory, back pay, and punitive damages. If liability is established, the court will then certify the class-wide compensatory claims under (b)(3). [FN13] Fed.R.Civ.P. 23(c)(4); 1 H. Newberg, Class Actions, § 4.14 at 300 (1985); *cf. Officers for Justice,* 688 F.2d at 622((b)(2) class certified for injunctive, declaratory, and back pay relief; (b)(3) class later certified for compensatory and punitive damages in civil rights action); *White v. Local No. 207,* 387 F.Supp 53, 54-55 (W.D.La) (1974). This approach enables the court to preserve class member remedies while respecting both the objectives and concerns of Rule 23.

*BIFURCATION*

As is standard practice in employment class actions, this action will be bifurcated into two stages. The first shall include defendant's liability to the class, and the individual class representatives, under Title VII, 42 U.S.C. § 1981, and the FEHA. The appropriate remedies for the class representatives shall be tried as well. The second stage will be limited to the remedies for the class.

The only potential point of controversy concerns the treatment of punitive damages. We conclude, for the reasons below, that the most appropriate method of proceeding is to determine the defendant's liability for punitive damages in stage one, and then, in the event such liability is found, to determine the amount of punitive damages to be awarded the class in stage one as well. This amount can then be efficiently and equitably allocated among those class members establishing entitlement to relief in stage two.

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

As noted above, because punitive damages are awarded for purposes of punishment and deterrence, the focus is solely on the defendant's conduct. *Jenkins,* 782 F.2d at 474; *see also, Smith v. Wade,* 461 U.S. 30, 54, 103 S.Ct. 1625, 1639 (1983). Consequently, where the plaintiffs allege that the defendant acted in a manner applicable to the class as a whole, the issue whether that conduct is sufficiently culpable to support punitive damages is identical for each class member.

The judicial economy to be gained by resolving this potentially repetitive issue at one time is plain. Moreover, this approach avoids the possibility of inconsistent results. Indeed, it is for the same reason that courts have consistently determined that the defendant's liability to class members for other relief should be resolved during the first stage of a bifurcated proceeding. *See e.g., Int'l Brotherhood of Teamsters v. United States,* 431 U.S. 324, 360-62, 97 S.Ct. 1843 (1977), *Equal Employment Opportunity Comm'n v. Monarch Machine Tool Co.,* 737 F.2d 1444, 1449 (6th Cir.1980); *Petty v. Peoples Gas Light & Coke Co.,* 86 F.R.D. 336, 340, (N.D.Ill.1979); *Fujita v. Sumitomo Bank,* 70 F.R.D. 406, 411 (N.D.Cal.1975). *See generally,* 4 H. Newberg, Class Actions, § 24.120 (1985). Accordingly, Chevron's liability for punitive damages shall be determined in stage one. *Cf. McQuilken v. A & R Development Corp.,* 576 F.Supp 1023, 1032 (E.D.Pa.1983).

**\*5** Practical and equitable considerations also strongly favor the determination of the amount of punitive damages, if any, in stage one. Requiring each class member to litigate the appropriate amount of punitive damages due him or her in stage two proceedings would not only be inefficient but could also result in claimants with comparable actual damages receiving substantially unequal punitive awards. There is also the risk that punitive damages will be awarded to initial claimants and then reduced or eliminated for later class members on the assumption that the defendant has already been sufficiently punished. Conversely, defendants risk having the individual punitive awards cumulate into an excessive amount.

These potential pitfalls can be avoided by creating, if appropriate, one reasonable punitive damage fund in stage one, which will then be fairly apportioned among class members in relation to any actual damages they establish in stage two. *Jenkins,* 109 F.R.D. 269, 282 (E.D.Texas 1985) (employing this approach in a(b)(3) action), *aff'd,* 782 F.2d at 471, 474 (rejecting defendants' constitutional and statutory challenges); *In re Federal Skywalk Cases,* 95 F.R.D. 483, 486 (W.D.Mo.1982) (any class-wide punitive damage award to be held until class members establish actual damages). Accordingly, the issues of liability to the class for punitive damages, and the amount of any such damages shall be resolved in stage one.

IT IS SO ORDERED.

FN1. Both sides having waived a jury, there are no questions concerning allocation of issues between judge and jury.

FN2. The complaint requests lost pay and injunctive relief for "plaintiffs and the class they represent," but only compensatory and punitive damages for "plaintiffs" (complaint at 12-13).

FN3. Fed.R.Civ.P. 54(c) provides in part that "[except for default judgments], every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings."

FN4. We also reject Chevron's contention that we should deviate from the above general principles because plaintiffs have allegedly misused them. Chevron suggests plaintiffs intentionally misled the court by deliberately requesting punitive and compensatory relief only for the named plaintiffs so as to maximize their chances of obtaining Rule 23(b)(2) class certification and then turning around and "recasting" their case under the protection of Rule 54(c) (or Rule 15, if necessary) to achieve a broader remedy. We decline to attribute such motives to plaintiff. While the complaint may not be a model of clarity, there is no basis for concluding that plaintiffs engaged in such tactics; rather, it appears they believed that the complaint adequately alleged the class claims all along. Thus, we attribute the current dispute to imprecise drafting rather than improper

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

motives.

Chevron also argues that, had it realized plaintiffs were seeking class-wide compensatory and punitive damages when the class certification motion was argued, it could have used that factor to argue against a(b)(2) certification. Thus, it would be prejudiced if plaintiffs were allowed to seek such class-wide relief at this juncture. However, given that Chevron has now had ample opportunity to present its arguments against allowing compensatory and punitive damages in a(b)(2) action, this complaint is not persuasive.

FN5. Under Fed.R.Civ.P. 15(a), leave to amend should be freely given, particularly where there is no showing of undue prejudice to the opposing party. *Jordan v. County of Los Angeles,* 669 F.2d 1311, 1324 (9th Cir.1982); *Waits v. Weller,* 653 F.2d 1288, 1290 (9th Cir.1981); *Davis v. Piper Aircraft Corp.,* 615 F.2d 606, 613 (4th Cir.), *petition for cert. dismissed,* 448 U.S. 911 (1980). Other factors to be considered are bad faith, futility of amendment, and undue delay. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct 227, 230 (1962). Chevron has not, and can not, seriously contend that plaintiff's proposed amendments, which do not change the theory of the case, are unduly prejudicial. The complaint already seeks punitive damages for the named class representatives; thus, defendants have been on notice that their culpability for punitive damages is at issue. Nor is an increase in exposure grounds for precluding amendment, *see e.g., Poloron Products, Inc. v. Lybrand Ross Bros. & Montgomery,* 72 F.R.D. 556, 561 (S.D.N.Y.1976). In addition, we have rejected defendant's contention that the proposed amendments are tainted by bad faith or undue delay. *See* note 4, *supra.* Finally, we note that the proposed amendments should not significantly interfere with discovery efforts or delay the time for trial. Given that liability for punitive damages focuses on the defendant's conduct, the issue involves facts and information within the possession of the defendant; discovery on issues pertaining to compensatory damages may be deferred until after a determination of the liability issue; thus, inclusion of compensatory damage relief should not delay stage one proceedings (see order *infra* at 12).

FN6. The inclusion of class-wide compensatory and punitive damages does not alter any of our determinations concerning the four prerequisites listed under Rule 23(a).

FN7. Rule 23 in general, and section (b)(2) in particular, should be liberally construed so as not to undermine this laudable objective. *Gay v. Waiters' & Dairy Lunchmen's Union,* 549 F.2d 1330, 1334 (9th Cir.1977), *aff'd after remand,* 694 F.2d 531 (1982) (Rule 23 should be liberally interpreted and applied); *Colely,* 635 F.2d at 1378.

FN8. In contrast, section (b)(3) applies to actions that are not as cohesive in nature, but the questions of law or fact common to the class predominate and the court finds that a class action is the superior method of adjudicating the controversy. Class members are entitled to notice and an opportunity to opt out prior to judgment on the merits. Fed.R.Civ.P. 23. Where an action would qualify under either (b)(2) or (b)(3), the courts favor certification under the former section because, by compelling inclusion, such actions promote "judicial economy, consistency of result, and binding adjudication more effectively than 23(b)(3)." *Robinson v. Union Carbide Corp.,* 544 F.2d 1258, 1260 (5th Cir.1977) *cert. denied,* 434 U.S. 822 (1977); *Wetzel,* 508 F.2d at 1253; 1 H. Newberg, Class Actions, § 4.20 (1985).

FN9. Indeed, it is this same conduct which potentially forms the basis for class-wide injunctive and declaratory relief.

FN10. The class claims for back pay are properly characterized, not as legal damages, but as "equitable restitution." *Holmes v.*

*Continental Can Co.,* 706 F.2d 1144, 1152 (11th Cir.1983); *Johnson v. Georgia Highway Express, Inc.,* 417 F.2d 1122, 1125 (5th Cir.1969); 1 Newberg, Newberg on Class Actions, 2d ed, § 4.14, at 297.

FN11. We decline to follow the reasoning of *Wathall v. Blue Shield,* 16 FEP Cases 626, 629 (N.D.Cal.1977), that class-wide punitive damages may not be allowed in a(b)(2) action simply because such damages could be a "substantial" amount.

FN12. We also note that a punitive damage claim does not complicate the management of the class action, a factor which the Ninth Circuit took into account in determining that the trial court did not abuse its discretion in denying class-wide compensatory relief in a(b)(2) action. *Williams v. Owen-Illinois, Inc.,* 665 F.2d 918, 928-29 (9th Cir.1982). This decision also found that the district court did not abuse its discretion by denying class-wide punitive damages as well. *Id.* However, this holding can in no way be construed as precluding a trial court from allowing such damages in its discretion.

FN13. The class shall also be given notice of the determination of liability (along with information concerning stage two proceedings) and notice of the compensatory claims (including the opportunity to opt out). The cost of this notice shall be borne by defendant. *Six (6) Mexican Workers v. Arizona Citrus Growers,* 641 F.Supp 259, 264 (D.Ariz.1986) (and cases cited therein).

1988 WL 188433 (N.D.Cal.), 48 Fair Empl.Prac.Cas. (BNA) 907, 12 Fed.R.Serv.3d 1232

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works