1990 WL 289505
54 Empl. Prac. Dec. P 40,238
**(Cite as: 1990 WL 289505 (D.Md.))**

United States District Court, D. Maryland.

Gregory A. KERNAN et al., Plaintiffs
v.
HOLIDAY UNIVERSAL, INCORPORATED, et al., Defendants.

**No. JH90-971.**

Aug. 14, 1990.

JOSEPH C. HOWARD, District Judge.

**\*1** Pending before the court is plaintiffs' motion for class certification. The court has previously granted plaintiffs' motion to file a second amended complaint and denied defendants' motion to dismiss. The defendants have opposed the motion for class certification, and a reply has been filed. In addition, plaintiffs and defendants have filed several supplemental briefs. The motion is now ripe for disposition and no hearing is necessary to resolve the legal questions presented. Local Rule 105.6.

The present motion is based on the two count second amended complaint. The complaint alleges that the defendants implemented a systematic policy of race discrimination in numerous metropolitan areas along the east coast. Count one of the second amended complaint alleges violations of 42 U.S.C. § 1981, and count two alleges violations of 42 U.S.C. § 2000a. Based on these two legal theories, the plaintiffs request classwide and individual injunctive and declaratory relief, as well as classwide punitive damages and individual compensatory damages.

The scope of the proposed class based on the second amended complaint is as follows:

All blacks who, within the applicable limitations period, were denied the opportunity to obtain a membership on terms equal to those available to white applicants at one or more spa facilities owned directly or indirectly by Holiday Universal, Inc. and U.S. Health, Inc.

The court notes that the burden of establishing class status falls on the plaintiffs. *International Woodworkers v. Chesapeake Bay Plywood Corp.,* 659 F.2d 1259, 1267 (4th Cir.1981); *Windham v. American Brands, Inc.,* 565 F.2d 59, 64 n. 6 (4th Cir.1977) (*en banc*) cert. denied, 435 U.S. 968 (1978).

However, even though the burden rests on plaintiffs, a class certification determination does not involve inquiry into the merits of the case. *Eisen v. Carlisle & Jacquelin,* [7 EPD ¶ 9374A] 417 U.S. 156, 177-78 (1974); *Davis v. Bethlehem Steel Corp.,* 600 F.Supp. 1312, 1323 (D.Md.), *aff'd,* [38 EPD ¶ 35,712] 769 F.2d 210 (4th Cir.) *cert. denied,* [38 EPD ¶ 35,713] 474 U.S. 1021 (1985). The court need only determine whether the plaintiffs are asserting a claim which, assuming the merits, would satisfy the requirements of Fed.R.Civ.P. 23. *Huff v. N.D. Cass Co.,* [6 EPD ¶ 8800] 485 F.2d 710, 714 (5th Cir.1973) (*en banc* ).

In their original motion, plaintiffs moved for class certification pursuant to Fed.R.Civ.P. 23(b)(2) and the defendants opposed that motion. In the reply brief, plaintiffs argued that certification was also proposed under Fed.R.Civ.P. 23(b)(3) the defendants responded to this new legal theory. Finally, in the plaintiffs' answer to the defendants' latest opposition, further legal alternatives were proposed. Defendants have filed an opposition to the plaintiffs' latest arguments.

*Prerequisites to a Class Action*

The first requirement for maintaining a class action, indeed any action in the federal courts, is that the plaintiffs have standing under Article III of the United States Constitution. In this case each plaintiff alleges discriminatory treatment by defendants. At this stage of the litigation, the court holds that the class satisfies the standing requirement for all relief requested. As the case develops, the court may reconsider this ruling as it applies to any particular form of relief. *Duke Power Co. v. Carolina Envtl. Study Group,* 438 U.S. 59, 72 (1978); *Nelsen v. King County,* 895 F.2d 1248, 1254 (9th Cir.1990); *Howard v. New Jersey Dep't of Civil Serv.,* [27 EPD ¶ 32,288] 667 F.2d 1099, 1100-01 (3rd Cir.1981) *cert. denied,* 458 U.S. 1122 (1982).

**\*2** Rule 23(a) of the Federal Rules of Civil Procedure provides that one or more members of a class may sue as representative parties on behalf of a group only if:

(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims ... of the representative parties are typical of the claims ... of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Even before considering these factors the court must determine whether a class exits and if so what it includes." *Roman v. ESB, Inc.,* [13 EPD ¶ 11,285] 550 F.2d 1343, 1348 (4th Cir.1976) (*en banc* ).

*Class Definition*

The initial focus is on the particular definition of the class. *In re A.H. Robins Co.,* 880 F.2d 709, 728 (4th Cir.) *cert. denied,* 110 S.Ct. 331 (1989). In this case the definition is not precise enough to determine the preclusive effect of this litigation. Specifics must be added which in some way incorporate the allegations of the second amended complaint. In this way the definition will be broad enough to include persons who were subjected only to a particular kind of discrimination. At the same time it will be narrow enough to provide notice to the defendants of exactly what policy is at issue as well as prevent the class from becoming a general attack on all of the defendants' policies.

In addition, the class definition must include a cutoff date after which a person experiencing discrimination will not be included in the class. In this regard the court suggests the first day of trial or the day on which classwide injunctive relief, if any, is ordered. With these changes, the court holds the definition is adequate for this case to proceed as a class action.

*Numerousness*

The court holds that the proposed class is so numerous that joinder of all members is impracticable. Fed.R.Civ.P. 23(a)(1). As stated above, the court may not consider the merits of the individual claims. *Eisen,* 417 U.S. at 177. Thus, the court focuses on plaintiffs' general allegations concerning the number of others who suffer discrimination in similar ways. Plaintiffs, of course, are not required to specify the exact number of persons in the proposed class. *Marcial v. Coronet Ins. Co.,* 880 F.2d 954, 957 (7th Cir.1989).

The second amended complaint alleges systematic discrimination against blacks throughout the entire Holiday Spa chain on the east coast. Several factors stemming from these allegations support the conclusion that joinder of all members may very well number in the thousands. First, the allegations suggest that all black applicants to defendants' spas suffer discrimination. Second, the discrimination is manifested throughout the defendants' corporations in a companywide policy and in nearly every individual spa. Third, the geographic area included in the second amended complaint includes five metropolitan areas. These allegations, taken together with the affidavits in support of the motion for class certification, indicate that the proposed class satisfies the numerousness requirement of Fed.R.Civ.P. 23(a)(1).

*Commonality*

**\*3** The next prerequisite for class certification are questions of law or fact common to the class. However, the mere presence of factual differences will not defeat a class certification. *Holsey v. Armour & Co.,* [35 EPD ¶ 34,627] 743 F.2d 199, 216-17 (4th Cir.1984) [37 EPD ¶ 35,346] *cert. denied,* 470 U.S. 1028 (1985); *Patterson v. General Motors Corp.,* [23 EPD ¶ 31,137] 631 F.2d 476, 481 (7th Cir.1980) *cert. denied,* [27 EPD ¶ 32,268] 451 U.S. 914 (1981). In the present case the discriminatory nature of defendant's organization is the common issue of law and fact shared by the individual and class plaintiffs. *Rossini v. Ogilvy & Mather, Inc.,* [41 EPD ¶ 36,658] 798 F.2d 590, 598 (2nd Cir.1986); *Bradford v. Sears & Roebuck & Co.,* [28 EPD ¶ 32,663] 673 F.2d 792, 795 (5th Cir.1982). Several allegations in the complaint support this conclusion.

First, the nature of the discrimination alleged suggests that the class of black plaintiffs as a whole is affected. Second, because the class is based on race, class membership is uniform. Third, the defendants' discrimination is allegedly uniform, which is consistent with the number of spas charged with the same conduct, the large geographic area, and a lack of local autonomy. Finally, it is probative that the allegations cover a long time span. *Stastny v. Southern Bell Tel. & Tel. Co.,* [23 EPD ¶ 31,155] 628 F.2d 267, 277 (4th Cir.1980); *Cook v. Boorstin,* [37 EPD ¶ 35,313] 763 F.2d 1462, 1472 (D.C.Cir.1985).

The mere existence of separate facilities, of course, does not negate the possibility of companywide discrimination. *Rich v. Martin Marietta Corp.,* [10 EPD ¶ 10,339] 522 F.2d 333, 340-41 (10th Cir.1975). In this regard, the plaintiffs allege the nature of the defendants' management organization is centralized and uniform. Accordingly, Fed.R.Civ.P. 23(a)(2) is satisfied.

*Typicality*

A further prerequisite for class certification concerns the typicality of the class representatives' claims. The burden of showing typicality is not an onerous one, but it does require something more than general conclusions and allegations that unnamed individuals have suffered discrimination. *Paxton v. Union Nat'l Bank,* [30 EPD ¶ 33,055] 688 F.2d 552, 562 (8th Cir.1982) *cert. denied,* 460 U.S. 1083 (1983). To show typicality, the plaintiffs must "establish a nexus between their individual claims and those of the

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

putative class members." *Adams v. Bethlehem Steel Corp.,* [34 EPD ¶ 34,456] 736 F.2d 992, 994 (4th Cir.1984). In this case the plaintiffs have established that their claims and legal theories are reasonably aligned and coextensive with the interests of the class members. *Paxton,* 688 F.2d at 562.

The second amended complaint alleges that the absent class members have similar grievances which evidences a companywide policy of discrimination. This alone is a strong indicator that the typicality requirement of Fed.R.Civ.P. 23(a)(3) is satisfied. *Doctor v. Seaboard Coast Line R.R.,* [12 EPD ¶ 11,037] 540 F.2d 699, 712 (4th Cir.1976); *Bradford,* 673 F.2d at 795; *Donaldson v. Pillsbury Co.,* [13 EPD ¶ 11,612] 554 F.2d 825, 830-32 (8th Cir.) *cert. denied,* [15 EPD ¶ 7856] 434 U.S. 856 (1977); *Taylor v. Safeway Stores Inc.,* [10 EPD ¶ 10,410] 524 F.2d 263, 270 (10th Cir.1975); *Rich,* 522 F.2d at 340-41. Furthermore, the plaintiffs have shown a striking similarity of allegedly discriminatory behavior throughout the defendants' spas.

**\*4** Also, the relief requested by the class representatives, namely injunctive and punitive damages, is compatible with the relief which could be sought by the unnamed plaintiffs. Finally, the entire class of plaintiffs must proceed on the same legal theories; specifically, 42 U.S.C. §§ 1981 and 2000(a). *Appleyard v. Wallace,* 754 F.2d 955, 958 (11th Cir.1985) (and cases cited therein). That there are varying fact situations among individual members of the proposed class does not require that certification be denied. *Gary Plastic Packaging v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 903 F.2d 176, 180 (2nd Cir.1990); *Penn v. San Juan Hosp., Inc.,* 528 F.2d 1181, 1189-90 (10th Cir.1975). Accordingly, the court holds that the requirement of Fed.R.Civ.P. 23(a)(3) has been met.

*Adequacy of Representation*

The last prerequisite to maintain a class action is adequacy of representation. To satisfy this requirement, the plaintiffs must appear able to prosecute the action vigorously through qualified counsel. In addition, the class representatives must not have interests antagonistic to or conflicting with the interests of the unnamed members of the class. *National Ass'n for Mental Health, Inc. v. Califano,* 717 F.2d 1451, 1458 (D.C.Cir.1983) *cert. denied,* 469 U.S. 817 (1984). The court holds the named plaintiffs have shown adequate representation.

First, the proposed class members share the interests of the unnamed members of the class. Like the unnamed members, the representatives were interested in, but did not, join the defendants' spas, or joined on discriminatory terms. Second, there is no antagonism based on the allegations of companywide discrimination, the nature of the relief sought and the legal theories. To the extent that the class members who belong to Holiday Spas and those that do not may have conflicting interests, this can easily be remedied with subclasses. Fed.R.Civ.P. 22(c)(4)(B); *cf, General Tel. Co. v. Falcon,* [29 EPD ¶ 32,781] 457 U.S. 117, 139 n. 15 (1982) (permitting class consisting of both applicants and employees who experienced discrimination to proceed when significant proof of a general policy of discrimination is shown); *accord Gary,* 903 F.2d at 180.

Finally, it is apparent that the Washington Lawyers' Committee and Wilmer, Cutler, & Pickering have the experience and resources to pursue this litigation vigorously. This is supported by the court's own observation of the quality of representation provided to plaintiffs' over the past several months.

*Type of Class Action Maintainable*

When the requirements of Fed.R.Civ.P. 23(a) have been satisfied, the court must determine which particular type of class action is best suited to the particular case. Fed.R.Civ.P. 23(b). The plaintiffs argue the class may properly be certified pursuant to subsection (b)(2) or (b)(3). This case presents the court with the troublesome problem of choosing the proper type of action which is consistent with a request for both class and individual relief.

**\*5** In this case the court has determined the most efficient manner to proceed involves separating the trial into several stages pursuant to Fed.R.Civ.P. 42(b) and 23(c)(4)(A). In general terms, the issues of liability and classwide relief will be tried first, and the individual relief, in any, will follow. Not only will the separation of certain issues be efficient, but will enable the court to make use of the class action procedure most effectively. The details of this determination are discussed more fully below.

*Predominately Injunctive or Declaratory Relief*

Subsection (b)(2) provides that a class action may be maintained if "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole [.]" There are essentially two steps to determine whether this type of class action is appropriate in the present case.

First, the defendants in this case must have acted or refused to act on grounds generally applicable to the

class. Once again it is important that the merits of the allegations not be considered for the purpose of this determination. *Eisen,* 417 U.S. at 177-78.

In the second amended complaint the plaintiffs allege that defendants engaged in companywide discrimination against blacks with respect to memberships. Thus, the defendants have acted, that is discriminated, in a manner generally applicable to the class. Furthermore, the defendants' actions are alleged to be part of a pattern of activity. *Lazarus v. Maryland,* 79 F.R.D. 633, 637 (D.Md.1978). The court notes that to obtain class certification, the plaintiffs do not need to establish that defendants' conduct is damaging or offensive to every member of the proposed class. *Hess v. Hughes,* 500 F.Supp. 1054, 1061-62 (D.Md.1980).

The second step involves determining whether final injunctive relief or corresponding declaratory relief is appropriate with respect to the class as a whole. In this case the request for classwide injunctive and declaratory relief satisfies this requirement. If plaintiffs prevail, this relief will end the alleged discrimination for all class members and is therefore appropriate to the class as a whole. The classwide request for punitive damages is also proper for a class action. *Robins,* 880 F.2d at 736, 747; *Jenkins v. Raymark Indus., Inc.,* 109 F.R.D. 269, 281-82, 285-86 (E.D.Tex.1985), *aff'd,* 782 F.2d 468 (1986).

The defendants correctly argue that it is improper for the class to seek predominantly damages rather than predominately injunctive or declaratory relief. *Nelsen,* 895 F.2d at 1255; *In re School Asbestos Litig.,* 789 F.2d 996, 1008 (3rd Cir.) *cert. denied,* 479 U.S. 852 (1986). According to defendants, the present proposed class action does not satisfy this requirement. However, in light of the court's holding below that the proposed class also satisfies subsection (b)(3), as well as the court's power under Fed.R.Civ.P. 23(c)(4)(A) and 42(b), this argument more properly concerns *which* type of class action should be considered and not *whether* a class action should be maintained.

**\*6** In any event, the decision to separate the individual compensatory damage claims from the class issues minimizes this concern. That is, considering only the issues for which the class will be certified, the injunctive and declaratory relief predominate over the request for classwide punitive damages. Therefore, this class may proceed initially under subsection (b)(2) even though some of the final relief may provide for damages.

*Common Questions Predominate*

This class may also be properly certified pursuant to Fed.R.Civ.P. 23(b)(3). Subsection (b)(3) provides that a class action may be maintained if "the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy."

Initially, the court finds that the question of law and fact concerning defendants' alleged discrimination predominates over any questions affecting only individual members. The separation of class issues from individual issues further ensures this conclusion. Also, a class action is superior to other available methods for the adjudication of this controversy. This finding is at the heart of the court's decision to separate the trial into stages and only certify certain classwide issues. In addition to these findings, there are four more factors pertinent to subsection (b)(3) certification. Fed.R.Civ.P. 23(b)(3)(A)-(D).

First, the court must consider the interest of the proposed class members in individually controlling the prosecution of their case. Fed.R.Civ.P. 23(b)(3)(A). In light of the separation of the individual damage claims from the other class issues, the court finds that the interest of the individual class members in controlling the litigation is minimal. In fact, it may be that the individual class members are benefited by proceeding as a class on the issues of liability pursuant to §§ 1981 and 2000a, as well as classwide injunctive and punitive damages.

Second, the extent and nature of any litigation concerning the controversy which has already commenced by the members of the class is relevant. Fed.R.Civ.P. 23(b)(3)(B). There has been no mention of similar litigation which affects the proposed class action in any significant way, and accordingly, this factor favors class certification under subsection (b)(3).

Next, the court must consider the desirability *vel non* of concentrating the litigation in this particular forum. Fed.R.Civ.P. 23(b)(3)(C). In this case the court finds that it would be desirable to concentrate this litigation in the District of Maryland. First, because the class will only proceed on the issues of defendants' liability to the class as a whole, and the extent of classwide damages, this forum has the advantage of proper venue and personal jurisdiction.

Further, the class action phase of this litigation will not require all class members to testify, and accordingly, there will be no burden on distant plaintiffs to travel to this court for trial. If the case proceeds into the second stage of litigation, namely individual damages, the cases could be turend to more convenient forums for

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

the plaintiffs. However, in all aspects of this case, considering the second amended complaint encompasses much of the east coast, the District of Maryland is no less convenient than any other forum, and at least has the benefit of its central geographic location.

*7 Finally, the difficulties likely to be encountered in the management of a class action are relevant to the class certification inquiry. Fed.R.Civ.P. 23(b)(3)(D). The court has determined that the difficulties which can be anticipated at this stage of the liquidation are minimized by the decision to separate the trial into stages. This manageability requirement also includes consideration of the potential difficulties in notifying class members of the suit, calculation of individual damages, and distribution of damages." Six Mexican Workers v. Arizona Citrus Growers, 904 F.2d 1301, 1304 (9th Cir.1990).

In this case the distribution of damages will not be arduous. Similarly, notifying potential class members presents no problems which would not be encountered in any subsection (b)(3) certification. In fact, the plaintiffs in this case will have the advantage of Justice Department leads, defendants' own records, and the likelihood of a great deal of publicity. The calculation of damages is significantly simplified for the classwide aspects of this case as only classwide punitive damages will be considered. It is true that the certification will not aid the calculation of individual compensatory damages. However, it is also true that certification will not make the individual issues any more complicated. Finally, as the case continues, if unexpected and unsurmountable difficulties emerge, the court may use such procedural remedies as provided by Fed.R.Civ. 23(c)(1), 23(c)(2)(A) and (2)(B), and 23(d).

*Subsection (b)(2) is Appropriate for this Class*

Generally, the court anticipates the trial of this class action to proceed in two stages pursuant to Fed.R.Civ.P. 42(b) and 23(c)(4)(A). The first stage will determine whether the defendants are liable to the class under §§ 2000a and 1981. If liability is determined in favor of the class is stage one, then the court and jury will determine classwide injunctive relief and classwide punitive damages.

The second stage of the trial will determine whether individual plaintiffs are entitled to compensatory damages pursuant to § 1981 and individual injunctive relief pursuant to § 2000a. This stage of the trial will not proceed as a class action, but rather, the court will permit liberal intervention pursuant to Fed.R.Civ.P. 24(b)(2).

The decision to separate trials for separate issues is within the second discretion of the trial judge. Lisa v. Fournier Marine Corp., 866 F.2d 530, 531 (1st Cir.) cert. denied, 110 S.Ct. 75 (1989). When determining whether separate trials of issues is appropriate, the court must consider potential confusion to the jury, potential prejudice to the parties, and the relative convenience and economy which will result. Itel Capital Corp. v. Cups Coal Co., 707 F.2d 1253, 1260 (11th Cir.1983). In the present case, these considerations point to separation of issues for class certification and trial. Robins, 880 F.2d at 728.

First, separation of the trial will not cause jury confusion. The jury in stage one will consider liability and classwide damages. That individual plaintiffs may receive additional relief will not concern the first jury. The second jury will assume liability and simply award compensatory damages, if any, as is appropriate for a particular plaintiff.

*8 The prejudice to the parties is minimal. Very little evidence, by way of witnesses, will need to be presented twice. To the extent that testimony is duplicated, this burden will rest primarily with the class representatives who have assumed a certain amount of additional responsibility, and in any event have raised no objection. Defendants will not be prejudiced either, to the contrary, separation of issues will benefit defendants in the event no liability is found in stage one.

Finally, convenience and economy strongly support separating these issues for trial. Classwide issues will only be tried once and without the requirement of extensive individual testimony. In fact, it appears that separation of issues is the only way the court can properly receive the benefits of Fed.R.Civ.P. 23.

As discussed above, this class may properly proceed under both subsections (b)(2) or (b)(3). The court has determined it is appropriate for the issues which must be resolved in stage one of the litigation to proceed as a subsection (b)(2) class. Because the focus of stage one is on the class as a whole, class certification is appropriate even though individual claims must be considered in subsequent litigation. *United States v. United States Steel Corp.,* [10 EPD ¶ 14,436] 520 F.2d 1043, 1054 (5th Cir.1975) cert. denied, 429 U.S. 817 (1976); *Baxter v. Savannah Sugar Ref. Corp.,* [7 EPD ¶ 9426] 495 F.2d 437, 443-44 (5th Cir.) cert. denied, [8 EPD ¶ 9789] 419 U.S. 1033 (1974).

Although subsection (b)(3) is also appropriate for class discrimination based on race, Bennett v. Gravelle, [3 EPD ¶ 8101] 323 F.Supp. 230, 218 (D.Md.), aff'd, [4 EPD ¶ 7566] 451 F.2d 1011 (4th Cir.) cert. dismissed,

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

407 U.S. 917 (1971), the primary difference between subsections (b)(3) and (b)(2) is the opt-out provision of subsection (b)(3). Fed.R.Civ.P. 23(c)(2)(A). In this case, however, there is no need to allow individual plaintiffs to opt-out of classwide litigation. Further, there is also no need to allow individual plaintiffs to proceed with their own counsel as envisioned by subsection (b)(3). Fed.R.Civ.P. 23(c)(2)(C). Finally, when an action may be maintained under both subsections (b)(2) and (b)(3), there is a judicial preference for the class to proceed pursuant to subsection (b)(2). *First Fed. of Michigan v. Barrow,* 878 F.2d 912, 919-20 (6th Cir.1989); *Robinson v. Union Carbide Corp.,* [13 EPD ¶ 11,386] 544 F.2d 1258, 1259-60 (5th Cir.) (and cases cited therein) *cert. denied,* [15 EPD ¶ 7856] 434 U.S. 822 (1977); *Wetzel v. Liberty Mut. Ins. Co.,* [9 EPD ¶ 9931] 508 F.2d 239, 252-253 (3rd Cir.) *cert. denied,* [9 EPD ¶ 10,176] 421 U.S. 1011 (1975).

*Conclusion*

The procedure adopted by the court is intended to strike a balance between efficiency and reality. It is clear that without a class action, many potential plaintiffs would not even attempt to redress their injuries. However, all parties are benefited by the separate trial. The court notes that this procedure enjoys considerable favor by the commentators and courts. *International Bhd. of Teamsters v. United States,* [14 EPD ¶ 7579] 431 U.S. 324, 361 (1977); *Sledge v. J.P. Stevens & Co.,* [18 EPD ¶ 8657] 585 F.2d 625, 631 (4th Cir.1978) *cert. denied,* [19 EPD ¶ 9059] 440 U.S. 981 (1979); 4 H. Newberg, Newberg on Class Actions § 24.120, at 454 (2nd ed. 1985); Manual for Complex Litigation § 33.54, at 330-31 (2nd ed. 1986).

*9 Issues which remain to be resolved include: drafting of a formal class certification order; the type of notice required; alternatives to transporting each plaintiff to Baltimore for stage two of the trial; the possibility of using special masters; the method of determining how each plaintiff will share in the classwide award of punitive damages (the court refers counsel to a thoughtful solution in *Jenkins,* 109 F.R.D. at 282); an efficient method of determining whether a particular plaintiff is a member of the class (the court suggests the use of guidelines or a checklist and a presumption of inclusion until stage two); and concerns of finality, that is, when will stage two of the litigation come to an end.

The defendants are correct in their suggestion that a two stage trial presents difficulties. In this regard the court notes that counsel have a great deal of work ahead of them in the next few weeks. On the whole, however, this approach appears best suited to the facts of this case. Accordingly, pursuant to Fed.R.Civ.P. 23(c)(1), the court shall provisionally certify the issues to be resolved in the first stage of the litigation as a class action under subsection (b)(2). The court will need a considerable amount of innovation, imagination and resourcefulness to successfully manage this case, and in the event that unsurmountable difficulties arise, the court will not hesitate to decertify the class.

1990 WL 289505, 1990 WL 289505 (D.Md.), 54 Empl. Prac. Dec. P 40,238

END OF DOCUMENT