1994 WL 792659
67 Fair Empl.Prac.Cas. (BNA) 394
**(Cite as: 1994 WL 792659 (W.D.La.))**

H

United States District Court,
W.D. Louisiana.

UNITED STATES of America,
v.
BOARD OF EDUCATION CADDO PARISH

**Civ. A. No. 94-0155.**

Dec. 15, 1994.

A. Marisa Chun, U.S. Dept. of Justice, Washington, DC, for plaintiff U. S.

Fred H. Sutherland, Beard & Sutherland, Shreveport, LA, for defendant Caddo Parish Bd. of Educ.

*MEMORANDUM ORDER*

PAYNE, United States Magistrate Judge.

**\*1** The June 6, 1994 Motion by the United States to Bifurcate the Trial is GRANTED. The Court finds that this case, as are most "pattern or practice" cases filed by the United States, is appropriate for bifurcation of the trial under the approach set out by the Supreme Court in *International Brotherhood of Teamsters v. United States,* 431 U.S. 324, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977). As described in *Teamsters,* the government bears the burden at the liability stage of the trial to establish a *prima facie* case that the employer maintained a discriminatory policy. The burden then shifts to the employer to rebut that showing. *Id.* at 1867. While individual instances of discrimination are relevant, the focus is on the overall pattern or practice. *Id.* at 1867, n. 46. At the close of the liability phase, the Court may enter any appropriate prospective relief, but individual relief requires a second "remedial" stage of trial. *Id.* at 1868. At that stage, the government, assuming success at the liability stage, has the benefit of an inference of discrimination and "need only show that an alleged individual discriminatee unsuccessfully applied for a job and therefore was a potential victim of the proved discrimination." *Id.* at 1868. Thereafter, the burden shifts to the employer to demonstrate a lawful reason for the denial of the employment opportunity. This interpretation of *Teamsters* is consistent with the longstanding practice of this court. E.g., *Equal Employment Opportunity Commission v. Newspaper Production Co.,* 14 Empl. Prac. Dec. 7717, 1977 WL 861 (W.D. La. 1977).

The defendant is, of course, correct that the bifurcation of the trial does not mean that discovery is limited. The government is obliged to make full discovery with respect to all evidence it has concerning individual discrimination, as well as the statistical evidence of a pattern or practice, since individual acts of discrimination may be offered at the liability phase as well. However, the government does not have the burden at the liability stage of affirmatively undertaking to identify all individuals allegedly affected by the policy.

Accordingly, the motion is GRANTED and the trial, when scheduled, will be bifurcated between a liability phase and, if necessary, a remedial or individual relief phase.

Both the Motion to Compel filed by plaintiff and that filed by defendant will be considered at a Status Conference on January 20, 1995 at 11:00 a.m. The United States will be allowed until January 17, 1995 in which to file a brief in opposition to the defendant's Motion to Compel. If the brief is filed on the last day, counsel should ensure that it is delivered to the Court and to opposing counsel as expeditiously as possible.

No scheduling order will be entered in this matter until the scope of discovery is better defined.

1994 WL 792659, 1994 WL 792659 (W.D.La.), 67 Fair Empl.Prac.Cas. (BNA) 394

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works