**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>and )<br>)<br>KATHY C. KOCH, )<br>)<br>Plaintiff-Intervenor, )<br>)<br>v. )<br>)<br>LA WEIGHT LOSS, )<br>)<br>Defendant. )<br>_____) | Case No. WDQ-02-CV-648 |

**PLAINTIFF EEOC'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE REPLY BRIEF IN SUPPORT OF MOTION FOR PRE-TRIAL CONFERENCE AND REGARDING EEOC MOTION TO BIFURCATE OR, IN THE ALTERNATIVE, MOTION TO FILE PLAINTIFF EEOC'S MEMORANDUM IN REBUTTAL TO DEFENDANT'S SUR-REPLY BRIEF**

Plaintiff Equal Employment Opportunity Commission ("EEOC") files the instant Memorandum in Opposition to Defendant's Motion for Leave to File Reply Brief in Support of Motion for Pre-Trial Conference and Regarding EEOC Motion to Bifurcate or, in the Alternative, Motion to File Plaintiff EEOC's Memorandum in Rebuttal to Defendant's Sur-Reply Brief Regarding Motion to Bifurcate.[1] For the reasons set forth below, Plaintiff EEOC respectfully requests that the Court deny Defendant's motion, or in the alternative, grant Plaintiff EEOC's

---

[1] Plaintiff EEOC notes that although Defendant has styled its attached brief as a "Reply," it is actually a sur-reply under Local Rule 105(2)(a), as it is directed to issues raised in the Reply portion of the EEOC's Response to Defendant's Motion for a Pre-trial Conference and Reply to Memorandum of Defendant in Response to Plaintiff EEOC's Motion to Bifurcate Trial and Discovery. The EEOC did not oppose Defendant's motion for a conference to discuss scheduling, so no document styled as a "Reply" is necessary.

Motion to File the attached Memorandum in Rebuttal to Defendant's Sur-Reply Brief Regarding Motion to Bifurcate.

Defendant's motion to file should be denied. Its attached brief offers no new arguments that are legally relevant to the Court's decision regarding the scheduling and case management issues in this case. Instead, Defendant devotes substantial discussion to painting its picture of the merits of this case for the Court, a continuation of the same pattern of conduct that it engaged in during its Response to the EEOC's Motion to Bifurcate Trial and Discovery. Such discussion is simply not relevant to the scheduling issues raised by the EEOC's motion. In the interest of not burdening the Court with extended, premature merits arguments and speculation about what the record may or may not eventually show, none of which is germane to the scheduling issues raised by its Motion, the EEOC instead chose to ignore Defendant's tactic of arguing its version of this case. In its attached ("Sur")Reply brief, Defendant now makes further merits arguments while faulting the EEOC for refusing to turn the briefing on its Motion to Bifurcate into a forum for both sides to preview their closing arguments for the Court. Defendant's arguments add nothing to the issues at hand.

Moreover, in both its Response and now its attached ("Sur")Reply, Defendant has patently misrepresented the evidentiary record in this case, and it has also ignored the fact that discovery is on-going and there is much evidence that both parties anticipate that is not yet of record, including statistical evidence, anecdotal evidence from applicants and Defendant's present and former personnel, and other evidence. Regarding legal issues, Defendant's attached brief is little more than a repetition of the legal arguments that it previously made in its Response. Overall, Defendant's ("Sur")Reply adds nothing relevant to the Court's deliberations while continuing to misrepresent the evidence and the nature and scope of the EEOC's claims. In addition, Defendant's ("Sur")Reply even goes so far as to now question the professional ethics of EEOC counsel *without any factual*

*support* or legal grounding. See Reply Brief of Defendant LA Weight Loss in Support of Motion for Pre-trial Conference and Regarding EEOC Motion to Bifurcate at 7-8 (discussion of class member issues). Defendant should not be permitted to file such a document.

In the event that the Court decides that it will grant Defendant's Motion for Leave to File, Plaintiff EEOC respectfully moves that it be permitted to file the attached Memorandum in Rebuttal to Defendant's Sur-Reply Brief Regarding Motion to Bifurcate ("Plaintiff EEOC's Rebuttal"). Plaintiff EEOC's Rebuttal very concisely addresses the points raised in Defendant's Brief and corrects some of the inaccuracies set forth in Defendant's briefs.

For the foregoing reasons, Plaintiff EEOC requests that the Court deny Defendant's Motion for Leave to File a Reply Brief, or in the alternative, grant Plaintiff EEOC's Motion to File the attached Memorandum in Rebuttal to Defendant's Sur-Reply Brief Regarding Motion to Bifurcate and direct the District Clerk to file that document.

Respectfully submitted,

/s/
TRACY HUDSON SPICER (Bar No. 08671)
Supervisory Trial Attorney
CORBETT L. ANDERSON
Trial Attorney
RONALD L. PHILLIPS
Trial Attorney
EEOC-Baltimore District Office
10 South Howard Street, 3rd Floor
Baltimore, Maryland 21201
Telephone number: (410) 962-4628
Facsimile number: (410) 962-4270/2817