IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| KATHY C. KOCH, | ) | Case No. WDQ-02-CV-648 |
| | ) | |
| Plaintiff-Intervenor, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LA WEIGHT LOSS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF EEOC'S SECOND
MOTION TO COMPEL ANSWERS TO INTERROGATORIES
AND PRODUCTION OF DOCUMENTS**

Pursuant to the Federal Rule of Civil Procedure 37(a), Rule 104(8) of the Local Rules of the

U.S. District Court for the District of Maryland, and agreement of counsel for Plaintiff and

Defendant regarding the permissible time frame for filing a motion to compel discovery, Plaintiff

U.S. Equal Employment Opportunity Commission ("EEOC") files the instant Memorandum in

Support of Plaintiff EEOC's Second Motion to Compel Answers to Interrogatories and Production

of Documents. For the following reasons, the EEOC respectfully requests that this Court enter an

order directing Defendant LA Weight Loss ("Defendant") to answer certain discovery requests set

forth in the EEOC's Second Set of Interrogatories to Defendant and Second Request for Production

of Documents to Defendant.

## **INTERROGATORIES**

### **Interrogatory No. 23**

Identify by full name, sex, date of birth, social security number, last known home address, last known home telephone number, job title(s) held while employed by Defendant, dates each job title was held, dates of employment with Defendant, and address of work location(s) while employed by Defendant the following persons: any and all persons whom participated in the consideration for potential employment, rejection or review of any persons for whom Plaintiff seeks relief in this action and have been, or is in the future, identified by Plaintiff as a definite claimant; their application(s) (electronic or hard-copy), resumes, or other expressions of interest in employment with Defendant; or any person selected instead of such definite claimant. For each such person identified, identify the name of the definite claimant(s) or selectee about whom the person participated in the consideration, rejection or review and the nature of such participation.

### **Defendant's answer to Interrogatory No. 23**

ANSWER: Defendant objects to this interrogatory as overly broad and unduly burdensome. Defendant further objects to this interrogatory to the extent it seeks the production of information of a private and confidential nature and which is not relevant to any of the claims or defenses at issue in this matter. Specifically, Plaintiff has no justifiable basis for seeking dates of birth and social security numbers for these individuals. Defendant further objects to this interrogatory as ambiguous as Defendant does not understand the full extent of the information being sought by this discovery request. Specifically, Defendant does not understand the context of the phrase "their application(s) (electronic or hard-copy), resumes, or other expressions of interest in employment with Defendant" contained in this interrogatory.

Subject to and without waiver of these objections and the general objections, and to the extent Defendant understands the information sought by this request, Defendant states that it does not have any database from which the information sought by this request is readily obtainable. Defendant is in the process of investigating whether this information can be obtained from the Company's business records. Because the EEOC is (or will be) in possession of the same business records being analyzed by Defendant, and because the burden on the EEOC is the same as the burden on Defendant in determining the information sought by this request, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Defendant's current and prior production(s) of its payroll information, organizational charts, applications, resumes, covers letters and related materials is a sufficient and appropriate response to this discovery request.

### **Basis for insufficiency of Defendant's answer to Interrogatory No. 23**

To date, Defendant has not answered this Interrogatory, and the information sought

regarding the persons who are the subject of the Interrogatory is essential evidence in this pattern

or practice hiring case. Defendant states that part of the Interrogatory is ambiguous, and in response Plaintiff EEOC has previously clarified the meaning of the phrase that Defendant considered objectionable. See Exb. 1 at 1-2 (Letter from Ronald L. Phillips, Trial Attorney, to David L. Gollin, Esq., dated February 12, 2004). The remainder of Defendant's objections are without merit. For example, dates of birth and social security numbers are discoverable. Such information is highly relevant to the task of locating the individuals who are the subject of the Interrogatory, and since many of these persons are also likely to be selectees during the period of violation, such information is necessary for use as an identifier to distinguish between such persons in any statistical analysis database. To the extent that this information is deemed by Defendant to be confidential, private information, it appears to fall within the protective order entered in this case, so there are already adequate safeguards in place. Also, the Fourth Circuit has held, in the context of EEOC administrative subpoenas, that the kind of data compilation at issue in this case is not unduly burdensome. See EEOC v. Maryland Cup Corp., 785 F.2d 471, 479 (4th Cir. 1986).

Also, Defendant's attempt to invoke Fed. R. Civ. P. 33(d) by referring the EEOC to business records is without merit. Defendant has not produced any business records in response to this Interrogatory. Even if it did, the burden of ascertaining the information in question is not substantially the same for the EEOC as it is for Defendant. Defendant has greater familiarity with its own record-keeping practices, forms, purposes for those forms, personnel codes, and other means for ascertaining information from those documents; therefore, it is highly likely to have substantially greater ability to ascertain responsive information from the documents in question than the EEOC. More importantly, a review of the documents Defendant has referenced demonstrates that they do not contain a complete record of all information responsive to the Interrogatory. Many of the documents simply do not show the responsive information, or contain cryptic handwritten notations

requiring speculation as to their meaning.[1] To the extent that Defendant's personnel have responsive information within their knowledge that is not reflected in the documents, or are able to provide more definite answers than those that could possibly be derived through speculation from review of the documents, Defendant should be required to set forth that information and provide it to the EEOC in the form of a verified interrogatory answer. Finally, even if the identities of the persons who are the subject of the Interrogatory could be ascertained from the documents in question, other responsive information, such as the nature of the participation in the decisional process, the identities of other participants, and other responsive information, cannot be.

**Interrogatory No. 24**

Identify by full name, sex, date of birth, social security number, last known home address, last known home telephone number, job title(s) held while employed by Defendant, dates each job title was held, dates of employment with Defendant, and address of work location(s) while employed by Defendant [of] any and all persons who at any time participated in hiring decisions and/or recommendations to hire for the positions of Medical Technician, Medical Assistant, Phlebotomist, Counselor, Assistant Manager, Assistant Center Manager, Center Manager, Manager, Area Manager, Area Supervisor, Regional Manager, Regional Supervisor, Trainer, Sales Trainer, Service Trainer, Area Trainer, Regional Trainer, Corporate Trainer, Service Supervisor, 3rd Closer, Recruiter, and any job title regarding positions at Defendant's centers and/or field positions below the level of corporate officer at any time since January 1, 1997, and state, separately for each such person, the job title(s) and work location(s) (including but not limited to centers) for which each person participated in hiring decisions and/or recommendations, the date each person held such authority or duties, the date and nature of any changes to those duties or authority since January 1, 1997, and describe the nature of such person's participation in hiring decisions and/or recommendations, including but not limited to whether such person was a decision-maker, made recommendations to hire subject to approval, or both.

**Defendant's answer to Interrogatory No. 24**

ANSWER: Defendant objects to this interrogatory as overly broad and unduly burdensome.

---

[1] For example, many of the applications of the EEOC's class members (and female selectees) contain no responsive information from which EEOC could determine who reviewed the application or otherwise participated in the selection process.

Defendant further objects to this interrogatory to the extent it seeks the production of information which is not relevant to any of the claims or defenses at issue in this matter. Defendant further objects to this interrogatory to the extent it seeks the production of information of a private and confidential nature. Specifically, Plaintiff has no justifiable basis for seeking dates of birth and social security numbers for these individuals.

Subject to and without waiver of these objections and the general objections, Defendant states that it does not have any database from which the information sought by this request is readily obtainable. Defendant is in the process of investigating whether this information can be obtained from the Company's business records. Because the EEOC is (or will be) in possession of the same business records being analyzed by Defendant, and because the burden on the EEOC is the same as the burden on Defendant in determining the information sought by this request, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Defendant's current and prior production(s) of its payroll information, organizational charts, applications, resumes, covers letters and related materials is a sufficient and appropriate response to this discovery request.

**Basis for insufficiency of Defendant's answer to Interrogatory No. 24**

Plaintiff EEOC incorporates by reference its discussion of the basis for insufficiency of Defendant's answer to Interrogatory No. 23, above.

**Interrogatory No. 25**

Identify the full address of any and all Defendant facilities in operation for any length of time since January 1, 1997, and for each facility identify the title and/or nomenclature of the facility, the dates its operation (including but not limited to any dates of operation preceding January 1, 1997 regardless of the name of the business), the nature of business activities carried on at the facility, and, if the facility identified is a center, identify the area and the region to which it was assigned.

**Defendant's answer to Interrogatory No. 25**

ANSWER: Subject to the general objections, Defendant will provide information responsive to this request in the form of Defendant's Phone Listing detailing all active centers. Defendant will also produce a supplemental list of all centers no longer in operation and/or which have been transferred to franchisees.

**Basis for insufficiency of Defendant's answer to Interrogatory No. 25**

To date, Defendant has not provided an answer to this Interrogatory, nor has it produced any documents or listings.

**Interrogatory No. 27**

Identify the legal name, former and present address, name and address of owner(s), and nature and degree of ownership interest of such owner(s) of the following: any and all business owned, in whole or in part, by Vahan Karian or Vahan Karabajakian at any time since January 1, 1989; Quick Weight Loss Centers, Inc.; QWL Acquisitions, Inc.; Quick Weight Loss Center, Inc.; Weight Loss Centre of Central Pennsylvania, Inc.; Medical Weight Loss Center, Inc.; Medical Weight Loss Centers, Inc.; any entities whose assets were combined to form or became the assets of Quick Weight Loss or QWL Acquisitions; and any entities discussed or referenced in Volume 11, pages 133-134 of the April 28, 2000 interview of Karen Siegel during the EEOC's investigation of the subject charge of discrimination filed by Kathy Koch.

**Defendant's answer to Interrogatory No. 27**

ANSWER:  Defendant objects to this request as overly broad and unduly burdensome. Defendant further objects to this request to the extent is seeks information of personal and confidential nature. Defendant further objects to this request as seeking the production of information not relevant to the claims or defenses at issue in this matter. None of the individuals identified in this request are parties to this action. The claims and defenses at issue in this lawsuit provide no basis upon which to seek evidence piercing the veil of the corporation.

**Basis for insufficiency of Defendant's answer to Interrogatory No. 27**

To date, Defendant has not provided an answer to this Interrogatory, and its objections are without merit.  The identities and locations of the entities and owners specified is discoverable information.  Such information is reasonably calculated to lead to discovery of admissible evidence of prior acts of sex discrimination against men, in the context of a weight loss business, perpetrated by the same individuals who own and/or have served as officers or employees of Defendant.  Such evidence is relevant to the issue of discriminatory motivation.

**Interrogatory No. 28**

Separately for each of the definite claimants identified by the EEOC or whom are identified by the EEOC in the future, identify any and all reasons each person was not given an offer of employment or otherwise not selected by Defendant, and for each such reason, identify any and all facts and documents supporting, refuting, or otherwise relating to such reason and the full name, sex, date of birth, social security number, last know home address, last known home telephone number, job title(s) held while employed by Defendant, dates each job title was held, dates of employment

with Defendant, and address of work location(s) while employed by Defendant of any and all persons with knowledge of the reason or otherwise relating to the definite claimant.

**Defendant's answer to Interrogatory No. 28**

ANSWER: Defendant objects to this interrogatory as unduly burdensome as the information sought by this interrogatory can be ascertained through less burdensome discovery means. Defendant further objects to this interrogatory to the extent it is duplicative of Interrogatory No. 23 above.

Subject to and without waiver of these objections, the objections set forth in response to Interrogatory No. 23 and the general objections, Defendant is in the process of investigating this information and that investigation is ongoing.

**Basis for insufficiency of Defendant's answer to Interrogatory No. 28**

To date, Defendant has not provided an answer to this Interrogatory, and Defendant's objections are without merit. The information sought by this Interrogatory (which seeks responsive information only for EEOC's present and future identified claimants, as opposed to all applicants or even all male applicants) is essential to the liability and remedial issues in this action, and any assertion of burdensomeness must be viewed in this context. In addition, one would anticipate that Defendant intends to undertake investigation of these issues in order to prepare its defense, so the Interrogatory does not impose a burden that Defendant will not already undertake on its own.

**Interrogatory No. 29**

Identify by full name; sex, social security number, date of birth; any and all position(s) held and dates held; any and all geographic locations to which she/he was assigned; dates of employment; reason for termination (if applicable); starting salary, hourly rate, commission and/or other remuneration for each position(s) held; name of any and all persons who participated in the hiring decision; last known home address; and last known home telephone number of any and all persons who were offered employment with Defendant (whether hired or not hired) anywhere in the United States regarding whom Defendant has not already provided such information, including but not limited to any person offered employment or hired by Defendant at any time during any period not encompassed by Defendant's initial response to the EEOC's First Set of Interrogatories.

**Defendant's answer to Interrogatory No. 29**

ANSWER:  Defendant objects to this interrogatory as overly broad and unduly burdensome. Defendant further objects to this request to the extent it seeks the production of information of a personal and confidential manner. Defendant further objects to this request to the extent it seeks production of information that is not relevant to any claims or defenses at issue in this matter. Defendant further objects to this interrogatory to the extent it seeks information duplicative of that sought in Interrogatories 23 and 24. As such, Defendant incorporates its objections and responses to those interrogatories in this response as if set forth herein.

Subject to and without waiver of the foregoing objections and the general objections, and the objections set forth in response to Interrogatories 23 and 24, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Defendant will produce all applications for employment, cover letters, resumes, payroll information, organizational charts and offer letters in its possession, custody and control not previously produced in response to Plaintiffs prior discovery requests. From these business records, and with substantially the same burden as is upon Defendant in determining this information, Plaintiff may ascertain the answers to this discovery request with respect to who was hired, when they were hired and for what positions and locations. Further, with respect to who participated in the hiring decisions for each of these individuals, Defendant does not have any database from which the information sought by this request is readily obtainable and directs Plaintiff to Defendant's response to Interrogatory No. 24.

**Basis for insufficiency of Defendant's answer to Interrogatory No. 29**

To date, Defendant has not provided an answer to this Interrogatory, and Defendant's objections are without merit.  The information sought by this Interrogatory (which seeks responsive information only for EEOC's present and future identified claimants, as opposed to all applicants or even all male applicants) is essential to the liability and remedial issues in this action, and any assertion of burdensomeness must be viewed in this context.  In addition, one would anticipate that Defendant intends to undertake investigation of these issues in order to prepare its defense, so the Interrogatory does not impose a burden that Defendant will not already undertake on its own.  The Fourth Circuit has held, in the context of EEOC administrative subpoenas, that the kind of data compilation at issue in this case is not unduly burdensome. See EEOC v. Maryland Cup Corp., 785 F.2d 471, 479 (4th Cir. 1986).

8

Defendant's attempt to invoke Fed. R. Civ. P. 33(d) is also without merit. Defendant has not produced any business records in response to this Interrogatory. Even if it did, the burden of ascertaining the information in question is not substantially the same for the EEOC as it is for Defendant. Defendant has greater familiarity with its own record-keeping practices, forms, purposes for those forms, personnel codes, and other means for ascertaining information from those documents; therefore, it is highly likely to have substantially greater ability to ascertain responsive information from the documents in question than the EEOC. Also, to the extent that Defendant's personnel have responsive information within their knowledge that is not reflected in the documents, or are able to provide more definite answers than those that could possibly be derived through review of the documents, Defendant should be required to set forth that information and provide it to the EEOC in the form of a verified interrogatory answer. For example, a review of the documents is highly unlikely to reveal the identities of all persons who participated in the hiring decisions regarding these offerees/employees.

**Interrogatory No. 30**

Identify, separately for each geographic/organizational location (center, area, region, etc.), the name, dates of use, starting pay and/or any other remuneration of any type of character, dates and content of any changes to the pay and/or other remuneration, job duties, and minimum qualifications required any and all job titles Defendant has ever used.

**Defendant's answer to Interrogatory No. 30**

ANSWER: Defendant objects to this interrogatory as overly broad and unduly burdensome. Defendant further objects to this request to the extent it seeks the production of information not relevant to any claims or defenses at issues in this matter.

Subject to and without waiver of the foregoing objections and the general objections, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Defendant refers Plaintiff to the job descriptions already produced in this matter from which answers to this discovery request pertaining to positions, job titles, job duties and qualifications can be ascertained. With respect to the remaining

9

information, no database exists from which this information is readily obtainable. As such, Defendant is currently investigating the remaining information and will provide responsive information if it is located.

**Basis for insufficiency Defendant's answer to Interrogatory No. 30**

To date, Defendant has not provided a fully responsive answer to this Interrogatory and has

provided no additional business records.  To the extent that additional responsive information is

within Defendant's possession, custody or control, it should be required to set forth that information

and provide it to the EEOC in the form of a verified interrogatory answer.

**Interrogatory No. 31**

Identify any computerized or machine readable files that are or have been maintained or possessed by Defendant (or any other entity under contractual or other arrangement) at any time since January 1, 1997 that contain data on personnel activities or personnel information of any type or character. (The types of files which typically contain personnel information include, but are not limited to, (1) payroll records, (2) personnel files containing current employment and background information on each employee, (3) employment history, (4) education, training, skills and certification files, (5) files describing organizational structure, (6) performance history files, and (7) central master file). Separately for each file, state the name of the file; the content of the file; the name, model number, operating system, configuration, and location of the mainframe, minicomputer, or personal computer used to process the file; the name and version of the computer programs used to access or analyze the files or produce reports from them; the date on which the company started using the file and, if the file is no longer used, the date when its used was discontinued; the name of predecessor and successor files, if any, as well as the dates during which they were used; the medium on which the file is kept (e.g., tape, hard disk, CD-ROM, or floppy diskette); for each record type within a file, a description of when and how each is generated; and any procedures for archiving and/or creating backups for the files identified, including but not limited to a description of the frequency with which backups/archived files are created, and how long backups/archived files
are kept.

**Defendant's answer to Interrogatory No. 31**

ANSWER: Defendant objects to this interrogatory as overly broad and unduly burdensome. Defendant further objects to this interrogatory to the extent it seeks information that is not relevant to any claims or defenses at issue in this matter.

Subject to and without waiver of the foregoing objections and the general objections,

Defendant does not utilize any computerized or machine readable files sought by this request beyond the ADP payroll information already produced in this matter. In addition, Defendant utilizes the program "HR Profile", however, the only information on this program is the ADP payroll information already produced or that is being produced. The database is not otherwise populated.

**Basis for insufficiency of Defendant's answer to Interrogatory No. 31**

Defendant's answer to this Interrogatory is deficient because it does not provide responsive information regarding the datafiles/database from which certain paper copy payroll documents were obtained (Bates nos.107165-107267). It is the EEOC's understanding from previous conversations with counsel for the Defendant that these documents are paper copies of data contained in a now-unused database containing electronic personnel data, some of which is recoverable and some of which may or may not be recoverable. See also Defendant's Opposition to Plaintiff EEOC's Motion to Compel Answers to Interrogatories and Production of Documents at 19 n.6 (describing previous operating system containing 1999 and 2000 payroll information). Defendant began using ADP payroll services in 2001, and the paper copy documents pertain to 1998. Therefore, the database Defendant previously described to the EEOC would necessarily contain additional data not contained in its ADP database. Moreover, to the extent that Defendant has a separate database containing the data set forth in the ADP files it previously produced, the Interrogatory requires that it provide responsive information regarding that database.

11

## DOCUMENT PRODUCTION REQUESTS

**Request No. 40**

Produce any and all documents relating to communications of any type and in any manner with, or services provided by, recruiters, recruiting agencies, employee search firms (including but not limited to Monster.com, HotJobs.com, etc.), temporary services companies, or similar persons or entities that relate to any or all of the following subjects: employees, prospective employees, applicants, candidates, qualifications of such person(s), screening of such person(s), criteria for screening such person(s), interviewing of such persons, hiring of such persons, criteria for selecting/hiring such person(s), any quality or qualities (including but not limited to skill, education, experience, and/or demographic factors) that are preferred or desirable regarding such person(s), record-keeping, record-retention, and/or this lawsuit.

**Defendant's response to Request No. 40**

RESPONSE: Defendant objects to this request to the extent it seeks the production of documents or information protected by the attorney-client privilege, work product doctrine and/or any other applicable privilege recognized by law. Defendant further objects to this request to the extent it seeks production of documents already produced by Defendant in response to Plaintiff s First Set of Requests for Production of Documents.

Subject to and without waiver of the foregoing objections and the general objections, Defendant will produce documents responsive to this request.

**Basis for insufficiency of Defendant's response to Request No. 40**

To date, Defendant has not produced any documents in response to this Request.

**Request No. 41**

Produce any and all documents (including but not limited to applications for employment, resumes, interview notes, offer letters, personnel files and payroll documents) relating to any and all persons hired by Defendant since January 1, 1997 for any position pertaining to any one or more center, area, region, market or other geographic/organizational nomenclature (other than positions pertaining solely to Defendant's corporate headquarters operations), including but not limited to the following positions: Medical Technician, Medical Assistant, Phlebotomist, Counselor, Assistant Manager, Assistant Center Manager, Center Manager, Manager, Area Manager, Area Supervisor, Regional Manager, Regional Supervisor, Trainer, Sales Trainer, Service Trainer, Area Trainer, Regional Trainer, Corporate Trainer" Service Supervisor, 3rd Closer, Recruiter, and any other job title regarding positions at Defendant's centers and/or field positions below the level of corporate officer.

**Defendant's response to Request No. 41**

RESPONSE:  Defendant objects to this request as overly broad and unduly burdensome. Defendant further objects to this request to the extent it seeks the production of documents not relevant to any claims or defenses at issue in this lawsuit. Defendant further objects to this request to the extent it seeks the production of personal and confidential information. Defendant further objects to this request to the extent it seeks the production of documents or information protected by the attorney-client privilege, work product doctrine and/or any other applicable privilege recognized by law.

Essentially, through this overly broad request, Plaintiff seeks the production of every employment related document pertaining to every non-corporate employee of Defendant. Such a request is so overly broad and improper that Defendant is unable to provide any substantive response. If, through this request, Plaintiff is seeking the production of specific documents which have not already been produced in this matter, Plaintiff should identify with particularity what documents it is seeking[.]

**Basis for insufficiency of Defendant's response to Request No. 41**

To date, Defendant has not produced any documents in response to this Request.  Instead, it has asked Plaintiff EEOC to narrow its Request by specifying all documents that the EEOC seeks. However, it is not possible for Plaintiff EEOC to identify by title "specific documents" that it seeks because it does not know what documents Defendant has and what information they contain. Basically, Defendant has responded by inviting the EEOC to speculate regarding what documents Defendant has in its possession, custody or control and what information may or may not be in them. Documents concerning the hire and employment of selectees are unquestionably relevant and discoverable in this pattern or practice hiring action.  In responding to a discovery request, a party may pose any objections it wishes to make, but it must also state the reasons therefore and then respond to the extent the request is not objectionable. See, e.g., Fed. R. Civ. P. 33(b)(1) & 34(b); Discovery Guidelines of the United States District Court for the District of Maryland, Guideline 9(b).  Thus, if Defendant believes that the Request is over-broad and certain types of documents are not discoverable, it is required to produce all responsive documents to the extent the Request is not

13

objectionable and then identify those items or categories of responsive documents that it has withheld on the basis of objection. <u>See, e.g.,</u> Fed. R. Civ. P. 34(b)("If objection is made to part of an item or category, the part shall be specified  and inspection permitted of the remaining parts."). Defendant has failed to do this.  Indeed, even though Plaintiff EEOC has attempted to further cooperate with Defendant by identifying with greater particularity the subject matter of this Request, <u>see</u> Exb. 1 at 4, to date Defendant has still failed to produce any documents in response to this Request.  Defendant's other objections are also without merit.  For example, its objection to production of personal information is adequately addressed by the protective order that has been entered by the Court in this case.

## Request No. 42

Produce any and all documents referenced by, and/or identified in response to, Plaintiff EEOC's Interrogatory No. 28.

## Defendant's response to Request No. 42

RESPONSE:  Subject to and without waiver of the objections set forth in response in Interrogatory No. 28 and the general objections, and to the extent responsive documents have not already been produced in response to Plaintiff's First Set of Interrogatories and First Set of Requests for Production, Defendant will provide documents responsive to this request.

## Basis for insufficiency of Defendant's response to Request No. 42

To date, Defendant has not produced any documents in response to this Request.

## Request No. 43

Produce any and all documents relating to any and all persons identified in either the EEOC's or Defendant's initial disclosures or any supplemental disclosures.

## Defendant's response to Request No. 43

RESPONSE: Defendant objects to this request as overly broad and unduly burdensome.

14

Defendant further objects to this request to the extent it seeks the production of documents not relevant to any claims or defenses at issue in this lawsuit. Defendant further objects to this request to the extent it seeks the production of personal and confidential information. Defendant further objects to this request to the extent it seeks the production of documents or information protected by the attorney-client privilege, work product doctrine and/or any other applicable privilege recognized by law.

Essentially, through this overly broad request, Plaintiff seeks the production of every document pertaining to every individual identified in any disclosure statement exchanged between the parties in this matter. Such a request is so overly broad and improper that Defendant is unable to provide any substantive response. If, through this request, Plaintiff is seeking the production of specific documents which have not already been produced in this matter, Plaintiff should identify with particularity what documents it is seeking.

**Basis for insufficiency of Defendant's response to Request No. 43**

Plaintiff EEOC incorporates by reference its discussion of the basis for insufficiency of Defendant's response to Request No. 41. The persons identified in this Request are claimants and/or witnesses in this action. Personnel documents pertaining to such persons are relevant and discoverable. For example, a number of the identified witnesses are current and former female employees of Defendant who were decision-makers regarding the hiring incidents at issue in this case and/or were persons selected for hire during the time frame of the violation. Personnel documents pertaining to these individuals would likely contain information regarding prior job experience, education, job duties and titles, authority (hiring and other), hiring practices, location of work/area of responsibility, information of assistance in witness location, and other relevant matters. Moreover, payroll information regarding some of these persons is relevant to calculation of male claimant back pay. Also, any documents pertaining to the EEOC's claimants are of obvious relevancy.

**Request No. 44**

Produce any and all documents related to any person who sought employment with Defendant (including those hired and those not hired) anywhere in the United States regarding whom Defendant has not already produced such documents, including but not limited to any person who sought employment with Defendant at any time during any period not encompassed by Defendant's initial response to the EEOC's First Request for Production of Documents to Defendant. Such documents shall include, but are not limited to, applicant logs, electronic data of any type or character, applications (hard-copy or electronic), resumes, cover letters, attached/associated documents such as letters of reference/recommendation, pre-screening-related documents, interview-related documents, offer letters, notes, personnel files, payroll records, and any other documents.

**Defendant's response to Request No. 44**

RESPONSE:  Defendant objects to this request as overly broad and unduly burdensome. Defendant further objects to this request to the extent it seeks the production of documents not relevant to any claims or defenses at issue in this lawsuit. Defendant further objects to this request to the extent it seeks the production of personal and confidential information. Defendant further objects to this request to the extent it seeks the production of documents or information protected by the attorney-client privilege, work product doctrine and/or any other applicable privilege recognized by law.

Based on the overly broad manner in which this request has been drafted, it has the potential of encompassing any and all documents mentioning or relating to every employee hired by Defendant. For this reason, Defendant further objects to this request to the extent it is duplicative of Request No. 41 and incorporates the objections raised in response to that request.

Finally, Defendant objects to this request to the extent it requests the production of documents already requested and produced through Plaintiff's First Set of Requests for Production. Defendant will supplement its requests to those discovery requests to the extent supplementation is required by the Federal Rules of Civil Procedure. However, to the extent this request is duplicative of previous discovery requests, Defendant objects.

**Basis for insufficiency of Defendant's response to Request No. 44**

To date, Defendant has not produced any documents in response to this Request.  The

documents identified in the Request, including those related to any and all applications/resumes,

inquiries regarding employment, interviews, hiring incidents, and the terms and conditions of

employment of selectees, are unquestionably discoverable in this hiring discrimination action.

16

These documents would include, but are not limited to, all documents of a type previously produced by Defendant to the EEOC but pertaining to other time periods, as well as any additional documents Defendant has subsequently discovered for the time period encompassed by its previous production. Defendant's objections are without merit.  In this regard, Plaintiff EEOC incorporates by reference its discussion of the basis for insufficiency of Defendant's response to Request No. 41.

**Request No. 45**

Produce any and all documents listing, or containing a visual/geographic depiction of, Defendant's centers, areas, regions, or any other nomenclature constituting organizational break down by location. Such documents shall include, but are not limited to, organizational charts not already produced in this litigation, telephone lists, and the visual franchise sales presentation materials showing Defendant's centers by year that were referenced in the deposition of S. Scott Moyer in this action.

**Defendant's response to Request No. 45**

RESPONSE: Defendant objects to this request as overly broad and unduly burdensome. Defendant further objects to this request to the extent is seeks the production of documents not relevant to any claims or defenses at issue in this lawsuit. Specifically, Defendant objects to the production of any material pertaining to LA Weight Loss's franchises as those entities are not parties to this lawsuit and have no relation to the claims or defenses at issue in this matter.

Subject to and without waiver of the foregoing objections and the general objections, to the extent not already produced, Defendant will produce documents responsive to this request including organizational charts and phone lists for all centers broken down by area and region. Defendant is not in possession and is not familiar with any "visual franchise sales presentation materials showing Defendant's centers by year that were referenced in the deposition of S. Scott Moyer" reference in this request.

**Basis for insufficiency of Defendant's response to Request No. 45**

Defendant has not produced any documents in response to this Request.

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

17

GERALD S. KIEL (Bar No. 07770)
Regional Attorney

TRACY HUDSON SPICER (Bar No. 08671)
Supervisory Trial Attorney

CORBETT L. ANDERSON
Trial Attorney

_____/s/_____
RONALD L. PHILLIPS
Trial Attorney
Baltimore District Office
City Crescent Building, 3rd Floor
10 South Howard Street
Baltimore, Maryland 21201
Telephone number: (410) 962-4623
Facsimile   number:   (410)   962-4270/2817