

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Baltimore District Office**            10 S. Howard Street, 3rd Floor
                                         Baltimore, MD 21201
                                         PH: (410) 962-3932
                                         TDD: (410) 962-6065
                                         FAX: (410) 962-4270

February 12, 2004

**VIA FACSIMILE AND U.S. MAIL**

David L. Gollin, Esq.
Wolf, Block, Schorr and Solis-Cohen, LLP
1650 Arch St., 22nd Floor
Philadelphia, PA 19103-2097

    Re: <u>EEOC and Kathy C. Koch v. LA Weight Loss</u>, Case No. WDQ-02-CV-648

Dear David:

Pursuant to Local Rule 104 of the U.S. District Court for the District of Maryland and Fed. R. Civ. P. 37(a), this letter constitutes the U.S. Equal Employment Opportunity Commission's ("EEOC") attempt to resolve a potential discovery dispute in the above-styled and numbered action regarding your client's responses to Plaintiff EEOC's Second Set of Interrogatories to Defendant and Second Request for Production of Documents to Defendant. The following is not intended to be exhaustive but highlights the major deficiencies that require supplementation.

## GENERAL CONCERNS

The EEOC notes that your client has responded to a number of Interrogatories and Requests by stating that its investigation is continuing or indicating that it will produce documents or provide an answer in the future. While the EEOC understands that the volume of relevant evidence in this case may require more time to compile and produce than is ordinarily allowed under the Federal Rules of Civil Procedure, the EEOC requests that your client identify the date that it intends to provide these answers and requested production in order that the agency can determine whether an immediate motion to compel will be required.

## INTERROGATORY ANSWERS

<u>Interrogatory No. 23</u>

Your client has stated that it does not understand the context of the phrase "their application(s) (electronic or hard copy), resumes, or other expressions of interest in employment with Defendant." To clarify, the phrase, in context, simply refers to consideration, rejection or review of any documents submitted by or expressions of interest made by any current or future definite claimant. Having now clarified the portion of the Interrogatory that your client deemed ambiguous, the EEOC

1

states that the answer tendered is non-responsive. Your client has not answered the Interrogatory. The information sought by the Interrogatory, as a whole, is critical to ascertaining the identity of witnesses and decision-makers with relevant knowledge of liability issues. Moreover, the EEOC also believes that your client's objection to disclosing dates of birth and social security numbers is without merit. Such information is highly relevant to the task of locating these individuals, and since many of these persons are also likely to be selectees during the period of violation, such information is necessary for use as a statistical database identification number, as we have previously discussed. This information appears to fall within the protective order in this case, so there are already adequate safeguards in place.

Your client's attempt to invoke Fed. R. Civ. P. 33(d) is improper for several reasons. First, even after your client produces all of the records referenced in its answer, the burden of ascertaining the information in question is not substantially the same for the EEOC as it is for your client. Given your client's greater familiarity with its own record-keeping practices, forms, purposes for those forms, personnel codes, and the like, it is likely to have substantially greater ability to ascertain responsive information from the documents in question than the EEOC. More importantly, a review of the documents that your client references demonstrates that they do not contain a complete record of all information responsive to the Interrogatory. To the extent that such information is set forth in other documents not produced to the EEOC, such documents should be produced. Also, many of the documents simply do not show the responsive information, or require guesswork on the part of the EEOC.[1] To the extent that your client's personnel have responsive information within their knowledge that is not reflected in the documents (which is undoubtedly the case),[2] or are able to provide more definite answers than those that could possibly be derived through speculation from review of the documents (which also is undoubtedly the case), that information must be set forth and provided to the EEOC in the form of a verified interrogatory answer. Finally, even if the identities of the persons who are the subject of the Interrogatory could be ascertained from the documents in question, other responsive information, such as the nature of the participation in the decisional process, the identities of other participants, and other responsive information, cannot be.

Interrogatory No. 24

See deficiencies noted above regarding Interrogatory No. 23.

---

[1] For example, many of the applications of the EEOC's class members (and female selectees) contain no responsive information from which EEOC could determine who reviewed the application or otherwise participated in the selection process.

[2] For one of many examples, compare your client's initial response to Request No. 29 ("Defendant has no record of any individual named Pat Burroughs ever being employed by Defendant.") with the deposition testimony of Kristi O'Brien at pages 211-213 (acknowledging Defendant employed Pat Burroughs and discussing her employment).

Interrogatory No. 25

The EEOC understands from your client's response that it will answer this Interrogatory. The EEOC will await a timely answer and determine responsiveness at that time.

Interrogatory No. 27

Your client has not answered this Interrogatory, and its objections are without merit. The EEOC is entitled to this discovery to determine the identities and locations of the entities and owners specified. At a minimum, such information is reasonably calculated to lead to discovery of admissible evidence of prior acts of sex discrimination against men by the same individuals who own and/or have served as officers or employees of your client.

Interrogatory No. 28

Your client has not answered this Interrogatory. The incorporated objections set forth by your client in response to Interrogatory No. 23 are without merit for the same reasons previously discussed.

Interrogatory No. 29

Your client has not answered this Interrogatory. Your client's objections and invocation of Fed. R. Civ. P. 33(d) are without merit for the essentially same reasons set forth above in the EEOC's discussion of your client's responses to Interrogatory Nos. 23 & 24.

Interrogatory No. 30

Your client's response to this Interrogatory is deficient because, as it notes, it has not fully answered the Interrogatory.

Interrogatory No. 31

Your client's answer to this Interrogatory is deficient because it does not provide responsive information regarding the datafiles/database from which the paper copy documents Bates nos.107165-107267 were drawn. It is the EEOC's understanding from previous conversations that a database exists containing electronic personnel data, some of which is recoverable and some of which may or may not be recoverable.

## DOCUMENT PRODUCTION REQUESTS

Request No. 40

Your client has not produced all documents responsive to this Request. The EEOC understands your client's response to state that it will produce the remaining documents.

Request No. 41

Your client has not produced all documents responsive to this Request and has instead asked the EEOC to narrow its Request by specifying all documents that the EEOC seeks. The EEOC states that it is not possible for it to identify with particularity each and every document that it seeks because it is your client, not the EEOC, that has custody of those documents and knows what documents exist and what information they contain. The EEOC is not required to speculate regarding what documents are in your client's possession, custody or control and what information may or may not be in them. Documents concerning the hire and employment of selectees are unquestionably discoverable in this pattern or practice hiring action, and your client knows what the issues are in this case. To the extent your client believes that the Request is over-broad and certain types of documents are not discoverable, it is required to identify those and produce the rest. (In other words, it is required to comply with the Request to the extent it is not objectionable and provide the EEOC with the information necessary to determine what documents have been withheld because of objection and the nature of the objection.) Also, as previously discussed, your client's personal information concern is adequately addressed by the protective order in this case.

Nevertheless, in the spirit of cooperation the EEOC provides the following non-exhaustive list of examples of the types of documents that the Request seeks: (1) documents related to qualifications (education, certifications, prior experience, skills, etc.) of employees; (2) documents related to pay, earnings, benefits, commissions, and other remuneration, received or promised; (3) documents concerning specific hiring incidents, job title when hired, other job titles held, date of application, date of interview, position sought, work location, hours of work, sex, identifying/locating information (social security numbers, dates of birth, telephone numbers, addresses, points of contact, etc.), dates of employment, job duties, identity of hiring authority/persons participating in hiring; (4) documents related to disciplinary matters; (5) documents related to training received, including but not limited to EEO, anti-discrimination, record-keeping, hiring, EEO investigation, human resource, and/or disciplinary or discharge-related training; (6) documents related to any complaint or concern of sex discrimination against men or retaliation; (7) documents related to discharge or resignation and actual or alleged reasons therefore, including but not limited to male selectees and any witnesses in this action; (8) documents related to role/authority in the hiring/selection process; (9) documents related to reasons for hire; (10) documents regarding the hiring process, either generally or regarding one or more particular persons; (11) documents related to investigations of sex discrimination against men or retaliation (to the extent they have not already been produced); (12) documents related to any person trained by Plaintiff-Intervenor Koch and/or who had any connection with the incidents allegedly giving rise to her discipline and/or discharge; (13) documents related to proficiency/performance of counselors in locations supervised directly or indirectly by Lynne Portlock, Eileen Stankunas, or Kristi O'Brien; and (14) documents related to the disciplinary process used by your client to address alleged performance deficiencies, both as a matter of stated policy and actual practice. There are examples listed in the text of the Request as well.

Request No. 42

Your client has not produced all documents responsive to this Request. The EEOC understands your client's response to state that it will produce all responsive documents.

Request No. 43

See discussion of deficiencies noted above regarding Request No. 41. Documents pertaining to the persons identified are unquestionably discoverable in this action and must be produced.

Request No. 44

The EEOC is unable to determine from your client's response to this Request whether it intends to produce responsive documents, and if so, what documents it intends to produce. Documents related to any and all applications/resumes, inquiries regarding employment, interviews, and hiring incidents are unquestionably discoverable in this action. This would include, but is not limited to, all documents of a type previously produced to the EEOC but pertaining to other time periods, as well as any additional documents that your client has subsequently discovered for the time period encompassed by its previous production. In addition, the documents described in reference to Request No. 41 are unquestionably discoverable in this action and must be produced.

Request No. 45

Your client has not produced all documents responsive to this Request. The EEOC understands your client's response to state that it will produce all responsive documents.

Finally, the EEOC intends to serve its Reply to your client's Response to the EEOC's first motion to compel. The EEOC requests that your client respond to the EEOC's remaining concerns, which have been previously discussed, so that the Reply can properly narrow the issues for the Court.

Please respond at your earliest convenience. If you have any questions about this letter, please feel free to call me at (410) 962-4628.

                                        Sincerely,

                                        Ronald L. Phillips
                                        Trial Attorney

cc:     Pamela J. White, Esq.