## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| and | ) ) | |
| KATHY C. KOCH, | ) ) | Case No. WDQ-02-CV-648 |
| Plaintiff-Intervenor, | ) ) | |
| v. | ) ) | |
| LA WEIGHT LOSS, | ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

### MEMORANDUM IN REPLY TO DEFENDANT'S OPPOSITION TO EEOC'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS (FIRST SET)

Pursuant to the Federal Rule of Civil Procedure 37(a), Rule 104(8)(a) of the Local Rules of the U.S. District Court for the District of Maryland, and agreement of counsel for Plaintiff and Defendant regarding the permissible time frame for filing, Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") files the instant Memorandum in Reply to Defendant's Opposition to EEOC's Motion to Compel Answers to Interrogatories and Production of Documents. For the following reasons, the EEOC respectfully requests that this Court enter an order directing Defendant LA Weight Loss ("Defendant") to answer certain discovery requests set forth in the EEOC's First Set of Interrogatories and First Request for Production of Documents.

## INTERROGATORIES

**Interrogatory No. 7**

For the period from January 1, 1989 to the present, identify every person who received an offer of employment from Defendant, and for each such person:
- A.  State the person's sex;
- B.  State the date of application;
- C.  State the date the offer was made;
- D.  State the position for which the offer was made;
- E.  State whether offer was accepted or rejected;
- F.  If the offer was accepted, state the person's start date and employee number; and
- G.  Identify all documents relating to such person's application, Defendant's consideration of that application, and Defendant's offer of employment.

**Defendant's Answer to Interrogatory No. 7**

RESPONSE: Defendant objects to this interrogatory as overly broad and unduly burdensome. Defendant also objects to this interrogatory as overly broad as to time. This interrogatory requests information "from January 1, 1989 to the present." However, Defendant has only been in existence since February 1997. Defendant further objects to this request to the extent it seeks information that is not relevant to any claim or defense of any party in this action.

Subject to and without waiver of the foregoing objections and the General Objections, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Defendant shall make available for inspection and copying (at Plaintiffs expense), the following categories of documents in its possession, custody and control from which the answers to this interrogatory may be ascertained: (1) all offer letters from February 1997 through the present in its possession, custody and control; (2) all applications, cover letters, and resumes in its possession, custody and control which were submitted to Defendant from February 1997 through the present; and (3) lists of all Defendant's employees for each year from 1998 through 2002.

**Basis for Insufficiency of Answer to Interrogatory No. 7**

Defendant has only been partially responsive to this interrogatory. Defendant provided to

EEOC lists of hires for all relevant years. However, the lists are non-responsive to Interrogatory No.

7 in several respects. First, it appears that the lists reflect the job titles of persons as of the date the

lists were generated, not as of the date the persons were hired. EEOC alleges that Defendant

engaged in a pattern or practice of hiring discrimination with respect to certain positions, and thus

it is important to EEOC's prosecution of the case that it receive hire lists that reflect the jobs for

which each male and female was *hired*.   Second, although Defendant provided EEOC with a list of

hires covering the year 2000, that list does not contain the sex of those hired in the second half of

that year.  Similarly, the list of hires covering 1998 (Bates Nos. 107165 - 107267) does not identify

the sex of hires.  It is obviously relevant to the EEOC's claims and Defendant's defenses in a hiring

case to have, for each year covered by the complaint, an accurate and complete identification of each

person hired, their sex, and the location and job title in which they were hired.  Defendant has

heretofore not adequately responded to requests to provide this critical information and should be

compelled by the Court to do so.

Defendant also has not been fully responsive to this requests in that Defendant has not

provided the social security numbers of applicants.   Given the sheer number of potential class

members and witnesses in the case, as well as the fact that a statistical analysis will be necessary,

Defendant's refusal to provide social security numbers substantially burdens EEOC's prosecution

of the case.  A social security number is a unique identifier of a person, a far more reliable and

consistent identifier than a name because a name can be recorded in many variations, which can

make retrieval of information by name difficult.  These are proper justifications for permitting

discovery of social security numbers. See, e.g., Babbitt v. Albertson's, Inc., No. C-92-1883 SBA

(PJH), 1992 WL 605652, at *5-7 (N.D. Cal., Nov. 30, 1992)(ordering production of names,

addresses, telephone numbers and social security numbers of all current and past employees for

seven-year period)(unpublished decision attached as Exhibit 1); EEOC v. Sears, Roebuck and Co.,

Civil Action No. 79-1957 A, 1980 WL 340, at *7-8 (N.D. Ga., Sept. 9, 1980)(permitting discovery

of social security numbers where EEOC needed to use them as identifying factors in obtaining and

merging employee and applicant data from the computer system) (unpublished decision attached as

Exhibit 2).

**Interrogatory No. 9**

Identify all persons discharged by Defendant between January 1, 1989 to present on the basis of job performance.

**Defendant's Answer to Interrogatory No. 9**

RESPONSE: Defendant objects to this interrogatory as overly broad and unduly burdensome. Defendant also objects to this interrogatory as overly broad as to time. This interrogatory requests information "between January 1, 1989 to the present." However, Defendant has only been in existence since February 1997. Defendant further objects to this request because it seeks information that is not relevant to any claim or defense of any party in this action.

Subject to and without waiver of the foregoing objections and the General Objections, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Defendant shall make available for inspection and copying (at Plaintiff s expense), relevant documents from the personnel files of all Defendant's Area Trainers in Defendant's possession, custody and control from which answers to this interrogatory can be ascertained.

**Basis for Insufficiency of Answer to Interrogatory No. 9**

Defendant has been non-responsive to this Interrogatory by failing to disclose persons in any

job title discharged by Lynne Portlock for performance-related reasons and by failing to disclose

persons in any job title discharged by Eileen Stankunas for performance-related reasons.  This is

highly relevant information in this action.  One of EEOC's claims alleges that Defendant discharged

Plaintiff-Intervenor Kathy C. Koch in retaliation for opposing Defendant's sex-discriminatory hiring.

Defendant has denied such motivation, asserting that it discharged Ms. Koch for performance-based

reasons.  Defendant has refused to produce any information or documents related to persons who

held any positions other than Area Trainer, the position Plaintiff-Intervenor Kathy Koch held.

Defendant should not be permitted to withhold this information.  Lynne Portlock and Eileen

Stankunas are two of the key decision-makers responsible for Kathy Koch's termination.   Their

management and treatment of all persons for whom they were responsible is highly relevant to the

issues of motive and pretext with respect to Kathy Koch.  EEOC is entitled to discovery enabling

it to determine the process used by these officials for handling performance-related matters, as

illustrated by the circumstances of other employees.  Any irregularities in the process as applied to

Kathy Koch would be highly relevant to unlawful motive and pretext.

More importantly, Defendant's position that it may withhold the identities of persons

terminated by Lynne Portlock or Eileen Stankunas simply because they did not share the exact same

titles and job titles as Kathy Koch is seriously flawed.  Defendant's argument ignores the fact that

showing dissimilar treatment of two employees for similar alleged performance deficiencies is only

one of many methods for showing retaliatory motivation.  As the Fourth Circuit and other courts

have recognized, another method of proving unlawful disparate treatment is to present evidence of

a pattern of discrimination similar to that alleged, see Moore v. City of Charlotte, 754 F.2d 1100,

1105 (4th Cir. 1985)(holding employee could raise inference of racial discrimination through proof

of general pattern of racial discrimination); Saulpaugh v. Monroe Community Hosp., 4 F.3d 134, 142

(2d Cir. 1993)(finding of retaliation for complaining of sexual overtures and that alleged poor

performance was pretext supported by evidence of similar pattern of sexual harassment and

retaliation against other employee); Morris v. Washington Metropolitan Area Transit Authority, 702

F.2d 1037, 1045-48 (D.C. Cir. 1983)(holding evidence of pattern of retaliation against other

employees for exercising First Amendment free speech rights probative of retaliatory motive and

admissible), which in this case would include a pattern of retaliatory harassment, discipline, and/or

discharges against others for engaging in protected opposition to Defendant's sex discriminatory

practices. Evidence of a pattern of retaliation by Portlock and/or Stankunas against other employees for opposing Defendant's sex discrimination is obviously relevant to the issue retaliatory motivation regarding Plaintiff-Intervenor Koch regardless of whether the job title and duties of those other victims are similar. Plaintiff EEOC has already obtained evidence of such retaliation against a number of other female employees, and it should not be prevented from conducting further discovery on this issue. The evidence sought by this interrogatory is relevant to the issue and discoverable.

Furthermore, even if Plaintiff EEOC sought this discovery *solely* to determine if similarly-situated employees (in terms of the legitimate non-discriminatory reason claimed by Defendant) were treated better, precise matching of job titles and duties of the individuals is not determinative. Rather, the key is whether persons were similarly-situated to Kathy Koch enough that one could infer discrimination from a difference in treatment. If, for example, there is evidence that Lynne Portlock or Eileen Stankunas did not fire other persons who were subject to the same discipline and discharge policy and/or procedure as Kathy Koch (if one existed) despite displaying performance problems that, while different, were nevertheless of a seriousness comparable to those Kathy Koch allegedly displayed, then that would be relevant and probative in showing that Defendant's true motive for terminating Kathy Koch was her opposition to Defendant's unlawful hiring practices, not her allegedly poor performance. The EEOC is not aware of any Fourth Circuit case which has stated a bright line rule that job duties and titles must in all cases be identical in order for evidence that others were more favorably treated to be probative of illegal motivation. Cf. Moore v. City of Charlotte, 754 F.2d 1100, 1105-06 (4th Cir. 1986)("The most important variables in the disciplinary context, and the most likely sources of different but nondiscriminatory treatment, are the nature of the offenses committed and the nature of the punishments imposed."). The cases principally relied upon

by Defendant, which hold that the complainants in those cases were not similarly situated with their comparators, do not express such a bright line rule and in any event are beside the point. Defendant should not be permitted to truncate discovery by defining at the outset who it believes is similarly-situated to Kathy Koch. EEOC is entitled to engage in *discovery* to determine whether Kathy Koch and other persons are similarly situated and, if so, whether those persons were treated in a manner inconsistent with the way Defendant treated Kathy Koch. A job description, such as that offered by Defendant, is relevant, but it does not conclusively establish what the duties of persons who held those titles were in-fact. Nor does a job description show whether persons who held those other titles engaged in conduct of similar seriousness but were treated better.

Finally, Defendant's assertion of undue burden must be considered in light of the high degree of relevance of information necessary to identify employees similarly situated to Kathy Koch. Defendant should not be permitted to truncate discovery simply because its records have not been perfectly kept and it will have to expend energy in order to respond. In any event, in light of Defendant's concerns, EEOC has reduced the burden on Defendant by narrowing its request. EEOC no longer seeks identification of persons terminated for performance-related reasons by Kristi O'Brien, the third person involved in Kathy Koch's discharge. Defendant's conclusory allegations of burdensomeness are not sufficient to establish that it is immune from this relevant discovery.

**Interrogatory No. 19**

Identify (including name, gender, address, telephone number, position, and social security number) all District and Regional Managers who worked for Defendant any time during the period from 1989 to the present.

**Defendant's Answer to Interrogatory No. 19**

RESPONSE: Defendant objects to this interrogatory as overly broad and unduly burdensome.

Defendant also objects to this interrogatory as overly broad as to time. This interrogatory requests information "from 1989 to present." However, Defendant has only been in existence since February 1997. Defendant further objects to this request to the extent it seeks information that is not relevant to any claim or defense of any party in this action. Defendant also objects to this interrogatory to the extent it requests the disclosure of personal and confidential information.

Subject to and without waiver of the foregoing objections and the General Objections, attached hereto as Exhibit A is a list of all regional managers from February 1997 through present identifying the date of hire, date of employment termination if applicable, the region(s) for which each was responsible and the dates during which the regional manager was responsible for that region.

**Basis for Insufficiency of Response to Interrogatory No. 19**

Defendant has not been fully responsive to this requests in that Defendant has not provided the social security numbers of District and Regional Managers. Given the sheer number of potential class members and witnesses in the case, as well as the fact that a statistical analysis will be necessary, Defendant's refusal to provide social security numbers substantially burdens EEOC's prosecution of the case. A social security number is a unique identifier of a person, a far more reliable and consistent identifier than a name because a name can be recorded in many variations, which can make retrieval of information by name difficult. These are proper justifications for permitting discovery of social security numbers. See, e.g., Babbitt v. Albertson's, Inc., No. C-92-1883 SBA (PJH), 1992 WL 605652, at *5-7 (N.D. Cal., Nov. 30, 1992)(ordering production of names, addresses, telephone numbers and social security numbers of all current and past employees for seven-year period)(unpublished decision attached as Exhibit 1); EEOC v. Sears, Roebuck and Co., Civil Action No. 79-1957 A, 1980 WL 340, at *7-8 (N.D. Ga., Sept. 9, 1980)(permitting discovery of social security numbers where EEOC needed to use them as identifying factors in obtaining and merging employee and applicant data from the computer system) (unpublished decision attached as Exhibit 2).

**Interrogatory No. 20**

Identify (including name, gender, address, telephone number, position, and social security number) all Area Corporate Trainers who worked for Defendant any time during the period from 1989 to the present.

**Defendant's Answer to Interrogatory No. 20**

RESPONSE: Defendant objects to this interrogatory as overly broad and unduly burdensome. Defendant objects to the use of the term "area corporate trainers" in this interrogatory as vague and ambiguous as no such position exists at LA Weight Loss. Defendant also objects to this interrogatory as overly broad as to time. This interrogatory requests information "from 1989 to present." However, Defendant has only been in existence since February 1997. Defendant further objects to this request to the extent it seeks information that is not relevant to any claim or defense of any party in this action. Defendant also objects to this interrogatory to the extent it requests the disclosure of personal and confidential information. Subject to and without waiver of the foregoing objections and the General Objections, and to the extent Defendant can determine the information sought by this interrogatory, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Defendant shall make available for inspection and copying (at Plaintiffs expense), relevant documents from the personnel files of all Defendant's Area Trainers in Defendant's possession, custody and control from which answers to this interrogatory can be ascertained. Attached hereto as Exhibit C is a list of any Area Trainer identifying date of hire and date of termination of employment, if applicable, which could not be located by Defendant.

**Basis for Insufficiency of Response to Interrogatory No. 20**

Defendant has not been fully responsive to this requests in that Defendant has not provided the social security numbers of Area Corporate Trainers. Given the sheer number of potential class members and witnesses in the case, as well as the fact that a statistical analysis will be necessary, Defendant's refusal to provide social security numbers substantially burdens EEOC's prosecution of the case. A social security number is a unique identifier of a person, a far more reliable and consistent identifier than a name because a name can be recorded in many variations, which can make retrieval of information by name difficult. These are proper justifications for permitting discovery of social security numbers. See, e.g., Babbitt v. Albertson's, Inc., No. C-92-1883 SBA (PJH), 1992 WL 605652, at *5-7 (N.D. Cal., Nov. 30, 1992)(ordering production of names,

addresses, telephone numbers and social security numbers of all current and past employees for

seven-year period)(unpublished decision attached as Exhibit 1); <u>EEOC v. Sears, Roebuck and Co.,</u>

Civil Action No. 79-1957 A, 1980 WL 340, at *7-8 (N.D. Ga., Sept. 9, 1980)(permitting discovery

of social security numbers where EEOC needed to use them as identifying factors in obtaining and

merging employee and applicant data from the computer system) (unpublished decision attached as

Exhibit 2).

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**Request No. 25**

Defendant's annual financial statements for each year from January 1, 1989 to the present.

**Defendant's Response to Request No. 25**

RESPONSE: Defendant objects to this request to the extent it seeks information that is not
relevant to any claim or defense of any party in this action. Defendant further objects to this request
as overly broad and unduly burdensome. Defendant also objects to this request as overly broad as
to time. This request seeks information "since January 1, 1989 to the present." However, Defendant
has only been in existence since February 1997.

**Basis for Insufficiency of Response to Request No. 25**

Defendant has refused to provide the annual financial statements that are the subject of this

request.  Financial statements are reasonably calculated to lead to the discovery of admissible

evidence, as they may reveal Defendant's size, its locations, and the identity of assets to satisfy a

judgment.  In addition, such documents will contain information pertaining to Defendant's financial

condition, evidence that is relevant to the jury's deliberations regarding the amount of punitive

damages necessary to achieve the purposes of such damages, namely, retribution and deterrence.

Finally, such documents are very likely to contain information relevant and necessary to calculation

of back pay for victims in the form of lost sales commissions.

Defendant argues that EEOC must make a prima facie showing of entitlement to punitive damages before being permitted to discover such documents.  However, as most courts have held, financial statements are relevant to punitive damages and thus are squarely within the liberal discovery standard encompassed by Fed. R. Civ. P. 26(b)(1).  See EEOC v. Klockner H&K Machines, Inc., 168 F.R.D. 233, 236 (E.D. Wis. 1996) (permitting discovery of financial statements in EEOC Title VII action without requiring EEOC to make a prima facie showing of entitlement to punitive damages); United States v. Matusoff Rental Co., 204 F.R.D. 396, 399 (S.D. Ohio 2001) (in fair housing action, granting discovery of financial statements without requiring plaintiff to make a prima facie showing of entitlement to punitive damages); Christy v. Ashkin, 972 F. Supp. 253 (D. Vt. 1997) (in personal injury action: "the vast majority of federal district courts which have addressed the discoverability of financial information before a claim for punitive damages has been clearly established have held that such information is discoverable"); Caruso v. Coleman Co., 157 F.R.D. 344, 348 (E.D. Pa. 1994) (in product liability action, granting discovery of financial statements without requiring plaintiff to make a prima facie showing of entitlement to punitive damages); CEH, Inc. v. FV Seafarer, 153 F.R.D. 491, 498 (D. R.I 1994) (in maritime action, granting discovery of financial statements without requiring plaintiff to make a prima facie showing of entitlement to punitive damages); Mid Continent v. George Koch Sons, Inc., 130 F.R.D. 149, 152 (N.D. Ind. 1991) (granting discovery of financial statements in fraud action without requiring plaintiff to make a prima facie showing of entitlement to punitive damages; also stating discovery of such information facilitates case appraisal and may lead to settlement and avoid protracted litigation).

**Request No. 36**

Produce all personnel files for the individuals listed in response to Interrogatory number 9.

**Defendant's Response to Request No. 36**

RESPONSE: Defendant incorporates by reference the specific and general objections stated in its response to Interrogatory No. 9.

Subject to and without waiver of the foregoing objections and the General Objections, see Defendant's response to Request No. 34.

**Basis for Insufficiency of Response to Request No. 36**

Defendant has refused to provide any personnel files of persons who come within the scope of this request, other than Area Trainers, for the same reason it has refused to provide a full answer to Interrogatory No. 9.  Therefore, the EEOC incorporates by reference its discussion of the insufficiency of Defendant's Answer to Interrogatory No. 9.  Personnel files regarding persons discharged for poor performance by Lynne Portlock and Eileen Stankunas, in addition to Area Trainers, are discoverable for the reasons set forth in that discussion, and Defendant should be required to produce them.

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

_____/s/_____
TRACY HUDSON SPICER (Bar No. 08671)
Supervisory Trial Attorney
CORBETT L. ANDERSON
Trial Attorney
RONALD L. PHILLIPS
Trial Attorney

Baltimore District Office
City Crescent Building, 3rd Floor
10 South Howard Street
Baltimore, Maryland 21201
Telephone number: (410) 962-4623
Facsimile number: (410) 962-4270/2817