1992 WL 605652
64 Empl. Prac. Dec. P 42,916
**(Cite as: 1992 WL 605652 (N.D.Cal.))**

United States District Court, N.D. California.

Patricia BABBITT et al., Plaintiffs,
v.
ALBERTSON'S, INC. et al., Defendants.

**No. C-92-1883 SBA (PJH).**

Nov. 30, 1992.

HAMILTON, United States Magistrate Judge.

*1 Plaintiffs' motion was heard on November 13, 1992. Jocelyn Larkin and Sheila Thomas appeared on behalf of plaintiffs. Gary Siniscalco and Laura Hamblin appeared on behalf of the defendant. Having heard the parties' arguments and read their briefs, this court now orders as follows.

I. Introduction

Plaintiffs are six women who are seeking class certification for an employment discrimination suit under Title VII U.S.C. § 2000e *et seq.* and California's Fair Employment and Housing Act (the FEHA) against Albertson's, a retail grocery chain. Specifically, they allege that Albertson's denied them employment opportunities on account of their sex. In addition, two of the named plaintiffs allege that Albertson's has implemented discriminatory policies and practices against them and other Hispanics on the basis of their national origin in violation of 42 U.S.C. § 1981, Title VII and the FEHA.

During the course of this action a dispute arose as to the proper scope of discovery at this precertification stage. Plaintiffs' First Request for Production sought discovery of a broad range of documents, including information from all stores in defendant's Southern and Northern divisions dating back to 1982. Defendant objected to plaintiffs' First Request for Production Nos. 1, 3, 5, 7, 10, 11, 12, 13, 14, 15, 16, 19, 20, 26, 27, and 30. These objections were based variously on the temporal and geographic scope of the requests, their breadth and burdensomeness, and concerns for the privacy rights of nonparties. Defendant also objected to plaintiff's First Set of Interrogatories Nos. 1, 2, 3, 4, 5, 6, 7, 8, and 10 on the same grounds. [FN1]

Prior to the hearing the parties resolved part of this discovery dispute. Their compromise included defendant's agreement to provide information relating to all stores in the Northern and Southern divisions and plaintiffs' agreement to limit the temporal scope of discovery to the years 1985 to the present. Specifically, defendant withdrew its objections to plaintiffs' Requests for Production Nos. 1, 5, 12, 14, 16, and 30 and to plaintiffs Interrogatories Nos. 5, 6, 7, 14, and 17. As to Requests for Production Nos. 11, 13, 26, and 27, which deal with hard copy documents reflecting employee interest in assignments and/or promotions, the parties have agreed to negotiate a sampling process. Finally, as to Request No. 19, which deals with defendant's payroll records, the defendant has proposed that plaintiffs accept a litigation data base. Plaintiffs have conditionally agreed to this pending their review of the information presented.

Two issues remain to be resolved. First, defendant objects to Requests for Production Nos. 3 and 5. These requests seek discovery of correspondence between Albertson's and the EEOC and the DFEH relating to employment of women in Albertson's retail stores. They also include EEOC and DFEH charges which were filed against Albertson's by women and Hispanics alleging discrimination by Albertson's on the basis of sex and/or national origin. Second, defendant objects to Request for Production No. 20, in which plaintiffs seek discovery of the names, addresses, telephone numbers and social security numbers of all of Albertson's employees since 1985.

II. Discussion
*A. Discoverability of EEOC and DFEH files and the correspondence thereon.*

1. *The parties' positions.*

*2 Plaintiffs argue that the EEOC and DFEH files are discoverable. First, they state that Section 709(e) of Title VII (42 U.S.C. § 2000e-8(e)) does not prohibit disclosure of information in EEOC files. It is plaintiff's position that this code section applies only to officers or employees of the EEOC. Furthermore, plaintiffs assert that even if others were covered by the statutory prohibitions of § 709(e), disclosure is only prohibited prior to the institution of any proceeding, and that there is nothing to prohibit disclosure of information after a party has filed a Title VII lawsuit. In addition, the FEHA does not include such a nondisclosure provision. Under the FEHA the only nondisclosure provision is

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Cal Gov't Code § 12963.7, and this provision prohibits public disclosure by agency employees of information received in the course of conciliation efforts. Therefore, there is no conceivable bar to discovery of DFEH files.

Second, plaintiffs argue that these charges and the correspondence relating to them are relevant to the class certification issue, as well as to the merits of the case. Plaintiffs' position is that their discovery will reveal the identity of other class members and will provide evidence of a policy or practice of discrimination by the defendant.

Defendant argues that these charges and the relating correspondence are not discoverable on the grounds of relevancy, confidentiality, and privacy.

First, defendant cites the nondisclosure provision of 42 U.S.C. 2000e- 8(e). It is defendant's view that this provision was enacted to avoid the dissemination of unproven charges and the interference by nonparties in the agency's conciliation efforts. Defendant acknowledges that the statutory nondisclosure provision is directly applicable only to the agency itself. However, it is defendant's belief that the policy interests are the same where that information is sought from an employer. To allow plaintiffs to circumvent the provision merely by propounding discovery on the employer, in defendant's view, would render the statutory nondisclosure provisions meaningless.

Second, the defendant argues that such requests are invasive of other employees' privacy. To allow such discovery, it argues, would have a chilling effect on employee complaints and could frustrate the efforts of the respective agencies in resolving disputes and obtaining redress for those injured by discrimination.

Finally, defendant argues that the requested documents are irrelevant at this precertification stage. At the hearing, however, defendant did concede that to the extent there is an extant charge, this information may be relevant after class certification has been granted.

2. *Authority.*

A. Relevancy.

In general, at the precertification stage, discovery in a putative class action is limited to certification issues: *e.g.,* the number of class members, the existence of common questions, typicality of claims, representative's ability to represent the class, etc. *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 359 (1978). Discovery on the merits is usually deferred until it is certain that the case will be allowed to proceed as a class action. *Eisen v. Carlisle & Jacquelin,* [7 EPD ¶ 9374A] 417 U.S. 156, 177 (1974).

**\*3** However, the merits/certification distinction is not always clear. Facts relevant to the class action determination and definition may largely be the same as those relevant to the merits of the case. *Harriss v. Pan American World Airways, Inc.,* [15 EPD ¶ 8411] 74 F.R.D. 24 (N.D.Cal.1977).

This court finds that the files and correspondence in question are relevant to certification issues. Through them, plaintiffs may be able to evaluate the number of potential class members, the typicality of their claims to those of other claimants (and, therefore, their ability to represent other claimants adequately) and whether common questions of law or fact exist, thus making the class action device appropriate in this case.

B. Confidentiality.

Defendant first argues that the nondisclosure provisions of the federal and state statutes in question, though not directly applicable to disclosure between the parties themselves, are evidence of strong policy considerations militating against disclosure.

The nondisclosure provision of subsection 709(e) of Title VII (42 U.S.C. § 2000e-8(e) at 896) provides that:
> It shall be unlawful for any officer or employee of the Commission to make public in any manner whatever any information obtained by the Commission pursuant to its authority under this section prior to the institution of any proceeding under this subchapter involving such information.

Similarly, California Government Code § 12963.7(b) provides that:
> Any member of the staff of the department who discloses information in violation of the requirements of this section is guilty of a misdemeanor. Such disclosure by an employee subject to civil service shall be cause for disciplinary action under the state Civil Service Act.

While it is clear that these provisions prohibit the disclosure of information in EEOC and DFEH claims and investigative files to the public by Agency employees before the institution of proceedings, it is not clear whether the policy considerations behind these provisions would or should apply equally to the disclosure of such information by an employer to named plaintiffs in a putative class action suit.

Unfortunately, the cases interpreting subsection 709 do

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

not give much guidance. For example, defendant cites *EEOC v. Associated Dry Goods Corp.,* [24 EPD ¶ 31,458] 449 U.S. 590 (1980), in which the United States Supreme Court states that the EEOC could not reveal to a charging party "information in the files of other charging parties who have brought claims against the same employer." 449 U.S. at 603. However, the holding in *Associated Dry Goods* makes it clear that Congress did not include the charging parties within the "public" to whom disclosure of confidential information is illegal under subsection 709(e). The instant case is distinguishable. First, the information is not being sought from the EEOC, whose agents are covered by the nondisclosure provision, but from the employer itself. Second, it is a putative class action, and the information requested is arguably more relevant than it would be in an action brought by an individual plaintiff. The arguments that disclosure would have a chilling effect on the bringing of charges is not supported by facts. Furthermore, a well fashioned protective order could ensure confidentiality of the identities of the claimants.

**\*4** Plaintiff responds by citing two privilege cases, *Kerr v. U.S. Dist. Court for the Northern Dist. of Cal.,* 511 F.2d 192 (9th Cir.1975) and *Breed v. U.S. Dist. Court for the Northern Dist. of Cal.,* 542 F.2d 1114 (9th Cir.1976). These cases discuss the discoverability of personnel and inmate files in § 1983 actions. The primary holding in these two cases is that in federal question cases federal privilege law should be applied, and that state privilege law is not binding on the federal courts.

These cases are not really applicable here. First, defendant has not raised a privilege argument, but merely has objected to disclosure on the broader and more vague ground of confidentiality. Second, if a privilege were to be applied, it would probably be the "official information" privilege discussed by Judge Brazil in *Kelly v. City of San Jose,* 114 F.R.D. 653, 660 (N.D.Cal.1987). See *Branch v. Phillips Petroleum Co.,* [25 EPD ¶ 31,614] 638 F.2d at 881 (5th Cir.1981) (referring to the common law version of the official information privilege). *See also* Proposed Federal Rule of Evidence Rule 509(a)(2), 56 F.R.D. 183, 251 (1972) (which would have created a privilege for "official information"). This privilege would be held by the agency generating the information, and probably could not be raised vicariously by a private litigant. Even if it could be raised, it would be subject to the weighted balancing test applied in *Kelly*. Under this test, various factors are balanced, with slightly more weight given to the moving party's need for the information. This test favors disclosure, but allows the court to conduct a case by case analysis. While *Kelly* was a civil rights case in which disclosure of confidential information in police files was sought, the public policy considerations underlying that decision (e.g. the need to ascertain the truth, the plaintiff's need for information, the societal interest in vindicating violations of individual rights) are equally applicable to actions brought under Title VII.

The plaintiff also cites *Jackson v. Alterman Foods,* 37 Fair Empl.Prac. Cas. 837 (N.D.Ga.1984), an age discrimination case. In *Jackson* the court ordered the defendant to produce "copies of all complaints, lawsuits or charges" filed against it since 1980. Id. at 839. The court does not analyze the issue of discoverability, but merely cites to other cases which purportedly held that these types of records are discoverable under the federal rules. However, *Whalen v. McLean Trucking,* 37 Fair Empl.Prac.Cas. 835 (N.D.Ga.1983), one of the cases relied upon by the court does not so hold. In that case, the discoverability of these documents was not at issue. The defendant had not objected to their production, but to the temporal scope of plaintiff's request. Similarly, the other case cited, *Catherman v. Reynolds Metals Co.,* 28 Fair Empl.Prac.Cas. 668 (N.D.Ga.1980) involved the geographic scope of plaintiffs request, and also did not reach the issue of discoverability.

**\*5** This court finds that there is nothing to support defendant's argument that the documents in question are or should be confidential. The cases and statutes cited do not address the issue of discovery from private litigants at all.

C. Privacy.

Defendant argues that disclosure of EEOC and DFEH claims and correspondence would have a chilling effect on the filing of claims and would violate the privacy rights of the individuals who filed them. It cites *Prouty v. National Railroad Passenger Corporation,* 99 F.R.D. 551 (D.D.C.1983) for support. In *Prouty* the court refused to order the employer to produce documents regarding other discrimination claims brought against it. The court reasoned that making such information public "could very well inhibit other employees from bringing such charges." Id. at 553, and "would be an invasion of other employees' privacy...." *Id*. However, the court also questioned the relevance of the documents sought. *Prouty* involved an individual claim of age discrimination. Arguably, other charges would not be relevant to that *plaintiff's* claim (although there is an argument that they could be relevant to prove pattern or practice and/or knowledge). In the instant case the records sought are relevant to both the class certification and merits issues.

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

This court is not completely unsympathetic to defendant's argument, however. Disclosure of such information could be invasive of the privacy rights of nonparties, as well as putative class members. However, it is this court's opinion that these concerns could be adequately addressed through a well-crafted protective order.

Generally, parties in a civil action may obtain discovery of any non-privileged information which is "relevant to the subject matter involved in the pending action ..." or is "reasonably calculated to lead to the discovery of admissible evidence" at trial. Fed.R.Civ.P. 26(b)(1). Although it does have its boundaries, the scope of discovery is broadly construed. *See Oppenheimer Fund v. Sanders,* 437 U.S. 340 (1978).

3. *Conclusion.*

This court orders that the files and correspondence be produced. Any concerns for the privacy of the individuals who originally filed the claims may be addressed through an appropriately crafted protective order limiting access to the parties and their attorneys. [FN2] These files are relevant to both class certification and the merits, and there is no privilege being asserted by the defendant which would prevent disclosure of the information contained within them.

*B. The List of Names, Addresses, Telephone Numbers and Social Security Numbers of Past and Present Employees.*

1. *The parties' positions.*

Plaintiff argues that this information is relevant, and that, therefore, it should be discoverable. Plaintiff also states that since only the names, and not the personnel files, are being sought, defendant's privacy argument is without merit.

**\*6** Defendant raises two arguments against discovery. First it raises the privacy argument which it articulated in its opposition to the production of the EEOC and DFEH files. Second, defendant argues that the production of such a list would be extremely burdensome. Defendant states that the plaintiffs request involves some 40,000 or more employees. Compiling such a list would be very expensive.

2. *Authority.*

Defendant cites *Guruwaya v. Montgomery Ward, Inc.,* 119 F.R.D. 36 (N.D.Cal.1988) to support its position. *Guruwaya* is an employment discrimination case brought by an individual. The plaintiff sought the names and addresses of employees in the region who had filed complaints against defendant based on age, race or national origin with the EEOC. The court held that these were privileged, and were, therefore, undiscoverable. However, it appears that the relevancy of the information sought was questionable. Again, *Babbitt* is a putative class action. Other claims are more clearly relevant to the certification and merits issues. In an individual action the relevancy is not as clear.

Plaintiff cites *NOW v. Sperry-Rand Corp.,* [25 EPD ¶ 31,610] 88 F.R.D. 272 (D.Conn.1980). In this case, the court allowed the defendant to discover the name, sex, race, address, and occupation of every NOW member who was a current or former employee of the defendant, or who was, or might be, interested in seeking employment with the defendant. The court conditioned the release of this information upon the parties' entering into a suitable protective order.

3. *Conclusion.*

This court orders that the names, addresses, telephone numbers and social security numbers of current and past employees since 1985 be produced. Defendant does not clearly defend its position that ordering production would be unduly burdensome. In its brief, it addressed the issue of production of entire personnel files dating back to the year 1982. The request has since been narrowed considerably. Plaintiffs now seek only the names, addresses, telephone numbers and social security numbers for past and current employees dating back to 1985. Defendant has made no showing as to the burdensomeness of this narrowed request.

Defendant has access to this information, and plaintiff should have the same access. Furthermore, the information could lead to the discovery of admissible evidence relevant to the class certification issue.

*C. The Protective Order*

The plaintiffs filed a motion on an expedited basis concerning one term of a protective order that the parties had hammered out. Both sides submitted letter briefs on the matter, and at the hearing, they were given one week to resolve it. As of yet, the parties have not informed the court as to the resolution of this issue. The parties shall inform the court by December 15, 1992. If they are unable to reach an agreement, a separate order thereon shall be issued.

III. Conclusion

**\*7** Plaintiffs' Motion to compel production is Granted.

FN1. Defendant filed a related motion seeking to compel plaintiff to respond to its Interrogatory No. 3, which requested the names of those who are alleged to have suffered discrimination typical of that alleged by the named plaintiffs. Before the hearing the parties resolved this matter. Plaintiffs agreed to provide the defendant with the names of any declarants they intend to include in their motion for certification. If there are fewer than 10 declarants other than persons who are to be deposed, the information shall be provided 4 weeks prior to the filing of the certification motion. If there are more than 10 declarants other than persons who are to be deposed, the information shall be provided 6 weeks prior to filing. Defendant will reciprocate by providing the plaintiffs with the names of individuals it intends to include in its opposition to plaintiffs' certification motion, subject to the same terms.

FN2. Whether the protective order currently in existence is adequate or appropriate is for the parties to decide. if it is not, the parties should attempt to agree upon additional terms, and should contact the court if unable to do so.

1992 WL 605652, 1992 WL 605652 (N.D.Cal.), 64 Empl. Prac. Dec. P 42,916

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works