*EEOC and Kathy Koch v. LA Weight Loss*
WDQ-02-0648
Motion to Compel Rule 33 & 34 Discovery (Paper No. 58)

| Discovery Sought | Ruling |
|---|---|
| **I 6** - Identify and describe each complaint (written, oral, internal, or outside) of retaliation made by any LA Weight Loss employees against any other employee, or against LA Weight Loss, in the MD/DE region from 1997 until the present. | Motion granted. The information sought is relevant, and the time period covered by the request is not excessive, given the claims pleaded in the complaint. Defendant's answer is incomplete, and evasive, which is tantamount to a failure to answer. Rule 37(a)(3). Moreover, Defendant's burden and overbreadth objections are boilerplate, and therefore waived, *Thompson v. U.S. Dept. of Housing and Urban Development*, 219 F.R.D. 93 (D. Md. 2003), *Marens v. Carraba's Italian Grill, Inc.*, 196 F.R.D. 35 (D. Md. 2000), *Tucker v. Ohtsu Tire & Rubber Co., Ltd.*, 191 F.R.D. 495 (D. Md. 2000); and Defendant has failed to particularize any claims of privilege or work product as required by Rule 26(b)(5) and Guideline 9.c. Further, Defendant has not demonstrated that, as required by Rule 33(d), a fully responsive and complete answer to I 6 can be derived from the documents it produced pursuant to RPD 5. Defendant will supplement its answer to fully and completely respond to the interrogatory, including identifying persons with personal knowledge of the facts, and a description of any responsive documents, other than those already produced in response to RPD 5, in sufficient detail to enable Plaintiff to locate them. |
| **I 7** - Identify and describe all formal complaints of retaliation in the MD/DE region filed with the United States EEOC or any other human rights commission, or as a lawsuit against LA Weight Loss from 1996 through the present. | Motion granted for same reason as stated for I 6. |

| | |
|---|---|
| **I 9** - Identify and describe the policies, practices and procedures to be followed by any employee making a complaint against LA Weight Loss or any other employee with respect to gender discrimination and/or retaliation. | Motion granted for same reason stated for I 6. While Rule 26(b)(2) does identify multiple factors from which the court may, *sua sponte*, or in response to a Rule 26(c) motion, order that discovery be made from a source other than requested, Defendant failed to file a Rule 26(c) motion, and further has failed to particularize its conclusory assertion that it is less burdensome for Plaintiff to depose Ms. Siegel than it is for Defendant simply to answer the interrogatory completely, as required by Rule 37(a)(3). Conclusory assertions of burden or overbreadth fail to provide a basis to order relief under Rule 26(b), and are waived. *Thompson v. U.S. Dept. of Housing and Urban Development*, 219 F.R.D. 93 (D. Md. 2003), *Marens v. Carraba's Italian Grill, Inc.*, 196 F.R.D. 35 (D. Md. 2000), *Tucker v. Ohtsu Tire & Rubber Co., Ltd.*, 191 F.R.D. 495 (D. Md. 2000). |
| **I 17** - Identify and describe all complaints (written, oral, formal, internal, or outside) regarding LA Weight Loss' new-hire application and/or hiring policies from 1997 to the present. | Motion granted for the same reasons stated in I 6 and I 9 (exclusive of the portion of the ruling in I 9 relating to the deposition of Ms. Siegel). Additionally, Defendant has failed to demonstrate the foundational requirements to avail itself of Rule 33(d) as it has failed to demonstrate that the burden of reviewing the documents identified and deriving the answer to I 17 substantially would be the same for Plaintiff as it would be for Defendant. |

| | |
|---|---|
| **I 14** - Identify and describe fully the agenda and content of all training provided to area corporate trainers, corporate trainers and/or service trainers in 1997 and 1998, to include identifying the names of the trainers, etc. | Motion Granted.  Defendant's response is evasive and incomplete and tantamount to a refusal to answer.  Rule 37(a)(3).  Its claims of burden and overbreadth are boilerplate, and waived. *Thompson v. U.S. Dept. of Housing and Urban Development*, 219 F.R.D. 93 (D. Md. 2003), *Marens v. Carraba's Italian Grill, Inc.*, 196 F.R.D. 35 (D. Md. 2000), *Tucker v. Ohtsu Tire & Rubber Co., Ltd.*, 191 F.R.D. 495 (D. Md. 2000).  Defendant has failed to establish the required foundation to rely on Rule 33(d) as its answer did not specify the documents from which the answer could be derived completely and responsively, and Defendant did not establish that the burden for Plaintiff derive the information from the documents would be the seem as it would be for the Defendant to provide it.  Nor does the supplemental answer, which refers to documents produced in response to RPD 26, cure this defect, as Defendant has not shown that the complete answer to I 14 can be derived from those documents. |
| **I 15** - Identify all area corporate trainers, corporate trainers and/or service trainers employed by LA Weight Loss in 1997 and 1998. | Motion granted, for reasons stated regarding I 14 (exclusive of the comments relating to RPD 26). Additionally, Defendant has not made the requisite showing to avail itself of Rule 33(d), as it has not demonstrated that the burden of deriving a complete and unevasive answer to the interrogatory from the documents produced previously substantially would be the same for Plaintiff as for Defendant. |

| | |
|---|---|
| **RPD 7** - All correspondence between Kathy Koch and LA Weight Loss, or any correspondence concerning Kathy Koch by or to any LA Weight Loss employee, or concerning Kathy Koch by or to the EEOC or to any person other than LA Weight Loss. | Motion granted, as specified herein.  The information sought clearly is relevant to the claims and defenses asserted in the pleadings, and is therefore within the scope of discovery identified in Rule 26(b)(1).  Further, Defendant's assertions of overbreadth and burden are conclusory and boilerplate, and therefore are waived. *Thompson v. U.S. Dept. of Housing and Urban Development,* 219 F.R.D. 93 (D. Md. 2003), *Marens v. Carraba's Italian Grill, Inc.*, 196 F.R.D. 35 (D. Md. 2000), *Tucker v. Ohtsu Tire & Rubber Co., Ltd.*, 191 F.R.D. 495 (D. Md. 2000).  Further, the cases cited by Defendant in support of its refusal to supply a privilege log are inapplicable. Guideline 9.c., Appendix A to the Local Rules of this Court implements Rule 26(b)(5), and requires information typically provided in a privilege log.  While this requirement may be overcome by a particularized showing of burden, as the commentary to Rule 26(b)(5) acknowledges, Defendant has failed to make a particularized showing of burden, and therefore has waived this basis for objecting to the information sought.  See *id*. Defendant will provide a supplemental response that is fully responsive to this request.  It is cautioned that an incomplete or evasive answer will violate both Rule 37(a)(3) and this Court's order, and may subject Defendant to appropriate 37(b)(2) sanctions.  As for any assertion of privilege of work product doctrine, the supplemental response will provide all the information required by Discovery Guideline 9.c, since Defendant's prior conclusory assertion of burden has waived any burden argument to support not complying with the guideline that could have been made in Defendant's original response.  Any privilege asserted will be waived unless Defendant submits a privilege log fully complying with Discovery Guideline 9.c. |

| | |
|---|---|
| **RPD 8** - All documents regarding Kathy Koch prepared by, or at the direction of, any LA Weight Loss employee. | Motion granted as stated.  Defendant has failed to demonstrate that compliance with Guideline 9.c, Appendix A to the Local Rules of this Court would be unduly burdensome.  See *e.g.*, ruling regarding  RPD 7.  Defendant will supplement its answer by producing all responsive documents not previously produced, and, for any assertions of privilege or work product doctrine shall file a privilege log fully compliant with Guideline 9.c, as its claims of burden are waived. |
| **RPD 12** - All documents that refer, reflect or relate to any complaints (internal, outside, formal or informal) made by any employee regarding LA Weight loss' new-hire and/or hiring policies or procedures from 1997 to the present. | Motion Granted in Part, Denied in Part, as stated herein.  Plaintiff has narrowed the temporal and geographic scope of its original request, and has articulated sufficient relevance of the documents sought to the retaliation claim pleaded in her complaint.  Defendant cites no cases from the 4th Circuit or this District to support its refusal to provide the requested documents, and Plaintiff's proffered reason for the relevance of the documents sought relating to discrimination against non-male employees is sufficient to make the cases cited distinguishable. With respect to Defendant's refusal to provide documents responsive to this request based on privilege or work product, as supported by a privilege log compliant with Rule 26(b)(5) as implemented by Discovery Guideline 9.c, Plaintiff has not established a sufficient basis to demonstrate inapplicability/waiver of any privilege or the work product doctrine protection. |

| | |
|---|---|
| **RPD 24** - All documents gathered during the preparation of Intervenor/Plaintiff's First Amended Complaint. | Motion Granted in Part, Denied in Part.  While the cases cited by Defendant do support the position that when an attorney culls through voluminous documents relating to threatened or actual litigation, and selects a sub-set of documents that he/she views as particularly relevant, attempts to discover that subset of documents involve opinion work product that is not subject to discovery under Rule 26(b)(1) and 26(b)(3) unless it is put to a testimonial use, or the work product doctrine otherwise is waived or inapplicable.  See *Nutramax Laboratories, Inc. v. Twin Laboratories, Inc.*, 183 F.R.D. 458 (D. Md. 1998).  However, Defendant appears to assert work product protection to all documents assembled since the defense of Plaintiff's claim began, regardless of whether they fall within the scope of the above referenced cases.  To the extent that Defendant has asserted the work product doctrine too broadly, the refusal to produce responsive documents is not justified, and, as to those documents, they shall be produced.  In any event, with respect to any responsive document that Defendant construes to withhold on the basis of privilege or work product doctrine, it shall be identified in a privilege log fully compliant with Rule 26(b)(5) as implemented by Discovery Guideline 9.c. |
| **RPD 25 -** All documents that refer, reflect or constitute any correspondence and/or any other documents received by LA from Kathy Koch after her termination. | Motion Granted.  Defendant's overbreadth, relevance and privilege/work product objections are conclusory, boilerplate, and waived, for the reasons cited in the above rulings. Responsive documents not already produced shall be. |

| | |
|---|---|
| **RPD 26** - All documents that refer, reflect or constitute the training provided by area corporate trainers, corporate trainers and/or service trainers to center counselors in the MD/DE region. | This dispute should have been resolved by counsel without Court involvement.  To the extent that responsive documents involve proprietary information of Defendant, production shall be subject to the existing confidentiality order. Further, while Defendant asserts that it has produced all responsive documents in its "possession," this may be an evasive answer, as Rule 34 clearly pertains to all documents in its possession, *custody or control.*  If there are any responsive documents in either of these categories, they shall be produced subject to the confidentiality order.  If there are no further documents in Defendant's possession, custody or control that have not already been produced, Defendant shall serve a certification to this effect on Plaintiff which shall include a statement under oath by a representative of the defendant with personal knowledge of the facts particularizing the efforts taken to locate the responsive documents, as it appears from the Portlock deposition that Plaintiff did return some materials to the Defendant that it did not produce.  Further, if responsive documents were destroyed or otherwise not preserved, the statement will provide an explanation for this, sufficient to enable the court to determine whether spoilation of evidence occurred, and if so whether an adverse jury instruction would be appropriate. |