IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | : : | |
| Plaintiff, | : : | |
| and | : : | |
| | : | CASE NO.: WDQ 02-CV-648 |
| KATHY KOCH | : : | |
| Intervenor/Plaintiff, | : : | JURY DEMANDED |
| v. | : : | |
| LA WEIGHT LOSS | : : | |
| Defendant. | : : | |

**MEMORANDUM SETTING FORTH OBJECTIONS OF
DEFENDANT LA WEIGHT LOSS TO PROPOSED SCHEDULING ORDER
FILED BY THE EEOC ON APRIL 12, 2004 REGARDING BIFURCATION**

**I.  THE PARTIES HAVE REACHED AGREEMENT ON MOST OF THE
OUTSTANDING BIFURCATION ISSUES.**

At oral argument on March 24, 2004, the Court decided that it would bifurcate the proceedings in the above-referenced matter but left open the issue of how the bifurcation would proceed. The Court ordered LA Weight Loss ("LAWL") and the EEOC to work together toward a resolution of these issues. The parties have conferred and have succeeded in resolving many of the outstanding issues. On April 12, 2004, the EEOC submitted a proposed Order Regarding Bifurcation and Scheduling with which LAWL is in agreement with two important exceptions:

1.  LAWL opposes trying punitive damages during the Stage I trial; and

2.  LAWL opposes trying Intervenor/Plaintiff Kathy Koch's retaliation claim during the Stage I trial.

LAWL has briefed its position on these issues in the two briefs it already submitted on the EEOC's Motion to Bifurcate and argued its position at the March 24, 2004 oral argument. LAWL incorporates by reference the arguments it made in support of its position on these issues.

These issues appear four times in the Proposed Order the EEOC is submitting today. These occurrences, underlined and bolded in the copy of the EEOC's Proposed Order attached hereto as Exhibit A, are as follows:

1. Paragraph I.B, Sentence 2:  LAWL opposes inclusion of that part of the sentence that reads "punitive damages issues, issues of liability and all remedial issues regarding the claims of retaliation asserted by Plaintiff EEOC and Plaintiff Intervenor Kathy C. Koch."

2. Paragraph II.A.1, Sentence 2:  LAWL opposes inclusion of that part of the sentence that reads "(2) punitive damages related to the hiring discrimination claim(s), both liability and amount; (3) both liability and remedies regarding the retaliation claim asserted by Plaintiff EEOC and Plaintiff Intervenor Kathy C. Koch."

3. Paragraph II.B, Sentence 1:  LAWL opposes inclusion of that part of the sentence that reads "(2) punitive damages related to the hiring discrimination claim(s), both liability and class-wide amount; (3) both liability and remedies regarding the retaliation claim asserted by Plaintiff EEOC and Plaintiff Intervenor Kathy C. Koch."

4. Paragraph III.B, Sentence 2:  LAWL opposes inclusion of the entire sentence which reads "At the conclusion of the Stage II trial, the Court will make appropriate apportionment among the Class members of the punitive damages awarded to Plaintiff EEOC, if any, at the Stage I trial, and will also order any other appropriate relief not already ordered after the Stage I trial."

## II. IT IS INAPPROPRIATE TO DECIDE PUNITIVE DAMAGES AT STAGE I BECAUSE THE RECORD SHOWS THAT THE CLASS MEMBERS HAVE NOT SUFFERED ANY DAMAGES.

In its earlier briefs and at oral argument, LAWL argued, inter alia, that it is a violation of due process to decide punitive damages before actual damages, if any, have been awarded. This is because the Supreme Court has made clear that there must be a reasonable relationship between harm suffered and a punitive damage award. See BMW of N. Am., Inc. v. Gore, 517 U.S. 415, 432 (1994). With this brief, LAWL introduces additional record support for this argument, specifically that the class members have suffered very little, if any, damages. Of the eight people deposed to date, none of them have had damages of any significance.

For example, Bruce Bostian applied for a counselor position in the area of Mifflinburg, Pennsylvania in January 2000, when counselors were making $8 per hour plus a commission of ¾ percent of their personal revenue which was approximately $18,000 to $21,000 annually. (Bostian Dep. Tr. at 16, attached as Ex. B; Bostian Application and Resume, attached as Ex. C; Siegel Aff., ¶ 3, attached as Ex. D). A few weeks after Mr. Bostian applied to LAWL, he obtained a sales position earning approximately $22,000 annually, and four months later he quit his job in favor of a position earning $24,000 annually, far more than he would have earned as an LAWL counselor. (Bostian Dep. Tr. at 16-21).

Like Bruce Bostian, Matthew Turley did not receive an LAWL counselor position but suffered no damages as a result. Mr. Turley applied for a position in State College, Pennsylvania to begin the summer of 2000. (Turley Cover Letter and Resume, attached as Ex. E; Turley Dep. Tr. at 11, 21, attached as Ex. F). The position would have paid $8 per hour plus a commission of ¾ percent of personal revenue, approximately $18,000 to $21,000 annually. (Siegel Aff., ¶ 3). In May 2000, Mr. Turley obtained a position earning $11 per hour and more than $17,000

annually, and in August 2002 he obtained a position earning $16.70 per hour or more than $34,000 annually. (Turley Dep. Tr. at 18-20, 26-27).

Reginald Cooper applied for management positions twice in 1999 -- although Mr. Cooper testified to applying for these positions in 1997 and 1998, his resume appears to have been faxed to LA Weight Loss in 1999 and LA Weight Loss did not have any centers in St. Louis until 1999. (Cooper Cover Letters and Resumes, attached as Ex. G; Cooper Dep. Tr. at 12, attached as Ex. H). At the time assistant managers in the St. Louis area were earning between $30,000 and $32,000 and managers were earning between $32,000 and $35,000. (Siegel Aff., ¶¶ 5, 6). From 1997 through 2000, Mr. Cooper earned approximately $34,000 annually, more than the average assistant manager and most managers. (Cooper Dep. Tr. at 55, 59, 61).

This evidence shows not only that these particular class members have no actual damages, but also that there is little potential for damages among the remaining class members. The EEOC previously argued that actual damages need not be decided before punitive damages because the Supreme Court has said that punitive damages must bear a reasonable relationship to actual or potential damages. This argument does not carry the day, however, where there is neither actual damages nor the potential for actual damages, as in the present case.

### III. CONCLUSION

For the foregoing reasons, as well as the reasons argued to the Court on March 24, 2004, and discussed in the Memorandum of LA Weight Loss in Response to Plaintiff EEOC's Motion to Bifurcate Trial and Discovery and in Support of Motion for Pre-Trial Conference and the Reply Brief of Defendant LA Weight Loss, LA Weight Loss respectfully requests that the Court refrain from ordering that punitive damages and Kathy Koch's retaliation claim be tried at the Stage I trial.

- 5 -

        /s/
_____
David Landau
Larry Spector
David Gollin
Jennifer Blum Feldman
WOLF, BLOCK, SCHORR AND SOLIS-COHEN
1650 Arch St, 22d Floor
Philadelphia, PA 19103-2097
215 977 2049


Elizabeth Torphy-Donzella
SHAWE & ROSENTHAL, LLP
20 S. Charles St.
Baltimore, MD 21201
410 742 1040

**Attorneys for Defendant LA Weight Loss**

Dated: April 12, 2004

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused a true and correct copy of the foregoing Memorandum Setting Forth Objections of Defendant LA Weight Loss to Proposed Scheduling Order Filed by the EEOC on April 12, 2004 Regarding Bifurcation and related exhibits to be filed and served electronically on this day, the 12th day of April 2004. I further certify that a copy of each of the foregoing documents shall be served by first-class mail, postage pre-paid, upon Intervenor/Plaintiff, through her counsel, as follows:

>Pamela J. White, Esquire
>Ober, Kaler, Grimes & Shriver, P.C.
>120 East Baltimore Street
>Baltimore, Maryland 21201
>
>Attorney for Intervenor/Plaintiff

and upon Plaintiff via first-class mail, postage pre-paid as follows:

>Ronald L. Phillips, Esquire
>U.S. Equal Employment Opportunity Commission
>Baltimore District Office
>10 South Howard Street, 3rd Floor
>Baltimore, MD 21201
>
>Attorneys for Plaintiff

>/s/
>David Landau

Dated: April 12, 2004