IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| and | ) ) |
| KATHY C. KOCH, | )   Case No. WDQ-02-CV-648 ) |
| Plaintiff-Intervenor, | ) ) |
| v. | ) ) |
| LA WEIGHT LOSS, | ) ) |
| Defendant. | ) ) |

### ORDER REGARDING BIFURCATION AND SCHEDULING

The Court having previously bifurcated trial and discovery in this matter hereby ORDERS that the following schedule shall apply in this action, and will be modified only upon motion of one or more parties and/or upon further order of the Court:

I.  GENERAL

    A.  Further discovery and trial in this action shall be conducted in two stages.

    B.  The two stages of discovery and trial in this action shall be designated "Stage I" and "Stage II" and are described with greater particularity in the remainder of this Order.  However, stated generally, Stage I shall be limited to issues of liability regarding the claim(s) of discriminatory hiring asserted by the Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC"), **punitive damages issues, issues of**

1

**liability and all remedial issues regarding the claims of retaliation asserted by Plaintiff EEOC and Plaintiff Intervenor Kathy C. Koch**, and defenses pertinent to the foregoing issues averred by Defendant LA Weight Loss ("Defendant").  Stage II discovery and trial shall be conducted if and only if there is a finding of liability against Defendant regarding Plaintiff EEOC's discriminatory hiring claims and after the trial of that liability issue.  Both discovery and trial at Stage II shall consist of remedial issues regarding the persons for whom Plaintiff EEOC seeks relief in this action.  Discovery and trial of Stage II, if necessary, shall be conducted pursuant to further Order of the Court.

II.   STAGE I - LIABILITY

   A.   Discovery

      1.   Permissible issues for Stage I discovery

Stage I discovery shall be directed to issues that will be the subject of the Stage I trial in this bifurcated action.  These issues shall include the following:  (1) liability regarding Plaintiff EEOC's hiring discrimination claim(s); **(2) punitive damages related to the hiring discrimination claim(s), both liability and amount; (3) both liability and remedies regarding the retaliation claim asserted by Plaintiff EEOC and Plaintiff Intervenor Kathy C. Koch**; and (4) defenses averred by Defendant that apply to the issues to be tried at this Stage of the action.

      2.   Schedule regarding Stage I discovery and other matters

The modified Scheduling Order approved by the Court on February 26, 2003 is now further modified as follows:  Non-expert discovery regarding Stage I issues shall conclude on February 25, 2005; Plaintiffs shall name Stage I expert witnesses and serve

Defendant with expert report(s) on or before March 25, 2005; Defendant shall name Stage I expert witnesses and serve Plaintiffs with expert report(s) on or before April 25, 2005; expert discovery shall be completed by May 25, 2005; dispositive motions with respect to Stage I issues shall be filed on or before June 24, 2005.

   3.  <u>Limitations and other provisions regarding Stage I discovery</u>

  The amounts of depositions, interrogatories and other forms of discovery permitted in Stage I discovery in this action shall be the amounts provided by the Federal Rules of Civil Procedure, the Local Rules of this Court, except as otherwise provided in this Order. Defendant may seek additional discovery regarding identified Class Members upon agreement of the parties or upon leave of court based upon Defendant showing that such discovery is necessary for Defendant's defense of the EEOC's liability case.

   a.  <u>Depositions of Class Members</u>

  Defendant shall be entitled to depose Class members whom Plaintiff EEOC designates as potential Stage I Class member witnesses, meaning those Class members whose testimony Plaintiff EEOC intends to present live or by deposition transcript or deposition videotape at the Stage I trial of this case. These witnesses shall be a limited portion of the total number of alleged aggrieved persons for whom Plaintiff EEOC seeks relief in this action. The potential Stage I Class member witnesses designated by Plaintiff EEOC shall not exceed forty (40) in number, and EEOC shall not present the testimony of more than forty (40) such Class member witnesses in its case-in-chief at the Stage I trial. In order to avoid multiple depositions of the same Class member witness and thereby reduce the burden of discovery on the parties and the witnesses, any such

depositions shall consist of examination pertaining to both liability and remedial issues.

Plaintiff EEOC shall designate the Class members who will be its potential Stage I Class member witnesses in accordance with the following schedule: (1) at least ten (10) Class members shall be designated within 14 days after entry of this Order; (2) at least ten (10) additional Class members shall be designated by not later than May 7, 2004; (3) at least ten (10) additional Class members shall be designated by not later than June 4, 2004; and (4) not more than ten (10) additional Class members shall be designated by not later than July 30, 2004.  No Class member witness shall be permitted to testify on behalf of the EEOC at Stage I unless designated in accordance with this Order or unless ordered by the Court upon motion of Plaintiff EEOC for good cause shown.

In Stage I discovery, Defendant may take depositions of all Stage I class member witnesses identified by Plaintiff EEOC (up to the 40 class member limit).  Moreover, Defendant may select and depose up to 40 additional class members who have not been identified by EEOC as Stage I class member witnesses.  Plaintiff EEOC and Defendant have reached this stipulation regarding limitations on Stage I class member depositions based on their mutual agreement that neither party intends to present, at the Stage I trial, statistical analyses that are based upon class member data that is not equally available to both parties, including but not limited to a written survey of the class members.  If either party intends to conduct a statistical analysis based on class member data that is not equally available to both parties it shall provide prompt written notice to all parties in this action of such intention and identify the type and source of the data to be used.  If the party providing such notice believes that it requires additional discovery beyond that

provided in this Order for the purpose of conducting the statistical analysis, it may obtain such discovery only by agreement of the parties or by leave of the Court based upon a showing that such discovery is necessary for its prosecution of, or defense against, Plaintiff EEOC's liability case. If either party intends to present statistical analysis based on data not equally available to both parties, other than class member data, such data and analysis must be disclosed and notice given in accordance with the Federal Rules of Civil Procedure and Local Rules of this Court.

        b.        <u>Other Depositions</u>

Other than depositions of class members, the parties shall be limited to thirty depositions each. However, the aforementioned thirty deposition limitation shall not include any depositions of witnesses identified by Defendant who will be offered to provide testimony regarding Plaintiff EEOC's Stage I class member witnesses. Additional depositions may be taken upon agreement of the parties or upon leave of the Court. No party shall offer as a witness at trial any individual it has not previously afforded the other party an opportunity to depose during Stage I discovery in conformity with the Federal Rules of Civil Procedure.

        c.        <u>Written Discovery</u>

The parties may serve requests for documents, up to 30 requests for admissions and up to 50 interrogatories. Additional written discovery may be taken upon agreement of the parties or upon leave of Court.

The foregoing provisions of this Order regarding designation of certain categories of witnesses shall not relieve the parties of their duty under the Federal Rules of Civil

Procedure and the Local Rules of this Court.

To the extent that there is any discovery pending regarding Class members other than those identified by EEOC as potential witnesses at Stage I, such discovery shall be deferred and answered or otherwise proceed only after Stage II discovery commences. No new discovery regarding these persons shall commence before Stage II proceedings unless agreed to by parties or ordered by Court.

    B.    <u>Trial</u>

The Stage I trial in this bifurcated action shall consist of the following issues:  (1) liability regarding Plaintiff EEOC's hiring discrimination claim(s); **(2) punitive damages related to the hiring discrimination claim(s), both liability and class-wide amount; (3) both liability and remedies regarding the retaliation claim asserted by Plaintiff EEOC and Plaintiff-Intervenor Kathy C. Koch**; and (4) defenses averred by Defendant that apply to the issues to be tried at this Stage of the action.  As appropriate, the Court will also decide issues regarding injunctive relief.  Nothing in this order shall be construed as determining issues of evidence or proof with respect to the Stage I trial.

III.    STAGE II - INDIVIDUAL REMEDIES

    A.    <u>Discovery</u>

        1.    <u>Permissible issues for Stage II discovery</u>

Stage II discovery shall be directed to issues that will be the subject of the Stage II trial in this bifurcated action.  Such discovery may include depositions of and other discovery regarding Class members who were not deposed in Stage I discovery, depositions of current and former Defendant personnel, and any other discovery tools

authorized by the Federal Rules of Civil Procedure.

      2.    <u>Schedule regarding Stage II discovery and other matters</u>

The Stage II discovery schedule, schedule for filing of motions, including any dispositive motions regarding Stage II issues, and the final pre-trial schedule regarding the Stage II trial shall be ordered by the Court after the conclusion of Stage I proceedings. In its discretion, the Court may require a scheduling conference prior to entering such Order and may also require submission of joint and separate proposed scheduling orders by the parties.

      3.    <u>Limitations and other provisions regarding Stage II discovery</u>

In Stage II discovery regarding Class members, discovery shall consist of written discovery, depositions taken by Defendant of Class members who were not deposed during Stage I discovery, and depositions of non-Class members relevant to Stage II issues in an amount to be determined by further order of this Court after the conclusion of Stage I proceedings.

In Stage II discovery, Plaintiff EEOC and Defendant shall answer any discovery requests that were pending at Stage I and deferred by order of this Court because they involved Stage II issues.

Within fourteen (14) days of entry of the Court's scheduling order regarding Stage II discovery and scheduling of other matters, Plaintiff EEOC shall designate and provide to Defendant a final list of all Class members for whom it will seek relief at the Stage II trial.

    B.    <u>Trial</u>

      Stage II trial or trials in this bifurcated action shall determine whether Defendant is liable regarding any individual Class Member and if so, to what relief the individual Class Member is entitled.  **At the conclusion of the Stage II trial, the Court will make appropriate apportionment among the Class members of the punitive damages awarded to Plaintiff EEOC, if any, at the Stage I trial, and will also order any other appropriate relief not already ordered after the Stage I trial.**

      Signed and entered this _____ day of _____, 2004.


                        HONORABLE WILLIAM D. QUARLES, JR.
                             United States District Judge