IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY :
COMMISSION :
10 South Howard Street :
Baltimore, MD 21201 :
  :
  Plaintiff, :
  :  CIVIL ACTION NO.: S02-CV-648
  v. :
  :  JURY DEMANDED
LA WEIGHT LOSS :
225 Business Center Drive, Suite 150 :
Horsham, PA 19044 :
  :
  Defendant. :
  :

**DEFENDANT LA WEIGHT LOSS'S RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant LA Weight Loss hereby responds to Plaintiff's First Set of Requests for Production of Documents as follows:

I. **GENERAL OBJECTIONS**

The following objections are incorporated by reference into each and every response below whether or not specifically set forth therein:

1. Defendant objects to Plaintiff's production requests to the extent they seek to impose obligations upon Defendant beyond those imposed by the Federal Rules of Civil Procedure.

2. Defendant objects to Plaintiff's production requests to the extent they would require disclosure of information or documents protected by the attorney-client privilege, work product doctrine and/or any other applicable privilege recognized by law.

DSB:849667.1/LAW024-158357

**RESPONSE**: Defendant objects to this request as overly broad and unduly burdensome. Defendant also objects to this request as overly broad as to time. This request seeks information from " January 1, 1989 to the present." However, Defendant has only been in existence since February 1997. Defendant further objects to this request to the extent it seeks information that is not relevant to any claim or defense of any party in this action.

Subject to and without waiver of the foregoing objections and the General Objections, no such database exists.

2.   Any other centralized personnel and/or payroll information maintained on Defendant's mainframe computer(s) and/or obtained from a contractor (or former contractor) payroll service(s) in a computer-readable and/or hardcopy format from January 1, 1989 to the present.

**RESPONSE**: Defendant objects to this request as overly broad and unduly burdensome. Defendant also objects to this request as overly broad as to time. This request requests information "from January 1, 1989 to the present." However, Defendant has only been in existence since February 1997. Defendant also objects to this request to the extent it seeks confidential and personal information. Defendant further objects to this request to the extent it seeks information that is not relevant to any claim or defense of any party in this action.

Subject to and without waiver of the foregoing objections and the General Objections, pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, Defendant shall make available for inspection and copying (at Plaintiff's expense), the payroll records in its possession, custody and control for 2001 and 2002 which are maintained by ADP. Defendant's payroll records from 1997 through 2000 were maintained by Zurich Payroll Solutions ("Zurich") and are not currently in the possession, custody and

control of Defendant. At this time, Defendant has requested the information from Zurich, but has received no response to its request.

3. Job descriptions for all positions with Defendant from January 1, 1989 to the present.

**RESPONSE:** Defendant objects to this request as overly broad and unduly burdensome. Defendant also objects to this request as overly broad as to time. This request requests information "from January 1, 1989 to the present." However, Defendant has only been in existence since February 1997. Defendant further objects to this request to the extent it seeks information that is not relevant to any claim or defense of any party in this action.

Subject to and without waiver of the foregoing objections and the General Objections, pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, Defendant shall make available for inspection and copying (at Plaintiff's expense), job descriptions for the following positions: (1) Area Supervisor; (2) Area Trainer; (3) Center Manager; (4) Assistant Center Manager; (5) Counselor; and (6) Medical Assistant.

4. All documents containing any information relating to Defendant's hiring and recruitment policies, practices and procedures (whether formal or informal) for any and all of Defendant's job categories or titles from January 1, 1989 to the present, including, but not limited to, documents containing information relating to the following:

   A. The criteria and standards which Defendant has used to evaluate applicants for employment with Defendant;

   B. The circumstances under which Defendant has given employment applications to members of the public;

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br>)<br>)<br>Plaintiff, )<br>and )<br>KATHY C. KOCH, )<br>Plaintiff-Intervenor, )<br>)<br>v. )<br>LA WEIGHT LOSS, )<br>Defendant. ) | Case No. WDQ-02-CV-648 |

### DEFENDANT'S RESPONSES TO EEOC'S REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant LA Weight Loss hereby responds to Plaintiff EEOC's Second Set of Requests for Production of Documents as follows:

## I. GENERAL OBJECTIONS

The following objections are incorporated by reference into each and every response below whether or not specifically set forth therein:

1.   Defendant objects to Plaintiff's production requests to the extent they seek to impose obligations upon Defendant beyond those imposed by the Federal Rules of Civil Procedure.

2.   Defendant objects to Plaintiff's production requests to the extent they would require disclosure of information or documents protected by the attorney-client privilege, work product doctrine and/or any other applicable privilege recognized by law.

DSB:946968.1/LAW024-142120

prospective employees, applicants, candidates, qualifications of such person(s), screening of such persons, criteria for screening such persons, interviewing of such persons, hiring of such persons, criteria for selecting/hiring such person(s), any quality or qualities (including but not limited to skill, education, experience and/or demographic factors) that are preferred or desirable regarding such person(s), record-keeping, record-retention, and/or this lawsuit.

**RESPONSE:** Defendant objects to this request to the extent it seeks the production of documents or information protected by the attorney-client privilege, work product doctrine and/or any other applicable privilege recognized by law. Defendant further objects to this request to the extent it seeks production of documents already produced by Defendant in response to Plaintiff's First Set of Requests for Production of Documents.

Subject to and without waiver of the foregoing objections and the general objections, Defendant will produce documents responsive to this request.

41.    Produce any and all documents (including but not limited to applications for employment, resumes, interview notes, offer letters, personnel files and payroll documents) relating to any and all persons hired by Defendant since January 1, 1997, for any position pertaining to any one or more center, area, region, market or other geographic/organizational nomenclature (other than positions pertaining solely to Defendant's corporate headquarters operations), including but not limited to the following positions: Medical Technician, Medical Assistant, Phlebotomist, Counselor, Assistant Manager, Assistant Center Manager, Center Manager, Manager, Area Manager, Area Supervisor, Regional Manager, Regional Supervisor, Trainer, Sales Trainer, Service Trainer, Area Trainer, Regional Trainer, Corporate Trainer, Service Supervisor, 3rd Closer, Recruiter, and any other job title regarding positions at Defendant's centers and/or field positions below the level of corporate officer.

**RESPONSE:** Defendant objects to this request as overly broad and unduly burdensome. Defendant further objects to this request to the extent it seeks the production of documents not relevant to any claims or defenses at issue in this lawsuit. Defendant further objects to this request to the extent it seeks the production of personal and confidential information. Defendant further objects to this request to the extent it seeks the production of documents or information protected by the attorney-client privilege, work product doctrine and/or any other applicable privilege recognized by law.

Essentially, through this overly broad request, Plaintiff seeks the production of every employment related document pertaining to every non-corporate employee of Defendant. Such a request is so overly broad and improper that Defendant is unable to provide any substantive response. If, through this request, Plaintiff is seeking the production of specific documents which have not already been produced in this matter, Plaintiff should identify with particularity what documents it is seeking

42. Produce any and all documents referenced by, and/or identified in response to, Plaintiff EEOC's Interrogatory No. 28.

**RESPONSE:** Subject to and without waiver of the objections set forth in response in Interrogatory No. 28 and the general objections, and to the extent responsive documents have not already been produced in response to Plaintiff's First Set of Interrogatories and First Set of Requests for Production, Defendant will provide documents responsive to this request.

43. Produce any and all documents relating to any and all persons identified in either the EEOC's or Defendant's initial disclosures or any supplemental disclosures.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) and ) KATHY C. KOCH, ) Plaintiff-Intervenor, ) ) v. ) LA WEIGHT LOSS, ) Defendant. ) | Case No. WDQ-02-CV-648 |

### DEFENDANT'S RESPONSES TO EEOC'S SECOND SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant LA Weight Loss hereby responds to Plaintiff EEOC's Second Set of Interrogatories as follows:

I. **GENERAL OBJECTIONS**

The following objections are incorporated by reference into each and every response below whether or not specifically set forth therein:

1. Defendant objects to Plaintiff's interrogatories to the extent they seek to impose obligations upon Defendant beyond those imposed by the Federal Rules of Civil Procedure.

2. Defendant objects to Plaintiff's interrogatories to the extent they would require disclosure of information or documents protected by the attorney-client privilege, work product doctrine and/or any other applicable privilege recognized by law.

3. Defendant objects to Plaintiff's interrogatories to the extent they seek information that is personal, confidential, or proprietary in nature.

any and all facts and documents supporting, refuting, or otherwise relating to such reason and the full name, sex, date of birth, social security number, last know home address, last known home telephone number, job title(s) held while employed by Defendant, dates each job title was held, dates of employment with Defendant, and address of work location(s) while employed by Defendant of any and all persons with knowledge of the reason or otherwise relating to the definite claimant.

**ANSWER:** Defendant objects to this interrogatory as unduly burdensome as the information sought by this interrogatory can be ascertained through less burdensome discovery means. Defendant further objects to this interrogatory to the extent it is duplicative of Interrogatory No. 23 above.

Subject to and without waiver of these objections, the objections set forth in response to Interrogatory No. 23 and the general objections, Defendant is in the process of investigating this information and that investigation is ongoing.

29. Identify by full name; sex, social security number, date of birth; any and all position(s) held and dates held; any and all geographic locations to which she/he was assigned; dates of employment; reason for termination (if applicable); starting salary, hourly rate, commission and/or other remuneration for each position(s) held; name of any and all persons who participated in the hiring decision; last known home address; and last known home telephone number of any and all persons who were offered employment with Defendant (whether hired or not hired) anywhere in the United States regarding whom Defendant has not already provided such information, including but not limited to any person offered employment

or hired by Defendant at any time during any period not encompassed by Defendant's initial response to the EEOC's First Set of Interrogatories.

**ANSWER:**   Defendant objects to this interrogatory as overly broad and unduly burdensome. Defendant further objects to this request to the extent it seeks the production of information of a personal and confidential manner. Defendant further objects to this request to the extent it seeks production of information that is not relevant to any claims or defenses at issue in this matter. Defendant further objects to this interrogatory to the extent it seeks information duplicative of that sought in Interrogatories 23 and 24. As such, Defendant incorporates its objections and responses to those interrogatories in this response as if set forth herein.

Subject to and without waiver of the foregoing objections and the general objections, and the objections set forth in response to Interrogatories 23 and 24, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Defendant will produce all applications for employment, cover letters, resumes, payroll information, organizational charts and offer letters in its possession, custody and control not previously produced in response to Plaintiff's prior discovery requests. From these business records, and with substantially the same burden as is upon Defendant in determining this information, Plaintiff may ascertain the answers to this discovery request with respect to who was hired, when they were hired and for what positions and locations. Further, with respect to who participated in the hiring decisions for each of these individuals, Defendant does not have any database from which the information sought by this request is readily obtainable and directs Plaintiff to Defendant's response to Interrogatory No. 24.

30.   Identify, separately for each geographic/organizational location (center, area, region, etc.), the name, dates of use, starting pay and/or any other remuneration of any type of