IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) ) |
| and | ) ) |
| KATHY C. KOCH, | ) ) ) Case No. WDQ-02-CV-648 |
| Plaintiff Intervenor, | ) ) ) |
| v. | ) ) |
| LA WEIGHT LOSS CENTERS, INC., | ) ) |
| Defendant. | ) ) |

## ORDER

AND NOW this _____ of _____, 2004, Defendant's Objection under Federal Rule of Civil Procedure 72(a) to the April 6, 2004 Order of Magistrate Judge Paul W. Grim pertaining to Document Request No. 7 is hereby SUSTAINED. In further responding to Document Request 7, LA Weight Loss is not required to produce or list in a privilege log any documents which are privileged or work product and which were prepared after this litigation began.

_____
J.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>and )<br>)<br>KATHY C. KOCH, )<br>)<br>Plaintiff Intervenor, )<br>)<br>v. )<br>)<br>LA WEIGHT LOSS CENTERS, INC., )<br>)<br>Defendant. ) | Case No. WDQ-02-CV-648 |

OBJECTION TO MAGISTRATE JUDGE'S ORDER
OF APRIL 6, 2004 ON PLAINTIFF INTERVENOR
KATHY KOCH'S MOTION TO COMPEL

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, defendant LA Weight Loss Centers, Inc. hereby objects to the Letter Order of April 6, 2004 entered by the Magistrate Judge Paul W. Grim, ruling on Plaintiff Intervenor Kathy Koch's Motion to Compel Answers to Interrogatories and Request for Production of Documents. Specifically, LA Weight Loss objects to the Order insofar as it grants the motion with respect to the Request for Production of Documents No. 7. The ground for the objection is set forth in the accompanying Memorandum of Law which is incorporated by reference.

DSB:963773.1/LAW024-158357

Respectfully submitted,

*/s/ David Landau*

David E. Landau
Larry H. Spector
David Gollin
Jennifer Blum Feldman
WOLF, BLOCK, SCHORR AND SOLIS-COHEN LLP
1650 Arch St, 22d Floor
Philadelphia, PA 19103-2097
215 977 2049


Elizabeth Torphy-Donzella
SHAWE & ROSENTHAL, LLP
20 S. Charles St.
Baltimore, MD 21201
410 742 1040

Attorneys for Defendant
LA Weight Loss Centers, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,Plaintiff,andKATHY C. KOCH,Plaintiff Intervenor,v.LA WEIGHT LOSS CENTERS, INC.,Defendant. | Case No. WDQ-02-CV-648 |

## MEMORANDUM IN SUPPORT OF OBJECTION TO ORDER OF APRIL 6, 2004 REGARDING PLAINTIFF INTERVENOR KATHY KOCH'S MOTION TO COMPEL

### Introduction

The April 6, 2004 Order of Magistrate Judge Paul W. Grim ruled upon the adequacy of answers and objections by LA Weight Loss ("LAWL") to 12 of the numerous discovery requests posed by Plaintiff Intervenor Kathy C. Koch. LAWL now objects, pursuant to Fed,. R. Civ.P.72(a), to the ruling with respect to one of those requests, Document Request 7.[1] The ruling is clearly erroneous and contrary to law because it requires LAWL to produce and/or catalogue in a privilege log all of LAWL's ongoing written communications with its counsel, including much of its counsel's work product, prepared after this litigation began. Such material is

---

[1] The page from the April 6, 2004 Order containing the text of Document Request 7 and the Magistrate Judge's Ruling on LAWL's objection is attached hereto as Exhibit A.

DSB:963775.4/LAW024-158357

irrelevant, not calculated to lead to the discovery of admissible evidence and therefore not discoverable in the first place under Fed. R. Civ. P. 26(b)(1).

### The Appropriate Standard of Review of the Magistrate Judges's Order

Federal Rule of Civil Procedure 72(a) provides, in part, that: "[t]he district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." See also United States v. Johnson, 140 F. Supp.2d 485, 486 (D. Md. 2001) (in reviewing a magistrate's judge decisions, the District Court must conduct a de novo review under 28 U.S.C. § 636(b)(1)(B) and make a determination as to those portions of "'the magistrate judge's disposition to which specific written objection has been made'") (citations omitted).

### The Objectionable Document Request 7

Judge Grim's Order requires production of all documents and/or privilege log responsive to the following Document Request 7:

> "All correspondence between Kathy Koch and LA Weight Loss, or any correspondence concerning Kathy Koch by or to any LA Weight Loss employee, or concerning Kathy Koch by or to the EEOC or to any person other than LA Weight Loss."

The definitional section of the written discovery defines LA Weight Loss as including its counsel.[2] Koch's motion made quite clear that plaintiff is seeking copies of correspondence between LA Weight Loss and its counsel, whether written before or after the events took place which gave rise to this litigation.[3] Thus, if the correspondence post dates the filing of this

---

[2] Intervenor/Plaintiff's First Request for Production of Documents and Things, served February 5, 2003, Instructions and Definitions, ¶ A: "The words 'you', 'your' and 'LA Weight Loss' mean Defendant LA Weight Loss, and its agents, inestigator, consultants and attorneys."

[3] In Paper No. 52, Koch's Reply Brief in support of her motion to compel, p. 24 - 25, Koch insisted on a detailed privilege log of communications between LAWL and its counsel.

litigation and is purely work product containing the mental impressions of LAWL about litigation strategy or if it is a privileged communication with advice on how to defend the case, or is an evaluation provided to an LAWL insurance carrier, it is sought by the request as long as it has anything to do with Kathy Koch.

**Argument**

We of course recognize that under FED. R. CIV. P. 26(b)(1) "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." In the seminal case of Hickman v. Taylor, 67 S. Ct. 385, 394, 329 U.S. 495, 512 (1947), while recognizing the necessity of according a "broad and liberal treatment" to the federal discovery rules, the Court nevertheless noted that "discovery, like all matters of procedure, has ultimate and necessary boundaries." Id. at 507.

It is therefore one thing for a discovery request to seek material generated during the course of the events which gave rise to the litigation which happens to include some privileged attorney client communications. It is quite another to insist upon material generated <u>after</u> those events transpired such that the responding party is called upon to provide all documents, or even merely a log off all documents, which chronologically catalogue all of his contacts with his attorney after the lawsuit began. Indeed, such insistence could lead to a party having to routinely update his adversary as the litigation continues of all of his contacts, including emails, letters and memos, with his counsel.

The production of documents and/or a privilege log which essentially tracks LAWL's counsel's day-to-day management of the instant case is simply irrelevant to the claims or defenses of the parties and encroaches dangerously upon counsel's entitlement to work product

---

Neither Koch's argument, nor Magistrate Grim's April 6, 2004 Order put any temporal limit on the material that would have to be covered by such a log.

protection that "[n]ot even the most liberal of discovery theories can justify." See id. at 510; cf. In re ANR Advance Transp. Co., Inc., 302 B.R. 607, 616 (E.D. Wis. 2003) (discussing Hickman and explaining that the work product doctrine is "designed to benefit the adversary system itself and to produce an atmosphere in which counsel for both sides can fully prepare and present their clients' best case without the stifling self-editing that would be necessary if an attorney's work product were subject to unchecked discovery").

Therefore, LAWL has no objection, for example, to producing or logging as privileged attorney-client communications relating to Kathy Koch before the EEOC filed this lawsuit, including such documents created while her charges were pending before the EEOC. It does object, however, to producing or even having to log its communications with its counsel or their work product concerning Kathy Koch after this litigation started.

Such a limitation on discovery would not preclude production of documents generated or disclosure of facts occurring before the litigation began. Nor would those materials be withheld merely because they were conveyed with a privileged communication sent during the litigation. The limitation would merely permit LAWL to exclude from its response any references to the routinely privileged communications and work product that flows from the litigation itself.

The Comment to the 1993 Amendments to Fed. R. Civ. P. 26(b)(5), the rule referenced by the Magistrate as requiring a privilege log, states: "The obligation to provide pertinent information concerning withheld privileged materials applies only to items 'otherwise discoverable.'" It describes how a proper response to an overbroad discovery request does not have to include a log regarding materials covered only by the overbroad aspect of the request.

Here the Magistrate's order requiring a privilege log of all pre and post litigation attorney client communications and work product, even the most current communications and work product of LAWL counsel, is entirely inconsistent with that principle. Materials generated after the litigation began which are privileged or work product cannot possibly be "otherwise discoverable." As opposed to the underlying facts themselves, those documents contain no facts or evidence relevant to the claims or defenses asserted in the case. As purely the advise or work product of counsel, they can never be admitted into evidence or lead to the discovery of any admissible evidence. They are separate and distinct from the underlying facts about which LAWL is already providing the proper discovery.

In In re Imperial Corp. of Am., 174 F.R.D. 475 (S.D. Cal. 1997), the defendants requested that the plaintiffs produce all documents exchanged between plaintiffs' various counsel and plaintiffs themselves concerning the lawsuit. The Court found that "it would be foolish to believe that very many of [the requested] documents would be other than protected by the attorney-client privilege or work product" and that "[t]o force the creation of a document-by-document privilege log of documents [in this circumstance] is unreasonable and overly burdensome." Id. at 479.[4]

---

[4] Instead of requiring a detailed privilege log, the Imperial Corp. Court permitted plaintiffs to provide the following information:

> 1. An aggregate listing of the numbers of the withheld documents;
> 2. An identification of the time periods encompassed by the withheld documents;
> 3. An affidavit containing the representations that:
> (a) the withheld documents were:
> (1) either prepared to assist in anticipated or pending litigation; or
> (2) contain information reflecting communications between
> (i) counsels or counsels' representatives, and
> (ii) plaintiffs or plaintiffs' representatives, for the purpose of facilitating the rendition of legal services to plaintiffs; and,
> (b) intended to be confidential communications.

**Conclusion**

The LAWL objection to the Magistrate's order of April 6 with regard to Request for Production of Documents No. 7 should be sustained. LAWL should not have to produce or list in a privileged log any documents which are privileged or work product and which were prepared after this litigation began.

Respectfully submitted,

*[signature]*

David E. Landau
Larry H. Spector
David Gollin
Jennifer Blum Feldman
WOLF, BLOCK, SCHORR AND SOLIS-COHEN LLP
1650 Arch St, 22d Floor
Philadelphia, PA 19103-2097
215 977 2049

Elizabeth Torphy-Donzella
SHAWE & ROSENTHAL, LLP
20 S. Charles St.
Baltimore, MD 21201
410 742 1040

Attorneys for Defendant
LA Weight Loss Centers, Inc.

Date: April 19, 2004

---

Imperial Corp., 174 F.R.D. at 479. Should the Court determine, despite the improper nature of plaintiff's request, that a privilege log is necessary, the privilege log should take this form.

DSB:963775.4/LAW024-158357            - 6 -

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing Objection to Magistrate Judge's Order of April 6, 2004 on Plaintiff Intervenor Kathy Koch's Motion to Compel and Memorandum in Support of Objection to Order of April 6, 2004 Regarding Plaintiff Intervenor Kathy Koch's Motion to Compel to be filed and served electronically on this day, the 19th day of April 2004. I further certify that a copy of each of the foregoing documents shall be served by first-class mail, postage pre-paid, upon Intervenor/Plaintiff, through her counsel, as follows:

>Pamela J. White, Esquire
>Ober, Kaler, Grimes & Shriver, P.C.
>120 East Baltimore Street
>Baltimore, Maryland 21201


>Ronald L. Phillips, Esquire
>U.S. Equal Employment Opportunity Commission
>Baltimore District Office
>10 South Howard Street, 3rd Floor
>Baltimore, MD 21201

_____
David E. Landau

Dated: April 19, 2004

DSB:964234.1/LAW024-158357