# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **and** ) | |
| ) | |
| **KATHY C. KOCH,** ) | **Case No. WDQ-02-CV-648** |
| ) | |
| **Plaintiff-Intervenor,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **LA WEIGHT LOSS,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

## PLAINTIFF EEOC'S REBUTTAL TO DEFENDANT'S MEMORANDUM SETTING FORTH OBJECTIONS TO PROPOSED SCHEDULING ORDER

Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") files the instant Rebuttal to the Memorandum Setting Forth Objections of Defendant LA Weight Loss to Proposed Scheduling Order Filed by the EEOC on April 12, 2004 Regarding Bifurcation ("Defendant's Objections"). For the reasons set forth below, Plaintiff EEOC respectfully requests that the Court enter the Order Regarding Bifurcation and Scheduling submitted to the Court on April 12, 2004.

As Defendant has stated in its Objections, the only two issues to which it continues to maintain objection are the trial of punitive damages and of the retaliation claims regarding Plaintiff-Intervenor Koch in the liability phase trial of this bifurcated action. Plaintiff EEOC incorporates by

reference its discussions of these issues that it has previously filed with the Court.  Trial of the punitive damages issues regarding the EEOC's discriminatory hiring claims and of the retaliation claims during the liability phase of this action are both appropriate and necessary given the law and the facts of this case.

However, Defendant's Objections contain new material that warrant a brief response. Defendant now cites to certain evidence for the proposition that the claimants in this case have not sustained actual damages or that the potential for such damages is low.  The evidence cited does not support the proposition for which it is offered.  Evidence showing monetary damages regarding three claimants does not support Defendant's broad assertion that the class as a whole sustained "very little, if any, damages."  Defendant's characterization of the harm to the claimants, both the 207 currently identified claimants and those not yet identified, is based wholly on speculation.

Also, Defendant's own cited examples show that the claimants sustained back pay losses. For instance, taking Defendant's recitation of the record and new evidence as accurate, it is evident that claimants Matthew Turley and Reginald Cooper both sustained thousands of dollars in lost wages not including prejudgment interest.  Defendant has also failed to cite to examples from the five remaining deposed claimants that are less favorable to its position, such as claimant Harvey Sitnick, who sought managerial opportunities with Defendant in September 1997. See Exb. 1 at pgs. 26-27 (deposition transcript of Harvey Sitnick). Mr. Sitnick's testimony shows that despite extensive efforts to obtain employment, he earned employment income of no more than $5000.00 per year during 1997 and 1998, and no employment income in 1999, 2000, and part of 2001. See Exb. 1 at pgs. 23-25.  However, Defendant's own exhibits to its Objections suggest that Mr. Sitnick would have earned in excess of $30,000.00 per year as a center manager during this period. See Defendant's

Objections, Exb. D ("In 1999, center managers in the St. Louis, Missouri area earned $300.00 per week plus a 3/4 percent commission based on the center's revenue. Such center managers averaged between $32,000 and $35,000 annually."). Moreover, as Defendant can verify, area managers during this period were paid significantly more than center managers, creating a strong likelihood that Mr. Sitnick's losses are even higher.[1]

Most importantly, as the EEOC has discussed in its previous submissions to the Court, the alleged relevancy of Defendant's back pay evidence is predicated upon a demonstrably flawed legal analysis, viz., Defendant's misinterpretation and erroneous application of BMW of North America, Inc. v. Gore, 517 U.S. 415 (1994), to this case, its disregard of the Gore focus on likely/potential harm, its inaccurate view of 42 U.S.C. § 1981a as it relates to the requirements for a punitive damages award, its disregard of the principle that trial of the punitive damages issue focuses on the Defendant's conduct and mental state, and its artificially narrow conception of the injuries to the public interest and private interests that flow from a pattern or practice of discrimination. See Plaintiff EEOC's Response to Defendant's Motion for a Pre-Trial Conference and Reply to Memorandum of Defendant in Response to Plaintiff EEOC's Motion to Bifurcate Trial and

---

[1] Plaintiff EEOC does not know exactly what the selectees for the positions earned during this period because in response to various interrogatories and document production requests, Defendant has repeatedly failed to produce compensation evidence for a substantial portion of the time period of Mr. Sitnick's back pay accrual (1997-2001) and has failed to provide accurate and complete information regarding persons it has hired. Plaintiff EEOC is in the process of compelling answers and production, and it has been unable to extract this information from incomplete payroll documents that it obtained by subpoena from a successor to Defendant's former payroll contractor. Therefore, Plaintiff EEOC is presently unable to provide more specific figures regarding what Mr. Sitnick and others would have earned if employed by Defendant in the markets for which they applied. Because of Defendant's previous lack of responsiveness regarding these matters and its attempt to use evidence it has withheld from the EEOC, the EEOC has moved to strike Exhibit D to Defendant's Objections.

Discovery at 1-14; Plaintiff EEOC's Memorandum in Rebuttal to Defendant's Sur-Reply Brief Regarding Motion to Bifurcate at 1-6 (submitted as Attachment #1 to Document No. 59, which is Plaintiff EEOC's Motion for Leave to File Plaintiff EEOC's Memorandum in Rebuttal to Defendant's Sur-Reply Brief).

      Defendant's Objections continue to lack merit. Its new evidentiary submissions are irrelevant to the issue before the Court. Plaintiff EEOC respectfully requests that the Court enter the Order Regarding Bifurcation and Scheduling submitted to the Court on April 12, 2004.

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

        /s/
_____
TRACY HUDSON SPICER (Bar No. 08671)
Supervisory Trial Attorney
CORBETT L. ANDERSON
Trial Attorney
RONALD L. PHILLIPS
Trial Attorney
Baltimore District Office
City Crescent Building, 3rd Floor
10 South Howard Street
Baltimore, Maryland 21201
Telephone number: (410) 962-4628
Facsimile number: (410) 962-4270/2817

4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that Plaintiff EEOC's Response to Defendant's Memorandum Setting Forth Objections of Defendant LA Weight Loss to Proposed Scheduling Order Filed by the EEOC on April 12, 2004 Regarding Bifurcation was filed and served electronically on this day, the 20th day of April 2004. The undersigned further certifies that a copy of each of the aforementioned documents shall be served, via regular mail, upon David Landau, Wolf, Block, Schorr and Solis-Cohen LLP, 1650 Arch St., 22nd Floor, Philadelphia, PA 19103, and upon Pamela J. White, Ober, Kaler, Grimes and Shriver, 120 E. Baltimore St., Baltimore, MD 21202, on the 20th day of April 2004.

            /s/
_____
RONALD L. PHILLIPS
Trial Attorney
Baltimore District Office
City Crescent Building, 3rd Floor
10 South Howard Street
Baltimore, Maryland 21201
Telephone number: (410) 962-4628
Facsimile number: (410) 962-4270/2817