IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND, NORTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION : <br>           Plaintiff, : <br>   and : <br> : <br> KATHY KOCH : <br>           Intervenor/Plaintiff, : <br>   v. : <br> : <br> LA WEIGHT LOSS : <br>           Defendant. : <br> : | CASE NO.: WDQ 02-CV-648 <br><br> JURY DEMANDED |

**DEFENDANT LA WEIGHT LOSS'S OPPOSITION TO THE STATEMENT OF
KATHY C. KOCH FOR COSTS AND ATTORNEYS' FEES**

Defendant LA Weight Loss submits its Opposition to the Statement of Kathy C. Koch for Costs and Attorneys' Fees ("Fee Petition") pursuant to the Court's Order dated April 6, 2004.

**I.      INTRODUCTION**

Under Rule 37(a)(4)(A) of the Federal Rules of Civil Procedure, the award of reasonable expenses is within the discretion of the trial court. Stillman v. Kaehni, 522 F.2d 798, 801 (4th Cir. 1975). Such discretion should not be exercised here where Plaintiff is seeking an award in excess of $22,000 for preparing a motion to compel discovery responses. Plaintiff did not prevail on at least one-third of the issues initially raised in her motion to compel and LA Weight Loss engaged in significant efforts to resolve this discovery dispute before the motion was filed resulting in the resolution of a number of issues without court intervention. Accordingly, the Court should deny Plaintiff's Fee Petition, or, in the alternative, reduce the amount of fees sought to a figure commensurate with the skill and time reasonably required in dealing with a straight forward discovery motion.

## II.  ARGUMENT

### A.  The Hourly Rate Sought Is Excessive

Plaintiff seeks recovery for Ms. White's time at an hourly rate of $325 and $335 per hour. Appendix B of the Rules of the U.S. District Court of Maryland provides that a reasonable hourly rate for a practitioner in this District with Ms. White's experience is $200 to $275 per hour.  Although the rates established in Appendix B are guidelines, these guidelines have been determined to be a presumptively reasonable range of hourly rates in civil rights and discrimination cases and have been utilized in analyzing fee petitions in discovery disputes.  See Hayes v. Mazda Motor Corp., 2000 U.S. Dist. LEXIS 20002, at *10 (D. Md. Aug. 4, 2000)(Exhibit A).  The guidelines already account for Ms. White's experience as an employment litigator.  Plaintiff provides no explanation as to why a straightforward discovery motion requires a rate $50 to $60 more an hour than the highest rate recognized by the Local Rules.  See Stone v. Thompson, 164 F. Supp. 2d 639, 712 (D. Md. 2001) (stating that it is the burden of the fee applicant to produce specific evidence justifying the requested rate).  Moreover, Plaintiff submitted no affidavit attesting to the fact that her hourly rate is consistent with the hourly rate of similarly situated employment lawyers in the District of Maryland.  See Buffington v. Baltimore County, Md., 913 F.2d 113, 129 (4th Cir. 1990)(remanding case for reconsideration of hourly rate awarded where information submitted related to "market rates charged private clients for complex civil litigation in the Baltimore community ... [but did] not provide specific information about the market rates in Baltimore for comparable civil rights cases.").  Accordingly, Plaintiff's fees should be based on the standard rate set forth in Appendix B for a practitioner at Ms. White's experience level.

### B.  Plaintiff Should Not be Permitted to Recoup Expenses for Issues Upon Which She Did Not Prevail.

In her initial Motion to Compel, Plaintiff raised eighteen (18) discovery issues.  By the time her motion was ripe for consideration, LA Weight Loss and Plaintiff had resolved five of the issues.  Thus,

Plaintiff only sought the Court's intervention on thirteen (13) of the original issues.  Thereafter, the Court issued an opinion on only twelve (12), or two-thirds of the issues initially raised.  Despite this fact, Plaintiff seeks recovery on her entire Motion to Compel without any reduction for the issues that were not decided in her favor by the Court.  Accordingly, Plaintiff should not be permitted to recover expenses for at least one-third of her Motion to Compel pertaining to issues which were properly disposed of in accordance with the dictates of the local rules for resolving discovery disputes and which were not decided in her favor.  See In re Kunstler, 914 F.2d 505, 524 (4th Cir. 1990) (the amount of sanctions is appropriate only when it is the minimum that will serve to adequately deter the undesirable behavior).[1]

### C. The Hours Expended by Plaintiff's Counsel Are Excessive

In determining whether the number of hours spent in a fee petition are reasonable, the Court should consider whether the party exercised "billing judgment."  A party has a duty to exercise "billing judgment" to exclude from a fee petition hours that are excessive, redundant or unnecessary.  Trimper v. City of Norfolk, 58 F.3d 68, 74 (4th Cir. 1995).  Here, Plaintiff's billing judgment does not comport with this standard.

#### 1. Plaintiff Should Not Recover Excessive Time Spent on Briefing

A review of Plaintiff's Fee Petition shows that in preparing the initial Motion to Compel and the subsequent Reply Brief, Ms. Bailey spent a significant amount of time preparing these briefs, but Ms. White spent considerable time editing and revising Ms. Bailey's work.  For example, Ms. Bailey spent approximately 20 hours preparing the initial Motion to Compel.  Ms. White then spent over 10.5 hours editing and revising that work product.  Then, with respect to the Reply Brief, Ms. Bailey spent 15 hours

---

[1] Although Kunstler was decided in the context of Rule 11, this District has held that the Rule 11 analysis for the award of expenses is applicable to the imposition of expenses under Rule 37. See Poole v. Elliot, 192 F.R.D. 494, 508 (D. Md. 2000).

preparing that brief, and Ms. White subsequently spent 15.5 hours editing and revising it.[2] In total, Plaintiff expended 31.5 hours preparing her initial Motion to Compel and an equal amount of time (31.6 hours), preparing her Reply Brief. Of this 63.1 hours of briefing, 26 hours of that time was devoted to editing and revising alone. More rigorous billing judgment should have been exercised here. LA Weight Loss submits that the initial Motion to Compel and the Reply together should not have taken more than 25 hours of combined partner and associate time, with a majority of that time being associate hours.

### 2. Plaintiff Should Not Be Permitted to Recover Expenses Related to Efforts to Negotiate a Resolution to the Discovery Dispute.

In her Fee Petition, Plaintiff seeks recovery of 19.4 hours of time spent in efforts with counsel for LA Weight Loss to resolve this discovery dispute without the need for judicial intervention. Although the parties were unable to resolve all of the discovery issues through this process, a number of issues were resolved. Plaintiff should not be permitted to recover expenses for engaging in activities required by the Local Rules and which were at least partially successful. Allowing such a recovery would be contrary to the spirit of the Local Rules which encourage and require parties to engage in such efforts. A party should not be at risk of being held responsible for payment of its adversary's expenses related to attempts to resolve discovery disputes without court intervention. Accordingly, Plaintiff should not be permitted to recover expenses related to these efforts.

### 3. Plaintiff Should Not Be Permitted to Recover Expenses Unrelated to the Motion to Compel, or for Conferring and Getting Up To Speed.

In her Fee Petition, Plaintiff seeks recovery for over 4 hours of time spent by Ms. Bailey reviewing discovery requests and a status memo in order to become familiar with the issues

---

[2] In fact, Ms. White billed only thirteen (13) hours less on this matter (42.1 hours) than the hours billed by her associate (55.3 hours). This discovery dispute did not involve any complex or novel legal issues and Plaintiff has not provided any justification to support the magnitude of Ms. White's hours on this matter.

encompassed by this discovery dispute. Ms. Bailey is the second associate added to this matter. Ms. White's prior associate prepared the discovery requests at issue. LA Weight Loss should not be responsible for the four hours of time spent by Plaintiff's counsel due to staffing changes and these hours should be deducted from Plaintiff's Fee Petition.

In addition, Plaintiff seeks recovery for time spent between Plaintiff's counsel conferring over this matter. The bills submitted by Plaintiff in support of her Fee Petition are in block billing form, which is contrary to the task billing required by Local Rule 109.2b (incorporated in Appendix B by reference). This makes it impossible for the Court or LA Weight Loss to evaluate how much time was actually spent conferring. However, between August 2003 and March 2004, Plaintiff's counsel billed for at least 13 conferences, one of which (November 17, 2003) was about the District Court's e-filing rules. LA Weight Loss should not be required to compensate Plaintiff for this time and some form of reduction is appropriate.

Finally, in at least three separate entries (July 27, 2003, August 22, 2003 and September 2, 2003), Plaintiff seeks recovery of expenses for activities unrelated to her Motion to Compel. Specifically, these entries contain references to Plaintiff's deposition, a matter not at issue in this dispute. Accordingly, Plaintiff should not be permitted to recover for these unrelated expenses.

### III. CONCLUSION

For the foregoing reasons, Defendant LA Weight Loss respectfully requests that the Court deny Plaintiff's Statement for Costs and Attorneys' Fees, or, in the alternative, reduce the amount of fees requested.

Respectfully submitted,

_____/s/_____
David Landau
David Gollin
WOLF, BLOCK, SCHORR AND SOLIS-COHEN
1650 Arch St, 22d Floor
Philadelphia, PA 19103-2097
215 977 2052

Elizabeth Torphy-Donzella
Bar No. 10809
SHAWE & ROSENTHAL, LLP
20 S. Charles St.
Baltimore, MD 21201
410 742 1040

**Attorneys for Defendant LA Weight Loss**

Dated: April 26, 2004

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing Opposition to the Statement of Kathy C. Koch for Costs and Attorneys' Fees to be filed and served electronically on this day, the 26th day of April 2004. I further certify that a copy of each of the foregoing documents shall be served by first-class mail, postage pre-paid, upon Intervenor/Plaintiff, through her counsel, as follows:

>Pamela J. White, Esquire
>Ober, Kaler, Grimes & Shriver, P.C.
>120 East Baltimore Street
>Baltimore, Maryland 21201
>
>Attorney for Intervenor/Plaintiff

and upon Plaintiff via first-class mail, postage pre-paid as follows:

>Ronald L. Phillips, Esquire
>U.S. Equal Employment Opportunity Commission
>Baltimore District Office
>10 South Howard Street, 3rd Floor
>Baltimore, MD 21201
>
>Attorneys for Plaintiff

>_____/s/_____
>David Gollin

Dated: April 26, 2004