IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | * | |
| | * | |
| Plaintiff | | |
| and | * | |
| KATHY C. KOCH | | |
| | * | |
| Intervenor/Plaintiff | | |
| | * | |
| v. | | Civil No. S-02-CV-648 |
| | * | |
| LA WEIGHT LOSS | | |
| | * | |
| Defendant | | |

\* \* \* \* \* \* \* \* \* \* \* \*

**REPLY IN SUPPORT OF STATEMENT
OF KATHY C. KOCH FOR COSTS AND ATTORNEYS' FEES**

Intervenor Plaintiff, Kathy C. Koch, through her undersigned counsel, submits her Reply In Support of Statement for Costs and Attorneys' Fees. Hours expended by counsel for Koch are more than well justified.

Koch Does Not Request Fees For Activities Before Preparation and Drafting of The Motion to Compel. Defendant LA Weight Loss served its Answers to Koch's First Set of Interrogatories and Responses to Koch's First Request for Documents on March 31, 2003. Koch, however, does not request fees incurred from March 31, 2003, until July 16, 2003, (over approximately *four months*), related to correspondence, research, and assessment of Defendant's completely deficient responses. Fees for attorney time requested essentially begin with Ms. White's correspondence dated July 30, 2003 (attached as Exhibit A).

742696.1

Defendant Extended The Discovery Dispute. Because of the extraordinary passage of time from the date of Defendant's non-answers (March 31, 2003) to the date of Judge Quarles' hearing (March 24, 2004), the fees incurred amount to an extraordinary sum even after counsel for Koch conservatively applied Rule 1.5. During this period of time, Defendant produced approximately two boxes of documents and excuses for interrogatory answers, but counsel for Koch was continually forced to review, analyze and assess the status of Defendant's discovery and press for adequate responses.[1] Defendant never gave Koch substantive answers to interrogatories and to this date, still hasn't explained the disappearance of documents that Kathy Koch handed over to her supervisor on the day of her dismissal in March 1998.

Koch Received No Substantive Answers to Interrogatories at Any Time. Despite the fact that Defendant has had *over a year* to respond to Ms. Koch's discovery requests, LA has failed to provide any substantive answers to her interrogatories. This basic fact is proven by defense counsel's letter dated March 19, 2004 (attached as Exhibit B) on the eve of Judge Quarles' hearing; Defendant made one last apparent (however transparent) effort to offer counsel's answers to interrogatories. The March 19 letter confirms that Ms. Koch could never realistically expect that Defendant would answer interrogatories.

Associate Assistance and Internal Conferences Are Not "Double Billed." Koch's counsel White relied upon associates (at lower billing rates) whenever feasible.[2] No fees have been charged for more than *one* attorney involved in each conference described. Moreover, the value

---

[1] Although Defendant characterizes much of this time as "time related to efforts to negotiate a resolution" and "attempts to resolve the discovery disputes," and claims that fees incurred are not properly recoverable, the time simply reflects Koch's efforts to compel responses from Defendants in connection with her motion.

[2] Contrary to Defendant's assertion, associate Bailey's time was not duplicated time. LA fails to acknowledge that Koch seeks no time at all for Ms. Hoelzer, the associate that assisted from March 31, 2003 (receipt of Defendant's discovery responses) until July 17, 2003 ( the time Ms. Bailey stepped in) with Defendant's seriously inadequate discovery.

of attorney conference time or necessary document review has been assessed for the associate time wherever appropriate, not the partner time.

Ms. White's Necessary Involvement in preparing the motion and addressing the kind and nature of documents that Ms Koch should have received over a year ago, is a function of the fact that she has represented Kathy Koch since March of 1998 and that the two have worked together over an extended period of time to address Ms. Koch's claims.  The fact that Defendant should have properly addressed Koch's discovery more than a year ago does not justify Koch's fee reduction, and neither does the fact that Ms. White has been seriously involved.  Only Ms. White could prepare, revise or edit statements of relevant facts describing events six years ago in an effort to explain to the Court the discovery responses Koch reasonably should have received from the same counsel representing LA Weight Loss six years ago.

Ms. Koch Does Not Seek Out Of Pocket Expenses devoted to this matter.  In addition, Ms. Koch has elected not to take the time and incur the fees to itemize and demand fees incurred for the number of hours expended in the preparation of her Fee Statement and this Reply. Neither have counsel estimated time necessary to retake particular depositions where defense counsel Mr. Landau improvidently instructed witnesses not to answer questions and where relevant documents and interrogatory answers are yet to be produced.

Respectfully submitted,

*Pamela J. White*

Pamela J. White, Bar No. 00181
Ober, Kaler, Grimes & Shriver
120 East Baltimore Street
Baltimore, Maryland 21201
Telephone Number: (410) 347-7323

Facsimile Number: (410) 547-0699
E-mail address: pjwhite@ober.com

Attorneys for Intervenor/Plaintiff
Kathy C. Koch