# OBER | KALER
A Professional Corporation

**Ober, Kaler, Grimes & Shriver**
Attorneys at Law

120 East Baltimore Street
Baltimore, MD 21202-1643
410-685-1120 / Fax 410-547-0699
www.ober.com

Pamela J. White
pjwhite@ober.com
(410) 347-7323

**Offices In**
Maryland
Washington, D.C.
Virginia

July 30, 2003

**VIA FACSIMILE AND FIRST CLASS MAIL**

David L. Gollin, Esquire
Wolf, Block, Schorr & Solis-Cohen, LLP
1650 Arch Street, 22nd Floor
Philadelphia, Pennsylvania 19103

    Re:    *EEOC v. LA Weight Loss*
             Civil Action No.: WDQ-02-648

Dear Mr. Gollin:

       Your letter of July 7, 2003 transmitted approximately 34 pages of documents and an Employee Handbook, while excluding certain documents from Portlock's personnel file, and "various training documents." The production is deficient and your responses to Ms. Koch's discovery requests are unsatisfactory. Please plan to respond to this letter to correct the deficiencies before I must proceed to move to compel production and supplemental interrogatory answers. I understand (from Ms. Hoelzer) that the deadline to do so currently is August 6 but that you may request or agree to an appropriate extension, consistent with other, ongoing discovery proceedings.

       LA Weight Loss' document production is wholly inadequate. First, you have withheld certain documents (LA-0106545 through LA-0106573) until the execution of a confidentiality agreement by all parties to the litigation. You have withheld certain documents from Lynne Portlock's personnel file relating to her hiring, discipline, performance and job changes, on the basis of confidentiality. Yet LA Weight Loss' production contains certain documents relating to the discipline and termination of certain other former LA Weight Loss employees. The fact that LA Weight Loss readily provides copies of personnel documents of other employees undercuts


1903
OBER | KALER
2003
*Forward thinking.*
*For the century ahead.*

724790.2

**OBER | KALER**
A Professional Corporation

David L. Gollin, Esquire
July 30, 2003
Page 2

any valid basis for withholding similar documents from Lynne Portlock's personnel file as confidential. Please produce those documents before August 6.

Next, I have been unable to locate any log of documents as to which you assert any privilege. Please produce the privilege log before August 6.

While many of LA Weight Loss' objections to producing certain information or documents to Ms. Koch are groundless, specific deficiencies are identified below.

Requests 5, 17:   LA Weight Loss objects to requests regarding any other claims of retaliation against the company in the Maryland/Delaware region from 1997 to the present as irrelevant and overly broad. I am unaware of case authorities that support your assertion of irrelevancy. The request is limited in scope in that it concerns only those claims brought by employees in the region in which Ms. Koch was employed and is limited to a reasonable time frame. You are expected to produce the documents requested absent authority to the contrary.

Requests 7, 8 and 25:   These requests are reasonably calculated to discover admissible evidence of all communications with LA Weight Loss, within LA Weight Loss, with the EEOC, and/or with anyone, referring or relating to Ms. Koch. Whether certain of such documents already have been produced to or by the EEOC does not relieve LA Weight Loss from producing its own file documents to Ms. Koch. The EEOC certainly bears no responsibility to satisfy LA's own discovery obligations. Your failure to produce any such correspondence or communications, for example, my early correspondence to Mr. Landau, prompts me to question whether there has been spoliation of evidence. If documents have been destroyed or lost, you must identify the relevant circumstances.

Request No. 9:   LA Weight Loss has withheld production of selective but relevant portions of Lynn Portlock's personnel file(s) on the grounds of confidentiality. Given the production of personnel documents for other former employees, this refusal to produce Portlock's file without a confidentiality agreement is groundless. Further LA's selective limitation on the contents of its production is unexplained and unacceptable.

Request No. 12:   This request seeks information regarding any complaints made by employees of LA Weight Loss about the company's new-hire application process and/or hiring policies from 1997 to the present. Such evidence is relevant to Ms. Koch's claims that she complained to her supervisors that the company refused to hire men. Ms. Koch was employed

OBER | KALER
A Professional Corporation

David L. Gollin, Esquire
July 30, 2003
Page 3

by Defendant for approximately five months in 1997 and 1998, and documents dated or exchanged at least in 1997 and 1998 are relevant.

Requests 14, 18, 19: Ms. Koch seeks employee names, and numbers of employees, working at Maryland and Delaware facilities in 1997, 1998 and to the current date, broken out by job category and gender. Defendant's response to request 19 is incredible for its representation that LA Weight Loss continues to search for responsive documents that would reflect the names of managers and assistant managers of centers located in the Baltimore region during the time of Ms. Koch's employment. We expect that LA Weight Loss will promptly supplement its response.

Requests 20, 21, 27: LA Weight Loss has produced a copy of an employee handbook originally issued on September 1, 1998. If Defendant maintains a copy of any policies or manuals or handbooks from 1997, those documents must be produced as relevant to the claims and defenses in this litigation. If no policies or handbook exist from that time period, LA Weight Loss should explain the circumstances, e.g. whether none existed or have since been destroyed.

Requests 24: Ms. Koch requests non-privileged notes of witness statements, transcripts of interviews, and responses to subpoenas.

Request 26: We await your production of training materials used in 1997-98.

The following outlines deficiencies in LA Weight Loss' answers to interrogatories:

Interrogatory Nos. 6, 7: LA Weight Loss objects to any interrogatory or request regarding any other claims of retaliation against the company in the Maryland/Delaware region, from 1997 to the present, as irrelevant and overly broad. I am unaware that case authorities support your assertion of irrelevancy. The request is limited in scope in that it concerns only those claims brought by employees in the region in which Ms. Koch was employed and is limited to a reasonable time frame.

Interrogatory No. 9: LA Weight Loss has produced a copy of an employee handbook originally issued on September 1, 1998. If Defendant maintains a copy of any policies or manuals or handbooks from 1997, those documents must be produced as relevant to the claims and defenses in this litigation. If no policies or handbook exists from that time period, LA Weight Loss should describe policies applicable in 1997 and explain the circumstances.

724790.2



David L. Gollin, Esquire
July 30, 2003
Page 4

Interrogatory No. 14: This interrogatory seeks information regarding any training provided to area trainers in 1997 and 1998, the period of Ms. Koch's employment with LA Weight Loss. While we understand that you agree to produce the training materials, subject to the execution of a confidentiality agreement, you fail to identify the dates and persons involved in the training sessions during that relevant time period. Such information is relevant to Ms. Koch's claims regarding the company's unlawful discrimination in its hiring practices and should be produced.

Interrogatory No. 15: This interrogatory seeks the identification of all area corporate trainers, corporate trainers, area trainers and/or service trainers employed by LA Weight Loss in 1998 and 1998. Such information is reasonably calculated to the discovery of admissible evidence regarding any claims of defenses in this litigation as certain of these individuals may have information regarding the circumstances of Defendant's hiring practices and/or Ms. Koch's employment and termination from employment. The objection that the interrogatory is vague and ambiguous for failing to define the terms of the positions set forth above makes little sense, as those are the terms used interchangeably by Defendant's corporate designee, Karen Seigel, to describe the position held by Kathy Koch and her peers in the company during her deposition in these cases. See also document requests 14, 18, 19.

Interrogatory No. 17: This interrogatory seeks information regarding any complaints made by employees of LA Weight Loss regarding its new-hire application and/or hiring policies or procedures from 1997 to the present. Such evidence is relevant to Ms. Koch's claims that she complained to her supervisors that the company refused to hire men. Ms. Koch was employed by Defendant for approximately five months in 1997 and 1998 and properly seeks documents at least for the 1997-1998 time period.

In addition, LA Weight Loss has identified Eileen Stankunas as a person likely to have discoverable information regarding the claims and defenses in this litigation. We understand from counsel that Ms. Stankunas has since left her employment with LA Weight Loss and moved to Florida. Please supplement your initial disclosures to reflect Ms. Stankunas' new address and phone number.

724790.2

OBER | KALER
A Professional Corporation

David L. Gollin, Esquire
July 30, 2003
Page 5

Thank you for your attention.

Very truly yours,

Pamela J. White

PJW/cks
cc:   Ronald L. Phillips, Esquire

724790.2