IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | : : : : | |
| Plaintiff, | : : | |
| and | : : | |
| KATHY KOCH | : : : | CASE NO.: WDQ 02-CV-648 |
| Intervenor/Plaintiff, | : : | JURY DEMANDED |
| v. | : : | |
| LA WEIGHT LOSS | : : | |
| Defendant. | : : | |

**LA WEIGHT LOSS'S OPPOSITION TO PLAINTIFF EEOC'S
MOTION TO STRIKE EXHIBIT**

For the reasons set forth below, Defendant LA Weight Loss ("LAWL") respectfully requests that the Court deny the EEOC's Motion to Strike certain exhibits attached to Defendant's Memorandum Setting Forth Objections to Proposed Scheduling Order Filed by EEOC on April 12, 2004.

1.   <u>Affidavit of Karen Siegel</u>

In its Motion, the EEOC claims that the Court should strike Ms. Siegel's affidavit pursuant to Fed. R. Civ. P. 37(c)(1) because the information contained in the affidavit, and relied upon in LA Weight Loss's Objections to the Proposed Scheduling Order, was not produced in response to the EEOC's discovery requests.

Under Fed. R. Civ. P. 37(c)(1), however, a party may use information it failed to disclose in discovery as evidence in a motion if the failure to disclose is substantially justified or if it does not cause any harm. Here, LAWL is substantially justified in not disclosing the information at issue prior to its use in its Objections to the Proposed Scheduling Order. Further, the EEOC did not suffer any harm from the alleged failure to produce.

### A. LAWL Was Substantially Justified In Not Disclosing The Information in Ms. Siegel's Affidavit Prior to April 12.

The information in Ms. Siegel's affidavit pertains to salaries for four (4) specific positions with LAWL in three (3) specific locations during limited time periods along with record evidence of the actual earnings of class members deposed to date. It was provided to the Court to illustrate the fact that these class members have earned well more than what they would have earned as LAWL employees and therefore have no damages.

In support of its position that the information should have been produced, the EEOC refers the Court to three discovery requests it propounded upon LAWL which it alleges call for production of the information contained in the affidavit. These three discovery requests seek production of all computer readable payroll information (RFP No. 2), every personnel record ever maintained by LAWL (RFP No. 41), and specific and detailed identification and employment related information on every individual ever offered employment with LAWL (RFP 29).

Although the EEOC is correct that this information has yet to be provided in response to the EEOC's discovery demands, it is inappropriate and misleading for the EEOC to attempt to equate LAWL's ability to compile information on salaries for four (4) specific positions in specific locations during limited time periods with compiling data and documents on every employee who ever worked for or was ever offered employment with LAWL. The EEOC has

never limited the breadth of its overly burdensome discovery requests. As the discovery requests referenced by the EEOC illustrate, the Commission has chosen to propound broad sweeping discovery demands, each comprised of multiple subparts, which ultimately call for the production of all payroll and personnel information on every individual ever interviewed, offered employment or employed by LAWL. That LAWL was able provide information on 3 of the over 6000 employees and positions covered by the EEOC's requests in preparing its Objections to the Proposed Scheduling Order does not demonstrate that LAWL has refused to produce relevant discovery to the EEOC. Rather, due to the breadth and burden of the EEOC's discovery demands, LAWL simply has not been able to compile the voluminous amounts of information and documents necessary to respond to those requests. As such, LAWL is substantially justified in not being able to provide complete discovery responses at this time and should not be precluded from using the limited information compiled to date to further support its Objections to the Proposed Scheduling Order.[1]

  B. <u>The EEOC Has Suffered No Harm</u>.

LAWL's alleged failure to produce the information in Ms. Siegel's affidavit prior to April 12, 2004 did not in any way harm the EEOC's ability to address the issues raised by its proposed bifurcation order. LAWL introduced the affidavit to support its position that it is a violation of due process to award punitive damages where no actual damages have been suffered. The affidavit, along with the other record evidence LAWL introduced, demonstrates that the class

---

[1] In its Motion, the EEOC makes a point to inform the Court that the Commission currently has motions to compel discovery pending. The parties are negotiating to resolve these disputes and LAWL is confident they will be resolved without the need for the Court to decide the motions. Further, LAWL is searching for and compiling much of the data and documents sought by the EEOC in its motions to compel, including the information referenced in the discovery requests highlighted by the EEOC in this Motion.

members in this action have not suffered any actual damages, making punitive damages inappropriate.

While the affidavit is clearly relevant to LAWL's position regarding the proposed bifurcation order, it has no bearing whatsoever on the EEOC's position, which is that punitive damages can be awarded without violating due process even if none of the class members suffered any actual damages. See, e.g., Pl. EEOC's Resp. to Def.'s Mot. for a Pre-Trial Conference and Reply to Memorandum of Def. in Resp. to Pl. EEOC's Mot. to Bifurcate Trial and Discovery at 10-11. If the EEOC truly believes that actual damages are irrelevant to the appropriateness of a punitive damages award, then the EEOC would have no reason to address the substance of Ms. Siegel's affidavit in their briefs to the Court on this issue.

Because the information in Ms. Siegel's affidavit has no bearing on the arguments made by the EEOC in support of their proposed bifurcation order, the EEOC's lack of access to this information prior to April 12 did not cause the EEOC any harm, and, pursuant to Fed. R. Civ. P. 37(c), the Court should not strike the affidavit.[2]

2. <u>Bruce Bostian's Social Security Number</u>

The issues raised by the EEOC with respect to this issue are now moot as, on April 23, 2004, the Court granted LA Weight Loss's Request to Correct the submission and redact Mr. Bostian's social security number from Exhibit C to LA Weight Loss's Objections to the Proposed Scheduling Order.

---

[2] In preparing this Opposition, LA Weight Loss identified a typographical error in Ms. Siegel's Affidavit. Paragraphs 3, 4, 5 and 6 contain the phrase "3/4 percent commission." This phrase should read "3 to 4 percent commission." If the Court should deny the EEOC's Motion to Strike, LA Weight Loss will seek leave of the Court to provide a corrected Affidavit.

Respectfully submitted,

/s/
_____
SHAWE &ROSENTHAL, LLP

Elizabeth Torphy-Donzella
Federal Bar No. 10809
20 S. Charles Street, 11th
Baltimore, MD 21201
(410) 752-1040

      AND

WOLF, BLOCK, SCHORR and SOLIS-COHEN LLP
David E. Landau
David L. Gollin
1650 Arch Street, 22nd Floor
Philadelphia, PA 19103-2097
(215) 977-2052/2335

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing LA WEIGHT LOSS'S OPPOSITION TO PLAINTIFF EEOC'S MOTION TO STRIKE EXHIBITS was electronically filed and thereby served this 7th day of May, 2004, as Exhibit A to Defendant's Motion to Extend Deadline For Responding To Plaintiff EEOC's Motion To Strike Exhibits upon:

>Ronald L. Phillips, Esquire
>U.S. Equal Employment Opportunity Commission
>Baltimore District Office
>10 South Howard Street, 3rd Floor
>Baltimore, MD 21201
>
>Attorneys for Koch
>
>and
>
>Pamela White, Esq.
>Ober, Kaler, Grimes & Shriver, P.C.
>120 East Baltimore Street
>Baltimore, Maryland 21201
>
>Attorney for Intervenor/Plaintiff

Copies of this Opposition, attached as Exhibit A to Defendant's Motion for Extension were also served via first-class mail, postage prepaid, upon the parties set forth above at the addresses identified above.

/ s /
_____
David L. Gollin