IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) and ) ) KATHY C. KOCH, ) ) Plaintiff-Intervenor, ) ) v. ) ) LA WEIGHT LOSS, ) ) Defendant. ) ) | Case No. WDQ-02-CV-648 |

**PLAINTIFF EEOC'S REPLY TO DEFENDANT LA WEIGHT LOSS'S OPPOSITION TO PLAINTIFF EEOC'S MOTION TO STRIKE EXHIBITS**

Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") files the following Reply to Defendant LA Weight Loss's Opposition to Plaintiff EEOC's Motion to Strike Exhibits.

1. Bruce Bostian's Social Security Number

Plaintiff EEOC agrees that in light of the Court's April 23, 2004 Order granting Defendant's request to correct its submission and redact Mr. Bostian's social security number that this portion of Plaintiff EEOC's motion to strike is now moot.

2. Affidavit of Karen Siegel

The Affidavit of Karen Siegel ("Siegel Affidavit"), attached as Exhibit D to Defendant's memorandum objecting to the proposed scheduling order in this case, should be stricken. Defendant has not offered any legitimate justification, let alone a substantial one, for its previous refusal to

produce to the EEOC the information in the Siegel Affidavit. The payroll and personnel information in question was the subject of EEOC written discovery requests in May 2002 and again in late 2003. To date, Defendant has produced neither the data underlying the assertions in the Siegel Affidavit nor the documents or other sources from which that data was compiled. In fact, since early to mid 2003, Defendant has known the identities of the specific claimants regarding whom it has now submitted payroll data in the Affidavit. Given this fact, and Defendant's failure to supplement its production to include data and documents regarding even the very limited number of positions that are now discussed in the Siegel Affidavit, its legally-indefensible claims of burdensomeness and over-breadth truly ring hollow.[1] In this regard, it is noteworthy that Defendant has not explained how it was able to determine the 1998, 1999 and 2000 figures listed in the Siegel Affidavit in view of its representation to the EEOC in 2002 (and on numerous occasions thereafter) that it did not have possession, custody or control of such payroll information for the period 1997-2000. See, e.g., Plaintiff EEOC's Motion to Strike Exhibits, Exb. A (Defendant LA Weight Loss's Responses to Plaintiff's First Set of Requests for Production of Documents at 4-5).

Defendant also argues that the EEOC has not suffered harm because the EEOC considers the Siegel Affidavit irrelevant to the scheduling issue before the Court. Defendant's argument misses the point. The Siegel Affidavit and the information therein is irrelevant to the proper timing of trial of the punitive damages claims in this action. However, the fact remains that *Defendant* seems to

---

[1] Plaintiff EEOC's discovery requests are not over-broad, as they are calculated to obtain payroll and personnel data and documents clearly within the scope of this action, which is a multi-year, company-wide pattern or practice discrimination action. Moreover, contrary to Defendant's conclusory assertion, the requests are not unduly burdensome, especially in light of the high relevancy of the discovery sought and the Defendant's size and likely financial resources.

believe that such evidence is relevant and is now attempting to support its arguments on this scheduling issue with evidence that it has improperly withheld from the EEOC.  In so doing, Defendant has denied the EEOC the opportunity to review the data and documents underlying the assertions in the Siegel Affidavit and thereby determine the accuracy of those assertions.  Defendant has also impaired the EEOC's ability to challenge the factual accuracy of Defendant's argument by presenting rebuttal back pay evidence concerning claimants that Defendant declined to mention to the Court, such as Harvey Sitnick.  This is harm under Fed. R. Civ. P. 37(c)(1).  Plaintiff EEOC respectfully requests that the Court grant its Motion and strike the Siegel Affidavit.

        Respectfully submitted,

        /s/
TRACY HUDSON SPICER (Bar No. 08671)
Supervisory Trial Attorney
CORBETT L. ANDERSON
Trial Attorney
RONALD L. PHILLIPS
Trial Attorney
EEOC-Baltimore District Office
10 South Howard Street, 3rd Floor
Baltimore, Maryland 21201
Telephone number: (410) 962-4628
Facsimile number: (410) 962-4270/2817

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that Plaintiff EEOC's Reply to Defendant LA Weight Loss's Opposition to Plaintiff EEOC's Motion to Strike Exhibits was filed and served electronically on this day, the 20th day of May 2004. The undersigned further certifies that a copy of each of the aforementioned documents shall be served, via regular mail, upon David L. Gollin, Wolf, Block, Schorr and Solis-Cohen LLP, 1650 Arch St., 22nd Floor, Philadelphia, PA 19103, and upon Pamela J. White, Ober, Kaler, Grimes and Shriver, 120 E. Baltimore St., Baltimore, MD 21202, on the 21st day of May 2004.

                                          /s/
                                      RONALD L. PHILLIPS
Trial Attorney
Baltimore District Office
City Crescent Building, 3rd Floor
10 South Howard Street
Baltimore, Maryland 21201
Telephone number: (410) 962-4628
Facsimile number: (410) 962-4270/2817