UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
PAUL W. GRIMM
UNITED STATES MAGISTRATE JUDGE

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4560
(410) 962-3630 FAX

June 4, 2004

RE: *EEOC and Kathy Koch v. LA Weight Loss*, WDQ-02-0648.

## LETTER ORDER

Dear Counsel:

On April 7, 2004, this Court issued its ruling regarding Plaintiff Koch's motion to compel Rule 33 and 34 discovery. (Paper No. 70). As a result of the rulings in Plaintiff's favor, she has filed a motion for attorneys' fees and costs in the amount of $22,822.00. (Paper No. 76). *See* Rule 37(a)(4)(A). Defendant, in turn, has filed an opposition. (Paper No. 82). The issue has been fully briefed and now is ripe.

In addressing the appropriateness of an award of attorneys' fees in this context, the Court looks to Fed. R. Civ. P. 37(a). Specifically, Fed. R. Civ. P. 37(a)(4)(A) sets out three conditions that must be met before attorney's fees may be awarded in cases where a motion to compel has been granted: (1) the party seeking expenses must have made a good faith effort to obtain the disclosure or discovery without court action; (2) the opposing party's evasive or incomplete disclosure must not be substantially justified; and (3) no other circumstances may exist that would make the award unjust.

Guided by these factors, the Court turns to the arguments offered by the parties. The Defendant's repeated failures to produce the requested discovery, despite good faith attempts by Plaintiff to obtain it, resulted in her filing the motion to compel. Thus, the first condition of Rule 37(a)(4)(A) is satisfied. Second, this Court found in its April 7, 2004 Order that Defendant's opposition to Plaintiff's motion failed to demonstrate that its failure to provide the requested discovery was substantially justified. Finally, the Court found that the imposition of sanctions would not be unjust. Thus, all three conditions of Rule 37 (a)(4)(A) have been met.

Defendant, however, disputes the extent to which Plaintiff's motion was granted. Additionally, Defendant argues that both the hourly rate being sought by Plaintiff and the time billed are excessive. Each will be addressed in turn.

Defendant states: "... Plaintiff should not be permitted to recover expenses for at least one-third of her Motion To Compel which were [sic] properly disposed of in accordance with the dictates of the local rules for resolving discovery disputes and which were not decided in her favor." (Paper No. 82, Defendant's Opposition at 3). Defendant bases this assertion on its conclusion that Plaintiff prevailed on only "two thirds" of her claim. *Id*. However, Defendant's argument misstates the facts. While Plaintiff originally requested that Defendant be compelled to produce discovery relating to 18 matters, by the time the motion was ripe for ruling only 12 issues remained.[1] Further, Rule 37(a) makes it clear that a party that produces discovery after a motion to compel has been filed is not insulated from sanctions.

Defendant next contends that the number of hours for which Plaintiff seeks reimbursement is excessive, specifically with respect to the amount of time spent briefing the motion and the hourly rate being charged. (Paper No. 82, Defendant's Opposition at 2). In determining the reasonableness of Plaintiff's request, the Court (1) reviews the contemporaneous timesheets submitted by the moving party to determine whether the time expended on the motion was justified, and (2) assesses the appropriateness of the hourly rate charged in comparison to the rates charged in the surrounding "legal community reasonable for services of like kind and quality." *Poole v. Textron*, 192 F.R.D. 494, 508 (D. Md. 2000).

In turning to Defendant's first argument – that the number of hours being sought are unreasonable -- a review of the records submitted by Plaintiff reveals total billing of close to 94 hours. (Paper No. 76, Plaintiff's Motion). Of that, over 63 hours -- of which 26 which were devoted to revising and editing -- were spent on Plaintiff's motion to compel and reply briefs. I agree that this is excessive as it would be equivalent to devoting more than one and a half weeks to those tasks alone. I am persuaded that a fair award would be 42 hours, which amounts to a reduction of 22.1 hours of the time requested for drafting and revising the motions.[2]

Second, Plaintiff requests fees for time spent attempting to resolve these discovery disputes before,

---

[1] Defendant asserts that Plaintiff "sought intervention in thirteen ... of the original issues [and] the Court issued an opinion on only twelve." (Paper No. 82, Defendant's Opposition at 3). This statement is misleading, however. A careful reading of Plaintiff's motion to compel reveals that while 13 individual requests were itemized within the body of Plaintiff's motion to compel, Plaintiff clearly stated within the text of "RPD 21" that "RPD 21" was moot as of the filing of the motion to compel. (Paper No. 52, Reply to Defendant's Opposition of Plaintiff's Motion to Compel at 27). Accordingly, the Court addressed only the issues presented for its consideration.

Further, a review of the letter order granting Plaintiff's motion to compel demonstrates that Plaintiff in fact prevailed to a substantial degree on all 12 issues decided by the Court. Ten of the 12 issues were granted in their entirety, and two of the 12 were *granted* in part. *See* Paper No. 70.

[2] This allows 16 hours for the drafting of each brief, and five hours each for revisions.

during and after the filing of its motion to compel and reply briefs. Because both the rules of procedure and local rules require counsel to engage in good faith efforts to resolve discovery disputes, this is a professional obligation which must be undertaken regardless of the outcome of the motion to compel. Accordingly, I will not award as a sanction for discovery violations fees for time spent attempting to resolve discovery disputes that do not have a direct nexus with the research, drafting and editing of the motions and related filings.[3] However, by declining to permit an award of these fees as a discovery sanction, I make no decision regarding whether Plaintiff would be able to recover them at the conclusion of the case if she substantially prevails and files a petition for attorneys' fees pursuant to 42 U.S.C. § 2000e et. seq.

Turning finally to the issue of the hourly rates being charged, Defendant argues that the Court should look to Appendix B of the Rules of the U.S. District Court for the District of Maryland (the "Appendix") when determining the appropriateness of the rates requested. Defendant relies on a number of cases to support its position. *Hayes v. Mazda Motor Corp.*, 2000 WL 33208121 (D. Md. 2000); and *Buffington v. Baltimore County, Md.*, 913 F. 2d 113 (4th Cir. 1990). These cases stand for the proposition that the rates provided in the Appendix are presumptively reasonable in the context of civil rights and discrimination cases where the fee shifting provisions potentially apply.[4] Plaintiff disagrees, and seeks market rates.

This Court has previously ruled that "[w]hile not by their terms applicable to attorneys' fees petitions in discovery disputes, the Rules and Guidelines for determining Lodestar Attorneys' Fees in Civil Rights and Discrimination Cases of this Court (Appendix B to the Local Rules of the District of Maryland) provide a presumptively reasonable range of hourly rates in civil rights and discrimination cases." *Hayes v. Mazda Motor Corp.*, 2000 WL 33208121 (D. Md. 2000). And, even in non-discrimination/civil rights cases, this Court has used the same rates in awarding attorneys' fees in discovery disputes. *Id.* Thus, while the rates in Appendix B may not, on their face, be directly applicable to a petition for attorneys' fees brought pursuant to Fed. R. Civ. P. 37, the Court certainly may consider them when making determinations about what a "reasonable" fee request is.[5] Accordingly, I find that in this case, it is appropriate to use the rates in

---

[3] Thus, only 42 of the approximately 94 requested hours are compensable.

[4] Appendix B of the Local Rules lists 42 U.S.C. § 1998, Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, the Equal Pay Act, the Americans With Disabilities Act, ERISA, the Rehabilitation Act, the Individuals With Disabilities Education Act, the Family and Medical Leave Act, and equivalent statutes as being applicable to the rates.

[5] In addition, Appendix B of the Local Rules of the District Court for the District of Maryland not only contemplates, but expressly provides that the Appendix rates be applied for written discovery and motion practice. Had this discovery dispute been resolved without Court intervention, Plaintiff only would have been compensated at Appendix rates if she substantially prevailed and thereafter filed a petition for attorneys' fees. *See* Appendix B of the Rules of the U.S. District Court for the District of Maryland, Sections (1)(b)(iii) and (iv).

Appendix B for this discovery dispute.[6]

Plaintiff's counsel, Ms. White, submitted a detailed affidavit outlining her 27 years of experience. Thus, this Court finds that $275 per hour is the appropriate rate of compensation given her given her qualifications and experience.[7]

Defendant, therefore, is ordered to pay reasonable fees and expenses in the total amount of $8,020.00 within 30 days of this Order.[8]

This is an Order of the Court to be filed by the clerk as such.

/s/
Paul W. Grimm
United States Magistrate Judge

---

[6] Pursuant to the Appendix, the rates applicable for work completed are:
(a) Lawyers admitted to the bar for less than five years: $135-170; (b) Lawyers admitted to the bar for five to eight years: $150-225; (c) Lawyers admitted to the bar for more than eight years: $200-275; (d) Paralegals and law clerks: $90.

[7] Defendant does not object to the hourly rate charged for work completed by Ms. Bailey. In 2003, Ms. Bailey charged $170 / hour. This rate falls within the guidelines, and the Court accepts it as reasonable. For work completed in 2004, however, Ms. Bailey charged $195 / hour. This rate exceeds the amount I find appropriate, and thus will be reduced by $25.

[8] This figure includes the fees allowed for Plaintiff's motion to compel and reply. Allotting each 16 hours for drafting, and 5 hours for revisions, the breakdown is as follows:
   A. Motion to compel
      (1) Drafting (Ms. Bailey): 16 hours x $170 = $2720
      (2) Revisions (Ms. White): 5 hours x $275 (reduced from $325) = $1375
   B. Reply motion
      (1) Drafting (Ms. Bailey): 14.8 hours x $170 + .2 hours x $170 (reduced from $195) = $2550
         (**Note: Plaintiff's motion requests only 15 hours for *drafting* the reply.**)
      (2) Revisions (Ms. White): 2.1 hours x $275 (reduced from $325) + 2.9 hours x $275 (reduced from $335) = $1375