IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| and | ) ) | |
| KATHY C. KOCH, | ) | Case No. WDQ-02-CV-648 |
| Plaintiff Intervenor, | ) ) ) | |
| v. | ) ) | |
| LA WEIGHT LOSS CENTERS, INC., | ) ) | |
| Defendant. | ) ) | |

**ANSWER TO AMENDED COMPLAINT**

LA Weight Loss Centers, Inc. ("LA Weight Loss"), by its undersigned attorneys, for its Answer to the EEOC'S Amended Complaint, denies that it engaged in any unlawful employment practices on the basis of sex in violation of Title VII of the Civil Rights Act of 1964. LA Weight Loss also denies that Kathy Koch ("Koch") and/or a class of male applicants were adversely affected by any unlawful employment practices as alleged. LA Weight Loss further denies that it discriminated against Koch by retaliating against her because she opposed its alleged discriminatory hiring practices; and denies that LA Weight Loss engaged in a continuing violation of Title VII by discriminating against males as a class by failing to hire them on the basis of their sex. LA Weight Loss responds to the remaining averments of Plaintiff's Amended Complaint as follows:

DSB:971362.1

## JURISDICTION AND VENUE

1. The averments of Paragraph 1 of the Complaint state conclusions of law which require no response.

2. Denied that the unlawful employment practices alleged in Paragraph 2 of the Complaint were or are now being committed. The remaining averments state conclusions of law which require no response.

## PARTIES

3. The averments of Paragraph 3 of the Complaint state conclusions of law which require no response.

4. Admitted.

5. The averments of Paragraph 5 of the Complaint state conclusions of law which require no response.

6. The averments of Paragraph 6 of the Complaint state conclusions of law which require no response.

## STATEMENT OF CLAIMS

7. It is admitted that more than thirty days prior to the institution of this lawsuit, Koch filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). The remaining averments of Paragraph 7 of the Complaint state conclusions of law which require no response.

8. The averments of Paragraph 8 of the Complaint state conclusions of law which require no response. To the extent the averments of Paragraph 8 are deemed factual in nature they are denied.

    (a) Denied.

    (b) The averments of Paragraph 8(b) of the Complaint state conclusions of law which require no response. To the extent the averments of Paragraph 8(b) are deemed factual in nature they are denied.

        (i) Denied.

        (ii) Denied.

    (c) Denied.

9. Denied.

10. Denied.

11. Denied.

12. The averments of Paragraph 12 of the Complaint state conclusions of law which require no response. To the extent the averments of Paragraph 12 are deemed factual in nature they are denied.

13. Denied.

PRAYER FOR RELIEF

Defendant specifically denies each and every factual averment not addressed by the above paragraphs, and each and every factual averment contained in Plaintiff's prayer for relief.

Defendant further alleges:

**FIRST DEFENSE**

The Amended Complaint fails to state a claim a upon which relief may be granted.

**SECOND DEFENSE**

The Court lacks subject matter jurisdiction over some or all of Plaintiff's claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. because Plaintiff and/or Koch failed to comply with some or all of the prerequisites to the maintenance of a civil action under Title VII.

**THIRD DEFENSE**

Any claims under Title VII that did not occur within 300 days before the filing with the EEOC of the charge of discrimination that provides the jurisdictional predicate of such claims are barred.

**FOURTH DEFENSE**

Some or all of Plaintiff's claims are barred by the applicable statutes of limitations.

**FIFTH DEFENSE**

Koch and/or some or all of the members of the alleged class failed to make reasonable efforts to mitigate their alleged damages, if any, and to the extent that they have had any earnings subsequent to the cessation of their employment or their not being hired by LA Weight Loss, LA Weight Loss is entitled to a setoff.

**SIXTH DEFENSE**

The scope of the Amended Complaint exceeds the scope of the charge of discrimination filed by Koch with the Equal Employment Opportunity Commission. This Court is accordingly

without subject matter jurisdiction over such parts of Plaintiff's Complaint as are not reasonably related to the charge of discrimination.

### SEVENTH DEFENSE

Plaintiff has waived, should be estopped and is barred by laches from asserting some or all of the claims asserted in the Amended Complaint.

### EIGHTH DEFENSE

LA Weight Loss undertook the employment actions complained of for legitimate business reasons.

### NINTH DEFENSE

The alleged conduct was not the proximate cause of Koch's or any alleged class member's damages.

**WHEREFORE,** Defendant LA Weight Loss Centers, Inc. respectfully requests that judgment be entered against Plaintiff and in favor of Defendant LA Weight Loss Centers, Inc., that the Amended Complaint be dismissed with prejudice, and that Defendant LA Weight Loss Centers, Inc. be awarded its costs, reasonable attorney's fees and such other and further relief as this Court may deem just and proper.

Dated: June 9, 2004

        Respectfully submitted,

        /s/
        _____

        SHAWE &ROSENTHAL, LLP

        Elizabeth Torphy-Donzella
        Federal Bar No. 10809
        20 S. Charles Street, 11th
        Baltimore, MD 21201
        (410) 752-1040

        AND

- 6 -

                          WOLF, BLOCK, SCHORR and SOLIS-COHEN LLP
                          David E. Landau
                          David L. Gollin
                          1650 Arch Street, 22nd Floor
                          Philadelphia, PA 19103-2097
                          (215) 977-2052/2335

Dated: June 9, 2004            Attorneys for Defendant

DSB:971362.1

- 7 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Answer to Amended Complaint was electronically filed and thereby served this 9th day of June, 2004 upon:

>Ronald L. Phillips, Esquire
>U.S. Equal Employment Opportunity Commission
>Baltimore District Office
>10 South Howard Street, 3rd Floor
>Baltimore, MD 21201
>
>Attorneys for Koch
>
>and
>
>Pamela White, Esq.
>Ober, Kaler, Grimes & Shriver, P.C.
>120 East Baltimore Street
>Baltimore, Maryland 21201
>
>Attorney for Intervenor/Plaintiff

Copies of the Motion for Leave and all this attached answer were also served via first-class mail, postage prepaid, upon the parties set forth above at the addresses identified above.

/ s /

David L. Gollin