## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

EQUAL EMPLOYMENT OPPORTUNITY　　　　:
COMMISSION,

          Plaintiff,　　　　　　　　　:

                       :

and　　　　　　　　　　　　　　　:　　Case No. WDQ-02-CV-643

KATHY C. KOCH,　　　　　　　　　:

          Plaintiff-Intervenor,　　　:

v.　　　　　　　　　　　　　　　　:

LA WEIGHT LOSS　　　　　　　　　:

          Defendant.　　　　　　　:

### SUPPLEMENTAL AFFIDAVIT OF KAREN SIEGEL

I, Karen Siegel, being duly sworn, hereby state as follows:

1.　　At some time after April 23, 1998, the Company received correspondence from counsel for Koch detailing Koch's complaint and allegation that she was illegally discharged based on complaints she raised while employed by LAWL that the Company had a policy of not hiring men.  This was the first time that I, as well as the Company, became aware of Koch's claims of discrimination against men and retaliation.

2.　　Upon receipt of this letter, I investigated Koch's complaint of retaliation. Initially, I obtained Koch's personnel file from the human resources file at corporate headquaters.  Included in her personnel file were complaints raised by managers and trainees regarding Koch's job performance.

3.　　Upon reviewing the file, I determined  that the two people from the Company that could potentially have additional documents relevant to this matter were Lynn Portlock and Kristi O'Brien.

4.      I spoke with Ms. Portlock  and inquired whether she had any documents.  I instructed her to look for any additional documents and requested that she forward any documents related to Koch to me.  Ms. Portlock was in possession of one additional document, a copy of a note she prepared regarding Koch's discharge meeting and she forwarded this document to me.  A copy of this document has been produced during discovery in this matter.

5.      I also spoke with Ms. O'Brien and asked her to look for any additional documents and requested that she forward any documents related to Koch to me.  Ms. O'Brien was not in possession of and did not locate any additional documents.

6.      In addition, I also searched for documents after receiving Koch's charge of discrimination filed with the EEOC.  This search entailed once again speaking with Ms. Portlock and Ms. O'Brien about whether they were aware of any additional documents and searching Koch's personnel records.  No additional documents were located at that time.

7.      All documents which were located were turned over to the Company's counsel and have been produced.

8.      In 1997 and 1998, in the human resources area, LA Weight Loss's policy on the preservation of documents was to preserve personnel records only.  The Company considered personnel records to include: applications and resumes, employee change forms, new hire information, payroll and salary information, benefits elections, job performance information and attendance records.  Documents utilized during employee training such as blank test forms, completed tests and flip charts were not considered personnel records and, therefore, were not preserved by LA Weight Loss pursuant to its records retention policy or practice.

9.      With respect to the 2 flip-charts and some blank tests about which Koch testified she returned to her supervisor Lynn Portlock upon being discharged:

(a)     Blank tests would have been utilized by the Company for subsequent training classes and not preserved as blank documents in March 1998, weeks before LA Weight Loss had any notice of Koch's April 1998 demand letter stating, for the first time, her allegations of unlawful retaliation. As such, the Company had no reason to believe it was under any obligation to maintain these documents in their blank state.

(b)     To the extent Koch contends that there were completed tests from the training conducted the week of March 8, that have not been produced, the Company's standard practice was to discard the completed test once they were reviewed with the trainees and by the center managers. As of the date of the completion of the training and assignment of the March 8th class of trainees, LA Weight Loss had no notice of any claim of retaliation by Koch and accordingly was under no obligation to maintain these documents. As such, they were not maintained.

(c)     Further, with respect to the 2 flip-charts (one of which Koch testified was prepared by Lynn Portlock), they were utilized to complete the training of incoming counselors. The charts were left in the Maryland center in which they were being utilized. The Company had no obligation to preserve these flip charts as of the date of Koch's termination. By the time LA Weight Loss was put on notice of the flip charts alleged relevance in this matter, the charts were no longer in the center and could not be located.

10.     With respect to the Company's treatment of training materials returned by departing employees, such materials should be returned to Human Resources. If such materials were returned to Human Resources pursuant to the terms of the Company's employment agreement, they would have been discarded.

Karen Siegel

Sworn to and subscribed
before me this 27 day
of _____, 2004.

_____
Notary Public

Notarial Seal
Lorie L. DeVuono, Notary Public
Horsham Twp., Montgomery County
My Commission Expires Mar. 28, 2005

Member, Pennsylvania Association of Notaries