IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY       *
COMMISSION
                                   *
        Plaintiff
                                   *
and
                                   *
KATHY C. KOCH
                                   *
        Intervenor/Plaintiff
                                   *
                                          Civil No. S-02-CV-648
v.                                 *

LA WEIGHT LOSS                     *

        Defendant

* * * * * * * * * * * * * * * * * *

### INTERVENOR/PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT LA WEIGHT LOSS

Intervenor/Plaintiff, Kathy C. Koch, Inc., by her undersigned attorneys, pursuant to Federal Rule of Civil Procedure 33, hereby serves this Intervenor/Plaintiff's First Set of Interrogatories on Defendant LA Weight Loss. Defendant is required to submit a written response to each of the following interrogatories within thirty (30) days of the date of this Intervenor/Plaintiff's First Set of Interrogatories to the offices of Ober, Kaler, Grimes & Shriver, a Professional Corporation, 120 East Baltimore Street, Baltimore, Maryland 21202.

#### Instructions and Definitions

1. The words "you," "your" and "LA Weight Loss" mean Defendant LA Weight Loss, its employees, agents, representatives, directors, officers, attorneys, investigators, and consultants.

2. The words "Kathy C. Koch" and "Koch" mean Kathy C. Koch, her agents, representatives, attorneys, investigators, and consultants.

3. The words "Equal Employment Opportunity Commission" or "EEOC" mean Plaintiff Equal Employment Opportunity Commission, its agents, representatives, attorneys, investigators, and consultants.

4. These Interrogatories are continuing in nature, so as to require you to file Supplemental Answers if you obtain further or different information before trial.

5. Where knowledge or information is requested, such request includes the knowledge possessed by your representatives, agents, consultants, and, unless privileged, your accountants and attorneys.

6. Where the identity of a document is requested, you must describe the nature of the document, provide the date it was written, state its subject matter, and give the name of the author, addressee(s), any other recipient(s), and present custodian.

7. Where you are required to identify an individual or business entity, you must provide the full name, address, and telephone number of that individual or business entity.

8. If you find any interrogatory to be ambiguous, you must set forth the matter deemed ambiguous and the construction or interpretation used in your response.

9. The term "documents," whether printed or recorded or reproduced by a mechanical or computer or photographic process, or written or produced by hand, shall include, but not be limited to, the following: agreements, communications, reports, correspondence, notes, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, diaries, graphs, computer printouts, statistical or other data, notebooks, notecharts, plans, drawings, sketches, maps, opinions or reports of consultants, photographs, slides, microfilm, microfiche, motion picture film, materials that can be retrieved/printed from or by a computer, electronic mail, brochures, pamphlets, advertisements, circulars, press releases, newspapers, magazines, trade journals, drafts, letters, appointment books, calendars, desk pads, logs, minutes of meetings, invoices, entries in books of account, any marginal comments or notes appearing on any documents and all other writings of whatever type or nature.

## INTERROGATORIES

INTERROGATORY NO.1: In accordance with Federal Rule of Civil Procedure 26(a)(1)(A), provide the name, address and telephone number of each individual likely to have discoverable information relevant to the disputed facts and the claims and defenses raised in the pleadings in this case.

INTERROGATORY NO. 2: For each person identified in response to Interrogatory No. 1 above, identify the subjects of information that you believe are possessed by each of these persons. *See* Federal Rule of Civil Procedure 26(a)(1)(A).

INTERROGATORY NO. 3: Identify each person whom you expect to call as an expert witness at trial and, with regard to each such person, state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and provide a summary of the grounds for each opinion.

INTERROGATORY NO. 4: Identify and describe in detail all warnings, cautions, counseling, criticism, reprimands, adverse evaluations, or other adverse or critical comments, written or oral, made or communicated to Kathy Koch, or made or communicated to any person respecting Ms. Koch, regarding her job performance, during Ms. Koch's tenure with LA Weight Loss. Your answer should include, but not be limited to, an identification of all documents reflecting or relating to any facts set forth in your answer and an identification of all persons with personal knowledge thereof.

INTERROGATORY NO. 5: Identify and describe in detail all compliments, commendations, awards, raises, promotions, or other favorable comments or statements, written or oral, made or communicated to Kathy Koch, or made or communicated to any person respecting Ms. Koch, regarding her job performance, during Ms. Koch's tenure with LA Weight Loss. Your answer should include, but not be limited to, an identification of all documents reflecting or relating to any facts set forth in your answer and an identification of all persons with personal knowledge thereof.

INTERROGATORY NO. 6: Identify and fully describe each complaint of retaliation that any employee in the Maryland/Delaware region has made against any other

3

employee of L.A. Weight Loss, or against LA Weight Loss itself, whether written or oral, internally or with any outside administrative agency, from 1997 to the present. With respect to each complaint, describe fully any investigation action taken by LA Weight Loss and the final result of each such complaint. Your answer should include, but not be limited to, an identification of all documents reflecting or relating to any facts set forth in your answer and an identification of all persons with personal knowledge thereof.

INTERROGATORY NO. 7: Identify and describe fully all formal complaints of retaliation in the Maryland/Delaware region filed with the United States Equal Employment Opportunity Commission or any state or local human rights commission, or as a lawsuit against LA Weight Loss, from 1996 through the present, and state the outcome of each claim. Your answer should include, but not be limited to, an identification of all documents reflecting or relating to any facts set forth in your answer and an identification of all persons with personal knowledge thereof.

INTERROGATORY NO. 8: If LA Weight Loss contends that Kathy Koch had performance problems during her employment with LA Weight Loss, please describe fully each specific performance problem, all facts upon which you rely in so identifying this problem, all communications LA Weight Loss had with Ms. Koch respecting each such problem (including the date, the place, the persons present, and the substance of the communication), all efforts by LA Weight Loss to improve Ms. Koch's performance with respect to each such performance problem, and the specific damage the LA Weight Loss suffered as a result of such performance problem on the part of Ms. Koch. Your answer should include, but not be limited to, an identification of all documents reflecting or relating

4

to any facts set forth in your answer and an identification of all persons with personal knowledge thereof.

INTERROGATORY NO. 9: Identify and describe fully the policies, practices and procedures in place from 1997 until the present to be followed by any employee making a complaint against LA Weight Loss or any other employee of LA Weight Loss with respect to gender discrimination and/or retaliation, whether written or oral, including any investigative steps utilized by LA Weight Loss to investigate such a complaint. Your answer should include, but not be limited to, an identification of all documents reflecting or relating to any facts set forth in your answer and an identification of all persons with personal knowledge thereof.

INTERROGATORY NO. 10: Identify any persons who have made or given to you, or to any employee, agent, or representative acting on your behalf, including your insurance carrier, any statements concerning the allegations set forth in the Intervenor/Plaintiff's First Amended Complaint, the EEOC's Complaint, or the Answers thereto, or any fact or information relevant to the injuries or damages claimed to have resulted from any issue in the case. If the answer to this interrogatory is in the affirmative, state the name and address of each person who procured, made and/or gave each such statement, the date of each, the name and address of the person who has the custody or possession of each, and attach to your answer a copy of any such statement in your control given by you or any of your employees, agents or representatives.

INTERROGATORY NO. 11: Identify and provide the names and addresses of all persons who investigated any of the allegations contained in the pleadings (at any time prior

to the filing of this suit relating in any way to Kathy Koch). State their findings, and identify all documents produced during each investigation.

INTERROGATORY NO. 12: If you contend that Kathy Koch made any statement which is against her interest, state the nature of such statement, the names of all persons who heard the alleged statement, and the date and place that the alleged statement was made.

INTERROGATORY NO. 13: Identify each insurance policy held by LA Weight Loss since 1997; provide the policy number and policy limit; state whether coverage has been requested for the claims in this lawsuit; and state whether each carrier has accepted coverage, denied coverage, or is providing a defense under a reservation of rights.

INTERROGATORY NO. 14: Identify and describe fully the agenda and content of any and all training provided to area corporate trainers, area trainers and/or corporate trainers in 1997 and 1998. Your response should include, but not be limited to, the identity of those employees or agents providing the training, the dates, locations and subjects covered for each training session, and the attendees of each session. Your answer should include, but not be limited to, an identification of all documents reflecting or relating to any facts set forth in your answer and an identification of all persons with personal knowledge thereof.

INTERROGATORY NO. 15: Identify all area corporate trainers, corporate trainers, area trainers and/or service trainers employed by LA Weight Loss in 1997 and 1998. Your answer should include, but not be limited to, an identification of all documents reflecting or relating to any facts set forth in your answer and an identification of all

persons with personal knowledge thereof. Your answer should further include the names, addresses, telephone numbers, dates of employment of all such individuals.

INTERROGATORY NO. 16: Identify any and all area corporate trainers, corporate trainers, area trainers and/or service trainers who received any form of reprimand, discipline, or adverse employment action (up to and including termination), whether written or oral, including the reasons for any such discipline, or termination from 1997 through the present. Your answer should include, but not be limited to, an identification of all documents reflecting or relating to any facts set forth in your answer and an identification of all persons with personal knowledge thereof.

INTERROGATORY NO. 17: Identify and describe fully all complaints made by employees of LA Weight Loss, whether formal or informal, internally or to an outside agency, referring or relating to LA Weight Loss' new-hire application and/or hiring policies and procedures from 1997 to the present. Your answer should include, but not be limited to, an identification of all documents reflecting or relating to any facts set forth in your answer and an identification of all persons with personal knowledge thereof.

INTERROGATORY NO. 18: Identify all persons consulted by you in preparing answers to these interrogatories, identifying for each the particular information provided.

INTERROGATORY NO. 19: Identify and describe fully the position held by Kathy Koch (including job title) while in your employ, including all persons with supervisory authority over Ms. Koch in that position.

INTERROGATORY NO. 20: If you contend that you did not take adverse employment action against Kathy Koch because she opposed an unlawful employment practice, set forth in detail the facts upon which you rely for such contention.

INTERROGATORY NO. 21: State the reasons why the decision was made to terminate Kathy Koch and provide the names and positions held for all of the individual(s) who were responsible for or involved in any way in the decision to terminate Ms. Koch.

INTERROGATORY NO. 22: Identify and describe fully all business factors or justifications you allege existed for the treatment of Kathy Koch by you as alleged in her First Amended Complaint or otherwise relating to her job assignments or termination. Your answer should include, but not be limited to, an identification of all documents reflecting or relating to any facts set forth in your answer and an identification of all persons with personal knowledge thereof.

INTERROGATORY NO. 23: At the time of Kathy Koch's termination from employment with LA Weight Loss, state each fringe benefit that Ms. Koch was receiving or would have been eligible to receive.

Pamela J. White, Esquire
Kelly Culp Hoelzer, Esquire
Ober, Kaler, Grimes & Shriver
120 E. Baltimore Street
Baltimore, Maryland 21201
(410) 685-1120

Attorneys for Intervenor/Plaintiff
Kathy C. Koch

8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | * |
| Plaintiff | * |
| and | * |
| KATHY C. KOCH | * |
| Intervenor/Plaintiff | * |
| v. | Civil No. S-02-CV-648 |
| LA WEIGHT LOSS | * |
| Defendant | |

\* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF SERVICE

I HEREBY CERTIFY that on this 5th day of February, 2003, a copy of the foregoing Intervenor/Plaintiff's First Request for Production of Documents and Things to Defendant L.A. Weight Loss, were sent via first-class mail, postage prepaid, to:

Tracy Hudson Spicer, Esquire
Ronald Phillips, Esquire
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Baltimore District Office
10 South Howard Street
Baltimore, Maryland 21201

Attorneys for Plaintiff EEOC

Elizabeth Torphy-Donzella, Esquire
SHAWE & ROSENTHAL, LLP
20 S. Charles Street, 11th Floor
Baltimore Maryland 21201

David E. Landau, Esquire
David L. Gollin, Esquire
WOLF, BLOCK, SCHORR AND SOLIS-COHEN, LLP
1650 Arch Street, 22nd Floor
Philadelphia, Pennsylvania 19103

Attorneys for Defendant LA Weight Loss

_____
Kelly Culp Hoelzer