IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| and | ) ) | |
| KATHY C. KOCH, | ) ) | Case No. WDQ-02-CV-648 |
| Plaintiff-Intervenor, | ) ) ) | |
| v. | ) ) ) | |
| LA WEIGHT LOSS, | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM IN SUPPORT OF PLAINTIFF EEOC'S THIRD MOTION TO COMPEL ANSWERS TO INTERROGATORIES

Pursuant to the Federal Rule of Civil Procedure 37(a), Rule 104(8) of the Local Rules of the U.S. District Court for the District of Maryland, and agreement of counsel for Plaintiff and Defendant regarding the permissible time frame for filing a motion to compel discovery, Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") files the instant Memorandum in Support of Plaintiff EEOC's Third Motion to Compel Answers to Interrogatories. For the following reasons, the EEOC respectfully requests that this Court enter an order directing Defendant LA Weight Loss ("Defendant") to answer certain discovery requests set forth in the EEOC's Third Set of Interrogatories to Defendant.

# INTERROGATORIES

**Interrogatory No. 33**

For each of the persons presently identified or identified in the future by Plaintiff EEOC as claimants in this action, state separately for each such person whether Defendant contends that such person was not hired for non-discriminatory reason(s), or contends that regardless of the actual reason(s) for non-hire such person would have been denied employment for non-discriminatory reason(s), and if Defendant contends either, state those reason(s) and any and all facts known that support each such reason(s).

**Defendant's original answer to Interrogatory No. 33**

ANSWER: LAWL objects to Interrogatory No. 33 as overbroad and contrary to the Court's Order Regarding Bifurcation and Discovery in this action, as it seeks information related to any and all EEOC claimants, about whom EEOC cannot present individualized proof at Stage I of this action. LAWL also objects to the extent Interrogatory No. 33 is premature because discovery is not yet complete. Further, LAWL objects to Interrogatory No. 33 to the extent it seeks information duplicative of that sought by Interrogatory No. 28 of Plaintiff EEOC's Second Set of Interrogatories to Defendant. Subject to and without waiver of the General Objections, LAWL incorporates by reference its objections and answer to Interrogatory No. 28, as set forth in Defendant's Response to EEOC's Second Set of Interrogatories. Pursuant to the Federal Rules of Civil Procedure and by way of agreement between the parties, LAWL continues to supplement its answer to Interrogatory No. 28 on a rolling basis[.]

**Defendant's amended answer to Interrogatory No. 33**

ANSWER: LAWL objects to Interrogatory No. 33 as contrary to the Court's Order Regarding Bifurcation and Discovery in this action, as it seeks information related to any and all EEOC claimants, about whom EEOC cannot present individualized proof at Stage I of this action. LAWL also objects to the extent Interrogatory No. 33 is premature because discovery is not yet complete. Further, LAWL objects to Interrogatory No. 33 to the extent it seeks information duplicative of that sought by Interrogatory No. 28 of Plaintiff EEOC's Second Set of Interrogatories to Defendant. LAWL therefore incorporates by reference its response to Interrogatory No. 28, as set forth above.[1]

---

[1] Defendant's amended answer to Interrogatory No. 28, as well as its amended answers to Interrogatory Nos. 23 and 24 (which are incorporated by its answer to Interrogatory No. 28), is attached as Exhibit 1 to this Memorandum. In addition, in its amended answer to that Interrogatory Defendant references a document styled "Exhibit A," which sets forth the substance of its amended answer to Interrogatory Nos. 23, 24 and 28. The aforementioned document is attached as Exhibit 2 to this memorandum. It appears both documents were intended by Defendant to consolidate and amend its prior answers to EEOC's Third Set of Interrogatories to Defendant and its prior answers and various supplemental answers to Plaintiff EEOC's Second

By way of further answer, LAWL states that it neither has in the past nor presently discriminates against applicants for employment on the basis of gender or any other classification. As stated in response to Interrogatory Nos. 23, 24 and 28, it is impossible in many instances to determine the actual reason(s) a claimant was not hired. Where that information exists, it is included in the claimant-specific answers to Interrogatory Nos. 23, 24 and 28, contained in Exhibit A. Where the "actual reason(s) for non-hire" do not exist or are not within LAWL's possession, custody or control, LAWL will, to the extent possible on the basis of documents, discovery responses and/or deposition testimony, attempt to provide EEOC with a claimant-specific list of the non-discriminatory reasons why claimants would have been denied employment by LAWL. LAWL will supplement its Amended Response to EEOC's Second and Third Sets of Interrogatories with the first part of that list, containing information on at least 40 of the claimant designees, on or before October 30, 2005.

**Basis for insufficiency of Defendant's answer to Interrogatory No. 33**

To date, Defendant has not provided a complete answer to this Interrogatory, and Defendant's objections are without merit. The information sought by this Interrogatory (which seeks responsive information only for EEOC's identified claimants) is highly relevant to the liability and remedial theories asserted by the parties in this action, and any claim of burdensomeness must be viewed in this context. In addition, one would anticipate that Defendant intends to undertake investigation of these issues in order to prepare its defense, and has already done so, so the Interrogatory does not impose a burden that Defendant will not already undertake on its own. Finally, Defendant's assertion of burdensomeness must be viewed in light of its financial resources, which are considerable in EEOC's view. (As evidenced by the fact that Defendant operates hundreds of weight loss centers in various locations throughout the United States.)[2]

---

Set of Interrogatories to Defendant that it has served since 2004.

[2] While the basis for Defendant's assertion of burdensomeness is not clear, should Defendant resist this Motion by arguing that the discovery sought is too costly, Plaintiff EEOC will provide the Court with Defendant's financial statements and income tax returns, which will be filed under seal as required by the Confidentiality Stipulation and Order entered by the Court on October 7, 2003.

Defendant's attempt to invoke Fed. R. Civ. P. 33(d) by referring the EEOC to business records is without merit.[3] However, Defendant has not specifically identified by Bates number or range which documents contain responsive information. Furthermore, the burden of ascertaining the information in question is not substantially the same for the EEOC as it is for Defendant. Defendant has greater familiarity with its own record-keeping practices, document organization, forms, purposes for those forms, personnel codes, and other means for ascertaining information from those documents; therefore, it is highly likely to have substantially greater ability to ascertain responsive information from the documents in question than the EEOC. More importantly, a review of the documents Defendant has referenced demonstrates that they do not contain a complete record of all information responsive to the Interrogatory. Many of the documents simply do not show the responsive information, or contain cryptic handwritten notations requiring speculation as to their meaning.[4] To the extent that Defendant's personnel have responsive information within their knowledge that is not reflected in the documents, or are able to provide more definite answers than those that could possibly be derived through speculation from review of the documents, Defendant should be required to set forth that information and provide it to EEOC in the form of a verified interrogatory answer. The extent to which Defendant has endeavored to obtain responsive information from its employees is not clear from its answer.

---

[3] Defendant's answer to Interrogatory No. 33, supra, references its answer to Interrogatory No. 28. The answer to Interrogatory No. 28, in turn, references Defendant's answers to Interrogatory Nos. 23 and 24, both which refer EEOC to Defendant's business records. See Exb. 1 at 2-5.

[4] For example, many of the applications of the EEOC's claimants (and female selectees) contain no responsive information from which EEOC could determine who reviewed the application or otherwise participated in the selection process.

Defendant has also objected to both Interrogatory No. 33 and Interrogatory No. 28 (the answers to which it incorporates by reference in its answer to Interrogatory No. 33) on the ground that they seek individualized evidence concerning persons other than the 65 claimants presently designated by Plaintiff EEOC and Defendant as potential Stage I trial witnesses.[5] In this regard, Plaintiff EEOC certainly recognizes that the Court's Order Regarding Bifurcation and Scheduling entered on May 25, 2004 (CM/ECF Document No. 89), limits the scope of individualized claimant discovery. Therefore, to the extent the Interrogatory calls for individualized discovery pertaining to claimants who have not been designated by either party, that discovery is stayed until Stage II of this action. In EEOC's previous verbal communications with Defendant in an attempt to informally resolve this discovery dispute, the undersigned counsel has acknowledged this limitation on present discovery by the parties. See also Exb. 3 at 1, ¶ 2 (letter to Defendant's counsel acknowledging Stage I limitations on individualized claimant discovery). However, as EEOC has also been pointed out to Defendant, Defendant has failed to provide complete answers even regarding the claimants designated as potential witnesses. Defendant has also objected on the ground that Interrogatory No. 33 is duplicative of Interrogatory No. 28, the latter of which states:

> Separately for each of the definite claimants identified by the EEOC or whom are identified by the EEOC in the future, identify any and all reasons each person was not given an offer of employment or otherwise not selected by Defendant, and for each such reason, identify any and all facts and documents supporting, refuting, or

---

[5] Interrogatory No. 28 and other Interrogatories and Requests for Production of Documents are the subject of Plaintiff EEOC's Second Motion to Compel Answers to Interrogatories and Production of Documents ("Second Motion to Compel") (CM/ECF Document No. 60). Defendant's failure to provide fully responsive answers and production, despite repeated assurances that it would do so for well over one year, has compelled EEOC to re-initiate Local Rule 104 procedures concerning the Second Motion to Compel. Plaintiff EEOC presently anticipates receiving service of Defendant's response briefing regarding that Motion shortly.

> otherwise relating to such reason and the full name, sex, date of birth, social security number, last know home address, last known home telephone number, job title(s) held while employed by Defendant, dates each job title was held, dates of employment with Defendant, and address of work location(s) while employed by Defendant of any and all persons with knowledge of the reason or otherwise relating to the definite claimant.

Plaintiff EEOC's Interrogatory No. 28. While there are some overlapping features between the two Interrogatories, there are also some critical differences. The most obvious difference between Interrogatory No. 33 and Interrogatory No. 28 is that the former seeks to discover whether Defendant contends "that regardless of the actual reason(s) for non-hire [any EEOC claimant] would have been denied employment for non-discriminatory reason(s), and if Defendant contends either, state those reason(s) and any and all facts known that support each such reason(s)." Thus, the Interrogatory seeks contention and supporting factual information pertaining to application of the "same decision" defense to each of EEOC's claimants. See, e.g., Patterson v. Greenwood Sch. Dist., 696 F.2d 293, 295 (4th Cir. 1982)(pre-Civil Rights Act of 1991 opinion in individual victim case discussing effect of proof showing same decision would have been made in absence of discrimination).[6] Defendant

---

[6] Regardless of whether or not such a defense is cognizable in Stage II individualized remedial proceedings, it is the position of the EEOC that such evidence is not relevant or admissible during Stage I proceedings in this action, for the focus of a jury's deliberations during Stage I of a Teamsters bifurcated pattern or practice discrimination case is on a defendant employer's *actual* motivation, viz., whether or not it did, in-fact, maintain a policy or practice of discrimination, and if so, whether it did so with malice or reckless disregard for the federally-protected rights of the protected class as a whole (in this case, all male job seekers). Therefore, evidence pertaining to any after-the-fact justifications offered by a defendant employer regarding the reasons it might not have hired particular job seekers in the absence of discrimination is irrelevant to any Stage I issue. Nevertheless, there are two reasons why Plaintiff EEOC must insist on such discovery at this Stage. First, Defendant has been permitted individualized discovery regarding remedial issues at this Stage to avoid duplicative depositions of claimants. EEOC proposed such discovery at this Stage and remains in full agreement that it is warranted by concerns of economy of judicial and party resources. However, given that Defendant is being afforded such discovery at this Stage, Plaintiff EEOC should also be afforded such discovery for the same economy reasons, as well as fairness and parity considerations. More importantly,

has not provided responsive information concerning this aspect of Interrogatory No. 33, which is not set forth in Interrogatory No. 28.

Moreover, Defendant has not even provided fully responsive answers to Interrogatory No. 28. See generally Exb. 2. Of the 65 EEOC claimants who are presently designated by either EEOC or Defendant as possible Stage I witness, Defendant has failed to provide any answer regarding 19 of them, this despite the fact that more than half of these 19 individuals have already been deposed in this action, 14 were designated by EEOC well over one year ago, and five of them were selected as potential witnesses by Defendant itself prior to mid-June of this year, which would presumably mean it has already researched their candidacies for employment as part of its witness selection process. See Exb. 2.[7]

Where Defendant has attempted some kind of interrogatory answer, it is often vague, evasive and incomplete. For example, Defendant frequently fails to state any alleged actual reasons for non-selection or their factual bases, and it also fails to specifically identify the individuals who participated in the decision to not select the claimants (instead simply listing persons with hiring authority in the particular market at the time—who may or may not have participated in the hiring

---

though, EEOC seeks such discovery at this Stage because of Defendant's apparent position, stated in verbal communications between counsel of record, that "same decision" proof is relevant and admissible in Stage I proceedings in this action despite the focus of such proceedings on Defendant's actual, not hypothetical, motivations for its conduct. Naturally, if Defendant will stipulate that it will not seek to admit evidence concerning "same decision" theories and other individualized remedial evidence during Stage I proceedings, Plaintiff EEOC will forego that discovery until Stage II.

[7] The individuals regarding whom Defendant has failed to provide an amended answer are Douglas Akers, Timothy Baier, Paul Briganti, Everett Coleman, Daniel Friedland, Ron Larkin, Marc Roberts, David Romanoski, Joseph Silva, Daniel Smith, Dale Snyder, Juan Suarez, Ian Swatt, Richard Szetela, John Thompson, III, Christopher Travers, Warren Walker, Ted Williams, and Claude Young.

decision—or listing no one at all). See generally Exb. 2.[8]  Interrogatory Nos. 28 and 33, as well as Interrogatory No. 35, discussed infra, require such information.

Defendant also claims in its amended answer to this Interrogatory, as well as Interrogatory No. 28, that it is impossible to ascertain responsive information concerning some of EEOC's claimants. However, it is not at all clear from Defendant's answers and general description of its process what efforts it has made to obtain such responsive information, including interviewing its personnel. At a minimum, Defendant should be required to identify, for each individual claimant, whether it is asserting that it has made the efforts required of it under the Federal Rules of Civil Procedure to obtain responsive information and, having done so, whether it has reached the conclusion that ascertaining responsive information is an impossibility. Absent such information, Plaintiff EEOC is left to speculate about whether there is further responsive information and, if so, whether EEOC will be ambushed by such information after one of its claimants has already been deposed or, worse yet, at trial.

Finally, while Defendant promises in its amended answer that it will provide supplementation regarding some of these individuals by October 30th, it does not identify who these individuals are (and therefore whether information will be provided before the claimants' depositions), the time

---

[8] The claimants regarding whom Defendant has failed to provide such information who are presently designated as Stage I potential witnesses include (in the order they appear in Exhibit 2) the following: Gregory DeFerro, Christopher Diel, James Paul, James Colleson, Kirk Coverdill, Kevin Dallas, Drew Arvary, Dennis Bivens, Bruce Bostian, Timothy Brown, Antonio Conway, Paul Griffin, James Gruber, Aaron Hinkle, Michael Mulfall, Lee Pecoraro, Troy Spuhler, George Adkins, Ray Andrew, Brian Cicco, Stephen Comins, Daniel Deffendall, Neil Diamond, Richard Hemmeian, Dean Simms, Sly Sylvester, Rahul Jaiswal, Les Jacobs, Marvin Joran, Christian Hood, John Grandizio, David Goodwin, Mike Goldin, Robert Genovese, Richard Garcia, Adam Fondrk, Leo Ryan, Patrick Sharkey, Bernard Youberg, Brian Higgins, Leonard Marino, Larry Kinnie, Dominic Ledbetter, Christopher Linhart, John Maston, and Peter Merchant.

frame promised is unreasonable given the amount of time Defendant has already had to provide answers[9] and the amount of time remaining in non-expert discovery in this action (approximately three months as of October 30th), its failure to promise fully responsive answers for all 65 present designees, and frankly, given Defendant's history of breaking such promises in this action, as well as its history of abusive discovery practices, see, e.g., Court's Letter Order by U.S. Magistrate Judge Paul W. Grimm entered April 6, 2004 (CM/ECF Document No. 70); Court's Letter Order by U.S. Magistrate Judge Paul W. Grimm entered June 30, 2004 (CM/ECF Document No. 102); Memorandum in Support of Plaintiff EEOC's Motion to Compel Answers to Interrogatories and Production of Documents at 20-21 (discussing failure to produce Sandra Brown-Talavera lawsuit materials containing direct evidence of sex discrimination against male job applicants)(CM/ECF Document No. 33); Memorandum in Support of Plaintiff EEOC's Second Motion to Compel Answers to Interrogatories and Production of Documents (detailing Defendant's failure to serve answers/responses)(CM/ECF Document No. 60), EEOC regards such promises as wholly unreliable.

**Interrogatory No. 34**

For each of the "reasons(s)" and "facts known that support each such reason(s)" referenced in Answer to Interrogatory No. 33, above, identify by Bates Number or, if not Bates stamped, by using the definition in Instruction No. 8, any and all documents related to such reason(s) and facts known.

**Defendant's original answer to Interrogatory No. 34**

ANSWER: LAWL incorporates by reference its objections and answer to Interrogatory No. 33, set forth above. Subject to and without waiver of the General Objections, in accordance with Federal Rule of Civil Procedure 33(d), LAWL refers EEOC to the documents produced in this matter, with particular emphasis on those marked as exhibits during claimant depositions, such as

---

[9] Plaintiff EEOC served its Second Set of Interrogatories upon the Defendant on November 14, 2003, and its Third Set of Interrogatories upon the Defendant on June 10, 2005.

resumes, cover letters and applications with handwritten notations, as well as pre-screen and interview forms or notes.

**Defendant's amended answer to Interrogatory No. 34**

ANSWER: LAWL incorporates by reference its response to Interrogatory No. 33, set forth above. In accordance with Federal Rule of Civil Procedure 33(d), LAWL refers EEOC to the documents produced in this matter relating specifically to claimant designees. In particular, claimant deposition exhibits, resumes, cover letters and applications with handwritten notations, as well as pre-screen and interview forms or notes, all of which have been produced to EEOC in text searchable, electronic format.

**Basis for insufficiency of Defendant's answer to Interrogatory No. 34**

Plaintiff EEOC incorporates by reference its discussion of the basis for insufficiency of Defendant's amended answer to Interrogatory No. 33, above. In addition, EEOC notes that Defendant has failed to identify responsive documents with sufficient particularity.

**Interrogatory No. 35**

For each of the "reasons(s)" and "facts known that support each such reason(s)" referenced in Answer to Interrogatory No. 33, above, identify by full name, social security number, date of birth, sex, last known home address, last known home telephone number, job title(s) held while employed by Defendant, dates each such job title was held, and beginning and end dates of employment with Defendant any and all persons with relevant knowledge of such reason(s) and facts known.

**Defendant's original answer to Interrogatory No. 35**

ANSWER: LAWL objects to Interrogatory No. 35 to the extent it seeks information duplicative of Interrogatory Nos. 23 and 28 contained in Plaintiff EEOC's Second Set of Interrogatories to Defendant. Subject to and without waiver of the General Objections, LAWL incorporates by reference its objections and answers to Interrogatory Nos. 23 and 28, as set forth in Defendant's Response to EEOC's Second Set of Interrogatories. By way of further answer, LAWL incorporates by reference its objections and answers to Interrogatory Nos. 33 and 34, set forth above.

**Defendant's amended answer to Interrogatory No. 35**

ANSWER: LAWL objects to Interrogatory No. 35 to the extent it seeks information duplicative of Interrogatory Nos. 23 and 28 of Plaintiff EEOC's Second Set of Interrogatories to Defendant. LAWL incorporates by reference its responses to Interrogatory Nos. 23, 28, 33 and 34,

as set forth above. By way of further answer, LAWL states that if it knows which LAWL employees and/or former employees have relevant knowledge of the "reason(s) and facts known", if any, those employees/former employees will be included in LAWL's claimant-specific responses to Interrogatory Nos. 23, 24 and 28, attached as Exhibit A, and/or Interrogatory No. 33, which LAWL will provide as a supplement to its Amended Response to EEOC's Second and Third Sets of Interrogatories on or before October 30, 2005 (see Amended Response to Interrogatory Number 33, above).

**Basis for insufficiency of Defendant's answer to Interrogatory No. 35**

Plaintiff EEOC incorporates by reference its discussion of the basis for insufficiency of Defendant's amended answer to Interrogatory No. 33, above. Defendant has failed to identify persons with relevant knowledge. Instead, as to some (but not all) of EEOC's claimants Defendant has chosen to identify persons with hiring authority in the geographic area where the claimant applied for work. There is no indication that these persons actually had any role in the hiring process regarding the particular claimant, the nature of that role, or the relevant knowledge (if any) that the person identified actually possesses. This leaves the Government in a position where it must speculate regarding the identities of persons with actual relevant knowledge and what that knowledge is or, in the alternative, in a position where it must engage in scores of "scatter-shot" depositions of persons who may or may not have knowledge of the claimant. This is wholly inadequate and improper.

For the reasons set forth above, Plaintiff EEOC respectfully requests that this Court grant its Motion to Compel answers to the foregoing Interrogatories.

                Respectfully submitted,

                EQUAL EMPLOYMENT OPPORTUNITY
                COMMISSION

                GERALD S. KIEL (Bar No. 07770)
                Regional Attorney

TRACY HUDSON SPICER (Bar No. 08671)
Supervisory Trial Attorney


_____/s/_____
RONALD L. PHILLIPS
Trial Attorney
Baltimore District Office
City Crescent Building, 3rd Floor
10 South Howard Street
Baltimore, Maryland 21201
Telephone number: (410) 962-4628
Facsimile number: (410) 962-4270/2817