IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br>  Plaintiff, <br><br> and <br><br> KATHY C. KOCH, <br>  Plaintiff-Intervenor, <br><br> v. <br><br> LA WEIGHT LOSS CENTERS, INC., <br>  Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. WDQ-02-CV-648 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANT'S AMENDED RESPONSE TO
EEOC'S SECOND AND THIRD SETS OF INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, defendant LA Weight Loss Centers, Inc., hereby amends it response to plaintiff EEOC's Second and Third Sets of Interrogatories to Defendant.

I.   **GENERAL OBJECTIONS**

The following objections are incorporated by reference into each and every response below, whether or not specifically set forth therein:

  1.   Defendant LA Weight Loss Centers, Inc. ("LAWL") objects to Instruction Nos. 5 through 8 of plaintiff EEOC's Second and Third Set of Interrogatories to Defendant (the "Interrogatories") to the extent they seek to impose obligations upon LAWL beyond those imposed by the Federal Rules of Civil Procedure.

PHL:5211834.1/LAW024-158357

2. LAWL objects to Instruction No. 2 of the Interrogatories to the extent it requires disclosure of information or documents protected by the attorney-client privilege, work product doctrine and/or any other applicable privilege recognized by law.

3. LAWL objects to the definition of "Defendant" contained in the Interrogatories to the extent it includes LAWL's attorneys because that information is protected by the attorney-client privilege, work product doctrine and/or any other applicable privilege recognized by law.

4. LAWL objects to the definition of "Document" and "Documents" contained in the Interrogatories to the extent it includes information protected by the attorney-client privilege, work product doctrine and/or any other applicable privilege recognized by law.

5. LAWL objects to the Interrogatories to the extent they exceed the stipulated fifty (50) interrogatory limit in this matter.

II. **AMENDED RESPONSES TO INTERROGATORIES**

23. Identify by full name, sex, date of birth, social security number, last known home address, last known home telephone number, job title(s) held while employed by Defendant, dates each job title was held, dates of employment with Defendant, and address of work location(s) while employed by Defendant the following persons: any and all persons whom participated in the consideration for potential employment, rejection or review of any persons for whom Plaintiff seeks relief in this action and have been, or is in the future, identified by Plaintiff as a definite claimant; their application(s) (electronic or hard-copy), resumes, or other expressions of interest in employment with Defendant; or any person selected instead of such definite claimant. For each such person identified, identify the name of the definite claimant(s) or selectee about whom the person participated in the consideration, rejection or review and the nature of such participation.

**ANSWER:** LAWL objects to Interrogatory No. 23 to the extent it is contrary to the Court's Order Regarding Bifurcation and Discovery in this action, as it seeks information related to all EEOC claimants, about only eighty of whom EEOC is permitted to present individualized proof at Stage I of this action.

Subject to and without waiver of this objection, LAWL states that from 1997 to October 2004 it did not maintain or possess any database identifying employees who participated in the consideration for potential employment, rejection or review of any person for whom the EEOC seeks relief in this matter. From October 2004 to the present, LAWL has maintained an Access Database. That database is used by LAWL's Human Resources Department to track applicants, and contains the following categories of applicant information: (a) date of application; (b) name; (c) phone number; (d) email address; (e) market; (f) center considered for; (g) recruiter; (h) open position; (i) gender; (j) source; (k) result; and (l) comments. LAWL will produce the Access Database to EEOC. LAWL neither maintains nor possess any database identifying the person(s) selected for employment instead of persons on whose behalf EEOC seeks relief in this action.

To the extent the information sought by Interrogatory No. 23 exists, LAWL undertook a manual review of over 6000 personnel files, claimants' job applications and related materials, organizational charts and payroll records. Through collection and review of this information, as well as information from non-documentary sources, LAWL attempted to discover and re-create the hiring decision process for each definite claimant. Attached hereto as Exhibit A is a claimant-specific answer to Interrogatory Nos. 23, 24 and 28, which will be supplemented by LAWL at regular intervals until complete.

Generally, hiring decisions and/or recommendations for hire are/were made by the Area or Regional Managers and, at times, Trainers. Where the information is in LAWL's possession, custody and control, LAWL determined who had hiring and/or recommendation authority in each applicable center or region. By cross referencing this information with the date, location and position for which a given claimant applied, LAWL attempted to provide EEOC with the identity of the member of LAWL management with hiring and/or recommendation authority for

the location and position at the time the claimant applied for a position. In many instances, LAWL cannot definitively state that the person named is the individual who made the specific hiring decision regarding the claimant at issue.

Through a similar review of personnel and payroll records, LAWL attempted to identify the individual hired instead of the claimant at issue. Here again, LAWL could not do so in every instance because, among other reasons, some claimants may not have applied for an open position, some job postings may have been run indefinitely, some job postings are regional and not center-specific and some postings advertise multiple open positions in a particular region which, in the absence of a database, makes it impossible to determine who was hired instead of a particular claimant. Accordingly, there are instances where no one was hired instead of a claimant and/or where it is impossible to identify whether a person offered employment was hired instead of a claimant.

Regarding the specific information requested by EEOC for each LAWL employee who participated in the consideration and/or rejection of any persons on whose behalf EEOC seeks relief in this action, LAWL has produced in response to Request No. 41, all personnel files within its possession, custody and control. Those files were produced in electronic format. They are text searchable and all identifying information requested in this Interrogatory is contained in them. LAWL continues to supplement its production of personnel files with change forms and files for new hires.

24.   Identify by full name, sex, date of birth, social security number, last known home address, last known home telephone number, job title(s) held while employed by Defendant, dates each job title was held, dates of employment with Defendant, and address of work location(s) while employed by Defendant any and all persons who at any time participated in hiring decisions and/or recommendations to hire for the positions of Medical Technician, Medical Assistant, Phlebotomist, Counselor, Assistant Manager, Assistant Center Manager, Center Manager, Manager, Area Manager, Area Supervisor, Regional Manager, Regional Supervisor, Trainer, Sales Trainer, Service Trainer, Area Trainer, Regional Trainer, Corporate

Trainer, Service Supervisor, 3rd Closer, Recruiter, and any job title regarding positions at Defendant's centers and/or field positions below the level of corporate officer at any time since January 1, 1997, and state, separately for each such person, the job title(s) and work location(s) (including but not limited to centers) for which each person participated in hiring decisions and/or recommendations, the date each person held such authority or duties, the date and nature of any changes to those duties or authority since January 1, 1997, and describe the nature of such person's participation in hiring decisions and/or recommendations, including but not limited to whether such person was a decision-maker, made recommendations to hire subject to approval, or both.

**ANSWER:** LAWL incorporates by reference its response to Interrogatory No. 23. By way of further answer, LAWL states that it does not maintain or possess any database containing the information sought by Interrogatory No. 24. EEOC is in possession of the business and payroll records from which this information can be derived. Because the burden of deriving this information is the same for both LAWL and EEOC, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, LAWL refers EEOC to all ADP and Zurich payroll information, LAWL organizational charts and job descriptions already produced in discovery. Notwithstanding, LAWL will produce a list of all persons who may have participated in hiring decisions and/or recommendations to hire for field positions below the level of corporate officer, including Medical Technicians, Medical Assistants, Phlebotomists, Counselors, Assistant Managers, Center Managers, Area Managers, Regional Managers and Trainers, to the extent this information can be determined from LAWL's records. With respect to the job titles and work locations of the persons listed, LAWL refers EEOC to their personnel files, which were already produced pursuant to Request No. 41. Regarding the nature of each individual's participation in hiring decisions and/or recommendations, LAWL is not in possession of that information and refers EEOC to the job descriptions produced previously in discovery.

25. Identify the full address of any and all Defendant facilities in operation for any length of time since January 1, 1997, and for each facility identify the title and/or nomenclature of the facility, the dates its operation (including but not limited to any dates of operation preceding January 1, 1997 regardless of the name of the business), the nature of business

activities carried on at the facility, and, if the facility identified is a center, identify the area and the region to which it was assigned.

**ANSWER:** The address and dates of operation for each LAWL facility in operation for any length of time since January 1, 1997 (including identification of area and region for each center), are attached hereto as Exhibit B. The phone number and address lists for all current LAWL centers, as well as a list of all centers no longer in operation, is also contained in Exhibits B.

By way of further answer, the following is a list of LAWL's present and former corporate offices:

> 653 Skippack Pike, Suite 12, Blue Bell, PA 19422
>
> 255 Business Center Drive, Suite 110, Horsham, PA 19044
>
> 747 Dresher Road, Suite 100, Horsham, PA 19044 (current corporate offices)

Until April 30, 2005, LAWL leased a storage warehouse at 759 Roble Road, Suite 3, Allentown, PA 18109-9139. LAWL now contracts for a storage warehouse through Smith Eagle Logistics, RR#3, Box 133G, Tyrone, PA 16686.

26. Identify the name, address and nature of coverage of the insurance provider discussed in Volume I, pages 30-33 of the April 27, 2000 interview of Karen Siegel during the EEOC's investigation of the subject charge of discrimination filed by Kathy Koch, as well as any other insurance provider whom has provided or may provide insurance coverage for Defendant regarding claims of employment discrimination under federal, state and/or local law.

**ANSWER:** LAWL objects to Interrogatory No. 26 to the extent it seeks the production of documents and information not relevant to any claims or defense at issue in this lawsuit. Subject to and without waiver of the foregoing objection, at this time LAWL does not have any insurance coverage for the claims at issue in this matter. Claims for coverage made to Lexington Insurance Company and CHUBB Insurance Company were denied.

27. Identify the legal name, former and present address, name and address of owner(s), and nature and degree of ownership interest of such owner(s) of the following: any

and all business owned, in whole or in part, by Vahan Karian or Vahan Karabajakian at any time since January 1, 1989; Quick Weight Loss Centers, Inc.; QWL Acquisitions, Inc.; Quick Weight Loss Center, Inc.; Weight Loss Centre of Central Pennsylvania, Inc.; Medical Weight Loss Center, Inc.; Medical Weight Loss Centers, Inc.; any entities whose assets were combined to form or became the assets of Quick Weight Loss or QWL Acquisitions; and any entities discussed or referenced in Volume II, pages 133-134 of the April 28, 2000 interview of Karen Siegel during the EEOC's investigation of the subject charge of discrimination filed by Kathy Koch.

**ANSWER:** LAWL objects to Interrogatory No. 27 to the extent it seeks information not relevant to the claims or defenses at issue in this matter. None of the individuals or entities identified in this request are parties to this action, and the claims and defenses at issue in this lawsuit provide no basis upon which to seek evidence piercing the veil of the corporation. Subject to and without waiver of the foregoing objections, see the deposition testimony of Vahan Karian on November 16, 2004, pages 8-11, 28-33.

28. Separately for each of the definite claimants identified by the EEOC or whom are identified by the EEOC in the future, identify any and all reasons each person was not given an offer of employment or otherwise not selected by Defendant, and for each such reason, identify any and all facts and documents supporting, refuting, or otherwise relating to such reason and the full name, sex, date of birth, social security number, last known home address, last known home telephone number, job title(s) held while employed by Defendant, dates each job title was held, dates of employment with Defendant, and address of work location(s) while employed by Defendant of any and all persons with knowledge of the reason or otherwise relating to the definite claimant.

**ANSWER:** LAWL incorporates by reference its answer to Interrogatory Nos. 23 and 24. To the extent LAWL can identify the reason(s) each person on whose behalf EEOC seeks relief was not given an offer of employment or otherwise not selected by LAWL, the reason(s) is contained in LAWL's collective response to Interrogatory Nos. 23, 24 and 28 at Exhibit A.

29. Identify by full name; sex, social security number, date of birth; any and all position(s) held and dates held; any and all geographic locations to which she/he was assigned; dates of employment; reason for termination (if applicable); starting salary, hourly rate, commission and/or other remuneration for each position(s) held; name of any and all persons who participated in the hiring decision; last known home address; and last known home telephone number of any and all persons who were offered employment with Defendant

(whether hired or not hired) anywhere in the United States regarding whom Defendant has not already provided such information, including but not limited to any person offered employment or hired by Defendant at any time during any period not encompassed by Defendant's initial response to the EEOC's First Set of Interrogatories.

**ANSWER:**    LAWL incorporates by reference its responses to Interrogatory Nos. 23, 24 and 28. Regarding all individuals offered employment with LAWL anywhere in the United States, LAWL began maintaining an Access Database containing this information in October 2004, which database will be produced to EEOC. Prior to that time, LAWL neither maintained nor possessed any database of persons offered employment. LAWL has produced copies of all offer letters in its possession and will continue to supplement that production at regular intervals. Not all individuals offered employment with LAWL, however, are or were provided with an offer letter. To the extent individuals were made offers of employment and hired by LAWL, information pertaining to them has been provided in response to Request for Production No. 41. Further, LAWL has produced all applications for employment, cover letters, resumes, payroll information, organizational charts, offer letters, job postings and personnel files in its possession, custody and control, which production will be supplemented at regular intervals. From these business records, EEOC can ascertain the answers to Interrogatory No. 29 regarding who was hired, when they were hired and for what position and location they were hired. The burden upon EEOC of doing so is equal to the burden upon LAWL.

In addition, a contractor -- Executive Search Group ("ESG"), 50 East Wynnewood Road, Suite 210, Wynnewood, PA 19096 -- handled management-level recruiting for LAWL starting in 2001. When management-level applicants were offered employment, ESG sent them offer letters directly. To the extent ESG provided copies of these letters to LAWL, they have been produced to EEOC. To the extent ESG did not copy LAWL on the letters, they are not within LAWL's possession, custody or control. Upon information and belief, ESG produced all such