

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Baltimore District Office

10 S. Howard Street, 3rd Floor
Baltimore, MD 21201
PH: (410) 962-3932
TDD: (410) 962-6065
FAX: (410) 962-4270

August 11, 2005

**VIA FACSIMILE AND U.S. MAIL**

Aliza R. Karetnick, Esq.
Wolf, Block, Schorr and Solis-Cohen, LLP
1650 Arch St., 22nd Floor
Philadelphia, PA 19103-2097

     Re: <u>EEOC and Kathy Koch v. LA Weight Loss</u>, Case No. WDQ-02-CV-648

Dear Aliza:

Pursuant to Local Rule 104 of the U.S. District Court for the District of Maryland and Fed. R. Civ. P. 37(a), this letter constitutes the U.S. Equal Employment Opportunity Commission's ("EEOC") attempt to resolve a potential discovery dispute in the above-styled and numbered action regarding your client's responses to Plaintiff EEOC's Third Set of Interrogatories to Defendant, as well as its supplemental responses to certain interrogatories set forth in EEOC's Second Set of Interrogatories to Defendant.[1] Your client has refused to answer Interrogatory Nos. 33, 34 and 35, instead asserting a number of objections and referencing previous information tendered to the EEOC in response to Interrogatory Nos. 23, 24 and 28. EEOC's interrogatories seek clearly discoverable information, and your client's objections to this discovery lack merit. Moreover, your client's previous responses to which it now refers are not sufficient.

Your client objects to Interrogatory Nos. 33, 34 and 35 on the ground that they exceed the scope of discovery authorized by the Court's Order Regarding Bifurcation and Scheduling previously entered in this action. While the EEOC acknowledges that the Court's Order defers until Stage II certain discovery related to claimants not designated as potential Stage I witnesses, that fact certainly does not excuse your client's failure to serve answers regarding claimants who have been so-designated.

---

[1] Recall EEOC's Second Set of Interrogatories to Defendant are a subject of Plaintiff EEOC's Second Motion to Compel Answers to Interrogatories and Production of Documents ("Second Motion"), and that the parties agreed that the Second Motion, like Plaintiff EEOC's First Motion to Compel Answers to Interrogatories and Production of Documents, would remain pending and that further briefing would be deferred unless EEOC determined that your client's supplementation was insufficient, in which case EEOC would give notice and your client's response brief would be due 14 days thereafter.

In addition, your client has responded to the aforementioned interrogatories by referencing in general terms the documents it has produced in this action, including those used by it as exhibits to claimant depositions. This attempt to invoke Fed. R. Civ. P. 33(d) is similarly without merit. Under the circumstances the EEOC is legally entitled to full, written, verified answers to its interrogatories. The documents provided by your client are voluminous, and documents that may be responsive to the interrogatories have not been identified with sufficient particularity. This is a task that your client is far better able to perform than the EEOC given that its superior familiarity with the documents, and it is a task that your client is required to perform under Rule 33 and in response to Interrogatory No. 34, which explicitly requests such identification. Perhaps more importantly, the documents, far from being fully responsive, are in many cases silent as to the particular reasons that claimants were not selected and other information called for by the interrogatories, or they are vague or ambiguous regarding the information sought, thus requiring speculation by the EEOC. In this regard, the referenced documents do not contain a full description of responsive information that is not documented but nonetheless within the knowledge of your client's personnel, information to which EEOC is entitled and which your client is obligated to compile and provide. Furthermore, the documents are entirely silent as to whether your client contends that claimants would not have been selected even in the absence of the discrimination alleged by the EEOC as well as the responsive information related to such contention.

Your client has also objected to the EEOC's Interrogatories on the ground that they are duplicative of Interrogatory Nos. 23 and 28, which were set forth in EEOC's Second Set of Interrogatories to Defendant. This objection similarly lacks merit. While to some extent the two sets of interrogatories overlap, they also quite obviously differ in a number of material respects. Though not the only example of differences between the sets of interrogatories, the most clear distinction is Interrogatory No. 33's reference to any contention that "regardless of the actual reason(s) for non-hire such person would have been denied employment for non-discriminatory reason(s)" and related facts. While EEOC believes that the differences between the aforementioned interrogatories are patent, if your client wishes EEOC to point out the other specific differences or provide clarification regarding the meaning of any language, please call and EEOC will provide further elaboration on this issue.

Finally, your client responds to Interrogatory Nos. 33, 34 and 35 by incorporating its previous supplemental responses to EEOC's Second Set of Interrogatories to Defendant. This is improper. As stated, the two sets of interrogatories are not duplicative, and in any event your client's previous supplemental responses are incomplete (even as to Stage I designees), tardy under both the Federal Rules of Civil Procedure and the parties' prior discovery agreement, fail to adequately set forth responsive information (e.g., identity of decision-makers and selectees, reasons for non-selection of claimants) and not verified as required by Rule 33(b).

EEOC demands supplemental answers to Interrogatory Nos. 33, 34 and 35. In addition, EEOC repeats its demand for supplemental answers to Interrogatory Nos. 23, 24 and 28, which are already the subject of EEOC's pending Second Motion to Compel Answers to Interrogatories and Production of Documents ("Second Motion"). If such supplementation is not provided within seven (7) days of the date of this letter, EEOC will proceed with its Second Motion and serve its Third Motion to

Compel Answers to Interrogatories. If you have any questions or concerns regarding this letter, please feel free to contact me at (410) 962-4628.

Sincerely,

Ronald L. Phillips
Trial Attorney

cc:   Pamela J. White, Esq.