IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION** | : <br> : <br> : |
| Plaintiff, | : <br> : |
| and | : <br> : **CASE NO: WDQ 02-CV-648** |
| **KATHY KOCH** | : <br> : |
| Intervenor/Plaintiff, | : **JURY DEMANDED** <br> : |
| v. | : <br> : |
| **LA WEIGHT LOSS CENTERS, INC.** | : <br> : |
| Defendant. | : <br> : |

**DEFENDANT LA WEIGHT LOSS CENTERS, INC.'S
MEMORANDUM IN OPPOSITION TO EEOC'S SECOND MOTION TO COMPEL
ANSWERS TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS**

Pursuant to Federal Rule of Civil Procedure 37(a), Rule 104(8) of the Local Rules of the United States District Court for the District of Maryland and agreement of counsel concerning the time within which to file a response to Plaintiff EEOC's Second Motion to Compel Answers to Interrogatories and Production of Documents (the "Motion"), defendant LA Weight Loss Centers, Inc. ("LAWL") files this Memorandum in Opposition to EEOC's Motion.

**I.    INTRODUCTION**

EEOC's Second Motion to Compel Answers to Interrogatories and Production of Documents (the "Motion") is baseless and fails to accurately portray the state of discovery in this litigation. Not only does the Motion ignore the fact that LAWL amended its responses to EEOC's Interrogatories, but it disregards LAWL's production of tens of thousands of documents responsive to EEOC's document requests. The Motion also conveniently overlooks the fact that

much of the information EEOC seeks to compel is not within LAWL's possession, custody or control. EEOC's Motion should be denied in its entirety.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On February 28, 2002, EEOC filed this nationwide class action lawsuit against LAWL alleging unlawful gender discrimination against men and retaliation. Specifically, EEOC contends that LAWL has a policy or practice of discriminating against men in hiring and promotion and that LAWL wrongfully terminated Kathy Koch when she protested LAWL's purported unlawful policy or practice. Kathy Koch, the complainant in the underlying administrative charge giving rise to this action, intervened in the lawsuit on July 15, 2002. LAWL filed answers to EEOC's and Koch's complaints on April 8, 2002, and August 5, 2002, respectively, denying all claims in their entirety. Thereafter, discovery was commenced by all parties.

On November 14, 2003, EEOC propounded its Second Set of Interrogatories to Defendant (the "Interrogatories") and Second Set of Document Requests (the "Document Requests"). In response to the Interrogatories – each with numerous sub-parts thinly veiled as one interrogatory – and Document Requests, LAWL undertook an extensive manual review of personnel and other files to re-create the hiring process and determine, where possible, the reason(s) each class claimant was not hired. LAWL also produced for inspection in excess of 6,000 personnel files, tens of thousands of business documents including organizational charts, employee manuals, handbooks and related hiring documents, and all machine readable files containing hiring, personnel and payroll data.

Notwithstanding, EEOC is not satisfied. The EEOC's factually inaccurate Motion, however, does not provide LAWL a basis for understanding and remediating this discovery dispute. Rather, LAWL is left to speculate that the dispute over interrogatory responses centers

on Interrogatory Nos. 23, 24 and 28, relating to claimants, the reasons they did not receive an offer of employment with LAWL and the persons responsible for making those hiring decisions. As LAWL explained in its Amended Response, LAWL did not possess or maintain any database or record containing the information sought by Interrogatory Nos. 23, 24 and 28 until October 2004, and much of the discovery demanded by those interrogatories is not within LAWL's custody or control. Where LAWL can respond to EEOC's Interrogatories with substantive answers, it has done so.

The dispute over Requests for Production Nos. 40-45 is moot. With only one exception – HotJobs.com postings and submission – LAWL has already produced all of the documents at issue in EEOC's Motion, including thousands of personnel files and electronic correspondence. Even as to HotJobs.com, there is no dispute. The parties have agreed to take the deposition of a HotJobs.com designee to determine the best method of producing the tens or hundreds of thousands of electronic submissions and related data contained in the HotJobs.com database.

Accordingly, LAWL respectfully requests that the Court deny EEOC's Motion in its entirety as LAWL has fully responded to EEOC's discovery requests to the extent required by the Federal Rules of Civil Procedure.[1]

---

[1] On September 30, 2005, EEOC notified LAWL in writing that it would not move to compel responses to Interrogatory Nos. 25 and 31 at this time. Accordingly, LAWL does not respond to the arguments contained in the Motion that relate to those interrogatories.

**III.     INTERROGATORIES**

LAWL's response to the insufficiencies argued by EEOC is set forth below:

**Interrogatory No. 23**

*INTERROGATORY: Identify by full name, sex, date of birth, social security number, last known home address, last known home telephone number, job title(s) held while employed by Defendant, dates each job title was held, dates of employment with Defendant, and address of work location(s) while employed by Defendant the following persons: any and all persons whom participated in the consideration for potential employment, rejection or review of any persons for whom Plaintiff seeks relief in this action and have been, or is in the future, identified by Plaintiff as a definite claimant; their application(s) (electronic or hard-copy), resumes, or other expressions of interest in employment with Defendant; or any person selected instead of such definite claimant. For each such person identified, identify the name of the definite claimant(s) or selectee about whom the person participated in the consideration, rejection or review and the nature of such participation.*

*AMENDED RESPONSE:* LAWL objects to Interrogatory No. 23 to the extent it is contrary to the Court's Order Regarding Bifurcation and Discovery in this action, as it seeks information related to all EEOC claimants, about only eighty of whom EEOC is permitted to present individualized proof at Stage I of this action.

Subject to and without waiver of this objection, LAWL states that from 1997 to October 2004 it did not maintain or possess any database identifying employees who participated in the consideration for potential employment, rejection or review of any person for whom the EEOC seeks relief in this matter. From October 2004 to the present, LAWL has maintained an Access Database. That database is used by LAWL's Human Resources Department to track applicants, and contains the following categories of applicant information: (a) date of application; (b) name; (c) phone number; (d) email address; (e) market; (f) center considered for; (g) recruiter; (h) open position; (i) gender; (j) source; (k) result; and (l) comments. LAWL will produce the Access Database to EEOC. LAWL neither maintains nor possess any database identifying the person(s) selected for employment instead of persons on whose behalf EEOC seeks relief in this action.

To the extent the information sought by Interrogatory No. 23 exists, LAWL undertook a manual review of over 6000 personnel files, claimants' job applications and related materials, organizational charts and payroll records. Through collection and review of this information, as well as information from non-documentary sources, LAWL attempted to discover and re-create the hiring decision process for each definite claimant. Attached hereto as Exhibit A is a claimant-specific answer to Interrogatory Nos. 23, 24 and 28, which will be supplemented by LAWL at regular intervals until complete.

Generally, hiring decisions and/or recommendations for hire are/were made by the Area or Regional Managers and, at times, Trainers. Where the information is in LAWL's possession, custody and control, LAWL determined who had hiring and/or recommendation authority in each applicable center or region. By cross referencing this information with the date, location and position for which a given claimant applied, LAWL attempted to provide EEOC with the

identity of the member of LAWL management with hiring and/or recommendation authority for the location and position at the time the claimant applied for a position. In many instances, LAWL cannot definitively state that the person named is the individual who made the specific hiring decision regarding the claimant at issue.

Through a similar review of personnel and payroll records, LAWL attempted to identify the individual hired instead of the claimant at issue. Here again, LAWL could not do so in every instance because, among other reasons, some claimants may not have applied for an open position, some job postings may have been run indefinitely, some job postings are regional and not center-specific and some postings advertise multiple open positions in a particular region which, in the absence of a database, makes it impossible to determine who was hired instead of a particular claimant. Accordingly, there are instances where no one was hired instead of a claimant and/or where it is impossible to identify whether a person offered employment was hired instead of a claimant.

Regarding the specific information requested by EEOC for each LAWL employee who participated in the consideration and/or rejection of any persons on whose behalf EEOC seeks relief in this action, LAWL has produced in response to Request No. 41, all personnel files within its possession, custody and control. Those files were produced in electronic format. They are text searchable and all identifying information requested in this Interrogatory is contained in them. LAWL continues to supplement its production of personnel files with change forms and files for new hires.

*ARGUMENT*: EEOC contends that LAWL has not answered Interrogatory No. 23. EEOC is mistaken. First, LAWL withdrew its initial objections to Interrogatory No. 23. LAWL's Amended Response poses only one objection to breadth – specifically, that EEOC seeks impermissibly to discover information regarding claimants about whom individualized proof cannot be presented during Stage I of this action. EEOC's argument concerning the merit of LAWL's first objections is therefore moot.

Second, LAWL's substantive answer to Interrogatory No. 23 explains at length that LAWL did not maintain or possess any database containing responsive information until October 2004 and that, in many instances, LAWL is not in possession of any claimant-specific responsive information. To the extent LAWL possesses the discovery sought by Interrogatory No. 23, it is contained in Exhibit A to LAWL's Amended Responses. In keeping with past practice and its

obligations under the Federal Rules of Civil Procedure, LAWL continues to supplement Exhibit A with additional claimants and information.

Third, regarding the specific information sought by EEOC for each LAWL employee who participated in consideration and/or rejection of persons on whose behalf EEOC seeks relief, LAWL properly directed EEOC to business documents pursuant to Federal Rule of Civil Procedure 33(d). Through answers to interrogatories and 30(b)(6) testimony, LAWL has provided EEOC with a complete explanation of persons charged with hiring from 1997 through the present. Specifically, LAWL has made it clear that Area and Regional Supervisors, and at times Regional Trainers, were and are responsible for interviewing and filling open field positions. LAWL has given EEOC all organizational charts and payroll information within its possession, custody and control, which documents detail the persons who occupied hiring-level positions and titles during the relevant time period. Further, LAWL has produced all personnel files within its possession, custody and control. Those files, which were provided in text-searchable electronic format, contain all identifying information requested by Interrogatory No. 23. Because the burden of deriving information from those documents is the same for both parties, LAWL's reference to documents previously produced in this litigation is proper and EEOC's objection lacks merit. EEOC's Motion should be denied.

**Interrogatory No. 24**

*INTERROGATORY: Identify by full name, sex, date of birth, social security number, last known home address, last known home telephone number, job title(s) held while employed by Defendant, dates each job title was held, dates of employment with Defendant, and address of work location(s) while employed by Defendant any and all persons who at any time participated in hiring decisions and/or recommendations to hire for the positions of Medical Technician, Medical Assistant, Phlebotomist, Counselor, Assistant Manager, Assistant Center Manag3er, Center Manager, Manager, Area Manager, Area Supervisor, Regional Manager, Regional Supervisor, Trainer, Sales Trainer, Service Trainer, Area Trainer, Regional Trainer, Corporate Trainer, Service Supervisor, 3rd Closer, Recruiter, and any job title regarding positions at*

*Defendant's centers and/or field positions below the level of corporate officer at any time since January 1, 1997, and state, separately for each such person, the job title(s) and work location(s) (including but not limited to centers) for which each person participated in hiring decisions and/or recommendations, the date each person held such authority or duties, the date and nature of any changes to those duties or authority since January 1, 1997, and describe the nature of such person's participation in hiring decisions and/or recommendations, including but not limited to whether such person was a decision-maker, made recommendations to hire subject to approval, or both.*

     *AMENDED RESPONSE:* LAWL incorporates by reference its response to Interrogatory No. 23. By way of further answer, LAWL states that it does not maintain or possess any database containing the information sought by Interrogatory No. 24. EEOC is in possession of the business and payroll records from which this information can be derived. Because the burden of deriving this information is the same for both LAWL and EEOC, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, LAWL refers EEOC to all ADP and Zurich payroll information, LAWL organizational charts and job descriptions already produced in discovery. Notwithstanding, LAWL will produce a list of all persons who may have participated in hiring decisions and/or recommendations to hire for field positions below the level of corporate officer, including Medical Technicians, Medical Assistants, Phlebotomists, Counselors, Assistant Managers, Center Managers, Area Managers, Regional Managers and Trainers, to the extent this information can be determined from LAWL's records. With respect to the job titles and work locations of the persons listed, LAWL refers EEOC to their personnel files, which were already produced pursuant to Request No. 41. Regarding the nature of each individual's participation in hiring decisions and/or recommendations, LAWL is not in possession of that information and refers EEOC to the job descriptions produced previously in discovery.

     *ARGUMENT*: LAWL incorporates by reference its discussion of the sufficiency of its answer to Interrogatory No. 23, above. Further, LAWL's Amended Response to Interrogatory No. 24 states that it will produce a list of all persons who *may* have participated in hiring decisions and/or recommendations to hire for all field positions below the level of corporate officer. LAWL is in the process of finalizing that list and anticipates producing it to EEOC by the first week of November. Regarding the specific nature each individual's participation in hiring decisions and/or recommendations, LAWL is not in possession of any information beyond the job descriptions already produced in discovery.

**Interrogatory No. 27**

*INTERROGATORY: Identify the legal name, former and present address, name and address of owner(s), and nature and degree of ownership interest of such owner(s) of the following: any and all business owned, in whole or in part, by Vahan Karian or Vahan Karabajakian at any time since January 1, 1989; Quick Weight Loss Centers, Inc.; QWL Acquisitions, Inc.; Quick Weight Loss Center, Inc.; Weight Loss Centre of Central Pennsylvania, Inc.; Medical Weight Loss Center, Inc.; Medical Weight Loss Centers, Inc.; any entities whose assets were combined to form or became the assets of Quick Weight Loss or QWL Acquisitions; and any entities discussed or referenced in Volume II, pages 133-134 of the April 28, 2000 interview of Karen Siegel during the EEOC's investigation of the subject charge of discrimination filed by Kathy Koch.*

*AMENDED RESPONSE:* LAWL objects to Interrogatory No. 27 to the extent it seeks information not relevant to the claims or defenses at issue in this matter. None of the individuals or entities identified in this request are parties to this action, and the claims and defenses at issue in this lawsuit provide no basis upon which to seek evidence piercing the veil of the corporation. Subject to and without waiver of the foregoing objections, see the deposition testimony of Vahan Karian on November 16, 2004, pages 8-11, 28-33.

*ARGUMENT*: EEOC contends that LAWL has not provided an answer to Interrogatory No. 27. EEOC is wrong. LAWL's Amended Response refers EEOC to the deposition of Vahan Karian, CEO and president of LAWL, which was taken in this litigation on November 16, 2004. During his deposition, Mr. Karian testified – without objection – about the history of LAWL's corporate structure, LAWL's current corporate structure, the formation of LAWL and its present and former owners. See Karian Dep. at 8-11, 28-33, attached hereto as Exhibit A. Through Mr. Karian's testimony, LAWL has fully and completely answered Interrogatory No. 27.

**Interrogatory No. 28**

*INTERROGATORY: Separately for each of the definite claimants identified by the EEOC or whom are identified by the EEOC in the future, identify any and all reasons each person was not given an offer of employment or otherwise not selected by Defendant, and for each such reason, identify any and all facts and documents supporting, refuting, or otherwise relating to such reason and the full name, sex, date of birth, social security number, last know home address, last known home telephone number, job title(s) held while employed by Defendant, dates each job title was held, dates of employment with Defendant, and address of work location(s) while employed by Defendant of any and all persons with knowledge of the reason or otherwise relating to the definite claimant.*

*AMENDED RESPONSE:*  LAWL incorporates by reference its answer to Interrogatory Nos. 23 and 24.  To the extent LAWL can identify the reason(s) each person on whose behalf EEOC seeks relief was not given an offer of employment or otherwise not selected by LAWL, the reason(s) is contained in LAWL's collective response to Interrogatory Nos. 23, 24 and 28 at Exhibit A.

*ARGUMENT*:  LAWL incorporates by reference its discussion of the sufficiency of its answers to Interrogatory Nos. 23 and 24, above.

**Interrogatory No. 29**

*INTERROGATORY:  Identify by full name; sex, social security number, date of birth; any and all position(s) held and dates held; any and all geographic locations to which she/he was assigned; dates of employment; reason for termination (if applicable); starting salary, hourly rate, commission and/or other remuneration for each position(s) held; name of any and all persons who participated in the hiring decision; last known home address; and last known home telephone number of any and all persons who were offered employment with Defendant (whether hired or not hired) anywhere in the United States regarding whom Defendant has not already provided such information, including but not limited to any person offered employment or hired by Defendant at any time during any period not encompassed by Defendant's initial response to the EEOC's First Set of Interrogatories.*

*AMENDED RESPONSE:*  LAWL incorporates by reference its responses to Interrogatory Nos. 23, 24 and 28.  Regarding all individuals offered employment with LAWL anywhere in the United States, LAWL began maintaining an Access Database containing this information in October 2004, which database will be produced to EEOC.  Prior to that time, LAWL neither maintained nor possessed any database of persons offered employment.  LAWL has produced copies of all offer letters in its possession and will continue to supplement that production at regular intervals.  Not all individuals offered employment with LAWL, however, are or were provided with an offer letter.  To the extent individuals were made offers of employment and hired by LAWL, information pertaining to them has been provided in response to Request for Production No. 41.  Further, LAWL has produced all applications for employment, cover letters, resumes, payroll information, organizational charts, offer letters, job postings and personnel files in its possession, custody and control, which production will be supplemented at regular intervals.  From these business records, EEOC can ascertain the answers to Interrogatory No. 29 regarding who was hired, when they were hired and for what position and location they were hired.  The burden upon EEOC of doing so is equal to the burden upon LAWL.

In addition, a contractor – Executive Search Group ("ESG"), 50 East Wynnewood Road, Suite 210, Wynnewood, PA  19096 – handled management-level recruiting for LAWL starting in 2001.  When management-level applicants were offered employment, ESG sent them offer letters directly.  To the extent ESG provided copies of these letters to LAWL, they have been produced to EEOC.  To the extent ESG did not copy LAWL on the letters, they are not within LAWL's possession, custody or control.  Upon information and belief, ESG produced all such letters and related documents to EEOC in response to subpoena.  Beyond the offer letters and

personnel information of persons hired, LAWL is unable to identify <u>all</u> management-level individuals to whom an offer of employment was extended.

With respect to persons who participated in the hiring decisions for each individual hired, from 1997 to October 2004, LAWL did not maintain or possess any database from which this information is obtainable. Accordingly, LAWL directs EEOC to Defendant's responses to Interrogatory Nos. 23, 24 and 28, and to the personnel files produced in response to Request No. 41.

*ARGUMENT*: EEOC argues that LAWL failed to provide an answer to Interrogatory No. 29. Here again, EEOC is mistaken. First, LAWL incorporates by reference its discussion of the sufficiency of its answers to Interrogatory Nos. 23, 24 and 28, above. Second, LAWL's Amended Response to Interrogatory No. 29 details that LAWL has produced copies of all offer letters in its possession and will continue to supplement that production at regular intervals. As LAWL points out, however, not all individuals offered employment are or were provided with an offer letter. To the extent individuals were made offers of employment and hired by LAWL, complete information regarding their hire, such as position, rate of pay and geographic location, can be found in the personnel files produced in response to Request for Production No. 41. LAWL has also produced all applications for employment, cover letters, resumes, payroll information, organizational charts and job postings within its control. From these business records, EEOC can discern who was hired. The burden of doing so is equal for both parties.

Finally, LAWL's Amended Response to Interrogatory No. 29 makes clear that Executive Search Group ("ESG") handled management-level recruiting for LAWL starting in 2001. ESG sent offer letters to applicants directly. Where ESG gave LAWL copies of these letters, they have been produced to EEOC. To the extent ESG did not copy LAWL on the letters, they are not within LAWL's possession, custody or control. Pursuant to subpoena issued by EEOC, ESG is scheduled for deposition on October 26, 2005, at which time EEOC will have an opportunity

to probe ESG's practices regarding, among other things, its recruitment practices, offer letters and document retention policies.

**Interrogatory No. 30**

*INTERROGATORY:  Identify, separately for each geographic/organizational location (center, area, region, etc.), the name, dates of use, starting pay and/or any other remuneration of any type of character, dates and content of any changes to the pay and/or other remuneration, job duties, and minimum qualifications required any and all job titles Defendant has ever used.*

*AMENDED RESPONSE:  Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, LAWL refers EEOC to the job descriptions already produced in discovery, which contain information pertaining to positions, job titles, job duties and qualifications.  With respect to the current name, dates of use, starting pay and/or any other remuneration for each geographic/organizational location, see Exhibit C attached hereto.  LAWL neither possesses nor maintains any database containing the starting pay and/or any other remuneration for job titles used in the past.*

*ARGUMENT*:  EEOC argues that LAWL has not provided a fully responsive answer to Interrogatory No. 30.  LAWL disagrees that its response is insufficient.  To date, LAWL has produced dozens of job descriptions covering every field position at issue in this litigation.  Further, LAWL produced a document – attached to the Amended Response at Exhibit C – detailing the starting pay and/or any other remuneration for each position.  LAWL does not possess any additional information responsive to Interrogatory No. 30.

**IV.   DOCUMENT REQUESTS**

**Document Request No. 40**

*REQUEST:  Produce any and all documents relating to communications of any type and in any manner with, or services provided by, recruiters, recruiting agencies, employee search firms (including but not limited to Monster.com, HotJobs.com, etc.), temporary services companies, or similar persons or entities that relate to any or all of the following subjects: employees, prospective employees, applicants, candidates, qualifications of such person(s), screening of such persons, criteria for screening such persons, interviewing of such persons, hiring of such persons, criteria for selecting/hiring such person(s), any quality or qualities (including but not limited to skill, education, experience and/or demographic factors) that are preferred or desirable regarding such person(s), record-keeping, record-retention, and/or this lawsuit.*

*RESPONSE*:   Defendant objects to this request to the extent it seeks the production of documents or information protected by the attorney-client privilege, work product doctrine and/or any other applicable privilege recognized by law.  Defendant further objects to this request to the extent it seeks production of documents already produced by Defendant in response to Plaintiff's First Set of Requests for Production of Documents.  Subject to and without waiver of the foregoing objections and the general objections, Defendant will produce documents responsive to this request.

*ARGUMENT*:  EEOC's contention that LAWL has not produced any documents responsive to Document Request No. 40 ignores thousands of pages of correspondence by and/or between recruiters, Executive Search Group and/or LAWL employees regarding applicants, candidates, hiring and record keeping.  Documents LAE 0000001 through 0057941, for example, are emails and attachments relating specifically to applicants, candidates for employment and hiring.  Among other things, LAWL has also produced in native format the Access Database used to track applicants to LAWL, which database includes, <u>inter alia</u>, completed pre-screen forms and comments.

**Document Request No. 41**

*REQUEST:  Produce any and all documents (including but not limited to applications for employment, resumes, interview notes, offer letters, personnel files and payroll documents) relating to any and all persons hired by Defendant since January 1, 1997, for any position pertaining to any one or more center, area, region, market or other geographic/organizational nomenclature (other than positions pertaining solely to Defendant's corporate headquarters operations), including but not limited to the following positions:  Medical Technician, Medical Assistant, Phlebotomist, Counselor, Assistant Manager, Assistant Center Manager, Center Manager, Manager, Area Manager, Area Supervisor, Regional Manager, Regional Supervisor, Trainer, Sales Trainer, Service Trainer, Area Trainer, Regional Trainer, Corporate Trainer, Service Supervisor, 3rd Closer, Recruiter, and any other job title regarding positions at Defendant's centers and/or field positions below the level of corporate officer.*

*RESPONSE:*   Defendant objects to this request as overly broad and unduly burdensome.  Defendant further objects to this request to the extent it seeks the production of documents not relevant to any claims or defenses at issue in this lawsuit.  Defendant further objects to this request to the extent it seeks the production of personal and confidential information.  Defendant further objects to this request to the extent it seeks the production of documents or information protected by the attorney-client privilege, work product doctrine and/or any other applicable privilege recognized by law.

Essentially, through this overly broad request, Plaintiff seeks the production of every employment related document pertaining to every non-corporate employee of Defendant. Such a request is so overly broad and improper that Defendant is unable to provide any substantive response. If, through this request, Plaintiff is seeking the production of specific documents which have not already been produced in this matter, Plaintiff should identify with particularity what documents it is seeking.

*ARGUMENT*: EEOC's argument that LAWL has not produced any documents in response to Document Request No. 41 is flatly wrong. LAWL has produced in excess of 6,000 personnel files and has supplemented those files with additional forms periodically throughout discovery. Further, LAWL continues to produce supplemental files for new employees at regular intervals. The documents can be found at LAP 0000001 through 0101487.

**Document Request No. 42**

*REQUEST:* Produce any and all documents referenced by, and/or identified in response to, Plaintiff EEOC's Interrogatory No. 28.

*RESPONSE:* Subject to and without waiver of the objections set forth in response in Interrogatory No. 28 and the general objections, and to the extent responsive documents have not already been produced in response to Plaintiff's First Set of Interrogatories and First Set of Requests for Production, Defendant will provide documents responsive to this request.

*ARGUMENT:* In response to Interrogatory No. 28, which incorporates by reference the responses to Interrogatory Nos. 23 and 24, LAWL has produced the following documents, all of which can be found at LA 0000001 through LA 1250051, LAP 0000001 through 0101487 and LACD 1-155.A and 156-65:

1. Applicant documents such as applications, resumes and cover letters;
2. Personnel files;
3. Pre-screen forms;
4. Applicant logs and interview schedules;
5. Emails and their attachments regarding, concerning or referring to ESG;
6. Access Database used by in-house recruiters;

    7.        Job descriptions;

    8.        Advertisements for employment;

    9.        Offer letters;

    10.      Payroll data and documents from 1997 to the present.

LAWL continues to supplement its production to date. Indeed, over 17 boxes of documents are currently being scanned and bates labeled for production. Further, LAWL is preparing hundreds of recruiter emails for electronic production. EEOC is aware of LAWL's ongoing efforts to produce relevant documents and materials in response to the Document Requests. That EEOC has moved to compel those documents is unreasonable.

**Document Request No. 43**

*REQUEST: Produce any and all documents relating to any and all persons identified in either the EEOC's or Defendant's initial disclosures or any supplemental disclosures.*

*RESPONSE:* Defendant objects to this request as overly broad and unduly burdensome. Defendant further objects to this request to the extent it seeks the production of documents not relevant to any claims or defenses at issue in this lawsuit. Defendant further objects to this request to the extent it seeks the production of personal and confidential information. Defendant further objects to this request to the extent it seeks the production of documents or information protected by the attorney-client privilege, work product doctrine and/or any other applicable privilege recognized by law. Essentially, through this overly broad request, Plaintiff seeks the production of every document pertaining to every individual identified in any disclosure statement exchanged between the parties in this matter. Such a request is so overly broad and improper that Defendant is unable to provide any substantive response. If, through this request, Plaintiff is seeking the production of specific documents which have not already been produced in this matter, Plaintiff should identify with particularity what documents it is seeking.

*ARGUMENT:* LAWL incorporates by reference its discussion of the sufficiency of its production of documents in response to Document Request Nos. 40-42, above.

**Document Request No. 44**

*REQUEST: Produce any and all documents related to any person who sought employment with Defendant (including those hired and those not hired) anywhere in the United States regarding whom Defendant has not already produced such documents, including but not*

*limited to any person who sought employment with Defendant at any time during any period not encompassed by Defendant's initial response to the EEOC's First Request for Production of Documents to Defendant. Such documents shall include, but are not limited to, applicant logs, electronic data of any type or character, applications (hard-copy or electronic), resumes, cover letters, attached/associated documents such as letters of reference/recommendation, pre-screening-related documents, interview-related documents, offer letters, notes, personnel files, payroll records, and any other documents.*

  *RESPONSE:* Defendant objects to this request as overly broad and unduly burdensome. Defendant further objects to this request to the extent it seeks the production of documents not relevant to any claims or defenses at issue in this lawsuit. Defendant further objects to this request to the extent it seeks the production of personal and confidential information. Defendant further objects to this request to the extent it seeks the production of documents or information protected by the attorney-client privilege, work product doctrine and/or any other applicable privilege recognized by law.

  Based on the overly broad manner in which this request has been drafted, it has the potential of encompassing any and all documents mentioning or relating to every employee hired by Defendant. For this reason, Defendant further objects to this request to the extent it is duplicative of Request No. 41 and incorporates the objections raised in response to that request.

  Finally, Defendant objects to this request to the extent it requests the production of documents already requested and produced through Plaintiff's First Set of Requests for Production. Defendant will supplement its requests to those discovery requests to the extent supplementation is required by the Federal Rules of Civil Procedure. However, to the extent this request is duplicative of previous discovery requests, Defendant objects.

  *ARGUMENT*: LAWL incorporates by reference its discussion of the sufficiency of its

production of documents in response to Document Requests Nos. 40-42, above.


**Document Request No. 45**

  *REQUEST: Produce any and all documents listing, or containing a visual/geographic depiction of, Defendant's centers, areas, regions, or any other nomenclature constituting organizational break down by location. Such documents shall include, but are not limited to, organizational charts not already produced in this litigation, telephone lists, and the visual franchise sales presentation materials showing Defendant's centers by year that were referenced in the deposition of S. Scott Moyer in this action.*

  *RESPONSE:* Defendant objects to this request as overly broad and unduly burdensome. Defendant further objects to this request to the extent is seeks the production of documents not relevant to any claims or defenses at issue in this lawsuit. Specifically, Defendant objects to the production of any material pertaining to LA Weight Loss's franchises as those entities are not parties to this lawsuit and have no relation to the claims or defenses at issue in this matter.

Subject to and without waiver of the foregoing objections and the general objections, to the extent not already produced, Defendant will produce documents responsive to this request including organizational charts and phone lists for all centers broken down by area and region. Defendant is not in possession and is not familiar with any "visual franchise sales presentation materials showing Defendant's centers by year that were referenced in the deposition of S. Scott Moyer" reference in this request.

*ARGUMENT:* LAWL incorporates by reference its discussion of the sufficiency of its production of documents in response to Document Request Nos. 40-42, above. Further, LAWL reiterates that it is not in possession, custody or control of any "visual franchise sales presentation materials showing Defendant's centers by year that were referenced in the deposition of S. Scott Moyer."

## V. CONCLUSION

For the foregoing reasons, LAWL respectfully requests that this Court deny EEOC's Second Motion to Compel Answers to Interrogatories and Production of Documents in its entirety.

- 17 -

        Respectfully submitted,

        SHAW & ROSENTHAL, LLP

        _____/s/_____
        Elizabeth Torphy-Donzella
        20 South Charles Street, 11th Floor
        Baltimore, MD  21201
        (410) 752-1040

        WOLF, BLOCK, SCHORR AND SOLIS-COHEN LLP
        David E. Landau
        Aliza R. Karetnick
        1650 Arch Street, 22nd Floor
        Philadelphia, PA  19103
        (215) 977-2000

        Attorneys for Defendant
        LA Weight Loss Centers, Inc.

## **CERTIFICATE OF SERVICE**

I, Elizabeth Torphy-Donzella, hereby certify that on October 18, 2005, a copy of LA Weight Loss Centers, Inc.'s Memorandum in Opposition to Plaintiff EEOC's Second Motion to Compel Answers to Interrogatories and Production of Documents was served via the Court's electronic filing system and United States Mail, to:

Ronald L. Phillips
United States
Equal Employment Opportunity Commission
City Crescent Building, 3rd Floor
10 South Howard Street
Baltimore, MD  21201


Pamela J. White
Ober, Kaler, Grimes & Shriver
120 East Baltimore Street
Baltimore, MD  21202


                                                  /s/
                                   Elizabeth Torphy-Donzella