IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | : : : | |
| Plaintiff, | : : | |
| and | : : | CASE NO.: WDQ 02-CV-648 |
| KATHY KOCH | : : | |
| Intervenor/Plaintiff, | : : | JURY DEMANDED |
| v. | : : : | |
| LA WEIGHT LOSS CENTERS, INC. | : : | |
| Defendant. | : : | |

**DEFENDANT LA WEIGHT LOSS CENTERS, INC.'S
MEMORANDUM IN OPPOSITION TO PLAINTIFF EEOC'S
THIRD MOTION TO COMPEL ANSWERS TO INTERROGATORIES**

Pursuant to Federal Rule of Civil Procedure 37(a) and Rule 104(8) of the Local Rules of the United States District Court for the District of Maryland, Defendant LA Weight Loss Centers, Inc. ("LAWL") files this Memorandum in Opposition to EEOC's Third Motion to Compel Answer to Interrogatories (the "Motion").

**I.   INTRODUCTION**

Plaintiff EEOC's Motion is unnecessary for numerous reasons. Principally, the Motion is premature as LAWL advised EEOC that LAWL will supplement its discovery responses on or before October 30, 2005. Therefore, this Motion may be necessary only should EEOC find LAWL's supplemental responses inadequate. Moreover, that EEOC believes LAWL to be "wholly unreliable" is an insufficient reason to bring this Motion at this time.

II.   **FACTUAL AND PROCEDURAL BACKGROUND**

On February 28, 2002, EEOC filed this nationwide class action lawsuit against LAWL alleging unlawful gender discrimination and retaliation. Specifically, EEOC alleges that LAWL has a policy or practice of discriminating against men in hiring and promotion and retaliated against intervenor/plaintiff Kathy Koch when she protested LAWL's purported unlawful policy or practice.

On June 10, 2005, EEOC propounded its Third Set of Interrogatories to Defendant, which includes interrogatories 33, 34, and 35 (the "Interrogatories"). In response to interrogatories 33, 34, and 35, each of which included numerous sub-parts, and in furtherance of its effort to make full and complete responses to EEOC's prior broad discovery requests, LAWL continued its manual review of personnel and other files to re-create its hiring process and decisions since 1997.

LAWL first responded to the Interrogatories on July 21, 2005. In correspondence dated August 11, 2005, EEOC objected to LAWL's responses. LAWL subsequently supplemented its responses to the Interrogatories on September 27, 2005, and therein affirmed that it would further supplement its responses to the Interrogatories on or before October 30, 2005. All of this occurred against the backdrop of LAWL's substantial production of documents and information to date, including the production for inspection in excess of 8,000 personnel files, tens of thousands of business documents, inclusive of organizational charts, employee manuals, handbooks, and related hiring documents, electronic correspondence, and all machine readable files containing hiring, personnel, and payroll data. Nonetheless, EEOC brought this Motion on October 5, 2005, seeking to compel supplemental responses to the Interrogatories before that date. For the reasons

that follow, LAWL respectfully submits that the Motion should be denied and it should be awarded the reasonable expenses it incurred in opposing the Motion.

## III.   INTERROGATORIES

As a threshold matter, EEOC's Motion is premature.  LAWL advised EEOC that it will provide supplemental responses to the Interrogatories on or before October 30, 2005 and, accordingly, intends to address each point raised by EEOC, to the extent that responsive information exists.  LAWL's assurance was made in the spirit of cooperation that LAWL has embraced throughout this litigation.  Indeed, LAWL has and continues to make every reasonable effort to gather and produce information responsive to EEOC's voluminous and often repetitive discovery requests, including specifically the Interrogatories.  It therefore is unreasonable for EEOC to bring this Motion at this time. Further, for the reasons addressed below, EEOC's numerous objections to LAWL's responses to the Interrogatories are without substance.

### Interrogatory 33

*INTERROGATORY:   For each of the persons presently identified or identified in the future by Plaintiff EEOC as claimants in this action, state separately for each such person whether Defendant contends that such person was not hired for non-discriminatory reasons(s), or contends that regardless of the actual reason(s) for non-hire such person would have been denied employment for non-discriminatory reason(s), and if Defendant contends either, state those reason(s) and any and all facts known that support each such reason(s).*

*ANSWER:*  LAWL objects to Interrogatory No. 33 as overbroad and contrary to the Court's Order Regarding Bifurcation and Discovery in this action, as it seeks information related to any and all EEOC claimants, about whom EEOC cannot present individualized proof at Stage I of this action.   LAWL also objects to the extent Interrogatory No. 33 is premature because discovery is not yet complete.  Further, LAWL objects to Interrogatory No. 33 to the extent it seeks information duplicative of that sought by Interrogatory No. 28 of Plaintiff EEOC's Second Set of Interrogatories to Defendant.  LAWL incorporates by reference its objections and answer to Interrogatory No. 28, as set forth in Defendant's Response to EEOC's Second Set of Interrogatories. Pursuant to the Federal Rules of Civil Procedure and by way of agreement between the

parties, LAWL continues to supplement its answer to Interrogatory No. 28 on a rolling basis[.]

*SUPPLEMENTAL ANSWER:* LAWL objects to Interrogatory No. 33 as contrary to the Court's Order Regarding Bifurcation and Discovery in this action, as it seeks information related to any and all EEOC claimants, about whom EEOC cannot present individualized proof at Stage I of this action. LAWL also objects to the extent Interrogatory No. 33 is premature because discovery is not yet complete. Further, LAWL objects to Interrogatory No. 33 to the extent it seeks information duplicative of that sought by Interrogatory No. 28 of Plaintiff EEOC's Second Set of Interrogatories to Defendant. LAWL therefore incorporates by reference its response to Interrogatory No. 28, as set forth above.

By way of further answer, LAWL states that it neither has in the past nor presently discriminates against applicants for employment on the basis of gender or any other classification. As stated in response to Interrogatory Nos. 23, 24 and 28, it is impossible in many instances to determine the actual reason(s) a claimant was not hired. Where that information exists, it is included in the claimant-specific answers to Interrogatory Nos. 23, 24 and 28, contained in Exhibit A. Where the "actual reason(s) for non-hire" do not exist or are not within LAWL's possession, custody or control, LAWL will, to the extent possible on the basis of documents, discovery responses and/or deposition testimony, attempt to provide EEOC with a claimant-specific list of the non-discriminatory reasons why claimants would have been denied employment by LAWL. LAWL will supplement its Amended Response to EEOC's Second and Third Sets of Interrogatories with the first part of that list, containing information on at least 40 of the claimant designees, on or before October 30, 2005.

*ARGUMENT:* Principally, EEOC's objections are overreaching. For example, LAWL is not required to identify by Bates numbers or range the documents that contain responsive information. (See Memorandum of Law in support of Motion at 4). LAWL's prior responses conformed to Rule 33(d)'s requirement that a specification be sufficient in detail to permit EEOC to locate and identify as readily as LAWL the records from which the answer may be ascertained. Indeed, LAWL produced in a text-searchable electronic format all personnel files in it possession and/or control for all persons who participated in the consideration for potential employment, rejection, or review of any persons for whom EEOC seeks relief in this action, as well as an explanation of LAWL's

relevant business practices for the relevant time periods.  EEOC and LAWL are equally capable of searching these electronic records to cull certain information.

EEOC's objections as to LAWL's use of Rule of 33(d) also are disingenuous as this was not a circumstance where LAWL made a blanket reference to the many thousands of documents produced to date in this matter or directed EEOC to a warehouse to examine hundreds of boxes for responsive information.  To the contrary, LAWL culled responsive information from its business records, which it then provided to EEOC on text-searchable compact discs.  LAWL's responses to the Interrogatories therefore directed EEOC to a discrete subset of documents that contained information sought by EEOC.  Further, LAWL's reliance on Rule 33(d) was but a single element of detailed, specific, and verified responses that, <u>inter alia</u>, provided individualized information as to 137 class claimants, and described LAWL's business practices, record retention protocols, and processes for answering EEOC's interrogatories.  Again, EEOC and LAWL are equally burdened by and equally capable of searching these electronic records to cull information specific to individual claimants.

Moreover, to the extent that EEOC does not understand "cryptic handwritten notations" (<u>see</u> Memorandum at 4) or documents produced by LAWL, it can obtain the explanations it desires through additional discovery.  Indeed, when furnishing documents in discovery, the producing party is not required to explain the document's import or meaning to the propounding party.  Nor is the producing party required to indicate why the document is responsive to a particular document request or interrogatory.  Such an explanation, however, is what EEOC impermissibly seeks here.

EEOC also wishes to limit LAWL's responses to verified interrogatory answers. (See Memorandum at 4). The Federal Rules of Civil Procedure, however, do not empower the EEOC to dictate the nature and format of LAWL's responses. In keeping with past practice, LAWL will provide EEOC with supplemental information as it is discovered in compliance with the Federal Rules of Civil Procedure.

EEOC also objects to LAWL's responses because it is not clear to EEOC what efforts LAWL has undertaken to obtain responsive information. (See Memorandum at 4). Although not required to do so under the Federal Rules or by the Interrogatories, LAWL explained its efforts to locate information responsive to the Interrogatories. For example, LAWL described its process of locating and deriving responsive information and documents in its response to Interrogatory 23, which LAWL incorporated by reference in the Interrogatories. If EEOC wishes to obtain additional information on this subject, it may propound an appropriate discovery request, to which LAWL will respond. Contrary to EEOC's baseless objections, however, LAWL is not required by the Federal Rules of Civil Procedure to assert, as to each individual claimant, whether it made the efforts required of it thereunder or its conclusion that obtaining such information is an impossibility. Nevertheless, LAWL will continue in good faith to supplement its discovery responses, where applicable, at appropriate intervals.[1]

---

[1] EEOC rightfully acknowledges that LAWL is not obligated at this time to provide discovery responses on matters subject to Stage II discovery. (See Memorandum at 5).

EEOC further contends that LAWL's responses as to specific claimants are often vague, evasive, and incomplete. (See Memorandum at 7). Nonetheless, EEOC leaves the Court and LAWL to speculate as to what aspects of LAWL's responses are vague, evasive, and incomplete by providing no specificity whatsoever regarding which aspects of LAWL's responses are allegedly inadequate.

Finally, EEOC's unsubstantiated belief that LAWL is "wholly unreliable" (see Memorandum at 9), notwithstanding LAWL's express commitment to supplement its responses to the Interrogatories on or before October 30, 2005, does not evidence the good faith basis necessary or provide substantial justification to bring this Motion. As, LAWL continues to meet its discovery obligations, this Motion is unnecessary and should be denied. Further, LAWL should be awarded the reasonable expenses it incurred in opposing the Motion, as required by Federal Rule of Civil Procedure 37(a)(4)(B).

**Interrogatory 34**

*INTERROGATORY:* For each of the "reason(s)" and "facts known that support each such reason(s)" referenced in Answer to Interrogatory No. 33, above, identify by Bates Number or, if not Bates stamped, by using the definition in Instruction No. 8, any and all documents related to such reason(s) and facts known.

*ANSWER:* LAWL incorporates by reference its objections and answer to Interrogatory No. 33, set forth above. In accordance with Federal Rule of Civil Procedure 33(d), LAWL refers EEOC to the documents produced in this matter, with particular emphasis on those marked as exhibits during claimant depositions, such as resumes, cover letters and applications with handwritten notations, as well as pre-screen and interview forms or notes.

*SUPPLEMENTAL ANSWER:* LAWL incorporates by reference its response to Interrogatory No. 33, set forth above. In accordance with Federal Rule of Civil Procedure 33(d), LAWL refers EEOC to the documents produced in this matter relating specifically to claimant designees. In particular, claimant deposition exhibits, resumes, cover letters and applications with handwritten notations, as well as pre-screen and interview forms or notes, all of which have been produced to EEOC in text searchable, electronic format.

*ARGUMENT*:  LAWL incorporates by reference its discussion of the sufficiency of its answer to interrogatory 33.

**Interrogatory 35**

*INTERROGATORY*:   For each of the "reasons" and "facts known that support each such reason(s)" referenced in Answer to Interrogatory No. 33, above, identify by full name, social security number, date of birth, sex, last known home address, last known home telephone number, job title(s) held while employed by Defendant, dates each such job title was held, and beginning and end dates of employment with Defendant any and all persons with relevant knowledge of such reason(s) and facts know.

*ANSWER*:  LAWL objects to Interrogatory No. 35 to the extent it seeks information duplicative of Interrogatory Nos. 23 and 28 of Plaintiff EEOC's Second Set of Interrogatories to Defendant.  LAWL incorporates by reference its objections and answers to Interrogatory Nos. 23 and 28, as set forth in Defendant's Response to EEOC's Second Set of Interrogatories.  By way of further answer, LAWL incorporates by reference its objections and answers to Interrogatory Nos. 33 and 34, set forth above.

*SUPPLEMENTAL ANSWER*:  LAWL objects to Interrogatory No. 35 to the extent it seeks information duplicative of Interrogatory Nos. 23 and 28 of Plaintiff EEOC's Second Set of Interrogatories to Defendant.  LAWL incorporates by reference its responses to Interrogatory Nos. 23, 28, 33 and 34, as set forth above.  By way of further answer, LAWL states that if it knows which LAWL employees and/or former employees have relevant knowledge of the "reason(s) and facts known", if any, those employees/former employees will be included in LAWL's claimant-specific responses to Interrogatory Nos. 23, 24 and 28, attached as Exhibit A, and/or Interrogatory No. 33, which LAWL will provide as a supplement to its Amended Response to EEOC's Second and Third Sets of Interrogatories on or before October 30, 2005 (see Amended Response to Interrogatory Number 33, above).

*ARGUMENT*:  LAWL incorporates by reference its discussion of the sufficiency of its answer to interrogatory 33.  EEOC also contends that LAWL's response to interrogatory 35 lacks specificity.  (See Memorandum at 7).  LAWL indicated in its response to interrogatory 35 that it would provide a supplemental response on or before October 30, 2005.  Accordingly, LAWL will supplement its responses to the Interrogatories on or before October 30, 2005.

## IV. CONCLUSION

For all the foregoing reasons, Defendant LA Weight Loss Centers, Inc. respectfully submits that Plaintiff EEOC's Third Motion to Compel Answers to Interrogatories must be denied and EEOC should be ordered to pay the reasonable expensed incurred by Defendant LA Weight Loss Centers, Inc. in opposing EEOC's Third Motion to Compel Answers to Interrogatories.

Respectfully submitted,

SHAW & ROSENTHAL, LLP

 /s/ _____
Elizabeth Torphy-Donzella
20 South Charles Street
Baltimore, MD  21201
(410) 752-1040

WOLF, BLOCK, SCHORR AND
SOLIS-COHEN LLP
David E. Landau
Aliza R. Karetnick
1650 Arch Street – 22nd Floor
Philadelphia, PA  19103
(215) 977-2000

Attorneys for Defendant
LA Weight Loss Centers, Inc.