## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY | ) | |
| COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| KATHY C. KOCH, | ) | Case No. WDQ-02-CV-648 |
| | ) | |
| Plaintiff-Intervenor, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LA WEIGHT LOSS, | ) | |
| | ) | |
| Defendant. | ) | |

---

**PLAINTIFF EEOC'S MEMORANDUM IN REPLY TO DEFENDANT'S
MEMORANDUM IN OPPOSITION TO PLAINTIFF'S SECOND
MOTION TO COMPEL ANSWERS TO INTERROGATORIES
AND PRODUCTION OF DOCUMENTS**

Pursuant to the Federal Rule of Civil Procedure 37(a), Rule 104(8) of the Local Rules of the

U.S. District Court for the District of Maryland, Plaintiff U.S. Equal Employment Opportunity

Commission ("EEOC") files the instant Memorandum in Reply to Defendant's Memorandum in

Opposition to Plaintiff's Second Motion to Compel Answers to Interrogatories and Production of

Documents.  For the following reasons, the EEOC respectfully renews its request that this Court

enter an order directing Defendant LA Weight Loss ("Defendant") to answer certain discovery

requests set forth in the EEOC's Second Set of Interrogatories to Defendant and Second Request for

Production of Documents to Defendant.

## <u>INTRODUCTION</u>

Before turning to the individual items set forth in the instant Motion, there are several matters that warrant clarification.  First, Plaintiff EEOC notes that throughout Defendant's Memorandum in Opposition the Defendant argues that Plaintiff EEOC's Motion and Memorandum in Support are inaccurate to the extent they state, in various places, that Defendant had failed to provide answers to certain interrogatories or production of certain documents.  Defendant's argument is misleading and omits certain facts.  At the time Plaintiff EEOC served its Second Motion to Compel Answers to Interrogatories and Production of Documents, on March 10, 2004, Defendant had failed to make any effort to answer most of the interrogatories or produce responsive documents.  Since that time, Defendant has provided some supplementation to its interrogatory answers on a number of occasions, and it has also produced a significant volume of documents.  However, since that time Defendant has also requested a lengthy extension of time to serve a response brief, negotiated a schedule for voluntary compliance with the discovery in question, promised answers to interrogatories and production of responsive documents on various dates, frequently failed to provide discovery on the promised dates or provided it in a highly incomplete fashion (discussed more fully below), and with respect to a number of discovery requests Defendant has failed to seasonably supplement its interrogatory answers and document production (also discussed more fully below).[1] Indeed, Defendant's most recent (and incomplete) amended interrogatory answers, which it cites in its Memorandum in Opposition, were served on September 27, 2005, and for the most part

---

[1]  In this regard, prior to Defendant's service of its Memorandum in Opposition, EEOC informed Defendant via e-mail communication and conversation between counsel of its failure to seasonably supplement document production requests and interrogatory answers, and that such failure was one basis for EEOC's decision to re-initiate Local Rule 104 procedures concerning the instant Motion.

incorporate Defendant's few, highly incomplete attempts at supplementation on December 7, 2004, January 4, 2005, and January 26, 2005.

In addition, for purposes of the Court's further consideration of Plaintiff EEOC's Second Motion to Compel, Plaintiff EEOC states that the following discovery requests described in its original Memorandum in Support of its Motion are no longer the subject of that Motion: Interrogatory Nos. 25, 27, 30, and 31; and Request for Production Nos. 43 and 45.

## INTERROGATORIES

### Interrogatory No. 23

Identify by full name, sex, date of birth, social security number, last known home address, last known home telephone number, job title(s) held while employed by Defendant, dates each job title was held, dates of employment with Defendant, and address of work location(s) while employed by Defendant the following persons: any and all persons whom participated in the consideration for potential employment, rejection or review of any persons for whom Plaintiff seeks relief in this action and have been, or is in the future, identified by Plaintiff as a definite claimant; their application(s) (electronic or hard-copy), resumes, or other expressions of interest in employment with Defendant; or any person selected instead of such definite claimant. For each such person identified, identify the name of the definite claimant(s) or selectee about whom the person participated in the consideration, rejection or review and the nature of such participation.

### Defendant's answer to Interrogatory No. 23

ANSWER: Defendant objects to this interrogatory as overly broad and unduly burdensome. Defendant further objects to this interrogatory to the extent it seeks the production of information of a private and confidential nature and which is not relevant to any of the claims or defenses at issue in this matter. Specifically, Plaintiff has no justifiable basis for seeking dates of birth and social security numbers for these individuals. Defendant further objects to this interrogatory as ambiguous as Defendant does not understand the full extent of the information being sought by this discovery request. Specifically, Defendant does not understand the context of the phrase "their application(s) (electronic or hard-copy), resumes, or other expressions of interest in employment with Defendant" contained in this interrogatory.

Subject to and without waiver of these objections and the general objections, and to the extent Defendant understands the information sought by this request, Defendant states that it does

not have any database from which the information sought by this request is readily obtainable. Defendant is in the process of investigating whether this information can be obtained from the Company's business records. Because the EEOC is (or will be) in possession of the same business records being analyzed by Defendant, and because the burden on the EEOC is the same as the burden on Defendant in determining the information sought by this request, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Defendant's current and prior production(s) of its payroll information, organizational charts, applications, resumes, covers letters and related materials is a sufficient and appropriate response to this discovery request.

### Defendant's Sept. 27, 2005 amended answer to Interrogatory No. 23

ANSWER: LAWL objects to Interrogatory No. 23 to the extent it is contrary to the Court's Order Regarding Bifurcation and Discovery in this action, as it seeks information related to all EEOC claimants, about only eighty of whom EEOC is permitted to present individualized proof at Stage I of this action.

Subject to and without waiver of this objection, LAWL states that from 1997 to October 2004 it did not maintain or possess any database identifying employees who participated in the consideration for potential employment, rejection or review of any person for whom the EEOC seeks relief in this matter. From October 2004 to the present, LAWL has maintained an Access Database. That database is used by LAWL's Human Resources Department to track applicants, and contains the following categories of applicant information: (a) date of application; (b) name; (c) phone number; (d) email address; (e) market; (f) center considered for; (g) recruiter; (h) open position; (i) gender; (j) source; (k) result; and (l) comments. LAWL will produce the Access Database to EEOC. LAWL neither maintains nor possess any database identifying the person(s) selected for employment instead of persons on whose behalf EEOC seeks relief in this action.

To the extent the information sought by Interrogatory No. 23 exists, LAWL undertook a manual review of over 6000 personnel files, claimants' job applications and related materials, organizational charts and payroll records. Through collection and review of this information, as well as information horn non-documentary sources, LAWL attempted to discover and re-create the hiring decision process for each definite claimant. Attached hereto as Exhibit A is a claimant-specific answer to Interrogatory Nos. 23, 24 and 28, which will be supplemented by LAWL at regular intervals until complete.

Generally, hiring decisions and/or recommendations for hire are/were made by the Area or Regional Managers and, at times, Trainers. Where the information is in LA WL's possession, custody and control, LA WL determined who had hiring and/or recommendation authority in each applicable center or region. By cross referencing this information with the date, location and position for which a given claimant applied, LAWL attempted to provide EEOC with the identity of the member of LAWL management with hiring and/or recommendation authority for the location and position at the time the claimant applied for a position. In many instances, LAWL cannot definitively state that the person named is the individual who made the specific hiring decision regarding the claimant at

4

issue. Through a similar review of personnel and payroll records, LAWL attempted to identify the individual hired instead of the claimant at issue. Here again, LAWL could not do so in every instance because, among other reasons, some claimants may not have applied for an open position, some job postings may have been run indefinitely, some job postings are regional and not center-specific and some postings advertise multiple open positions in a particular region which, in the absence of a database, makes it impossible to determine who was hired instead of a particular claimant. Accordingly, there are instances where no one was hired instead of a claimant and/or where it is impossible to identify whether a person offered employment was hired instead of a claimant.

Regarding the specific information requested by EEOC for each LAWL employee who participated in the consideration and/or rejection of any persons on whose behalf EEOC seeks relief in this action, LA WL has produced in response to Request No. 41, all personnel files within its possession, custody and control. Those files were produced in electronic format. They are text searchable and all identifying information requested in this Interrogatory is contained in them. LAWL continues to supplement its production of personnel files with change forms and files for new hires.

**Continuing basis for insufficiency of Defendant's answer to Interrogatory No. 23**

Defendant has objected to this Interrogatory, as well as Interrogatory Nos. 24 and 28, on the ground that they seek individualized evidence concerning persons other than the maximum of 80 claimants that Plaintiff EEOC and Defendant are permitted to designate as potential Stage I trial witnesses. In this regard, Plaintiff EEOC certainly recognizes that the Court's Order Regarding Bifurcation and Scheduling entered on May 25, 2004 (CM/ECF Document No. 89), limits the scope of individualized claimant discovery by both parties. Therefore, to the extent the Interrogatory calls for individualized discovery pertaining to claimants who have not been designated by either party, that discovery is stayed until Stage II of this action. In EEOC's previous verbal communications with Defendant in an attempt to informally resolve this discovery dispute, as well as in its written communications with Defendant and its pleadings, the undersigned counsel has acknowledged this limitation on present discovery by the parties.

However, the foregoing discovery limitation does not explain, nor does it excuse,

Defendant's failure to provide individualized evidence responsive to this Interrogatory (as well as Interrogatory Nos. 24 and 28) to the extent it calls for information pertaining to claimants designated by the parties for individualized proof at this stage of the litigation. Defendant has not provided fully responsive answers to this Interrogatory or Interrogatory Nos. 24 and 28 regarding those designees. See generally Exb. 1. Of the 65 EEOC claimants who are presently designated by either EEOC or Defendant as possible Stage I witness, to date Defendant has failed to provide any answer regarding 18 of them, this despite the fact that most of these individuals have already been deposed in this action, 14 were designated by EEOC well over one year ago, and four of them were selected as potential witnesses by Defendant itself prior to mid-June of this year, which would presumably mean it has already researched their candidacies for employment as part of its witness selection process. See Exb. 1.[2]

Where Defendant has attempted some kind of interrogatory answer, it is often vague, evasive and incomplete. For example, Defendant frequently fails to state any alleged actual reasons for non-selection or their factual bases, which is required by Interrogatory No. 28 (the text of which set forth below), and, contrary to requirements of this Interrogatory, Defendant also fails to specifically identify the individuals who actually participated in the decision to not select the claimants (instead simply listing persons with hiring authority in the particular market at the time—who may or may not have participated in the hiring decision—or listing no one at all) and fails to identify the nature

---

[2]  The individuals regarding whom Defendant has failed to provide an amended answer are Douglas Akers, Timothy Baier, Paul Briganti, Everett Coleman, Daniel Friedland, Ron Larkin, Marc Roberts, David Romanoski, Joseph Silva, Daniel Smith, Dale Snyder, Ian Swatt, Richard Szetela, John Thompson, III, Christopher Travers, Warren Walker, Ted Williams, and Claude Young.

of that participation. <u>See generally</u> Exb. 1.[3]

Moreover, Defendant's amended answer to this Interrogatory, as well as its amended answer to Interrogatory No. 24 (which incorporates by reference the amended answer to Interrogatory No. 23), is inaccurate and incomplete because while it references "Area and Regional Supervisors" and "Regional Trainers" as persons who participate in hiring decisions for open field positions, it does not state for which positions they participate, how that has changed over time or varied by territory, and what other job titles have had a role in the employee selection process. It is very clear from the deposition testimony in this case that Defendant's amended answer and prior Rule 30(b)(6) testimony is incomplete. A number of Defendant's own personnel have testified to applicant selection process participation at various times, in various locations, and at various levels by Owners, Officers, training department personnel holding several titles, General Managers, Divisional Managers, Recruiters, and Center Managers among others. Interrogatory Nos. 23 and 24 require, and EEOC is entitled to, more accurate and more geographically and temporally comprehensive answers than have been provided to date.

Defendant also claims in its amended answer to this Interrogatory, as well as Interrogatory No. 28, that it cannot ascertain responsive information concerning some of EEOC's claimants.

---

[3]  The claimants regarding whom Defendant has failed to provide such information who are presently designated as Stage I potential witnesses include (in the order they appear in Exhibit 1) the following: Gregory DeFerro, Christopher Diel, James Paul, James Colleson, Kirk Coverdill, Kevin Dallas, Drew Arvary, Dennis Bivens, Bruce Bostian, Timothy Brown, Antonio Conway, Paul Griffin, James Gruber, Aaron Hinkle, Michael Mulfall, Lee Pecoraro, Troy Spuhler, George Adkins, Ray Andrew, Brian Cicco, Stephen Comins, Daniel Deffendall, Neil Diamond, Richard Hemmeian, Dean Simms, Sly Sylvester, Rahul Jaiswal, Les Jacobs, Marvin Joran, Christian Hood, John Grandizio, David Goodwin, Mike Goldin, Robert Genovese, Richard Garcia, Adam Fondrk, Leo Ryan, Patrick Sharkey, Bernard Youberg, Brian Higgins, Leonard Marino, Larry Kinnie, Dominic Ledbetter, Christopher Linhart, John Maston, and Peter Merchant.

Naturally, EEOC understands that Defendant is only required to tender responsive information that is within its knowledge. However, absent additional evidence EEOC is unable to conclude that Defendant has satisfied its obligation under the Federal Rules of Civil Procedure to make a diligent search for the responsive information within its corporate knowledge. Specifically, Defendant references in general terms a document review undertaken to obtain responsive information, and it also alludes to "information from non-documentary sources." However, it is not at all clear what efforts, if any, Defendant has made to interview its current managerial personnel (or other personnel whom were employed during the pendency of this Interrogatory and other Interrogatories), to discern whether and what type of responsive information these individuals may have. It appears from the information provided thus far by Defendant that its efforts have been restricted almost exclusively to document review.[4]

---

[4] Apart from what Defendant has said (or, more importantly, not said) about its efforts to secure evidence from its own personnel's recollection, EEOC's concern is heightened by various events in this litigation. Several examples, though not exhaustive, are illustrative. In response to EEOC's Interrogatory No. 31, which requested certain information regarding computerized payroll/personnel data, Defendant served several incomplete and inaccurate answers verified by Karen Seigel, Senior Vice President for Human Resources and the same individual who verified the instant Interrogatory answers. Defendant's investigation of these answers was so flawed that it ultimately offered to provide EEOC with Rule 30(b)(6) deposition designees to cure the problems with its answers. Also, in its first set of document production requests, EEOC sought the personnel file of witness Pat Burroughs, a former Trainer at LA Weight Loss who has now provided testimony constituting direct evidence of a corporate policy of sex discrimination. In response to this request, Defendant claimed it had no record of Ms. Burroughs as an employee. Yet, in a subsequent deposition taken by EEOC, Defendant's Vice President of Training Kristi O'Brien easily recalled Ms. Burroughs as a former employee and subordinate. Defendant subsequently produced Ms. Burroughs' personnel file. The most recent example of Defendant's failure to provide responsive information within its knowledge came to light at the deposition of Michelle Sokoloff, a current Regional Manager at LA Weight Loss. Ms. Sokoloff provided certain training materials for production at her deposition and testified to having knowledge of Plaintiff-Intervenor Koch's job performance and of a discriminatory statement about male job applicants/employees made by former Regional Manager Lynne Portlock, a decision-maker regarding the adverse actions taken against Koch that EEOC has asserted were retaliatory. Both

Instead of representing that it has conducted a thorough investigation of the subjects of EEOC's Interrogatories and, EEOC believes, instead of conducting such an inquiry, Defendant prefers to simply make general statements that it has reviewed documents, vaguely allude to non-documentary sources, and make temporally open-ended assurances that it will supplement its answers if it is able to locate further responsive information. This is wholly-inadequate. At a minimum, Defendant should be required to state, as to each individual claimant, whether it is asserting that it has completed all efforts required of it under the Federal Rules of Civil Procedure to obtain responsive information (including interviews) and, having done so, whether it has reached the conclusion that further responsive information is unavailable based on a thorough investigation. Without such information, Plaintiff EEOC is left to speculate about whether there is further responsive information and, if so, whether, after Defendant conducts a thorough investigation, EEOC will be ambushed by new information after one of its claimants has already been deposed or, worse yet, at trial.

**Interrogatory No. 24**

Identify by full name, sex, date of birth, social security number, last known home address, last known home telephone number, job title(s) held while employed by Defendant, dates each job title was held, dates of employment with Defendant, and address of work location(s) while employed by Defendant [of] any and all persons who at any time participated in hiring decisions and/or recommendations to hire for the positions of Medical Technician, Medical Assistant, Phlebotomist, Counselor, Assistant Manager, Assistant Center Manager, Center Manager, Manager, Area Manager, Area Supervisor, Regional Manager, Regional Supervisor, Trainer, Sales Trainer, Service Trainer, Area Trainer, Regional Trainer, Corporate Trainer, Service Supervisor, 3rd Closer, Recruiter, and

---

EEOC and Plaintiff-Intervenor Koch had long ago served various discovery requests calling for such information/documents and identification of persons with knowledge related to the retaliation claims, yet that information/documents were never provided nor was Ms. Sokoloff identified, though Defendant has recently admitted that it did have an allegedly "privileged" conversation with Ms. Sokoloff, through Karen Seigel, over a year before her deposition was even noticed by EEOC.

any job title regarding positions at Defendant's centers and/or field positions below the level of corporate officer at any time since January 1, 1997, and state, separately for each such person, the job title(s) and work location(s) (including but not limited to centers) for which each person participated in hiring decisions and/or recommendations, the date each person held such authority or duties, the date and nature of any changes to those duties or authority since January 1, 1997, and describe the nature of such person's participation in hiring decisions and/or recommendations, including but not limited to whether such person was a decision-maker, made recommendations to hire subject to approval, or both.

## Defendant's answer to Interrogatory No. 24

ANSWER: Defendant objects to this interrogatory as overly broad and unduly burdensome. Defendant further objects to this interrogatory to the extent it seeks the production of information which is not relevant to any of the claims or defenses at issue in this matter. Defendant further objects to this interrogatory to the extent it seeks the production of information of a private and confidential nature. Specifically, Plaintiff has no justifiable basis for seeking dates of birth and social security numbers for these individuals.

Subject to and without waiver of these objections and the general objections, Defendant states that it does not have any database from which the information sought by this request is readily obtainable. Defendant is in the process of investigating whether this information can be obtained from the Company's business records. Because the EEOC is (or will be) in possession of the same business records being analyzed by Defendant, and because the burden on the EEOC is the same as the burden on Defendant in determining the information sought by this request, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Defendant's current and prior production(s) of its payroll information, organizational charts, applications, resumes, covers letters and related materials is a sufficient and appropriate response to this discovery request.

## Defendant's Sept. 27, 2005 amended answer to Interrogatory No. 24

ANSWER:  LAWL incorporates by reference its response to Interrogatory No. 23. By way of further answer, LAWL states that it does not maintain or possess any database containing the information sought by Interrogatory No. 24. EEOC is in possession of the business and payroll records from which this information can be derived. Because the burden of deriving this information is the same for both LAWL and EEOC, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, LAWL refers EEOC to all ADP and Zurich payroll information, LAWL organizational charts and job descriptions already produced in discovery.  Notwithstanding, LAWL will produce a list of all persons who may have participated in hiring decisions and/or recommendations to hire for field positions below the level of corporate officer, including Medical Technicians, Medical Assistants, Phlebotomists, Counselors, Assistant Managers, Center Managers, Area Managers, Regional Managers and Trainers, to the extent this information can be determined from LAWL's records. With respect to the job titles and work locations of the persons listed, LAWL refers EEOC to their personnel files, which were already produced pursuant to Request No. 41. Regarding the

nature of each individual's participation in hiring decisions and/or recommendations, LAWL is not in possession of that information and refers EEOC to the job descriptions produced previously in discovery.

**Continuing basis for insufficiency of Defendant's answer to Interrogatory No. 24**

Plaintiff EEOC incorporates by reference its discussion of the continuing basis for insufficiency of Defendant's answer to Interrogatory No. 23, above. In addition, EEOC notes that it has yet to receive the "list of all persons who may have participated in hiring decisions and/or recommendations to hire for field positions below the level of corporate officer" referenced in Defendant's amended answer, despite the fact that this Interrogatory was served in 2003, and that roughly three months remain in non-expert discovery under the current scheduling order. Furthermore, given that such a list would necessarily encompass personnel whom are currently employed by the Defendant, as well as past or present subordinates of personnel currently employed by Defendant, the Defendant's assertion that it lacks knowledge of "the specific nature [of] each individual's participation in hiring decisions and/or recommendations" is clearly incorrect, which is a further, telling indicium of Defendant's failure to correctly view its duty to investigate non-documentary sources of responsive information, as previously discussed.

**Interrogatory No. 28**

Separately for each of the definite claimants identified by the EEOC or whom are identified by the EEOC in the future, identify any and all reasons each person was not given an offer of employment or otherwise not selected by Defendant, and for each such reason, identify any and all facts and documents supporting, refuting, or otherwise relating to such reason and the full name, sex, date of birth, social security number, last know home address, last known home telephone number, job title(s) held while employed by Defendant, dates each job title was held, dates of employment with Defendant, and address of work location(s) while employed by Defendant of any and all persons with knowledge of the reason or otherwise relating to the definite claimant.

**Defendant's answer to Interrogatory No. 28**

ANSWER: Defendant objects to this interrogatory as unduly burdensome as the information sought by this interrogatory can be ascertained through less burdensome discovery means. Defendant further objects to this interrogatory to the extent it is duplicative of Interrogatory No. 23 above.

Subject to and without waiver of these objections, the objections set forth in response to Interrogatory No. 23 and the general objections, Defendant is in the process of investigating this information and that investigation is ongoing.

**Defendant's Sept. 27, 2005 amended answer to Interrogatory No. 28**

ANSWER: LAWL incorporates by reference its answer to Interrogatory Nos. 23 and 24. To the extent LAWL can identify the reason(s) each person on whose behalf EEOC seeks relief was not given an offer of employment or otherwise not selected by LAWL, the reason(s) is contained in LAWL's collective response to Interrogatory Nos. 23, 24 and 28 at Exhibit A.[5]

**Continuing basis for insufficiency of Defendant's answer to Interrogatory No. 28**

Plaintiff EEOC incorporates by reference its discussion of the continuing basis for

insufficiency of Defendant's answer to Interrogatory No. 23, above.

**Interrogatory No. 29**

Identify by full name; sex, social security number, date of birth; any and all position(s) held and dates held; any and all geographic locations to which she/he was assigned; dates of employment; reason for termination (if applicable); starting salary, hourly rate, commission and/or other remuneration for each position(s) held; name of any and all persons who participated in the hiring decision; last known home address; and last known home telephone number of any and all persons who were offered employment with Defendant (whether hired or not hired) anywhere in the United States regarding whom Defendant has not already provided such information, including but not limited to any person offered employment or hired by Defendant at any time during any period not encompassed by Defendant's initial response to the EEOC's First Set of Interrogatories.

**Defendant's answer to Interrogatory No. 29**

ANSWER: Defendant objects to this interrogatory as overly broad and unduly burdensome. Defendant further objects to this request to the extent it seeks the production of information of a personal and confidential manner. Defendant further objects to this request to the extent it seeks

---

[5]  EEOC has attached Defendant's "Exhibit A" as Exhibit 1 to this Reply Memorandum.

production of information that is not relevant to any claims or defenses at issue in this matter. Defendant further objects to this interrogatory to the extent it seeks information duplicative of that sought in Interrogatories 23 and 24. As such, Defendant incorporates its objections and responses to those interrogatories in this response as if set forth herein.

Subject to and without waiver of the foregoing objections and the general objections, and the objections set forth in response to Interrogatories 23 and 24, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Defendant will produce all applications for employment, cover letters, resumes, payroll information, organizational charts and offer letters in its possession, custody and control not previously produced in response to Plaintiffs prior discovery requests. From these business records, and with substantially the same burden as is upon Defendant in determining this information, Plaintiff may ascertain the answers to this discovery request with respect to who was hired, when they were hired and for what positions and locations. Further, with respect to who participated in the hiring decisions for each of these individuals, Defendant does not have any database from which the information sought by this request is readily obtainable and directs Plaintiff to Defendant's response to Interrogatory No. 24.

## Defendant's Sept. 27, 2005 amended answer to Interrogatory No. 29

ANSWER: LAWL incorporates by reference its responses to Interrogatory Nos. 23, 24 and 28. Regarding all individuals offered employment with LAWL anywhere in the United States, LAWL began maintaining an Access Database containing this information in October 2004, which database will be produced to EEOC. Prior to that time, LAWL neither maintained nor possessed any database of persons offered employment. LAWL has produced copies of all offer letters in its possession and will continue to supplement that production at regular intervals. Not all individuals offered employment with LA WL, however, are or were provided with an offer letter. To the extent individuals were made offers of employment and hired by LAWL, information pertaining to them has been provided in response to Request for Production No. 41. Further, LAWL has produced all applications for employment, cover letters, resumes, payroll information, organizational charts, offer letters, job postings and personnel files in its possession, custody and control, which production will be supplemented at regular intervals. From these business records, EEOC can ascertain the answers to Interrogatory No. 29 regarding who was hired, when they were hired and for what position and location they were hired. The burden upon EEOC of doing so is equal to the burden upon LAWL.

In addition, a contractor -- Executive Search Group ("ESG"), 50 East Wynnewood Road, Suite 210, Wynnewood, PA 19096 -- handled management-level recruiting for LAWL starting in 2001. When management-level applicants were offered employment, ESG sent them offer letters directly. To the extent ESG provided copies of these letters to LAWL, they have been produced to EEOC. To the extent ESG did not copy LAWL on the letters, they are not within LAWL's possession, custody or control. Upon information and belief, ESG produced all such letters and related documents to EEOC in response to subpoena. Beyond the offer letters and personnel information of persons hired, LAWL is unable to identify all management-level individuals to whom an offer of employment was extended.

With respect to persons who participated in the hiring decisions for each individual hired, from 1997 to October 2004, LAWL did not maintain or possess any database from which this information is obtainable. Accordingly, LAWL directs EEOC to Defendant's responses to Interrogatory Nos. 23, 24 and 28, and to the personnel files produced in response to Request No. 41.

**Continuing basis for insufficiency of Defendant's answer to Interrogatory No. 29**

Plaintiff EEOC incorporates by reference its discussion of the continuing basis for insufficiency of Defendant's answer to Interrogatory No. 23, above. In addition, EEOC specifically notes that Defendant's amended answer draws EEOC's attention to potential documentary sources of responsive information but is again silent as to Defendant's efforts to derive responsive information from its managerial personnel. EEOC further notes that while it has received production of hard-copy applications/electronic applications/resumes/cover letters and payroll records for certain periods, it has not received supplementation of most of these categories of documents since late 2004, and that supplementation was not complete as to more recent time periods. This is discussed more fully below in EEOC discussion of the insufficiency of Defendant's production in response to Request Nos. 40, 41, 42 and 44.

Defendant's attempt to invoke Fed. R. Civ. P. 33(d) is without merit. The burden of ascertaining the information in question is not substantially the same for the EEOC as it is for Defendant. Defendant and its personnel have greater familiarity with the particular hiring instances in question, Defendant's own record-keeping practices, forms, purposes for those forms, personnel codes, its personnel's hand-writing, and other means for ascertaining information from those documents; therefore, it is highly likely to have substantially greater ability to ascertain responsive information from the documents in question than the EEOC.

## DOCUMENT PRODUCTION REQUESTS

### Request No. 40

Produce any and all documents relating to communications of any type and in any manner with, or services provided by, recruiters, recruiting agencies, employee search firms (including but not limited to Monster.com, HotJobs.com, etc.), temporary services companies, or similar persons or entities that relate to any or all of the following subjects: employees, prospective employees, applicants, candidates, qualifications of such person(s), screening of such person(s), criteria for screening such person(s), interviewing of such persons, hiring of such persons, criteria for selecting/hiring such person(s), any quality or qualities (including but not limited to skill, education, experience, and/or demographic factors) that are preferred or desirable regarding such person(s), record-keeping, record-retention, and/or this lawsuit.

### Defendant's response to Request No. 40

RESPONSE: Defendant objects to this request to the extent it seeks the production of documents or information protected by the attorney-client privilege, work product doctrine and/or any other applicable privilege recognized by law. Defendant further objects to this request to the extent it seeks production of documents already produced by Defendant in response to Plaintiff s First Set of Requests for Production of Documents.

Subject to and without waiver of the foregoing objections and the general objections, Defendant will produce documents responsive to this request.

### Continuing basis for insufficiency of Defendant's response to Request No. 40

Defendant condemns as inaccurate EEOC's statement in its original Memorandum in Support of the instant Motion that Defendant had failed to produce any documents in response to this particular Request. However, at the time that EEOC served the original Memorandum, the statement was entirely accurate. Defendant has since, and after long delays, provided supplemental production in response to both this Request and Request Nos. 41, 42 and 44, which require, among other things, production of personnel files, payroll records, and applicant-related documents such as electronic and hard-copy cover letters, resumes and application forms, and other documents of similar character. However, that supplemental production is inadequate for several reasons.

15

First, Defendant has failed to seasonably supplement its production of the aforementioned materials.  EEOC has already drawn Defendant's attention to this fact.  For example, it appears that EEOC has not received at least the following categories of documents that Defendant claims it has retained: (1) ADP weekly, quarterly and year-end payroll records for periods after approximately week 30 of the year 2004; (2) ADP payroll server data in machine-readable format for much of 2005; and (3) hard-copy applicant-related documents (e.g., resumes, application forms, print outs of internet applicant submissions) for most of the year 2004 and all of 2005.

Furthermore, in its Introduction to its Memorandum in Opposition to the instant Motion, Defendant makes specific reference to HotJobs.com postings and internet applications to Defendant encompassing a multi-year period of Defendant's recruiting activity (approximately 2002-late 2004), many of which are now only available in electronic form, and concedes its failure to produce those documents.[6]  Plaintiff EEOC only discovered the fact that these documents had never been produced to EEOC, and therefore that the applicant flow evidence produced to EEOC was incomplete, during its deposition of Karen Seigel, Defendant's Senior Vice President of Human Resources, in November 2004 and March 2005.  Based on this deposition, as well as subsequent communications with Defendant's counsel, it appears that during several years while this litigation was pending it was the practice of Defendant's personnel who were recruiting to fill vacancies above the level of counselor to review HotJobs candidate submissions on their work stations by obtaining that data

_____

[6] In its Memorandum in Opposition, Defendant asserts that the parties have agreed to take a deposition of a HotJobs designee to determine the best method for producing those documents.  To clarify, while it is true that EEOC has stated its intention to depose HotJobs under Fed. R. Civ. P. 30(b)(6) and 45, and that Defendant and EEOC have discussed possible deposition dates, EEOC has never agreed to relieve Defendant of its legal obligation to produce the data itself, nor has EEOC ever agreed with Defendant to defer such production until after the HotJobs deposition is completed.

from the HotJobs internet site, determining whether those persons would receive a pre-screening interview, and printing out or otherwise retaining <u>only</u> the application data of those persons who were further pre-screened for possible employment or set up for interview.  According to Defendant, it no longer has possession of the data that was not printed out or saved, though the data remains available to Defendant in electronic and hard copy print-out form using its existing account with HotJobs.[7]

Defendant's claim that there is no dispute concerning the aforementioned application-related data is incorrect.  Defendant has not produced in any form the apparently large volume of data that it did not retain.  EEOC has in the past and continues to demand production of that data from Defendant.  The data is within Defendant's control via its contractual right to obtain the data from HotJobs, and Defendant has an actual, present ability to obtain the data.  It should be required to do so and to produce that data to EEOC.

Moreover, in addition to Defendant's present legal control of the data, the fact remains (1) that it had possession and custody of the data in the past on its computers when the data was being used by Defendant's personnel; (2) that this data was actively used by Defendant to recruit and hire employees in the job categories at issue in this litigation; (3) that Defendant clearly had to have known that the data was relevant evidence because this action was pending at the time, because the pattern or practice hiring discrimination claim had been investigated for a number of years preceding

---

[7]  Ms. Seigel testified that notwithstanding Defendant's practice of not retaining the internet application data of candidates who were not set up for pre-screening or subsequent interviews, she believed that Defendant personnel accessed, gathered and produced to EEOC all CareerBuilder.com and Monster.com submissions in response to EEOC's discovery requests. EEOC has concerns regarding the accuracy of this testimony but has not had sufficient discovery to determine whether it is correct.  If the testimony proves incorrect, EEOC will seek to compel production of CareerBuilder.com and Monster.com data as well.

the litigation with the Defendant's knowledge and participation, and because application data/documents had been requested both in discovery and during the administrative investigation; and (4) that notwithstanding Defendant's possession/custody of the data, knowledge of the data's relevancy to this action, and EEOC requests for that data, Defendant failed to take any action to preserve the data.  This is spoliation, and it was done recklessly, negligently, and in violation of federal law. See 29 C.F.R. § 1602.14 (requiring retention of various employment records, including application-related materials).  The fact that the data allegedly still exists and is in the possession of a third-party (HotJobs) is of no moment.  As discussed more fully below, based on information provided by Defendant it appears entirely possible that EEOC may not be able to obtain production of the data from HotJobs in the same form that it should have been retained by the Defendant, with all highly-relevant information intact,[8] and in any event, the fact remains that Defendant did not retain its own copies of the data.

Defendant and EEOC have had a number of discussions concerning production of the HotJobs data.  During those discussions Defendant has taken the position that production of all of the data by

---

[8] Also, even if HotJobs retained all job submissions for all time periods since Defendant began using that service, and even if the data that would have been visible on the computer monitor to Defendant's reviewing officials can be produced in a complete fashion, this does not necessarily mean that all relevant data still exists.  Although EEOC does not have sufficient discovery at this time to determine exactly what data was lost as a result of Defendant's deficient record-handling procedures, it is possible that had Defendant saved the applicant data that it used to conduct its recruiting activities in electronic form, the resulting electronic files would contain metadata (in other words, information about the data itself) which may show, for each individual file, when that HotJobs submission was reviewed and by whom.  Such data is highly relevant evidence in a hiring case, where timing of candidate consideration and identity of reviewing officials is at issue.  Moreover, the act of printing out the data to hard copy would identify the applicant data that was actually reviewed and candidates who were actually considered for a position, as opposed to data received through HotJobs but never actually reviewed or considered.

using its account access with HotJobs would now be unduly burdensome or otherwise impracticable because it would require that each individual record be accessed by one or more operators, that there are possibly hundreds of thousands of records to be accessed in this fashion, and that the time and expense of such manual production forecloses it as an option. In this regard, Defendant has represented to EEOC that it has also had technical discussions with HotJobs about feasibility of production in electronic form by HotJobs.[9] Defendant has stated that HotJobs informed it that the data cannot be duplicated and produced in its native (original) format *en masse*, but would have to be accessed by individual file (each electronic application). Defendant has also stated to EEOC that it was able to obtain a sample of data generated by HotJobs that was converted from the native format and that could possibly be produced without having to access each individual file. Defendant provided the data sample to EEOC; however, the data was highly disorganized and, more importantly, there were key data elements missing from the converted data, such as location of job being applied for by each applicant.

Defendant's conclusory assertions, standing alone, do not establish undue burdensomeness of the discovery at issue or otherwise justify Defendant's failure to provide that discovery. As stated in Plaintiff EEOC's Memorandum in Support of its Third Motion to Compel Answers to Interrogatories, it appears Defendant has considerable financial resources, as evidenced by the fact that Defendant operates hundreds of weight loss centers in various locations throughout the United

---

[9] EEOC has asked on several occasions that Defendant provide it with the contact information regarding HotJobs personnel with whom Defendant has communicated so that EEOC personnel could speak directly with HotJobs. Defendant has not provided that information.

States.[10]  Moreover, the evidence at issue—job applications reviewed by Defendant over a several year period—are critical evidence in a pattern or practice hiring case, and any claim of undue burdensomeness must account for that fact.

To date EEOC has not been provided with sufficient information to rationally evaluate Defendant's claim of undue burdensomeness.  At a minimum, Defendant should be required to explain with competent evidence and in sufficient detail for evaluation what steps it has taken to assess feasibility of production of the data, which would include identification of the number of records in question, the method(s) evaluated for achieving production and the format of resulting data or documents, the estimated time and expense of production and factual bases for that estimate, whether any alternative methods of production have been evaluated and the results of that evaluation, a description of any claimed adverse effect on Defendant's normal business operations caused by the production, and the sources of the aforementioned information.  Moreover, if Defendant's production of HotJobs data is truly unduly burdensome, then that is a burden of its own making, as it could have easily avoided this problem by retaining the data in question (or, at a bare minimum, printing it out) at the time that the data was being used by Defendant's personnel.  Defendant should not now be heard to assert an objection to discovery predicated on the consequences of its own improper conduct. Defendant should be required to produce the HotJobs data.

**Request No. 41**

Produce any and all documents (including but not limited to applications for employment,

---

[10]  Should Defendant resist this Motion by arguing that the discovery sought is too costly, Plaintiff EEOC will provide the Court with Defendant's financial statements and income tax returns, which will be filed under seal as required by the Confidentiality Stipulation and Order entered by the Court on October 7, 2003.

resumes, interview notes, offer letters, personnel files and payroll documents) relating to any and all persons hired by Defendant since January 1, 1997 for any position pertaining to any one or more center, area, region, market or other geographic/organizational nomenclature (other than positions pertaining solely to Defendant's corporate headquarters operations), including but not limited to the following positions: Medical Technician, Medical Assistant, Phlebotomist, Counselor, Assistant Manager, Assistant Center Manager, Center Manager, Manager, Area Manager, Area Supervisor, Regional Manager, Regional Supervisor, Trainer, Sales Trainer, Service Trainer, Area Trainer, Regional Trainer, Corporate Trainer" Service Supervisor, 3rd Closer, Recruiter, and any other job title regarding positions at Defendant's centers and/or field positions below the level of corporate officer.

**Defendant's response to Request No. 41**

RESPONSE: Defendant objects to this request as overly broad and unduly burdensome. Defendant further objects to this request to the extent it seeks the production of documents not relevant to any claims or defenses at issue in this lawsuit. Defendant further objects to this request to the extent it seeks the production of personal and confidential information. Defendant further objects to this request to the extent it seeks the production of documents or information protected by the attorney-client privilege, work product doctrine and/or any other applicable privilege recognized by law.

Essentially, through this overly broad request, Plaintiff seeks the production of every employment related document pertaining to every non-corporate employee of Defendant. Such a request is so overly broad and improper that Defendant is unable to provide any substantive response. If, through this request, Plaintiff is seeking the production of specific documents which have not already been produced in this matter, Plaintiff should identify with particularity what documents it is seeking[.]

**Continuing basis for insufficiency of Defendant's response to Request No. 41**

Plaintiff EEOC incorporates by reference its discussion of the continuing basis for insufficiency of Defendant's response to Request No. 40.

**Request No. 42**

Produce any and all documents referenced by, and/or identified in response to, Plaintiff EEOC's Interrogatory No. 28.

**Defendant's response to Request No. 42**

RESPONSE: Subject to and without waiver of the objections set forth in response in Interrogatory No. 28 and the general objections, and to the extent responsive documents have not

21

already been produced in response to Plaintiff's First Set of Interrogatories and First Set of Requests for Production, Defendant will provide documents responsive to this request.

**Continuing basis for insufficiency of Defendant's response to Request No. 42**

Plaintiff EEOC incorporates by reference its discussion of the continuing basis for insufficiency of Defendant's response to Request No. 40.  In particular, as stated in that discussion Defendant has not provided reasons for rejection or, indeed, any interrogatory answer regarding many of EEOC's claimants, even the designees for Stage I testimony, and therefore in many instances it has not identified documents under Interrogatory No. 28 or provided sufficient information to allow those documents to be identified.  Given these deficiencies in Defendant's answers concerning alleged reasons for rejection of claimants, EEOC is unable to determine whether Defendant has, in fact, produced all responsive documents.  In addition, though Defendant promises to produce certain documents in its Argument regarding this Request, those documents are long-overdue for production, and Defendant fails to provide a time-frame by which it will produce the documents.

**Request No. 44**

Produce any and all documents related to any person who sought employment with Defendant (including those hired and those not hired) anywhere in the United States regarding whom Defendant has not already produced such documents, including but not limited to any person who sought employment with Defendant at any time during any period not encompassed by Defendant's initial response to the EEOC's First Request for Production of Documents to Defendant. Such documents shall include, but are not limited to, applicant logs, electronic data of any type or character, applications (hard-copy or electronic), resumes, cover letters, attached/associated documents such as letters of reference/recommendation, pre-screening-related documents, interview-related documents, offer letters, notes, personnel files, payroll records, and any other documents.

**Defendant's response to Request No. 44**

RESPONSE:  Defendant objects to this request as overly broad and unduly burdensome. Defendant further objects to this request to the extent it seeks the production of documents not relevant to any claims or defenses at issue in this lawsuit. Defendant further objects to this request

to the extent it seeks the production of personal and confidential information. Defendant further objects to this request to the extent it seeks the production of documents or information protected by the attorney-client privilege, work product doctrine and/or any other applicable privilege recognized by law.

Based on the overly broad manner in which this request has been drafted, it has the potential of encompassing any and all documents mentioning or relating to every employee hired by Defendant. For this reason, Defendant further objects to this request to the extent it is duplicative of Request No. 41 and incorporates the objections raised in response to that request.

Finally, Defendant objects to this request to the extent it requests the production of documents already requested and produced through Plaintiffs First Set of Requests for Production. Defendant will supplement its requests to those discovery requests to the extent supplementation is required by the Federal Rules of Civil Procedure. However, to the extent this request is duplicative of previous discovery requests, Defendant objects.

**Continuing basis for insufficiency of Defendant's response to Request No. 44**

Plaintiff EEOC incorporates by reference its discussion of the continuing basis for

insufficiency of Defendant's response to Request No. 40.

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

GERALD S. KIEL (Bar No. 07770)
Regional Attorney

TRACY HUDSON SPICER (Bar No. 08671)
Supervisory Trial Attorney

       /s/
_____
RONALD L. PHILLIPS
Trial Attorney
Baltimore District Office
City Crescent Building, 3rd Floor
10 South Howard Street
Baltimore, Maryland 21201
Telephone number: (410) 962-4628
Facsimile number: (410) 962-4270/2817