IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| and | ) ) |
| KATHY C. KOCH, | ) ) Case No. WDQ-02-CV-648 |
| Plaintiff-Intervenor, | ) ) |
| v. | ) ) |
| LA WEIGHT LOSS, | ) ) |
| Defendant. | ) ) |

**PLAINTIFF EEOC'S MEMORANDUM IN REPLY TO DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S THIRD MOTION TO COMPEL ANSWERS TO INTERROGATORIES**

Pursuant to the Federal Rule of Civil Procedure 37(a), Rule 104(8) of the Local Rules of the U.S. District Court for the District of Maryland, and agreement of counsel for Plaintiff and Defendant regarding the permissible time frame for filing a motion to compel discovery, Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") files the instant Memorandum in Reply to Defendant's Memorandum in Opposition to Plaintiff's Third Motion to Compel Answers to Interrogatories. For the following reasons, the EEOC respectfully renews its request that this Court enter an order directing Defendant LA Weight Loss ("Defendant") to answer certain discovery requests set forth in the EEOC's Third Set of Interrogatories to Defendant.

# INTERROGATORIES

**Interrogatory No. 33**

For each of the persons presently identified or identified in the future by Plaintiff EEOC as claimants in this action, state separately for each such person whether Defendant contends that such person was not hired for non-discriminatory reason(s), or contends that regardless of the actual reason(s) for non-hire such person would have been denied employment for non-discriminatory reason(s), and if Defendant contends either, state those reason(s) and any and all facts known that support each such reason(s).

**Defendant's original answer to Interrogatory No. 33**

ANSWER: LAWL objects to Interrogatory No. 33 as overbroad and contrary to the Court's Order Regarding Bifurcation and Discovery in this action, as it seeks information related to any and all EEOC claimants, about whom EEOC cannot present individualized proof at Stage I of this action. LAWL also objects to the extent Interrogatory No. 33 is premature because discovery is not yet complete. Further, LAWL objects to Interrogatory No. 33 to the extent it seeks information duplicative of that sought by Interrogatory No. 28 of Plaintiff EEOC's Second Set of Interrogatories to Defendant. Subject to and without waiver of the General Objections, LAWL incorporates by reference its objections and answer to Interrogatory No. 28, as set forth in Defendant's Response to EEOC's Second Set of Interrogatories. Pursuant to the Federal Rules of Civil Procedure and by way of agreement between the parties, LAWL continues to supplement its answer to Interrogatory No. 28 on a rolling basis[.]

**Defendant's amended answer to Interrogatory No. 33**

ANSWER: LAWL objects to Interrogatory No. 33 as contrary to the Court's Order Regarding Bifurcation and Discovery in this action, as it seeks information related to any and all EEOC claimants, about whom EEOC cannot present individualized proof at Stage I of this action. LAWL also objects to the extent Interrogatory No. 33 is premature because discovery is not yet complete. Further, LAWL objects to Interrogatory No. 33 to the extent it seeks information duplicative of that sought by Interrogatory No. 28 of Plaintiff EEOC's Second Set of Interrogatories to Defendant. LAWL therefore incorporates by reference its response to Interrogatory No. 28, as set forth above.[1]

---

[1] Defendant's amended answer to Interrogatory No. 28, as well as its amended answers to Interrogatory Nos. 23 and 24 (which are incorporated by its answer to Interrogatory No. 28), is attached as Exhibit 1 to this Memorandum. In addition, in its amended answer to that Interrogatory Defendant references a document styled "Exhibit A," which sets forth the substance of its amended answer to Interrogatory Nos. 23, 24 and 28. The aforementioned document is attached as Exhibit 2 to this memorandum. It appears both documents were intended by Defendant to consolidate and amend its prior answers to EEOC's Third Set of Interrogatories to Defendant and its prior answers and various supplemental answers to Plaintiff EEOC's Second

By way of further answer, LAWL states that it neither has in the past nor presently discriminates against applicants for employment on the basis of gender or any other classification. As stated in response to Interrogatory Nos. 23, 24 and 28, it is impossible in many instances to determine the actual reason(s) a claimant was not hired. Where that information exists, it is included in the claimant-specific answers to Interrogatory Nos. 23, 24 and 28, contained in Exhibit A. Where the "actual reason(s) for non-hire" do not exist or are not within LAWL's possession, custody or control, LAWL will, to the extent possible on the basis of documents, discovery responses and/or deposition testimony, attempt to provide EEOC with a claimant-specific list of the non-discriminatory reasons why claimants would have been denied employment by LAWL. LAWL will supplement its Amended Response to EEOC's Second and Third Sets of Interrogatories with the first part of that list, containing information on at least 40 of the claimant designees, on or before October 30, 2005.

**Continuing basis for insufficiency of Defendant's answer to Interrogatory No. 33**

As stated in the EEOC's Memorandum in Support of the instant Motion, Defendant has not provided complete answers to this Interrogatory or Interrogatory Nos. 34 and 35, and it has failed to provide any answer as to many of EEOC's claimants. See Memorandum is Support of Plaintiff EEOC's Third Motion to Compel Answers to Interrogatories at 6-8 & n. 7 & 8. The Interrogatories in question were served on June 10, 2005, giving Defendant almost five months to provide answers, and the related Interrogatories that Defendant references in its answers to EEOC's Third Set of Interrogatories (e.g., Interrogatory Nos. 23, 24 & 28 from Plaintiff EEOC's Second Set of Interrogatories to Defendant), were served upon Defendant in November 2003. Absent some demonstration by Defendant, heretofore not provided, that it has undertaken reasonably diligent investigation of the Interrogatories and yet cannot provide timely answers, these facts are dispositive of the instant Motion. Moreover, despite Defendant's representations to the Court and to the EEOC that it would supplement its answers as to 40 of EEOC's claimants by October 30th, as of the date of service of this Reply Memorandum, Defendant has still not provided those supplemental answers.

---

Set of Interrogatories to Defendant that it has served since 2004.

3

This further confirms the unreliability of Defendant's representations and its general lack of diligence in complying with its discovery obligations.

In its Memorandum in Opposition to the instant Motion, Defendant seeks to excuse its failure to satisfy discovery obligations with a few non-meritorious arguments that warrant only a limited reply.

First, Defendant claims that EEOC has not identified with sufficient specificity the deficiencies in Defendant's answers. This statement is inaccurate. EEOC highlighted the major deficiencies in the answers Defendant has provided, see id. at 6-8 (stating Defendant has not provided, as to certain claimants identified by name, any answer at all, claimed actual reasons for non-selection and/or claimed reasons why individuals would not have been selected even in absence of discrimination, factual bases of either, and identification of decision-makers/persons with knowledge), and the shortcomings in Defendant's answers[2] are also patent by simply comparing them to the text of the Interrogatories at issue.

In addition, Defendant continues its effort to avoid its discovery obligations by invoking Rule 33(d) and claiming that the burden of searching records for responsive information is equal for both parties. However, this argument ignores several critical facts.

First, Defendant does not account for the fact that the documents it has referenced often do not contain a complete record of all information responsive to this Interrogatory or Interrogatory Nos. 34 and 35. The documents produced obviously do not state Defendant's contentions in this litigation concerning whether a claimant would have been rejected for non-discriminatory reasons even in the

---

[2] Defendant's answers are attached as Exhibit 2 to the Memorandum in Support of Plaintiff EEOC's Third Motion to Compel Answers to Interrogatories.

absence of discrimination ("same decision" proof), and if so, identifying those reasons and factual bases thereof.[3] The mass of poorly-organized documents produced by Defendant are also of limited value in ascertaining the subject matter of the Interrogatories because they are highly incomplete. The documents often fail to contain any alleged reasons for non-selection of the claimants, the factual bases of those reasons, or the identities of persons who are known by Defendant to have relevant knowledge of those reasons or facts. In many instances there is simply an application and/or a resume with no indication of the foregoing information and often there are no interview notes (despite Defendant's legal obligation to retain and produce the same). Similarly, while a management organizational chart may or may not give a clue as to who might have relevant knowledge concerning a hiring decision, the fact remains that such charts are silent as to who does in-fact have relevant knowledge of alleged actual reasons for rejection and/or same decision contention and/or the factual bases thereof. In sum, in most cases sifting through the documents Defendant has opted to retain and has produced to EEOC provides little or no guidance concerning the answers to the questions posed by EEOC.

In this regard, Defendant's arguments continue to ignore its legal obligation to gather responsive evidence from non-documentary sources, viz., from assessing the relevant knowledge of its current personnel, as well as to provide any responsive information known to Defendant that it may have gathered from former employees. While Defendant claims that it has reviewed documents

---

[3] EEOC notes that Defendant has not provided a response in its Memorandum in Opposition to the issues raised in Footnote 6 of EEOC's Memorandum in Support regarding the non-relevancy of this type of "same decision" evidence to a Stage I proceeding under the <u>Teamsters</u> bifurcated litigation framework. EEOC again reiterates that if Defendant will stipulate that it will not be seeking to admit same decision evidence and other individualized remedial evidence during the Stage I proceedings, EEOC will defer seeking that discovery until Stage II proceedings.

in an effort to gather responsive information, it has still not affirmed that it has conducted all necessary interviews of current personnel to determine the corporation's non-documented relevant knowledge. The fact that Defendant has instead chosen to evade the issue by describing in limited detail its document review process while entirely glossing over what efforts, if any, it has made to gather responsive information from the recollection of its current personnel is telling and is, in EEOC's view, a tacit admission that Defendant has failed to conduct a thorough investigation of the corporation's relevant knowledge.

Finally, Defendant makes an extraordinary assertion that despite its confessed failure to serve timely and fully responsive answers to interrogatories, not only is EEOC not entitled to an order compelling that discovery but in addition that now the Defendant, by virtue an unfulfilled promise to provide an ill-defined set of supplementation in the future, is somehow entitled to sanctions because after waiting patiently for almost five months (and indeed, regarding related Interrogatories Nos. 23, 24 and 28, more than a year) for fully responsive answers that have never come, EEOC has decided that it cannot wait any longer (with only three months remaining in non-expert discovery) and it must assert its right under Fed. R. Civ. P. 37(a) and Local Rule 104 to compel those answers. Essentially, Defendant is arguing that irrespective of the time frame set forth in Rule 33 for service of answers to interrogatories and regardless of the rights of parties to compel those answers when not timely served, a mere promise to supplement answers in the future vitiates those legal requirements and rights and entitles Defendant, as a matter of law, to an extension of time to serve responsive answers whenever it gets around to doing so. The legal and logical infirmities in such an argument are self-evident.

**Interrogatory No. 34**

For each of the "reasons(s)" and "facts known that support each such reason(s)" referenced in Answer to Interrogatory No. 33, above, identify by Bates Number or, if not Bates stamped, by using the definition in Instruction No. 8, any and all documents related to such reason(s) and facts known.

**Defendant's original answer to Interrogatory No. 34**

ANSWER: LAWL incorporates by reference its objections and answer to Interrogatory No. 33, set forth above. Subject to and without waiver of the General Objections, in accordance with Federal Rule of Civil Procedure 33(d), LAWL refers EEOC to the documents produced in this matter, with particular emphasis on those marked as exhibits during claimant depositions, such as resumes, cover letters and applications with handwritten notations, as well as pre-screen and interview forms or notes.

**Defendant's amended answer to Interrogatory No. 34**

ANSWER: LAWL incorporates by reference its response to Interrogatory No. 33, set forth above. In accordance with Federal Rule of Civil Procedure 33(d), LAWL refers EEOC to the documents produced in this matter relating specifically to claimant designees. In particular, claimant deposition exhibits, resumes, cover letters and applications with handwritten notations, as well as pre-screen and interview forms or notes, all of which have been produced to EEOC in text searchable, electronic format.

**Continuing basis for insufficiency of Defendant's answer to Interrogatory No. 34**

Plaintiff EEOC incorporates by reference its discussion of the continuing basis for insufficiency of Defendant's amended answer to Interrogatory No. 33, above. In addition, EEOC states that Defendant has produced hundreds of thousands of documents that are not well-organized. If Defendant has conducted the type of document review that it alleges it has performed in order to provide amended answers to EEOC's Interrogatories, then it should already be aware of the location and identity of particular responsive documents. Simply referencing a few types of documents to look for in a mass of hundreds of thousands of poorly-maintained records is not sufficient. More importantly, Defendant's argument regarding this Interrogatory ignores the fact that for many of

EEOC's claimants, it has failed to provide any actual reason for non-selection or identify any same decision evidence contention and factual bases as required by Interrogatory No. 33. Thus, logically it is not at all clear how Defendant could purport to identify documents as required by this Interrogatory given that those documents are supposed to relate to prior Interrogatory answers that Defendant has failed to ascertain.

**Interrogatory No. 35**

For each of the "reasons(s)" and "facts known that support each such reason(s)" referenced in Answer to Interrogatory No. 33, above, identify by full name, social security number, date of birth, sex, last known home address, last known home telephone number, job title(s) held while employed by Defendant, dates each such job title was held, and beginning and end dates of employment with Defendant any and all persons with relevant knowledge of such reason(s) and facts known.

**Defendant's original answer to Interrogatory No. 35**

ANSWER: LAWL objects to Interrogatory No. 35 to the extent it seeks information duplicative of Interrogatory Nos. 23 and 28 contained in Plaintiff EEOC's Second Set of Interrogatories to Defendant. Subject to and without waiver of the General Objections, LAWL incorporates by reference its objections and answers to Interrogatory Nos. 23 and 28, as set forth in Defendant's Response to EEOC's Second Set of Interrogatories. By way of further answer, LAWL incorporates by reference its objections and answers to Interrogatory Nos. 33 and 34, set forth above.

**Defendant's amended answer to Interrogatory No. 35**

ANSWER: LAWL objects to Interrogatory No. 35 to the extent it seeks information duplicative of Interrogatory Nos. 23 and 28 of Plaintiff EEOC's Second Set of Interrogatories to Defendant. LAWL incorporates by reference its responses to Interrogatory Nos. 23, 28, 33 and 34, as set forth above. By way of further answer, LAWL states that if it knows which LAWL employees and/or former employees have relevant knowledge of the "reason(s) and facts known", if any, those employees/former employees will be included in LAWL's claimant-specific responses to Interrogatory Nos. 23, 24 and 28, attached as Exhibit A, and/or Interrogatory No. 33, which LAWL will provide as a supplement to its Amended Response to EEOC's Second and Third Sets of Interrogatories on or before October 30, 2005 (see Amended Response to Interrogatory Number 33, above).

**Continuing basis for insufficiency of Defendant's answer to Interrogatory No. 35**

Plaintiff EEOC incorporates by reference its discussion of the continuing basis for insufficiency of Defendant's amended answer to Interrogatory No. 33, above. While in a number of cases Defendant has identified persons who may have been in a position to consider the candidacies of EEOC's claimants, Defendant has not stated whether any of those persons have relevant knowledge of (a) the alleged reasons for non-selection, (b) any alleged reasons the individual would not have been selected in the absence of discrimination, or (c) the factual bases of either contention. Indeed, as previously discussed Defendant has in most cases failed to provide any reasons or facts.

For the reasons set forth above, Plaintiff EEOC respectfully renews its request that this Court grant its Third Motion to Compel answers to the foregoing Interrogatories.

          Respectfully submitted,

          EQUAL EMPLOYMENT OPPORTUNITY
          COMMISSION


          GERALD S. KIEL (Bar No. 07770)
          Regional Attorney

          TRACY HUDSON SPICER (Bar No. 08671)
          Supervisory Trial Attorney

          ____/s/_____
          RONALD L. PHILLIPS
          Trial Attorney
          Baltimore District Office
          City Crescent Building, 3rd Floor
          10 South Howard Street
          Baltimore, Maryland 21201
          Telephone number: (410) 962-4628
          Facsimile number: (410) 962-4270/2817