**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND, NORTHERN DIVISION**

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| and | : | |
| | : | CASE NO.: WDQ-02-CV-648 |
| KATHY KOCH, | : | |
| | : | |
| Intervenor/Plaintiff, | : | JURY DEMANDED |
| | : | |
| v. | : | |
| | : | |
| LA WEIGHT LOSS CENTERS, INC., | : | |
| | : | |
| Defendant. | : | |

<u>MEMORANDUM IN SUPPORT</u>
<u>OF DEFENDANT LA WEIGHT LOSS CENTERS, INC.'S</u>
<u>MOTION TO COMPEL ANSWERS</u>
<u>TO INTERROGATORIES AND DOCUMENT REQUESTS</u>

Pursuant to Federal Rule of Civil Procedure 37(a) and Rule 104(8) of the Local Rules of the United States District Court for the District of Maryland, defendant LA Weight Loss Centers, Inc. ("LAWL") files this Memorandum in support of its Motion to Compel Answers to Interrogatories and Document Requests. For the following reasons, LAWL respectfully requests that this Court enter an order directing plaintiff United States Equal Employment Opportunity Commission ("EEOC") to answer certain discovery requests propounded in LAWL's Fourth and Fifth Sets of Interrogatories to Plaintiff and Third Set of Requests for Production of Documents to Plaintiff.

## INTERROGATORIES

### Interrogatory No. 32

Identify each woman that LA Weight Loss interviewed and/or hired possessing the same or similar employment qualifications/background as any class claimant(s).

### Answer

The EEOC objects to this interrogatory on the ground that it seeks information protected from discovery by the attorney work product doctrine. Such information encompasses EEOC counsel's mental impressions and opinions regarding the case and the evidence, including EEOC counsel's interpretation and opinions of what constitutes "employment qualifications/background" in this case, which of these are relevant as to particular claimants and female candidates, what constitutes "similar[ity]" in that regard, and which individuals should be compared with one another. In addition, EEOC objects to this interrogatory on the ground that it is unintelligible and is vague in its use of the phrase "same or similar employment qualifications/background as any class claimant." Specifically, the terms "similar," "employment qualifications," and "background" are undefined and vague. EEOC further objects to the interrogatory as over-broad and contrary to the Court's Order Regarding Bifurcation and Discovery in this action, as it seeks information related to any and all EEOC claimants, many regarding whom EEOC will not seek to present individualized proof at Stage I of this action. EEOC further objects to this interrogatory as unduly burdensome, as provision of a responsive answer would require EEOC's counsel to manually sift, analyze and form opinions regarding hundreds of thousands of documents. EEOC further objects on the ground that the interrogatory is premature because discovery (both formal and informal) is not yet complete. Moreover, Defendant has failed to retain and produce all responsive information and documents that would allow for an answer to this interrogatory, were one otherwise required. The EEOC reserves the right to supplement, change or otherwise modify its answer to this interrogatory any time prior to the trial of this action. Finally, EEOC objects on the ground that Defendant is in possession of documents and information responsive to this Interrogatory, some of which have not been produced to EEOC or have been produced in a form not readily understood by a party without personal knowledge of the events in question, and Defendant has a superior ability to discern answers to this interrogatory given its possession of and far greater familiarity with the documents, as well as its personal knowledge of its own hiring practices and specific instances of hiring.

Subject to and without waiving the foregoing objections and any of its general objections, in accordance with Fed. R. Civ. P. 33(d), EEOC refers Defendant to the documents produced by Defendant and EEOC in response to requests for document production in this action, with particular emphasis on job applications, resumes, electronic applications, cover letters, interview notes, pre-screening forms, and any hiring guidelines actually followed by its personnel in particular instances.

**Interrogatory 33**

      For each woman identified in response to Interrogatory Number 32, provide the following information:

          a.      the claimant with whom she is being compared;
          b.      whether the woman was interviewed and/or hired;
          c.      the date of her interview and/or hire;
          d.      the position for which she applied and/or was hired;
          e.      the region in which she was hired;
          f.      the person or people with whom she interviewed; and
          g.      the person or people who made the hiring decision, if applicable.

**Answer**

      The EEOC incorporates by reference its objections and answer to Interrogatory No. 32, set forth above.

**Basis for Insufficiency of EEOC's Responses to Interrogatory Nos. 32 and 33**

      To date, EEOC has not answered Interrogatory Nos. 32 and 33, which seek factual information critical to EEOC's claim that LAWL engages in a pattern or practice of discrimination in hiring on the basis of gender.  Specifically, the Interrogatories ask EEOC to identify, among other things, women LAWL interviewed and/or hired that EEOC contends possess the same employment qualifications or background as the male class members who were not interviewed or hired.

      EEOC's primary objection to Interrogatory No. 32 is that it seeks "information protected from discovery by the attorney work product doctrine" because it encompasses "EEOC counsel's mental impression and opinions regarding the case and the evidence. . . ."  EEOC's assertion of this protection has no legal basis.  The Interrogatories simply ask EEOC to "identify" the women that LAWL interviewed and/or hired possessing the same or similar employment qualifications or background as any class claimant(s).  It does not require EEOC to provide its interpretation or opinion of what constitutes "employment qualifications/background."  Nor do Interrogatory Nos. 32 and 33 require an exposition of EEOC's selection process and comparison of male and female

applicants.  To the contrary, they seek plain facts supporting EEOC's allegation that LAWL discriminates against men in hiring on the basis of gender, which facts are discoverable and which EEOC is required to provide.

EEOC also objects to Interrogatory Nos. 32 and 33 insofar as they violate the Court's Order Regarding Bifurcation and Discovery (the "Order") by seeking "information related to any and all EEOC claimants" about whom EEOC will not present individualized proof at Stage I. EEOC is wrong.  The Interrogatories do not seek information outside the parameters of the Order because they ask for facts supporting EEOC's contention that LAWL engages in a pattern or practice of discrimination.  This information is relevant to Stage I, where LAWL's liability is at issue, and therefore discoverable at this point in the litigation.  Notwithstanding, EEOC's objection does not justify its complete failure to answer the Interrogatories substantively.  By EEOC's own admission, responsive information pertaining to the 80 claimants about whom EEOC will present individualized proof at Stage I should be provided to LAWL.

Similarly, EEOC's objection that LAWL has not produced all responsive information and documents enabling it to completely answer Interrogatory Nos. 32 and 33 does not obviate the requirement that EEOC provide fact-specific discovery in support of its contentions.  EEOC is in possession of several hundred thousand documents produced in discovery by both parties, including resumes, cover letters, employment applications and personnel files. EEOC clearly has sufficient discovery for it to respond to the Interrogatories.  Indeed, Rule of Civil Procedure 33 and Discovery Guideline 9 mandate that EEOC do so.

EEOC's objection to Interrogatory Nos. 32 and 33 as unduly burdensome also lacks merit.  That the Interrogatories require EEOC to "manually sift, analyze and form opinions regarding hundreds of thousands of documents" is of no moment.  No doubt EEOC has reviewed

the documents produced in discovery and, to support its claims, already identified female applicants possessing the same or similar employment qualifications as class claimants who EEOC contends were not hired because of their gender.  Fact-specific discovery of this nature is discoverable and does not impose any burden upon EEOC beyond that required to support its allegation that LAWL engages in a pattern or practice of discrimination in hiring.

EEOC's objection that LAWL has a "superior ability" to discern answers to the Interrogatories given its "far greater familiarity with the relevant discovery documents" misses the mark. Interrogatory Nos. 32 and 33 are intended to elicit fact-specific comparator information that only EEOC can provide.  Indeed, it is precisely this type of information that EEOC will likely proffer to the jury at trial.

Further, EEOC's responses to Interrogatory Nos. 32 and 33 refer LAWL generally to job applications, resumes, electronic applications, cover letters, interview notes, pre-screening forms and hiring guidelines already produced in discovery.  As EEOC is no doubt aware, Discovery Guideline 9(c) does not permit this type of vague or generic allusion to documents.  Rather, where answers to interrogatories can be found in or supported by documents, the documents should be referred to with specificity.  EEOC's disregard of Discovery Guideline 9(c) should not be countenanced and compliance should be required.

EEOC's objection that Interrogatory Nos. 32 and 33 are "unintelligible" and "vague" is invalid.  In an effort to resolve this discovery dispute, LAWL offered to discuss and clarify all terms EEOC objected to as "unintelligible" and "vague." EEOC chose not to confer with LAWL on this point.  EEOC should not now be permitted to hide behind its purported inability to understand the Interrogatories.

**Interrogatory No. 34**

Identify all Prospective Class Claimants.

**Answer**

Plaintiff EEOC objects to the Interrogatory as premature, over-broad and contrary to the Court's Order Regarding Bifurcation and Scheduling entered on May 25, 2004, in this action, as it seeks discovery related to any and all EEOC claimants, many regarding whom EEOC will not seek to present individualized proof at Stage I of this action.

Plaintiff EEOC further objects to this Interrogatory as duplicative. Plaintiff EEOC has previously answered an Interrogatory, Defendant's No. 11, calling for essentially the same information. In addition, Plaintiff EEOC objects to the Interrogatory as ambiguous.

To the extent the Interrogatory, in conjunction with Defendant's definition of the term "Prospective Class Claimants," asks that EEOC identify all male applicants for employment with Defendant, EEOC objects to the Interrogatory on the ground that it is unduly burdensome, as it purports to require EEOC to identify thousands of individuals, and also because it seeks information that, as to particular individuals, may not be within the knowledge of EEOC. In addition, the Interrogatory seeks mental impressions and opinions of EEOC counsel formulated during the course of counsel's representation of the Government in this action, and in particular, counsel's opinions regarding the possible sex of applicants as well as counsel's efforts to ascertain the sex of those individuals. EEOC therefore objects on the ground of the work product doctrine.

To the extent the Interrogatory can be read to request that EEOC identify separately by category particular individuals who have expressed a desire to participate as a claimant in this action, who have chosen to not participate, or whom EEOC has chosen to not include as a claimant, EEOC further objects to the Interrogatory on the basis of attorney-client privilege and the common interest privilege/doctrine, as such Interrogatory calls for disclosure of confidential communications between EEOC counsel and/or their agents and claimants/potential claimants made for the purpose of rendering legal advice and carrying out the instant litigation. EEOC further objects on the basis of the work product doctrine, as such information was acquired as a result of EEOC counsel's confidential efforts in the prosecution of the instant action, and disclosure would reveal the mental impressions, opinions and legal strategy of counsel.

Plaintiff EEOC further objects to the Interrogatory as premature, over-broad and contrary to Court order. In accordance with the Court's Order Regarding Bifurcation and Scheduling, Plaintiff EEOC is not yet required to provide a final list of all claimants for whom it will seek relief in this action (though it will continue to disclose the names of those individuals as they are identified). Yet, the Interrogatory and its definitions appear to require identification of all claimants immediately, which is contrary to court order. Plaintiff EEOC's efforts to determine the identities of the person for whom it will seek relief in this action, as well as discovery (including Defendant's production of application documents), are on-going, and Plaintiff EEOC reserves the right to supplement, modify or otherwise change its identification of claimants at any time prior to the date ordered by the Court for final determination of claimants in this action.

For the foregoing reasons pertaining to the over-broad and premature nature of the Interrogatory, Plaintiff EEOC further objects to this Interrogatory as unduly burdensome. Plaintiff EEOC states that it "might seek relief" for any male who unsuccessfully sought a position with Defendant, or whom was deterred from seeking a position with Defendant as a result of its discriminatory employment practices, for any position at any time during the period

1997 to present. These individuals would potentially include, but are not limited to, all male persons who ever applied for employment with Defendant. Plaintiff EEOC is unable to list all such persons, as discovery is on-going and Defendant has not produced all application-related documents, and to require EEOC to compile and provide such a listing is unduly burdensome, as it may include tens of thousands of individuals. In this regard, Defendant has possession of all application-related documents produced to EEOC. EEOC refers Defendant to those documents.

**Interrogatory No. 35**

For each Prospective Class Claimant identified in response to Interrogatory Number 34, provide the following information:

a. a list of all Prospective Class Claimants interviewed by EEOC;
b. a list of all Prospective Class Claimants to whom EEOC provided a Questionnaire and the date on which each Questionnaire was provided;
c. a list of all Prospective Class Claimants that returned a Questionnaire, complete or incomplete, to EEOC and the date on which each Questionnaire was returned.

**Answer**

Plaintiff EEOC objects to the Interrogatory as premature, over-broad and contrary to Court order. The Interrogatory seeks discovery regarding persons whom have not been designated by either party as potential Phase I trial witnesses. In accordance with the Court's Order Regarding Bifurcation and Scheduling entered on May 25, 2004, in this action, Plaintiff EEOC is not required to provide written discovery responses regarding particular non-designees at this juncture in the litigation, as all such discovery has been stayed until completion of Phase I proceedings. In addition, Plaintiff EEOC's efforts to determine the identities of the persons for whom it will seek relief in this action, as well as discovery (including Defendant's production of applicant documents), are on-going, and Plaintiff EEOC reserves the right to supplement, modify, or otherwise change its identification of claimants at any time prior to the date ordered by the Court for final determination of claimants in this action.

Plaintiff EEOC further objects to this Interrogatory on the ground that it seeks information that is not relevant to the claims and defenses in this action.

Plaintiff EEOC further objects on the basis of the work product doctrine. Such information, which includes the names of persons chosen from many tens of thousands of individuals for verbal communication or questionnaire receipt by EEOC counsel and the timing of such selection, constitutes EEOC counsel's confidential, day-to-day case management and prosecution efforts in the instant action, and disclosure would reveal the mental impressions, opinions and legal strategy of counsel.

Plaintiff EEOC further objects to this Interrogatory on the ground that it seeks information protected from disclosure by the attorney-client privilege and the common interest privilege/doctrine. The Interrogatory calls for disclosure of confidential communication between EEOC counsel and/or their agents and claimants/potential made for the purpose of rendering legal advice and carrying out the instant litigation.

Plaintiff EEOC further objects to the Interrogatory as vague in its use of the terms "interviewed," "complete" and "returned."

For the foregoing reasons pertaining to the over-broad and premature nature of the Interrogatory, Plaintiff EEOC further objects to this Interrogatory as unduly burdensome. Plaintiff EEOC states that it "might seek relief" for any male who unsuccessfully sought a position with Defendant, or whom was deterred from seeking a position with Defendant as a result of its discriminatory employment practices, for any position at any time during the period 1997 to present. These individuals would potentially include, but are not limited to, all male persons who ever applied for employment with Defendant. As to subparts (b) and (c) of this Interrogatory, to require EEOC to compile and provide such a listing is unduly burdensome, as it includes thousands of individuals and may eventually include tens of thousands of individuals. Moreover, in many cases the date of receipt by EEOC is not capable of determination.

Subject to and without waiving the foregoing objections and any of its general objections, Plaintiff EEOC states that it has received questionnaires from approximately 567 individuals. The dates on which these questionnaires were prepared by EEOC counsel and their agents during and for the purpose of prosecution of the instant action, and constitute confidential communications between EEOC counsel and their claimants/potential claimants. In addition, during the course of this litigation EEOC counsel (and in a small number of cases, EEOC personnel acting as counsel's agents) have spoken with in excess of 120 "Prospective Class Claimants." The identities of these individuals are irrelevant and are work product.

## Interrogatory No. 36

Identify each Prospective Class Claimant who has indicated, verbally or in writing, that: (a) they wish to participate as a class claimant in this case; or (b) they do not wish to participate as a class claimant in this case.

## Answer

Plaintiff EEOC objects to the Interrogatory as premature, over-broad and contrary to Court order. The Interrogatory seeks discovery regarding persons whom have not been designated by either party as potential Phase I trial witnesses. In accordance with the Court's Order Regarding Bifurcation and Scheduling entered on May 25, 2004 in this action, Plaintiff EEOC is not required to provide written discovery responses regarding particular non-designees at this juncture in the litigation, as all such discovery has been stayed until completion of Phase I proceedings. In addition, Plaintiff EEOC's efforts to determine the identities of the persons for whom it will seek relief in this action, as well as discovery including Defendant's production of applicant documents, are on-going, and Plaintiff EEOC reserves the right to supplement, modify, or otherwise change its identification of claimants at any time prior to the date ordered by the Court for final determination of claimants in this action.

Plaintiff EEOC further objects to this Interrogatory on the ground that it seeks information that is not relevant to the claims and defenses in this action.

Plaintiff EEOC further objects on the basis of the work product doctrine. Such information, which includes the names of persons chosen from many tens of thousands of individuals for interview or questionnaire receipt by EEOC counsel, constitutes EEOC counsel's confidential, day-to-day case management and prosecution efforts in the instant action, and disclosures would reveal the mental impressions, opinions and legal strategy of counsel.

Plaintiff EEOC further objects to this Interrogatory on the ground that it seeks information protected from disclosure by the attorney-client privilege and the common interest privilege/doctrine. The Interrogatory calls for disclosure of confidential communications between EEOC counsel and/or their agents and claimants/potential claimants made for the purpose of rendering legal advice and carrying out the instant litigation.

For the foregoing reasons pertaining to the premature nature of the Interrogatory, Plaintiff EEOC further objects to this Interrogatory as unduly burdensome. Plaintiff EEOC states that it "might seek relief" for any male who unsuccessfully sought a position with Defendant, or whom was deterred from seeking a position with Defendant as a result of its discriminatory employment practices, for any position at any time during the period 1997 to present. These individuals would potentially include, but are not limited to, all male persons who ever applied for employment with Defendant. To require EEOC to compile and provide such a listing is unduly burdensome, as it includes an unduly burdensome number of individuals and may eventually include tens of thousands of individuals.

**Basis for Insufficiency of EEOC's Response to Interrogatory Nos. 34, 35 and 36**

To date, EEOC has failed to answer Interrogatory Nos. 34, 35 and 36, which seek information relevant to EEOC's claims and LAWL's defenses in this litigation. Specifically, the Interrogatories ask EEOC to identify, among other things, all Prospective Class Claimants[1] interviewed by EEOC, those to whom a questionnaire was provided and those of whom returned a questionnaire to EEOC. EEOC's response to the Interrogatories consists largely of boilerplate objections and vague references to the number of persons on whose behalf EEOC "might seek relief," the number of persons interviewed and the number of persons who returned questionnaires. EEOC's failure to substantively answer LAWL's Interrogatories is unwarranted and constitutes a clear violation of Federal Rule of Civil Procedure 33 and Discovery Guideline 9.

The graveman of EEOC's objections to the Interrogatories is that they seek information protected from discovery by the attorney work product doctrine because any substantive

---

[1]    "Prospective Class Claimants" is defined in the Interrogatories as "any person whom EEOC identified as an applicant to LAWL on whose behalf the EEOC might seek relief, including confirmed class claimants, persons who chose not to participate as claimants and persons whom EEOC chose not to name as class claimants."

response would reveal EEOC counsel's mental impressions and opinions regarding the persons chosen from "many tens of thousands of individuals." LAWL disagrees.  The Interrogatories simply ask EEOC to provide the following facts: (1) all Prospective Class Claimants; (2) all Prospective Class Claimants to whom EEOC provided a questionnaire; (3) all Prospective Class Claimants EEOC interviewed;  (4) all Prospective Class Claimants who returned a questionnaire; (5) all Prospective Class Claimants whom EEOC interviewed; and (6) each Prospective Class Claimant who indicated that he wishes or does not wish to participate as a claimant in the litigation.  The Interrogatories do not require EEOC to provide its interpretation and opinion of what constitutes a class claimant.  Nor do the Interrogatories require an explanation of EEOC's process for selecting class claimants.  To the contrary, the Interrogatories seek plain facts supporting EEOC's contention that LAWL discriminated against men in hiring on the basis of gender, which facts EEOC is required to provide in discovery.

EEOC further objects to the Interrogatories on the ground that they seek "information protected from disclosure by the attorney-client privilege and the common interest privilege/doctrine" because they call for disclosure of "confidential communications between EEOC counsel and/or their agents and claimants/potential claimants. . . ."  EEOC's objections are without merit.  Although the Interrogatories ask for discovery inclusive of written and verbal communications between EEOC counsel and class claimants, they seek only communications arising before an attorney-client relationship was established.  By EEOC's own admission, the majority of persons contacted by EEOC are not class claimants and do not enjoy an attorney-client relationship with counsel for EEOC.

Regarding EEOC's objection on the basis of the attorney work product doctrine, facts such as who is a Prospective Class Claimant and who received and returned questionnaires, are

not protected.  Contrary to EEOC's bald assertion, those facts fail to reveal counsel's mental impressions, opinions and legal strategy.  Indeed, even if EEOC's contention were defensible, EEOC waived any protection afforded by the doctrine of attorney work product by disclosing the contents of its questionnaires to Prospective Class Claimants who were and/or remain third parties to the litigation.

Significantly, EEOC failed to identify any questionnaires, letters or other documents relating to Prospective Class Claimants on its privilege log.  Any privilege – attorney work product, attorney-client and/or common interest – that EEOC now wishes to assert over the discovery at issue is waived.

EEOC objects to the Interrogatories on the ground that they seek information irrelevant to the claims and defenses in this litigation.  EEOC is incorrect.  The questionnaires are highly relevant to LAWL's examination of claimant designees during deposition and LAWL's defense of corporate witnesses involved in the hiring process.  Indeed, LAWL may already be irreversibly prejudiced by EEOC's failure to provide this relevant discovery in advance of the dozens of depositions LAWL has been forced to conduct and defend.  The questionnaires, for example, seek information from class members that may not be within LAWL's possession, custody or control, such as the names and titles of LAWL employee(s) with whom Prospective Class Members had contact or communications.  Further, the numbers and names of persons whom EEOC contacted as Potential Class Claimants, the numbers and names of persons who expressed an interest in becoming class members and the numbers and names of persons who did not express an interest in becoming class members, are all areas of inquiry relevant to LAWL's defense of this action.

11

EEOC objects to the Interrogatories as unduly burdensome because they require EEOC to "identify thousands of individuals." Again, EEOC's objection is without merit. EEOC has already undertaken and presumably completed the task of "identify[ing]" Prospective Class Claimants based on the available discovery to date. By its own admission, EEOC has sent questionnaires to hundreds of individuals, 567 of which have been returned by the persons to whom they were addressed. EEOC also admits that in excess of 100 interviews have been conducted. LAWL does not believe that assembling the complete list of names in response to each Interrogatory and placing those names in a single document is unduly burdensome. Certainly, EEOC has maintained careful records of the persons to whom questionnaires and cover letters were sent, making it relatively easy for EEOC to identify the names and related information for all Prospective Class Claimants.

EEOC objects to the Interrogatories insofar as they violate the Court's Order Regarding Bifurcation and Discovery (the "Order") by seeking "discovery regarding persons whom have not been designated by either party as potential Phase I trial witnesses." LAWL does not agree that the Interrogatories seek information outside the parameters of the Order as they ask for information relating to LAWL's purported pattern or practice of discrimination, which is at issue during Stage I of this litigation. Notwithstanding, EEOC's objection does not warrant a complete failure to answer the Interrogatories substantively. At a minimum, relevant information pertaining to the 80 claimants designated for deposition in Stage I discovery must be provided in answer to the Interrogatories.

EEOC's objection that LAWL has not produced all application-related documents enabling it to completely answer the Interrogatories does not obviate the requirement that EEOC provide fact-specific discovery in support of its contentions. EEOC is in possession of several

hundred thousand documents produced by LAWL in discovery, which include applications, resumes, cover and offer letters and personnel files. Based on those documents alone, EEOC has sufficient documents for it to respond to LAWL's Interrogatories, as required by Rule of Civil Procedure 33 and Discovery Guideline 9.

EEOC also objects to aspects of the Interrogatories as "vague" in their use of the common words "interviewed," "complete" and "returned." LAWL proposed a conference call to resolve EEOC's specious objection and clarify any vagaries in the Interrogatories. EEOC did not avail itself of this opportunity. To the extent EEOC now contends its inability to understand LAWL's discovery precluded it from providing fact-specific answers, that contention is invalid.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### Document Request No. 52

All Questionnaires sent to Prospective Class Claimants.

### Answer

Plaintiff EEOC objects to the Request on the basis of the work product doctrine. Such documents were prepared by EEOC counsel and its agents for the purpose of the instant litigation and constitute EEOC counsel's work product. Disclosure would reveal the mental impressions, opinions and legal strategy of counsel.

Plaintiff EEOC further objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and the common interest privilege/doctrine. The Request calls for production of confidential communications between EEOC counsel and claimants/potential claimants made for the purpose of rendering legal advice and carrying out the instant litigation.

Plaintiff EEOC further objects to the Request as premature, over-broad and contrary to Court order. The Request seeks discovery regarding persons whom have not been designated by either party as potential Phase I trial witnesses. In accordance with the Court's Order Regarding Bifurcation and Scheduling entered on May 25, 2004, in this action, Plaintiff EEOC is not required to provide written discovery responses regarding particular non-designees at this juncture in the litigation, as all such discovery has been stayed until completion of Phase I proceedings. In addition, Plaintiff EEOC's efforts to determine the identities of the persons for whom it will seek relief in this action, as well as discovery including Defendant's production of applicant documents, are on-going, and Plaintiff EEOC reserves the right to supplement, modify, or otherwise change its identification of claimants at any time prior to the date ordered by the Court for final determination of claimants in this action.

Plaintiff EEOC further objects to this Request as unduly burdensome. The EEOC's process of identifying claimants is on-going, and by court order it is not required to be completed until after the conclusion of Phase I proceedings in this action. The vast majority of the requested documents are still under review by EEOC and will continue to be reviewed as more information is obtained in litigation regarding potential claimants themselves and Defendant's hiring practices. Production of the requested documents prior to the conclusion of the process, while they are still under consideration, will unduly interfere with EEOC counsel's identification of claimants and preparation of the Government's case. In this regard, production may also result in breach of confidentiality regarding past, present or future privileged communications and deterrence of voluntary responses and case participation by potential claimants.

Plaintiff EEOC further objects to this Request on the ground that it seeks documents that are not relevant to the claims and defenses in this action.

Plaintiff EEOC further objects to this Request on the ground that it exceeds the number of document production requests authorized by the Federal Rules of Civil Procedure, Local Rules of this Court, and the Court's Order Regarding Bifurcation and Scheduling.

Subject to and without waiving the foregoing objections and any of its general objections, Plaintiff EEOC responds by stating that it has sent questionnaires to thousands of individuals, though a precise number has not yet been ascertained. Of these, approximately 567 were returned to EEOC by the individual to whom it was addressed. The dates on which these questionnaires were sent by EEOC range between December 2002 and June 2005. All questionnaires were prepared by EEOC counsel and their agents during and for the purpose of prosecution of the instant action, and constitute confidential communications between EEOC counsel and their claimants/potential claimants.

**Document Request No. 53**

All Cover Letters sent to Prospective Class Claimants.

**Answer**

Plaintiff EEOC objects to the Request on the basis of the work product doctrine. Such documents were prepared by EEOC counsel and its agents for the purpose of the instant litigation and constitute EEOC counsel's work product. Disclosure would reveal the mental impressions, opinions and legal strategy of counsel.

Plaintiff EEOC further objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and the common interest privilege/doctrine. The Request calls for production of confidential communications between EEOC counsel and claimants/potential claimants made for the purpose of rendering legal advice and carrying out the instant litigation.

Plaintiff EEOC further objects to the Request as premature, over-broad and contrary to Court order. The Request seeks discovery regarding persons whom have not been designated by either party as potential Phase I trial witnesses. In accordance with the Court's Order Regarding Bifurcation and Scheduling entered on May 25, 2004, in this action, Plaintiff EEOC is not required to provide written discovery responses regarding particular non-designees at this juncture in the litigation, as all such discovery has been stayed until completion of Phase I proceedings. In addition, Plaintiff EEOC's efforts to determine the identities of the persons for

whom it will seek relief in this action, as well as discovery including Defendant's production of applicant documents, are on-going, and Plaintiff EEOC reserves the right to supplement, modify, or otherwise change its identification of claimants at any time prior to the date ordered by the Court for final determination of claimants in this action.

Plaintiff EEOC further objects to this Request as unduly burdensome. The EEOC's process of identifying claimants is on-going, and by court order it is not required to be completed until after the conclusion of Phase I proceedings in this action. The vast majority of the requested documents are still under review by EEOC and will continue to be reviewed as more information is obtained in litigation regarding potential claimants themselves and Defendant's hiring practices. Production of the requested documents prior to the conclusion of the process, while they are still under consideration, will unduly interfere with EEOC counsel's identification of claimants and preparation of the Government's case. In this regard, production may also result in breach of confidentiality regarding past, present or future privileged communications and deterrence of voluntary responses and case participation by potential claimants.

Plaintiff EEOC further objects to this Request on the ground that it seeks documents that are not relevant to the claims and defenses in this action.

Plaintiff EEOC further objects to this Request on the ground that it exceeds the number of document production requests authorized by the Federal Rules of Civil Procedure, Local Rules of this Court, and the Court's Order Regarding Bifurcation and Scheduling.

Subject to and without waiving the foregoing objections and any of its general objections, Plaintiff EEOC responds by stating that it has sent cover letters to thousands of individuals, though a precise number has not yet been ascertained. The cover letters were sent between December 2002 and June 2005. All cover letters were prepared by EEOC counsel and their agents during and for the purpose of prosecution of the instant action, and constitute confidential communications between EEOC counsel and their claimants/potential claimants.

## Document Request No. 54

All Questionnaires returned to EEOC from Prospective Class Claimants, whether or not completed.

## Answer

Plaintiff EEOC objects to the Request on the basis of the work product doctrine. Such documents were prepared by EEOC counsel and its agents for the purpose of the instant litigation and constitute EEOC counsel's work product. Disclosure would reveal the mental impressions, opinions and legal strategy of counsel.

Plaintiff EEOC further objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and the common interest privilege/doctrine. The Request calls for production of confidential communications between EEOC counsel and claimants/potential claimants made for the purpose of rendering legal advice and carrying out the instant litigation.

Plaintiff EEOC further objects to the Request as premature, over-broad and contrary to Court order. The Request seeks discovery regarding persons whom have not been designated by either party as potential Phase I trial witnesses. In accordance with the Court's Order Regarding Bifurcation and Scheduling entered on May 25, 2004, in this action, Plaintiff EEOC is not

required to provide written discovery responses regarding particular non-designees at this juncture in the litigation, as all such discovery has been stayed until completion of Phase I proceedings. In addition, Plaintiff EEOC's efforts to determine the identities of the persons for whom it will seek relief in this action, as well as discovery including Defendant's production of applicant documents, are on-going, and Plaintiff EEOC reserves the right to supplement, modify, or otherwise change its identification of claimants at any time prior to the date ordered by the Court for final determination of claimants in this action.

Plaintiff EEOC further objects to this Request as unduly burdensome. The EEOC's process of identifying claimants is on-going, and by court order it is not required to be completed until after the conclusion of Phase I proceedings in this action. The vast majority of the requested documents are still under review by EEOC and will continue to be reviewed as more information is obtained in litigation regarding potential claimants themselves and Defendant's hiring practices. Production of the requested documents prior to the conclusion of the process, while they are still under consideration, will unduly interfere with EEOC counsel's identification of claimants and preparation of the Government's case. In this regard, production may also result in breach of confidentiality regarding past, present or future privileged communications and deterrence of voluntary responses and case participation by potential claimants.

Plaintiff EEOC further objects to this Request on the ground that it seeks documents that are not relevant to the claims and defenses in this action.

Plaintiff EEOC further objects to this Request on the ground that it exceeds the number of document production requests authorized by the Federal Rules of Civil Procedure, Local Rules of this Court, and the Court's Order Regarding Bifurcation and Scheduling.

Subject to and without waiving the foregoing objections and any of its general objections, Plaintiff EEOC responds by stating that it has received questionnaires from approximately 567 individuals. The dates on which these questionnaires were completed by the individuals range between December 2002 and June 2005. All questionnaires were prepared by EEOC counsel and their agents during and for the purpose of prosecution of the instant action, and constitute confidential communications between EEOC counsel and their claimants/potential claimants.

## Document Request No. 55

All documents, including notes of telephone interviews, relating or referring to Prospective Class Claimants.

## Answer

Plaintiff EEOC objects to the Request on the basis of the work product doctrine. Such documents were prepared by EEOC counsel and its agents for the purpose of the instant litigation and constitute EEOC counsel's work product. Disclosure would reveal the mental impressions, opinions and legal strategy of counsel.

Plaintiff EEOC further objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and the common interest privilege/doctrine. The Request calls for production of confidential communications between EEOC counsel and claimants/potential claimants made for the purpose of rendering legal advice and carrying out the instant litigation.

Plaintiff EEOC further objects to the Request as premature, over-broad and contrary to Court order. The Request seeks discovery regarding persons whom have not been designated by either party as potential Phase I trial witnesses. In accordance with the Court's Order Regarding Bifurcation and Scheduling entered on May 25, 2004, in this action, Plaintiff EEOC is not required to provide written discovery responses regarding particular non-designees at this juncture in the litigation, as all such discovery has been stayed until completion of Phase I proceedings. In addition, Plaintiff EEOC's efforts to determine the identities of the persons for whom it will seek relief in this action, as well as discovery including Defendant's production of applicant documents, are on-going, and Plaintiff EEOC reserves the right to supplement, modify, or otherwise change its identification of claimants at any time prior to the date ordered by the Court for final determination of claimants in this action.

Plaintiff EEOC further objects to this Request as unduly burdensome. The EEOC's process of identifying claimants is on-going, and by court order it is not required to be completed until after the conclusion of Phase I proceedings in this action. The vast majority of the requested documents are still under review by EEOC and will continue to be reviewed as more information is obtained in litigation regarding potential claimants themselves and Defendant's hiring practices. Production of the requested documents prior to the conclusion of the process, while they are still under consideration, will unduly interfere with EEOC counsel's identification of claimants and preparation of the Government's case. In this regard, production may also result in breach of confidentiality regarding past, present or future privileged communications and deterrence of voluntary responses and case participation by potential claimants.

Plaintiff EEOC further objects to this Request on the ground that it seeks documents that are not relevant to the claims and defenses in this action.

Plaintiff EEOC further objects to this Request on the ground that it exceeds the number of document production requests authorized by the Federal Rules of Civil Procedure, Local Rules of this Court, and the Court's Order Regarding Bifurcation and Scheduling.

To the extent the Request seeks interview notes or any other documents in EEOC counsel's files that refer/relate to claimants or potential claimants, EEOC states that such documents exist, that they were prepared by EEOC counsel and their agents during and for the purpose of prosecution of the instant action, that they are kept in counsel's litigation files, and that many reflect counsel's mental impressions and opinions regarding this action and confidential, privileged communications between EEOC counsel and their claimants/potential claimants. EEOC also states that during the course of this litigation, EEOC counsel (and in a small number of cases, EEOC personnel acting as counsel's agents) have spoken with in excess of 120 "Prospective Class Claimants." Many of these communications at various times have been documented, though not all. EEOC declines to provide any further description of such documents within its possession, custody or control, as any further description, including but not limited to individuals selected for communication, would reveal work product.

## Document Request No. 56

All documents identified or required to be identified in response to Defendant's Fifth Set of Interrogatories to Plaintiff.

## Answer

Plaintiff EEOC objects to this Request as unintelligible.  Defendant's Fifth Set of Interrogatories does not request that EEOC identify any documents.  Accordingly, EEOC cannot comply with the Request.

To the extent that the Request was intended to seek any documents referenced in any or all of Defendant's Interrogatories, or the present set of Requests, or their definitions and instructions, Plaintiff EEOC incorporates by reference its objections to Interrogatory Nos. 34-36 and Request Nos. 52-55, and 57.

**Document Request No. 57**

All documents reviewed and/or relied upon to prepare any of the responses to Defendant's Fifth Set of Interrogatories to Plaintiff.

**Answer**

Plaintiff EEOC incorporates by reference its response and objections to Request Nos. 52-55.

**Basis for Insufficiency of EEOC's Response to Document Request Nos. 52-57**

LAWL incorporates by reference its basis for insufficiency of EEOC's response to

Interrogatory Nos. 34, 35 and 36.

Respectfully submitted,

_____/s/_____
David E. Landau
Aliza R. Karetnick
Wolf, Block, Schorr and Solis-Cohen LLP
1650 Arch Street - 22nd Floor
Philadelphia, PA  19103
(215) 977-2124

Elizabeth Torphy-Donzella
Shawe & Rosenthal, LLP
20 South Charles Street, 11th Floor
Baltimore, MD  21201
(410) 752-1040

Attorneys for Defendant
LA Weight Loss Centers, Inc.

Date: December 29, 2005

## <u>CERTIFICATE OF SERVICE</u>

I, Elizabeth Torphy-Donzella, hereby certify that I caused a true and correct copy of the

foregoing  Defendant LA Weight Loss Centers, Inc.'s Memorandum in Support of Motion to

Compel Answers to Interrogatories and Documents Requests to be served via the Court's

electronic filing system and United States Mail, postage pre-paid, upon:

> Ronald L. Phillips
> U.S. Equal Employment Opportunity Commission
> City Crescent Building, 3rd Floor
> 10 South Howard Street
> Baltimore, MD  21201

Dated:  December 29, 2005

_____/s/_____

Elizabeth Torphy-Donzella
