IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | )    Case No. WDQ-02-CV-648 <br> ) |
| LA WEIGHT LOSS, | ) <br> ) |
| Defendant. | ) <br> ) |

### DECLARATION OF RONALD L. PHILLIPS

I, Ronald L. Phillips, hereby state as follows:

1. I am counsel of record for Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") and have served as EEOC counsel in the above-styled and numbered action since 2002.

2. I am licensed to practice law in the State of Ohio and U.S. District Court for the Northern District of Ohio, and I have been admitted to practice in this Court, *pro hac vice,* in the above-styled and numbered action.

3. At various times after, and only after, the EEOC filed the above-styled and numbered action, the EEOC has sent cover letters on EEOC letterhead and questionnaire forms to persons identified by EEOC counsel as potential claimants in this action. These cover letters and questionnaires are referenced in Plaintiff EEOC's Memorandum in Opposition to Defendant LA Weight Loss Centers, Inc.'s Motion to Compel Answers to Interrogatories and Document

Requests ("EEOC's Memorandum").

4. The information provided to potential claimants in the cover letters was drafted solely by EEOC counsel, including myself. The questionnaire forms all contain a number of questions drafted solely by EEOC counsel (including myself), and selected solely by EEOC counsel (including myself) from a number of possible relevant questions that could have been selected. These questions were selected by EEOC counsel based upon considerations that included case strategy and mental impressions of the case and the evidence.

5. All cover letters and EEOC questionnaire forms sent to potential claimants were prepared for the purpose of prosecuting the above-styled and numbered action and concern the action. In particular, these documents were prepared for the purpose of informing potential claimants about the existence of the above-styled and numbered action, the nature of the lawsuit, the identity of the group of aggrieved persons for whom the Government is seeking relief, and the remedies being sought. In addition, the purpose of drafting and sending these documents to potential claimants was to (a) enable the EEOC to gather information to enable it to identify a sub-set of individuals for whom EEOC will seek victim-specific relief in this case; and (b) to enable the potential claimants, both through the cover letter and the process of answering the questions selected by EEOC counsel, to determine whether they should voluntarily participate as claimants in the instant litigation and communicate with EEOC regarding that issue and the above-styled and numbered action generally.

6. EEOC has maintained and continues to maintain confidentiality of the cover letters, EEOC questionnaire forms sent to potential claimants, completed questionnaires received from EEOC claimants and potential claimants, and information set forth in completed

questionnaires.

7. All completed questionnaires were received after the EEOC filed the above-styled and numbered action.

8. The cover letters instruct potential claimants to not disclose the questionnaire form or questionnaire answers to anyone.

9. The cover letters inform potential claimants that the questionnaires and their answers thereto are confidential and privileged, and that any information they provide may only be shared with Defendant if required by law or necessary for EEOC to seek relief for them.

10. The cover letters instruct potential claimants to return the questionnaires if they wish to participate as claimants in the case. The questionnaire forms request that potential claimants state if they wish to participate as claimants and for EEOC and its attorneys to assert claims for their benefit in the above-styled and numbered action.

11. The cover letters are signed by an EEOC Trial Attorney who is explicitly identified as such.

12. The questionnaires sent to potential claimants are labeled "CONFIDENTIAL AND PRIVILEGED."

13. All notes of interviews between EEOC counsel (or in a few cases, their agents) with potential claimants relate to communications with those persons during and for the purpose of prosecuting the above-styled and numbered action. EEOC has maintained and continues to maintain confidentiality of all such notes.

14. Interviews conducted by EEOC counsel (or in a few cases, their agents) with potential claimants concerned this action, were conducted outside the presence of any other individuals, and were performed for the purpose of (a) enabling the EEOC to gather

information to enable it to identify a sub-set of individuals for whom EEOC will seek victim-specific relief in this case; and (b) to enable the potential claimants to determine whether they should voluntarily participate as claimants in the instant litigation.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 1/19/06

Ronald L. Phillips
Trial Attorney
U.S. Equal Employment Opportunity Commission