

Not Reported in F.Supp.                                                                                          Page 1

Not Reported in F.Supp., 1997 WL 807862 (E.D.Mo.), 75 Fair Empl.Prac.Cas. (BNA) 1734

**(Cite as: Not Reported in F.Supp.)**

**H**
Briefs and Other Related Documents

United States District Court, E.D. Missouri.
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION, Plaintiff(s),
v.
GENERAL MOTORS CORPORATION and UAW
Local 25, Defendant(s).
**No. 4:96CV01547 GFG.**

Nov. 24, 1997.

MEMORANDUM AND ORDER

GUNN, Senior District Judge.

**\*1** This employment discrimination case is before the Court on several motions relating to discovery matters.

Plaintiff, the EEOC, alleged that defendants discriminated against the charging parties on the basis of race and sex in violation of Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991. Three supervisors for defendant General Motors Corporation (GM), Larry Jeffries, Perry Golden, and Patricia Chatman, alleged that since July 1992 they were harassed by Robert Wilson, a Committeeman for defendant UAW Local 25 and an employee of GM, and that defendants failed to take appropriate action to end the harassment. The case is before the Court on motions by plaintiff to compel GM to answer interrogatories and produce documents (Doc. 17), to compel disclosures by GM (Doc. 18), to compel Local 25 to answer interrogatories and produce documents (Doc. 33), and for a protective order and sanctions against GM for misuse of subpoenas (Doc. 54). GM has filed motions for the release of certain medical records (Doc. 29) and to compel production of a damages questionnaire (Doc. 53).

Plaintiff has agreed that its motion to compel disclosures is now moot and thus the motion (Doc. 18) will be DENIED as moot. As to plaintiff's motion to compel GM to answer interrogatories and produce documents (Doc. 17), plaintiff agrees that GM has sufficiently supplemented its answers, and thus the motion for further answers to interrogatories is now moot. Plaintiff alleges, however, that GM still has not produced needed documents. Specifically, plaintiff requests production of the personnel files of the three charging parties, and the personnel file of the alleged harasser, documents regarding GM's response to allegations that Wilson engaged in inappropriate conduct on the job, documents regarding the factual basis for GM's affirmative defenses and documents regarding whether the union interfered with GM's ability to discipline Wilson. GM has refused to provide the personnel files absent an appropriate protective order entered by this Court. The Court entered a protective order, submitted with the consent of all parties, on April 18, 1997 (Doc. 25). If GM has not done so, the Court orders GM to produce the personnel files and other documents in accordance with the protective order.

In response to plaintiff's motion to compel Local 25 to answer interrogatories and produce documents (Doc. 33), Local 25 provided additional documents, withdrew some affirmative defenses, and explained its remaining affirmative defense (Doc. 60). The only remaining issue appears to be whether Local 25 should be required to produce documents regarding alleged incidents of harassment based upon race or sex in the plant since January 1, 1991 by persons other than Wilson. Local 25 responds that it is not responsible for those individuals not holding union office (Doc. 41). Plaintiff replies that incidents involving non-union officials are relevant to Local 25's tolerance of harassment and the prevalence of harassment by union members, and that the information will be relevant to its claim against GM (Doc. 42). The Court agrees that the requested documents are relevant. See Fed.R.Civ.P. 26(b)(1).

**\*2** As to plaintiff's motion for a protective order and sanctions against GM for misuse of subpoenas (Doc. 54), plaintiff argues that GM has issued improper

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                                                   Page 2
Not Reported in F.Supp., 1997 WL 807862 (E.D.Mo.), 75 Fair Empl.Prac.Cas. (BNA) 1734
**(Cite as: Not Reported in F.Supp.)**

subpoenas for records to parties without an interest in this lawsuit without providing plaintiff with proper advance notice that the subpoenas will be issued. Specifically, plaintiff complains that GM issued a subpoena to the Custodian of Records for the St. Joan of Arc school in Indianapolis, Indiana, requesting the school records of the son of one of the charging parties. GM did not provide notice of the subpoena to plaintiff until the next day, at which point the records had already been faxed to GM. GM responds that contemporaneous notice is sufficient, and that the subpoena specifically addressed in plaintiff's motion was issued for a proper purpose (Doc. 58). The 1991 amendments to Fed.R.Civ.P. 45(b)(1) provide that when nonparties are served with subpoenas, "[p]rior notice of any commanded production of documents ... shall be served on each party in the manner prescribed by Rule 5(b)." The advisory committee's note indicates that the purpose of the notice "is to afford other parties an opportunity to object to the production or inspection" and "to monitor the discovery." Fed.R.Civ.P. 45(b)(1) advisory committee's note. GM did not give the EEOC prior notice before serving a subpoena on the custodian of records, denying plaintiffs an opportunity to object to the discovery. In addition, the records do not appear to be relevant to this action.

Thus, GM will be prohibited from utilizing or disclosing the school records or any information obtained from them. Any copies of such records currently in GM's possession must be returned to the custodian. *See Mann v. University of Cincinnati,* 824 F.Supp. 1190, 1201-06 (S.D.Ohio 1993), *aff'd,* 114 F.3d 1188 (6th Cir.1997) (unpublished per curiam). In future discovery, the parties will provide notice to the opposing parties before serving discovery requests on nonparties, and such notice shall be sufficient to allow the adverse party an opportunity to object to the discovery request.

As to GM's motion for the release of medical records (Doc. 29), GM argues that it is entitled to receive all medical records relating to the emotional state of the charging parties, including records prior to January 1992. The Court agrees that records regarding the charging parties' emotional states prior to January 1992 are relevant to the determination of whether the harassment caused the parties' claimed emotional distress. Thus, GM's motion for release of medical records relating to the charging parties' emotional states prior to 1992 is GRANTED.

As to GM's motion to compel production of Larry Jeffries' damages questionnaire (Doc. 53), plaintiff argues that the questionnaire is protected by the attorney-client and work product privileges (Doc. 59). The Court need not determine whether an attorney-client relationship existed when the questionnaire was prepared, as the Court finds that the questionnaire was protected under the work product doctrine. The EEOC submits that the damages questionnaire is not prepared in every case in the ordinary course of business but was instead prepared by Jeffries in anticipation of litigation. GM has not made any showing of need to overcome the qualified work product privilege. *See* Fed.R.Civ.P. 26(b)(3). The EEOC's apparent waiver of the privilege with respect to questionnaires of the other two charging parties does not constitute waiver of the privilege with respect to Jeffries' questionnaire. *See Pittman v. Frazer,* No. 97-1597, slip op. at 7-8 (8th Cir. Nov.4, 1997).

**\*3** Accordingly,

IT IS HEREBY ORDERED that plaintiff's motion to compel GM to answer interrogatories and produce documents (Doc. 17) is GRANTED in part, as indicated above.

IT IS FURTHER ORDERED that plaintiff's motion to compel disclosures by GM (Doc. 18) is DENIED as moot.

IT IS FURTHER ORDERED that plaintiff's motion to compel Local 25 to answer interrogatories and produce documents (Doc. 33) is GRANTED in part, as indicated above.

IT IS FURTHER ORDERED that plaintiff's motion for a protective order and sanctions against GM for misuse of subpoenas (Doc. 54) is GRANTED.

IT IS FURTHER ORDERED that GM's motion for the release of medical records (Doc. 29) is GRANTED.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                                          Page 3
Not Reported in F.Supp., 1997 WL 807862 (E.D.Mo.), 75 Fair Empl.Prac.Cas. (BNA) 1734
**(Cite as: Not Reported in F.Supp.)**


IT IS FURTHER ORDERED that GM's motion to
compel production of a damages questionnaire (Doc.
53) is DENIED.

E.D.Mo.,1997.
E.E.O.C. v. General Motors Corp.
Not Reported in F.Supp., 1997 WL 807862 (E.D.Mo.),
75 Fair Empl.Prac.Cas. (BNA) 1734

Briefs and Other Related Documents (Back to top)

• 4:96cv01547 (Docket) (Aug. 01, 1996)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.