

Not Reported in F.Supp.  Page 1
Not Reported in F.Supp., 1981 WL 2441 (D.Kan.), 41 Empl. Prac. Dec. P 36,521
**(Cite as: Not Reported in F.Supp.)**

United States District Court, D. Kansas.
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION, Plaintiff,
v.
PLESSEY, INCORPORATED, Defendant.
**Civ. A. No. 78-1383.**

April 30, 1981.

WOOLEY, United States Magistrate:

**\*1** This is an Equal Pay Act case filed in September, 1978. Plaintiff alleges, generally, that certain female employees of defendant were paid less than males for the same or similar work in performing jobs which required equal skill, effort and responsibility under the same or similar working conditions. Plaintiff claims the relevant time period involved is between September, 1975 and September, 1978. Approximately two hundred (200) employees, present or former, comprise the group as to which the issues in this case arise.

Before the Court is the Motion of Defendant to Compel Production (D.E. # 35) of Responses to a Questionnaire plaintiff mailed to various employees of defendant on or about September 26, 1980. Other portions of the motion have been resolved by counsel and are not in issue here.

A copy of the Questionnaire (in blank) has been furnished to defense counsel.

Plaintiff resists production principally on the basis that the Questionnaire and the Responses of defendant's employees thereto are work product. Both parties have submitted briefs (D.E. # 36, 37 and 38) and cite cases and authorities in support of their positions.

The Court has read the briefs and some of the cases counsel cite. The Court is familiar with Rule 26(b)(3) FRCvP.

Counsel recognize, and the Court agrees, that the information sought is work product of plaintiff's counsel, thus not subject to production unless the conditions of Rule 26(b)(3) are met by defendant movant. Those conditions are:

1. The party seeking discovery has substantial need of the materials in the preparation of his case.

2. The party seeking discovery is unable without undue hardship to obtain the substantial equivalent of the materials by other means.

Defendant argues that it meets the first test because requiring production would be the "best and most efficacious means of obtaining" the information revealed by the responses to the Questionnaires.

For two reasons, the Court questions how this can be correct. First, except as may be indicated by the questions, the responses made by the recipients are unknown to defendant and defendant thus cannot be even reasonably sure what information is revealed. Mere speculation or hope that the requested information will be contradictory, or impeaching, (or relevant) is not sufficient to overcome the work product barrier. *Fontaine vs. Sunflower Beef Carrier, Inc.,* 87 F.R.D. 89, USDC (E.D.Mo., 1980). Second, it is certainly more reasonable to assume that defendant's own written records, however meager and/or incomplete, are more reliable and adequate than the mere memory of the employees. Some small percentage of the employees questioned may have some written records on which they relied. If so, it is, again, reasonable to assume the defendant's employee records are more adequate, accurate and complete.

If the failure of defendant to meet the first condition is not a sufficient reason to deny its motion, its failure to meet the second condition is certainly fatal.

**\*2** Plaintiff's Questionnaire has been made available to

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.  
Not Reported in F.Supp., 1981 WL 2441 (D.Kan.), 41 Empl. Prac. Dec. P 36,521  
**(Cite as: Not Reported in F.Supp.)**

Page 2

defendant and there has been, and presently is, no obstacle to defendant mailing the same, or a similar questionnaire, to its employees. The Court disagrees with defendant's conclusion that plaintiff's Questionnaire and cover letter has "tainted the atmosphere" against the defendant. If any "taint" was thus created, the Court believes it is without practical consequence.

In addition, to meet the second condition of Rule 26(b)(3), defendant must show it has made some effort, in good faith, to obtain the same or similar information by other means and that effort was fruitless. *Fontaine vs. Sunflower,* supra. Movant has completely failed, it appears to the Court, to make any attempt to acquire the information by other means.

On the date the defendant's Motion to Compel was filed (February 23, 1981) it had been approximately five months (September 26, 1980) since the Questionnaire was mailed. Had defendant acted promptly it could, by means of the same or a similar Questionnaire, have obtained the same information plaintiff gleaned.

Accordingly, the Court finds that defendant's Motion to Compel should be denied.

It is, therefore, Ordered that defendant's Motion to Compel should be denied.

D.Kan.,1981.  
E.E.O.C. v. Plessey, Inc.  
Not Reported in F.Supp., 1981 WL 2441 (D.Kan.), 41 Empl. Prac. Dec. P 36,521

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.