

Not Reported in F.Supp. Page 1
Not Reported in F.Supp., 1996 WL 120648 (E.D.Mo.), 70 Fair Empl.Prac.Cas. (BNA) 61, 67 Empl. Prac. Dec. P 43,957
**(Cite as: Not Reported in F.Supp.)**

Briefs and Other Related Documents

United States District Court, E.D. Missouri.
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION, Plaintiff,
v.
The PASTA HOUSE CO. d/b/a Mike Shannon's
Steak and Seafood, Defendant.
**No. 4:94CV1715 TIA.**

Jan. 29, 1996.

MEMORANDUM AND ORDER

TERRY I. ADELMAN, United States Magistrate Judge.

*1 This case is before the Court on various pretrial matters. The parties consented to try their case before the undersigned pursuant to 28 U.S.C. § 636(c).

Plaintiff Equal Opportunity Employment Commission (Commission) seeks relief under Title VII of the Civil Rights Act and the Civil Rights Act of 1991.

On January 11, 1992, an employee of the defendant, Laura Massey, filed a discrimination charge with the Commission. On March 29, 1994, after receiving a Right to Sue Letter, Massey filed suit against defendant, *Laura Massey v. The Pasta House Co., d/b/a Mike Shannon's Restaurant,* No. 4:94CV628 LOD. Subsequently, her suit was dismissed with prejudice on October 20, 1994. The Commission declined to intervene in Massey's case and instead decided to file the present action on August 30, 1994. On May 9, 1995, this Court ruled that Laura Massey is precluded from "participating in and benefitting from the Commission's case." [Doc. 16].

In response, defendant now files a Motion to Strike Laura Massey as a witness and a Motion to Preclude the introduction of any admissible matter which could have been offered in Massey's lawsuit. Defendant interprets this Court's May 9, 1995 Order as a broad prohibition against the use of Massey as a witness and the use of any facts developed in connection with her case. Furthermore, defendant argues that res judicata principles support such a broad prohibition.

Besides the motions regarding Laura Massey, defendant also files a Motion to Compel answers to interrogatories and compliance with requests for document production.

*Analysis*

1. Res Judicata

This Court finds that defendant misinterprets the undersigned's May 9, 1995 Order and the requirements of res judicata. Defendant should have interpreted the Order as prohibiting Massey's participation as a *party* to the suit.

The undersigned based its ruling largely on the Fifth Circuit case of *EEOC v. Huttig Sash & Door Co.,* 511 F.2d 453 (5th Cir. 1975). *See also McClain v. Wagner Elec. Corp.,* 550 F.2d 1115 (8th Cir. 1977) (implicitly accepting *Huttig* court's interpretation of res judicata requirements). The *Huttig* case presented an identical procedural disposition to the instant case. An employee's suit was dismissed with prejudice, and the Commission subsequently filed suit predicated on, but not limited to the same charge. The Fifth Circuit held that the Commission has a right to sue when the claims it asserts are broader than claims brought by the dismissed party. *Id.* at 455-56. Res judicata acts as a bar only when the Commission sues on behalf of a dismissed party and limits claims to those asserted by the dismissed party. *Id.*

In a more recent case, the Seventh Circuit interpreted res judicata similarly to the *Huttig* court. *EEOC v.*

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp. Page 2
Not Reported in F.Supp., 1996 WL 120648 (E.D.Mo.), 70 Fair Empl.Prac.Cas. (BNA) 61, 67 Empl. Prac. Dec. P 43,957
**(Cite as: Not Reported in F.Supp.)**

Harris Chernin, Inc., 10 F.3d 1286, 1291 (7th Cir. 1993). In *Harris,* the district court dismissed an employee's ADEA suit due to a two year statute of limitations. *Id.* at 1288. Subsequently, the Commission filed suit to recover damages on behalf of the dismissed party and also to enjoin the company from discriminating against other employees. *Id.* The Seventh Circuit held that res judicata prevented the Commission from recovering damages on behalf of the dismissed party because the dismissed party's claim had already been adjudicated. *Id.* at 1291. However, res judicata did not bar the injunction claim. *Id.* This is because the EEOC's injunction claim sought to protect a broader interest (i.e. the rights of other employees) than that held by the dismissed party. *Id.* Furthermore, the existence of a broader purpose allowed the Commission to use facts developed in the dismissed party's case. *Id.* The court stated that the Commission could seek an injunction based on proof that the company discriminated against the dismissed party. *Id.* Consequently, res judicata only barred the dismissed party from acting as a party to the case and receiving any damages from a judgment. *See Id.*

**\*2** Based on the caselaw, this Court concludes that the ban on Laura Massey's participation only extends to her involvement as a party to the present case and her recovery of any damages. The Commission's suit implicates a broader interest than that held by Massey's suit. Therefore, the Commission should be allowed to use Massey as a witness and to use other facts developed in connection with her case.

2. Motion to Compel Discovery

Defendant files a Motion to Compel responses to interrogatories and compliance with document production requests. This Court examines each of the disputed requests for information.

a) Interrogatory No. 5

Interrogatory No. 5 asks whether plaintiff class members declared all of their tips to defendant. The interrogatory actually breaks down into two basic questions: 1) the amount of tips reported; and 2) whether tips were accurately reported. Defendant claims that they need such information to accurately compute back pay damages. This Court agrees that the information is highly relevant and plaintiff class members must answer both parts of the interrogatory.

However, the undersigned recognizes that the second part of their disclosure (i.e. did they accurately report tips) is subject to the 5th Amendment privilege against self-incrimination. *See, e.g.,* United States v. 4003-4005 5th Ave., Brooklyn, N.Y., 55 F.3d 78, 82 (2d Cir. 1995) (privilege applies in civil cases and in particular, responses to interrogatories). Presumably, if class members admitted that they underreported tips, they could subject themselves to potential criminal tax liability. Currently, the record does not reflect whether class members wish to invoke their privilege. If they choose to do so, class members may decline to answer whether they accurately reported their tips. However, plaintiff must still reveal the amount of tips reported as taxable income.

The interrogatory also asks information for previous and subsequent employers. This Court finds that the requested information exceeds the scope of discovery because it is not "relevant" and "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Defendant bases the request for tip information on the need to accurately compute back pay. Therefore, defendant's request should be limited to tips earned while working for defendant. The amount of tips earned while working for previous and subsequent employers has no connection to defendant's stated purpose.

b) Interrogatory No. 8

This interrogatory requests information on whether class members have filed EEOC charges against other employers. The undersigned finds that the case of EEOC v. Associated Dry Goods Corp., 449 U.S. 590 (1981), bars this line of inquiry.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.  Page 3
Not Reported in F.Supp., 1996 WL 120648 (E.D.Mo.), 70 Fair Empl.Prac.Cas. (BNA) 61, 67 Empl. Prac. Dec. P 43,957
**(Cite as: Not Reported in F.Supp.)**

In *Associated Dry Goods,* the Supreme Court examined the disclosure requirements of Title VII, 42 U.S.C. § 2000e-5(b). Under that statutory provision, Title VII prohibits the "public" disclosure of discrimination charges. 42 U.S.C. § 2000e-5(b). The Court held that an employee who files discrimination charges generally cannot be characterized as part of the "public." 449 U.S. at 603. This is because the charging party is "obviously aware" of the charges. *Id.* Therefore, the employee should have access to the file held by the Commission. *Id.* However, the Court held that the charging party may not have access to other employees' EEOC files against a common employer. *Id.* The Court reasoned that the charging party has no reason to know of other employees' files, and therefore, the charging party must be considered a "stranger" (part of the public) and denied access. *Id.*

**\*3** As a result, the Supreme Court in *Associated Dry Goods* allowed only limited access to EEOC files. In accordance with the Supreme Court's ruling, defendant in this case should only have access to class members' EEOC files concerning charges against defendant. Access should be denied for any other files, including class member charges against other employers. Defendant has no reason to know of charges against other employers and therefore must be considered a stranger (part of the public) as to those other cases.

c. Interrogatory No. 10

Interrogatory No. 10 asks for names of persons who filed charges with the EEOC, the Missouri Commission on Human Rights, or with the City of St. Louis Civil Rights Enforcement Agency against defendant based on sex or any other reason. For reasons already stated, defendant has a right to the information, provided that the files concern only the plaintiff class members in this case. Defendant is a member of the public for any other files.

d. Request for Production of Documents No. 3,6

In Request No. 3 and 6, plaintiff has already produced all documents except for questionnaires sent to class members and notes of interviews of class members conducted by plaintiff's attorney or its paralegal assistant. Plaintiff claims that the retained documents are protected by work product privilege. The U.S. Supreme Court created the work product doctrine in *Hickman v. Taylor,* 329 U.S. 495 (1947). Subsequently, Rule 26(b)(3) of the Federal Rules of Civil Procedure codified the doctrine. Fed. R. Civ. P. 26(b)(3). The Rule states that a party is generally unable to discover documents "prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative." *Id.* The party seeking discovery can only obtain the information by showing a "substantial need." *Id.*

Courts have extended work product status to questionnaire responses. *See, e.g., In re Grand Jury Subpoena,* 599 F.2d 504, 512 (2d Cir. 1979); *In re Grand Jury Investigation,* 599 F.2d 1224, 1230 (3d Cir. 1979). This Court agrees that questionnaire responses deserve work product protection. However, plaintiff must produce the names and addresses of those class members who filled out questionnaire responses. This would protect plaintiff from revealing work product but would also give defendant an opportunity to obtain information by sending out its own questionnaire.

Courts have also protected interview notes as work product. The Supreme Court in *Upjohn Co. v. United States,* 449 U.S. 383, 399 (1981), recognized that "[f]orcing an attorney to disclose notes and memoranda of witness' oral statements is particularly disfavored because it tends to reveal the attorney's mental processes." Furthermore, the Court required more than the usual "showing of substantial need and inability to obtain the equivalent without undue hardship." *Id.* at 401-02. As a result, this Court protects these interview notes as work product.

e. Request for Production of Documents No. 4,8

**\*4** Defendant requests documents regarding charges filed against other employers. For reasons already stated in the discussion of Interrogatory No. 8,

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp. Page 4
Not Reported in F.Supp., 1996 WL 120648 (E.D.Mo.), 70 Fair Empl.Prac.Cas. (BNA) 61, 67 Empl. Prac. Dec. P 43,957
**(Cite as: Not Reported in F.Supp.)**

defendant has no right to information about other employers.

    f. Request for Production of Documents No. 7

Similar to Interrogatory No. 10, this Request for Production seeks all charges of discrimination (excluding that of Laura Massey) filed against defendant. This Court applies its analysis in Interrogatory No. 10 to require production, provided that the request is limited to files of plaintiff class members.

    g. Request for Production of Documents No. 9

Defendant requests all documents, papers, and writings authorizing the filing of this action by plaintiff. In response, plaintiff claims that such information is protected by the deliberative process privilege.

The deliberative process privilege allows government agencies to retain "inter-agency memoranda on matters of law or policy." *Texaco Puerto Rico, Inc. v. Department of Consumer Affairs,* 60 F.3d 867, 884 (1st Cir. 1995) (quoting *National Wildlife Fed'n v. United States Forest Serv.,* 861 F.2d 1114, 1116 (9th Cir. 1988)). Courts reason that the privilege is "crucial to encouraging the flow of independent thought and honest opinion regarding agency policy and action." *United States v. Miracle Recreation Equip. Co.,* 118 F.R.D. 100, 108 (S.D. Iowa 1987); *See also NLRB v. Sears, Roebuck & Co.,* 421 U.S. 132, 150 (1975). To qualify for the privilege, documents must be "predecisional" (dated prior to the agency's action) and "deliberative" (actually related to the agency's decisionmaking process). *Texaco Puerto Rico,* 60 F.3d at 884 (quoting *National Wildlife,* 861 F.2d at 1117). However, if documents are merely "factual statements" or "post-decisional," the privilege does not apply. *Id.*

Once documents qualify, courts balance the parties' interests and consider: "1) the relevance of the evidence; 2) the availability of other evidence; 3) the government's role in the litigation; and 4) the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions." *Miracle Recreation,* 118 F.R.D. at 107-08 (quoting *FTC v. Warner Communications, Inc.,* 742 F.2d 1156, 1161 (9th Cir. 1984)).

In this case, plaintiff cites four withheld documents as protected under the deliberative process privilege. Although plaintiff briefly describes the documents, this Court finds that an in camera inspection is required. An examination will allow the undersigned to determine whether the documents first qualify for the privilege and second whether balancing factors warrant protection.

Accordingly,

IT IS HEREBY ORDERED that defendant's Motion to Strike Laura Massey as a witness and the Motion to Preclude the introduction of any admissible matter which could have been offered in Massey's lawsuit be DENIED. Plaintiff may use Massey as a witness and may use any facts developed in connection with her case. [Doc. 23-1, 23-2]

**\*5** IT IS FURTHER ORDERED that defendant's Motion to Compel answer to Interrogatory No. 5 be GRANTED in part. Plaintiff class members must disclose all tips reported while working for defendant and whether such tips were accurately reported. Plaintiff class members may invoke their 5th Amendment privilege against self-incrimination to refuse to answer whether they accurately reported tips. However, even if they invoke the privilege, they must still disclose the amount of tips reported. As for tips earned while working for previous and subsequent employers, plaintiff is not required to disclose any information. [Doc. 28]

IT IS FURTHER ORDERED that defendant's Motion to Compel answer to Interrogatory No. 8 be DENIED. [Doc. 28]

IT IS FURTHER ORDERED that defendant's Motion to Compel answer to Interrogatory No. 10 be GRANTED, provided that requested files only concern

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp. Page 5
Not Reported in F.Supp., 1996 WL 120648 (E.D.Mo.), 70 Fair Empl.Prac.Cas. (BNA) 61, 67 Empl. Prac. Dec. P 43,957
**(Cite as: Not Reported in F.Supp.)**

plaintiff class members in this case. [Doc. 28]

IT IS FURTHER ORDERED that defendant's Motion to Compel compliance with Request for Production No. 3 and 6 be DENIED. However, plaintiff must produce the names and addresses of those class members who filled out questionnaire responses. [Doc. 28]

IT IS FURTHER ORDERED that defendant's Motion to Compel compliance with Request for Production No. 4 and 8 be DENIED. [Doc. 28]

IT IS FURTHER ORDERED that defendant's Motion to Compel compliance with Request for Production No. 7 be GRANTED, provided that requested information only concern files of plaintiff class members in this case. [Doc. 28]

IT IS FURTHER ORDERED that plaintiff produce withheld documents regarding Request for Production No. 9, for an in camera inspection to determine whether the documents are privileged.

E.D.Mo.,1996.
E.E.O.C. v. Pasta House Co.
Not Reported in F.Supp., 1996 WL 120648 (E.D.Mo.), 70 Fair Empl.Prac.Cas. (BNA) 61, 67 Empl. Prac. Dec. P 43,957

Briefs and Other Related Documents (Back to top)

• 4:94cv01715 (Docket) (Aug. 30, 1994)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.