**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND, NORTHERN DIVISION**

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | : : : | |
| Plaintiff, | : : | |
| and | : : | CASE NO.: WDQ-02-CV-648 |
| KATHY KOCH, | : : | |
| Intervenor/Plaintiff, | : : | JURY DEMANDED |
| v. | : : | |
| LA WEIGHT LOSS CENTERS, INC., | : : | |
| Defendant. | : | |
| _____ | : | |

### DEFENDANT LA WEIGHT LOSS CENTERS, INC.'S REPLY TO EEOC'S OPPOSITION TO MOTION TO COMPEL ANSWERS TO INTERROGATORIES AND DOCUMENT REQUESTS

Pursuant to Federal Rule of Civil Procedure 37(a), Rule 104(8)(a) of the Local Rules of the United States District Court for the District of Maryland and by agreement of counsel, defendant LA Weight Loss Centers, Inc. ("LAWL") files its Reply to Motion to Compel Answers to Interrogatories and Document Requests (the "Reply"). LAWL respectfully requests that this Court enter an order directing plaintiff United States Equal Employment Opportunity

Commission ("EEOC") to answer Interrogatory Nos. 32 and 33 (the "Interrogatories") propounded in LAWL's Fourth Set of Interrogatories to Plaintiff.[1]

## I.  ARGUMENT

EEOC contends that it is not required to produce essential comparator discovery because it is imbued with counsel's thought processes and therefore exempt from disclosure by the attorney work product doctrine.  EEOC is wrong.  Comparator discovery is not attorney work product.  Even if it were, comparator discovery is fact work product, which must be produced where vital and not capable of discovery by alternative means.  Here, the information sought is central to EEOC's claims and LAWL's defenses.  More importantly, it can only be secured from EEOC itself.  EEOC's failure to answer the Interrogatories is a thinly veiled attempt to hide behind the attorney work product doctrine and unfairly bend the factfinding process to its advantage.  EEOC should not be permitted to do so.

### A.  The Interrogatories Do Not Seek Information Protected From Disclosure by the Attorney Work Product Doctrine

#### 1.  The Information Does Not Constitute Attorney Work Product

Interrogatory Nos. 32 and 33 are in the nature of contention interrogatories seeking information critical to EEOC's claim that LAWL engages in a pattern or practice of discrimination in hiring on the basis of gender.  Broadly, the Interrogatories ask EEOC to

---

[1] In the interest of narrowing the number and scope of issues for this Court's consideration, LAWL no longer seeks to compel answers and documents in response to Interrogatory Nos. 34, 35, 36 and Document Request Nos. 52-57.

identify comparators – persons whom LAWL interviewed or hired that EEOC contends possess the same employment qualifications or background as the male class members who were not interviewed or hired.  This information, which may be used at trial and in the formulation of expert opinions presented at trial, is discoverable under the Rules.

The gravaman of EEOC's opposition to disclosure is that the information is protected by the attorney work product doctrine.  See Memorandum in Opposition to Motion at 10-13.  EEOC erroneously contends that the request intrudes into EEOC counsel's mental processes, opinions and trial preparation by requiring it to "sift the record for relevant facts, interpret the evidence and draw inferences from among a range of alternatives."  Memorandum in Opposition to Motion at 12.  EEOC misapprehends the law and its discovery obligations.

Federal Rule of Civil Procedure 33(c)  provides, in relevant part:  "An interrogatory otherwise proper is not necessarily objectionable merely because an answer involves an opinion or contention that relates to fact or the application of law to fact. . . ."  As the Advisory Committee Notes reflect, contention interrogatories are useful to narrow and sharpen issues, which is a clear objective of the discovery process.  See Fed. R. Civ. P. 33, Advisory Committee Notes, 1970 Amendment, Subdivision (b) (currently subdivision (c)).  "There has always been dispute involving questions that call for opinions, but since 1970, the Rule permits it.  While it may be true that the Rule does not permit questions calling for pure legal conclusion, legal conclusions calling for the application of law to fact are authorized."  EEOC v. Carrols Corporation, 215 F.R.D. 46, 54 (N.D.N.Y. 2003).  See Wright, Miller & Marcus, Federal Practice and Procedure, § 2167 (2d ed. 1994).

Here, EEOC's review and analysis of LAWL's documents indisputably constitute the application of opinion to fact addressed by the Advisory Committee.  EEOC does not argue that

LAWL has a specific written policy of intentional discrimination, that LAWL hires all female applicants or that LAWL never hires men. Rather, EEOC contends that irrespective of LAWL's written policies and record of male or female hires, its conduct demonstrates intentional discrimination. The Interrogatories ask for comparator evidence that is fundamental to EEOC's contention and that is likely to inform EEOC's experts. Indeed, the depositions of LAWL's corporate witnesses make it abundantly clear that comparator evidence is key to EEOC's pattern and practice case. EEOC has spent hours presenting LAWL witnesses with resume upon resume upon resume of applicants whom EEOC appears to believe are comparators.

LAWL's request for comparator information simply calls upon EEOC to identify the evidence underlying its claim that LAWL's decision not to hire class claimants (fact) substantiates a pattern and practice of discrimination (opinion). The Interrogatories do not require EEOC to disclose litigation or trial strategy. They do not demand that EEOC expound upon its interpretation or opinion of what constitutes "employment qualifications/background." Rather, the Interrogatories ask that EEOC provide the names and related objective information concerning comparators, which is precisely the type of discovery contemplated by Rule 33(c) and without which LAWL will be ambushed at trial.[2]

### 2. The Information is Not Immune From Discovery Because of Substantial Need and an Inability to Obtain it From Another Source

---

[2] To date, EEOC has not stated if it will present comparator evidence at the Stage I trial of this case. If EEOC does not intend to proffer the comparator evidence sought by Interrogatory Nos. 32 and 33 at trial, it need only say so.

Assuming, arguendo, that LAWL's Interrogatories call for attorney work product, the information is not immune from disclosure.  The Court of Appeals for the Fourth Circuit divides work product into two distinct categories:  "fact work product," which may be discovered, and opinion work product, which is characterized variously as "absolutely" or "nearly absolutely" exempt.  See In re Grand Jury Proceedings, 33 F.3d 342, 348 (4th Cir. 1994) (opinion work product even more "scrupulously protected" than fact work product); In re Allen, 106 F. 23d 582, 607 (4th Cir. 1997) (opinion work product enjoys "nearly absolute" immunity).  Because the work product doctrine is not intended to endow lawyers with an untouchable status, but to protect "pure expressions of legal theory or mental impressions," Nutramax Laboratories, Inc. v. Twin Laboratories, Inc., 183 F.R.D. 458, 465 (D. Md. 1988) (Grimm, J), fact work product is discoverable upon a showing of both a substantial need and an inability to secure the equivalent by alternative means.  See In re Grand Jury Proceedings, 33 F.3d at 348.

Contrary to EEOC's characterization, the information at issue here may be classified only as fact work product.  EEOC's reliance on In re Allen, 106 F.3d 582, 608 (4th Cir. 1997) and parallel cases is, therefore, misplaced.  At first blush, In re Allen leads to the conclusion that if documents otherwise discoverable are selected and compiled by an attorney in anticipation of litigation, they constitute opinion work product because they reveal nothing more than attorney thought processes and theories.  To read this result, however, exalts form over substance.  First, "[t]he mere selection of otherwise discoverable documents by counsel falls closer to fact work product on the continuum than it does to core opinion work product."  Nutramax Laboratories, Inc., 183 F.R.D. at 466.  See also, Martin Marietta Corp. v. Pollard, 856 F.2d 619, 626 (4th Cir. 1988).  Second, disclosure of fact work product will necessarily reveal information about an attorney's approach to the litigation of the case, so it is never possible to completely insulate an

attorney's thought process from discovery. Id. Third, the work product doctrine is fundamentally designed to protect against disclosure of "pure" mental impressions or opinions of counsel, not records that are themselves subject to discovery. Id.

Unlike this case, the discovery at issue in In re Allen was not commingled with fact. It did not necessarily support either party's contentions or constitute evidence to be proffered at trial, and it did not provide factual information otherwise unavailable. As discussed, supra, EEOC's analysis of LAWL's documents is a mixture of opinion and fact, the results of which EEOC will undoubtedly use at trial and that are therefore critical to LAWL's defense.

EEOC's argument that LAWL wrongly seeks comparator information because of a "misapprehension of the relative burdens of the parties" is flawed because it fails to consider that the Stage I trial of this case addresses not only liability, but also punitive damages. Memorandum in Opposition to Motion at 14. Two important components of the punitive damages analysis are the calculation of actual damages and the egregiousness of LAWL's alleged conduct. To assess damages and conduct, the jury must consider evidence regarding individual claimants' relative qualifications for the job to which they applied. To the extent EEOC intends to pursue punitive damages, comparator information is highly relevant and a significant piece of pre-trial discovery.

Not only is comparator evidence essential to LAWL's defense, but it is unavailable from any source other than EEOC. EEOC contends that the record thus far "suggests subjective, vague and inconsistent selection criteria." LAWL disagrees. Notwithstanding, that contention makes it impossible for LAWL to discern EEOC's comparators through independent document review or any other source. See Memorandum in Opposition to Motion at 11, n.3. Further, comparator information is vital in light of LAWL's rolling admissions system. To the extent

EEOC argues that all class members were not hired because of their gender, EEOC will have to establish that each individual claimant applied to an available position and that an equally or better qualified woman was hired. EEOC hides behind the vagaries of discovery to date to avoid substantively answering LAWL's Interrogatories. EEOC's attempt to use the attorney work product doctrine both as a sword and as a shield to distort the factfinding process should not be countenanced.

### B.     Disclosure of Comparator Information is Not Unduly Burdensome

EEOC's objection to Interrogatory Nos. 32 and 33 as unduly burdensome lacks merit. That the Interrogatories require EEOC to review thousands of documents and draw inferences and conclusions from those documents is of no moment. No doubt EEOC has reviewed the bulk of documents produced in discovery and, to support its claims, already identified female applicants possessing the same or similar employment qualifications as class claimants whom EEOC contends were not hired because of their gender. Information of this nature is discoverable and does not impose any burden upon EEOC beyond that required to support its case that LAWL engages in a pattern or practice of discrimination in hiring.

EEOC's complaint that full answers to the Interrogatories might "require weeks, if not months of full-time attorney work" is similarly unavailing. Not only has EEOC required production of the documents giving rise to comparator information, but it has had nearly ten months within which to answer LAWL's Interrogatories. EEOC's concern over the impending discovery deadline does not obviate its obligations in discovery.

### C.     LAWL's Motion to Compel is Timely

Finally, EEOC argues that LAWL's Motion to Compel Answers to Interrogatories and Document Requests (the "Motion") is untimely. EEOC is wrong. On May 26, 2005, the parties held a conference call to discuss and resolve a number of outstanding discovery issues. Included

among them was LAWL's dissatisfaction with EEOC's May 4, 2005, response to Interrogatory Nos. 32 and 33. In light of the ongoing settlement discussions at that time, LAWL proposed writing a letter specifying the deficiencies in EEOC's response. EEOC acknowledged the existence of a discovery dispute and agreed to await receipt of LAWL's letter. See July 6, 2005, letter to Tracy Hudson Spicer, attached as Exhibit A. On June 20, 2005, LAWL sent EEOC a lengthy letter detailing the ways in which EEOC's discovery response was unsatisfactory. See June 20, 2005, letter to Tracy Hudson Spicer, attached as Exhibit B. Shortly thereafter, EEOC wrote to LAWL that "the Commission has considered your objections and has determined that they are untimely." see July 5, 2005, letter to Aliza R. Karetnick, attached as Exhibit C. That letter precipitated LAWL's July 6 and 20, 2005, correspondence reiterating its request that EEOC provide substantive, fact-specific answers and inviting EEOC to resolve this discovery dispute without burdening the Court. See Exhibit A and July 20, 2005, letter to Tracy Hudson Spicer, attached as Exhibit D. EEOC flatly refused.

Given this set of facts, LAWL's Motion is not untimely. The parties were, by agreement and as permitted by local rule, operating outside the 30-day limitation of Rule 104(8)(a). Further, the parties never agreed upon a deadline by which LAWL was required to serve its Motion. EEOC should not be allowed to evade discovery because of this "good faith misunderstanding"[3] over the proper filing deadline. Memorandum in Opposition to Motion at 7.

---

[3] To obtain the information sought by Interrogatory Nos. 32 and 33, LAWL also requested that EEOC provide a Rule 30(b)(6) designee for deposition. EEOC refused to do so,

## II.     CONCLUSION

For the reasons stated in the Memorandum in Support of Defendant LA Weight Loss Centers, Inc.'s Motion to Compel Answers to Interrogatories and Document Requests and this Reply, LAWL respectfully requests that the Court enter an order directing plaintiff EEOC to answer Interrogatory Nos. 32 and 33.

Respectfully submitted,

_____/s/_____
David E. Landau
Aliza R. Karetnick
Wolf, Block, Schorr and Solis-Cohen LLP
1650 Arch Street - 22nd Floor
Philadelphia, PA  19103
(215) 977-2124

Elizabeth Torphy-Donzella
Bar No. 10809
Shawe & Rosenthal, LLP
20 South Charles Street, 11th Floor
Baltimore, MD  21201
(410) 752-1040

Attorneys for Defendant
LA Weight Loss Centers, Inc.

Date: February 20, 2006

---

arguing that the information sought is protected from disclosure by the attorney work product doctrine and the attorney-client privilege.  That dispute is not yet ripe for the Court's decision and may, in part, be obviated by resolution of this Motion.

## CERTIFICATE OF SERVICE

    I, Elizabeth Torphy-Donzella, hereby certify that I caused a true and correct copy of the foregoing Defendant LA Weight Loss Centers, Inc.'s Reply to EEOC's Opposition to Motion to Compel Answers to Interrogatories and Documents Requests to be served via the Court's electronic filing system and United States Mail, postage pre-paid, upon:

>Ronald L. Phillips
>U.S. Equal Employment Opportunity Commission
>City Crescent Building, 3rd Floor
>10 South Howard Street
>Baltimore, MD  21201

Dated:  February 20, 2006                                      /s/

                                                                        Elizabeth Torphy-Donzella