# EXHIBIT B

# WolfBlock

1650 Arch Street, 22nd Floor, Philadelphia, Pennsylvania 19103-2097
Tel: (215) 977-2000 ■ Fax: (215) 977-2740 ■ www.WolfBlock.com

June 20, 2005

**VIA FAX AND FIRST CLASS MAIL**

Tracy Hudson Spicer
U.S. Equal Employment Opportunity
Commission
Baltimore District Office
10 South Howard Street, 3rd Floor
Baltimore, MD 21201

    Re:    <u>EEOC v. LA Weight Loss Centers, Inc.</u>

Dear Tracy:

    I write regarding EEOC's Answers to Defendant's Fourth Set of Interrogatories to Plaintiff. On April 5, 2005, LA Weight Loss Centers, Inc. ("LAWL") propounded two interrogatories (the "Interrogatories") seeking information relevant to EEOC's claims and LAWL's defenses in this litigation. Specifically, the Interrogatories asked EEOC to identify, among other things, women LAWL interviewed and/or hired that EEOC contends possess the same employment qualifications or background as class members who were not interviewed or hired. On May 4, 2005, EEOC responded to the Interrogatories with boilerplate objections and vague references to documents produced in discovery. EEOC's failure to answer LAWL's Interrogatories is unwarranted and constitutes a clear violation of Federal Rule of Civil Procedure 33, Discovery Guideline 9 and the Discovery Procedures set forth by the Honorable Paul W. Grimm.

    EEOC's primary objection to the Interrogatories is that they seek "information protected from discovery by the attorney work product doctrine" because they encompass "EEOC counsel's mental impressions and opinions regarding the case and the evidence...." LAWL disagrees. The Interrogatories simply ask EEOC to "identify" the women that LAWL interviewed and/or hired possessing the same or similar employment qualifications or background as any class claimant(s). They do not require EEOC to provide its interpretation and opinion of what constitutes "employment qualifications/background." Nor do the Interrogatories require an exposition of EEOC's selection process and comparison of male and female applicants. To the contrary, the Interrogatories seek plain facts supporting EEOC's

PHL:5169881.1/LAW024-158357

Boston, MA ■ Cherry Hill, NJ ■ Harrisburg, PA ■ New York, NY ■ Norristown, PA ■ Philadelphia, PA ■ Roseland, NJ ■ Wilmington, DE
WolfBlock Government Relations - Harrisburg, PA ■ WolfBlock Public Strategies - Boston, MA and Washington, DC
Wolf, Block, Schorr and Solis-Cohen LLP, a Pennsylvania Limited Liability Partnership

Tracy Hudson Spicer
June 20, 2005
Page 2

contention that LAWL discriminated against men in hiring on the basis of gender, which facts EEOC is required to provide irrespective of its objection on the basis of work product.

EEOC also objected to the Interrogatories insofar as they violate the Court's Order Regarding Bifurcation and Discovery (the "Order") by seeking "information related to any and all EEOC claimants" about whom EEOC will not present individualized proof at Stage I. LAWL does not agree that the Interrogatories seek information outside the parameters of the Order. Notwithstanding, EEOC's objection does not warrant a complete failure to answer the Interrogatories substantively. Where, for example, responsive information pertains to the 80 claimants designated for deposition in Stage I discovery, EEOC must answer the Interrogatories. To the extent the Interrogatories touch upon discovery properly reserved for Stage II of this litigation, EEOC can supplement its answers.

Similarly, EEOC's objection that LAWL has not produced responsive information and documents enabling it to completely answer the Interrogatories does not obviate the requirement that EEOC provide fact-specific discovery in support of its contentions. EEOC is in possession of several hundred thousand documents produced in discovery by both parties, and both parties continue to supplement their responses to document requests as discovery continues. EEOC is clearly in possession of sufficient discovery for it to respond, at least in part, to LAWL's Interrogatories. Indeed, Rule of Civil Procedure 33 and Discovery Guideline 9 mandate that EEOC do so.

Further, EEOC's Answers to Defendant's Fourth Set of Interrogatories to Plaintiff refer LAWL generally to job applications, resumes, electronic applications, cover letters, interview notes, pre-screening forms and hiring guidelines already produced in discovery. As EEOC is aware, Discovery Guideline 9(c) does not permit vague or generic allusion to documents. Rather, where answers to interrogatories can be found in or supported by documents, the documents should be referred to specifically. LAWL requests that EEOC identify by bates number the documents it refers to in response to the Interrogatories.

Finally, EEOC objected to the Interrogatories as "unintelligible" and "vague". To the extent EEOC's inability to understand the Interrogatories contributed to its failure to provide fact-specific answers, LAWL proposes that the parties convene a conference call to discuss and clarify the Interrogatories.

Tracy Hudson Spicer
June 20, 2005
Page 3

Do not hesitate to call me if you would like to discuss these issues.

Sincerely,

Aliza R. Karetnick
For WOLF, BLOCK, SCHORR and SOLIS-COHEN LLP

ARK

cc: David E. Landau
Ronald L. Phillips (via fax and first class mail)

PHL:5169881.1/LAW024-158357