**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. WDQ-02-CV-648 |
| LA WEIGHT LOSS, | ) ) | |
| Defendant. | ) ) ) | |

**PLAINTIFF EEOC'S MEMORANDUM IN SUPPORT
OF MOTION FOR PROTECTIVE ORDER**

Pursuant to the Federal Rule of Civil Procedure 26(c), Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") files the instant Memorandum in Support of Motion for Protective Order. For the reasons set forth in this Memorandum, the EEOC respectfully requests that this Court enter an order stating that Defendant LA Weight Loss ("Defendant") may not take the Rule 30(b)(6) deposition of EEOC and its counsel pursuant to Defendant's Notice of Deposition that it served upon EEOC on March 13, 2006.

**I. INTRODUCTION**

On March 13, 2006, Defendant served upon EEOC the Notice of Deposition ("Notice") that is attached to this Memorandum as Exhibit 1. The Notice seeks Fed. R. Civ. P. 30(b)(6) testimony on March 24, 2006, regarding the following subject matter:

1. Facts regarding class claimants in this litigation, including:
   (a) The date(s) on which each claimant applied for employment with LAWL;
   (b) The methods by which each claimant applied for employment;

(c) The position(s) for which each claimant applied;

(d) The availability of the position(s) for which each claimant applied at the time of application;

(e) The person(s) involved in pre-screening, interviewing or otherwise communicating with each claimant about their application;

(f) The employment background each claimant had qualifying them for the position(s) they sought with LAWL;

(g) The person(s) who received an offer of employment from LAWL for the position(s) to which each claimant applied and their employment background and qualifications.

(h) EEOC's contention that each claimant was equally qualified for the position(s) to which he applied as the person(s) selected to fill the position(s).

(i) EEOC's contention that each claimant was not offered employment with LAWL because of his gender and that LAWL's reason(s) for why the claimant was not selected is pretext for discrimination.

2.      Statements, including without limitation declarations and affidavits, made or signed by any current or former employee or agent of LAWL that EEOC contends or would contend is evidence of discrimination against men on the basis of gender.

3.      Former employees with whom EEOC has spoken and/or interviewed and/or received statements, including declarations and affidavits.

4.      LAWL's acts, omissions, practices or policies that EEOC asserts constitute actionable discrimination against men on the basis of their gender in violation of Title VII.

5.      LAWL's acts, omissions, practices or policies that EEOC asserts are evidence of discrimination against men on the basis of their gender in violation of Title VII.

6.      For each year 1997 through the present, the facts underlying EEOC's contention that LAWL's hiring policies and practices are discriminatory.

7.      The pages, portions, sections or paragraphs of LAWL's written employment guides, handbooks, policies, pre-screen forms, interview guides and/or other hiring-related documents that discriminate or have the effect of discriminating on the basis of gender. The written materials subject to this Area of Inquiry include all written employment guides, handbooks, polices, pre-screen forms, interview guides and/or other hiring-related documents created, adopted or used by LAWL for each year 1997 through the present.

Defendant's Notice of Deposition of March 13, 2006 (Exb. 1).

EEOC objects to the Notice on several grounds. Defendant's Notice improperly seeks the testimony of EEOC counsel, who are the only EEOC personnel with the ability to answer questions regarding the foregoing subject matter, and Defendant cannot make any showing of exceptional

circumstances that would justify interrogation of opposing counsel.  Related to this point, the Notice and subject matter set forth therein also improperly intrude upon attorney work product and are unduly burdensome.   Finally, the Notice is over-broad and seeks certain claimant-specific information that is beyond the scope of discovery authorized by the Court's Order Regarding Bifurcation and Scheduling entered on May 25, 2004.

## II.  ARGUMENT

1.    <u>Defendant is improperly seeking deposition of EEOC counsel and cannot make the requisite showing of exceptional circumstances that would justify such examination</u>

The subject matter listed in Defendant's Notice consists of information that is only known to EEOC counsel of record in this case.  The only EEOC personnel with an ability to answer questions related to these subject matter areas are the EEOC attorneys who have been prosecuting this case, a fact inherent in the nature of the subject areas listed, which purport to seek lawsuit contention-related information and factual information that could only be gleaned from a review of the evidence produced during the litigation.  Thus, Defendant's Notice, while couched in terms of a Rule 30(b)(6) deposition of a party, is in reality a notice to depose EEOC counsel.  Numerous federal courts have recognized that under these circumstances the party seeking the Rule 30(b)(6) deposition was, in effect, improperly attempting to obtain testimony of opposing counsel. <u>See</u> <u>FTC v. U.S. Grant Resources, LLC</u>, No.Civ.A. 04-596, 2004 WL 1444951, at *8 (E.D. La., Jun. 25, 2004)(holding Rule 30(b)(6) deposition of FTC improper given that FTC attorneys and persons working under their direction conducted investigation that was subject of deposition notice)(unpublished decision attached to this Memorandum as Exhibit 2); <u>SEC v. Buntrock</u>, 217 F.R.D. 441, 444 (N.D. Ill. 2003)(holding the same regarding notice for SEC testimony about

investigation and resulting allegations in litigation); <u>SEC v. Rosenfeld</u>, No. 97 CIV. 1467 (RPP), 1997 WL 576021, at *2 (S.D.N.Y., Sept. 16, 1997)(same)(unpublished decision attached to this Memorandum as Exhibit 3); <u>EEOC v. HBE Corp.</u>, 157 F.R.D. 465, 466 (E.D. Mo. 1994)(holding same regarding EEOC litigation allegations); <u>United States v. District Council of New York City</u>, No. 90 CIV. 5722 (CSH), 1992 WL 208284, at *5-6, 10 (S.D.N.Y., Aug. 18, 1992)(holding same regarding Justice Department allegations in RICO litigation)(unpublished decision attached to this Memorandum as Exhibit 4).[1]

Thus, Defendant necessarily seeks testimony of EEOC counsel.  Attempts to take the deposition testimony of opposing counsel are disfavored and have long been discouraged. <u>See, e.g.</u>, <u>Theriot v. Parish of Jefferson</u>, 185 F.3d 477, 491 (5th Cir. 1999); <u>Shelton v. American Motors Corp.</u>, 805 F.2d 1323, 1327 (8th Cir. 1986); <u>SEC v. Buntrock</u>, 217 F.R.D. 441, 445 (N.D. Ill. 2003); <u>N.F.A. Corp. v. Riverview Narrow Fabrics, Inc.</u>, 117 F.R.D. 83, 85 (M.D.N.C. 1987).  As one federal court

---

[1]  To the extent Defendant argues that EEOC could simply designate someone other than counsel of record to testify regarding the listed subject matter, the argument is without merit. "[F]rom a practical standpoint the argument fails to pass muster.  Rule 30(b)(6) requires that the responding party make a conscientious good faith effort to designate a person or persons having knowledge of the matters sought by the discovering party and to prepare those persons knowledgeable about the areas noticed so that they can fully, completely and unevasively address the questions posed." <u>U.S. Grant Resources, LLC</u>, 2004 WL 1444951, at *8.  This would require that EEOC counsel testify, or that they undertake the impossible task of manufacturing a witness by selecting an EEOC employee without knowledge (a person with other mission-critical EEOC duties) and attempting to impart upon that person through rote memorization the full universe of EEOC counsel's knowledge about the case so that information can be recited at a deposition, an arrangement which is, in effect, testimony of EEOC counsel.  This is not required under Rule 30(b)(6). <u>See</u> <u>id.</u> at *8; <u>Buntrock</u>, 217 F.R.D. at 444; <u>Rosenfeld</u>, 1997 WL 576021, at *2; <u>RTC v. Kazimour</u>, No. C 92-0188, 1993 WL 13009325, at *3 (N.D. Iowa, Nov. 16, 1993)("Nothing in Rule 30(b)(6) requires a party to 'create' a witness . . . .  While some courts have imposed an obligation on parties to adequately prepare such witnesses, this requirement is not the same as finding persons and educating them as to facts so that they may later be deposed.")(unpublished decision attached to this Memorandum as Exhibit 5).

observed, "[C]ountenancing unbridled depositions of attorneys constitutes an invitation to delay, disruption of the case, harassment, and perhaps disqualification of the attorney." N.F.A. Corp., 117 F.R.D. at 85. Such depositions create a significant risk that even innocent questions will result in intrusion upon work product. E.g., id. at 86-87. Accordingly, a request to depose opposing counsel constitutes good cause for obtaining a Rule 26(c) protective order unless the party seeking the deposition can demonstrate the propriety and need for the deposition. E.g., id. at 86. This requires a showing by the party seeking counsel's deposition that (1) no other method exists to obtain the information in question; (2) that the information sought is relevant and non-privileged; and (3) the information sought is crucial to case preparation. E.g., Shelton v. American Motors Corp., 805 F.2d 1323, 1327 (8th Cir. 1986); Buntrock, 217 F.R.D. at 445; N.F.A. Corp. at 86 (holding party seeking deposition of counsel must show it is only practical means of obtaining information, that the deposition will not invade attorney-client privilege or work product, and information must be relevant and the need for it outweighed by disadvantages in deposing counsel). Defendant cannot make this showing.

2.    Alternative means exist for Defendant to obtain the discovery it seeks

The federal courts have consistently refused to permit Rule 30(b)(6) depositions of counsel or their equivalent, or vitiate attorney work product protections (discussed infra), in cases such as this where there are alternative methods of discovery available to obtain responsive information, such as review of documents produced in discovery, depositions or interviews of witnesses with personal knowledge of the events in question, and other methods. See, e.g., FTC v. U.S. Grant Resources, LLC, No.Civ.A. 04-596, 2004 WL 1444951, at *10 (E.D. La., Jun. 25, 2004); SEC v. Buntrock, 217 F.R.D. 441, 445 (N.D. Ill. 2003); SmithKline Beecham Corp. v. Apotex Corp., No.

98 C 3952, 2000 WL 116082, at *10 (N.D. Ill., Jan. 24, 2000)(unpublished decision attached to this Memorandum as Exhibit 6); In re Independent Serv. Org. Antitrust Litigation, 168 F.R.D. 651, 654 (D. Kan. 1996); EEOC v. HBE Corp., 157 F.R.D. 465, 466-67 (E.D. Mo. 1994); United States v. District Council of New York City, No. 90 CIV. 5722 (CSH), 1992 WL 208284, at *13 (S.D.N.Y., Aug. 18, 1992)("The relevant facts in this case are contained in the documents provided to the defendants and are known by the individuals identified as having first-hand knowledge. Those fact sources can be tapped without the complications and limitations that necessarily flow from depositions of attorneys and their investigators.")

Defendant cannot show that there are no other means to obtain the information at issue. Much of the information Defendant seeks through its Notice can be readily obtained without interrogation of EEOC counsel. For example, Defendant's Notice seeks to conduct interrogation regarding EEOC claimant dates of application, methods of application, availability of jobs at LA Weight Loss at time of application, Defendant personnel involved in reviewing the claimants' candidacies, the claimants' background for the jobs they sought, and persons selected instead of the claimants. See Exb. 1 at ¶ 1(a)-(g). To the extent this information exists, it is already available to Defendant through *its own* business records, such as payroll documents, personnel files, applicant files and organizational charts; through *its own* employees, who made the screening and hiring decisions; and through the deposition testimony of EEOC's claimants who have been designated by both parties as potential Stage I witnesses pursuant to the Court's Order Regarding Bifurcation and Scheduling. Thus, this information is readily available to the Defendant. Indeed, in most cases Defendant has not only an equal ability but a superior ability to ascertain the information it seeks. Unlike Defendant, EEOC has no personal knowledge of these matters nor does EEOC counsel have

the ability to freely interview Defendant's employees to secure necessary information. To require EEOC counsel to give a lengthy recitation of factual information regarding hundreds of EEOC claimants—information that is already reflected in Defendant's records and claimant testimony — is unnecessary, highly inefficient, and unduly burdensome.

Similarly, Defendant has had the ability to review its own business records and the testimony of witnesses and claimants in this case, to depose other witnesses identified by EEOC in its initial disclosures and various supplements to those disclosures, and to interview its own personnel to obtain much of the other information it seeks through its Notice. See Exb. 1 at ¶¶ 1((h) & (i), 4-7 (seeking facts underlying EEOC's case and Defendant hiring documents probative of that case). More importantly, though, the remaining items set forth in Paragraphs 1(h)-7 of the Notice improperly seek attorney work product, a matter discussed more fully below.

3.    Defendant's Notice seeks disclosure attorney work product and is unduly burdensome

Rule 30(b)(6) examination of the EEOC and its counsel regarding the subject matter set forth in Paragraphs 1(h)-7 of the Notice would invade attorney opinion work product. Although Defendant may argue that it is seeking "facts," this would be a highly misleading characterization. The "facts" of this case consist of the testimony, interrogatory answers, and documents (including Defendant's own business records) that have been the subject of extensive discovery. Both parties already have this information. What Defendant seeks are not these facts, but to gain access to the results of EEOC counsel's sifting and analysis of the facts and documents, and selection of witnesses to interview, to determine what potential evidence and potential lines of proof EEOC views as particularly probative or most helpful. In other words, Defendant seeks to determine how EEOC counsel has interpreted the facts and otherwise prepared for trial, and how EEOC counsel intends

to muster the evidence in support of the Government's case.

    A.    <u>Paragraphs 1(h)-(i) and 4-6 seek attorney work product</u>

Paragraphs 1 (h)-(i) and 4-6 are a prime example of this invasion of attorney work product. The EEOC has already stated its claims in its pleadings. Defendant has never asserted or suggested that it did not understand the nature of EEOC's claims. Moreover, the parties have disclosed the identities of persons with relevant knowledge, have taken scores of depositions of such persons and have had several years to interview or depose others, have exchanged documents consisting primarily of Defendant's own business records describing its recruiting, hiring and training activities as well as EEOC's investigative file, and have answered dozens of interrogatories. This factual information is not what Defendant seeks in Paragraphs 1(h)-(i) and 4-6. Rather, it is patent that these proposed areas of inquiry seek to discover the lines of proof EEOC may use to establish its case and inferences to be drawn from evidence already available to Defendant. Interrogation of EEOC counsel regarding their mental impressions of the case and evidence is the inevitable consequence of such a deposition.

Such examination, delving into EEOC counsel's impressions of the case and evidence as well as their legal theories, is highly improper. "[I]t is the selection and compilation of the relevant facts that is at the heart of the work product doctrine." <u>EEOC v. HBE Corp.</u>, 157 F.R.D. 465, 466 (E.D. Mo. 1994). As stated in <u>Hickman v. Taylor</u>, "[p]roper preparation of a client's case demands that he assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference." <u>Hickman</u>, 329 U.S. 495, 511 (1947). In keeping with these principles, numerous federal courts have flatly rejected attempts to take Rule 30(b)(6) testimony regarding subject matter that was the same as, or highly analogous to, the areas of inquiry set forth in Paragraphs 1(h)-(i) and 4-6, finding that such

examination was an improper intrusion into attorney work product. See SEC v. Buntrock, 217 F.R.D. 441, 444-46 (N.D. Ill. 2003)(holding Rule 30(b)(6) deposition notice seeking examination as to facts supporting complaint allegations improperly sought attorney work product and granting protective order); SmithKline Beecham Corp. v. Apotex Corp., No. 98 C 3952, 2000 WL 116082, at *9-10 (N.D. Ill., Jan. 24, 2000)(holding Rule 30(b)(6) deposition notice seeking examination as to facts supporting complaint allegations improperly sought attorney work product and denying motion to compel deposition); SEC v. Rosenfeld, No. 97 CIV. 1467 (RPP), 1997 WL 576021, at *2-3 (S.D.N.Y., Sept. 16, 1997)(holding Rule 30(b)(6) deposition notice seeking examination as to facts supporting complaint allegations improperly sought attorney work product and granting protective order); American Nat'l Red Cross v. Travelers Indemnity Co. of Rhode Island, 896 F. Supp. 8, 13-14 (D.D.C. 1995)(holding corporate designee properly invoked work product doctrine when refusing to answer questions regarding facts and documents contended to be supportive of affirmative defenses); EEOC v. HBE Corp., 157 F.R.D. 465, 466 (E.D. Mo. 1994)(holding Rule 30(b)(6) deposition notice seeking examination as to facts supporting complaint allegations improperly sought attorney work product and granting protective order); United States v. District Council of New York City, No. 90 CIV. 5722 (CSH), 1992 WL 208284, at *3, 11-13 (S.D.N.Y., Aug. 18, 1992)(holding Rule 30(b)(6) deposition notice seeking examination of FBI agent as to facts supporting complaint allegations improperly sought attorney work product and denying motion to compel deposition); SEC v. Morelli, 143 F.R.D. 42, 46-47 (S.D.N.Y. 1992)(holding Rule 30(b)(6) deposition notice seeking examination as to facts supporting complaint allegations improperly sought attorney work product and granting protective order). An attorney's selection and compilation of relevant evidence from the record for possible use on behalf of his/her client is attorney work product and as such is

not discoverable. See, e.g., In re Allen, 106 F.3d 582, 608 (4th Cir. 1997)(holding selection and

compilation of discoverable documents by counsel is opinion work product and not discoverable);

Shelton v. American Motors Corp., 805 F.2d 1323, 1328 (8th Cir. 1986); Sporck v. Peil, 795 F.2d

312, 316-17 (3d Cir. 1985); Berkey Photo, Inc. v. Eastman Kodak Co., 74 F.R.D. 613, 616 (S.D.N.Y.

1977)(holding notebooks containing counsel's ordering of facts was work product).

The District Court's statement of the controlling law in American Nat'l Red Cross v.

Travelers Indemnity Co. of Rhode Island holds equally true in this case:

> Travelers' attorneys, it can be assumed, have spent much of their time culling
> through hundreds of thousands of pages of documents, transcripts, and interrogatory
> responses, in an effort to select and compile the facts and documents relevant to each
> separate affirmative defense— in effect, to marshal the evidence in support of each
> of Travelers' contentions.  These activities are protected from discovery by the work-
> product doctrine.
>
> *          *          *
>
> When ARC's counsel requested of [the designee] a description of the "facts and
> documents which Travelers contends support" each affirmative defense, ARC's
> counsel was asking questions that intruded upon protected work product: in effect,
> what ARC was requesting was insight into Travelers' defense plan.

Id. at 13-14.  Through its Rule 30(b)(6) Notice, Defendant is seeking EEOC's case prosecution plan.

This is attorney work product, and in our adversarial system it is protected from discovery.[2]

---

[2]  Defendant has sought some of the information it wishes to obtain through its Notice via
Interrogatory Nos. 32-33 to EEOC, which request certain information regarding EEOC counsel's
opinions pertaining to potential female comparators.  Defendant has moved to compel answers to
those interrogatories, a motion that is presently pending before the Court. See Defendant's
Motion to Compel Discovery (Document No. 150-1).  EEOC's Memorandum in Opposition to
that Motion (Document No. 146) further discusses EEOC's objections to this line of inquiry.

B.    Paragraphs 2-3 seek attorney work product

Similarly, Paragraphs 2-3 of Defendant's Notice do not seek identification of persons with relevant knowledge, as Defendant already possesses that information via the parties' initial disclosures, other discovery, and its own business records;[3] rather, Defendant desires to interrogate EEOC counsel regarding which persons with relevant knowledge EEOC counsel have decided should be selected for interview in furtherance of EEOC's theory of the case, as well as the results of those interviews including any oral or written statements.  This is clearly attorney work product.

"How a party, its counsel and agents choose to prepare their case, the efforts they undertake, and the people they interview is not factual information to which an adversary is entitled.  Disclosure of this information would inevitably teach defendants which individuals the Government considered more or less valuable as witnesses and how it was preparing for trial." United States v. District Council of New York City, No. 90 CIV. 5722 (CSH), 1992 WL 208284, at *10 (S.D.N.Y., Aug. 18, 1992)(citing cases).  Thus, while the identity of persons with relevant knowledge is not protected from discovery, the identity of persons with relevant knowledge who were selected by counsel for interview is protected by the attorney work product doctrine. See, e.g., Laxalt v. McClatchy, 116 F.R.D. 438, 443 (D. Nev. 1987)(identity of persons with relevant knowledge discoverable, identity of those interviewed reflects attorney trial preparation and is not discoverable); Massachusetts v. First Nat'l Supermarkets, Inc., 112 F.R.D. 149, 153-54 (D. Mass. 1986)(same); Board of Education v. Admiral Heating and Ventilating, Inc., 104 F.R.D. 23, 32 (N.D. Ill. 1984)(same).

Moreover, it is also well-established that witness statements, declarations, affidavits and

---

[3]  The vast majority of persons with relevant knowledge in this case are current or former employees of Defendant.

11

notes of counsel's interviews with witnesses, as well as counsel's recollection of those interviews, are attorney work product, for they provide insight into counsel's theories of the case and intended proof by reflecting counsel's selection of questions, areas of inquiry or emphasis, and matters deemed sufficiently important to be commemorated in a writing or to be retained within counsel's recollection. See, e.g., Hickman v. Taylor, 329 U.S. 495, 512 (1947)(referencing witness statements and memoranda as work product); Upjohn Co. v. United States, 449 U.S. at 383, 399 (1981)("[f]orcing an attorney to disclose notes and memoranda of witness's oral statements is particularly disfavored because it tends to reveal the attorney's mental processes"); EEOC v. Carrols Corp., 215 F.R.D. 46, 51-52 (N.D.N.Y. 2003)("Carrols argument that claimants, not the EEOC, filled out the questionnaires is unavailing.  In Hickman and Upjohn, the Supreme Court afforded such protection to witness statements and such statements are incorporated in questionnaires."); Intel Corp. v. VIA Tech., Inc., 204 F.R.D. 450, 452  (N.D. Cal. 2001)(holding declarations were work product); District Council, 1992 WL 208284, at *7 (stating attorney recollection of witness interviews is protected work product and citing Hickman); United States v. Chatham City Corp., 72 F.R.D. 640, 643 (S.D. Ga. 1976) (holding witness statements taken by FBI agents were work product protected from disclosure).  As for any Defendant argument regarding alleged need, it is without merit.  "It has been the rule at least since Hickman v. Taylor that one party has no right to discovery of material gathered for the purposes of the litigation through the efforts of another party or its counsel when the first party could obtain the same information through its own efforts." H.L. Hayden Co. of New York v. Siemens Medical Sys., Inc., 108 F.R.D. 686, 690 (S.D.N.Y. 1985)(holding transcripts of telephone conversations with third-parties were non-discoverable work product). Defendant has been free to interview and/or depose any former employee it chooses, and it has done

so. This being the case, Defendant cannot claim an inability to obtain the information it seeks by other means. See, e.g., 4 MOORE'S FEDERAL PRACTICE Par. 26.64(3), at 26-369 & n.8 (2d ed. 1984)(where discovery of witness statements is sought, a key consideration is whether the party seeking discovery can interview the witnesses himself); United States v. Chatham City Corp., 72 F.R.D. 640, 643-44 (S.D. Ga. 1976)(substantial equivalent of the witness's statement could be obtained by personal interview, by deposition, or by written deposition); Dingler v. Halcyon Lijn N.V., 50 F.R.D. 211, 212 (E.D. Pa. 1970)(no showing that witness was unavailable for deposition, so production of statement protected by work product was denied). Therefore, a Rule 30(b)(6) deposition regarding these subjects is improper. See SEC v. Rosenfeld, No. 97 CIV. 1467 (RPP), 1997 WL 576021, at *3 (S.D.N.Y., Sept. 16, 1997)(holding examination of SEC investigating attorney regarding witness interviews improper attempt to seek work product); District Council, 1992 WL 208284, at *7.

C.     Paragraph 7 seeks attorney work product

The subject matter set forth in Paragraph 7 of Defendant's Notice also seeks core attorney work product. Here, Defendant does not ask EEOC to identify relevant documents. Instead, Defendant seeks to examine EEOC counsel regarding which of the relevant documents produced in this case—which of Defendant's own business records—demonstrate sex discrimination in violation of Title VII. Thus, Defendant is again not seeking to discover relevant factual evidence, but rather, the results of EEOC counsel's sifting of that evidence to determine which documents, out of the universe of documents produced in the litigation, have particular significance and are, therefore, potential proof at trial. EEOC counsel's efforts in this litigation to comb through a voluminous record for documentary evidence probative of unlawful discrimination, and the results of that sifting

13

of documentary evidence, necessarily reflect counsel's theories of the case and intended lines of proof. In other words, it is work product. The federal courts, including the Fourth Circuit, have consistently held that such information is attorney work product and is not discoverable. See, e.g., In re Allen, 106 F.3d 582, 608 (4th Cir. 1997)(holding selection and compilation of discoverable documents by counsel is opinion work product and not discoverable); Shelton v. American Motors Corp., 805 F.2d 1323, 1328 (8th Cir. 1986)("In cases that involve reams of documents and extensive document discovery, the selection and compilation of documents is often more crucial than legal research.")(citation omitted); Sporck v. Peil, 795 F.2d 312, 316-17 (3d Cir. 1985). In light of this basic principle, the federal courts have also repeatedly refused to allow Rule 30(b)(6) examination of parties or their counsel that calls for testimony identifying the documents produced during the litigation that those parties and their counsel deem probative of claims or defenses. See FTC v. U.S. Grant Resources, LLC, No.Civ.A. 04-596, 2004 WL 1444951, at *3, 9 (E.D. La., Jun. 25, 2004)(denying, on work product grounds, examination of FTC regarding knowledge of ads and which ads reflected deceptive or unfair trade practices); American Nat'l Red Cross v. Travelers Indemnity Co. of Rhode Island, 896 F. Supp. 8, (D.D.C. 1995)(holding corporate designee properly invoked work product doctrine when refusing to answer questions regarding documents contended to be supportive of affirmative defenses); SEC v. Rosenfeld, No. 97 CIV. 1467 (RPP), 1997 WL 576021, at *1, 2-3 (S.D.N.Y., Sept. 16, 1997)(refusing to allow Rule 30(b)(6) examination identifying documents deemed "exculpatory or inculpatory" of the allegations in the complaint); United States v. District Council of New York City, No. 90 CIV. 5722 (CSH), 1992 WL 208284, at *11-14 (S.D.N.Y., Aug. 18, 1992)(refusing to permit Rule 30(b)(6) examination regarding documents that support allegations in complaint).

To the extent Defendant perceives a need to know which of its own business records are probative of discrimination, and it is not already aware of that information through its day-to-day use of those records and its knowledge of its own motives when it created those documents, then it is, of course, free to review them at its convenience. As one District Court that examined this issue and denied Rule 30(b)(6) examination on this subject matter put it:

> There is nothing to suggest that there was some mystery as to the significance of the documents and the only general issue was whether the defendants had the right to require the Government to assume their burden of reviewing the documents produced. I concluded they did not. Judge Haight affirmed that decision, stating: I think the Government has done enough. No Rosetta stone is necessary to unlock their mysteries. Defendant and his counsel can read them and determine which documents pertain to an allegation, and to what degree, directly or indirectly.

District Council, 1992 WL 208284, at *14 (referencing prior ruling refusing to require SEC to categorize voluminous documents by claim allegations to which they related).

D.    Paragraphs 1(h)-7 are unduly burdensome and not authorized by Rule 30(b)(6)

In addition to squarely running afoul of the work product doctrine, and inevitably flowing from that conflict, the subject matter of Defendant's Notice, particularly but not exclusively Paragraphs 1(h)-7, are also unduly burdensome and require EEOC to engage in a massive undertaking not required under Rule 30(b)(6), viz., to marshal all of EEOC's proof, whether it be facts or documents, that support its case. These categories of subject matter would require EEOC counsel to examine the evidence of Defendant's activities since 1997, including hundreds of thousands of documents, hundreds of large data files, and upwards of one hundred transcripts of testimony, and essentially provide Defendant with a road map of EEOC's case that it will present at trial. Apart from the gross intrusion into attorney work product, preparation for such a deposition would be a crushing burden upon EEOC and its counsel. It would likely require months of full-time

attorney work devoted to nothing but preparing for that single deposition.  Again, the federal courts have repeatedly held that apart from work product-related infirmities, such testimony is unduly burdensome and is otherwise not required of a party under Rule 30(b)(6).  See SmithKline Beecham Corp. v. Apotex Corp., No. 98 C 3952, 2000 WL 116082, at *9-10 (N.D. Ill., Jan. 24, 2000)(refusing to allow Rule 30(b)(6) examination regarding factual basis of complaint on basis of undue burden); SEC v. Rosenfeld, No. 97 CIV. 1467 (RPP), 1997 WL 576021, at *4 (S.D.N.Y., Sept. 16, 1997)(same); In re Independent Serv. Org. Antitrust Litigation, 168 F.R.D. 651, 654 (D. Kan. 1996)("Even under the present-day liberal discovery rules, [a party] is not required to have counsel 'marshal all of its factual proof' and prepare a witness to be able to testify on a given defense or counterclaim."); United States v. District Council of New York City, No. 90 CIV. 5722 (CSH), 1992 WL 208284, at *15-16 (S.D.N.Y., Aug. 18, 1992).  "[T]he Rules . . . preclude proponents of discovery from wielding the discovery process as a club by propounding requests compelling the recipient to assume an excessive burden.  Consequently, the recipient to a Rule 30(b)(6) request is not required to have its counsel muster all of its factual evidence to prepare a witness to be able to testify regarding a defense or claim." SmithKline Beecham Corp., 2000 WL 116082, at *9 (internal citations omitted).

4.    Defendant's Notice is over-broad and contrary to Court Order

Finally, Defendant's Notice is overbroad and contrary to this Court's Order Regarding Bifurcation and Scheduling entered on May 25, 2004 (Document No. 89)("Order").  As to the various subject matter set forth in that Notice, the Notice does not limit examination to matters relevant to Stage I issues and the scope of discovery authorized by the Order. See Order at 2-6 (defining permissible issues for Stage I discovery and permissible scope).  Rather, the Notice appears

to seek testimony pertaining to all issues and all EEOC claimants. This is impermissible under the current case structure.

## III.  CONCLUSION

For the foregoing reasons, Plaintiff EEOC respectfully requests that this Court grant its Motion for Protective Order and enter an Order stating that EEOC and its counsel are not required to give deposition testimony regarding the subject matter set forth in Defendant's March 13, 2006, Notice of Rule 30(b)(6) Deposition.

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

JACQUELINE H. MCNAIR
Regional Attorney

GERALD S. KIEL (Bar No. 07770)
Associate Regional Attorney

TRACY HUDSON SPICER (Bar No. 08671)
Supervisory Trial Attorney

CORBETT ANDERSON
Trial Attorney

_____/s/_____
RONALD L. PHILLIPS
Trial Attorney
Baltimore Field Office
City Crescent Building, 3rd Floor
10 South Howard Street
Baltimore, Maryland 21201
Telephone number: (410) 962-4628
Facsimile number: (410) 962-4270/2817

17