

Not Reported in F.Supp.2d                                                                                             Page 1
Not Reported in F.Supp.2d, 2004 WL 1444951 (E.D.La.)
**(Cite as: Not Reported in F.Supp.2d)**

Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,E.D. Louisiana.
FEDERAL TRADE COMMISSION
v.
U.S. GRANT RESOURCES, LLC et al
**No. Civ.A. 04-596.**

June 25, 2004.

Thomas Landers Watson, U. S. Attorney'sOffice, New Orleans, LA, W. David Griggs, Susan E. Arthur, Dallas, TX, for Plaintiff.
Pauline Hardin, Conrad Meyer, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, LA, for Defendants.
Isabel Barback Wingerter, Louisiana Department of Justice, Baton Rouge, LA, for Movant.

ORDER AND REASONS
KNOWLES, Magistrate J.
**\*1** Before the Court is the Federal Trade Commission's Motion to Quash Rule 30(b)(6) Notice of Deposition of the Plaintiff and for Protective Order. The defendants filed formal opposition. On this date, the matter was the subject of an expedited telephone hearing, following which the matter was submitted for determination. For the following reasons, the plaintiff's Motion to Quash and for Protection is GRANTED.

BACKGROUND

On March 2, 2004, the Federal Trade Commission (FTC) brought this action under § 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), against defendants, U.S. Grant Resources, LLC, National Grants, LLC, John B. Rodgers and Laurel A. Rodgers, to secure a permanent injunction, rescission of contracts and restitution, disgorgement of ill-gotten gains, and other equitable relief. The FTC alleges that the defendants engaged in deceptive acts or practices in connection with the advertising, marketing and sale of grant procurement services in violation of § 5(a) of the FTC Act.

The complaint alleges that since September 2001, in the course of marketing grant procurement services to consumers throughout the United States for fee, the defendants advertise "FREE GRANTS Never Repayacceptance guaranteed. Government and private sources $500-$500,000...." When consumers respond and answer questions purportedly to determine eligibility for a grant, they are told that they are grant eligible for a particular purpose, but must pay a one-time processing fee ranging from $95 to $199 for the company's services, which include finding a source for the grant and sending them the appropriate application package. Consumers who inquire about a refund are allegedly told that the grant is guaranteed and that they can obtain a refund. Many consumers agree to pay the fees by electronic bank draft. Thereafter, consumers are not sent an application package. Instead, they are sent a list of agencies or foundations to which the consumer must write to request funding. Many of the sources identified do not offer grants to individuals and some provide assistance only to non-profit organizations. Defendants' package allegedly provides details of a refund policy which imposes conditions and restrictions not previously disclosed and which are difficult, if not impossible, to meet.

The FTC alleges that the defendants' representations are false and misleading in violation of § 5(a) of the FTC Act, which deceptive practices cause monetary loss to consumers and harm the public interest. The FTC submits that few, if any, refunds were ever made. They further allege that the defendants' ill-practices are widespread and have caused substantial consumer losses nationwide. The FTC has previously advised that the loss to consumers has been preliminarily been valued at over $3,000,000.00.

At the outset, the FTC's request for a temporary

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                                           Page 2
Not Reported in F.Supp.2d, 2004 WL 1444951 (E.D.La.)
**(Cite as: Not Reported in F.Supp.2d)**

restraining order was granted. The district judge also granted the FTC's motion for preliminary injunction, together with an asset freeze, which is presently in effect and shall remain in effect through the completion of trial presently set to commence next on July 26, 2004. *See* Order dated April 23, 2004 [Rec. Doc. No. 40].

**\*2** The parties have appeared before the Court on multiple occasions, most recently regarding a Motion to Quash Subpoena Duces Tecum, seeking production of copies of the defendants' own documents, which was denied. The final pre-trial conference is imminent, *i.e.,* July 8, 2004, and the trial is set to commence on July 26, 2004.

CONTENTIONS OF THE PARTIES

Pursuant to Fed.R.Civ.P. 26(c), the FTC has moved for a protective order striking the defendants' Rule 30(b)(6) Notice of Deposition of the Federal Trade Commission. Plaintiff asserts that, although defendants do not meet any of the criteria for taking the deposition of plaintiff's counsel, they seek the testimony of the Commission's counsel or someone acting under their direction. Further, it is alleged that defendants seek protected work product and communications shielded from disclosure by the deliberative process privilege. Additionally, the plaintiff contends that some of the areas of inquiry are irrelevant.

Regarding the twenty-four areas of inquiry identified by the defendants, plaintiff asserts that only the Commission's trial attorneys have information regarding item numbers 1-4, 6-11, and 13-15. The FTC further argues that item numbers 5, 12, and 16-24 call for testimony relating to FTC policy and procedure invoked in the process of the investigation which presaged the instant claims, all of which it submits is protected from disclosure. Plaintiff notes that it has urged defendants to withdraw their notice and that it has furthered offered to answer numbers 1-4, 6-10, and 13-15 *via* Deposition upon Written Questions, and to provide relevant portions of the FTC Operating Manual for numbers 5, 12, and 16-24, to no avail. The FTC submits that the alternative is sufficient to provide the defendants with the relevant underlying facts necessary to defendant against this case. The FTC contentions regarding the noticed areas of inquiry are addressed serially below.

*Specifications 1-4, 6-11, and 13-15*

The FTC submits that the aforestated areas of inquiry are improper. The plaintiff argues that they are designed to illicit information about plaintiff's case which could only be supplied by trial counsel and that defendants fail to justify such a deposition. The specifications are set forth below:

Specification # 1: "The names of the persons who took or gathered the consumer complaints against the Defendants listed in the FTC's Response to Interrogatories Nos. 9, 10, 14, 15(a), (b) and (c) or produced by the FTC in discovery."

Specification # 2: "The gathering of the complaints against the Defendants listed in the FTC's Response to Interrogatories Nos. 9, 10, 14, 15(a), (b) and (c) or produced by the FTC in discovery from various state and federal regulatory agencies or Better Business Bureas, including the dates of contact."

Specification # 3: "The FTC's procedures and actions in taking the affidavits of the consumers listed in the FTC's Response to Interrogatories Nos. 9 and 14."

**\*3** Specification # 4: "The FTC's procedures and actions in taking the complaints of the consumers listed in the FTC's Response to Interrogatories Nos. 10, 15(a), (b) and (c) and any other consumer complaints against Defendants, including the dates of contact."

Specification # 6: "All actions the FTC took to determine the accuracy of the consumer complaints listed in the FTC's Response to Interrogatories Nos. 10, 15(a), (b) and (c) and any other consumer complaints against the Defendants."

Specification # 7: "All actions the FTC took to determine the accuracy of the consumer complaints listed in the FTC's Response to Interrogatories Nos. 9 and 14."

Specification # 8: "All information in the possession of the FTC that customers who purchased services from the Defendants received grants and the FTC's knowledge of any inquiry made to determine whether grants were given to customers who purchased services from the Defendants."

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                    Page 3
Not Reported in F.Supp.2d, 2004 WL 1444951 (E.D.La.)
**(Cite as: Not Reported in F.Supp.2d)**

Specification # 9: "The FTC's knowledge of which ad was seen by each customer listed in the FTC's Response to Interrogatories Nos. 9, 10, 14, 15(a), (b) and (c) or by any other customer listed in the documents produced by the FTC in discovery."

Specification # 10: "The FTC's knowledge of the ads placed by Defendants and an explanation of what portion of the ads listed in the FTC's Response to Interrogatory No. 19 was unfair or deceptive and how."

Specification # 11: "All contacts by the FTC with any newspaper or other similar news outlet which the FTC contends published any of Defendant's ads, or with any middlemen who placed the ads for the Defendants."

Specification # 13: "An explanation of the actual damages and/or restitution the FTC contends each customer listed in the FTC's Response to Interrogatories Nos. 9, 10, 14, 15(a), (b) and (c) or produced by the FTC in discovery sustained and the reasons for their inclusion in the calculation."

Specification # 14: "The formula and/or calculation for any additional damages and/or restitution and/or equitable relief the FTC claims on behalf of consumers and an explanation of the basis of the formula and/or calculation."

Specification # 15: "The name of the person(s) who made the determination/calculation as to restitution and/or damages to the consumers and/or the equitable relief sought."

Plaintiff argues that the only FTC employees who have the information sought above are its trial counsel. Such depositions are only permitted in limited circumstances, namely
(1) where no other means exists to obtain the information,
(2) the information is relevant and nonprivileged, and
(3) the information is crucial to the preparation of the case.

Plaintiff's citations of authority for the foregoing include *Shelton v. American Motors Corp.,* 850 F.2d 1323, 1327 (8th Cir.1986) and *Nguyen v. Excel Corp.,* 197 F.3d 200, 208 (5th Cir.1999). The FTC submits that the defendants have failed to satisfy any of the criteria. In particular, the plaintiff highlights that factual information responsive to these areas of inquiry could be satisfied by responses to a deposition upon written questions. Such format would obviate the potential for delving into the deliberative process and trial counsel's impressions and theories of the case. Further, plaintiff contends that most of the factual information has already been provided in response to previous interrogatories and requests for production.

**\*4** Plaintiff contends that areas of inquiry numbered 1, 2, and 11 are not related to a claim or defense nor are they reasonably calculated to lead to relevant information; as such, items 1 (names of persons who gathered complaints), 2 (the gathering of complaints), and 11 (contacts with newspapers) are not relevant.

The plaintiff argues that a Rule 30(b)(6) deposition is not crucial to their defense. The FTC suggests that the defendants have availed themselves of this mode of discovery in an attempt to crawl into the mind's eye of plaintiff's counsel and tap into opinion work product. Essentially, the requests require that counsel retrace the steps taken in the process of their investigation and evaluation of claims at issue. Simply stated, the FTC urges the Court to close the "back door" as the defendants are not otherwise entitled to discovery of counsel's opinion, work product or the deliberative process. The plaintiff highlights that counsel's choices, counsel's arrangement of factual material upon which the claims are based, and information as to how the particular documentation in this case was compiled in preparation for litigation necessarily reveals the attorney's thought processes and his theories of the case or mental impressions *i.e.,* protected work product and the deliberative process.

*Specifications 5, 12, and 16-24*

Regarding this second grouping of specifications, the FTC argues that it calls for testimony relating to its policies and procedures, protected under the deliberative process and work product privileges.

Specification # 5: "The FTC's policy and procedure for determining the accuracy of consumer complaints regarding an alleged business' misleading or deceptive practices."

Specification # 12: "The FTC's policy and procedure

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                          Page 4
Not Reported in F.Supp.2d, 2004 WL 1444951 (E.D.La.)
**(Cite as: Not Reported in F.Supp.2d)**

for calculating damages for alleged aggrieved consumers by a businesses misleading or deceptive advertising."

Specification # 16: "The Federal Trade Commission's policy and procedure regarding investigation of businesses for unfair and deceptive advertising."

Specification # 17: "The FTC's Policy and procedure for evaluating a business ad to determine if it is unfair or deceptive."

Specification # 18: "The FTC's policy and procedure for interviewing consumers who have allegedly been aggrieved by a business for unfair and deceptive practices."

Specification # 19: "The FTC's policy and procedure for determining whether or not to file an injunction against a business for allegedly misleading and deceiving the public."

Specification # 20: "The FTC's policy and procedure for gathering evidence to determine if a business entity is misleading or deceiving the public."

Specification # 21: "The FTC's policy and procedures for procuring and handling consumer complaints after a business has been ordered to cease and desist from a TRO filed by the FTC."

Specification # 22: "The FTC's policy and procedure regarding the handling of consumer complaints received from various agencies across the country."

**\*5** Specification # 23: "The FTC's policy and procedure for settling consumer complaints on behalf of other government agencies across the country."

Specification # 24: "The FTC's policy and procedure for placing a business or entity on notice of a potential violation of Section 5 of the FTC act."

The FTC submits that the deliberative process privilege encompasses traditional attorney-client privilege and work-product privilege, and also provides an executive deliberative process privilege, designed to protect pre-decisional internal memoranda from public disclosure. See *Maricopa Audubon Society v. U.S. Forest Service,* 108 F.3d 1089, 1092 (9th Cir.1997). In order to qualify, a document must be both pre-decisional (prepared in order to assist agency decision maker in arriving at a decision) and deliberative (actually related to the process by which policies are formulated). *Id.*

Further, plaintiff asserts that the testimony regarding FTC policy and procedure contains mental impressions, interpretations, thoughts, and opinions, all protected by the work product privilege. Plaintiff contends that the policy, which is truly the focus of these areas of inquiry, is how the formal policy was actually applied in practice to the facts which the Commission's investigation revealed in this case, *i.e.,* subjects of both the work product and deliberative process privileges. Plaintiff argues that any discovery beyond the relevant portions of the FTC's Operating Manual is therefore privileged and that plaintiff should not be compelled to produce a witness to testify regarding their application to this particular investigation and litigation.

*Specifications 1, 2, 11, 16, 19, 21-24*

Plaintiff argues that Specifications 1, 2, 11, 16, 19, and 21-24 are clearly irrelevant since they do not address the claims or defenses in this matter.

Defendants argue generally that the FTC's objection to literally every area of inquiry is frivolous and that their attempt to hide behind privilege is without merit. Additionally, the defendants specifically argue four points, enumerated below:

*(1) The Accuracy and Authenticity of Declarations.* Defendants note that the FTC filed an FRE 807 Notice of Intent to use declarations in lieu of live witnesses. Defendants argue that in order to have a fair opportunity to meet this evidence it must depose the FTC.

Defendants note that these declarations are hearsay and that they have evidence which conficts with testimony in each consumer declaration. Defendants highlight that of the 388 consumer complaints identified, only 13 consumers provided declarations. The balance are attached to declarations by individuals working for other regulatory agencies (i.e., hearsay within hearsay). Essentially, defendants submit that plaintiff is attempting to offer these as proof for the truth of the matter asserted; however, it refuses to engage in discovery regarding the authenticity, identity, genuineness or accuracy of the statement, which is a

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                              Page 5
Not Reported in F.Supp.2d, 2004 WL 1444951 (E.D.La.)
**(Cite as: Not Reported in F.Supp.2d)**

condition precedent to admissibility.

**\*6** Defendants contend that the most economical way for them to determine the trustworthiness of the declarations, particularly the consumer complaints, is a 30(b)(6) deposition and that FRE 807 specifically provides that the notice of intent is necessary to provide defendants a "fair opportunity to meet" the evidence.

Defendants argue that trial counsel could not have been acting as "trial counsel" during the taking of consumer complaints and cannot claim a privilege as to factual information gathered at that time.

*(2) Plaintiff cannot choose the Defendants Mode of Discovery.* Defendants highlight that the plaintiff has objected on the basis that trial counsel is the only person knowledgeable and capable of addressing the areas of inquiry. Nevertheless, plaintiff offers to answer questions 1, 2,3, 4, 6, 7, 8, 9, 10, 13, 14 and 15 *via* Deposition upon Written Questions as well as provide the defendants with the relevant portions of the FTC's operating manual in response to 5, 12, 16 to 24. Defendants cite *Muzak Corp. v. Muse-Art Corp., 16 F.R.D. 172, 173 (E.D.Pa.1954)* for the proposition that a party himself, not his adversary, has the right to invoke any one or more of the pre-trial discovery procedures set forth in the federal rules. Essentially, the defendants submit that, if the plaintiff has agreed to respond by written deposition, then there exists no good reason why the FTC should not respond in Rule 30(b)(6) format, *i.e.,* an oral deposition.

Additionally, defendants argue that, because the plaintiff has agreed to answer the questions in writing, the FTC cannot now claim privilege.

*(3) A 30(b)(6) deposition of the FTC is the most cost-efficient and expedient mode of obtaining factual information necessary to defend against the FTC's claims.* Defendants note that they have audio tape recordings of each of the consumers that contradicts their oral declarations. In the usual case, the defendants claim that they would depose each and every consumer regarding the accuracy of their complaints; however, that is impossible because consumers are spread out all over the United States, this case is on the fast track to trial in one month, the 30(b)(6) is the most efficient way to proceed, and the district judge has instructed the parties to minimize the costs of litigation.

*(4) The FTC cannot claim privilege for factual information.* Defendants note that a main issue in the case is the trustworthiness of the consumer complaints and questions 1, 2, 3, 4, 6, 7, 8, 9, 10, 11, 13 and 15 all center around the facts regarding same, *i.e.,* names of investigators, actual gathering of complaints, procedures for taking affidavits, the procedures in taking complaints, actions used to determine accuracy of the complaints, any knowledge FTC has regarding consumers who received grants, information regarding ads defendants placed, contacts with newspapers that published ads, explanation of damages, formula for calculation of damages, and names of people who calculated damages. Defendants contend that these questions do not seek mental impressions or opinions but rather merely the facts that support the consumer declarations.

**\*7** As to questions 5, 12, 16 to 24, defendants explain that they seek FTC policy and procedure regarding actions surrounding the case. Because the FTC has already agreed to provide defendants with copies of the FTC operating manual, plaintiff's argue that they cannot now claim privilege regarding the same information.

The defendants highlight that they have provided their depositions and answered all of the discovery addressed by the FTC, and yet, the "FTC has been asked to provide ONE DEPOSITION" which "goes squarely to the issue of the admissibility and trustworthiness of their evidence," but they have refused to comply. *See* Defendant's Opposition at p. 8. Because the FTC chose to proffer evidence pursuant FRE 807, the defendants urge the Court to find that they are entitled to a fair opportunity to meet that evidence and to avail themselves of Rule 30(b)(6) in that effort.

APPLICABLE LAW

Discovery

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                          Page 6
Not Reported in F.Supp.2d, 2004 WL 1444951 (E.D.La.)
**(Cite as: Not Reported in F.Supp.2d)**

Under the Federal Rules of Civil Procedure, "parties may obtain discovery regarding any matter, not privileged that is relevant to the claim or defense of any party...." Fed.R.Civ.P. 26(b)(1). "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Discovery is essential trial preparation in that it is the proper vehicle by which parties may avail themselves of all of the relevant facts, a necessary prerequisite to streamlining the trial such that it addresses only issues in dispute, eliminating surprise and promoting settlement of the claims, if such a resolution is possible.

### Rule 30(b)(6)

A party seeking a Rule 26(c) protective order prohibiting deposition testimony or document production must establish good cause and a specific need for protection. *Landry v. Air Line Pilots Association,* 901 F.2d 404, 435 (5th Cir.1990). "Good cause" exists when justice requires the protection of "a party or person from annoyance, embarrassment, oppression, or undue expense." Fed.R.Civ.P. 26(c). The burden is upon the movant to prove the necessity of a protective order. If both of the aforesaid requirements are met, the court may "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden and expense." Fed.R.Civ.P. 26(c).

### Work-Product Doctrine

The federal work-product doctrine is codified in Federal Rule of Civil Procedure 26(b)(3), which states: Trial Preparation Materials: Subject to the provisions of subdivision (b)(4) of this rule a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of mental impressions, conclusions, opinions, legal theories of an attorney or other representative of a party concerning the litigation.

**\*8** Fed.R.Civ.P. 26(b)(3). The work product doctrine provides qualified protection of documents and tangible things prepared in anticipation of litigation, including "a lawyer's research, analysis of legal theories, mental impressions, notes, and memoranda of witnesses' statements." *Dunn v. State Farm Fire & Casualty Co.,* 927 F.2d 869, 875 (5th Cir.1991) (*citing Upjohn Co. v. United States,* 449 U.S. 383, 400, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981)).

The party who asserts work-product protection must show that the materials warrant such protection. *Hodges, Grant & Kaufmann v. United States,* 768 F.2d 719, 721 (5th Cir.1985). Four criteria must be met to invoke work product protection, to wit:

(1) the materials must be documents or tangible things;

(2) materials must be prepared in anticipation of litigation;

(3) materials must be prepared by or for a party's representative; and

(4) if the party seeks to show that material is opinion work product, that party must show that the material contains the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party. Fed.R.Civ.P. 26(b)(3); *see also In re Kaiser Aluminum & Chemical Co.,* 214 F.3d 586, 593 (5th Cir.2000); *In re International Systems and Controls Corp. .,* 693 F.2d 1235, 1240 (5th Cir.1982); *Nutmeg Insurance Co. v. Atwell, Vogel & Sterling,* 120 F.R.D. 504, 508-509 (W.D.La.1988).

If a party proves that materials merit work product protection, the party seeking discovery must demonstrate why, in any event, those materials must be

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

produced by showing that (1) a substantial need of the materials in the preparation of the party's case and (2) the inability, without undue hardship, of obtaining the substantial equivalent. *See Nutmeg Ins. Co.,* 120 F.R.D. at 508-509.

Deliberative Process Privilege

The deliberative-process privilege itself applies to "communications which are *predecisional* that is, generated before the adoption of agency policy, and *deliberative,* that is, reflecting the give-and-take of the consultative process." As the Fifth Circuit has stated of the common law version of the privilege, it is based on the reasoning that "certain governmental processes related to legal and policy decisions ... cannot be carried out effectively if they must be carried out under the public eye." *Branch v. Phillips Petroleum,* 638 F.2d 873, 881-82 (5th Cir.1981); *see also Kinoy v. Mitchell,* 67 F.R.D. 1, 11 (S.D.N.Y.1975) (privilege exists to protect "free expression, integrity and independence of those responsible for making the determinations that enable government to operate").

The deliberative process privilege is not limited to deliberations memorialized in writing. *In re Agent Orange Litigation,* 97 F.R.D. 427, 434 (E.D.N.Y.1983). Thus, the privilege would also bar inquiry by the defendants by means of any discovery tool, whether by interrogatory or deposition or otherwise, into the evaluations, expressions of opinions and recommendations on policy matters or matters essential to the deliberations within the agency in this matter. Allowing inquiry into these matters by a mode of discovery other than Rule 34 would sanction obtaining through the back door what the plaintiffs are not entitled to acquire through the front. This privilege protects advice, recommendations, and opinions that are part of the deliberate, consultative, decision-making processes of the government.

ANALYSIS

**\*9** The defendants' notice would require the FTC to identify and produce for deposition a person who could testify on the commission's behalf and is knowledgeable as to the twenty four matters the notice delineates. The matters enumerated basically involve the results of the FTC's investigation of the allegations set forth above, the roles and identification of FTC employees involved in the investigation, the extent of FTC reliance on work product of various employees, the policies and procedures invoked in this particular investigation, *inter alia.*

Having reviewed the parties' submissions, record and the applicable law and considering the argument of counsel, the Court finds that the 30(b)(6) notice is an inappropriate attempt to depose opposing counsel and to delve into the theories, opinions and mental impressions of FTC attorneys. The defendants claim that they do not necessarily seek to depose trial counsel or to discover mental impressions and opinions. The Court observes that it is technically true that the FTC may designate any person under Rule 30(b)(6); however, from a practical standpoint the argument fails to pass muster. Rule 30(b)(6) requires that the responding party make a conscientious good faith effort to designate a person or persons having knowledge of the matters sought by the discovering party and to prepare those persons knowledgeable about the areas noticed so that they can fully, completely and unevasively address the questions posed.

The investigation in this matter was conducted by FTC attorneys and by FTC employees working under the direction of attorneys. Thus, the 30(b)(6) notice necessarily involves the testimony of one or more attorneys assigned to the case or it requires the FTC's attorneys to prepare other witnesses to testify. In *S.E.C. v. Rosenfeld,* 1997 WL 576021 (S.D.N.Y.1997), the court found that this amounted to an attempt to depose the adversary's attorney, because even if a non-attorney witness were designated, the designee would have to be prepared by those who conducted the investigation and that preparation would include disclosure of the SEC attorneys' legal and factual theories. Most notably, the *Rosenfeld* court commented:

Although defendant is correct that a Rule 30(b)(6) witness is not required to have firsthand knowledge, and that discovery should be conducted as efficiently as possible, the notice of deposition clearly calls for the

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                           Page 8
Not Reported in F.Supp.2d, 2004 WL 1444951 (E.D.La.)
**(Cite as: Not Reported in F.Supp.2d)**

revealing of information gathered by the SEC attorneys in anticipation of bringing the instant enforcement proceedings, and if forced to designate witnesses to testify fully and completely concerning the matters described in the notice of deposition, testimony of the SEC attorneys conducting the investigation would be necessary.

Rosenfeld, 1997 WL 576021 at *2. See also S.E.C. v. Buntrock, 217 F.R.D. 441, 444 (N.D.Ill.2003); S.E.C. v. Morelli, 132 F.R.D. 42 (S.D. N. Y.1992).

This Court has considered the cases cited by the defendants, i.e., Goldberg v. Raliegh Manufacturers, Inc., 28 F.Supp. 975, 977 (D.Ma.1934); Muzak Corp. v. Muse-Art Corp., 16 F.R.D. 172, 173 (E.D.Pa.1954). Both were decided decades before Rule 30(b)(6) was enacted. Neither one of those cases dealt with the appropriate subject matter for a deposition of an employee who had learned certain facts from an entity's attorney or the deposition of a party's attorney. The cases of Nguyen v. Excel Corp., 197 F.3d 200 (5th Cir.1999), Shelton v. American Motors Corp., 805 F.2d 1323 (8th Cir.1986), S.E.C. v. Rosenfeld, 1997 WL 576021 (S.D.N.Y.1997) and SEC v. Morelli, 143 F.R.D. 42 (S.D.N.Y.1992) are far more informative. Here, we are dealing with the results of an attorney-conducted and directed consumer fraud (law enforcement) investigation. See S.E.C. v. Buntrock, 217 F.R.D. 441, 444 (N.D.Ill.2003). After considering the "specifications" set forth in the defendants' Rule 30(b)(6) notice, the Court concludes that this mode of discovery is intended to ascertain how the FTC intends to marshal its facts, documents and other evidence and to discern the deliberations, mental impressions and/or thought processes upon which this action was predicated.

*10 The notice at issue seeks either the deposition of opposing counsel or the practical equivalent thereof. Courts in this and other districts generally take a critical view of such a tactic. See Nguyen, 197 F.3d at 209; Shelton, 805 F.2d at 209; Johnstone v. Wabick, 220 F.Supp.2d 899 (N.D.Ill.2002); Marco Island Partners v. Oak Development Corp., 117 F.R.D. 418 (N.D.Ill.1987). While there is no "blanket immunity" that exempts attorneys from being deposed, the aforesaid jurisprudence acknowledges that it presents a unique opportunity for harrassment. Indeed, one court observed that, "because deposition of a party's attorney is usually both burdensome and disruptive, the mere request to depose a party's attorney constitutes good cause for obtaining a Rule 26(c), Fed.R.Civ.P., protective order unless the party seeking the deposition can show both the propriety and the need for the deposition." N.F.A. Corp. v. Riverview Narrow Fabrics, Inc., 117 F.R.D. 83, 85 (M.D.N.C.1987).

The defendants do not argue that the there is no other means to obtain the information sought and, under the circumstances of this case, this Court is not persuaded that the defendants have the right to choose Federal Rule of Civil Procedure 30(b)(6). During the past two months, a formidable amount of reciprocal discovery has occurred and the Louisiana Attorney General's Office has been directed to comply with defendants' subpoena requiring the reproduction of multiple boxes of documents and other materials. Relevant facts are certainly available in the materials produced and the defendants' opposition memorandum admits as much. Additional facts, if that is what the defendants are truly after, are available elsewhere and by other means. Throughout the defendants' memorandum in opposition, the argument is that they are entitled to discovery of the facts relevant to their defense to various consumer declarations and to the FTC's claims. However, a close reading reveals that defendants seek to discover the FTC's theories as to the underlying facts, the extent of the FTC's knowledge (how much it knows and how much it does not know) as a result of the investigative efforts of its attorneys, counsel's impressions regarding the significance of the facts, the nature of the FTC's work product, the FTC's legal position and how it arrived at that position. The defendants are not entitled to that type of discovery for reasons previously stated.

The work product doctrine protects not only materials prepared by a party, but also materials prepared by a representative of a party, including attorneys, consultants, agents, or investigators. Nobles, 422 U.S. at 228; see also Fed.R.Civ.P. 26(b)(3). In United States v. Nobles, 422 U.S. 225, 95 S.Ct. 2160, 45 L.Ed.2d 141 (1975), the Supreme Court explained:
At its core, the work-product doctrine shelters the

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                                    Page 9
Not Reported in F.Supp.2d, 2004 WL 1444951 (E.D.La.)
**(Cite as: Not Reported in F.Supp.2d)**

mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case. But the doctrine is an intensely practical one, grounded in the realities of litigation in our adversarial system. One of those realities is that attorneys often must rely on the assistance of investigators and other agents in the compilation of materials in preparation of trial. It is therefore necessary that the doctrine protect material *prepared by agents for the attorney* as well as those prepared by the attorney himself.

**\*11** *Nobles,* 422 U.S. at 238-39 (emphasis added).

Absent a showing of *compelling* need *and* the inability to discover the substantial equivalent by other means, work product evidencing mental impressions of counsel, conclusions, opinions and legal theories of an attorney are not discoverable. See *Conkling v.. Turner,* 883 F.2d 431, 434-35 (5th Cir.1989); *In Re Grand Jury Proceedings,* 219 F.3d 175, 190 (2nd Cir.2000); *Varel v. Banc One Capitol Partners, Inc.,* 1997 WL 86457 (N.D.Tex.) (Boyle M. J.). Indeed, opposing counsel may rarely, if ever, use discovery mechanisms to obtain the research, analysis of legal theories, mental impressions, and notes of an attorney acting on behalf of his client in anticipation of litigation. See *Dunn v. State Farm Fire & Casualty Co.,* 927 F.2d 869, 875 (5th Cir.1991); *Hodges, Grant & Kaufmann v. United States,* 768 F.2d 719, 721 (5th Cir.1985). Moreover, a document does not lose its privilege status merely because its contains factual information. See *High Tech Communications, Inc. v. Panasonic Co.,* 1995 WL 45847 at \*6 (E.D.La., Feb.2, 1995). As aforestated, the deliberative process privilege encompasses the work-product privilege, as well as the traditional attorney-client privilege, and also provides an executive deliberative process privilege. See *Maricopa Audubon Society,* 108 F.3d at 1092. Additionally, the deliberative process privilege is not limited to deliberations memorialized in writing. *In re Agent Orange Litigation,* 97 F.R.D. at 434.

There is one additional matter this Court must address. It appears that the defendants contend that the FTC's agreement to provide factual responses to certain enumerated specifications, but in the format of a response to either interrogatory requests or a deposition upon written question, somehow constitutes subject matter waiver. More particularly, defendants suggest that because the FTC has agreed to provide its Operating Manual, the commission has waived all of the protections afforded with respect to the policies and procedures as applied or invoked with respect to the investigation at issue in this case. Courts have consistently held that there exists no subject matter waiver for the kind of work product expressly defined in Fed.R.Civ.P. 26(b)(3) as "the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of a party concerning the litigation," *i.e.,* "opinion" work product. As to the FTC's agreement to provide responses consisting of factual knowledge only, waiver is not implicated, because the facts alone are not subject to any privilege.

For the foregoing reasons, the FTC is entitled to the protective order it seeks and the defendants' Rule 30(b)(6) notice must be quashed. Accordingly,

IT IS ORDERED that the FTC's Motion for Protective Order and to Quash Defendants Rule 30(b)(5) Deposition Notice is GRANTED.

IT IS FURTHER ORDERED that, pursuant to the agreement of the FTC, it shall respond to specifications numbered 1-4, 6-10, and 13-15 *via* Deposition upon Written Questions, and shall further provide relevant portions of the FTC Operating Manual for in response to specifications numbered 5, 12, and 16-24.

E.D.La.,2004.
F.T.C. v. U.S. Grant Resources, LLC
Not Reported in F.Supp.2d, 2004 WL 1444951 (E.D.La.)

Briefs and Other Related Documents (Back to top)

• 2:04CV00596 (Docket) (Mar. 02, 2004)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.