

Not Reported in F.Supp.                                                                                    Page 1
Not Reported in F.Supp., 1997 WL 576021 (S.D.N.Y.), Fed. Sec. L. Rep. P 90,116
**(Cite as: Not Reported in F.Supp.)**

▷
Briefs and Other Related Documents

United States District Court, S.D. New York.
SECURITIES AND EXCHANGE COMMISSION,
Plaintiff,
v.
Simon M. ROSENFELD, Terry D. Kochanowski, and
John F. Yakimczyk, Defendants.
**No. 97 CIV. 1467 (RPP).**

Sept. 16, 1997.

David G Rizzo, Esq., Securities and Exchange
Commission, New York, NY, Counsel for Plaintiffs.
Shatzkin & Reiss, New York, NY, By Howard Reiss,
Esq., Counsel for Defendants.

OPINION AND ORDER
PATTERSON, D.J.
**\*1** On July 25, 1997 plaintiff Securities and Exchange
Commission ("SEC") received a notice of deposition
from defendant Simon M. Rosenfeld ("Rosenfeld")
requiring the SEC to designate a witness or witnesses to
testify on its behalf pursuant to Rule 30(b)(6) of the
Federal Rules of Civil Procedure on August 25, 1997,
concerning:

(1) all communications between the SEC and Herbert
M. Jacobi (Item 1);

(2) all communications of any sort with the Ontario
Securities Commission in any way relating to Rosenfeld
or to any investigation formal or otherwise by the SEC
of Rosenfeld or any business or corporation with which
Rosenfeld was associated (Item 2);

(3) the circumstances, negotiations and arrangements
surrounding the deposition of Rosenfeld under the
authority of the Ontario Securities Commission
including the authority under which David Rizzo
(attorney for the SEC) was present and participated in

the questioning of Rosenfeld (Item 3);

(4) the circumstances, negotiations and arrangements
surrounding the possession by the SEC of the
deposition of Rosenfeld taken by the Ontario Securities
Commission (Item 4);

(5) all communications between anyone affiliated in any
way with the SEC and Harry Pruitt, or anyone affiliated
with Harry Pruitt (Item 5);

(6) all information in the possession, custody, or control
of, or reasonably available to the SEC or its agents or
employees, relating to the truth or falsity of statements
in the complaint concerning (a)the ownership or interest
of Synpro or Sherwood in property on the Isle of
Rhodes, (b)any grants or loans from the government of
Greece or any other government, (c)Synpro's ownership
of the Hotel Medialuna, concerning the issuance of
shares of stock to Euro-Pacific Investments & Trading
Ltd., (d)a $5,000,000 line of credit for Synpro from
Societe Financiere Privee S.A., (e)all services
performed by Elije for Synpro or related or affiliated
companies, (f)the proper accounting statement or
treatment of asset value of the Hotel Medialuna on
Synpro's balance sheet, and (g)the proper accounting
statement or treatment of the $1,600,000 fee on
Synpro's balance sheet (Items 6-13);

(7) all efforts to inflate the price of Synpro common
stock (Item 14);

(8) all efforts improperly or illegally to affect the price
of Synpro's common stock (Item 15);

(9) all information relating to Kochanowski's activities
described in the complaint which indicates that those
activities were in any way controlled by Rosenfeld
(Item 16);

(10) all information relating to communications
between Synpro and Kempisty CPA, PC and Synpro,
and Grubman and Company, CPAs, relating to the
audits of Synpro or related or affiliated entities (Item

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                                    Page 2
Not Reported in F.Supp., 1997 WL 576021 (S.D.N.Y.), Fed. Sec. L. Rep. P 90,116
**(Cite as: Not Reported in F.Supp.)**

17); and

(11) all documents relating to the allegations of the Complaint, either exculpatory or inculpatory (Item 18).

On July 28, 1997, Mr. Rizzo of the SEC wrote Rosenfeld's counsel requesting a retraction of the Notice of Deposition. Citing legal precedents he advised Rosenfeld's counsel that (1) the matters inquired into necessarily involved secondhand knowledge and were privileged as work product of the SEC attorneys' investigation of facts leading to the complaint filed in this action, and (2) that Rule 26(b)(3) clearly protected the information sought since defendant had only conducted limited discovery and had not shown a substantial need for seeking discovery in such a manner instead of taking discovery from witnesses who had knowledge of the facts.

**\*2** No retraction was forthcoming and, by letter dated July 30, 1997, Rizzo asked for the Court's intervention. On August 1, 1997, the Court held a conference with counsel which did not result in resolution of the dispute. Accordingly the Court stated that it would treat the SEC's letter dated July 30, 1997, as a motion for a protective order under Rule 26(c) of the Federal Rules of Civil Procedure, and ordered Rosenfeld to respond by August 22, 1997.

The responsive papers take the position that defendant Rosenfeld never requested the deposition of opposing counsel, but rather, the SEC is completely free to choose its designee and seems to have chosen counsel solely to inject the issue of privilege into the discovery question. The papers argue that the Rule 30(b)(6) deposition is not an illicit attempt to shortcut normal discovery but merely an attempt to use the federal rules in an efficient manner. Finally, defendant, citing *SEC v. Morelli,* 143 F.R.D. 42 (S.D.N.Y. 1992), asserts that Rule 30(b)(6) does not require that the designee have firsthand knowledge of the transactions at issue.

Defendant Rosenfeld's responsive papers disingenuously avoid the fact that this action is an SEC enforcement proceeding seeking a determination as to whether defendant has violated the securities laws of this country, and that because such investigations are

conducted by the SEC's legal staff, a Rule 30(b)(6) deposition of an SEC official with knowledge of the extent of that investigative effort, amounts to the equivalent of an attempt to depose the attorney for the other side. Although defendant is correct that a Rule 30(b)(6) witness is not required to have firsthand knowledge, and that discovery should be conducted as efficiently as possible, the notice of deposition clearly calls for the revealing of information gathered by the SEC attorneys in anticipation of bringing the instant enforcement proceedings, and if forced to designate witnesses to testify fully and completely concerning the matters described in the notice of deposition, testimony of SEC attorneys or examiners working under the direction of the SEC attorneys conducting the investigation would be necessary. In this case the investigation was conducted under the direction of Mr. Rizzo, the attorney for the SEC in this proceeding. (Declaration of David G. Rizzo dated August 12, 1997 ("Rizzo Decl.") at ¶¶ 6-9). As Judge Leisure stated in *SEC v. Morelli,* 143 F.R.D. 42,45 (S.D.N.Y. 1992), citing *Mitsui & Co. In. v. Puerto Rico Water Resource Authority,* 93 F.R.D. 62,67 (D.P.R. 1981), Rule 30(b)(6) requires the subject of the Rule 30(b)(6) notice to "prepare persons in order that they can answer fully, completely, unevasively, the questions posed ... as to the relevant matters." Thus the witness designated would have to have been prepared by those who conducted the investigation and, since the investigation was conducted by the SEC attorneys, preparation of the witnesses would include disclosure of the SEC attorneys' legal and factual theories as regards the alleged

**\*3** violations of the security laws of this country and their opinions as to the significance of documents, credibility of witnesses, and other matters constituting attorney work product.

Defendant Rosenfeld's argues that he is entitled to cross-examine the SEC as to its position on which statements are false and why; what is fraudulent in the annual report and why it is fraudulent; and which sentences in the annual report contain the alleged misrepresentations (Rosenfeld Mem. at 11). He also argues that somewhere in the process the Court is entitled to know whether the client supports this Rule

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                                      Page 3
Not Reported in F.Supp., 1997 WL 576021 (S.D.N.Y.), Fed. Sec. L. Rep. P 90,116
**(Cite as: Not Reported in F.Supp.)**

30((b)(6) designation of the SEC attorney as witness and why the client made this designation. (Id.) These arguments highlight the fact that defendant is attempting to investigate the attorneys' work product and the attorneys' authority to conduct this litigation. Both objectives are inappropriate.

Furthermore, review of the subject matter into which defendant Rosenfeld seeks to inquire demonstrates that the motion for a protective order should be granted. Testimony with respect to items 1 and 5, communications with Herbert M. Jacobi and Harry Pruitt, could only be answered based on the witness's discussions with Mr. Rizzo since it was Mr. Rizzo who was a party to these communications. (Rizzo Decl at ¶ 6). Testimony about the import of these discussions would involve questions of attorney work product since they would reflect Mr. Rizzo's areas of interrogation, mental impressions, and opinions concerning credibility. *See Upjohn v. United States, 449 U.S. 383 (1981); SEC v. World-Wide Coin Investments Ltd., 92 F.R.D. 65,67 (N.D.Ga. 1981); SEC v. Morelli, 143 F.R.D. 42 (S.D.N.Y. 1992).* It would also implicate the SEC's law enforcement privilege since it might reveal the SEC's techniques and procedures and how it develops relationships with informants, and strategies for eliciting information from individuals who provide it with information. *NLRB v. Robbins Tire & Rubber, 437 U.S. 214 (1978); J.P. Stevens & Co., Inc. v. Perry* 710 F.2d 136,143 (4th Cir. 1983).

With respect to items 6 through 18 the defendants do not provide any reason why they have failed to utilize preliminary interrogatories pursuant to Local Civil Rule 33.3(a) to learn the names of all persons with knowledge of the facts and circumstances surrounding those particular allegations in the complaint, or why that procedure would not provide the defendant Rosenfeld with the information necessary to conduct efficient fact discovery of the basis for the SEC's allegations in the complaint.

With respect to items 14 and 15 Rosenfeld does not provide any reasons why claim contention interrogatories at the close or towards the close of factual discovery, (Local Civil Rule 33.3(d)), will not provide him with the necessary claim contentions the

SEC will make at trial.

Rather than using interrogatories as contemplated by the Local Civil Rules, and Requests to Produce Documents pursuant to Rule 34 of the Federal Rules of Civil Procedure, and then taking the necessary oral discovery from the witnesses with knowledge of the facts alleged in the complaint, Rosenfeld seeks to explore the extent of the SEC's knowledge (how much it knows and how much it does not know) as a result of the investigative efforts of its attorneys. This Rule 30(b)(6) discovery is obviously aimed at finding the nature of the SEC's attorney work product, and is denied for that reason.

**\*4** With respect to items 2,3 and 4, inquiry by way of a Rule 30(b)(6) deposition would inevitably tend to disclose the investigating attorneys' preliminary positions and legal theories concerning the suspected conduct of defendant Rosenfeld, and those factual areas which were of particular interest to the SEC investigators at the time of their discussions with the Ontario Securities Commission. The law enforcement privilege would also be implicated since the SEC and the Ontario Securities Commission have a common prosecutorial interest. *Nishnic v. Dept. of Justice, 671 F.Supp. 771, 775 (D.D.C. 1987), aff'd, 828 F.2d 844 (D.C. Cir. 1987).*

Lastly, to proceed by way of the Rule 30(b)(6) deposition sought by defendant Rosenfeld would undoubtedly place an undue burden on the SEC and the court, which would have to make a multitude of otherwise unnecessary decisions about issues of attorney work product and law enforcement privilege, whereas no prejudice to defendant Rosenfeld has been shown if he is required to conduct discovery by the other methods suggested in this opinion.

Accordingly, good cause having been shown by plaintiffs, the motion for a protective order pursuant to Rule 26(c) is granted and the notice to take a Rule 30(b)(6) deposition of the SEC in this enforcement proceeding is quashed.

IT IS SO ORDERED.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                                                Page 4
Not Reported in F.Supp., 1997 WL 576021 (S.D.N.Y.), Fed. Sec. L. Rep. P 90,116
**(Cite as: Not Reported in F.Supp.)**

Dated: New York, New York

September 12, 1997

S.D.N.Y.,1997.
S.E.C. v. Rosenfeld
Not Reported in F.Supp., 1997 WL 576021 (S.D.N.Y.),
Fed. Sec. L. Rep. P 90,116

Briefs and Other Related Documents (Back to top)

• 1:97cv01467 (Docket) (Mar. 04, 1997)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.