

**C**
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,N.D. Iowa, Cedar Rapids
Division.
RESOLUTION TRUST CORPORATION, A
Corporation Organized and Existing Under the Law
of the United States, Plaintiff,
v.
Robert F. KAZIMOUR, Charles E. Burd, Milton F.
Langer, Richard F. Felter, and David F. Unzeitig,
Defendants.
**No. C 92-0188.**

Nov. 16, 1993.

*ORDER*

JARVEY, Chief Magistrate J.
**\*1** This matter comes before the court pursuant to
plaintiff's September 28, 1993 motion to quash
defendants' amended notice of deposition or in the
alternative for a protective order (docket number 51);
defendant Felter's November 1, 1993 motion to amend
answer (docket number 58); plaintiff's November 1,
1993 motion to amend the scheduling order (docket
number 60); and defendant Unzeitig's November 2,
1993 motion to amend answer (docket number 61).

The court conducted a hearing on the motion to quash
notice of deposition on November 3, 1993. At that time,
plaintiff's motion to amend the scheduling order was
also discussed.

The motion to quash the defendants' notice of
deposition pertains to a *Fed.R.Civ.P.* 30(b)(6) notice
served upon the RTC for a deposition to commence
November 15, 1993. Ten categories of information are
requested for this *Fed.R.Civ.P.* 30(b)(6) deposition. The
subject matter set forth in the *Fed.R.Civ.P.* 30(b)(6)
notice is stated as follows:
11. All facts upon which the RTC bases its allegations,
as set forth in its Amended Complaint, para. 18(a), that

Defendants Robert Kazimour, Charles Burd and Milton
Langer ("Defendants") breached fiduciary duties to
Banc Iowa and were negligent and grossly negligent
with regard to the GRC Loans and GRC Capital
Investments "... in causing or allowing Banc Iowa to
purchase the GRC Loans, and make the GRC Capital
Investments, without full and adequate investigation
prior to the disbursement of funds, and contrary to
prudent lending practices."
12. All facts upon which the RTC bases its allegations,
as set forth in its Amended Complaint, para. 18(b), that
Defendants breached their fiduciary duties to Banc
Iowa and were negligent and grossly negligent with
regard to the GRC Loans and GRC Capital Investments
"... in causing or allowing Banc Iowa to purchase the
GRC Loans and make the GRC Capital Investments
contrary to applicable state and federal regulations;"
13. All facts upon which the FTC bases its allegations,
as set forth in its Amended Complaint, para. 18(c), that
Defendants breached their fiduciary duties to Banc
Iowa and were negligent and grossly negligent with
regard to the GRC Loans and GRC Capital Investments
"... in failing to implement and enforce internal policies
and procedures that would ensure Banc Iowa's
compliance with prudent lending practices and
applicable state and federal regulations, as applied to
the GRC Loans and GRC Capital Investments;"
14. All facts upon which the FTC bases its allegations,
as set forth in its Amended Complaint, para. 18(d), that
Defendants breached their fiduciary duties to Banc
Iowa and were negligent and grossly negligent with
regard to the GRC Loans and GRC Capital Investments
"... in deferring excessively to Banc Iowa's
management, allowing senior management unbridled
discretion with regard to the GRC Project;"
15. All facts which the RTC bases its allegations, as set
forth in its Amended Complaint, para. 18(e), that
Defendants breached their fiduciary duties to Banc
Iowa and were negligent and grossly negligent with
regard to the GRC Loans and GRC Capital Investments
"... in failing to institute remedial action to correct
unsafe and unsound practices with regard to the GRC
Loans after receiving specific criticism of such
practices from federal regulators."

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                              Page 2
Not Reported in F.Supp., 1993 WL 13009325 (N.D.Iowa)
**(Cite as: Not Reported in F.Supp.)**

**\*2** 16. All facts upon which the RTC bases its allegations, as set forth in its Amended Complaint, para. 19, that Defendants' actions with respect to the GRC Loans and GRC Capital Investments proximately caused losses to Banc Iowa.

17. To the extent that the RTC contends that the Defendants' underwriting to the GRC Loans constitutes a breach of fiduciary duty, negligence or gross negligence, all facts upon which the RTC bases such a contention.

18. The status of the RTC's sale of the RTC property, including without limitation, the status of the updated appraisal, the bidding process, offers/bids received, and offers/bids rejected.

19. All facts upon which the RTC bases its "in excess of $8,000,000" damages figure including, without limitation, the exact damages which the RTC claims to have sustained.

20. All facts underlying the Banc Iowa/Banc Iowa Federal Savings Bank conservatorship/receivership process including,. without limitation, the facts underlying the September 14, 1989 Office of Thrift Supervision ("OTS") determination of Banc Iowa's insolvency, and the OTS's initiation of a conservatorship for Banc Iowa on that date.

Accordingly, the requests are couched in terms of the factual basis for particular claims made in plaintiff's complaint.

The RTC contends that no witness exists who can be designated by it pursuant to _Fed.R.Civ.P._ 30(b)(6) to respond to these inquiries. It further states that the defendants have all of the documents upon which RTC bases its claims and the defendants should be able to figure out the RTC's claim from an examination of these documents. It contends that because the defendants were officers and directors of the failed financial institution, they are in a better position to know what the RTC claims they did wrong. <sup>FN1</sup> Finally, the RTC contends that compliance with the _Fed.R.Civ.P._ 30(b)(6) notice would require them to divulge materials protected by the attorney-client privilege and the work-product qualified immunity.

FN1. This argument almost defines the phrase

"begs the question."

_Fed.R.Civ.P._ 30(b)(6) provides in pertinent part:
A party may in the party's notice and in a subpoena name as the deponent a public or private corporation or a partnership or association or governmental agency and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.

Accordingly, the rule makes it clear that it applies to public corporations and governmental agencies.

The court takes the RTC at its word when it states that it has absolutely no person that it can designate other than its counsel of record in response to this _Rule 30(b)(6)_ notice. The court inquired further on this matter at the hearing conducted by telephone. Again, counsel for the RTC was adamant that absolutely no such witness exists in the RTC. Accordingly, other than experts already designated and intended to be deposed by the defendants, the RTC should not be allowed at trial to present testimony from any RTC employee or other witness that could appropriately have been designated pursuant to this 30(b)(6) notice.

**\*3** Nothing in _Rule 30(b)(6)_ requires a party to "create" a witness in response to a 30(b)(6) notice. While some courts have imposed an obligation on parties to adequately prepare such witnesses, this requirement is not the same as finding persons and educating them as to the facts so that they may later be deposed. A deposition of a person required by the court to be created by counsel under the circumstances of this case would violate _Fed.R.Civ.P._ 26(b)(3). The process of sifting through scores of documents and selecting the ones that counsel believes are most damaging to a particular defendant, if revealed at a deposition, would disclose absolutely protected opinion work-product. _Sporck v.. Peil,_ 759 F.2d 312 (3d Cir.1985); _Shelton v. American Motors,_ 805 F.2d 1323 (8th Cir.1986); _SEC v. Morelli,_ 143 F.R .D. 42, 47 (S.D.N.Y.1992).

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                                           Page 3
Not Reported in F.Supp., 1993 WL 13009325 (N.D.Iowa)
**(Cite as: Not Reported in F.Supp.)**


The court is persuaded that other options exist for the discovery of this information that would not violate the work-product qualified immunity. Presumably, the RTC's due diligence expert, Mr. Kline, will provide much of that which the defendants are currently seeking in the 30(b)(6) deposition notice. Second, the defendants may use contention interrogatories to discover this information. [FN2]

> [FN2.] If these are served, the RTC shall provide detailed answers.

Upon the foregoing,

IT IS ORDERED

1. Plaintiff's September 28, 1993 motion to quash notice of deposition (docket number 51) is granted.

2. Defendant Felter's November 1, 1993 motion to amend answer (docket number 58) is granted.

3. Plaintiff's November 1, 1993 motion to amend the scheduling order (docket number 60) is granted to the extent that the plaintiff shall designate its environmental engineering experts in full compliance with this court's scheduling order on or before March 1, 1994.

4. Defendant Unzeitig's November 2, 1993 motion to amend answer (docket number 61) is granted on the condition that defendant Unzeitig initiate efforts to properly serve the additional party within two (2) weeks from the date of this order.

N.D.Iowa,1993.
Resolution Trust Co. v. Kazimour
Not Reported in F.Supp., 1993 WL 13009325 (N.D.Iowa)

Briefs and Other Related Documents (Back to top)

• 1:92cv00188 (Docket) (Oct. 09, 1992)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.