# WolfBlock

1650 Arch Street, 22nd Floor, Philadelphia, PA 19103-2097
Tel: (215) 977-2000 ■ Fax: (215) 977-2740 ■ www.WolfBlock.com

David E. Landau
Direct Dial:      (215) 977-2052
Direct Fax: (215) 405-2952
E-mail:    dlandau@wolfblock.com

September 27, 2006

**VIA FAX**
The Honorable Judge Paul W. Grimm
United States District Court
for the District of Maryland
101 West Lombard Street
Baltimore, MD  21201

      Re:   EEOC & Kathy Koch v. LA Weight Loss Centers, Inc.,
            Case No.: WDQ-02-CV-648

Dear Judge Grimm:

      This letter serves as an emergency motion to preclude EEOC from submitting additional expert reports after the time provided in the Scheduling Order.  EEOC submitted its expert report on May 26, 2006.  LAWL submitted rebuttal reports within the time set forth in the Scheduling Order and/or as agreed by the parties.  Just days before one of LA Weight Loss Center's ("LAWL") expert depositions, EEOC announced that it retained a new expert and will submit a rebuttal report today, less than 48 hours before the deposition.  Further, EEOC said that it has at least one other expert report to disclose next week, the topic of which is unknown to LAWL.  EEOC has not sought leave of Court to file these reports despite LAWL's repeated suggestion that it do so.  Accordingly, LAWL respectfully requests an order barring EEOC's late filed reports.

      In this Title VII matter, EEOC seeks relief solely on a disparate treatment theory.  The burden of proof to show intentional discrimination therefore falls on the EEOC.  LAWL's legitimate business purpose behind its hiring practices was exhaustively explored during discovery.  LAWL witnesses made it quite clear that the Company's job qualifications and hiring process are gender neutral even though they may result in more women than men being hired.  Based on discovery and the pleadings, areas of potential expert testimony included sexual stereotyping and LAWL's job qualifications and hiring processes.  The EEOC chose to produce only one expert report – that of Elvira Sisolak, a statistical expert employed by EEOC.  EEOC elected not to submit expert testimony to assist the jury in any other area.

PHL:5453390.1/LAW024-158357

Boston, MA ■ Cherry Hill, NJ ■ Harrisburg, PA ■ New York, NY ■ Norristown, PA ■ Philadelphia, PA ■ Roseland, NJ ■ Wilmington, DE
WolfBlock Government Relations - Harrisburg, PA ■ WolfBlock Public Strategies - Boston, MA and Washington, DC
Wolf, Block, Schorr and Solis-Cohen LLP, a Pennsylvania Limited Liability Partnership

The Honorable Judge Paul W. Grimm
September 27, 2006
Page 2

LAWL, on the other hand, responded with expert reports in many areas. Several of those reports specifically rebut the expert testimony of Sisolak. Other expert reports, however, demonstrate the validity of LAWL's hiring system. Dr. Seymour Adler, for example, performed a validation study for LAWL and identified the core competencies for LAWL's business. He then conducted a study of the recruiting process and provided an expert report. Dr. Robert Tannenbaum performed a study of LAWL's clients and concluded that emotional connection is a critical aspect of the success of LAWL's program and the success of its business. Dr. Margaret Stockdale reviewed the literature on gender studies and concluded that those studies showed that more women would generally have the core competencies required for an LAWL position. PriceWaterhouseCoopers assessed the damage claims of the designated Phase I Claimants.

The original Scheduling Order in this case provided that EEOC would submit its expert reports first and that LAWL would have thirty days to respond. Then, the parties would have thirty days after submission of LAWL's reports to complete expert depositions. It is quite clear from that order that no additional reports are permitted. The scheduling order was ultimately amended to add an additional thirty days to the deposition posed based on the large volume of documents and expert reports.

As detailed in our letter to the EEOC, which is attached, the EEOC raised long ago the issue of whether rebuttal reports could be submitted after LAWL submitted its reports. LAWL rejected EEOC's position that rebuttal reports are permitted by the Scheduling Order and suggested that EEOC seek leave of Court. In August, 2006, the EEOC renewed its request for additional expert reports and stated that it must identify additional experts by September 22. LAWL pointed out that this was not part of the scheduling order, and that even if it were, it has beyond the thirty days that EEOC had to submit the reports. LAWL once again suggested the EEOC seek leave of Court.

LAWL heard nothing from EEOC after that letter and assumed the issue had been put to rest. Just this week, EEOC informed LAWL that it had a new expert rebutting Dr. Stockdale's report, which was served on July 5, 2006. Dr. Stockdale's deposition is currently scheduled for Friday, September 29, 2006. Although EEOC has suggested that the deposition could be postponed, a postponement cannot cure the prejudice or resolve the problem with additional EEOC reports.

We are prepared to flesh out our position in a conference call with Your Honor. Suffice it to say that EEOC had an opportunity to address the issues raised by our experts. Indeed, it is EEOC's burden to address these issues at trial. Instead, EEOC decided to lie in wait until LAWL stepped forward with its position. Gaining that tactical advantage, EEOC went out and sought additional expert testimony to ambush LAWL's experts. All of this was done without the Court's permission. This process of reply and sur-reply is simply not contemplated under the

The Honorable Judge Paul W. Grimm
September 27, 2006
Page 3

Scheduling Order. Nor is it not contemplated by Rule 26. Indeed, it would trigger a new round of expert reports and discovery by both sides, further delaying a result in this case.

Accordingly, LAWL respectfully requests a conference call at Your Honor's earliest convenience, at which time it will request that an order be entered precluding the EEOC from submitting any additional expert reports. We are informed by counsel for EEOC that they are available for a call this afternoon.

Respectfully submitted,

David E. Landau

DEL/te
Enclosure
cc:  Ronald L. Phillips, Esquire (with enclosure, via fax and first class mail)
     Bruce J. Harrison, Esquire (with enclosure)
     Aliza Karetnick, Esquire (with enclosure)

PHL:5453390.1/LAW024-158357