# WolfBlock

1650 Arch Street, 22nd Floor, Philadelphia, PA 19103-2097
Tel: (215) 977-2000 ■ Fax: (215) 977-2740 ■ www.WolfBlock.com

September 27, 2006

**VIA FAX AND FIRST CLASS MAIL**
Ronald Phillips
U.S. Equal Employment Opportunity
Commission
Baltimore District Office
10 South Howard Street, 3rd Floor
Baltimore, MD 21201

    Re:    <u>EEOC and Koch v. LA Weight Loss Centers, Inc.</u>

Dear Ron:

    I write in response to EEOC's recent statement that it will, after depositions of LAWL's experts has begun, submit rebuttal reports and disclose additional expert witnesses. EEOC's last minute attempt to foist additional expert reports upon LAWL is neither allowed by the Court's Order Regarding Bifurcation and Scheduling ("Scheduling Order") nor Federal Rule of Civil Procedure 26, and prejudices LAWL.

    Rule 26(a)(2) requires that expert disclosures be made at times and in a sequence directed by the court. The Court's Scheduling Order is unambiguous. EEOC shall disclose its testifying experts and submit corresponding reports. Thirty days from that date, LAWL shall submit expert reports, if any. Thereafter, the parties have 60 days within which to complete expert discovery. The Scheduling Order does not contemplate that EEOC, who bears the burden in this case, can file rebuttal or surrebuttal reports at its discretion without leave of the Court. Rather, it assumes the parties will depose experts and complete all expert discovery within the remaining two months provided.[1]

---

[1] I note that the original Scheduling Order, which is attached, provided for only 30 days to complete expert discovery after submission of LAWL's reports. That 30-day period was extended to 60 by joint stipulation of the parties after it became clear the volume of expert testimony to be taken. The original Scheduling Order clearly indicates the Court did not intend to allow EEOC to file rebuttal reports.

PHL:5453316.1/LAW024-158357

Boston, MA ■ Cherry Hill, NJ ■ Harrisburg, PA ■ New York, NY ■ Norristown, PA ■ Philadelphia, PA ■ Roseland, NJ ■ Wilmington, DE

WolfBlock Government Relations - Harrisburg, PA ■ WolfBlock Public Strategies - Boston, MA and Washington, DC

Wolf, Block, Schorr and Solis-Cohen LLP, a Pennsylvania Limited Liability Partnership

Ronald Phillips
September 27, 2006
Page 2

      As you recall, the subject of rebuttal reports was raised over one year ago while the parties negotiated a joint stipulation to extend discovery. Specifically, in July 2005, EEOC sought LAWL's agreement to request modification of the Scheduling Order to provide for simultaneous disclosure of expert witnesses. See July 13, 2005, email from Tracy Spicer. LAWL did not agree. In January 2006, EEOC for a second time brought up the issue during the parties' discussion of another joint stipulation to modify and extend the discovery schedule. At that time, EEOC proposed modifying expert discovery to include a rebuttal period. Again, LAWL did not agree to the suggested change, and EEOC ultimately stated that, if and when necessary, it would seek leave of court to submit rebuttal reports. See January 24, 2006, email from Ronald Phillips. Finally, on August 11, 2006, EEOC sought LAWL's approval to identify "an EEOC consulting expert as a testifying rebuttal expert and disclose that person's report." See August 11, 2006, email chain. LAWL did not consent and EEOC did not request the Court's permission to disclose additional testifying experts. Instead, EEOC sat on its hands for nearly six weeks. Now, just a few days before LAWL's expert, Dr. Stockdale, is scheduled to testify, EEOC announces it has a new expert to rebut her report and will make additional testifying expert disclosures next week. To make matters worse, this revelation was not volunteered, but at the specific request of LAWL's counsel.

      Even assuming the Order does not preclude rebuttal reports, EEOC is out of time. Absent any guidance from the court, Rule 26 provides that rebuttal reports must be made within 30 days of receipt of the disclosure that is rebutted. Dr. Stockdale's report was submitted over two months ago on July 5, 2006. Dr. Stockdale's deposition is scheduled take place this Friday. While we understand that EEOC is amenable to rescheduling Dr. Stockdale's deposition, such a short-term fix does not resolve the underlying issue – namely, EEOC's impermissible and untimely reports.

      LAWL intends to seek the Court's guidance on this emergent matter. Please advise immediately when EEOC is available this afternoon for a conference call with the Court.

                                                  Yours truly,

                                                  Aliza R. Karetnick
                           For WOLF, BLOCK, SCHORR and SOLIS-COHEN LLP

ARK
cc: David E. Landau

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>and )<br>)<br>KATHY C. KOCH, )<br>)<br>Plaintiff-Intervenor, )<br>)<br>v. )<br>)<br>LA WEIGHT LOSS, )<br>)<br>Defendant. ) | Case No. WDQ-02-CV-648 |

### ORDER REGARDING BIFURCATION AND SCHEDULING

The Court having previously bifurcated trial and discovery in this matter hereby ORDERS that the following schedule shall apply in this action, and will be modified only upon motion of one or more parties and/or upon further order of the Court:

GENERAL

A   Further discovery and trial in this action shall be conducted in two stages

B.   The two stages of discovery and trial in this action shall be designated "Stage I" and "Stage II" and are described with greater particularity in the remainder of this Order. However, stated generally, Stage shall be limited to issues of liability regarding the claim(s) of discriminatory hiring asserted by the Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC"), punitive damages issues, issues of

liability and all remedial issues regarding the claims of retaliation asserted by Plaintiff EEOC and Plaintiff Intervenor Kathy C. Koch, and defenses pertinent to the foregoing issues averred by Defendant LA Weight Loss ("Defendant"). Stage II discovery and trial shall be conducted if and only if there is a finding of liability against Defendant regarding Plaintiff EEOC's discriminatory hiring claims and after the trial of that liability issue. Both discovery and trial at Stage II shall consist of remedial issues regarding the persons for whom Plaintiff EEOC seeks relief in this action. Discovery and trial of Stage II, if necessary, shall be conducted pursuant to further Order of the Court.

II.   STAGE I - LIABILITY

   A   Discovery

      1.   Permissible issues for Stage I discovery

Stage I discovery shall be directed to issues that will be the subject of the Stage I trial in this bifurcated action. These issues shall include the following: (1) liability regarding Plaintiff EEOC's hiring discrimination claim(s); (2) punitive damages related to the hiring discrimination claim(s), both liability and amount; (3) both liability and remedies regarding the retaliation claim asserted by Plaintiff EEOC and Plaintiff Intervenor Kathy C. Koch; and (4) defenses averred by Defendant that apply to the issues to be tried at this Stage of the action.

      2.   Schedule regarding Stage I discovery and other matters

The modified Scheduling Order approved by the Court on February 26, 2003 is now further modified as follows: Non-expert discovery regarding Stage I issues shall conclude on February 25, 2005; Plaintiffs shall name Stage I expert witnesses and serve Defendant with expert report(s) on or before March 25, 2005; Defendant shall name

2

Stage I expert witnesses and serve Plaintiffs with expert report(s) on or before April 25, 2005; expert discovery shall be completed by May 25, 2005; dispositive motions with respect to Stage I issues shall be filed on or before June 24, 2005

### 3    Limitations and other provisions regarding Stage I discovery

The amounts of depositions, interrogatories and other forms of discovery permitted in Stage I discovery in this action shall be the amounts provided by the Federal Rules of Civil Procedure, the Local Rules of this Court, except as otherwise provided in this Order  Defendant may seek additional discovery regarding identified Class Members upon agreement of the parties or upon leave of court based upon Defendant showing that such discovery is necessary for Defendant's defense of the EEOC's liability case.

#### a.    Depositions of Class Members

Defendant shall be entitled to depose Class members whom Plaintiff EEOC designates as potential Stage I Class member witnesses, meaning those Class members whose testimony Plaintiff EEOC intends to present live or by deposition transcript or deposition videotape at the Stage I trial of this case. These witnesses shall be a limited portion of the total number of alleged aggrieved persons for whom Plaintiff EEOC seeks relief in this action. The potential Stage I Class member witnesses designated by Plaintiff EEOC shall not exceed forty (40) in number, and EEOC shall not present the testimony of more than forty (40) such Class member witnesses in its case-in-chief at the Stage I trial  In order to avoid multiple depositions of the same Class member witness and thereby reduce the burden of discovery on the parties and the witnesses, any such depositions shall consist of examination pertaining to both liability and remedial issues

3

Plaintiff EEOC shall designate the Class members who will be its potential Stage I Class member witnesses in accordance with the following schedule: (1) at least ten (10) Class members shall be designated within 14 days after entry of this Order; (2) at least ten (10) additional Class members shall be designated by not later than May 7, 2004; (3) at least ten (10) additional Class members shall be designated by not later than June 4, 2004; and (4) not more than ten (10) additional Class members shall be designated by not later than July 30, 2004. No Class member witness shall be permitted to testify on behalf of the EEOC at Stage I unless designated in accordance with this Order or unless ordered by the Court upon motion of Plaintiff EEOC for good cause shown.

In Stage I discovery, Defendant may take depositions of all Stage I class member witnesses identified by Plaintiff EEOC (up to the 40 class member limit). Moreover, Defendant may select and depose up to 40 additional class members who have not been identified by EEOC as Stage I class member witnesses. Plaintiff EEOC and Defendant have reached this stipulation regarding limitations on Stage class member depositions based on their mutual agreement that neither party intends to present, at the Stage I trial, statistical analyses that are based upon class member data that is not equally available to both parties, including but not limited to a written survey of the class members. If either party intends to conduct a statistical analysis based on class member data that is not equally available to both parties it shall provide prompt written notice to all parties in this action of such intention and identify the type and source of the data to be used. If the party providing such notice believes that it requires additional discovery beyond that provided in this Order for the purpose of conducting the statistical analysis, it may obtain such discovery only by agreement of the parties or by leave of the Court based upon a

4

showing that such discovery is necessary for its prosecution of, or defense against, Plaintiff EEOC's liability case. If either party intends to present statistical analysis based on data not equally available to both parties, other than class member data, such data and analysis must be disclosed and notice given in accordance with the Federal Rules of Civil Procedure and Local Rules of this Court.

      b.    <u>Other Depositions</u>

Other than depositions of class members, the parties shall be limited to thirty depositions each. However, the aforementioned thirty deposition limitation shall not include any depositions of witnesses identified by Defendant who will be offered to provide testimony regarding Plaintiff EEOC's Stage I class member witnesses. Additional depositions may be taken upon agreement of the parties or upon leave of the Court. No party shall offer as a witness at trial any individual it has not previously afforded the other party an opportunity to depose during Stage I discovery in conformity with the Federal Rules of Civil Procedure.

      c    <u>Written Discovery</u>

The parties may serve requests for documents, up to 30 requests for admissions and up to 50 interrogatories. Additional written discovery may be taken upon agreement of the parties or upon leave of Court.

The foregoing provisions of this Order regarding designation of certain categories of witnesses shall not relieve the parties of their duty under the Federal Rules of Civil Procedure and the Local Rules of this Court.

To the extent that there is any discovery pending regarding Class members other than those identified by EEOC as potential witnesses at Stage I, such discovery shall be

deferred and answered or otherwise proceed only after Stage II discovery commences. No new discovery regarding these persons shall commence before Stage II proceedings unless agreed to by parties or ordered by Court.

B.   Trial

The Stage I trial in this bifurcated action shall consist of the following issues: (1) liability regarding Plaintiff EEOC's hiring discrimination claim(s); (2) punitive damages related to the hiring discrimination claim(s), both liability and class-wide amount; (3) both liability and remedies regarding the retaliation claim asserted by Plaintiff EEOC and Plaintiff-Intervenor Kathy C. Koch; and (4) defenses averred by Defendant that apply to the issues to be tried at this Stage of the action. As appropriate, the Court will also decide issues regarding injunctive relief. Nothing in this order shall be construed as determining issues of evidence or proof with respect to the Stage I trial.

III.   STAGE II - INDIVIDUAL REMEDIES

A.   Discovery

<u>Permissible issues for Stage II discovery</u>

Stage II discovery shall be directed to issues that will be the subject of the Stage II trial in this bifurcated action. Such discovery may include depositions of and other discovery regarding Class members who were not deposed in Stage 1 discovery, depositions of current and former Defendant personnel, and any other discovery tools authorized by the Federal Rules of Civil Procedure.

2.   <u>Schedule regarding Stage II discovery and other matters</u>

The Stage II discovery schedule, schedule for filing of motions, including any dispositive motions regarding Stage II issues, and the final pre-trial schedule regarding

6

the Stage II trial shall be ordered by the Court after the conclusion of Stage I proceedings. In its discretion, the Court may require a scheduling conference prior to entering such Order and may also require submission of joint and separate proposed scheduling orders by the parties

        3.    <u>Limitations and other provisions regarding Stage II discovery</u>

In Stage II discovery regarding Class members, discovery shall consist of written discovery, depositions taken by Defendant of Class members who were not deposed during Stage I discovery, and depositions of non-Class members relevant to Stage II issues in an amount to be determined by further order of this Court after the conclusion of Stage I proceedings.

In Stage II discovery, Plaintiff EEOC and Defendant shall answer any discovery requests that were pending at Stage I and deferred by order of this Court because they involved Stage II issues.

Within fourteen (14) days of entry of the Court's scheduling order regarding Stage II discovery and scheduling of other matters, Plaintiff EEOC shall designate and provide to Defendant a final list of all Class members for whom it will seek relief at the Stage II trial.

    B    <u>Trial</u>

Stage II trial or trials in this bifurcated action shall determine whether Defendant is liable regarding any individual Class Member and if so, to what relief the individual Class Member is entitled. At the conclusion of the Stage II trial, the Court will make appropriate apportionment among the Class members of the punitive damages awarded to Plaintiff EEOC, if any, at the Stage I trial, and will also order any other appropriate relief

7

not already ordered after the Stage I trial.

Signed and entered this 25th day of May, 2004.

_____
HONORABLE WILLIAM D. QUARLES, JR.
United States District Judge

## Karetnick, Aliza R.

| | |
|---|---|
| From: | TRACY SPICER [TRACY.SPICER@EEOC.GOV] |
| Sent: | Wednesday, July 13, 2005 8:03 PM |
| To: | Karetnick, Aliza R. |
| Subject: | Re: EEOC v. LAWL -- Joint Motion to Extend Discovery |

Aliza:

In light of our discussion on Monday, the Commission agrees to the 6 month extension to the non-expert discovery. The Commission will agree to the 3 months for expert discovery if the disclosures for experts can be done simultaneously by the parties.

Tracy Hudson Spicer
Supervisory Trial Attorney
Baltimore District Office
410-962-4623
tracy.spicer@eeoc.gov
>>> "Karetnick, Aliza R." <akaretnick@WOLFBLOCK.com> 07/08/05 9:58 PM
>>>
Tracy:

I write in response to your July 8, 2005, email regarding the parties' motion to extend discovery. With respect to fact discovery, we understand that discovery was never stayed pending the outcome of settlement negotiations. The pace at which it continued, however, slowed to a near trickle during the six months that the parties were engaged in settlement talks. Ironically, it was LAWL that consistently requested deposition dates and outstanding discovery from EEOC, only to be put off or ignored. To mention a few, claimant depositions in Boston, New York, New Jersey, Philadelphia and Indiana remain unscheduled despite repeated requests to EEOC for dates. The number of claimant and third party depositions that remain to be taken totals approximately 60, which number does not account for the depositions of LAWL corporate witnesses. Given the volume of depositions outstanding, we believe a six-month extension of fact discovery is warranted.

As for expert discovery, EEOC's position is inconsistent with the parties' earlier discussions. Before the February 2005, joint motion to extend was filed, Ronald Phillips and I discussed the need to lengthen the expert period. In light of settlement negotiations, we agreed that the parties would consider a joint motion to extend if and when necessary. LAWL believes that an extension is necessary, and it is prudent at this point to file a single motion requesting all extensions the parties' require prior to trial, rather than burdening the court with supplemental motions modifying discrete portions of the overall
discovery schedule.

I would like to discuss this issue with you on Monday. Please advise when you are available.

Thank you.

Aliza R. Karetnick
Wolf, Block, Schorr and Solis-Cohen LLP
1650 Arch Street -- 22nd Floor
Philadelphia, PA 19103
Tel: (215) 977-2124
Fax: (215) 405-3724

1

**Karetnick, Aliza R.**

---

| | |
|---|---|
| From: | RONALD PHILLIPS [RONALD.PHILLIPS@EEOC.GOV] |
| Sent: | Tuesday, January 24, 2006 9:54 PM |
| To: | Karetnick, Aliza R. |
| Subject: | EEOC v. LA Weight Loss, WDQ-02-CV-648 - extension issue |

Aliza:

Having considered the matter further, EEOC does not believe that your client has provided adequate reason to change the expert disclosure intervals set forth in the current discovery schedule, at least not at this time. Accordingly, rather than conducting further negotiation regarding that issue, and in the interest of expediency given the impending deadline, EEOC believes the best course of action is for the parties to agree to propose an extension of non-expert discovery within the parameters discussed today, subject to finalization of the language of a proposed order.

With respect to expert disclosure deadlines, the parties should maintain current intervals (EEOC disclosures due within one month of close of non-expert discovery, your client's disclosures due within one month of EEOC's disclosures, expert discovery to be completed within two months thereafter), and propose pushing back all such deadlines by two months to accommodate completion of non-expert discovery. If, after the parties' respective expert disclosures or at any other time, it becomes apparent to either party that it will require additional time to offer expert testimony for any purpose, which among other things might include (as we discussed) contradiction or rebuttal of the opposing parties' expert evidence, the parties can discuss the issue at that time, and are, of course, free to move the Court for additional time. However, to attempt to resolve that issue now seems highly premature given that non-expert discovery has not been completed and expert discovery has not yet commenced. Therefore, the parties still do not know what issues may arise, if anything, that would require additional time. I suspect this is part of the reason the parties have been having some difficulty with this discussion, as it is taking place in a vacuum and informed by supposition/guess work regarding worst case scenarios rather than concrete information that would enable the parties to identify and articulate what they actually need. Thus, if required at all, this seems a discussion better had at a later date.

I think what both parties can agree to are the general principles that cases should be decided on their merits, and that neither party should seek to use expert discovery scheduling to gain unfair tactical advantage. Let us agree that the parties will be open to further discussions at a later date if one or both parties perceive the need for a modified expert schedule, and that such discussions will be conducted in good faith informed by these first principles. In the meantime, I propose that we move non-expert discovery along.

Please let me know how your client would like to proceed. While I am traveling, you should copy Corbett Anderson on this issue.

Thanks.

Ron Phillips
EEOC
(410) 962-4628.

1

### Karetnick, Aliza R.

| | |
|---|---|
| **From:** | RONALD PHILLIPS [RONALD.PHILLIPS@EEOC.GOV] |
| **Sent:** | Friday, August 11, 2006 4:23 PM |
| **To:** | Karetnick, Aliza R. |
| **Subject:** | RE: EEOC v. LA Weight Loss, WDQ-02-CV-648 |

EEOC will wait to hear from you on Monday. Note EEOC's confusion about LA Weight Loss's response given (a) the fact that the parties are seeking time beyond the current deadline and that the parties clearly will not finish expert discovery by then; (b) the fact that the current order does not preclude rebuttal expert designation, it simply does not address the issue at all; (c) the fact that the Federal Rules contemplate such experts; and (d) the fact that any other construction would place plaintiffs at a distinct disadvantage given the common sequence of expert disclosures.

>>> "Karetnick, Aliza R." <akaretnick@WOLFBLOCK.com> 8/11/2006 4:08:57 PM >>>
Ron:
We are confused by EEOC's response as it appears to require that LAWL agree to an extension of time for submission of a report that is outside the Court's scheduling order. That is, the Court's order provides for depositions of expert witnesses, but does not contemplate rebuttal reports from EEOC's experts. Having said that, LAWL will consider EEOC's proposal and asks that EEOC allow until Monday for a firm response. In the interim, please expect to receive three additional expert reports this afternoon.

Thank you.


-----Original Message-----
**From:** RONALD PHILLIPS [mailto:RONALD.PHILLIPS@EEOC.GOV]
**Sent:** Friday, August 11, 2006 3:45 PM
**To:** Karetnick, Aliza R.
**Subject:** EEOC v. LA Weight Loss, WDQ-02-CV-648

Aliza:

EEOC will agree to the proposed extension of 10-14 days for the consulting expert (that your client may identify as a testifying expert) to submit her/his report provided that your client will agree, in exchange, that EEOC may have until September 21st to possibly identify an EEOC consulting expert as a testifying rebuttal expert and disclose that person's report.

Both parties would agree to flexible deposition scheduling and to seek further extensions of the expert discovery and dispositive motions deadlines to accommodate the aforementioned arrangement, as needed.

Ron Phillips
EEOC
(410) 962-4628


9/27/2006