

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Baltimore Field Office**

10 S. Howard Street, 3rd Floor
Baltimore, MD 21201
PH: (410) 962-3932
TDD: (410) 962-6065
FAX: (410) 962-4270

September 27, 2006

**VIA FACSIMILE**

Honorable Paul W. Grimm
United States Magistrate Judge
United States District Court for the District of Maryland
101 W. Lombard St.
Baltimore, MD 21201

Re:  Request for telephone conference regarding Defendant experts in <u>EEOC v. LA Weight Loss</u>, Case No. WDQ-02-CV-648

Your Honor:

The U.S. Equal Employment Opportunity Commission ("EEOC") has received notice from Defendant LA Weight Loss that it is seeking a telephone conference with the Court regarding EEOC's intention to disclose the identity and reports of a rebuttal expert. A telephone conference is now set for 4:30 p.m. today. In the interest of economy, EEOC requests that during such conference the parties and the Court also discuss EEOC's related timeliness objections to several of Defendant's experts, namely, David Jones, Ph.D., an industrial/organizational psychologist, and Leonard Cupingood, Ph.D., a statistician.

EEOC's timeliness objection regarding Dr. Jones is based on the fact that the narrative section of his Rule 26(a)(2)(B) expert report was not disclosed by Defendant until August 28, 2006, and the voluminous data required to be disclosed as part of that report and necessary for meaningful analysis of the conclusions therein was not provided to EEOC until September 13, 2006.[1] The current scheduling order required Defendant to make all disclosures by July 31, 2006, and by agreement of the parties that date was extended until August 11, 2006.

EEOC's timeliness objection regarding Dr. Cupingood is that he was not within the group of experts authorized to be disclosed on July 31, 2006, and therefore his report disclosed on August 11, 2006, is untimely.[2] The parties filed their Joint Motion to Extend Discovery and Modify Schedule (Paper

---

[1] Thus, under Rule 26(a)(2)(C), any rebuttal report regarding Dr. Jones is not yet due.

[2] The supporting data and statistical analysis programming required to be disclosed as part of the Cupingood report was not provided to EEOC until September 6, 2006.

No. 159) on June 27, 2006, and sought an extension of expert discovery dates and other dates, including Defendant's expert disclosure deadline which had already expired on June 26, 2006. In the Joint Motion, the justification given for the extension of the deadline for Defendant to disclose its experts, which was granted by the Court, was that Defendant's experts may be evaluating EEOC's answer to Interrogatory No. 32 (calling for certain individual claimant comparator evidence), an answer which was not due until June 30, 2006.

EEOC agreed to the above-referenced extension based on Defendant's representation that it was needed to accommodate Defendant expert analysis of EEOC's answer to the Interrogatory. At no time did Defendant inform EEOC or the Court that it desired an extension to find an expert to rebut the statistical testimony of EEOC's expert, Labor Economist Elvira Sisolak, whose report had already been disclosed on May 25, 2006, and which does not discuss EEOC's answer to Interrogatory No. 32. Thus, the extension was not for the purpose of allowing Defendant additional time to find a new expert to rebut EEOC's statistical expert, an expert which Defendant had previously failed to timely retain, and to have that expert provide testimony unrelated to Interrogatory No. 32. However, this is what Defendant is now trying to accomplish. Dr. Cupingood's report sets forth an analysis of EEOC expert Sisolak's report and her statistical analysis. The Cupingood report does not analyze or rely upon EEOC's answer to Interrogatory No. 32. Based on documents provided to EEOC on the day of Dr. Cupingood's deposition and his testimony, it now appears that Dr. Cupingood did not commence work until the beginning of August and was not formally retained by Defendant until August 7th. In other words, it appears that Dr. Cupingood was not one of the experts to which Defendant referred in the Joint Motion. The extension granted to Defendant was intended to afford its experts a full and fair opportunity to consider EEOC's Interrogatory answer without having to provide piecemeal reports regarding matters about which they were already prepared to opine. It was never intended to afford Defendant an opportunity to wait over one month, find a new expert, and then to disclose a report from that expert regarding different subject matter, a report that would have been deemed untimely as of the date of the Joint Motion.

The telephone number of EEOC counsel is as follows: Trial Attorney Ronald Phillips, (410) 962-4628.

Sincerely,

Ronald L. Phillips
Trial Attorney

cc:    Aliza R. Karetnick, Esq.
       David Landau, Esq.