**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
PAUL W. GRIMM
CHIEF MAGISTRATE JUDGE

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4560
(410) 962-3630 FAX

October 2, 2006

RE: <u>EEOC v. L.A. Weight Loss Centers, Inc.</u>
   WDQ-02-648

*LETTER ORDER*

Dear Counsel:

    This Letter Order is being issued to memorialize the revised schedule for expert discovery that I established during the telephone hearing held on Wednesday, September 27, 2006. This Order is subject to modification by Judge Quarles at his discretion, as well as the provisions of Local Rule 301(5)(a).

    The EEOC recently disclosed its intention to produce a Rule 26(a)(2)(c) rebuttal report to the Rule 26(a)(2)(b)[1] disclosure prepared by L.A.Weight Loss, Inc. ("LAWL") expert Dr. Stockdale. EEOC's disclosure was untimely, and LAWL moved to exclude EEOC's expert, Dr. Tonowski, under Rule 37(c). Paper No. 162. EEOC then filed a cross-motion to exclude a different expert proffered by LAWL, also on the grounds of untimeliness. Paper No. 163. For the reasons stated on the record during the telephone hearing, neither expert will be disqualified. Instead, the Scheduling Order will be modified as set forth herein.

    First, the deposition of Dr. Stockdale, previously noted for September 29, 2006, has been postponed. The EEOC will produce Dr. Tonowksi's rebuttal to Dr. Stockdale's report no later than close of business on MONDAY, OCTOBER 2, 2006. LAWL and Dr. Stockdale will then have twenty-one (21) days to review this report, at which time the EEOC may proceed with Dr. Stockdale's deposition. LAWL may likewise note Dr. Tonowski's deposition at that time. Because of the untimeliness of its disclosure, which I find to be unjustified, EEOC will bear the expense of any additional work performed by Dr. Stockdale in conjunction with Dr. Tonowski's report, including any fees charged for reviewing the rebuttal report and preparing a response.

---

[1] All references to a "Rule" refer to the Federal Rules of Civil Procedure.

  EEOC has also indicated that it may produce another Rule 26(a)(2)(c) report to rebut the Rule 26(a)(2)(b) report prepared by another LAWL expert, Dr. Jones. If the EEOC decides to do so, it must produce the rebuttal report to LAWL no later than close of business on TUESDAY, OCTOBER 10, 2006. LAWL and Dr. Jones will then have twenty-one (21) days to review the report, at which time EEOC may note Dr. Jones' deposition. Absent a further order of the Court, this shall conclude expert discovery in this case.

  In light of the changes to the discovery schedule caused by this Order, the parties are to jointly submit a revised Scheduling Order for the Court's approval, which includes, in addition to the deadlines set forth above, revised deadlines for (1) supplementation under Rule 26(e); and (2) dispositive motions.

  Although informal, this is an Order of the Court and shall be docketed as such.

                 _____/S/_____
                 Paul W. Grimm
               United States Magistrate Judge

kmw