# WolfBlock

1650 Arch Street, 22nd Floor, Philadelphia, PA 19103-2097
Tel: (215) 977-2000 ■ Fax: (215) 977-2740 ■ www.WolfBlock.com

David E. Landau
Direct Dial:    (215) 977-2052
Direct Fax:(215) 405-2952
E-mail:    dlandau@wolfblock.com

November 22, 2006

**VIA FAX AND ELECTRONICALLY FILED**
The Honorable Judge Paul W. Grimm
United States District Court
for the District of Maryland
101 West Lombard Street
Baltimore, MD  21201

> Re:    EEOC & Kathy Koch v. LA Weight Loss Centers, Inc.,
>        Case No.: WDQ-02-CV-648

Dear Judge Grimm:

This letter serves as a motion to preclude EEOC from using or in any way relying upon a new expert report by Elvira Sisolak titled "Supplemental Report on the Hiring of Men by LA Weight Loss Centers, Inc.", ("Report") which was served on LA Weight Loss Centers, Inc. ("LAWL") on November 14, 2006.  A copy of the Report is attached hereto as Exhibit A. Although labeled "supplemental," the Report proffers opinions and analyses previously undisclosed and is in substance a sur-rebuttal not authorized by this Court's orders or Rule 26. The Report causes LAWL incurable prejudice.

Because a similar issue concerning expert reports was recently before the Court, we briefly summarize the background of this Title VII matter in which EEOC seeks relief on a theory of disparate treatment.  The burden of proof to show intentional discrimination falls on EEOC.  LAWL's legitimate business purpose behind its hiring practices was exhaustively explored by EEOC during discovery.  LAWL witnesses made it quite clear that the Company's job qualifications and hiring process are gender neutral even though they may result in more women than men being hired.  Based on discovery and the pleadings, areas of potential expert testimony include sexual stereotyping and LAWL's job qualifications and the hiring process. EEOC, however, chose to produce only one expert report – that of Ms. Sisolak, a senior economist and statistical expert employed by EEOC.  In her first report titled "Report on the Hiring of Men by LA Weight Loss Centers, Inc.", attached hereto as Exhibit B, Ms. Sisolak purports to statistically analyze LAWL's hiring process to determine if men are eliminated

Boston, MA ■ Cherry Hill, NJ ■ Harrisburg, PA ■ New York, NY ■ Norristown, PA ■ Philadelphia, PA ■ Roseland, NJ ■ Wilmington, DE
WolfBlock Government Relations - Harrisburg, PA ■ WolfBlock Public Strategies - Boston, MA and Washington, DC
Wolf, Block, Schorr and Solis-Cohen LLP, a Pennsylvania Limited Liability Partnership

The Honorable Judge Paul W. Grimm
November 22, 2006
Page 2

disproportionately at any stage. EEOC elected not to submit expert opinion to assist the jury in any other area.

On August 11, in response to Ms. Sisolak's report, LAWL presented the rebuttal reports of Drs. Leonard Cupingood, Seymour Adler and David Jones.[1] Over one month earlier, on July 5, LAWL presented the report of Dr. Margaret Stockdale, which references, critiques and to some degree relies upon Ms. Sisolak's first affirmative report. Indeed, Dr. Stockdale performs calculations based on the numbers presented in Table 13 of that report. Dr. Cupingood was deposed on September 21.

On the eve of Dr. Stockdale's deposition, LAWL was given notice that EEOC intended to serve two rebuttal reports and thereby disclose additional testifying experts. As Your Honor will recall, LAWL immediately filed an emergency motion to preclude EEOC from submitting those reports and to prevent the inevitable prejudice that would result from their untimely submission. This Court ruled that EEOC could produce rebuttal reports to Drs. Stockdale and Jones and that LAWL could provide a sur-rebuttal during deposition. The Court ordered, however, that EEOC shall bear all costs associated with LAWL's sur-rebuttal concerning Dr. Stockdale. As a consequence, EEOC chose not to serve a rebuttal report with respect to Dr. Stockdale and she was then deposed on November 1. EEOC served a rebuttal to Dr. Jones by Dr. Richard Tonowski on October 30. Dr. Adler was deposed on October 26.

During all of this activity, including the parties' call with Your Honor, EEOC never indicated that it intended to supplement Ms. Sisolak's original report with new opinions or to serve a sur-rebuttal. Now, long after LAWL provided its reports and following the depositions of Drs. Cupingood, Adler and Stockdale, EEOC attempts to pass off a sur-rebuttal report as a supplemental disclosure.

Federal Rule of Civil Procedure 26(e) requires supplementation when a party learns that in some material respect the information disclosed is incomplete or incorrect. F.R.C.P. 26(a);

---

[1] Other expert reports submitted by LAWL demonstrate the validity of LAWL's hiring system. Dr. Seymour Adler, for example, performed a validation study for LAWL and identified the core competencies for LAWL's business. He then conducted a study of the recruiting process and provided an expert report. Dr. Robert Tannenbaum performed a study of LAWL's clients and concluded that emotional connection is a critical aspect of the success of LAWL's program and the success of its business. Dr. Margaret Stockdale reviewed the literature on gender studies and concluded that those studies showed that more women would generally have the core competencies required for an LAWL position. PriceWaterhouseCoopers assessed the damage claims of the designated Phase I Claimants.

The Honorable Judge Paul W. Grimm
November 22, 2006
Page 3


<u>Luma Corp. v. Stryker Corp.</u>, 226 F.R.D. 536, *18-20.  A party may not, however, use a supplemental report to disclose information that should have been contained in the initial expert report, thereby circumventing the requirement for a timely and complete expert witness report.  Moore's Federal Practice, "Supplementation of Disclosures and Responses," Civil § 26.131 (2006).  Failures of omission because an expert did an inadequate job or their preparation was incomplete are not correctable through invocation of Rule 26(e).  <u>Luma Corp.</u>, 226 F.R.D. at *18-20.  To construe "supplemental" to apply whenever a party wants to bolster or submit additional expert opinions would "reek havoc in docket control and amount to unlimited expert opinion preparation."  <u>Id.</u> (citing <u>Akeva L.L.C. v. Mizuno Corp.</u>, 212 F.R.D. 306, 309 (M.D.N.C. 2002)).

The Report at issue here does not qualify as a supplement under Rule 26(e) and is therefore outside the scope of both the Federal Rules of Civil Procedure and this Court's October 20, 2006, Order ("Order").  First, the Report is a direct response to Dr. Cupingood's critique of Ms. Sisolak.  In his report titled "An Analysis of the Statistical Report of Elvira Sisolak," Dr. Cupingood points out several flaws in Table 13 of Ms. Sisolak's original report, one of which is her  failure to distinguish between applicants who were offered employment and accepted the offer, and those who were offered employment but declined.  Now, after having deposed Dr. Cupingood and cross-examined him on his analysis, EEOC submits the Report with an altered Table 13 including these classifications under the total "Offered Jobs."  Exhibit A at pp. 1-4.

Further, relying on several factors selected and discussed at length by Dr. Cupingood in his report and at deposition – namely, job sought, timing and geography –  Ms. Sisolak performs an entirely new examination called the Cochran-Mantel-Hansel analysis, and concludes that the statistically significant differences it yields comport with her analysis of the new Table 13.  Exhibit A at p. 4.  Ms. Sisolak neither performs nor even mentions the Cochran-Mantel-Hansel analysis in her original report.  <u>See generally</u> Exhibit B.

Second, the Report is conspicuously silent about the fact that revised Table 13 takes account of two new types of data:  (a) totals for Prescreened and Applicant Halted Process; and (b) Interview Scheduled and Declined.  Exhibit A at p. 1.  The new totals and data categories used in the Report result in a number of new calculations that do not appear in Ms. Sisolak's original report.  Exhibits A and B at Appendix C.  In fact, the number of calculations based on Table 13 jumped from six to twenty-two.  <u>Id.</u>  All of LAWL's experts based the analyses in their reports on Ms. Sisolak's original report, data and calculations.

Third, the Report allegedly expands Table 13 of Ms. Sisolak's original report to include information concerning in excess of 100,000 applicants based on a "more recent file."  Exhibit A at p. 1.  The Report fails to mention, however, that expanded Table 13 is founded on data

The Honorable Judge Paul W. Grimm
November 22, 2006
Page 4

produced to EEOC *before* Ms. Sisolak completed her original report. See May 18, 2006, letter to Ronald Phillips from Aliza Karetnick enclosing LACD 282, attached hereto as Exhibit C. The nature and type of information in the "more recent file" is identical to the file Ms. Sisolak examined in her original report. EEOC simply neglected to take advantage of the larger and more complete data set.

Where, as here, an expert report contains information and opinions that should have been disclosed initially, it is not in conformity with Rule 26(e) and was submitted in violation of the agreed upon and ordered schedule in the case. To determine if the Report should be excluded pursuant to Federal Rule of Civil Procedure 37, the Court of Appeals for the Fourth Circuit applies the five-factor test articulated in Southern States Rack and Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592 (4th Cir. 2003). The factors are: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence. Id. at 596-97.

Under the Southern States factors, this Court should preclude the Report. LAWL could never have anticipated EEOC would produce a sur-rebuttal report over 60 days after LAWL served its last expert report and after the depositions of Drs. Cupingood, Adler and Stockdale were completed. Moreover, LAWL believed the parties were bound by this Court's Order finalizing expert submissions and deadlines. Suffice it to say, LAWL was shocked to receive another expert report at this late stage and after resolution of the parties' previous discovery dispute involving this issue.

Although the Court has not scheduled a trial date in this matter, the prejudice flowing from EEOC's surprise report is incurable. The Report contains new tables, calculations and conclusions about which LAWL's experts have not had opportunity to comment – neither in the form of a report nor at deposition. Because the Report presents a new analysis, simply re-opening expert depositions is no cure. References to Table 13 appear throughout the expert reports. Questions regarding Table 13 and Ms. Sisolak's calculations are peppered throughout each deposition. Simply put, it would be impossible to extricate such opinion and testimony from the reports and transcripts.

Finally, EEOC cannot have a credible explanation for failing to disclose its new calculations and opinions sooner. EEOC was in possession of all the data contained in the Report before Ms. Sisolak completed her original report on May 25. If EEOC did not have sufficient time to review the "more recent data," it could have sought an extension. At a minimum, EEOC should have raised this issue during the parties' last call with the Court. In

The Honorable Judge Paul W. Grimm
November 22, 2006
Page 5

keeping with its past practice, however, EEOC did nothing but sit on its hands and wait to see if LAWL's experts would exploit the vagaries of Ms. Sisolak's report.

Instead of serving a revised report in advance of expert depositions, EEOC lay in wait until LAWL produced its witnesses and EEOC could "size up" the damage to its only affirmative expert.[2] Gaining that tactical advantage, EEOC sought additional expert opinion to ambush LAWL's experts. This process of reply and sur-reply is not contemplated by the Order, which was jointly stipulated to by the parties and entered by the Court. Nor is it contemplated by Rule 26. Such an "ambush" is precisely what the 1993 revision of the Federal Rules of Civil Procedure attempts to eliminate.

Accordingly, LAWL respectfully requests a conference call at Your Honor's earliest convenience, at which time it will ask that an order be entered precluding EEOC from using or in any way relying upon the Report. We are informed by counsel for EEOC that they are available for a call on Monday, November 27.

Respectfully submitted,

David E. Landau

ARK
Enclosures

cc:    Ronald L. Phillips (via fax and first class mail) (w/ enclosure)
       Bruce J. Harrison (w/ enclosure)
       Aliza R. Karetnick (w/ enclosure)

---

[2] Dr. Margaret Stockdale's report was produced on July 5, months before her deposition was taken. Drs. Cupingood's and Adler's reports were produced on August 11, several weeks before their depositions.

PHL:5486699.1/LAW024-158357