

1650 Arch Street, 22nd Floor, Philadelphia, PA 19103-2097
Tel: (215) 977-2000 ■ Fax: (215) 977-2740 ■ www.WolfBlock.com

David E. Landau
Direct Dial:      (215) 977-2052
Direct Fax:(215) 405-2952
E-mail:    dlandau@wolfblock.com

November 28, 2006

**VIA FAX AND ELECTRONIC FILING**
The Honorable Paul W. Grimm
United States District Court
for the District of Maryland
101 West Lombard Street
Baltimore, MD 21201

    Re:    EEOC & Kathy Koch v. LA Weight Loss Centers, Inc.,
            Case No.: WDQ-02-CV-648

Dear Judge Grimm:

       This letter constitutes LA Weight Loss Centers, Inc.'s ("LAWL") reply to EEOC's response to the motion to exclude the November 14, 2006, expert report by Elvira Sisolak ("Report"). EEOC's position can be summed up in a single sentence: The Report is supplemental under Federal Rule of Civil Procedure 26(e) because its conclusions are identical to those articulated in Ms. Sisolak's original report. EEOC is wrong.

       Contrary to EEOC's position, Rule 26(e) requires supplementation when a party learns that in some material respect the information disclosed is *incomplete* or *incorrect*, not when a party desires to render alike opinions based on new analyses or different methodology. F.R.C.P. 26(a); Luma Corp. v. Stryker Corp., 226 F.R.D. 536, *18-20 (S.D.W.V. 2005). To read Rule 26(e) as EEOC does would mean that expert discovery could continue *ad infinitum*. Indeed, it would render expert discovery schedules and the process of report-rebuttal meaningless – parties would be entitled to bolster expert opinions at will. Id. (citing Akeva L.L.C. v. Mizuno Corp., 212 F.R.D. 306, 309 (M.D.N.C. 2002)("To construe supplementation to apply whenever a party wants to bolster or submit additional expert opinions would reek havoc in docket control and amount to unlimited expert opinion preparation.")).

       To buttress its argument, EEOC relies heavily on this Court's opinion in Tucker v. Ohtsu Tire & Rubber Co., 49 F.Supp.2d 456 (D. Md. 1999), contending that it is analogous to the case at bar. EEOC overstates the applicability of Tucker. In Tucker, plaintiff's expert produced a report with a limited number of conclusions lacking in scientific testing.

PHL:5489753.1/LAW024-158357

The Honorable Paul W. Grimm
November 28, 2006
Page 2

Defendant's counsel deposed plaintiff's expert and, during the course of deposition, plaintiff's expert testified to two new opinions beyond the scope of his report. Consequently, defendant's attorney asked the expert if "he had a 'current contemplation' of performing any future tests, to which he replied . . . subject to what is revealed by discovery, then I may." Id. at 459. Based on that answer, defendant's counsel ended the deposition by "reserving the right" to re-depose the expert on any additional work he did, or changes in opinions he reached. Predictably, plaintiff's expert then produced a supplemental Rule 26(a)(2)(B) disclosure incorporating the opinions articulated in his deposition and underscored by scientific testing. Defendant had not, at that point, submitted a rebuttal report. Because defendant was aware from the expert's deposition that the expert had reached additional conclusions, and because the expert's supplemental report did nothing more than reflect those conclusions, this Court did not grant defendant's motion to exclude the supplemental report.

Unlike the situation in Tucker, the Report at issue here is a direct response to LAWL's rebuttal experts and is based on information that EEOC already had in its possession at the time Ms. Sisolak issued her original report. Ms. Sisolak's failure to distinguish between applicants who were offered employment and accepted the offer, and those who were offered employment but declined, as well her failure to take account of job sought, timing and geography, are *omissions* for which EEOC should not be allowed to "makeup" after LAWL's rebuttal experts have testified. Further, as a labor economist and statistician, Ms. Sisolak was no doubt familiar with the Cochran-Mantel-Hansel analysis when she authored her original report. Ms. Sisolak chose not to employ this analysis in her first report and EEOC should not now be permitted to fix that inadequacy after it was exploited by LAWL's experts.

EEOC's reliance on Gilbane Building Co. v. Downers Grove Community H.S. Dist. No. 99, 2005 WL 838679 (N.D. Ill.), is similarly misplaced and actually supports LAWL's argument that the Report is not supplemental. In Gilbane, plaintiff submitted a second report written by a new expert to bolster plaintiff's first expert report. In response to defendant's motion to exclude, plaintiff argued that the second report should not be stricken because it builds upon the "core opinions" expressed in the original report. Id. at *8. The court soundly rejected plaintiff's argument, stating that "although there is a link between the original Expert Report and the [Second] Report, the [Second] Report significantly expands upon the original Expert Report. . . The extensive nature of the additional information persuades the court the [Second] Report is closer to a new report than a supplemental report." Id.

As in Gilbane, EEOC's Report includes far-reaching new information. By EEOC's admission, the Report is based on a data set twice as large as that used in Ms. Sisolak's original report and contains over three times the number of statistical calculations. Further, it includes entirely new tests that were not even referenced previously. See Akeva, LLC, 212 F.R.D. at 311

The Honorable Paul W. Grimm
November 28, 2006
Page 3

(expert report reflecting results of new test excluded because not supplemental under Rule 26(e)). Accordingly, the Report should be excluded.

EEOC argues unpersuasively that LAWL is not prejudiced by the Report because "Ms. Sisolak does not drastically revise the analysis of her original report [and] does not discuss the vast majority o the matters set forth in her original report, instead focusing on certain limited matters related to Table 13. . ." Response at p. 2. EEOC further contends that any prejudice is ameliorated by the fact that Ms. Sisolak has not yet been deposed. Id. at 4. EEOC misses the mark. Where, as here, an expert report contains information and opinions that should have been disclosed initially, it is not in conformity with Rule 26(e) and was submitted in violation of the agreed upon and ordered schedule in the case. The prejudice from EEOC's violation of the bifurcated expert discovery schedule, which contemplates that EEOC – the party with the burden of proof – will serve its reports, followed by LAWL's expert disclosures, is incurable. The Report directly affects the analyses, calculations and opinions contained in the reports of LAWL's experts – Drs. Cupingood, Stockdale, Adler and Jones. Because the Report presents a new analysis, simply re-opening expert depositions is no cure. References to Table 13 appear throughout the expert reports. The Reports of Drs. Cupingood, Stockdale and Jones even contain calculations and data sets based on Ms. Sisolak's original Table 13. Questions regarding Table 13 and Ms. Sisolak's original calculations are peppered throughout each deposition. To disentangle expert opinion and testimony from the reports and transcripts would be impossible.

Finally, EEOC's failure to seek leave of Court to serve an additional report before LAWL's experts were disclosed or produced for deposition is unjustifiable, and its excuse that Ms. Sisolak is the "only EEOC staff labor economist available to EEOC field offices for expert testimony services" is unavailing. If EEOC did not have sufficient time to review the "more recent data," it should have sought an extension or raised this issue with the Court. EEOC did not do so, and now seeks to prejudice LAWL with its own failure. This Court should grant LAWL's motion to exclude the Report.

Respectfully submitted,

*David E. Landau*

David E. Landau

ARK

cc: Ronald L. Phillips (via fax and first class mail) (w/ enclosure)
Bruce J. Harrison (w/ enclosure)
Aliza R. Karetnick (w/ enclosure)

PHL:5489753.1/LAW024-158357