# EXHIBIT EE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION, )
 )
    Plaintiff, )
 )
and )
 )
KATHY C. KOCH, )   Case No. WDQ-02-CV-648
 )
    Plaintiff-Intervenor, )
 )
v. )
 )
LA WEIGHT LOSS, )
 )
    Defendant. )
_____)

## DECLARATION OF JOY FREATHY

I, Joy Freathy, hereby state as follows:

1. I began employment with LA Weight Loss Centers, Inc. ("LA Weight Loss") as an Area Manager in approximately April of 1997. Within a few months I was promoted to Regional Manager for the region covering Maryland and Virginia. My responsibilities included, among other things, conducting a first interview of potential area managers, and conducting a second and final interview of potential center managers. My employment with LA Weight Loss ended when I was terminated in approximately December of 1999.

2. During my employment as a Regional Manager, LA Weight Loss General Manager Eileen Stankunas called me and said she was making the same call to all of the Regional Managers and that I was not to repeat the conversation to my area and center managers.

Page 1 of 3


Δπ EXHIBIT 2
Deponent Freathy
Date 2-1-05  Rptr. MS
WWW.DEPOBOOK.COM

She said Vahan Karabajakian told her that we were not allowed to hire men for any positions. I asked Ms. Stankunas if she realized that this was illegal, and she responded with words to the following effect: "Yes, but that's what Vahan wants." I asked Ms Stankunas how this was to be done. Ms. Stankunas said that when a man was referred to me for a second interview, I was to find a reason not to hire him, and make up a reason if needed. Ms. Stankunas also told me that whenever I happened to be at a center and saw résumés that had come in, I should personally look at the résumés before anyone else, remove any résumés that looked to be from men, and destroy them when I left the center.

3. At some point after the above conversation, I found out that a man had been hired in one of the centers in my region. I do not recall his name. I called Eileen Stankunas and informed her that a man had been hired in one of the centers in my region. Ms. Stankunas said to me words to the following effect: "You have to get rid of him – Vahan can never find out."

4. I personally hired another man to manage one of the centers in my region. I do not recall his name. I remember him as a very good performer. At some point, for personal reasons, he requested a transfer and/or promotion to a state outside my region. I called Eileen Stankunas and requested the transfer and/or promotion on his behalf. Ms. Stankunas denied the request, and in that conversation she said to me, in effect, that denying the request was a good way to get rid of him so as not to continue to go against Vahan Karabajakian's wishes with respect to hiring men.

5. I do not recall LA Weight Loss having any company policy with respect to record keeping. Throughout my employment, the general practice in my region was to throw away résumés of applicants we did not want to interview. Résumés of applicants who we interviewed

but did not want to hire were typically thrown away shortly after we decided not to hire the person. When someone was hired, we would send the résumé to the corporate office along with other new employee records, such as tax forms. Records related to current employees, such as discipline records, were sent to the corporate office.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 12/15/03

Joy Freathy