# EXHIBIT BB

## Mazur, Lauren M.

**From:** RONALD PHILLIPS [RONALD.PHILLIPS@EEOC.GOV]
**Sent:** Thursday, June 09, 2005 12:36 PM
**To:** Karetnick, Aliza R.; Karetnick, Aliza R.
**Subject:** RE: EEOC & Koch v. LA Weight Loss, WDQ-02-CV-648 -documentproduction

Aliza:

Glad to see you made it home safe from your long drive.

EEOC will consider the points you raise and make a decision regarding next steps in the near future. However, I have some follow-up. Regarding the second point, in the regular course how does your client determine for which market or territory the submittee is seeking employment? For example, is this determined by reference to the original job posting? (E.g., the link to the individual submission appears on a screen with the text of original job posting or with a link to the original posting?) Obviously, one item of information that both sides need to ascertain is whether production in the sample format can be achieved in a manner that also allows for ready identification of the market/region/area/territory sought. Does you client know whether this is possible? (Naturally, this is one of the reasons I inquired about the codes.) I think both parties would agree that setting aside soundness of methodology issues, manual classification of job location sought using location of residence as a proxy would be complicated.
Ron.

>>> "Karetnick, Aliza R." <akaretnick@WOLFBLOCK.com> 6/9/2005 10:43:30 AM >>>
Ron:

I write in response to your email regarding the HotJobs.com sample. First, with regard to an "original applicant response", EEOC is in possession of a number of hard copy applicant responses that can be used as comparators. LAWL is not aware if, or when, HotJobs.com changed the content of its native format documents. EEOC is welcome to view a sampling of applicant responses online. Because those online responses, however, are part of LAWL's active account, and because they are password protected, EEOC must make arrangements to review the responses at our offices in Philadelphia.

Second, information regarding the location or market to which HotJobs.com users applied was not omitted by the vendor or lost in data conversion. That information does not appear in individual HotJobs.com submissions. It is our understanding that information regarding the location or market cannot be captured by the vendor in a producible format.

Third, LAWL is not familiar with the electronic "codes" HotJobs.com employs. LAWL is not in possession of a key or any other document referencing those codes.

Fourth, we are talking to HotJobs.com to determine if they can eliminate the formatting "noise". If HotJobs.com is able to do so without deleting or altering the information visible in native format, LAWL will request that the files are "cleaned up".

LAWL is prepared to ask HotJobs.com to begin the task of converting all applications for production to EEOC. LAWL is not, however, interested in beginning that process and bearing even a portion of the expense if EEOC does not agree that conversion -- as seen in the sample -- is the best method of discovering the information. As we discussed last week, many of the questions regarding HotJobs.com applications, electronic maintenance of those applications and conversion of the electronic data for production cannot be answered by LAWL. We remain willing to make ourselves available on a mutually agreeable date for the deposition of a HotJobs.com employee.

Please advise how EEOC would like to proceed. Thank you.

Aliza Karetnick
Wolf, Block, Schorr and Solis-Cohen LLP
1650 Arch Street -- 22nd Floor
Philadelphia, PA 19103
Tel: 215-977-2124
Fax: 215-405-3724

-----Original Message-----
**From:** RONALD PHILLIPS [mailto:RONALD.PHILLIPS@EEOC.GOV]
**Sent:** Wednesday, May 25, 2005 1:58 PM
**To:** Karetnick, Aliza R.
**Subject:** EEOC & Koch v. LA Weight Loss, WDQ-02-CV-648 - documentproduction

Aliza:

I have received the sample of the HotJobs.com converted applicant data on CD-ROM. I will review the data more thoroughly. However, four points immediately come to mind:

1. I would like to see one of the original applicant responses in its native format to assess comprehensiveness.

2. I observe that the data does not include information about the location or the market for which the individual is applying. Was this unintentional omission by the vendor, or is there a problem with the data conversion for that data field? Is it possible for your vendor to capture that data?

3. The heading for each separate application contains certain alphabetical and numerical symbols that appear to be a code representing something (e.g., "NAME DETAILS : KATHRYN BAILEY (P637893CK)" and "JOB DETAILS : SALES COUNSELOR (U045073IM <==> J173569RL).") What does this data represent, and is there a key for it somewhere?

4. Some of the applications, as converted, contain a lot of irrelevant "noise" in the form of data pertaining to formatting codes ("font," "width," etc.). Can your vendor remove this formatting data without damaging the actual content of the application that is visible in the native format?

Ron.