# EXHIBIT PP

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION



AUG 2 6 2002

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | * |
| Plaintiff | * |
| and | * |
| KATHY C. KOCH | * |
| Intervenor/Plaintiff | * |
| v. | Civil No. S-02-CV-648 |
| LA WEIGHT LOSS | * |
| Defendant | * |

### INTERVENOR/PLAINTIFF'S FIRST AMENDED COMPLAINT

Intervenor/Plaintiff Kathy C. Koch, by her undersigned attorneys, hereby files this Intervenor/Plaintiff's First Amended Complaint against Defendant LA Weight Loss. Ms. Koch brings this action for unlawful employment practices and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 and Title I of the Civil Rights Act of 1991, 42 U.S.C. §§ 1981a and 1988. The Defendant has been sued by the U.S. Equal Opportunity Commission ("EEOC"), and Ms. Koch has intervened in this lawsuit under Rule 24 of the Federal Rules of Civil Procedure and 42 U.S.C. § 2000e-5(f) to protect her interests in recovery of damages, attorneys' fees and punitive damages, and address common issues of law and fact. In support of her Complaint of Intervenor/Plaintiff, Ms. Koch alleges the following:

1. Ms. Koch hereby incorporates by reference all the allegations set forth in the Complaint in this action filed by the U.S. Equal Employment Opportunity Commission ("EEOC") on February 28, 2002.

702865.1

## THE PARTIES

2. Intervenor/Plaintiff Kathy C. Koch is a female resident of the State of New York, residing at One West View Drive, Upper Brookville, New York 11771, and is expressly authorized to intervene in this action by Section 706(f) of Title VII, 42 U.S.C. § 2000e-5(f).

3. Plaintiff EEOC is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 406(f)(1) and (3) and 707 of Title VII, 42 U.S.C. §§ 2000e-5(1) and (3) and 2000e-6.

4. At all relevant times, Defendant LA Weight Loss Centers, Inc. ("LA Weight Loss" or "Defendant") has continuously been a Pennsylvania corporation doing business in the State of Maryland, and with principal place of business at 225 Business Center Drive, Suite 150, Horsham, Pennsylvania 19044.

5. At all relevant times, the Defendant has employed at least fifteen employees, has engaged in an industry affecting commerce under Sections 701 (b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g) and (h), and has been an employer under Section 701 (b) of Title VII, 42 U.S.C. § 2000e(b).

## JURISDICTION AND VENUE

6. The Court has federal question jurisdiction over this complaint under 28 U.S.C. § 1331 because the case arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 and Title I of the Civil Rights Act of 1991, 42 U.S.C. §§ 1981a and 1988.

7. The Court may exercise personal jurisdiction over LA Weight Loss because it is a corporation registered to do business in the State of Maryland that regularly conducts its business

in this State, and because a substantial part of the events or omissions giving rise to the claim occurred in this district.

8. Venue lies in this judicial district under 28 U.S.C. § 1391, because LA Weight Loss conducts business in this district and in this State, and because a substantial part of the events or omissions giving rise to the claim occurred in this district.

9. Ms. Koch filed a timely Charge of Discrimination with EEOC, which has found there to be Reasonable Cause to believe that the Defendant discriminated against Ms. Koch with respect to discipline and discharge in violation of Title VII. The EEOC has filed a timely lawsuit, which is the main action in this case.

## BACKGROUND FACTS

10. Between approximately November 1997 and March 1998, LA Weight Loss employed Ms. Koch as an Area Corporate Trainer. As part of her job duties, Ms. Koch placed advertisements for, and interviewed prospective employees to work as counselors for LA Weight Loss.

11. In or around November of 1997, LA Weight Loss held orientation sessions during which Ms. Koch was trained in LA Wight Loss's corporate and employment practices. During this orientation, Ms. Koch and the other women being trained as Area Corporate Trainers were told that, as a practice, LA Weight Loss did not hire men as counselors.

12. Ms. Koch disagreed with this policy and, during the course of her employment with LA Weight Loss, she attempted to interview several men and passed several male names on to her supervisor. On several occasions, Ms. Koch was rebuked in her attempts to interview or hire men.

13. After Ms. Koch continued to refuse to adhere to LA Weight Loss's unlawful hiring practices, LA Weight Loss took a series of adverse employment actions against Ms. Koch, including but not limited to interfering with her ability to perform her job duties and disciplining her for failing to perform her interfered with duties.

14. On or before March 9, 1998, Ms. Koch sent a letter, dated March 8, 1998, to the Baltimore Office of the EEOC, complaining of the Defendant's hiring practices. Also, on or before March 9, 1998, Ms. Koch informed the Defendant that she had "initiated a formal complaint with the U. S. Equal Employment Opportunity Commission to protest the employment policies of L A Weight Loss Centers."

15. On or after March 12, 1998, LA Weight Loss fired Ms. Koch.

16. LA Weight Loss fired Ms. Koch in response to Ms. Koch's efforts to complain to the EEOC.

17. The effect of LA Weight Loss's conduct was to deprive Ms. Koch of equal employment opportunities and otherwise affect her status as an employee.

Count I
42 U.S.C. §§ 2000e-3 and 2000e-5(k), 42 U.S.C. § 1981(a)
Unlawful Retaliation

18. All preceding paragraphs are incorporated into this Count I as if fully set forth herein.

19. LA Weight Loss fired and took other adverse employment actions against Ms. Koch because she opposed a practice made an unlawful employment practice by Title VII of the Civil Rights Act of 1964 and/or because she made a "Charge" to the EEOC.

20. The Defendant's conduct caused Ms. Koch damages in the form of lost wages, medical expenses, attorneys' fees and expenses, and emotional distress in the form of extreme stress, headaches, sleeplessness and bouts of clinical depression.

21. The Defendant's conduct was intentional.

22. The Defendant's conduct caused Ms. Koch humiliation and embarrassment.

23. The Defendant's conduct was systemic, extreme and outrageous, willful, and/or malicious, and in reckless violation of a federally protected right of Ms. Koch.

WHEREFORE, Intervenor/Plaintiff Kathy C. Koch respectfully requests that the Court award to Ms. Koch and against the Defendant LA Weight Loss Centers lost wages, compensatory damages, punitive damages, attorneys' fees and expenses in the maximum amount and as determined at trial, and grant any other form of relief as the Court deems appropriate.

### PRAYER FOR JURY TRIAL

Plaintiff Kathy C. Koch hereby requests a trial by jury of all issues raised by the pleadings herein and triable of right to a jury

Respectfully submitted,

*/s/ Kelly C. Hoelzer/kw*
Kelly C. Hoelzer, Bar No. 25545
Pamela J. White, Bar No. 00181
OBER, KALER, GRIMES & SHRIVER
A Professional Corporation
120 East Baltimore Street
Baltimore, Maryland 21201
(410) 685-1120
(410) 547-0699 (by facsimile)

Attorneys for Intervenor/Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this ___22nd___ day of August, 2002, a copy of the foregoing Intervenor/Plaintiff's First Amended Complaint was mailed, first-class postage prepaid, to:

Gerald S. Kiel, Esquire
Tracy Hudson Spicer, Esquire
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Baltimore District Office
10 South Howard Street
Baltimore, Maryland 21201

Attorneys for the Plaintiff

Elizabeth Torphy-Donzella
SHAWE & ROSENTHAL, LLP
20 S. Charles Street, 11th Floor
Baltimore Maryland 21201

David E. Landau, Esquire
David L. Gollin, Esquire
WOLF, BLOCK, SCHORR AND SOLIS-COHEN, LLP
1650 Arch Street, 22nd Floor
Philadelphia, Pennsylvania 19103

Attorneys for the Defendant

_____
Kelly C. Hoelzer