# EXHIBIT YY

LEXSEE 2003 U.S. DIST. LEXIS 25145

SCOTT SUMNER SEGAL and ROBIN J. DAVIS, Plaintiffs, v. L.C. HOHNE
CONTRACTORS, INC. t/a HOHNE POOLS, Defendant.

Civil Action No. 2:02-1260

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF
WEST VIRGINIA, CHARLESTON DIVISION

2003 U.S. Dist. LEXIS 25145

September 11, 2003, Decided
September 11, 2003, Filed

**SUBSEQUENT HISTORY:** Summary judgment denied by *Segal v. L.C. Hohne Contrs., Inc.,* 2003 U.S. Dist. LEXIS 25144 (S.D. W. Va., Sept. 24, 2003)
Affirmed by, Sanctions disallowed by *Segal v. L. C. Hohne Contrs., Inc.,* 303 F. Supp. 2d 790, 2004 U.S. Dist. LEXIS 764 (S.D. W. Va., 2004)

**DISPOSITION:** Magistrate recommended that plaintiffs' motion for sanctions be denied.

**COUNSEL:** [*1] For SCOTT SUMNER SEGAL, an individual, ROBIN DAVIS, plaintiffs: David A. Barnette, Mark D. Clark, Christina T. Brumley, JACKSON KELLY, Charleston, WV.

For L.C. HOHNE CONTRACTORS, INC. TA/HOHNE POOLS, a Maryland Corporation, defendant: John C. Yoder, Harpers Ferry, WV. Matthew G. Hjortsberg, Robert R. Bowie, Jr., BOWIE & JENSEN, Towson, MD.

For MARY E. STANLEY, Mag. Judge, Mediator, interested party: Mary E. Stanley, Mag. Judge, ROBERT C. BYRD UNITED STATES COURTHOUSE, Charleston, WV.

For L.C. HOHNE CONTRACTORS, INC. TA/HOHNE POOLS, counter-claimant: John C. Yoder, Harpers Ferry, WV. Matthew G. Hjortsberg, Robert R. Bowie, Jr., BOWIE & JENSEN, Towson, MD.

For SCOTT SUMNER SEGAL, ROBIN DAVIS, counter-defendants: David A. Barnette, Mark D. Clark, Christina T. Brumley, JACKSON KELLY, Charleston, WV.

**JUDGES:** Mary E. Stanley, United States Magistrate Judge.

**OPINION BY:** Mary E. Stanley

**OPINION:**

PROPOSED FINDINGS AND RECOMMENDATION

Currently pending before the court is Plaintiffs' Motion for Entry of Default Judgment and Sanctions (docket sheet document # 106), filed July 29, 2003, and supported by a memorandum ("Pl. Mem.," # 107). Defendant filed a response in opposition ("Response, [*2] " # 115), and Plaintiffs filed a Reply (# 116). The presiding District Judge referred the Motion to the undersigned by Order entered July 30, 2003 (# 108).

Plaintiffs contend that their Motion should be granted for four reasons:

1. Defendant has given false answers to interrogatories;

2. Defendant has given false answers to deposition questions;

3. Defendant has hidden a witness; and

4. Defendant has attempted to create a "presumption of expertise" in the construction of vanishing edge pools, which is unwarranted.

Case 1:02-cv-00648-WDQ   Document 183-51   Filed 05/04/2007   Page 3 of 13

Page 2
2003 U.S. Dist. LEXIS 25145, *2

Defendant argues that Plaintiffs have improperly filed the Motion, because *Rule 37, Fed. R. Civ. P.*, does not authorize sanctions under these circumstances. (Response, at 4.) Defendant asserts that the answers to Interrogatories 3 and 6 do not contain "false testimony," and are truthful, that Gary Hohne and Cindy Kohls did not give false answers to deposition questions, that Defendant did not attempt to hide a witness, and that imposition of sanctions is not appropriate. (Id., at 6-14.)

Plaintiffs contend that their Motion is procedurally correct and that a serious sanction like default judgment should be imposed against [*3] Defendant. (Reply.)

The court will first address whether Defendant engaged in conduct which is improper.

**Answers to Interrogatories**

Plaintiffs contend that Defendant's President, Gary Hohne, gave false and misleading answers to Interrogatories 3 and 6 concerning the installation and proper curing of shotcrete at Plaintiffs' pool.

Interrogatory 3 sought identification of the persons involved in the installation, and the steps taken to cure the shotcrete properly. Defendant answered as follows:

> * * * To the best of Hohne's knowledge and belief, Superior Shotcrete, Inc. employed Ed Erdman, Rick Boynton, Vince Volinski and Dan Johnson to perform the shotcrete installation. * * *
>
> Josh Garrigan, David Cool and Cliff Daugherity were present from Hohne when the shotcrete was installed. Cliff Daugherity and David Cool met with Scott Segal, a representative from Wiseman Construction and the parents of Robin Davis [Delores Jean Davis and Ott Davis] to discuss curing the pool and other maintenance issues. Wiseman Construction, Mr. Segal, and Ms. Davis had requested that Hohne leave the job site upon completion of the shotcrete installation so that work could begin on the house. [*4] Hohne's employees, primarily Mr. Daugherity explained that, depending upon the weather, the pool should be hosed down each day for a period of seven days to cure the concrete. Wiseman Construction agreed to perform this task because they were going to continue to be on site. Upon information and belief, much of the shotcrete installation and meetings regarding care for the pool were videotaped by individuals believed to be Ms. Davis's parents.

(Pl. Mem., at 3).

Interrogatory No. 6 asked Defendant to "describe any evidence . . . that [Hohne] instructed Mr. Segal, Wiseman Construction or the parents of Ms. Davis to hose down the pool to cure the concrete." Defendant answered:

> * * * Defendant states that David Cool was present when Cliff Daugherity, a representative from Wiseman, Delores Jean Davis and her husband discussed the curing process, specifically, to hose down the pool each day for seven days. An individual who was working on the job site, believed to be from Wiseman, agreed to perform the work. Upon information and belief, Mr. and Mrs. Davis may have videotaped the shotcrete application and this discussion. Cindy Kohls then confirmed with Cliff Daugherity that [*5] he instructed the owner to cure the pool. Hohne's routine practice is to advise owners to cure the concrete shell.

(Id., at 3-4.)

Plaintiffs claim that the answers are false because Mr. Daugherity has provided an affidavit which states:

> 6. I do not remember myself or anyone in my crew having any conversations with Delores Jean Davis, Ott Davis, Wiseman Construction, any of the employees of Wiseman Construction, or any other individuals regarding curing of the shotcrete applied to the pool built for Mr. Segal in October 1999.
>
> 7. I told Cindy Kohls at Hohne that I did not remember myself or anyone in my crew discussing with Delores Jean Davis,

Case 1:02-cv-00648-WDQ   Document 183-51   Filed 05/04/2007   Page 4 of 13

Page 3
2003 U.S. Dist. LEXIS 25145, *5

> Ott Davis, Wiseman Construction, any of the employees of Wiseman Construction, or any other individuals regarding curing of the shotcrete applied to the pool built for Mr. Segal in October 1999.

(Pl. Mem., at 4.) Plaintiffs further claim that the falsity of the answer to Interrogatory No. 3 is shown by the deposition testimony of Josh Garrigan and Ed Erdman. Mr. Garrigan was asked if he talked to various people about "pool-related matters." With respect to Mr. Segal, Ms. Robin Davis, Mrs. Delores Jean Davis, Ott Davis, [*6] foremen or supervisors from Wiseman, and union guys, Mr. Garrigan replied, "Not that I remember." (Id., at 5.) Mr. Erdman testified that he was "unaware of any arrangements for the curing of the shotcrete." (Id.)

Plaintiffs further argue that the falsity of the answers to Interrogatory Nos. 3 and 6 is supported by the inconsistency of Gary Hohne's deposition testimony when he testified first that "Josh Garrigan told me that [the Segals were directed by our crew to cure the concrete shell after it was installed], and, after a break, testified that he thought it was Dave Cool and Cliff Daugherity who were "present at a meeting with employees of Wiseman regarding wetting the pool down." (Id., at 6.)

Plaintiffs note that Cindy Kohls, a Hohne employee, testified that she told Mr. Daugherity to instruct Plaintiffs regarding curing the pool, but that she could not verify that Daugherity did in fact so instruct Plaintiffs. (Id.)

Finally, Plaintiffs assert that there is no videotape of a meeting regarding the need to cure the shotcrete, and that contemporaneous notes taken by Delores Davis contain no reference to such a meeting. Plaintiff Scott Segal, Delores Jean Davis, [*7] and the site supervisor for Wiseman Construction all deny, under oath, that such a meeting took place with anyone from Hohne, that they agreed to undertake the hosing of the shotcrete, and that they asked Hohne to leave the job site. (Id., at 7; Ex. 7.)

Defendant contends that Hohne's answers to Interrogatories 3 and 6 are truthful, and that witness David Cool confirms the accuracy of the answers. Defendant points out that the answers to Interrogatories 3 and 6 were based on information provided by David Cool and Cindy Kohls, not by Cliff Daugherity, Ed Erdman or Josh Garrigan. (Response, at 6-9.) Defendant attached to its Response, the affidavit of David Cool, which states as follows:

> 4. We performed this work in the fall of 1999. During the application of the shotcrete, Cliff Daugherity and I met with Mr. and Mrs. Davis, who I understood to be the parents of Robin Davis, a representative from the builder and Scott Segal to discuss maintenance of the shotcrete shell. Cliff and I informed them that depending upon the weather they should hose the shotcrete shell down at least once a day for seven days to properly cure the shotcrete. Based upon our discussions, we understood [*8] that a representative from the builder would take care of this work.

(Response, Ex. C.) Defendant also attached a portion of Cindy Kohls' deposition transcript, in which she states that "I had a conversation with Cliff at one point, I don't remember which day it was, to remind them to hose the pool down. He said he had." (Id., Ex. B, at 57.)

Plaintiffs argue that Cindy Kohls "maneuvered around the truth" and that David Cool is "the most unreliable of Hohne's witnesses." (Reply, at 3-4.) They contend that they have presented "overwhelming evidence to the contrary," and vouch for the accuracy of Mrs. Delores Davis's notes. (Id., at 5.)

At most, Plaintiffs have demonstrated that the witnesses have differing recollections about whether a meeting took place, and what was said if a meeting did take place. Other witnesses have no recollection at all. Plaintiffs' argument suggests that some of the witnesses may be impeached. It is for the factfinder to decide the credibility of the witnesses on this disputed point.

The undersigned proposes that the presiding District Judge FIND that Plaintiffs have failed to show that Defendant, or its President, Gary Hohne, made false answers [*9] to Interrogatories 3 and 6.

**Deposition Questions**

Plaintiffs' Motion asserts that Hohne gave false testimony during depositions, and Plaintiffs' Memorandum charges that certain of Hohne's employees gave false testimony. (Motion, at 1; Pl. Mem., at 1.) The only specific allegation of false deposition testimony is Plaintiffs' assertion that Gary Hohne testified falsely with

Case 1:02-cv-00648-WDQ   Document 183-51   Filed 05/04/2007   Page 5 of 13

Page 4
2003 U.S. Dist. LEXIS 25145, *9

respect to lawsuits which were filed against him personally. (Pl. Mem., at 10.) n1 Mr. Hohne testified that the only time he was "personally sued" is when he was sued for divorce. (Id.) Plaintiffs' investigation has revealed that Mr. Hohne was named as an individual defendant at least four times in addition to his divorce. (Id.; Ex. 10.)

> n1 The conclusory allegation in Plaintiffs' Memorandum, at page 19, that Cindy Kohls gave false deposition testimony, is not otherwise detailed or supported.

Defendant contends that Plaintiffs identified only three lawsuits which named Gary Hohne as an individual defendant, and that the three [*10] lawsuits were substantively against Hohne Pools, were served on Hohne Pools' business address, and were dismissed. (Response, at 12-13.)

Plaintiffs reiterate that the outcome of the three suits was based on settlement and that Gary Hohne testified falsely. (Reply, at 7-8.)

Gary Hohne's testimony that he had not been "personally sued" other than for divorce was technically incorrect. The question as posed, however, was ambiguous, and could reasonably have been understood to concern lawsuits over personal, not business, matters (e.g., a motor vehicle accident while on vacation). The three lawsuits located by Plaintiffs clearly relate to the business of Hohne Pools and not to Gary Hohne's personal life.

The undersigned proposes that the presiding District Judge **FIND** that Plaintiffs have failed to show that Gary Hohne gave false deposition testimony.

### "Hidden" Witness

Plaintiffs allege that Defendant named Cliff Daugherity as a possible witness in its *Rule 26(a)* disclosures, and as an expert in its *Rule 26(b)* disclosures, but Defendant has been unable to locate him or to provide contact information for him. (Pl. Mem., at 7.) Plaintiffs located Mr. Daugherity and obtained [*11] two affidavits from him, which state that he does not remember a meeting about curing the shotcrete shell. (Id., at 4, 8.) Defendant's employee Cindy Kohls testified that she had a personal relationship with Daugherity and was able to get a message to him. (Id., at 8-9.) On this basis, Plaintiffs contend that Defendant and its counsel "had the knowledge to locate Mr. Daugherity." (Id.)

Defendant asserts that it timely disclosed Daugherity's identity and his last known address, and that it has no other information regarding Daugherity's whereabouts. (Response, at 10.) In support of this assertion, Defendant provided the affidavit of Cindy Kohls, which states that Daugherity was laid off in October, 2002, and that:

> 6. The Berlin, Maryland address provided by Mr. Daugherity to Plaintiffs' counsel is not accurate. A friend of Mr. Daugherity lives there and not Mr. Daugherity. Mr. Daugherity has claimed this address from time to time for various reasons. Mr. Daugherity has also used other addresses from time to time. However, based upon personal knowledge, the Emmitsburg address provided to plaintiffs is the best address we have for Mr. Daugherity. We have no current telephone [*12] number for Mr. Daugherity.
>
> 7. We have also contacted Ed Erdman to reach Mr. Daugherity but Mr. Daugherity has not returned our call.

(Response, Ex. D, at 2.) Defendant complains that when Plaintiffs learned Daugherity's whereabouts and contact information, and Defendant requested that information, Plaintiffs refused to provide it. (Id.) Defendant also quotes from Cindy Kohls' and Ed Erdman's depositions, both of which strongly suggest that Daugherity has not responded to Defendant's attempts to contact him, and that Daugherity is avoiding involvement in this litigation. (Id., at 10-12.) Defendant characterizes Daugherity as a "drifting 'boarder' in Baltimore who can only be reached by cell phone." (Id., at 12.) Apparently Plaintiffs, and not Defendant, have Mr. Daugherity's cell phone number.

Plaintiffs assert that the Berlin, Maryland address is Daugherity's legal address, and is the location to which Defendant sent his W-2 form, but that Defendant did not acknowledge that it knew this address until Plaintiffs filed the instant Motion. (Reply, at 6.) Plaintiffs also note that Defendant made no formal discovery request for

Case 1:02-cv-00648-WDQ   Document 183-51   Filed 05/04/2007   Page 6 of 13

Page 5
2003 U.S. Dist. LEXIS 25145, *12

Daugherity's contact information, although [*13] they acknowledge that counsel for Defendant wrote a letter seeking that information. (Id., n.1.)

The undersigned proposes that the presiding District Judge **FIND** that Plaintiffs have failed to show that Defendant attempted to conceal the whereabouts of its former employee Cliff Daugherity.

### "Presumption of Expertise"

Plaintiffs allege that Defendant made a fraudulent misrepresentation to them concerning its expertise in the construction of vanishing edge pools. (Pl. Mem., at 9.) Plaintiffs renew their dissatisfaction with prior rulings of the undersigned concerning the relevancy of litigation over Hohne's construction of other pools and allege that "Hohne's evasive and misleading practices evidence a pattern of bad behavior." (Id., n.4.)

Defendant notes that the undersigned has previously ruled "that lawsuits against Hohne are not relevant to Plaintiffs' claim." (Response, at 2.)

Plaintiffs do not directly address this matter in their Reply.

The undersigned proposes that the presiding District Judge FIND that Plaintiffs have failed to show that Defendant, or its counsel, engaged in sanctionable conduct with respect to this issue.

### Procedural Posture [*14]

Based on the foregoing proposed findings, it is apparent that the undersigned has concluded that the Motion is without merit and should be denied. Defendant has raised the issue of whether the Motion should have been filed at all, i.e., whether the Federal Rules of Civil Procedure provide for such a motion under the circumstances presented.

Plaintiffs filed their Motion pursuant to *Rule 37* and the inherent power of the courts, alleging that Defendant engaged in "a series of discovery abuses." (Motion, at 1; Pl. Mem., at 10.) If the court is unwilling to enter default judgment against Defendant and to strike Defendant's counterclaim, Plaintiffs request the court "to deem certain facts relating to the abusive discovery to be true and to instruct the jury regarding the false testimony given in this case." (Motion, at 2.) n2 They assert that Defendant and its counsel have acted in bad faith, resulting in prejudice to Plaintiffs. (Pl. Mem., at 17-18.) In the concluding paragraphs to their Memorandum, Plaintiffs accuse Defendant of consistently misleading the court and Plaintiffs, of engaging in intolerable conduct which "strikes at the very core of the civil justice system." (Id., [*15] at 18.) Plaintiffs seek default judgment, or entry of an order deeming certain facts to be true and payment of Plaintiffs' fees and expenses in connection with the bringing of the instant motion. (Id., at 18-19.)

> n2 The court notes that neither the amended complaint nor the amended answer demand a jury trial.

The undersigned has been responsible for supervising discovery and ruling on the numerous discovery disputes in this action. This magistrate judge believes that Plaintiffs' best argument is that some of Defendant's discovery responses may have been somewhat incomplete, and that Plaintiffs have not suffered any prejudice therefrom. *Rule 37(a), Federal Rules of Civil Procedure,* requires a party complaining of an incomplete or evasive discovery response to (1) give reasonable notice to other parties, (2) confer or attempt to confer in good faith with the party in an effort to secure the information without court action, and (3) file a motion to compel with a certification [*16] of the good faith effort to resolve the dispute. Plaintiffs failed to do each of these three required steps.

*Rule 37(b),* cited by Plaintiffs, is entitled, "Failure to Comply With Order." Plaintiffs did not apply for an order; they proceeded straight to a motion for sanctions. The sanctions requested by Plaintiffs may be imposed "if a party . . . fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule . . . ." Defendant has not failed to obey an order to provide or permit discovery.

Plaintiffs admit that "the facts of this case do not fit neatly within any one of the Federal Rules of Civil Procedure," (Reply, at 2), but that is because Plaintiffs chose not to follow the Rules. Plaintiffs' suggestion that the court should invoke its inherent power is singularly unpersuasive, given Plaintiffs' failure to comply with *Rule 37.* This failure is particularly aggravating in light of an admonition which the court included in its Order entered May 23, 2003, which stated:

As a final matter, the court advised the parties of the expectation that in the event discovery disputes arise in the future, the parties will work in good faith [*17] to comply, not only in form but also in substance, with *Rule 37(a)(2)*'s requirement related to conferring in good faith in an attempt to resolve discovery disputes.

It is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Plaintiffs' Motion for Entry of Default Judgment and Sanctions (# 106). It is further **RECOMMENDED** that if the presiding District Judge renders judgment in favor of Plaintiffs as to Count Two, Enforcement of the Settlement Agreement, and awards Plaintiffs payment of their attorneys' fees, that Plaintiffs' attorneys' fees and expenses associated with the filing of the instant Motion be **EXCLUDED** because the Motion was neither procedurally proper nor substantially justified.

The parties are notified that this Proposed Findings and Recommendation is hereby FILED, and a copy will be submitted to the Honorable Charles H. Haden II. Pursuant to the provisions of *Title 28, United States Code, Section 636(b)(1)(B)*, and *Rules 6(e)* and *72(b), Federal Rules of Civil Procedure*, the parties shall have three days (mailing/service) and then ten days (filing of objections) from the [*18] date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 88 L. Ed. 2d 435, 106 S. Ct. 466 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984)*. Copies of such objections shall be served on opposing parties, Judge Haden, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to counsel of record.

Sept. 11, 2003

Date

Mary E. Stanley

United States Magistrate Judge

LEXSEE 303 F SUPP 2D 790

SCOTT SUMNER SEGAL, and ROBIN DAVIS, Plaintiffs, v. L. C. HOHNE CONTRACTORS, INC., TA/HOHNE POOLS, a Maryland corporation, Defendant.

CIVIL ACTION NO. 2:02-1260

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA, CHARLESTON DIVISION

303 F. Supp. 2d 790; 2004 U.S. Dist. LEXIS 764

January 22, 2004, Decided

**PRIOR HISTORY:** *Segal v. L.C. Hohne Contrs., Inc., 2003 U.S. Dist. LEXIS 25145 (S.D. W. Va., Sept. 11, 2003)*

**DISPOSITION:** [**1] Magistrate Judge's findings affirmed.

**COUNSEL:** For Scott Sumner Segal and Robin Davis, Plaintiffs: David Allen Barnette, Mark D. Clark, and Christina T. Brumley, Jackson Kelly, Charleston, WV.

For L.C. Hohne Contractors, Inc., Defendant: John C. Yoder, Harpers Ferry, WV.

For L.C. Hohne Contractors, Inc., Defendant: Matthew G. Hjortsberg, and Robert Bowie, Jr., Bowie & Jensen, Towson, MD.

**JUDGES:** JOSEPH R. GOODWIN, UNITED STATES DISTRICT JUDGE.

**OPINION BY:** JOSEPH R. GOODWIN

**OPINION:**

[*791] **MEMORANDUM OPINION AND ORDER**

Pending before the court is the plaintiffs' motion for entry of default judgment and sanctions [Docket 106]. The matter was referred to Magistrate Judge Mary E. Stanley. Magistrate Judge Stanley treated the plaintiffs' motion as dispositive under *Federal Rule of Civil Procedure 72(b)* and issued proposed findings and a recommendation that the court deny the plaintiffs' motion [Docket 123]. The plaintiffs timely filed objections to the findings and recommendation by the Magistrate Judge [Docket 126]. For the reasons that follow, the court **AFFIRMS** Magistrate Judge Stanley's findings.

**I BACKGROUND**

The plaintiffs, Scott Sumner Segal and Robin Davis, [**2] hired the defendant, L.C. Hohne Contractors, Inc. (Hohne), to construct a "vanishing edge" pool on the [*792] plaintiffs' property. This breach of contract case arises from the defendant's allegedly deficient construction of the pool. The court has jurisdiction over this action pursuant to *28 U.S.C. § 1332* because the parties are of diverse citizenship and the amount in controversy exceeds $ 75,000. The motion for entry of default judgment and sanctions presently before the court is the latest in a series of discovery disputes between the parties. In their motion, the plaintiffs claim that the defendant gave false answers to interrogatories, testified falsely in response to deposition questions, attempted to conceal a witness, and attempted to create an unwarranted presumption of its expertise in constructing vanishing edge pools. *See generally* Plaintiffs Scott Sumner Segal and Robin J. Davis' Motion for Entry of Default Judgment and Sanctions [Docket 106].

The plaintiffs' motion was referred to Magistrate Judge Stanley, who determined that each of the plaintiffs' allegations was without merit. Proposed Findings and Recommendation (PF&R) [Docket 123] at 11. [**3] Further, the Magistrate Judge found that the plaintiffs' motion was neither substantially justified nor procedurally proper. n1 *Id.* at 11-13. Accordingly,

Case 1:02-cv-00648-WDQ   Document 183-51   Filed 05/04/2007   Page 9 of 13

Page 2

303 F. Supp. 2d 790, *792; 2004 U.S. Dist. LEXIS 764, **3

Magistrate Judge Stanley recommended that I deny the plaintiffs' motion. *Id.* at 13.

> n1 Before filing a motion for sanctions, *Federal Rule of Civil Procedure 37* requires that parties confer in good faith to come to agreement over discovery disputes and then, if necessary, a party may file a motion to compel. Here, however, the Magistrate Judge found that the parties filed the motion for sanctions without first taking these required steps. *Id.* at 12-13. Under the terms of an agreement formed by the parties prior to the commencement of this action, the prevailing party in an action between the parties is entitled to payment of attorneys' fees. Given that she found the motion to be neither procedurally proper nor substantially justified, Magistrate Judge Stanley recommended that the court exclude from the fee award the costs of bringing this motion if the plaintiffs should prevail in this case. As noted below, I find that this is an issue better left for later.

[**4]

The plaintiffs lodge objections to the following three findings of the Magistrate Judge: (1) that the plaintiffs have failed to show that Gary Hohne, the president of the defendant company Hohne, gave false deposition testimony; (2) that the plaintiffs have failed to show that the defendant attempted to conceal the whereabouts of its former employee, Cliff Daugherity; and (3) that the motion for default judgment was neither procedurally proper nor substantially justified. Plaintiffs Scott Sumner Segal and Robin J. Davis' Objections to the Proposed Findings and Recommendation of Magistrate Judge Filed September 11, 2003 (Plaintiffs' Objections) [Docket 126] at 2. The plaintiffs ask that I reject these findings and grant their motion for default judgment as a sanction for the alleged discovery abuses. *See id.* Each of the plaintiffs' objections is discussed below.

## II STANDARD OF REVIEW

As an initial matter, the defendant raises the question of which standard of review should be applied to the decision of the Magistrate Judge. A magistrate judge has the power to consider both non-dispositive and dispositive pre-trial motions, subject to two different standards of review [**5] by a district court judge. *See 28 U.S.C. § 636(b)(1)*; *Fed. R. Civ. P. 72*. Therefore, the standard of review I must apply depends upon whether the plaintiffs' motion for entry of default judgment and sanctions is dispositive or non-dispositive.

The different treatment of dispositive and non-dispositive motions is best understood by a review of the authority upon which this distinction is based. The Magistrates Act, codified at *28 U.S.C. § 636*, permits a district court judge to refer certain [*793] matters to a magistrate judge for determination. *Section 636(b)(1)(A)* gives magistrate judges the authority to "hear and determine any pretrial matter pending before the court," with the exception of motions for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. *28 U.S.C. § 636(b)(1)(A)*. [**6] Subsection (A) further states that a district court judge "may reconsider any pretrial matter [decided by a magistrate judge under this subsection] where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." n2 *Id.*

> n2 Subsection A does not specifically provide for objection by a party to a magistrate judge's order. The objection procedures for orders on non-dispositive matters were subsequently included in *Federal Rule of Civil Procedure 72(a)*, which is discussed below.

*Section 636(b)(1)(B)* provides that in regard to the eight motions expressly excepted under *§ 636(b)(1)(A)*, a magistrate judge may conduct hearings and submit to the district court judge proposed findings of fact and a recommendation for disposition. n3 *Id.* at *§ 636(b)(1)(B)*. Upon a party's objection, *§ 636(b)(1)(B)* requires that the district court conduct a *de novo* review of those portions of the proposed findings and recommendation to which objection [**7] is made. *Id.* Thus, *§ 636(b)(1) of the Magistrates Act* distinguishes between dispositive and non-dispositive motions by requiring a higher standard of review for those listed pre-trial motions that are considered to be dispositive. *See id.*

Case 1:02-cv-00648-WDQ   Document 183-51   Filed 05/04/2007   Page 10 of 13

Page 3
303 F. Supp. 2d 790, *793; 2004 U.S. Dist. LEXIS 764, **7

n3 Subsection B also applies to certain petitions for post-trial relief which are not relevant to the court's present inquiry.

This distinction is one of constitutional significance. The United States Constitution requires that Article III judges exercise final decision-making authority, and therefore, a district court judge must make the final determination on dispositive matters. *See Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1463 (10th Cir. 1988)* (citing *United States v. Raddatz, 447 U.S. 667, 683, 65 L. Ed. 2d 424, 100 S. Ct. 2406 (1980))*. After the Magistrates Act was amended to include *§ 636(b)(1)*, courts recognized the constitutional concern underlying its provisions and, as a result, did not confine the application of *§ 636(b)(1)(B)* [**8] to the eight listed motions. *See* 12 Charles Allen Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 3068.2 (2d. 1997). Rather, courts considered whether the nature of a motion was dispositive, regardless of whether the motion actually appeared on the list. *See, e.g., Long v. Lockheed Missiles and Space Co., 783 F. Supp. 249, 250 (D.S.C. 1992); Neal v. Miller, 542 F. Supp. 79, 81 (S.D. Ill. 1982)*. If a motion was determined to be dispositive in nature, a magistrate judge could not exercise decision-making power, but could only issue findings and a recommendation as provided by *§ 636(b)(1)(B). See id.* The district court would accordingly conduct a *de novo* review of those findings upon a party's objection. *See id.*

*Federal Rule of Civil Procedure 72* was passed to implement *28 U.S.C. § 636(b)(1). See* Wright & Miller, *supra*, § 3068. The drafters of the rule were aware that courts applying *§ 636(b)(1)(B)* generally considered the nature of pending motions to determine whether they were dispositive rather than merely adhering to the given [**9] list. *See id.* at § 3068.2. As a result, *Rule 72* sets forth no list of "dispositive" motions, [*794] but instead is based upon the dispositive/non-dispositive distinction long followed by the courts. *See Fed. R. Civ.P. 72. Rule 72(a)* provides that a magistrate judge may enter an order on a non-dispositive matter and if a party objects to the order, a district court judge must review it for clear error. *Id. Rule 72(b)* provides that for dispositive motions, a magistrate judge may only submit proposed findings and a recommendation to the district court judge and, upon a party's objection, the district court judge must conduct a *de novo* review of those portions of the findings and recommendation to which objection is made. *Id.* By requiring courts to consider the nature of a motion instead of providing a list of dispositive motions, *Rule 72* "permits the courts to reach commonsense decisions rather than becoming mired in a game of labels." Wright & Miller, *supra*, § 3068.2.

The plaintiffs have labeled their motion a Motion for Entry of Default Judgment and Sanctions. Magistrate Judge Stanley treated the motion as a dispositive motion, [**10] and therefore, submitted findings and a recommendation to the court. *See Fed. R. Civ. P. 72(b)*. The defendant asserts that the court should review this motion based on discovery violations for clear error rather than conducting a *de novo* review. Defendant L.C. Hohne Contractors, Inc.'s Opposition to Scott Sumner Segal and Robin J. Davis' Objections to Magistrate Judge Mary E. Stanley's Proposed Findings and Recommendation (Defendant's Opposition to Objections) [Docket 129] at 2.

In effect, the plaintiffs are asking the court to sanction the defendant *in some way* for its alleged discovery abuses. *Federal Rule of Civil Procedure 37(b)(2)* gives this court power to impose any sanction that is just, with default judgment being the most severe sanction. Although the plaintiff may ask the court to impose the most severe of sanctions, it is for the court to decide which sanctions, if any, is appropriate. n4 Therefore, a motion for "default judgment" based on alleged discovery violations is nothing more than an optimistically labeled motion for sanctions. Clearly, a case is not disposed of if a sanction [**11] other than default judgment is granted or if the motion for sanctions is denied. However, in the rare situation where default judgment is *actually imposed* as a sanction, the motion for sanctions becomes dispositive of the case. In that situation, *Federal Rule of Civil Procedure 72* provides, and the Constitution requires, that the district court judge undertake *de novo* review of that determination upon objection. Accordingly, **I FIND** that when a party brings any motion for sanctions, the sanction chosen by the magistrate judge, rather than the sanction sought by the party, governs the determination of whether *Rule 72(a)* or *72(b)* applies. *See Gomez v. Martin Marietta Corp., 50 F.3d 1511, 1519 (10th Cir. 1995)*. To conclude otherwise would permit the party seeking sanctions to engage in a game of labels that would improperly dictate the standard of review.

n4 A district court, of course, has circuit

Case 1:02-cv-00648-WDQ   Document 183-51   Filed 05/04/2007   Page 11 of 13

Page 4

303 F. Supp. 2d 790, *794; 2004 U.S. Dist. LEXIS 764, **11

Case 1:02-cv-00648-WDQ   Document 183-51   Filed 05/04/2007   Page 11 of 13

Page 4

303 F. Supp. 2d 790, *794; 2004 U.S. Dist. LEXIS 764, **11

precedent as a guide for imposing sanctions. The Fourth Circuit has held that factors to consider in determining what sanctions to impose include: (1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective. *Anderson v. Found. for Advancement, Educ. & Empl. of Am. Indians*, 155 F.3d 500, 504 (4th Cir. 1998) (citing *Wilson v. Volkswagen of Am.*, 561 F.2d 494, 503-05 (4th Cir. 1977)).

[**12]

The courts that have considered this issue agree. *See Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 6 (1st Cir. 1999) [*795] (holding that motions for sanctions premised on alleged discovery abuses are generally non-dispositive, but that "departure from this general rule may be necessary in those instances in which a magistrate judge aspires to impose a sanction that fully disposes of a claim or defense"); *Gomez*, 50 F.3d at 1519 (finding that the penalty imposed controls the scope of the magistrate judge's authority); *Hoar v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990) (explaining that *imposition* of sanctions under *rule 37* controls the standard of review); *Ocelot Oil Corp.*, 847 F.2d at 1462 (finding that a magistrate judge's decision on a motion for sanctions dictates which standard of review should apply); *FEC v. Christian Coalition & Christian Broad. Network, Inc.*, 178 F.R.D. 456, 459-60 (E.D. Va. 1998) (reviewing magistrate judge's discovery order under a clearly erroneous standard where the magistrate judge did not issue an order dispositive of the action).

In an unusual opinion, *Knox v.* [**13] *Hayes*, the validity of the approach I adopt here was questioned. *See* 933 F. Supp. 1573 (S.D. Ga. 1995). In *Knox*, the district court reviewed a magistrate judge's order denying the plaintiff's motion to strike the defendant's answers for clear error. *Id.* at 1575-76. The court, citing the authority discussed above, reasoned that review for clear error, rather than *de novo* review, was appropriate because the magistrate judge did not issue an order disposing of the case. *Id.* at 1575. The court made its holding reluctantly, however, and included a lengthy footnote criticizing the very authority upon which it relied. *Id.* at 1576. The court noted that focusing on the sanction imposed rather than the sanction sought "unfairly prejudices those filing dispositive discovery motions." *Id.* Further, the court suggested that an analysis which focuses upon the sanction imposed is incorrect because, taken to its logical conclusion, it would mean that a court should not apply *de novo* review to denials of motions for summary judgment, but only to recommendations by magistrate judges which grant these motions. *See* [**14] *id.*

This criticism fails to take account of the principle behind *Federal Rule of Civil Procedure 72* that a court must look to the nature of a motion rather than its label in determining the standard of review to apply. It appears that the *Knox* court may misapprehend this principle because it uses the term "dispositive discovery motion." *See id.* As noted, motions for sanctions are not dispositive by nature, regardless of the label. There is a clear difference between the potential dispositive power, rarely wielded, n5 of a motion for sanctions and the inherent dispositive nature of a motion for summary judgment. The commonsense approach advocated by *Federal Rule of Civil Procedure 72* presumes that courts will recognize this difference and review the findings of a magistrate judge accordingly. Therefore, I think it proper to review the Magistrate Judge's denial of the plaintiffs' motion for sanctions for clear error.

n5 *See, e.g., Wilson v. Volkswagen of Am.*, 561 F.2d 494, 504 (4th Cir. 1977) (finding that default judgment is appropriate only in "that rare case where the conduct represents such flagrant bad faith and callous disregard of the party's obligation under the Rules as to warrant the sanction not simply for the purpose of preventing prejudice to a discovering party but as a necessary deterrent to others." (internal citations omitted)); *Buckeye Union Ins. Co. v. Boggs*, 109 F.R.D. 420, 421-22 (S.D. W. Va. 1986) (citing *Wilson*, 561 F.2d at 503-05).

[**15]

### III THE PLAINTIFFS' OBJECTIONS

The plaintiffs first object to the Magistrate Judge's finding that the plaintiffs have failed to establish that Gary Hohne gave false deposition testimony. [*796] Plaintiffs' Objections at 5. The plaintiffs point out that Gary Hohne testified that the only time he was

Case 1:02-cv-00648-WDQ   Document 183-51   Filed 05/04/2007   Page 12 of 13

Page 5
303 F. Supp. 2d 790, *796; 2004 U.S. Dist. LEXIS 764, **15

"personally sued" was when he was sued for divorce, but that upon independent investigation, they discovered that Mr. Hohne was named as an individual defendant at least four times in lawsuits against Hohne Contractors. n6 *See id.* The defendant responds that Mr. Hohne could have reasonably understood the question about being sued individually to refer to lawsuits over personal, rather than business matters. Defendant's Opposition to Objections at 6. The defendant argues that Mr. Hohne, as a lay person, cannot be expected to make a distinction between being sued in his individual capacity over matters for which he is personally liable and being sued incorrectly in his individual capacity over business matters for which he is not personally liable. *Id.* Magistrate Judge Stanley found that although Mr. Hohne's answer to the question about being "personally sued" was technically [**16] incorrect, sanctions were not appropriate because the question could reasonably have been misunderstood. *See* PF&R at 7-8. The court concludes that this finding was not clearly erroneous.

> n6 The plaintiffs also allege that during his deposition, Gary Hohne falsely stated that he had once testified as an expert witness. Plaintiffs' Objections at 5-7. The plaintiffs did not raise this issue in their original motion. Given that discovery matters are by order referred to the magistrate judge, I decline to address this issue.

Secondly, the plaintiffs object to the Magistrate Judge's finding that they failed to show that the defendant attempted to conceal the whereabouts of its former employee and "critical" witness, Cliff Daugherity. *See* Plaintiffs' Objections at 8-9. The plaintiffs maintain that in light of the fact that Mr. Daugherity's recollection of events is allegedly inconsistent with Hohne's defense and because the defendant had means of locating Mr. Daugherity that were not disclosed to the plaintiffs, [**17] the defendant has attempted to hide a critical witness. *Id.* In support of this allegation, the plaintiffs argue that the defendant's *Rule 26(a)* discovery disclosures provided the plaintiffs only with a post office box address and otherwise out of date information about Mr. Daugherity. *Id.* at 8. The plaintiffs also point out that the defendant represented that it had no further information regarding Mr. Daugherity's whereabouts. *Id.* The plaintiffs later discovered that Mr. Daugherity could have been reached by other employees of the defendant who had personal relationships with him, that counsel for the defendant could have contacted Mr. Daugherity through one of Hohne's employees, that the defendant previously mailed Mr. Hohne's tax forms to an address not disclosed to the plaintiffs, and that the defendant knew that Mr. Daugherity was working for a certain pool company in the Baltimore area. *Id.* at 8-9.

*Federal Rule of Civil Procedure 26(a)* requires that a party provide the name and, if known, the last address and telephone number for all individuals who are likely to have discoverable information that the disclosing party may [**18] use to support its claims or defenses. The defendant contends that it complied with this rule when it provided the plaintiffs with Cliff Daugherity's name and his last known address. Defendant's Opposition to Objections 4-5. The defendant maintains that it did not provide alternative addresses or a phone number for Mr. Daugherity because Hohne had no further information about Mr. Daugherity's current whereabouts. *Id.* The Magistrate Judge found that the defendant did not attempt to conceal the whereabouts of Mr. Dougherity. PF&R at 10. I conclude that this finding was not clearly erroneous.

[*797] Finally, the plaintiffs object to the Magistrate Judge's finding that their motion for sanctions was neither procedurally proper nor substantially justified and the resulting recommendation that if the plaintiffs should prevail in this action, the defendant should not be required to pay the plaintiffs' costs of bringing their motion for sanctions. Plaintiffs' Objections at 10-12; PF&R at 13. **I FIND** that a decision on attorney fees is premature and I decline to address the matter.

### IV CONCLUSION

**I FIND** that a magistrate judge's decision on any motion for sanctions based on alleged [**19] discovery abuses shall be reviewed based upon the sanction chosen by the magistrate judge, rather than the sanction sought by the party. If the sanction chosen does not dispose of the case, the magistrate judge may enter an order pursuant to *Rule 72(a)* and upon objection, the district court judge will review the order for clear error. **I FIND** that Magistrate Judge Stanley's decision to reject the plaintiffs' request for imposition of sanctions was not clearly erroneous and accordingly, I **AFFIRM** her decision to reject sanctions.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party,

Case 1:02-cv-00648-WDQ   Document 183-51   Filed 05/04/2007   Page 13 of 13

Page 6

303 F. Supp. 2d 790, *797; 2004 U.S. Dist. LEXIS 764, **19

and **DIRECTS** the Clerk to post this published opinion at http://www.wvsd.uscourts.gov.

ENTER:

January 22, 2004

JOSEPH R. GOODWIN

UNITED STATES DISTRICT JUDGE