IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. WDQ 02-CV-648 |
| LA WEIGHT LOSS, | ) ) ) | |
| Defendant. | ) ) | |

**PLAINTIFF EEOC'S MOTION FOR LEAVE TO FILE MEMORANDUM IN OPPOSITION TO DEFENDANT LA WEIGHT LOSS CENTERS, INC.'S MOTION FOR SUMMARY JUDGMENT IN EXCESS OF LOCAL RULE PAGE LIMITATION**

In accordance with Local Rule 105(3) of the Local Rules of the U.S. District Court for the District of Maryland, Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC"), moves this Court for leave to file Plaintiff EEOC's Memorandum in Opposition to Defendant LA Weight Loss Centers, Inc.'s Motion for Summary Judgment ("Memorandum"), which exceeds the 50-page limitation set forth in Rule 105(3). The Memorandum has been submitted this day for filing under seal as required by Paragraph No. 6 of the Confidentiality Stipulation and Order entered by this Court on October 7, 2003 (Paper Nos. 39 and 41) and is therefore not included as an electronic attachment to this Motion. The Memorandum is 93 pages in length, not inclusive of the Table of Contents and cover page.

In support of this Motion, EEOC states that the length of its Memorandum was required by the scope of this case and the issues raised in Defendant's Motion for Summary Judgment. At issue in this action is EEOC's claim that Defendant has engaged in a pattern or practice of company-wide discrimination spanning ten years. Defendant has filed a 46-page Memorandum

in Support of its summary judgment motion regarding EEOC's pattern or practice claim as well as its retaliation claims regarding Kathy Koch, and in so doing has raised numerous factual and legal issues.

Moreover, the parties have deposed well-over 100 witnesses and have produced more than 500,000 hard-copy documents and a very large quantity of electronic data. EEOC and Defendant cite the work of six experts in support of the parties' positions. Thus, a large volume of non-statistical and statistical evidence supporting EEOC's case required a significant amount of briefing in its Memorandum. Consequently, the Memorandum's length was necessary in order to adequately describe the relevant evidence for the Court, much of which was not cited or discussed in Defendant's Motion.

For the reasons set forth above, Plaintiff EEOC respectfully requests that the Court grant this Motion and direct the District Clerk to file Plaintiff EEOC's Memorandum in Opposition to Defendant LA Weight Loss Centers, Inc.'s Motion for Summary Judgment.

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

\_\_\_\_\_/s/_____
TRACY HUDSON SPICER
Supervisory Trial Attorney
EEOC-Washington Field Office
1801 L Street, N.W., Suite 100
Washington, DC 20507
Office #: (202) 419-0711
Facsimile #: (202) 419-0701

\_\_\_\_\_/s/_____
CORBETT ANDERSON
Trial Attorney
EEOC-Washington Field Office
1801 L Street, N.W., Suite 100
Washington, DC 20507

Office #: (202) 419-0724
Facsimile #: (202) 419-0701

   /s/
RONALD L. PHILLIPS
Trial Attorney
EEOC-Baltimore Field Office
City Crescent Building, 3rd Floor
10 South Howard Street
Baltimore, MD 21201
Office #: (410) 209-2737
Facsimile #: (410) 962-4270/2817