# EXHIBIT G

# OBER | KALER
A Professional Corporation

**Ober, Kaler, Grimes & Shriver**
Attorneys at Law

Offices In
Maryland
Washington, D.C.
Virginia

120 East Baltimore Street
Baltimore, Maryland 21202-1643
410-685-1120  Fax 410-547-0699

April 21, 1998

<u>CERTIFIED MAIL - RETURN RECEIPT</u>
Mr. Vahan A. Karabajakian
Chief Executive Officer
L.A Weight Loss Center
255 Business Center Drive
Suite 150
Horsham, PA 19044

      Re: <u>Unlawful Termination of Ms. Kathy Koch</u>

Dear Mr. Karabajakian:

      This firm has been retained by Ms. Kathy Koch in the matter of her unlawful termination from L.A Weight Loss Centers ("the Center") in the face of a number of statutory and common law violations. We are engaged to investigate and evaluate administrative claims or litigation alternatives pursuant to Title VII of the Civil Rights Act of 1964 and other relevant laws. Specifically, we expect to investigate issues of wrongful discharge, unlawful discrimination and retaliation in connection with her dismissal. This letter will apprise you of the nature of Ms. Koch's claims. We are hopeful that these matters can be addressed and resolved in a manner that is fair and efficient for both Ms. Koch and L.A Weight Loss Centers.

      Absent some concrete evidence to the contrary that L.A Weight Loss might produce, and which we would be happy to review and consider, it seems apparent that Ms. Koch was singled out for disparate treatment and retaliatory termination because of her objection to, and unwillingness to abide by the Center's discriminatory hiring policies, and her action in bringing these policies and actions to the attention of the EEOC.

KDMCCANN:577427.1:4/20/98: 4:47 PM

LA-0241761

Mr. Vahan A. Karabajakian
Page 2
April 21, 1998

Ms. Koch was aggressively recruited and hired by L.A Weight Loss in the capacity of "Area Corporate Trainer" of the Baltimore/Delaware Region on October 17, 1997, at an annual salary of $35,000. Ms. Koch had held the position of "Troubleshooter-Counselor" for over four years with Jenny Craig Weight Loss Centre and had resumed her career as a real estate agent with Century 21. She resigned from her prior position in order to accept the position with the Center. Before leaving her previous employment, Ms. Koch requested and received a letter confirming her employment with the Center dated October 17, 1997. Ms. Koch was employed by the Center from November 10, 1997 until she was unlawfully terminated without explanation on March 12, 1998. Her duties with the Center included recruiting, hiring and training weight loss counselors throughout the nine-center Baltimore/Delaware Region to which she was assigned.

Prior to assuming her hiring and training responsibilities, Ms. Koch attended training classes for new personnel employees at the corporate headquarters in Horsham, Pennsylvania. During one training session, management personnel made it clear to the class that it was not in the Center's best interest to hire men. The explanation provided to the class was that since women respond better to other women regarding weight issues, and since it is in everyone's best interest to increase the company's revenue, it would not be beneficial to have men working in the weight loss centers. Ms. Koch's subsequent experiences with L.A Weight Loss management reinforced this instruction.

Despite management's directives, Ms. Koch interviewed both male and female applicants based on their qualifications alone. Moreover, she recommended qualified males for employment positions. All of the male applicants that she recommended for employment, however, were systematically rejected by her supervisor based on gender alone. When she inquired as to the company's policy regarding hiring males, her supervisor, Lynne Portlock, responded, "I won't go there." When Ms. Koch inquired as to how she should respond to male applicants, Ms. Portlock told her to mention the salary as that typically discourages them. Notwithstanding management's directives to exclude male applicants from consideration, Ms. Koch continued to recommend that qualified males be hired. In the nine centers located in her region, no male weight loss counselors were hired or employed while Ms. Koch was there.

Initially, Ms. Koch received high praise from her supervisors. Her immediate supervisor, Lynne Portlock, told Ms. Koch that she was "doing a great job," and that she was such an asset to the company that she (Portlock) was giving her the "gold," as opposed to the "silver" key - a symbol of employee value to the Center. In addition, corporate headquarters trainer, Kristi O'Brien, stated to Ms. Koch that she had received word that Ms. Koch was "doing a great job." Throughout her period of employment, Ms. Koch received excellent

KDMCCANN:577427.1:4/20/98: 4:45 PM

LA-0241762

Mr. Vahan A. Karabajakian
Page 3
April 21, 1998

evaluations from her employee-trainees. Significantly, her students achieved high marks on the company proficiency test administered at the completion of the training. It was becoming apparent, however, that L.A Weight Loss management was increasingly dissatisfied with Ms. Koch's insistence on interviewing and recommending qualified males for hire.

Without warning, on March 1, 1998, Ms. O'Brien informed Ms. Koch that her job was "being phased out," and that she would be required to interview for another position at the Center at a substantially lower salary and with longer working hours. Ms. Koch objected on the basis that she had been promised employment based on the existing terms and she was entitled to retain her salary and schedule. On March 2, Ms. Koch was told that she could assume another position at her current salary, but that she would be required to work weekends and additional hours. Although Ms. Koch accepted the official change in position (she had no alternative under the circumstances), the substance of her employment duties remained unchanged. On March 2, 1998, a call was made to the EEOC to complain about the Center's discriminatory employment practices.

Despite having performed more than what was required of her, on March 6, 1998, Ms. Koch received an "Employee Warning Notice" informing her that the employee training which she conducted on 2/23/98 was deficient. Ms. Koch replied via letter to Ms. Portlock on March 8, 1998, stating that she "respectfully, but adamantly disagrees with the issuance of the Employee Warning Notice," and that it was issued due to her refusal to follow company hiring policy. In addition, Ms. Koch informed Ms. Portlock that she had "initiated a formal complaint with the U. S. Equal Employment Opportunity Commission to protest the employment policies of L.A Weight Loss Centers." In fact, Ms. Koch had sent a letter to the EEOC advising the Commission of the Center's sexually discriminatory employment practices. As a direct result of exercising her statutory rights under Title VII, 42 U.S.C. §§ 2000e-2000e-17 (1994), she was abruptly terminated just days later on March 12, 1998, effective immediately and without explanation.

The discriminatory and illegal actions taken by L.A. Weight Loss Centers have caused Ms. Koch to sustain personal and financial damages. Due to her unlawful retaliatory discharge, she has lost wages and benefits and has been forced to search out alternative employment. Ms. Koch has a viable and valuable claim against L.A. Weight Loss for which she should be compensated. In light of the foregoing, it is reasonable that the parties should address Ms. Koch's claims through a negotiated separation package.

KDMCCANN:577427.1:4/20/98; 4:45 PM

Mr. Vahan A. Karabajakian
Page 4
April 21, 1998

    We invite your referral of these matters, promptly, to L.A Weight Loss Centers' counsel so that we can address redress of these violations. We look forward to hearing from your counsel at the earliest opportunity.

                                        Very truly yours,

                                        Pamela J. White
                                        Kathleen Duckett McCann

KDMCCANN:577427.1:4/20/98: 4:45 PM

LA-0241764