IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LA WEIGHT LOSS, )<br>)<br>Defendant. )<br>_____ ) | Case No. WDQ-02-CV-648 |

## DECLARATION OF RONALD L. PHILLIPS

I, Ronald L. Phillips, hereby state as follows:

1. I am counsel of record for Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") and have served as EEOC counsel in the above-styled and numbered action since 2002.

2. Attached as Exhibit 7 to EEOC's Reply Memorandum in Support of EEOC's Motion for Partial Summary Judgment and for Adverse Inference Jury Instructions at Trial is a true and correct copy of a series of e-mail communications between myself and Aliza R. Karetnick, counsel for Defendant LA Weight Loss Centers, Inc., that took place on June 13, 2005; June 9, 2005; and May 25, 2005, and concerned the subject of production of HotJobs.com documents/data.

3. On March 31, 2005, I had a conversation with David Landau, counsel for Defendant LA Weight Loss Centers, Inc., in which he informed me that there were potentially hundreds of thousands of HotJobs.com applications for employment on the HotJobs server; that Defendant and/or its counsel had attempted to estimate the time and labor required to manually retrieve each of those

applications; that manual retrieval was the only way to avoid omission of relevant information such as geographic location of job sought; that manual retrieval would require accessing each individual application using Defendant's password; that by Defendant and/or its counsel's estimate, manual retrieval of the applications would require six people working full-time at a pace of 15 seconds per application a year or more to complete; and that in light of this burden Defendant would not produce the HotJobs applications manually.

4.  During the aforementioned conversation, David Landau also stated that Defendant would allow EEOC to use Defendant's HotJobs.com password to manually access the HotJobs.com applications, subject to approval of HotJobs.com, but only if EEOC traveled to the offices of Defendant's counsel to review those applications and only while being monitored by personnel acting on behalf of Defendant and its counsel. According to Landau, monitoring of EEOC personnel was believed to be necessary to guard against alteration of the information being accessed.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 5/31/07

Ronald L. Phillips
Trial Attorney
U.S. Equal Employment Opportunity Commission