Slip Copy                                                                                                           Page 1
Slip Copy, 2006 WL 3505485 (N.D.Ill.)
**(Cite as: 2006 WL 3505485 (N.D.Ill.))**

Only the Westlaw citation is currently available.

United States District Court,
N.D. Illinois, Eastern Division.
EEOC
v.
CONTINENTAL AIRLINES INC.
**No. 04 C 3055.**

Dec. 4, 2006.

June Wallace Calhoun, Gregory M. Gochanour, John C. Hendrickson, Richard John Mrizek, Chicago, IL, for EEOC.

Shanthi V. Gaur, Amanda Helm Wright, Keith C. Hult, Littler Mendelson, P.C., Chicago, IL, for Continental Airlines Inc.

STATEMENT
MARVIN ASPEN, District Judge.

**\*1** Before us is Defendant Continental Airlines, Inc.'s Renewed Motion to Clarify Scope of Trial after executing a confidential settlement agreement with the former employee at the center of the Equal Employment Opportunity Commission's Complaint. For the reasons set forth below, we deny the motion (Dkt. No. 97).

[For further details see text below.]

(Reserved for use by the Court)
ORDER

Before us is Defendant Continental Airlines, Inc.'s Renewed Motion to Clarify Scope of Trial after executing a confidential settlement agreement with the former employee at the center of the Equal Employment Opportunity Commission's Complaint. For the reasons set forth below, we deny the motion.

The EEOC alleged that Continental discriminated against Alaini Mustafaa on the basis of her race and sex through harassment, lack of support from her supervisors, disciplinary actions, and a demotion. (Compl. at 1.) The EEOC sought both injunctive and monetary relief. (*Id.* at 3-4.) On January 3, 2006, we granted Continental's motion for summary judgment with respect to most of the EEOC's claims, leaving intact the sex harassment claim.

After our ruling, Continental and Mustafaa began confidential negotiations to settle potential claims by Mustafaa. (Defs' Mot. at 2.) In light of these negotiations, on June 23, 2006, Continental moved to limit the scope of trial and preclude the EEOC from seeking monetary relief. (Dkt. No. 90.) Since Continental and Mustafaa had not yet finalized any settlement agreement, we denied the motion as not yet ripe for adjudication. (Dkt. No. 95.) On September 19, 2006, Continental and Mustafaa finalized their agreement, which Continental has attached to its Reply for our *in camera* review. While the specific terms remain confidential, the agreement does provide for a monetary payment to Mustafaa. Continental now renews its motion to limit the scope of trial and preclude the EEOC from seeking monetary relief.

Both parties claim support from the Supreme Court's decision in *EEOC v. Waffle House, Inc.,* 534 U.S. 279, 122 S.Ct. 754, 151 L.Ed.2d 755 (2002). In *Waffle House,* the Court held that an agreement between an employer and employee to arbitrate a dispute could not preclude the EEOC from seeking injunctive and monetary relief on behalf of that employee. *Id.* at 295-98.

However, *Waffle House* expressly left open the question before us: does a settlement agreement providing for a monetary payment preclude the EEOC from likewise seeking monetary relief? *Id.* at 297. The Supreme Court in *Waffle House* noted that a settlement could limit the extent of the EEOC's recovery, as it "goes without saying that the courts can and should preclude double recovery by an individual," but did not state that a private agreement could categorically preclude the EEOC from pursuing this type of victim-specific relief. *Id.* Rather, in holding that the EEOC could still pursue a monetary award notwithstanding the agreement to arbitrate, the Court reasoned, "whenever the EEOC chooses from among the many charges filed each year to bring an enforcement action in a particular case, the agency may be

Slip Copy Page 2
Slip Copy, 2006 WL 3505485 (N.D.Ill.)
**(Cite as: 2006 WL 3505485 (N.D.Ill.))**

seeking to vindicate a public interest, not simply provide make-whole relief for the employee, even when it pursues entirely victim-specific relief." *Id.* at 296. That is, the EEOC stands not just in the shoes of the individual, but as an enforcement vehicle for the public interest. Separate, private agreements to which the EEOC is not a party do not necessarily vitiate the EEOC's authority to proceed in furtherance of the public interest. *Id.* at 296.

***2** We agree, then, with the one other court that has to our knowledge confronted this issue: *Waffle House* "does not mean ... that the EEOC must always be limited in seeking victim-specific relief. Like any other case, the Court can work post-judgment to ensure that the plaintiff does not recover twice for the same damages." *Senich v. American-Republican, Inc.,* 215 F.R.D. 40, 45 (D.Conn.2003). We deny Continental's motion: the EEOC may seek monetary relief at trial, the amount of which may be offset post-judgment by the monetary relief set forth in and paid pursuant to Continental's and Mustafaa's confidential settlement agreement.

It is so ordered.

Slip Copy, 2006 WL 3505485 (N.D.Ill.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.