**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND, NORTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | : | |
| Plaintiff, | : | |
| and | : | |
| KATHY KOCH, | : | CASE NO.: WDQ 02-CV-648 |
| Intervenor/Plaintiff, | : | JURY DEMANDED |
| v. | : | |
| LA WEIGHT LOSS CENTERS, INC., | : | |
| Defendant. | : | |

**LA WEIGHT LOSS CENTERS, INC.'S
SURREPLY TO REPLY MEMORANDUM IN SUPPORT OF EEOC'S
MOTION FOR PARTIAL SUMMARY JUDGMENT AND
FOR ADVERSE INFERENCE JURY INSTRUCTIONS AT TRIAL**

The Reply Memorandum in Support of EEOC's Motion for Partial Summary Judgment and for Adverse Inference Jury Instructions at Trial ("Reply") improperly relies on new declarations to which defendant LA Weight Loss Centers, Inc. ("LAWL") has not had any opportunity to respond. Moreover, the declarations are rife with hearsay and alleged facts about which the declarant has no personal knowledge. As a consequence, LAWL submits this brief surreply for the limited purpose of addressing the inappropriate presentation and admissibility of fresh evidence on reply.[1]

---

[1] LAWL neither agrees with nor concedes that EEOC's characterization of the record is accurate and relies on its memorandum of law in opposition to summary judgment.

PHL:5633055.1

A.  **New Evidence**

EEOC's four new declarations constitute an ambush that is contrary to law. See Johnson v. PS Illinois Trust, No. 03-6517, 2005 U.S. Dist. LEXIS 17769, at *19 (N.D. Ill. 2005) (new arguments and facts may not be presented in summary judgment reply brief); Sanchez v. Taggart, 144 F.3d 1154, 1156 (8th Cir. 1998) (court refused to consider new facts or legal theories first raised in summary judgment reply brief). See also Contratto v. Ethicon, Inc., 227 F.R.D. 304, 309 n. 5 (N.D. Ca. 2005) (motion to strike declaration introducing new evidence on reply granted); Schwartz v. The Upper Deck Co., 183 F.R.D. 672, 682 (S.D. Ca. 1999) ("[i]t is well accepted that raising a new issue and submission of new facts in [a] reply brief is improper...."). The declarations of Elvira Sisolak, Ronald L. Phillips, Corbett Anderson and Jeffrey C. Bannon constitute additional evidence previously undisclosed to LAWL. See Exhibits 1, 4, 7 and 11 of EEOC's Reply. Accordingly, they should not be considered in support of EEOC's Motion for Partial Summary Judgment and for Adverse Inference Jury Instructions at Trial ("Motion").

If taken into account, however, EEOC's surprise evidence only reinforces LAWL's argument that EEOC's Motion is procedurally inappropriate. Bannon's declaration, for example, states that of the 48 Microsoft Access files located on the Zurich hard drive, 31 are password protected and therefore inaccessible to EEOC. See Exhibit 11 of EEOC's Reply at ¶ 5. Neither Bannon nor EEOC mention, however, that no password was requested during discovery and that EEOC never informed LAWL the files were unreadable. Indeed, EEOC never indicated there was any problem with the Zurich files recovered by Kroll Ontrack, the parties' agreed upon data recovery specialist.

Rather than request the password in discovery to determine whether LAWL produced complete payroll data for the period at issue, EEOC hid the issue and lay in wait to argue on

summary judgment that "defendant has made no showing that Kroll was able to recover complete payroll data...." Reply at p. 13. As LAWL made clear in opposition to the Motion, EEOC's issue is a classic discovery dispute that should have been brought pursuant to Federal Rule of Civil Procedure 37, not Rule 56. EEOC's sharp litigation tactic should not be countenanced by the Court.

Further, even if suitable for summary judgment, Bannon's declaration underscores the parties' significant factual dispute. EEOC cannot establish that any Zurich data has been lost or spoliated. To the contrary, EEOC admits that it received 31 electronic files with information that it has not reviewed, supporting LAWL's position that *all* relevant payroll data was provided in discovery.

Sisolak's declaration, on the other hand, is an admittedly new analysis of data files arising from EEOC's post-motion request to conduct a data comparison. "Subsequent to executing my March 6, 2007, Declaration, I was asked by EEOC counsel to compare data in the Microsoft Excel file... to data contained in an Excel spreadsheet that sets forth information taken from [LAWL] personnel files...." Exhibit 1 of EEOC's Reply at ¶ 2. Like Bannon's, Sisolak's declaration actually draws attention to the parties' material dispute of fact concerning LAWL's compliance with 29 C.F.R. § 1602.14, and further supports LAWL's argument that EEOC's request for summary judgment should be denied.

### B.  Inadmissible Evidence

It is axiomatic that declarations submitted on motion for summary judgment must be limited to the facts about which the declarant has personal knowledge and, to be considered, must be admissible in all other respects. See Moore's Federal Practice 3d, § 56.14(1)(c), (4)(a). See also Nobel Ins. Co. v. Hudson Iron Works, Inc., 111 F. Supp. 2d 373, 375 n. 2 (S.D.N.Y. 2000) (affidavit of counsel containing factual assertions about which counsel had no personal

knowledge found unacceptable); <u>Anderson v. Dillard's Inc.</u>, 109 F. Supp. 2d 1116, 1121 (E.D. Mo. 2000) (court struck counsel's declaration because not based on counsel's personal knowledge); <u>Friedel v. City of Madison</u>, 832 F.2d 965, 969-70 (7th Cir. 1987) (court properly ignored affidavit of attorney containing inadmissible hearsay and claims attorney believed true but were not based on personal knowledge).

The declaration of EEOC attorney Anderson does not satisfy this standard. <u>See</u> Exhibit 7 of EEOC's Reply. First, Anderson lacks any personal knowledge about the substance of his declaration. It is nothing more than the regurgitation of an alleged conversation with one of HotJobs.com's attorneys, who was purportedly "*uncertain* of whether [Hotjobs.com] could produce job advertisements and responses… in such a way as to match each person's application with the job advertisement to which each person responded." <u>Id.</u> at ¶ 3 (emphasis added). That Anderson believes the attorney's statements to be true is of no moment. Anderson's personal knowledge is limited to his verbal exchange with in-house counsel. Anderson does not possess any experience with HotJobs.com's electronic capabilities. Nor does he have any awareness of the facts giving rise to the purported statement that it *may* not be possible to produce the advertisement information electronically.

Second, Anderson's declaration contains inadmissible hearsay. In fact, the graveman of the declaration is Hotjobs.com's lawyer's statements regarding production of electronic data, which EEOC employs to prove the truth of its assertion that data is not available. <u>Id.</u>

EEOC's reliance on inadmissible hearsay does not stop with Anderson. The declaration of another EEOC attorney – Phillips – is similarly flawed. <u>See</u> Exhibit 4 of EEOC's Reply. To support its argument that LAWL failed to produce applicant materials and shifted the onerous burden of obtaining HotJobs.com submissions to EEOC, Phillips describes the supposed

statements of opposing counsel. Id. at ¶¶ 3-4. Phillips' iteration of those statements forms the basis of and sole support for his declaration, and is used to prove the truth of EEOC's contention. Opposing counsel's statements, if uttered, are inadmissible hearsay.

Were the declaration free from hearsay, it would still be inadmissible as irrelevant to LAWL's conformity with Title VII's record keeping provision. The burden of producing documents and data in discovery has no bearing on whether LAWL preserved information in compliance with 29 C.F.R. § 1602.14. Indeed, Phillips' declaration emphasizes EEOC's failure to move the Court during discovery and pulls back the veil on EEOC's attempt to use 29 C.F.R. § 1602.14 in lieu of Rule 37. Accordingly, the declaration should be disregarded.

                       Respectfully submitted,

                       /s/
                       Elizabeth Torphy-Donzella (Bar #10809)
                       Shawe & Rosenthall LLP
                       20 South Charles Street
                       Baltimore, MD 21201
                       Tel: (410) 752-1040
                       Fax: (410) 752-8861

                       David E. Landau
                       Jonathan D. Wetchler
                       Aliza R. Karetnick
                       Wolf, Block, Schorr and Solis-Cohen LLP
                       1650 Arch Street – 22nd Floor
                       Philadelphia, PA 19103
                       Tel: (215) 977-2000
                       Fax: (215) 405-3724

June 12, 2007