**EXHIBIT 1**

Case 1:02-cv-00648-WDQ    Document 195-2    Filed 06/15/2007    Page 1 of 4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| v. | ) ) | Case No. WDQ-02-CV-648 |
| **LA WEIGHT LOSS,** | ) ) ) | |
| **Defendant.** | ) ) ) | |

**PLAINTIFF EEOC'S SUR-REPLY IN OPPOSITION TO DEFENDANT
LA WEIGHT LOSS CENTERS, INC.'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 56, and Local Rule 105(2)(a), Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") files the instant Sur-Reply in Opposition to Defendant LA Weight Loss Centers ("Defendant"), Inc.'s Motion for Summary Judgment in the above-styled and numbered action. In its Reply brief regarding its Motion for Summary Judgment, Defendant references the Supreme Court's recent decision in Ledbetter v. Goodyear Tire & Rubber Co., 127 S. Ct. 2162 (2007). In support of its argument that EEOC's action in the public interest to redress a single pattern or practice of gender discrimination should be improperly truncated. However, for a number of reasons Ledbetter is clearly inapposite.

First, Ledbetter is not a pattern or practice case. The opinion is entirely silent regarding Section 707 of Title VII and the exclusive authority of the EEOC and the Justice Department to bring actions to correct patterns and practices of discrimination under that separate enforcement provision. Accordingly, Ledbetter lends no support to Defendant's attempt to engraft upon Section 707 a limitations period that only applies to Section 706 actions and does not change the

2

fact that a pattern-or-practice of discrimination is a claim legally distinct from any individual's claim and constitutes a single unlawful employment practice.

Second, <u>Ledbetter</u> does not address the application of the single filing rule. Thus, the decision does not in any way undermine the application of that doctrine to this case, where Charging Party Koch's timely-filed 1998 charge clearly raised Defendant's sex discriminatory treatment of male job applicants and that she was aggrieved because she opposed that practice.[1]

Finally, <u>Ledbetter</u> did not apply the continuing violation doctrine to the situation presented in this case, where there are discriminatory actions pursuant to an unlawful policy or practice that transpire within the Section 706 charge filing period. The Supreme Court was quite explicit that the reason for its decision in <u>Ledbetter</u> was the fact that the plaintiff had failed to point to any intentionally discriminatory acts within the charge filing period. Rather, the Court emphasized that the plaintiff was seeking to redress present-day effects of past discriminatory decisions related to pay, decisions that took place well-outside the charge filing period and regarding which she never filed a charge. <u>See</u> <u>id.</u> at 5-9. <u>Ledbetter</u> did not decide the issue presented in the instant case.

EEOC respectfully requests that the Court deny Defendant's Motion.

                                        Respectfully submitted,

                                        EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

                                        _____/s/_____
                                        TRACY HUDSON SPICER
                                        Supervisory Trial Attorney
                                        EEOC-Washington Field Office

---

[1] Moreover, even after EEOC pointed out Defendant's incorrect reading of the statute, <u>see</u> Plaintiff EEOC's Memorandum in Opposition to Defendant LA Weight Loss Centers, Inc.'s Motion for Summary Judgment at 90 & n. 38, Defendant also continues to press its assertion that a 180-day filing period applies to this action notwithstanding the undisputed fact that Maryland is a "deferral" state and is subject to the 300-day charge filing period set forth in Title VII. <u>See, e.g.</u>, <u>Lane v. Wal-Mart Stores East, Inc.</u>, 69 F. Supp.2d 749, 752 (D. Md. 1999).

1801 L Street, N.W., Suite 100
Washington, DC 20507
Office #: (202) 419-0711
Facsimile #: (202) 419-0701

_____/s/_____
CORBETT ANDERSON
Trial Attorney
EEOC-Washington Field Office
1801 L Street, N.W., Suite 100
Washington, DC 20507
Office #: (202) 419-0724
Facsimile #: (202) 419-0701

_____/s/_____
RONALD L. PHILLIPS
Trial Attorney
EEOC-Baltimore Field Office
City Crescent Building, 3rd Floor
10 South Howard Street
Baltimore, MD 21201
Office #: (410) 209-2737
Facsimile #: (410) 962-4270/2817