IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No. WDQ-02-CV-648 |
| LA WEIGHT LOSS, ) ) ) | |
| Defendant. ) ) | |

## MEMORANDUM IN SUPPPORT OF PLAINTIFF EEOC'S MOTION TO RE-OPEN CASE

In accordance with Local Rule 105 and this Court's Order of January 15, 2008 (Paper No. 213), Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC" or "Commission") hereby moves the Court to re-open the above-styled and numbered lawsuit and in support of its Motion states as follows:

EEOC filed this action in February 2002 for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.* In this action, EEOC seeks back pay, front pay, pecuniary compensatory damages, punitive damages, and injunctive relief.

On January 11, 2008, Defendant filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code in the U.S. Bankruptcy Court for the Eastern District of Pennsylvania. See In re: Pure Weight Loss, Inc., Case No. 08-10315-jkf.[1] Defendant subsequently filed correspondence with this Court notifying it of the bankruptcy proceeding. On January 15, 2008, this Court issued an order administratively closing this action based on the automatic stay provision of the Bankruptcy Code.

---

[1] At the beginning of 2007 Defendant changed its corporate name to "Pure Weight Loss, Inc."

This case is not subject to the bankruptcy stay noted above, and EEOC respectfully moves this Court for an order reopening this action, as discussed more fully below.

I.   EEOC's Title VII Lawsuit is Exempt from the Automatic Stay Provision of the U.S. Bankruptcy Code.

Ordinarily when an employer or "debtor," files a petition for bankruptcy, the U.S. Bankruptcy Code provides the debtor an automatic stay. 11 U.S.C. § 362(a). The automatic stay imposes an injunction against the initiation or continuance of legal actions by most creditors against the debtor. Id. While the automatic stay provision deems most creditor actions void or voidable, the Bankruptcy Code provides several exemptions:

> [T]he filing of a petition under section 301, 302, or 303 of this title, . . . does not operate as a stay . . . -(4) under paragraph (1), (2), (3), or (6) of subsection (a) of this section, of the commencement or continuation of an action or proceeding **by a governmental unit** or any organization exercising authority under the Convention on the Prohibition of the Development, Production, Stockpiling and Use of Chemical Weapons and on Their Destruction, opened for signature on January 13, 1993, **to enforce such governmental unit's or organization's police and regulatory power,** including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's or organization's police or regulatory power[.]

11 U.S.C. § 362(b)(4) (emphasis added). Specifically, the cited exemption provides for the continuation of actions or proceedings by a governmental unit to enforce such governmental unit's police or regulatory power. This exemption is applicable to the EEOC and, consequently, the EEOC is exempt from the automatic stay provision set forth in the Bankruptcy Code.

Lawsuits filed by the EEOC under Title VII, *inter alia*, to eradicate unlawful employment discrimination are actions brought to enforce the EEOC's police and regulatory power and are not stayed by the filing of a petition in bankruptcy by the employer. See, e.g., EEOC v. McLean Trucking Co., 834 F.2d 398, 402 (4th Cir. l987); EEOC v. Hall's Motor Transit Co., 789 F.2d

2

1011, 1014 (3ᵈ Cir. l986); EEOC v. Rath Packing Co., 787 F.2d 318, 325-26 (8ᵗʰ Cir. 1986); In re Valley Kitchens, Inc., 68 B.R. 372, 374 (Bkrtcy S.D. Ohio 1986).

In EEOC v. McLean Trucking Co., 834 F.2d 398 (4ᵗʰ Cir. 1987), the Fourth Circuit considered whether the Commission's Title VII suit was subject to the automatic stay where the Defendant was effectively liquidated and held that the Commission's suit was not enjoined by the automatic stay provisions of the U.S. Bankruptcy Code:

> We have no doubt that when EEOC sues to enjoin violations of Title VII or ADEA and seeks reinstatement of the victims of alleged discrimination and adoption of an affirmative action plan in a Title VII case, and couples these prayers for relief with a claim for back pay, **EEOC is suing in exercise of its police or regulatory power and is not subject to the automatic stay until its monetary claims are reduced to judgment.** We think also that even if EEOC's non-monetary claims for relief in the Texas and Tennessee cases may be disregarded, *Albemarle Paper* and *General Telephone* teach that EEOC is still proceeding in the exercise of its police or regulatory power when it seeks to recover back pay for the victims of alleged unlawful discrimination so as to be exempt from the automatic stay until its prayer for monetary relief is reduced to judgment. We so hold.

Id. at 402 (citations omitted)(emphasis added). See also FTC v. AmeriDebt, Inc., 343 F. Supp.2d 451, 458-59 (D. Md. 2004)(applying (b)(4) exemption to FTC action and citing McLean Trucking); In re: Shelbyville Mixing Center, Inc., 288 B.R. 765, 768-70 (Bkrtcy E.D. Ky. 2002) (applying (b)(4) exemption to EEOC action and citing McLean Trucking).

In this case, EEOC seeks a judgment against Defendant for appropriate relief, including monetary remedies, for violations of Title VII.[1] Accordingly, as the authorities set forth above hold, EEOC's action is not stayed pursuant to §362 of the United States Bankruptcy Code.

---

[1] Given the filing of the bankruptcy petition, EEOC acknowledges that any money judgment against Defendant in this case would be collectible only in the bankruptcy proceedings. See McLean Trucking Co., 834 F.2d at 402, n. 7.

3

II.     Logistics of Further Proceedings

On January 11, 2008 (prior to notice of the Bankruptcy Court filing), EEOC sent a letter to Defendant's counsel of record in this action notifying Defendant that EEOC intends to continue its prosecution of this action and requesting the identity of persons(s) with authority to discuss future proceedings in this case. On January 14, 2008, Defendant's bankruptcy counsel Barry D. Kleban of the firm Eckert, Seamans, Cherin & Mellott, LLC, sent a letter to EEOC informing the undersigned that communications regarding future proceedings in this action should be directed to the appointed Trustee,[2] and that a copy of EEOC's letter had been sent to the Trustee. EEOC has now contacted the Trustee and his counsel;[3] informed them of EEOC's intention to proceed and seek judgment in this action, the pre-trial conference date, and the pre-trial order due date; and requested that the Trustee inform EEOC of his intentions regarding any possible defense of this litigation. Given the early posture of the bankruptcy proceeding and lack of information regarding this case, the Trustee's counsel was unable to state the Trustee's position regarding this matter but stated he would discuss the matter with the Trustee and contact the undersigned. EEOC will continue to timely advise the Court of the status of this case in the period leading up to the pre-trial conference on March 25, 2008.

III.    Conclusion

Given that EEOC actions are not subject to the automatic stay provision of the Bankruptcy Code, Plaintiff EEOC respectfully requests that this Court reopen the proceedings of this case and maintain jurisdiction over the matter for further proceedings up to and including trial of this action and entry of judgment against Defendant.

---

[2] Arthur P. Liebersohn, Esq., 924 Cherry Street, Fourth Floor, Philadelphia, PA 19107. Telephone number: (215) 922-7990.

[3] The Trustee's counsel is Paul B. Maschmeyer, Esq., Maschmeyer Karalis P.C., 1900 Spruce Street, Philadelphia, PA 19103. Telephone number: (215) 546-4500.

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

_____/s/_____
TRACY HUDSON SPICER (Bar No. 08671)
Supervisory Trial Attorney
EEOC-Washington Field Office
1801 L Street, N.W., Suite 100
Washington, DC 20507
Office #: (202) 419-0711
Facsimile #: (202) 419-0701

_____/s/_____
RONALD L. PHILLIPS
Senior Trial Attorney
EEOC-Baltimore Field Office
City Crescent Building, 3rd Floor
10 South Howard Street
Baltimore, MD 21201
Office #: (410) 209-2737
Facsimile #: (410) 962-4270