IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. WDQ-02-CV-648 |
| LA WEIGHT LOSS, | ) ) ) |
| Defendant. | ) ) ) |

## PLAINTIFF EEOC'S APPLICATION FOR DEFAULT JUDGMENT

Pursuant to Fed. R. Civ. P. 55(a) & (b)(2) and Local Rule 105, Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC" or "Commission") hereby moves the Court for entry of default judgment against Defendant LA Weight Loss Centers, Inc. (renamed "Pure Weight Loss, Inc." in early 2007) in the above-styled and numbered action. As discussed more fully below, it is now readily apparent that Defendant - and the appointed Chapter 7 bankruptcy Trustee (the "Trustee"), who has the authority to make decisions regarding this litigation – do not intend to defend this action, either through preparation of the pre-trial order, briefing pre-trial motions, or attendance at the trial of this action. Accordingly, Defendant and the Trustee have and will continue to fail to "otherwise defend" this action under Rule 55(a), making default judgment appropriate.

I.     Procedural background

EEOC filed this action in February 2002 for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*  In this action, EEOC seeks back pay, front pay, pecuniary compensatory damages, punitive damages, and injunctive relief.

The Court previously denied Defendant's Motion for Summary Judgment, and granted in-part and denied in-part EEOC's Motion for Partial Summary Judgment. Subsequently, Defendant's primary counsel of record, the law firm of Wolf, Block, Schorr and Solis-Cohen, LLP in Philadelphia, filed a motion to withdraw as counsel, apparently for unpaid legal fees.  Upon request of Defendant, this Court then held a status conference in early January during which Defendant's local counsel, the law firm of Shawe and Rosenthal, requested a continuance of the pre-trial conference date, informing the Court that neither they nor anyone else had yet been retained by Defendant to defend it at the trial of this action and they were not sufficiently prepared to participate in formulation of the pre-trial order or to try the case.  The Court then ordered that the pre-trial conference be rescheduled for March 25, 2008, but cautioned Defendant that it risked default judgment if it did not proceed to trial with its local counsel.

On January 11, 2008, Defendant filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code in the U.S. Bankruptcy Court for the Eastern District of Pennsylvania. See In re: Pure Weight Loss, Inc., Case No. 08-10315-JKF.  Defendant subsequently filed correspondence with this Court notifying the Court of the bankruptcy proceeding.

On January 15, 2008, the Court administratively closed this action, which it subsequently re-opened pursuant to EEOC's Motion to Re-Open Case (Paper No. 214). Neither Defendant nor anyone else responded to EEOC's Motion to Re-Open.

II.     Post-bankruptcy communications regarding the case

On January 11, 2008 (prior to notice of the Bankruptcy Court filing), EEOC sent a letter to Defendant's counsel of record in this action notifying Defendant that EEOC intends to continue its prosecution of this action and requesting the identity of persons(s) with authority to discuss future proceedings in this case. See Exb. 1 (Letter dated January 11, 2008, from Phillips to Harrison and Landau); Exb. 2 at ¶ 1 (Declaration of Ronald L. Phillips).

On January 14, 2008, Defendant's bankruptcy counsel Barry D. Kleban of the firm Eckert, Seamans, Cherin & Mellott, LLC, sent a letter to EEOC informing the undersigned that communications regarding future proceedings in this action should be directed to the appointed Trustee, that the Trustee would make all decisions regarding the case, and that a copy of EEOC's January 11th letter had been sent to the Trustee. See Exb. 3 (Letter of January 14, 2008, from Kleban to Phillips).

On January 15, 2008, EEOC contacted the Trustee and his counsel,[1] informed them of EEOC's intention to proceed and seek judgment in this action, and requested that the Trustee inform EEOC of his intentions regarding any possible defense of this litigation. See Exb. 2 at ¶ 2. Given the early posture of the bankruptcy proceeding and lack of information regarding this case, the Trustee's counsel was unable to state the Trustee's position regarding this matter but stated he would discuss the matter with the

---

[1] The Trustee is Arthur P. Liebersohn, Esq., 924 Cherry Street, Fourth Floor, Philadelphia, PA 19107. Telephone number: (215) 922-7990. The Trustee's counsel is Paul B. Maschmeyer, Esq., Maschmeyer Karalis P.C., 1900 Spruce Street, Philadelphia, PA 19103. Telephone number: (215) 546-4500. EEOC will serve both persons with copies of this Application for Default Judgment.

Trustee and contact EEOC counsel. See id.  On that date and on other occasions thereafter, EEOC also informed the Trustee's counsel of the pre-trial conference date, the pre-trial order due date, and the need to confer with someone representing Defendant regarding the content of the pre-trial order. See id. at ¶ 3.

Subsequently, on February 6, 2008, EEOC sent a letter to the Trustee's counsel, with a copy to the Trustee, providing certain documents related to this case, reiterating EEOC's intention to prosecute this case and reduce its claims to judgment, again identifying the pre-trial conference and pre-trial order dates, and again requesting that the Trustee state whether he intended to mount any defense of this action. See Exb. 4 (Letter dated February 6, 2008, from Phillips to Maschmeyer).  EEOC advised the Trustee that if he did not respond by February 19th, EEOC would seek default judgment. See id.

In response to EEOC's February 6th letter, the Trustee's counsel contacted EEOC counsel and suggested the possibility of the Trustee agreeing to an EEOC claim (amount to be discussed) in the Bankruptcy Court in exchange for discontinuance of the present action. See Exb. 2 at ¶ 4.  EEOC stated it would consider the proposal but that it still required an answer to its question - by February 19th - regarding whether the Trustee would defend the present action. See id.  EEOC subsequently informed the Trustee's counsel that any resolution should be by consent judgment in this Court, and on February 28th, EEOC counsel called the Trustee's counsel and made an offer to resolve the case by consent judgment. See id. at ¶ 5. The Trustee's counsel stated his intention to discuss the proposal with the Trustee and respond to EEOC almost immediately. See id.

4

To date, neither the Trustee nor his counsel have answered EEOC's question concerning whether the Trustee or a representative will defend the present action. See Exb. 2 at ¶ 6. To date, neither the Trustee nor his counsel have responded to EEOC's offer of consent judgment. See id.

Moreover, on several occasions both before and after EEOC's February 6th letter to the Trustee's counsel, including on February 28, 2008, EEOC informed the Trustee's counsel of the nature and scope of this case, including that the trial is expected to last six to eight weeks; that there have been over 140 depositions taken in this action and hundreds of thousands of documents produced; that there are eight expert witnesses; and that because the Defendant has shut down its operations and laid-off its work force, and the vast majority of Defendant's witnesses/former employees reside outside the Rule 45 subpoena power of this Court, it is unlikely they could be produced by the Trustee for trial testimony. See id. at ¶ 7. During these conversations, the Trustee's counsel has expressed his unfamiliarity with the record of this case as well as his doubt that the Trustee would expend resources from the estate to defend this case, especially given the likelihood that there are insufficient assets in the estate to satisfy all creditors. See id.

Since the date of the last status conference in early January, referenced above, EEOC has not received any substantive communications about this case from counsel of record in this action, nor has any other counsel contacted EEOC to state they have been retained to defend this action. See Exb. 2 at ¶ 8.

III. Legal analysis

Rule 55(a) of the Federal Rules of Civil Procedure provides for the entry of a default judgment "[w]hen a party against whom a judgment for affirmative relief is

5

sought has failed to . . . otherwise defend [the action]." A default judgment is warranted when the defendant fails to participate in defense of the lawsuit. See, e.g., Home Port Rental, Inc. v. Ruben, 957 F.2d 126, 133 (4th Cir. 1992)(affirming default judgment when defendant failed to appear at show cause hearing or respond to court notices). See also H.F. Livermore Corp. v. Aktiengesellschaft Gebruder L., 432 F.2d 689, 691 (D.C. Cir. 1970)(noting that "the default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party").

It is readily apparent from the above-referenced facts that no one intends to defend this case. Inquiries to the Defendant regarding whether it would mount a defense were referred by its counsel to the bankruptcy Trustee, and Defendant stated the Trustee would make the decision. Despite repeated, unambiguous inquiries made of the Trustee by EEOC over a period of months, the Trustee has failed to directly answer the question. The Trustee has failed to state that he would defend this case or arrange for a representative to defend this case, even after being informed that EEOC would file the present Application unless he answered the question. Moreover, the Trustee's counsel has expressed doubt that the Trustee would mount any defense, and he has conceded their unfamiliarity with the record. The Trustee has not responded to an offer of consent judgment, nor has he appeared in this case. EEOC has had no communications from any counsel retained to represent Defendant in this action, and it appears there is no such counsel. Indeed, given the complexity of this case and the highly voluminous record, it further appears that there is no one with the capability or assets to defend this action, either now or in the reasonably foreseeable future. In sum,

Defendant and the Trustee have declined, and will continue to decline, to defend this case. Under these circumstances, default judgment is warranted.

IV.    Remedies requested

EEOC requests that the Court enter a final judgment in this action, and order the following monetary remedies:

(a)    $16,842,656 dollars as a class-wide back pay award;[2]

(b)    $33,685,312 dollars as a class-wide punitive damages award;[3] and

---

[2] Class-wide back pay was calculated by EEOC's expert labor economist, Elvira Sisolak, by first determining the "shortfall," i.e., the number of male hires Defendant should have made in the absence of discrimination in each year (based on its actual hiring rates of women and men and the male applicant rates for various affected jobs) and then multiplying that shortfall figure - which represents the number of actual jobs lost to discrimination - by the average wages and benefits that would have been earned in each job. These average earning figures were drawn directly from calculations performed regarding a sample of EEOC's claimants by Defendant's own expert, PriceWaterhouseCoopers, which calculated and relied on average tenure of incumbents in each job category and average earnings of those incumbents. See Exb. 5 (Declaration and back pay calculation completed by EEOC expert Elvira Sisolak). (It appears the PriceWaterhouseCoopers expert report may be covered by this Court's Confidentiality Stipulation and Order entered on October 7, 2003, Paper Nos. 39 and 41. Accordingly, EEOC will not publicly file it with the Court but will make it available for the Court's inspection if requested.) Individual back pay calculations for each EEOC claimant were not feasible given the large number of presently identified claimants and identified potential claimants (over 300 so far) and the fact that under the Court's Order Regarding Bifurcation and Scheduling class identification was not scheduled to be completed until after the Stage I trial and early in Stage II proceedings, presently leaving a substantial number of victims yet to be identified. Under such circumstances, calculation and award of class-wide back pay using the foregoing methodology is well-established under federal law. See, e.g., EEOC v. O & G Spring and Wire Forms Specialty Co., 38 F.3d 872, 879-80 & n.9 (7th Cir. 1994); Catlett v. Missouri Highway and Transport. Comm'n, 828 F.2d 1260, 1267 (8th Cir. 1987); Pettway v. American Cast Iron Pipe Co., 494 F.2d 211, 261-63 (5th Cir. 1975). The class-wide back pay figure does not include pre-judgment interest. Nor does the back pay figure include back pay for certain job categories for which EEOC sought relief, such as recruiter and trainer. In the interest of expediency, in light of the circumstances of the bankruptcy, and given the punitive damages sought, for purposes of this Application EEOC will forego seeking such additional back pay amounts separately and will consider them subsumed within the class-wide back pay and punitive damages figures provided to the Court.

[3] This figure is only a multiplier of two of the back pay award, and given that at least 300 claimants are presently identified, and others remain to be identified, it does not even come close to exceeding the $300,000 per aggrieved person statutory cap on damages set forth in 42 U.S.C. § 1981a(b)(3)(D). The award is amply supported by the evidence previously filed with the Court by EEOC during summary judgment proceedings, which demonstrated a long-standing pattern or practice of purposeful, egregious sex discrimination by Defendant, including but not limited by its owner Vahan Karian, who admitted that he knew his discriminatory actions would get him into trouble with the EEOC. Indeed, Defendant's own submissions regarding summary judgment show a long-standing awareness of the requirements of Title VII. While EEOC believes the aforementioned evidence already of record in this action is clearly sufficient, if the Court determines it requires further evidence to support a punitive damages award, EEOC requests the opportunity to present additional evidence, which is abundant.

(c) $300,000 dollars as an award of punitive damages to Kathy Koch.[4]

In addition, EEOC requests that the Court order that in the event Defendant or a successor company re-start business operations, that they be subject to the following non-monetary relief:

(d) Defendant and its successors are enjoined from engaging in sex discrimination against male job applicants and male employees, including but not limited to refusal to hire or promote because of sex;

(e) Defendant and its successors are enjoined from engaging in retaliation against any person for engaging in conduct protected under Section 704(a) of Title VII of the Civil Rights Act of 1964, as amended;

(f) Defendant and its successors are enjoined from violating Title VII record-keeping requirements set forth at 29 C.F.R. § 1602.14; and

(g) To correct and remedy the effects of its past discrimination, Defendant and its successors will implement and adhere to an affirmative action plan for recruiting, hiring and retaining male job applicants and employees. The appropriate content of this plan will be determined by the Court at a hearing upon notice from the EEOC or Defendant that Defendant or its successors have re-started business operations. Defendant or any successor shall inform the court by written notice if the operations of the business are re-commenced.

---

[4] Defendant has never disclosed the amount of its settlement with Ms. Koch. In the absence of such set-off proof, EEOC must presume that an award of the maximum amount of punitive damages would not constitute double recovery.

V.  Conclusion

In light of the foregoing, EEOC respectfully requests that the Court find that Defendant has defaulted by not defending this action and enter a judgment in this case against "Pure Weight Loss, Inc." and "LA Weight Loss Centers, Inc." setting forth the relief described above. A proposed judgment is attached to this Application.

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

_____/s/_____
TRACY HUDSON SPICER (Bar No. 08671)
Supervisory Trial Attorney
EEOC-Washington Field Office
1801 L Street, N.W., Suite 100
Washington, DC 20507
Office #: (202) 419-0711
Facsimile #: (202) 419-0701

_____/s/_____
RONALD L. PHILLIPS
Senior Trial Attorney
EEOC-Baltimore Field Office
City Crescent Building, 3rd Floor
10 South Howard Street
Baltimore, MD 21201
Office #: (410) 209-2737
Facsimile #: (410) 962-4270

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that a copy of Plaintiff EEOC's Motion for Default Judgment was sent, via express mail, to Arthur P. Liebersohn, Esq., 924 Cherry Street, Fourth Floor, Philadelphia, PA 19107, and via facsimile transmission and express mail to Paul B. Maschmeyer, Esq., Maschmeyer Karalis P.C., 1900 Spruce Street, Philadelphia, PA 19103, on this day, the 7th day of March 2008.  A copy of the foregoing document was served on Defendant, through its counsel of record, via the Court's CM/ECF system.

              /s/
              Ronald L. Phillips
              Senior Trial Attorney
              EEOC-Baltimore Field Office
              City Crescent Building, 3rd Floor
              10 South Howard Street
              Baltimore, Maryland 21201
              Telephone number: (410) 209-2737
              Facsimile number: (410) 962-4270