IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,           Plaintiff,<br><br>v.<br><br>LA WEIGHT LOSS,           Defendant. | )<br>)<br>)<br>)<br>)<br>)   Case No. WDQ-02-CV-648<br>)<br>)<br>)<br>)<br>) |

**DECLARATION OF RONALD L. PHILLIPS**

I, Ronald L. Phillips, hereby state as follows:

1. On January 11, 2008, prior to receiving notice of Defendant's Bankruptcy Court filing, I sent a letter to Defendant's counsel of record in this action, which is attached to EEOC's Application for Default Judgment as Exhibit 1.

2. On January 15, 2008, I called the bankruptcy Trustee in the Pure Weight Loss/LA Weight Loss Chapter 7 bankruptcy proceeding, Arthur Liebersohn ("the Trustee"), and his counsel Paul B. Maschmeyer ("Maschmeyer"), and spoke to them by telephone. I told them of EEOC's intention to proceed and seek judgment in this action, that EEOC was not subject to automatic stay, and I asked that the Trustee inform EEOC of his intentions regarding any possible defense of this litigation. Mr. Maschmeyer stated words to the effect that given the early posture of the bankruptcy proceeding and lack of information regarding this case, he was unable to state the Trustee's position regarding this matter but would discuss the matter with the Trustee and contact me.

3. On January 15, 2008, and on other occasions thereafter, I told Mr. Maschmeyer the pre-trial conference date, the pre-trial order due date, and informed

him I would need to confer with someone representing Defendant regarding the content of a pre-trial order.

4. In response to my letter attached as Exhibit 4 to EEOC's Application for Default Judgment, Mr. Maschmeyer called me and suggested the possibility of the Trustee agreeing to an EEOC claim (amount to be discussed) in the Bankruptcy Court in lieu of EEOC continuing prosecution of this action. I stated EEOC would consider the proposal but that EEOC would still require an answer by February 19, 2008, to its question regarding whether the Trustee would defend this action.

5. I then called Mr. Maschmeyer back within approximately a day or two of his call and left a voice mail asking whether the Trustee would agree to a consent judgment in this case. I subsequently spoke to Mr. Maschmeyer by phone and told him EEOC wanted a consent judgment to resolve this case and would propose a dollar amount to resolve the case. On February 28, 2008, I and Tracy Hudson Spicer, EEOC Supervisory Trial Attorney, called Mr. Maschmeyer, and I made an offer of monetary and other terms to resolve the case by consent judgment. Maschmeyer stated he would discuss the proposal with the Trustee and respond to EEOC almost immediately.

6. To date, neither the Trustee nor Mr. Maschmeyer have answered EEOC's questions concerning whether the Trustee or a representative will defend the present action. To date, neither the Trustee nor Mr. Maschmeyer have responded to EEOC's offer of consent judgment.

7. During several telephone conversations both before and after February 7, 2008, including on February 28, 2008, I told Mr. Maschmeyer information about the nature and scope of this case, including that the trial is expected to last six to eight weeks; that there have been over 140 depositions taken in this action and hundreds of

thousands of documents produced; that there are eight expert witnesses; and that because the Defendant has shut down its operations and laid-off its work force, and the vast majority of Defendant's witnesses/former employees reside outside the Rule 45 subpoena power of this Court, it is unlikely their appearance could be procured by the Trustee for testimony at trial. During these conversations, Mr. Maschmeyer stated words to the effect that he was unfamiliar with the record of this case and that he doubted that the Trustee would expend resources from the estate to defend this case, especially given the likelihood that there are insufficient assets to satisfy all creditors in the bankruptcy proceeding.

8. Since the date of the last status conference in early January, with the exception of being notified of the impending bankruptcy petition filing, and its subsequent filing, neither I nor any EEOC attorney of record has received any communication about the trial, pre-trial proceedings, or any other issues in this case from any of counsel of record in this action, nor has any attorney contacted me or any other EEOC attorney of record to notify EEOC that he/she has been retained to defend this action.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 3/7/08

Ronald L. Phillips
Senior Trial Attorney
U.S. Equal Employment Opportunity Commission