IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,          ) ) ) | |
| Plaintiff,                        ) ) | |
| v.                                                          ) ) | Case No. WDQ-02-CV-648 |
| LA WEIGHT LOSS,                        ) ) | |
| Defendant.                       ) ) | |
| _____) | |

JUDGMENT BY DEFAULT PURSUANT TO RULE 55
OF THE FEDERAL RULES OF CIVIL PROCEDURE

It appearing from the record in the above-styled and numbered action that an Application for Default Judgment for want of defense was made on March 7, 2008, as to Defendant, LA Weight Loss Centers, Inc. (now named Pure Weight Loss, Inc.) for failure of said Defendant to defend against this action as provided by Rule 55(a) of the Federal Rules of Civil Procedure, based on the record of this matter the Court finds that Defendant and persons authorized to act regarding the estate in Chapter 7 bankruptcy proceedings have failed to otherwise defend this action. Accordingly, the Court finds that default judgment against Defendant is warranted in this action.

Therefore, on this day, by the United States District Court for the District of Maryland, it is ORDERED and ADJUDGED that judgment by default be and the same is ENTERED in favor of Plaintiff, the U.S. Equal Employment Opportunity Commission, against LA Weight Loss Centers, Inc. and Pure Weight Loss, Inc. for the following sums: $16,842,656 dollars as a class-wide back pay award to the class of male job applicants for whom Plaintiff seeks relief in this action; $33,685,312 dollars as a class-wide punitive damages award to the class of male job applicants for whom Plaintiff seeks

relief in this action; and $300,000 dollars as an award of punitive damages to former Plaintiff-Intervenor Kathy Koch.

In addition, is it further ORDERED and ADJUDGED that in the event LA Weight Loss Centers, Inc. and/or Pure Weight Loss, Inc. re-commence business operations, that they be subject to the following relief:

Defendant and its successors are ENJOINED from engaging in sex discrimination against male job applicants and male employees, including but not limited to refusal to hire or promote because of sex;

Defendant and its successors are ENJOINED from engaging in retaliation against any person for engaging in conduct protected under Section 704(a) of Title VII of the Civil Rights Act of 1964, as amended;

Defendant and its successors are ENJOINED from violating Title VII record-keeping requirements set forth at 29 C.F.R. § 1602.14; and

Defendant and its successors are ORDERED to implement and adhere to an affirmative action plan for recruiting, hiring and retaining male job applicants and employees. The content of this plan will be determined by the Court at a hearing upon notice from the EEOC or Defendant that Defendant or its successors have re-commenced business operations. Within five (5) business days of Defendant or any successor re-commencing its business operations, it shall inform the Court by written notice filed with the Court that such operations have been re-commenced.

Signed and entered this _____ day of _____, 2008.

_____
HONORABLE WILLIAM D. QUARLES, JR.
United States District Judge