

# SHAWE ROSENTHAL LLP

20 S. Charles Street
11th Floor
Baltimore, MD 21201
P: 410-752-1040
F: 410-752-8861

shawe.com

Bruce S. Harrison
bsh@shawe.com
410-843-3456

March 19, 2008

The Honorable William D. Quarles, Jr.
United States District Court for the District of Maryland
101 W. Lombard Street, Suite 3A
Baltimore, MD  21201

Re:   **EEOC v. LA Weight Loss**
      **Civil Action No.: WDQ-02-CV-648, USCA Case Number  04-1814**

Dear Judge Quarles:

We wish to advise the Court that we were retained this week as local counsel on behalf of Arthur P. Liebersohn, Chapter 7 Trustee of the Estate of Pure Weight Loss, Inc., formerly known as L.A. Weight Loss Centers, Inc.  We will be filing a formal appearance on his behalf.  We will also be filing, on behalf of the Trustee, a Motion for Stay of Proceedings and Response to the EEOC's Application for Default Judgment.

Prior to L.A. Weight Loss going into bankruptcy, the Court scheduled a pre-trial conference in this matter for 9:00 am of the morning of March 25, 2008.  Given the intervening developments, we most respectfully request that Court reserve that time to address with the parties how best this matter should proceed.  It that regard, it is important to emphasize that the interest of the Trustee in this lawsuit is not the same as the interest of the bankrupt corporation.  Under Chapter 7 of the Bankruptcy Code, the Trustee's duty is to collect and administer the assets of the bankruptcy estate for the benefits of the creditors.  This duty includes examining the claims of the creditors to make sure they are proper.  11 U.S.C. § 704.  Otherwise, the risk is that improper claims would operate to the detriment of other creditors.  In this case, the other creditors include numerous customers who have claims for refunds, which would take priority over any claims that the EEOC may have.

We have spoken with the trustee's bankruptcy counsel, Paul B. Maschmeyer and Frank S. Marinas, of the firm, Maschmeyer Karalis, P.C., Philadelphia, and one or both of them are prepared to be present for the March 25th conference to discuss the appropriate procedure dealing with the EEOC's claim against the bankruptcy estate.  We have also spoken with the EEOC and been advised that the EEOC believes that a conference is still appropriate on March 25, but acknowledges that it is not feasible to conduct a pre-trial conference in light of the present

Hon. William D. Quarles, Esq.
March 19, 2008
Page 2



posture of the case, including that there has been no preparation of a pretrial order. The EEOC will be sending you its own letter stating its position.

Respectfully submitted,

SHAWE & ROSENTHAL, LLP

Bruce S. Harrison
BSH/ker

cc: Paul B. Maschmeyer & Frank S. Marinas
    Gerald S. Kiel, Esquire, Equal Employment Opportunity Commission
    Tracy Hudson Spicer, Equal Employment Opportunity Commission

174367