IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, : : : : Plaintiff : : v. : : LA WEIGHT LOSS, : : Defendant : : | ACTION NO. WDQ-02-648 |

## MOTION FOR STAY OF PROCEEDINGS

ARTHUR P. LIEBERSOHN, Chapter 7 Trustee[1] of the Estate of PURE WEIGHT LOSS, INC., f/k/a L.A. WEIGHT LOSS CENTERS, INC. (the "Debtor-Defendant"), by and through his undersigned counsel, hereby submits this Motion for Stay of the above-styled proceedings (the "Motion"), and in support thereof, respectfully states as follows:

---

[1] For purposes of this District Court Action, it is important to note that Mr. Liebersohn, as a Chapter 7 bankruptcy trustee, does not represent the instant Debtor-Defendant. A Chapter 7 bankruptcy trustee is charged with the duty to "collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest[.]" See, 11 U.S.C. § 704(1). That is, "[a]s an officer of the Court and as a representative of the [d]ebtor's creditors, the Trustee has a duty to realize the maximum return for the estate for further distribution to the [d]ebtor's creditors." See, In re A.D. Mac Consulting Corp., 2008 Bankr. LEXIS 555, at *3-*4 (Bankr. D.N.J. Mar. 4, 2008) quoting In re Balco Equities Ltd., 323 B.R. 85, 98 (Bankr. S.D.N.Y. 2005) citing in turn In re Mondie Forge, Inc., 148 B.R. 499, 502 (Bankr. N.D. Ohio 1992). Therefore, although a Chapter 7 bankruptcy trustee is a fiduciary obligated to treat all parties fairly, his primary duty is to the estate's unsecured creditors. See, In re Weldon Stump & Co., 2008 Bankr. LEXIS 231, at *6 (Bankr. N.D. Ohio Jan. 31, 2008) citing In re Kitchin Equip. Co. of Va., Inc., 960 F.2d 1242, 1245 (4th Cir. 1992). See also, In re Poage, 92 B.R. 659, 662 (Bankr. N.D. Tex. 1988) citing In re Thu Viet Dinh, 80 B.R. 819, 822 (Bankr. S.D. Miss. 1987).

1. The above-styled regulatory proceedings were initiated by the U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION (hereinafter, the "EEOC" or the "Plaintiff") on February 22, 2002.

2. On January 11, 2008 (the "Petition Date"), the Debtor-Defendant filed a Voluntary Petition for Relief under Chapter 7 of the United States Bankruptcy Code (the "Bankruptcy Code") in the Eastern District of Pennsylvania.

3. Three days later, on January 14, 2008, Mr. Liebersohn was appointed as Chapter 7 trustee ("Trustee") in accordance with 11 U.S.C. § 701(a)(1) and is so acting.

4. Following the Petition Date, the United States District Court for the District of Maryland stayed the proceedings and administratively closed the case on January 15, 2008 in response to the instant bankruptcy filing.

5. On February 6, 2008, these proceedings were reopened at the Plaintiff's request.

6. Thereafter, on February 20, 2008, counsel for the Plaintiff submitted in the Bankruptcy Court an entry of appearance pursuant to Rule 9010(b) of the Federal Rules of Bankruptcy Procedure in order to obtain copies of all pleadings and orders entered in the Debtor-Defendant's bankruptcy case.

**RELIEF REQUESTED**

7. By this Motion, the Trustee respectfully seeks from this Honorable Court the issuance and entry of an Order staying the proceedings at bar.

**BASIS FOR RELIEF**

8.      A federal court has inherent power to stay proceedings.  See, Microsoft Corp. v. Commonwealth Sci. & Indus. Research Org., 2007 U.S. Dist. LEXIS 91550, at *6 (E.D. Tex. Dec. 13, 2007).  See also, Doe v. Bayer Corp., 367 F. Supp. 2d 904, 914 (M.D.N.C. 2005).  The rationale behind this inherent authority has been succinctly explained as follows,

> " . . . the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants . . ."

See, Landis v. North American Co., 299 U.S. 248, 254, 57 S.Ct. 163, 166, 81 L.Ed. 153 (1936).  See also, Akzenta Paneele + Profile GmbH v. Unilin Flooring N.C. LLC, 464 F. Supp. 2d 481, 484 (D. Md. 2006) quoting Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (*recognizing that "'Courts have inherent power to manage their dockets and stay proceedings'"*); Doe 2 v. Ortho-Clinical Diagnostics, Inc., 335 F. Supp. 2d 614, 633 (M.D.N.C. 2004) citing Williford v. Armstrong World Industries, Inc., 715 F.2d 124, 127 (4th Cir. N.C. 1983) citing in turn Landis, supra, 299 U.S. at 254-55, 57 S.Ct. at 165-66 (*acknowledging that "[t]he Court has the inherent power to stay proceedings to achieve equity and to ensure the efficient management of its docket"*).

9.      The decision to issue a stay of proceedings rests within the sound discretion of the trial court.  See, e.g., Stender v. Cardwell, 2008 U.S. Dist. LEXIS 18573, at *3 (D. Colo. Feb. 27, 2008) citing Landis, supra, 299 U.S. at 254, 57 S.Ct. at 165-66.  See also, Linear Prods. v. Marotech, Inc., 189 F. Supp. 2d 461, 463 (W.D. Va. 2002) citing Summer Rain v. Donning Company/Publishers, Inc., 964 F.2d 1455, 1461

(4th Cir. 1992).  In exercising this discretion, a trial court typically looks at the following five (5) factors criteria:

(a) The burden on the defendant;

(b) The interest of the plaintiff in proceeding expeditiously with the civil action as balanced against the prejudice to the plaintiff from delay;

(c) The convenience to the courts;

(d) The interest of persons not parties to the civil litigation; and

(e) The public interest.

See, Golden Quality Ice Cream Co., Inc. v. Deerfield Specialty Papers, Inc., 87 F.R.D. 53, 56 (E.D. Pa. 1980).  See also, Barnes v. Zurn Pex, Inc., 2008 U.S. Dist. LEXIS 2134, at *5 (D.N.D. Jan. 9, 2008) quoting Landis, supra, 299 U.S. at 254-55, 57 S.Ct. at 165-66 (*finding that "[t]he consideration to stay proceedings involves an 'exercise of judgment, which must weigh competing interests and maintain an even balance'" and that "[t]he party requesting a stay 'must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else'"*); Popoola v. Md.-Individual Practice Ass'n, 2001 U.S. Dist. LEXIS 6875, at *4-*5 (D. Md. May 29, 2001) quoting United States v. Georgia Pacific Corp., 562 F.2d 294, 296 (4th Cir. 1977) citing in turn Landis, supra, 299 U.S. at 254-55, 57 S.Ct. at 165-66 (*agreeing that "'[t]he determination by a district judge in granting or denying a motion to stay proceedings calls for an exercise of judgment to balance the various factors relevant to the expeditious and comprehensive disposition of the causes of action on the court's docket'"*).

10. The application of the foregoing factors to the resolution of the request at bar weighs in favor of staying the proceedings now pending before the Court.

11. There is a pending appeal in Pennsylvania state court of a judgment entered against the Debtor-Defendant in which the latter's insurance carrier denied coverage for the EEOC claim. The Trustee believes the appeal has merit and has authorized pursuit of it. If successful, the appeal would provide a cash infusion to the estate and would also provide funds to defend this action. The Trustee wishes to avoid any action, such as a default or a trial for which he is not prepared, that would prejudice his ability to obtain payment of the cost of the past and future costs defense from the insurance carrier.

12. The Debtor-Defendant's bankruptcy case was filed on January 7, 2007 and thus, the instant Chapter 7 bankruptcy Trustee, as a representative of the bankruptcy estate, has been involved in this District Court Action for less than two (2) months. This being so, it is highly burdensome to require this bankruptcy trustee to familiarize himself in such a short time-period with an ongoing litigation that has lasted more than six (6) years.

13. Similarly, a stay of these proceedings would not prejudice the Plaintiff. The fact that the Defendant is currently involved in a bankruptcy liquidation proceeding allows the Plaintiff an opportunity to file a proof of claim and share in a distribution of assets. In other words, the Plaintiff is not without a remedy in order to pursue its rights.

14. The convenience to the Court, and the interests of the non-parties to these proceedings, also support a stay. In the absence of a stay, the litigation of this action will result in an unnecessary increase in fees at the expense of the Debtor's creditors. In

addition, it would be fundamentally unfair to other creditors to have a judgment entered for the massive amounts sought by the Plaintiff. It bears emphasis that the corporation in liquidation no longer has an interest in the outcome of this case. The Trustee's interest is in protecting creditors, including customers seeking refunds of their deposits.

      15.    Finally, the public interest supports a stay. The public interest is furthered by the conservation of judicial resources and the preservation of the Debtor's limited assets in its bankruptcy estate.

      **WHEREFORE,** the Trustee respectfully requests for the entry of an Order staying the proceedings now pending before the District Court, and for such other and further relief as this Honorable Court deems just and proper.

Respectfully submitted,

/s/
Bruce S. Harrison (Bar No. 00887)
Eric Hemmendinger (Bar No 02050)
Shawe & Rosenthal LLP
20 South Charles Street
Baltimore, MD 21201
Tel: (410) 752-1040
Fax: (410) 752-8861

Paul B. Maschmeyer
Frank S. Marinas
Maschmeyer Karalis, P.C.
1900 Spruce Street
Philadelphia, PA 19103
Tel: 215-546-4500

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 19th day of March, 2008, a copy of the foregoing was served on all parties by way of the Court's electronic filing system.

/s/
_____
Eric Hemmendinger

174363

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | : : : : |
| Plaintiff | : : |
| v. | : ACTION NO. WDQ-02-648 : : |
| LA WEIGHT LOSS, | : : |
| Defendant | : : : |

## **O R D E R**

**AND NOW,** this _____ day of MARCH, 2008, upon consideration of the Motion of the Debtor-Defendant for an Order staying these proceedings (the "Motion"), and after notice and hearing, it is hereby **ORDERED** that:

1. The Motion is **GRANTED**.

    BY THE COURT:

    _____
    THE HONORABLE WILLIAM D. QUARLES, JR.
    UNITED STATES DISTRICT COURT JUDGE

cc:   Interested Parties
      (See Attached List)

174363