IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, : <br><br> Plaintiff : <br><br> v. : <br><br> LA WEIGHT LOSS, : <br><br> Defendant : | ACTION NO. WDQ-02-648 |

**RESPONSE OF THE CHAPTER 7 BANKRUPTCY TRUSTEE
TO PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT**

Respondent, ARTHUR P. LIEBERSOHN, Chapter 7 Trustee[1] of the Estate of PURE WEIGHT LOSS, INC., f/k/a L.A. WEIGHT LOSS CENTERS, INC. (the "Debtor" or the "Defendant"), by and through his undersigned counsel, hereby objects to the Application of the U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

---

[1] For purposes of this District Court Action, it is important to note that Mr. Liebersohn, as a Chapter 7 bankruptcy trustee does not represent the instant Debtor-Defendant. A Chapter 7 bankruptcy trustee is charged with the duty to "collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest[.]" See, 11 U.S.C. § 704(1). That is, "[a]s an officer of the Court and as a representative of the [d]ebtor's creditors, the Trustee has a duty to realize the maximum return for the estate for further distribution to the [d]ebtor's creditors." See, In re A.D. Mac Consulting Corp., 2008 Bankr. LEXIS 555, at *3-*4 (Bankr. D.N.J. Mar. 4, 2008) quoting In re Balco Equities Ltd., 323 B.R. 85, 98 (Bankr. S.D.N.Y. 2005) citing in turn In re Mondie Forge, Inc., 148 B.R. 499, 502 (Bankr. N.D. Ohio 1992). Therefore, although a Chapter 7 bankruptcy trustee is a fiduciary obligated to treat all parties fairly, his primary duty is to the estate's unsecured creditors. See, In re Weldon Stump & Co., 2008 Bankr. LEXIS 231, at *6 (Bankr. N.D. Ohio Jan. 31, 2008) citing In re Kitchin Equip. Co. of Va., Inc., 960 F.2d 1242, 1245 (4th Cir. 1992). See also, In re Poage, 92 B.R. 659, 662 (Bankr. N.D. Tex. 1988) citing In re Thu Viet Dinh, 80 B.R. 819, 822 (Bankr. S.D. Miss. 1987).

("EEOC" or the "Plaintiff") for an entry of default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure (the "Application"), and in support thereof, respectfully states as follows:

On January 11, 2008 (the "Petition Date"), the Debtor filed a Voluntary Petition for Relief under Chapter 7 of the United States Bankruptcy Code (the "Bankruptcy Code") in the Eastern District of Pennsylvania. Three days later, on January 14, 2008, Mr. Liebersohn was appointed as Chapter 7 trustee (the "Trustee") in accordance with 11 U.S.C. § 701(a)(1) and is so acting. Thereafter, on February 20, 2008, counsel for the EEOC submitted an entry of appearance pursuant to Rule 9010(b) of the Federal Rules of Bankruptcy Procedure in order to obtain copies of all pleadings and orders entered in the Debtor's bankruptcy case.

### BACKGROUND

As already referenced in the Application, on February 22, 2002, the Plaintiff commenced the present regulatory action by filing a Complaint against the Defendant alleging, inter alia, that the Defendant "engaged in a pattern or practice of disparate treatment of men in its recruiting, hiring, and assignment of employees." See, EEOC v. LA Weight Loss, 509 F. Supp. 2d 527, 531 (D. Md. 2007). The Defendant responded by filing an Answer with Affirmative Defenses on April 8, 2002. See, District Court Docket No. 1:02-cv-00648, Entry No. 4. Two years later, on March 24, 2004, the Plaintiff was granted leave to file an Amended Complaint. Id., at Entry Nos. 45, 65. On that same date, the Complaint was amended exclusively to include a claim that the Defendant "failed to preserve its employment records as required under 42 U.S.C. §

2

2000e-8(c) and the EEOC's [accompanying] regulation, 29 C.F.R. § 1602.14." See, EEOC, supra, 509 F. Supp. 2d at 531.  Once again, the Defendants responded by filing an Answer with Affirmative Defenses on June 9, 2004.  See, District Court Docket No. 1:02-cv-00648, Entry No. 96.

After many months of discovery and various attempts at settlement, the Defendant submitted a motion for summary judgment on all claims, and the Plaintiff submitted a motion for partial summary judgment on its document-preservation claim. See, EEOC, supra, 509 F. Supp. 2d at 531.  In a Memorandum Opinion dated August 31, 2007, the Court denied the Defendant's summary judgment submission in its entirety. Id., at 533-37.  In the same Memorandum Opinion, the Court granted in part and denied in part the Plaintiff's partial summary judgment requests.  Id., at 537-40.  Subsequently, on or about November 21, 2007, the Defendant's primary counsel of record presented a motion to withdraw from the representation of the Defendant.  See, District Court Docket No. 1:02-cv-00648, Entry No. 207.  This motion was granted on January 4, 2008.

**THE CLOSING OF THE DISTRICT COURT ACTION, THE
REOPENING REQUEST SUBMITTED BY
PLAINTIFF AND THE FILING OF THE INSTANT APPLICATION**

Following the Petition Date, this Court stayed the suit and administratively closed the case on January 15, 2008 in response to the Defendant's bankruptcy filing. Id., at Entry No. 213.  Nonetheless, on February 6, 2008, the case was reopened at the Plaintiff's request.  Id., at Entry Nos. 214, 215.  Thereafter, on or about March 7, 2008, the Plaintiff submitted the instant Application for an entry of default judgment.  Id., at Entry No. 216.

In so doing, the Plaintiff has argued that "no one intends to defend this case." See, Application, at p. 6. According to the Plaintiff,

> " . . . EEOC has had no communications from any counsel retained to represent Defendant in this action, and it appears there is no such counsel. Indeed, given the complexity of this case and the highly voluminous record, it further appears that there is no one with the capability or assets to defend this action, either now or in the reasonably foreseeable future."

Id. Plaintiff has requested the Court to enter a final judgment on the merits, together with the following monetary remedies:

> " . . .  (a)   $ 16,842,656 dollars as a class-wide back pay award; . . .
>
> (b)   $ 33,685,312 dollars as a class-wide punitive damages award; . . . and
>
> (c)   $ 300,000 dollars as an award of punitive damages to Kathy Koch . . ."

Id., at pp. 7-8. At the same time, Plaintiff has requested the Court to order the following non-monetary relief in the event the Defendant or a successor company re-starts business operations:

> " . . .  (d)   Defendant and its successors are enjoined from engaging in sex discrimination against male job applicants and male employees, including but not limited to refusal to hire or promote because of sex;
>
> (e)   Defendant and its successors are enjoined from engaging in retaliation against any person for engaging in conduct protected under Section 704(a) of Title VII of the Civil Rights Act of 1964, as amended;
>
> (f)   Defendant and its successors are enjoined from violating Title VII record-keeping requirements set forth at 29 C.F.R. § 1602.14; and
>
> (g)   To correct and remedy the effects of its past discrimination, Defendant and its successors will implement and adhere to an affirmative action plan for recruiting, hiring and retaining male job applicants and

4

> employees. The appropriate content of this plan will be determined by the Court at a hearing upon notice from the EEOC or Defendant that Defendant or its successors have re-started business operations. Defendant or any successor shall inform the court by written notice if the operations of the business are re-commenced."

Id., at p. 8. Based on the intervening equities, Plaintiff's arguments and requests should be denied.

## DISCUSSION

**A.  In This Action, A Review Of The Relevant Pleadings Demonstrates That The Plaintiff's Instant Requests For An Entry Of Default Judgment Is Procedurally Defective**

Rule 55 of the Federal Rules of Civil Procedure governs both defaults and default judgments. See, e.g., Echostar Satellite LLC v. Rollins, 2008 U.S. Dist. LEXIS 8173, at *2 (S.D. W. Va. Feb. 4, 2008). See also, Local Union No. 825, 825A, 825B, 825D, 825R, 825RH, Int'l Union of Operating Engr's v. LLS Landscaping, Inc., 2006 U.S. Dist. LEXIS 66902, at *2 (D.N.J. Sept. 19, 2006). The Rule provides, in relevant part, as follows:

> **(a)  Entering a Default.**  When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
>
> **(b)  Entering a Default Judgment.**
> . . .
> **(2)**  By the Court. In all other cases, the party must apply for a default judgment . . . If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing. The court may conduct hearings or make referrals – preserving any federal statutory right to a jury trial – when, to enter or effectuate judgment, it needs to:
> **(A)**  conduct an accounting;

5

      **(B)**    determine the amount of damages;
      **(C)**    establish the truth of any allegation by evidence; or
      **(D)**    investigate any other matter . . .

See, Fed. R. Civ. P. 55(a), (b)(2). See also, Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2nd Cir. 1993); Workman v. Felts, 2007 U.S. Dist. LEXIS 66864, at *4-*5 (S.D. W. Va. Aug. 6, 2007); Fonovisa, Inc. v. Merino, 2006 U.S. Dist. LEXIS 89212, at *4-*5 (D.N.J. Nov. 27, 2006); Jenkins v. Trs. of Sandhills Cmty. College, 2002 U.S. Dist. LEXIS 25247, at *3 (M.D.N.C. Nov. 22, 2002).

      By its own terms, the Rule sets forth a two-step process by which a plaintiff may secure a default judgment against a defendant. See, Fed. Home Loan Mortg. Corp. v. Ambassador Assocs., L.P., 2006 U.S. Dist. LEXIS 73087, at *12 (W.D.N.Y. Oct. 6, 2006). See also, Carvajal v. DEA, 246 F.R.D. 374, 376 FN 2 (D.D.C. 2007). Therefore, an entry of default and a default judgment are distinct concepts which must be treated separately. See, e.g., Rickards v. Solomon, 457 F. Supp. 95, 100 (D. Md. 1978). See also, Colston v. Cramer, 2008 U.S. Dist. LEXIS 14061, at *3 (E.D. Mich. Feb. 26, 2008) quoting Northland Ins. Co. v. Cailu Title Corp., 204 F.R.D. 327, 330 (W.D. Mich. 2000) quoting in turn United States v. Topeka Livestock Auction, Inc., 392 F. Supp. 944, 950 (N.D. Ind. 1975). As it was explained by another District Court,

> " . . . [t]he section of the rule regarding default is dealt with in Rule 55(a), and the section of the rule regarding judgment is dealt with in Rule 55(b). These sections have separate headings and procedures that are distinct from one another. Thus, *a plain reading of Rule 55 demonstrates that entry of default by the clerk is a prerequisite to an entry of default judgment . . .*" (*emphasis added*)

See, Vongrabe v. Sprint PCS, 312 F. Supp. 2d 1313, 1318 (S.D. Cal. 2004). See also, Unum Life Ins. Co. of Am. v. Nichols, 2008 U.S. Dist. LEXIS 8766, at *3-*4 (N.D. Ind. Feb. 4, 2008) citing Hill v. Barbour, 787 F. Supp. 146, 148 FN 4 (N.D. Ill. 1992)

(*recognizing that "[p]rior to obtaining a default judgment under Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)"*); Structural Concrete Prods., LLC v. Clarendon Am. Ins. Co., 244 F.R.D. 317, 328 (E.D. Va. 2007), motion denied by, 2007 U.S. Dist. LEXIS 61714 (E.D. Va. Aug. 22, 2007) quoting 10A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2682 (3rd ed. 2007) (*indicating that "'[p]rior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)'"*); Charles Schwab & Co. v. Mehta, 1999 U.S. Dist. LEXIS 8919, at *2 (E.D. Pa. June 15, 1999) (*holding that where "[p]laintiff failed to file th[e] motion as a precipe to enter default with the Clerk's office[,]" the motion did not comply with Fed. R. Civ. P. 55 because "[t]he proper format is for the Plaintiff to file a precipe with the Clerk to enter default and file a separate motion with the Court for default judgment"*); De Tore v. Jersey City Public Employees Union, 511 F. Supp. 171, 176 (D.N.J. 1981) (*finding that "no default judgment may be entered under either F[ed]. R. Civ. P. 55(b)(1) or (b)(2) unless a default has previously been entered by the clerk under [Rule] 55(a)" and therefore, "the entry of default is an essential predicate to any default judgment"*).

      Here, Plaintiff failed to provide the Court with proof of an actual entry of default by the Clerk of the Court nor does this Court's docket reflect that a default was entered against the Defendant. By omitting this initial step of securing the entry of a default, the Plaintiff has bypassed the Defendant's procedural protections. See, e.g., Structural Concrete Prods., supra, 244 F.R.D. at 328 (*indicating that "'[p]rior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)'"*). See also, Yue v. Storage Tech. Corp.,

2008 U.S. Dist. LEXIS 13111, at *4 (N.D. Cal. Feb. 8, 2008) (*observing that "[p]laintiff must first seek an entry of default under Federal Rule of Civil Procedure 55(a)" and that "[o]nce the default is entered, plaintiff may then seek a default judgment"*); Carvajal, supra, 246 F.R.D. at 376 FN 2 quoting Meehan v. Snow, 652 F.2d 274, 276 (2nd Cir. 1981) (*stating that "pursuant to Rule 55(c), the defendant has an opportunity to seek to have the default [as opposed to a default judgment] set aside" and "[i]f that motion is not made or is unsuccessful, and if no hearing is needed to ascertain damages, judgment by default may be entered by the court or, if the defendant has not appeared, by the clerk"*); In re Abuel, 2006 U.S. Dist. LEXIS 87437, at *6 (D.N.J. Dec. 4, 2006) (*examining the issues presented and holding "this motion for a default judgment is procedurally improper and must be denied because [p]laintiff never moved for entry of default as required under F.R.C.P. 55(a), nor has the Clerk of the Court entered default"*). That is, in this action, the Plaintiff has failed to complete the first step of the two-part process required by the applicable Federal Rule of Procedure. Therefore, the Plaintiff should not be entitled to a default judgment.

**B.    In This Action, An Analysis Of The Relevant Factors Which May Be Considered By Courts In Exercising Discretion As To The Entry Of A Default Judgment Demonstrates That Such A Severe Sanction Is Not Warranted At This Time**

Moreover, it is important to note that default judgments are a drastic remedy, not favored by the Federal Rules of Procedure and resorted to by trial courts only in extreme situations. See, e.g., Jefferson v. Briner, Inc., 461 F. Supp. 2d 430, 433 (E.D. Va. 2006) citing Tazco, Inc. v. Director, Office of Workers Compensation Program, United States Dep't of Labor, 895 F.2d 949, 950 (4th Cir. 1990). See also, Willis v.

Mullins, 2007 U.S. Dist. LEXIS 74413, at *7 (E.D. Cal. Sept. 24, 2007) citing In re Hammer, 940 F.2d 524, 525 (9th Cir. 1991) (*finding that "[d]efault judgments are generally disfavored, and whenever possible, cases should be decided on their merits"*). As a result, default judgments are to be sparingly granted, with consideration to be given to, among other factors, the question of whether a less severe sanction would suffice. See, Trs. of the Bricklayer & Stonemasons Local No. 2 Welfare Fund v. Hudgins, 2007 U.S. Dist. LEXIS 45170, at *4 (E.D. Va. June 20, 2007) citing Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 953 (4th Cir. 1987) quoting in turn United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982). See also, Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1316-17 (11th Cir. 2002) (*agreeing that the "[e]ntry of judgment by default is a drastic remedy which should be used only in extreme situations, as the court has available to it a wide range of lesser sanctions"*).

In addition, when an application is made to the trial court for entry of a default judgment under Rule 55(b)(2), the District Judge is required to exercise "sound judicial discretion" in deciding whether the judgment should be entered. See, e.g., Dow v. Jones, 232 F. Supp. 2d 491, 494 (D. Md. 2002). See also, Cameron v. MTD Prods., 2004 U.S. Dist. LEXIS 30747, at *5 (N.D. W. Va. Jan. 6, 2004), aff'd by, 90 Fed. Appx. 53, 2004 U.S. App. LEXIS 5195 (4th Cir. W. Va. Mar. 19, 2004) quoting Moradi, supra, 673 F.2d at 727 (*acknowledging that "'[t]rial judges are vested with discretion, which must be liberally exercised, in entering such judgments and in providing relief therefrom'"*). This element of "judicial discretion" makes it clear that the party making the request is not entitled to a default judgment as of right, even when a defendant is technically in default and that fact has been noted under Rule 55(a). See, Ramada

9

Worldwide, Inc. v. NPR Hospitality, Inc., 2008 U.S. Dist. LEXIS 3261, at *9 (D.N.J. Jan. 16, 2008) citing Local Union No. 98, IBEW v. Cableco, Inc., 1999 U.S. Dist. LEXIS 7024, at *3 (E.D. Pa. Apr. 27, 1999) citing in turn Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1303 (3rd Cir. 1995), rehearing, en banc, denied by, 1995 U.S. App. LEXIS 4100 (3rd Cir. Feb. 28, 1995). See also, Cox v. Corr. Med. Servs., 2007 U.S. Dist. LEXIS 71248, at *14 (E.D. Mich. Sept. 26, 2007).

Lastly, in exercising this "judicial discretion," trial courts, including those in the Fourth Circuit, are guided by the following set of factors:

> " . . . (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiffs' substantive claims, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986); 6 MOORE'S FEDERAL PRACTICE P 55-05[2], at 55-24 to 55-26 . . ."

See, Scott v. Wells Fargo Home Mortg. Inc., 2003 U.S. Dist. LEXIS 26011, at *14-*15 (E.D. Va. Jan. 14, 2003), aff'd by, 2003 U.S. App. LEXIS 13043 (4th Cir. Va. June 27, 2003). Some trial courts have condensed these various factors into a list of three:

> " . . . (1) whether Plaintiff will be prejudiced if the default is not granted; (2) whether Defendants have a meritorious defense; and (3) whether Defendants' delay was the result of culpable misconduct . . ."

See, Walthour v. Tennis, 2008 U.S. Dist. LEXIS 8026, at *11 (M.D. Pa. Feb. 4, 2008) citing Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3rd Cir. 1984). See also, Directv, Inc. v. Asher, 2006 U.S. Dist. LEXIS 14027, at *4 (D.N.J. Mar. 14, 2006) (*granting the entry of a default judgment where defendant "has not responded in any fashion[,]" "has not asserted any meritorious defense[,]" and has not "offered any excusable reason for his default"*); Charles Schwab & Co., supra, 1999 U.S. Dist. LEXIS 8919, at *3-*4

10

(*enumerating three-factor analysis delineated above and denying plaintiff's default requests where "[p]laintiff's motion fail[ed] to address any of these issues"*).

The application of the above-referenced factors supports the denial of the instant Application for an entry of default judgment. The Application in question falls short of proving the Plaintiff's entitlement to an entry of the requested default judgment. Specifically, Plaintiff has not presented any evidence showing that it will be prejudiced if default judgment is not entered. Nor has it established that this Defendant delayed willfully and in bad faith. See, e.g., Kach v. Hose, 2007 U.S. Dist. LEXIS 30147, at *4 (W.D. Pa. Apr. 23, 2007) citing Hill v. Williamsport Police Dep't, 69 Fed. Appx. 49, 51-52, 2003 U.S. App. LEXIS 11996, at *3-*6 (3rd Cir. Pa. April 24, 2003) (*holding that when a plaintiff did not demonstrate that he would be prejudiced by a lack of a default judgment and did not offer a reason to believe that defendant had acted willfully or in bad faith, the District Court's denial of a default judgment was not an abuse of discretion*). On the other hand, even if the Plaintiff were to allege any of the referenced factors, a closer examination of those particular factors would demonstrate that the entry of a default judgment is not warranted.

### 1. Possibility of Prejudice to the Plaintiff

The Plaintiff does not face any prejudice if a default judgment is not entered at this time. The Defendant has no ongoing business and its estate is going to be liquidated in the pending Chapter 7 bankruptcy proceeding in the Eastern District of Pennsylvania. Thus, the Defendant's current situation serves as a guarantee to the Plaintiff that neither the Defendant nor any successor company will "re-start business

operations" anytime soon. At the same time, the fact that the Defendant is currently involved in a bankruptcy liquidation proceeding gives the Plaintiff an opportunity to file a proof of claim and share in a distribution of assets. In other words, at this time, the Plaintiff is not without a remedy in order to pursue its rights. As to delay, it is important to note that mere delay is not a sufficient basis for establishing prejudice. See, e.g., Amernational Industries, Inc. v. Action-Tungsram, Inc., 925 F.2d 970, 977 (6th Cir. 1991), cert. denied, 501 U.S. 1233, 111 S.Ct. 2857, 115 L.Ed.2d 1024 (1991). In short, this factor weighs against the entry of a default judgment.

### 2.  Meritorious Defenses and the Merits of Plaintiff's Substantive Claims

Next, a review of the relevant pleadings demonstrates that in responding to the Plaintiff's claims, the Defendant has asserted various affirmative defenses. See, e.g., Answer to Amended Complaint, at pp. 4-5. Among these, the Defendant has effectively pleaded as follows:

(a) In this action, some or all of the members of the alleged class failed to make reasonable efforts to mitigate their alleged damages, if any, and to the extent that they have had any earnings subsequent to the cessation of their employment or their not being hired by the Defendant, the Defendant is entitled to a setoff.[1]

(b) In this action, the Defendant undertook the employment actions complained of for legitimate business reasons.

---

[1] It appears from the affidavit of the EEOC's expert (Doc. 216-6) that the EEOC's backpay calculations assumed that the applicants were entitled to full backpay, without any adjustment for interim earnings or failure to mitigate damages. As a result, the EEOC's backpay claims are considerably overstated. Moreover, it would be inappropriate to award punitive damages when the burden of such damages would not fall on the alleged wrongdoer, but on other creditors.

Id. Thus, there are serious reservations about the merits of the Plaintiff's substantive claims. See, e.g., Scott, supra, 2003 U.S. Dist. LEXIS 26011, at *16. See also, Amernational Industries, supra, 925 F.2d at 977 quoting INVST Financial Group, Inc. v. Chem-Nuclear Systems, Inc., 815 F.2d 391, 399 (6th Cir. 1987), cert. denied, 484 U.S. 927, 108 S.Ct. 291, 98 L.Ed.2d 251 (1987) quoting in turn CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY K. KANE, FEDERAL PRACTICE AND PROCEDURE § 2699, at 536-37 (1983) (*recognizing that "[i]n evaluating the asserted defense, . . . '[t]he key consideration is ''to determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default'''"*); Natasha C. v. Visionquest, Ltd., 2003 U.S. Dist. LEXIS 14631, at *10 (E.D. Pa. Aug. 25, 2003) quoting United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3rd Cir. 1984) (*acknowledging that "'[t]he showing of a meritorious defense is accomplished when allegations of defendant's answer, if established at trial, would constitute a complete defense to the action'"*). To that effect, these factors also weigh against the entry of a default judgment as requested by the instant Plaintiff.

    **3.**    **The Sum of Money at Stake in this Action and the Possibility of a Dispute Concerning Material Facts**

Moreover, since the Plaintiff is seeking over $50 million in damages from the Defendant and because the parties dispute material facts in the pleadings, the facts sub judice clearly militate against the entry of a default judgment. See, e.g., Scott, supra, 2003 U.S. Dist. LEXIS 26011, at *16. See also, Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986) (*affirming the lower court and in so doing observing as follows – "because [plaintiff] was seeking almost $3 million in damages from [defendant] and*

*because the parties disputed material facts in the pleadings, we cannot say that the district court abused its discretion in denying the default judgment"*).

### 4. Culpable Conduct

The same is true of any culpable conduct analysis on the part of the Defendant. To find culpability, the Defendant's conduct must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings. See, e.g., Stitt v. Dylan Constr., Inc., 2006 U.S. Dist. LEXIS 55634, at *13 (E.D. Mich. Aug. 10, 2006) citing Shepard Claims Service, Inc. v. William Darrah & Associates, 796 F.2d 190, 194 (6th Cir. 1986). None of the Trustee's actions can be so described. Instead, the Trustee's efforts and attention have been devoted to the Defendant's bankruptcy case which, as already noted, was filed about two months ago. As to the Defendant, a review of this Court's docket shows that the Defendant not only responded to the original and amended Complaints, but to all of the Plaintiff's subsequent pleadings. Therefore, the Defendant's conduct at no time indicates that it has failed to plead or otherwise defend this action. As a result, this factor weighs against the entry of a default judgment.

### 5. The Strong Policy Underlying the Federal Rules of Civil Procedure

As indicated above, default judgments are ordinarily disfavored by the courts. See, Jefferson, supra, 461 F. Supp. 2d at 433. See also, Perlov v. G.D. Searle & Co., 621 F. Supp. 1146, 1147 (D. Md. 1985) citing Mason & Hanger-Silas Mason Co. v. Metal Trades Council, 726 F.2d 166, 168 (5th Cir. 1984) (*holding that "default*

*judgments are generally disfavored in law, and in the absence of any showing of prejudice which plaintiffs suffered as a result of the delay, this Court will use its discretion and deny the motion"*). Therefore, cases should be decided upon their merits whenever reasonably possible. See, e.g., Scott, supra, 2003 U.S. Dist. LEXIS 26011, at *15 citing PeZa v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985) citing in turn Patapoff v. Vollstedt's, Inc., 267 F.2d 863, 865 (9th Cir. 1959). See also, Belvidere & Del. River Ry. Co. v. Olson, 2006 U.S. Dist. LEXIS 90932, at *5-*6 (D.N.J. Dec. 18, 2006) citing Hritz, supra, 732 F.2d at 1180-81 (*finding that "even after properly following the requirements of Rule 55, parties are not entitled to default judgment as of right and it is left to the 'sound judicial discretion'" and that "the preference is to dispose of cases on the merits whenever practicable"*). This is specially true in light of the fact that (i) the Plaintiff does not face any prejudice by the denial of the requested relief; (ii) the merit of the Defendant's defenses present serious reservations as to the efficacy of the Plaintiff's substantive claims; and (iii) neither the Defendant nor the Chapter 7 bankruptcy trustee's conduct result in the kind of culpable conduct penalized by the trial courts. Accordingly, this factor equally weighs against the entry of a default judgment as requested by the Plaintiff.

## **CONCLUSION**

For these reasons, the Trustee respectfully requests that the Court find that the entry of a default judgment is not warranted and deny the Plaintiff's default judgment requests in their entirety.

March 19, 2008                              Respectfully submitted,


       /s/
Bruce S. Harrison (Bar No. 00887)
Eric Hemmendinger (Bar No. 02050)
Shawe & Rosenthal LLP
20 South Charles Street
Baltimore, MD  21201
Tel: (410) 752-1040
Fax: (410) 752-8861

Paul B. Maschmeyer
Frank S. Marinas
Maschmeyer Karalis, P.C.
1900 Spruce Street
Philadelphia, PA 19103
Tel: 215-546-4500

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 19th day of March, 2008, a copy of the foregoing was served on all parties by way of the Court's electronic filing system.

/s/
_____
Eric Hemmendinger

174364