IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) LA WEIGHT LOSS, ) ) Defendant. ) _____) | Case No. WDQ-02-CV-648 |

**PLAINTIFF EEOC'S MEMORANDUM IN OPPOSITION TO CHAPTER 7 BANKRUPTCY TRUSTEE'S MOTION FOR STAY OF PROCEEDINGS**

Pursuant to Local Rule 105, Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") files the instant Memorandum in Opposition to the Chapter 7 Bankruptcy Trustee's Motion for Stay of Proceedings (Paper No. 219) in the above-styled and numbered action. For the reasons set forth below, EEOC respectfully requests that this Court deny the Trustee's Motion and set a new pre-trial schedule in this matter.

1. <u>The Trustee has a heavy burden of demonstrating the propriety of a discretionary stay of proceedings</u>

The Trustee's discussion of the legal standards that govern a federal court's decision whether to grant a discretionary stay of proceedings (a so-called "<u>Landis</u>" stay)[1] glosses over certain key principles governing this Court's ruling. In the Fourth Circuit "[t]he party seeking a stay must justify it by *clear and convincing circumstances outweighing* potential harm to the party against whom it is operative." <u>Williford v. Armstrong World Indus., Inc.</u>, 715 F.2d 124, 127 (4th Cir. 1983)(emphasis added).

---

[1] <u>Landis v. North American Co.</u>, 299 U.S. 248 (1936).

1

Indeed, as the Fourth Circuit has stated, "The suppliant for a stay must make out *a clear case* of hardship or inequity in being required to go forward, if there is even *a fair possibility* that the stay for which he prays will work damage to someone else." Id. (quoting Landis v. North American Co., 299 U.S. 248, 254-55 (1936))(emphasis added). Moreover, the Fourth Circuit has emphasized that in exercise of its discretion, a district court must consider the interest in expeditious disposition of cases. See U.S. v. Georgia Pacific Corp., 562 F.2d 294, 296 (4th Cir. 1977). The Trustee cannot satisfy the foregoing legal standards.

2.  The Trustee's motion for a stay disregards Congressional intent and, if granted, would cause substantial harm to the EEOC, the class for whom it seeks monetary relief, and the public interest and would result in inconvenience to this Court

As the Fourth Circuit has previously held, and as this Court has recently reaffirmed, the present action is an exercise of the federal government's police and regulatory power that is specifically exempted from the automatic stay provision of the Bankruptcy Code. See, e.g., 11 U.S.C. § 362(b)(4); EEOC v. McLean Trucking Co., 834 F.2d 398, 402 (4th Cir. 1987). The Trustee does not contend otherwise. Rather, the Trustee seeks to achieve the same result as an automatic stay, viz., forcing the EEOC into a bankruptcy proceeding as its exclusive forum for pursuing its claims, by urging a Landis stay and asserting that EEOC would not be harmed because it is free to file a proof of claim in the U.S. Bankruptcy Court. The Trustee's argument does not withstand scrutiny.

The fact that Congress chose to specifically exempt police powers actions such as the one at bar from the automatic stay provision, while staying virtually all other types of actions, evidences a strong public policy in favor of permitting government police powers actions to go forward and be reduced to judgment. The Trustee asserts that

EEOC is not without a remedy because it can file a claim in the Chapter 7 proceeding. However, the mere fact that the federal government is also free to file a proof of claim in the bankruptcy proceeding is immaterial. The government is always free to do that, regardless of whether the automatic stay applies. The point of exempting police powers cases from the automatic stay is that such cases necessarily seek to further significant governmental objectives - objectives that weigh very heavily against the grant of a discretionary stay - and therefore merit special status and should be permitted to be reduced to judgment before conclusion of any bankruptcy proceeding.

In keeping with these principles, the federal courts consistently reject requests for Landis stays in cases involving exercise of governmental police powers. See, e.g., Lockyer v. Mirant Corp., 398 F.3d 1098, 1112-13 (9th Cir. 2005)(vacating discretionary stay); EEOC v. Rath Packing Co., 787 F.2d 318, 325 (8th Cir. 1986)(holding discretionary stay unwarranted given Congressional policy reflected in § 362(b)(4) police powers exemption from automatic stay); In re Emerald Casino, 334 B.R. 378, 390 (N.D. Ill. 2005)(same); Dole v. Hansbrough, 113 B.R. 96, 98 (D.D.C. 1990)(same)(citing Rath Packing). In this regard, as the Ninth Circuit observed:

> We are aware of no case, other than this one, in which a district court has entered a *Landis* stay of a suit falling within the "police or regulatory power" exception to the automatic stay, and counsel has cited none. The very terms of the exception provide that the suit be brought by a governmental unit in furtherance of its "police or regulatory power," thereby indicating that a suit qualifying under the exception will be brought to protect an important governmental interest.

Mirant Corp., 398 F.3d at 1112.

Moreover, contrary to the Trustee's assertion, a Landis stay will cause substantial harm to the EEOC, the class of discrimination victims for whom it seeks remedies, and

3

the public interest in eradicating employment discrimination that is the objective of Title VII.

First, and most significantly, a stay will harm EEOC, the class of discrimination victims for whom it seeks relief, and the public interest by forcing EEOC to proceed in Bankruptcy Court without a judgment from this Court to support EEOC's proof of claim. This will expose EEOC's claim to potential challenges on the merits by not only the Trustee, but potentially by every creditor in that proceeding, creditors who presently number in excess of 200,000 individuals and entities, including plaintiffs in numerous class action and other lawsuits. See Exb. 1 (Defendant's Statement of Financial Affairs, Attachment 4(a), Paper No. 40 from Docket of In re Pure Weight Loss, Inc., No. 0810315-JKF (Bkrtcy. E.D. Pa.)). See also Docket of In re Pure Weight Loss, Inc., No. 0810315-JKF (Bkrtcy. E.D. Pa.) - Paper No. 113 (amended creditors matrix listing creditors). The burden on the EEOC and the class of fending off these challenges would be quite substantial.[2]

Furthermore, the forum of the bankruptcy proceeding itself would create other substantial harm. A jury trial - which EEOC has requested in this action - is not available in the bankruptcy proceeding. See Billing v. Ravin, Greenberg & Zackin, P.A., 22 F.3d 1242, 1250 (3d Cir. 1994)("It is clear that a creditor who submits a proof of claim against the bankruptcy estate has no right to a jury trial on issues raised in defense of such a claim.") Bankruptcy proceedings take place under rules and procedures that are not familiar to EEOC counsel. The venue itself would also create costs associated with significant travel time and expense incurred by EEOC counsel to

---

[2] Indeed, filing EEOC's proof of claim without a judgment will entail very time consuming and substantial compilation and submission of materials.

address challenges to its claim, as well as the inability of EEOC to procure compulsory attendance of certain witnesses who reside in Maryland and Northern Virginia.

More fundamentally, even if the EEOC withstands the drain on its resources caused by multiple, overlapping challenges to its claims by other creditors and is able collect some of the monetary relief owed to its class members through the bankruptcy proceeding, collecting monetary relief is only one public interest objective served by this action. It is not a substitute for a judgment entered by this Court. At the heart of Title VII is a Congressional objective to deter employers from violating the Act, both wrongdoers charged by the EEOC as well as other employers who may engage in similar conduct in the future. See, e.g., McKennon v. Nashville Banner Publishing Co., 513 U.S. 352, 358 (1995); Ablemarle Paper Co. v. Moody, 422 U.S. 405, 417-18 (1975). Public litigation and resolution of Title VII violations advances important, and indeed compelling, governmental interests by educating industry about the contours of Title VII's protections and the consequences of failing to honor those protections. See, e.g., McKennon, 513 U.S. at 358-59 (discussing importance of public litigation of employment discrimination cases); Rosenberg v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 995 F. Supp. 190, 197 (D. Mass. 1998) (same). There is no better general deterrent measure to encourage employers to comply with federal civil rights statutes than a multi-million dollar judgment entered by a federal court against an employer that has flagrantly disregarded its obligations under federal law. Recovery of monetary remedies in bankruptcy court does not adequately serve this interest.

In this regard, the federal courts have recognized governmental entities have a strong and unique interest in achieving general deterrence and that this policy objective should weigh very heavily against bankruptcy-related stays of EEOC actions:

> [T]he hardship to the governmental units of not being allowed to proceed with their actions in their chosen forums includes harms different in character from the harms normally considered on motions for injunctions under § 105 . . . . As Congress recognized when it created the regulatory and police powers exception, the goals of public policy, punishment, and deterrence may sometimes conflict with the goals of maximizing an individual estate's assets and efficiently processing claims. It is the former goals, which are difficult to . . . measure in dollars and cents, that are impaired when a governmental unit loses the ability to enforce its laws in its own forum.
>
> Considering deterrence in particular, the harm to the governmental units must be measured with a broader perspective in mind than these parties alone . . . . [T]he governmental units are entitled to make the choice that, over time, [members of the public] benefit more when companies do not violate the law in part because they know that bankruptcy will not provide a way out when their wrongs are discovered.

EEOC v. Consolidated Freightways Corp. of Del., 312 B.R. 657, 661-62 (W.D. Mo. 2004)(quoting In re First Alliance Mortgage Co., 264 B.R. 634, 659 (C.D. Cal. 2001)). The Trustee's request for a stay is fundamentally at odds with these critical public policy objectives. The EEOC and the public interest would be harmed in that the agency is not able to bring a prompt resolution to the victims of sex discrimination in the agency's chosen forum.

Finally, it goes without saying that litigants and this Court have a strong interest in expeditious adjudication. This case has now been pending since February 2002. Witness memories are fading. Before Defendant sought shelter in bankruptcy court, EEOC and the class of aggrieved job applicants for whom it seeks relief completed over six years of protracted, hard-fought discovery and pre-trial motion practice, and they believed that they would soon finally have the opportunity to present the Government's

6

claims in open court and have them decided once and for all by a jury. The Trustee now seeks to cause additional, undue delay in this case for reasons that do not justify a Landis stay.

3. <u>The Trustee's asserted interest in avoiding depletion of the estate and protecting creditors fails as a matter of fact and law to establish the need for a stay</u>

Notwithstanding the Trustee's unsubstantiated assertion, no one will be substantially harmed if this litigation proceeds. The Trustee claims that a stay is warranted in order to protect other creditors' interests and avoid litigation costs. Litigation is expensive, but defending this matter is an expense that the Trustee will have to undertake whether in this forum or in the bankruptcy forum. Since the Trustee has not demonstrated that the cost of resolving EEOC's claims in bankruptcy court would be significantly less costly than resolution in this proceeding, his argument necessarily fails. See In re Santa Clara Cty. Fair Ass'n, Inc., 180 B.R. 564, 566 (9th Cir. BAP 1995)(absence of debtor argument that resolution of claim would be less costly in bankruptcy court amounted to request for delay); EEOC v. Consolidated Freightways Corp. of Del., 312 B.R. 657, 661-62 (W.D. Mo. 2004).

More importantly, the very purpose of the automatic stay provision is to protect the relative position of creditors and protect debtors from financial pressures during the pendency of the bankruptcy proceeding, see, e.g., McMahon v. George Mason Bank, 94 F.3d 130, 133 (4th Cir. 1996), yet knowing that continuing litigation would result in money judgments and deplete bankruptcy estates Congress still chose to explicitly exempt the EEOC and other government agencies exercising police powers from the automatic stay. Thus, as a number of federal courts have held, the Congressional policy reflected in the § 362(b)(4) exemption demonstrates that discretionary stays should not

7

be granted based on the prospect that the estate will incur expense or inconvenience. See EEOC v. Rath Packing Co., 787 F.2d 318, 325 (8th Cir. 1986); In re Emerald Casino, 334 B.R. 378, 390 (N.D. Ill. 2005); Dole v. Hansbrough, 113 B.R. 96, 98 (D.D.C. 1990). Cf. EEOC v. McLean Trucking Co., 834 F.2d 398, 402 (4th Cir. 1987)(considering and rejecting cost of defense and inconvenience as grounds to apply automatic stay to EEOC enforcement action); Penn Terra Ltd. v. Dept. of Environmental Resources, 733 F.2d 267, 278 (3d Cir. 1984)("In enacting the exceptions to section 362, Congress recognized that in some circumstances, bankruptcy policy must yield to higher priorities. Indeed, if the policy of preservation of the estate is to be invariably paramount, then one could not have exceptions to the rule. Since Congress did provide for exceptions, however, we may assume that the goal of preserving the debtor's estate is not always the dominant goal.") And if the prospect of a judgment against the debtor were enough to justify a Landis stay, then the § 362(b)(4) exemption would be rendered a nullity, for that prospect would justify discretionary stays in all police powers cases.

4.  <u>The Trustee's desire to prosecute an insurance litigation appeal, the results of which are highly speculative, does not justify a stay</u>

The Trustee's assertion that a stay is needed in order for him to prosecute an insurance coverage appeal in Pennsylvania state court is not a credible basis upon which to grant the extraordinary relief that he is seeking. The Trustee does not explain in any "clear and convincing" way how the present proceeding would interfere with his ability to maintain the state court proceeding. Moreover, the Trustee does not demonstrate that the state court insurance action could be concluded within the six month stay that he seeks (as his counsel verbally informed the Court at the status conference), and whether he will ever eventually recover any funds for the estate is entirely speculative.

8

The EEOC's ability to secure the public interest and an expeditious judgment should not turn on vague justifications for a stay and speculative possibilities of recovery in other lawsuits.

5.   <u>The Trustee's unfamiliarity with the record of this case does not justify a stay</u>

The Trustee further argues that he is unfamiliar with the record of this case, and that this fact somehow justifies a <u>Landis</u> stay.   However, the Trustee is now represented in this action by Mr. Harrison, who was Defendant's local counsel for six years.  Prior to the filing of Defendant's bankruptcy petition, Mr. Harrison informed the Court that he and his firm could be prepared to participate in the pre-trial conference in this case after two to three months of preparation.  Therefore, setting a pre-trial conference date for July 2008 should not prejudice the Trustee in any way.  Indeed, the Trustee could have avoided the present situation by retaining Mr. Harrison earlier.  As reflected in EEOC's Application for Default Judgment and supporting evidence (Paper No. 216), after Defendant filed its Chapter 7 petition EEOC immediately notified the Trustee of this case, the applicable deadlines, and the Agency's intention to continue its prosecution of the case.  Thus, the Trustee had almost three months post-petition filing to retain Mr. Harrison and his firm and to start readying the case for trial, or at least commissioning him to review the record and provide an assessment.  Instead, the Trustee chose to take no action, commit to nothing, and then file a last minute motion to stay with this Court pleading unfamiliarity with the case.  These circumstances do not justify a <u>Landis</u> stay.

6.   <u>Conclusion</u>

For the reasons set forth above, EEOC respectfully requests that the Court deny the Chapter 7 Trustee's Motion and hold the status conference currently scheduled for May 20th in this action, at which time the Trustee could be afforded the opportunity to

unambiguously state his intentions regarding whether he will defend the trial of this action and, if he so intends, to discuss an appropriate pre-trial conference date.

>Respectfully submitted,
>
>EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
>
>_____/s/_____
>TRACY HUDSON SPICER (Bar No. 08671)
>Supervisory Trial Attorney
>EEOC-Washington Field Office
>1801 L Street, N.W., Suite 100
>Washington, DC 20507
>Office #: (202) 419-0711
>Facsimile #: (202) 419-0701
>
>_____/s/_____
>RONALD L. PHILLIPS
>Senior Trial Attorney
>EEOC-Baltimore Field Office
>City Crescent Building, 3rd Floor
>10 South Howard Street
>Baltimore, MD 21201
>Office #: (410) 209-2737
>Facsimile #: (410) 962-4270