IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | : <br> : <br> : |
| Plaintiff | : <br> : ACTION NO. WDQ-02-648 |
| v. | : <br> : |
| LA WEIGHT LOSS, | : <br> : |
| Defendant | : <br> : |

**REPLY OF THE CHAPTER 7 BANKRUPTCY TRUSTEE
TO THE EEOC'S MEMORANDUM IN OPPOSITION TO
TRUSTEE'S MOTION FOR STAY OF PROCEEDINGS**

ARTHUR P. LIEBERSOHN, Chapter 7 Trustee (the "Trustee") of the Estate of PURE WEIGHT LOSS, INC., f/k/a L.A. WEIGHT LOSS CENTERS, INC. (the "Debtor-Defendant"), by and through his undersigned counsel, hereby replies to the Memorandum of the U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION (the "EEOC" or the "Plaintiff") in Opposition to the Trustee's Motion for Stay of Proceedings, and in support thereof, respectfully states as follows:

On April 7, 2008, the Plaintiff submitted the Memorandum (the "Memo"). In so doing, Plaintiff has requested this Honorable Court to deny the Trustee's Motion for Stay of Proceedings (the "Motion") for four different reasons. According to the Plaintiff:

(1) The Motion "disregards Congressional intent and, if granted, would cause substantial harm to the EEOC, the class for whom it seeks monetary relief, and the public interest and would result in inconvenience to this Court[;]"

    (2)    The Trustee's "asserted interest in avoiding depletion of the estate and protecting creditors fails as a matter of fact and law to establish the need for a stay[;]"

    (3)    The Trustee's "desire to prosecute an insurance litigation appeal, the results of which are highly speculative, does not justify a stay[;]" and,

    (4)    The Trustee's "unfamiliarity with the record of this case does not justify a stay."

See, Memo, at pp. 2, 7, 8 and 9. Unfortunately for the Plaintiff, none of these enumerated reasons justify the denial of the Trustee's stay relief requests.

## ARGUMENT

### A. The Motion At No Time Disregards Congressional Intent And, If It Were To Be Granted, Would Not Cause Substantial Harm To The EEOC, The Class It Represents Or The Public Interest. In Addition, If The Motion Were To Be Granted, It Would Not Result In Inconvenience To This Honorable Court

    **1.    The 11 U.S.C. § 362(b)(4) Argument**

As already noted, in its Memo, the Plaintiff has argued that the Motion filed by the Trustee "disregards Congressional intent." See, Memo, at p. 2. That is, the Plaintiff contends at great length that since "the present action is an exercise of the federal government's police and regulatory power that is specifically exempted from the automatic stay provision" by 11 U.S.C. § 362(b)(4), the Trustee "seeks to achieve the same result as an automatic stay, . . ., forcing the EEOC into a bankruptcy proceeding as its exclusive forum for pursuing its claims, by urging a Landis stay and asserting that EEOC would not be harmed because it is free to file a proof of claim in the U.S. Bankruptcy Court." Id. In support of these arguments and contentions, the Plaintiff basically relies on the Ninth Circuit's decision in Lockyer v. Mirant Corp., 398 F.3d 1098

(9th Cir. 2005) and claims that the "federal courts consistently reject requests for Landis stays in cases involving exercise of governmental police powers." Id., at p. 3.

It is settled that 11 U.S.C. § 362(b)(4) exempts governmental police and regulatory proceedings from the purview of the automatic stay. See, EEOC v. McLean Trucking Co., 834 F.2d 398, 402 (4th Cir. 1987). Nonetheless, it is equally settled that in appropriate circumstances, those particular police or regulatory proceedings may be stayed on a discretionary basis. See, e.g., In re General Athletic Products Co., 33 B.R. 1019, 1021-22 (S.D. Ohio 1983). See also, Island Club Marina, Ltd. v. Lee County, 32 B.R. 331, 335 (Bankr. N.D. Ill. 1983) citing In re Shippers Interstate Service, Inc., 618 F.2d 9, 13 (7th Cir. 1980). In Bel Air Chateau, infra, 611 F.2d at 1251, the Court of Appeals for the Ninth Circuit succinctly explained as follows,

> " . . . [i]f regulatory proceedings *threaten* the assets of the estate, *the decision to issue a stay can then be made on a discretionary basis.*
> This result appears harmonious with the new bankruptcy law that recently became effective. Under 11 U.S.C. § 362(a)(1), the filing of a petition will normally operate as a stay of judicial or administrative proceedings. Section 362(b)(4), however, provides that the filing of a petition does not automatically stay an action by a governmental unit to enforce the government's police or regulatory power . . . Instead, stays will be granted *only if* a party shows the necessity for a stay. Section 362 thus makes explicit the principles of the old bankruptcy law: *stays of regulatory proceedings should not be automatic but are appropriate when it is likely that the court proceedings will threaten the estate's assets . . .*" (*emphasis added*)

In re Bel Air Chateau Hospital, Inc., 611 F.2d 1248 (9th Cir. 1979). Accordingly, the courts which have considered this particular issue have determined that 11 U.S.C. § 105 grants a bankruptcy court the discretion and authority to stay federal regulatory proceedings when those proceedings "threaten" the assets of the debtor's estate. See, e.g., United States v. Professional Sales Corp., 56 B.R. 753, 762 (N.D. Ill. 1985)

(*recognizing that "[m]any courts, in construing the automatic stay provisions of § 362 as they apply to governmental units, have stated in dicta or held that governmental proceedings not subject to the stay may be enjoined on a discretionary basis"*); In re Mirant Corp., 2003 Bankr. LEXIS 1167, at *29 (Bankr. N.D. Tex. Sept. 17, 2003) (*enjoining the Federal Energy Regulatory Commission and agreeing that "[c]aselaw . . . supports, in appropriate circumstances, use by the bankruptcy court of section 105(a) of the Code to prohibit conduct otherwise permitted by virtue of one of the exceptions to the automatic stay of section 362(b)"*); In re Metro Transp. Co., 64 B.R. 968, 973 (Bankr. E.D. Pa. 1986) quoting SEC v. First Financial Group, 645 F.2d 429, 440 (5th Cir. 1981) (*enjoining the Pennsylvania Public Utility Commission and stating that "'[t]o the extent that the exercise of a [governmental proceeding] threatens the assets of the debtor's estate, the bankruptcy court may issue a stay of those proceedings'"*); In re Richmond Paramedical Services, Inc., 94 B.R. 881, 882 (Bankr. E.D. Va. 1988) (*enjoining the Department of Health and Human Services while noting that the "courts which have considered the scope of the bankruptcy courts' power to enjoin federal administrative proceedings pursuant to 11 U.S.C. § 105 have determined that bankruptcy courts have the discretion and authority to enjoin such proceedings when they would threaten the estate of the debtor"*); In re Vantage Petroleum Corp., 25 B.R. 471, 476 (Bankr. E.D.N.Y. 1982) (*enjoining the Department of Energy while finding "the propriety of such an action only when 'the assets of the estate are threatened'" and that "the case law, both under the former Act and present Code, has recognized this principle"*).

The application of this standard to the present set of facts demonstrates that in this regulatory action the stay relief requested by the Trustee is indeed warranted.

4

The reasoning behind this conclusion is simple. Absent stay relief, the Plaintiff will sooner or later eventually try to obtain once again a judgment in the amount of $50,827,968.00, which fuller litigation may prove it not to be entitled to, to the detriment of the bankruptcy estate and its other creditors. This, in and by itself, is a sufficient threat to the estate to justify the relief requested by the Trustee. See, e.g., Vantage Petroleum Corp., supra, 25 B.R. at 477. See also, Metro Transp. Co., supra, 64 B.R. at 973 (*acknowledging that "[t]he broad powers granted by [§ 105] have frequently been held to authorize a bankruptcy court to issue a 'non-automatic stay' order where a stay was held to be outside of the scope of 11 U.S.C. § 362(a)"*).

In addition, it should be noted that in requesting the stated relief, the Trustee is neither seeking to achieve the same result as an automatic stay nor forcing the Plaintiff into a bankruptcy proceeding as its exclusive forum for pursuing its claims. This is especially true since the Trustee at no time is requesting a permanent stay of the regulatory action at bar. Instead, the Trustee is simply requesting a six-month stay to allow him (i) the opportunity to examine into the underlying merits of an ongoing litigation for an amount in excess of $50 million that has lasted more than six (6) years and (ii) to pursue a state court appeal that would not only provide a cash infusion to the bankruptcy estate, but would also guarantee sufficient funds to properly defend this regulatory action. Therefore, the relief being requested by the Trustee does not disregard "Congressional intent." It merely results in a temporary delay that does not prejudice the Plaintiff in this regulatory action.

**2.     The Substantial Harm Arguments**

In its Memo, the Plaintiff has also argued that a <u>Landis</u> stay will cause substantial harm to the EEOC, the class of alleged discrimination victims it seeks to represent, and the public interest.  <u>See</u>, Memo, at pp. 3-4.  According to the Plaintiff,

(a)   The <u>Landis</u> stay "will harm EEOC, the class . . . , and the public interest by forcing EEOC to proceed in Bankruptcy Court without a judgment from this Court to support EEOC's proof of claim." <u>Id</u>., at p. 4;

(b)   At the same time, "the forum of the bankruptcy proceeding itself would create other substantial harm" like the unavailability of a jury trial. <u>Id</u>.  At the same time, "[b]ankruptcy proceedings take place under rules and procedures that are not familiar to EEOC counsel" and the "venue itself would also create costs associated with significant travel time and expense[.]" <u>Id</u>.

(c)   More fundamentally, "collecting monetary relief is only one public interest objective served by this action" and thus, "[i]t is not a substitute for a judgment entered by this Court." <u>Id</u>., at p. 5.

(d)   Finally, since this case has been pending since February 2002, "it goes without saying that litigants and this Court have a strong interest in expeditious adjudication." <u>Id</u>., at p. 6.

The Plaintiff further argues that the Trustee's "asserted interest in avoiding depletion of the estate and protecting creditors does not establish the need for a stay." <u>Id</u>., at p. 7.  In support of this argument, the Plaintiff again contends that Congress "chose to explicitly exempt the EEOC and other government agencies exercising police powers from the automatic stay" and thus, "the Congressional policy reflected in the § 362(b)(4) exemption demonstrates that discretionary stays should not be granted based on the

6

prospect that the estate will incur expense or inconvenience." Id., at pp. 7-8. Then, the Plaintiff argues that the "Trustee's desire to prosecute an insurance litigation appeal," as his "unfamiliarity with the record of this case" do not justify a stay. Id., at pp. 8-9.

At the outset, it should be noted that by requesting the stated relief, the Trustee is not "forcing" the Plaintiff into anything. Id., at p. 4. Rule 3002(a) of the Federal Rules of Bankruptcy Procedure mandates that in order to receive a distribution from the bankruptcy estate, a creditor in a Chapter 7 liquidation case must file a proof of claim. See, Fed. R. Bankr. P. 3002(a). See also, In re Rowe Furniture, Inc., 2008 Bankr. LEXIS 720, at *6 (Bankr. E.D. Va. Mar. 4, 2008) (*noting that "[e]xcept in chapter 9 and chapter 11 cases – in which certain claims are deemed filed if listed on the debtor's schedules – a creditor desiring to receive distributions in a bankruptcy case must file a proof of claim"*); In re Jorczak, 314 B.R. 474, 480 (Bankr. D. Conn. 2004) (*agreeing that "[a]n allowed unsecured claim can be obtained in a chapter 7 case only pursuant to a filed proof of claim"*). In like manner, subsection (c) of the same Bankruptcy Rule states that although non-governmental creditors in a Chapter 7 case must file a proof of claim not later than ninety (90) days after the first date set for the meeting of creditors called under 11 U.S.C. § 341(a), governmental units are given 180 days after the date of the Order for Relief to file their proof of claim. See, Fed. R. Bankr. P. 3002(c). See also, In re Aboody, 223 B.R. 36, 37 (B.A.P. 1st Cir. 1998); Laura B. Bartell, Getting to Waiver – A Legislative Solution to State Sovereign Immunity in Bankruptcy After Seminole Tribe, 17 Bankr. Dev. J. 17, 95, 104 FN 349 (2000). Based upon these strictures, the claims bar

dates[1] in the Defendant's bankruptcy case were set as June 12, 2008 (*90 days after the first-scheduled meeting of creditors*) for non-governmental creditors,[2] and July 9, 2008 (*180 days after the date of the Order for Relief*) for governmental unit creditors.[3]  As a result, even if this Honorable Court were to deny the stay relief requested by the Trustee and set a pre-trial conference date for July 2008 as suggested by the Plaintiff, Plaintiff would still be required to proceed in Bankruptcy Court on or before July 9, 2008 without the benefit of a judgment and file its proof of claim in accordance with Rule 3002(c)(1) of the Federal Rules of Bankruptcy Procedure.  See, Fed. R. Bankr. P. 3002(c)(1).  See also, In re Mid-Miami Diagnostics, LLP, 195 B.R. 20, 21-22 (Bankr. S.D.N.Y. 1996) (*recognizing that "[u]nder Rule 3002, a claim not filed in accordance with the time limits imposed by subsection (c) of the Rule must be disallowed"*).  Thus, as demonstrated by this analysis, neither the Plaintiff nor the class it allegedly represents and the public interest are being harmed by the stay relief requested by the Trustee.

        The same is true of the Plaintiff's forum, jury trial, procedural rules and venue contentions.  See, Memo, at p. 4.  As noted above, in order to be able to receive a

---

[1] A bar date pursuant to Rule 3002(c) of the Federal Rules of Bankruptcy Procedure is a date that serves as a deadline for creditors to file a proof of claim in which to receive a dividend or participate in the debtor's bankruptcy proceedings.  See, e.g., Fed. R. Bankr. P. 3002(c).  See also, Patrick D. Shaw, See No Evil, Speak No Evil: Discharging CERCLA Claims in Bankruptcy Without Notice, 6 Tul. Envtl. L. J. 127, 131 (1992).

[2] A review of the Eastern District of Pennsylvania Bankruptcy Court's Docket shows that the meeting of creditors scheduled under 11 U.S.C. § 341(a) was to be conducted by the Trustee on March 14, 2008.  See, Bankruptcy Court No. 08-10315, Docket Entry No. 88.

[3] A review of the same Bankruptcy Court Docket also shows that the Defendant's Chapter 7 liquidation case was filed on January 11, 2008.  See, Bankruptcy Court No. 08-10315, Docket Entry No. 1.  Consequently, the Clerk's Office set the bar date for governmental units at 180 days after the Order for Relief was entered – July 9, 2008.

distribution from the bankruptcy estate, the Plaintiff needs to file a proof of claim on or before July 9, 2008.  See, Mid-Miami Diagnostics, supra, 195 B.R. at 21-22.  Therefore, the stay relief requested by the Trustee at no time harms the interests of this Plaintiff.

The Plaintiff's monetary determent contentions are no different.  See, Memo, at p. 5.  This is especially true since the Defendant has no ongoing business and its estate is going to be liquidated in the pending Chapter 7 bankruptcy case in the Eastern District of Pennsylvania.  Thus, the Defendant's current situation serves as a guarantee to the Plaintiff that neither the Defendant nor any successor company will re-start business operations anytime soon.  Needless to say, such a conclusion is reinforced by the following observation articulated by one District Court,

> " . . . [a] stay may be disfavored where the suit includes allegations of ongoing or future harms *as opposed to* one dealing solely with past harms. Lockyer v. Mirant Corp., 398 F.3d 1098, 1112 (9th Cir. 2005) . . ." (*emphasis added*)

See, Sun Pac. Mktg. Coop., Inc. v. Dimare Fresh, Inc., 2007 U.S. Dist. LEXIS 32437, at *16 (E.D. Cal. Apr. 18, 2007).  In this regulatory action, there are no allegations of ongoing harms by the Defendant.  On the contrary, every allegation raised in the Plaintiff's complaint deals with alleged harms that occurred in the past.  Accordingly, the Plaintiff's determent contentions do not justify the denial of the Trustee's Requests.

Moreover, the Plaintiff's argument that the Trustee's "asserted interest in avoiding depletion of the estate and protecting creditors does not establish the need for a stay[,]" like its contention that "the Congressional policy reflected in the § 362(b)(4) exemption demonstrates that discretionary stays should not be granted based on the prospect that the estate will incur expense or inconvenience[]" certainly fail.  See, Memo, at pp. 7-8.  As already noted, absent stay relief, the Plaintiff will sooner or later

9

eventually try to obtain once again a judgment in the amount of $50,827,968.00, which fuller litigation may prove it not to be entitled to, to the detriment of the bankruptcy estate and its other creditors. This, in and by itself, is a sufficient threat to the estate to justify the relief requested by the Trustee. See, e.g., Vantage Petroleum Corp., supra, 25 B.R. at 477. See also, pp. 3-5, supra.

There is no doubt that a similar conclusion may be drawn from the Plaintiff's "appeal" and "unfamiliarity" contentions. See, Memo, at pp. 8-9. As indicated earlier in this discussion, the Trustee at no time is requesting a permanent stay of the regulatory action at bar. See, p. 5, supra. Instead, the Trustee is simply requesting a temporary six-month stay to allow him (i) the opportunity to examine into the underlying merits of an ongoing litigation that has lasted more than six (6) years and (ii) to pursue a state court appeal that would not only provide a cash infusion to the bankruptcy estate, but would also guarantee sufficient funds to properly defend this regulatory action. Therefore, the relief being requested by the Trustee simply results in a temporary six-month delay that does not prejudice the Plaintiff in this regulatory action.

[INTENTIONALLY LEFT BLANK]

**CONCLUSION**

As averred in the Trustee's Motion, it is important to note that District Courts have inherent authority to stay proceedings before them.  See, Microsoft Corp. v. Commonwealth Sci. & Indus. Research Org., 2007 U.S. Dist. LEXIS 91550, at *6 (E.D. Tex. Dec. 13, 2007).  See also, Doe v. Bayer Corp., 367 F. Supp. 2d 904, 914 (M.D.N.C. 2005).  It is important to also note that in exercising this inherent authority, District Courts typically look at the following five (5) factor criteria:

   (a)   The burden on the defendant;

   (b)   The interest of the plaintiff in proceeding expeditiously with the civil action as balanced against the prejudice to the plaintiff from delay;

   (c)   The convenience to the courts;

   (d)   The interest of persons not parties to the civil litigation; and

   (e)   The public interest.

See, Golden Quality Ice Cream Co., Inc. v. Deerfield Specialty Papers, Inc., 87 F.R.D. 53, 56 (E.D. Pa. 1980).  See also, Popoola v. Md.-Individual Practice Ass'n, 2001 U.S. Dist. LEXIS 6875, at *4-*5 (D. Md. May 29, 2001) quoting United States v. Georgia Pacific Corp., 562 F.2d 294, 296 (4th Cir. 1977) (*recognizing that "'[t]he determination by a district judge in granting or denying a motion to stay proceedings calls for an exercise of judgment to balance the various factors relevant to the expeditious and comprehensive disposition of the causes of action on the court's docket'"*).

This being so, the application of the foregoing factors to the resolution of the request at bar indeed weighs in favor of temporarily staying the regulatory action now pending before this Honorable Court.  The Trustee is not seeking to impose a permanent

stay on this regulatory action or forcing the Plaintiff into a bankruptcy proceeding as its exclusive forum for pursuing its claims.  Instead, the Trustee is merely requesting a six-month stay.  Accordingly, the Trustee respectfully requests this Honorable Court for the entry of an Order temporarily staying this regulatory action for a six-month period and for such other further relief as is deemed just and proper.

                                                          Respectfully submitted,

                                                          /s/

Bruce S. Harrison (Bar No. 00887)
Eric Hemmendinger (Bar No. 02050)
Shawe & Rosenthal LLP
20 South Charles Street
Baltimore, MD  21201
Tel: (410) 752-1040
Fax: (410) 752-8861

Paul B. Maschmeyer
Frank S. Marinas
Maschmeyer Karalis, P.C.
1900 Spruce Street
Philadelphia, PA 19103
Tel: 215-546-4500

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 21st day of April, 2008, a copy of the foregoing was served on all parties by way of the Court's electronic filing system.

/s/
_____
Eric Hemmendinger

176403