```
         IN THE UNITED STATES DISTRICT COURT FOR
         THE DISTRICT OF MARYLAND, NORTHERN DIVISION
                                *
EQUAL EMPLOYMENT OPPORTUNITY    *
COMMISSION,
                                *
     Plaintiff,
                                *
     v.                              CIVIL NO.: WDQ-02-0648
                                *
LA WEIGHT LOSS,
                                *
     Defendant.
                                *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

The U.S. Equal Employment Opportunity Commission (the "EEOC") sued LA Weight Loss ("LAWL") for violations of Title VII of the Civil Rights Act of 1964 ("Title VII").[1]  On January 11, 2008, LAWL filed a voluntary petition for Chapter 7 bankruptcy relief in the Eastern District of Pennsylvania.  Pending is the motion to stay by Arthur P. Liebersohn, LAWL's Chapter 7 Trustee (the "Trustee").  For the following reasons, the Trustee's motion will be denied.

I.  Background

On August 31, 2007, the Court granted in part and denied in part the EEOC's motion for partial summary judgment.  Paper No. 199.  Pursuant to the automatic stay in bankruptcy cases, and

---

[1] 42 U.S.C. §§ 2000e to 2000e-17 (2000).

upon notification of LAWL's filing, on January 15, 2008 the Court administratively closed the case. Paper No. 213. On February 6, 2008, the Court granted the EEOC's motion to reopen the case. Paper No. 215. On March 19, 2008, the Trustee filed a motion to stay. Paper No. 219.

II. Analysis

The Trustee seeks a six-month stay of the proceedings so that he can familiarize himself with the case and pursue a pending action on LAWL's behalf in Pennsylvania state court. The Trustee argues that the EEOC will not be prejudiced by the stay because it can file a proof of claim in bankruptcy court. The Trustee also contends that LAWL's creditors will be harmed if the litigation continues.

The EEOC counters that staying the proceedings disregards congressional intent and would cause substantial harm to the EEOC, the represented class, and the public interest. The EEOC also argues that the Trustee's interest in avoiding depletion of the bankruptcy estate and unfamiliarity with the case do not warrant a stay.

When the EEOC exercises its authority to remedy Title VII violations, it is exempt from the automatic stay provision of the Bankruptcy Code. *See* 11 U.S.C. § 362(b)(4) (2000); *EEOC v. McLean Trucking Co.*, 834 F.2d 398, 402-03 (4th Cir. 1987). Nonetheless, a court has the authority to issue a discretionary

stay. *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983). Whether the court considers its discretion under Bankruptcy Code § 105(a)[2] to stay proceedings, *see EEOC v. Rath Packing Co.*, 787 F.2d 318, 325 (8th Cir. 1986), or its inherent power to control its proceedings as discussed in *Landis v. North American Co.*, 299 U.S. 248, 254 (1936), the court must weigh the competing interests of the parties and consider the potential harm that a stay would work on the non-movant, *Williford*, 715 F.2d at 127. The party seeking the stay must justify it by clear and convincing evidence. *Id.*

The Trustee has not demonstrated that a stay--even a six-month temporary one--is warranted in this case. Requests for discretionary stays are rarely granted when federal agencies are exercising regulatory or police powers to protect the public interest. *See, e.g., Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112-13 (9th Cir. 2005) (vacating discretionary stay of California Attorney General's antitrust enforcement action). This is particularly the case when the EEOC sues to enjoin

---

[2] Under 11 U.S.C. § 105(a),

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

violations of Title VII and requests back pay, as the EEOC has done in this case. *See, e.g.*, *McLean Trucking*, 834 F.2d at 402. The case has been pending in this Court for over six years, and it would not serve the public interest to delay even further a resolution of these claims. *Cf. Gen. Tel. Co. of the Nw., Inc. v. EEOC*, 446 U.S. 318, 326 (1980) ("[T]he EEOC acts . . . to vindicate the public interest in preventing employment discrimination.").

That this litigation threatens the assets of the estate does not advance the Trustee's argument. Whether the EEOC's claims proceed in this Court or in bankruptcy court, litigation costs and the risk of monetary judgment against LAWL will be present. It is also doubtful that the EEOC could proceed with a jury trial if it defended a proof of claim filed in bankruptcy court. *See Billing v. Ravin, Greenberg & Zackin, P.A.*, 22 F.3d 1242, 1250 (3d Cir. 1994) ("It is clear that a creditor who submits a proof of claim against the bankruptcy estate has no right to a jury trial on issues raised in defense of such a claim."). Given the uncertainty of the pending appeal in Pennsylvania state court, the policy preference for allowing the EEOC to pursue its police powers without additional delay, and the risk of harm to the public interest, the Trustee has not demonstrated by clear and convincing evidence that a stay is warranted in this case.

III. Conclusion

    For the reasons discussed above, the Trustee's motion to stay will be denied.


<u>May 20, 2008</u>                                       <u>/s/</u>
Date                                         William D. Quarles, Jr.
                                             United States District Judge